Joseph R. Saveri (State Bar No. 130064)
Andrew M. Purdy (State Bar No. 261912)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
jsaveri@saverilawfirm.com
apurdy@saverilawfirm.com
jdallal@saverilawfirm.com

*Attorneys for Individual and Representative Plaintiffs*
*Chip-Tech, Ltd., Dependable Component Supply Corp.*
*and eIQ Energy, Inc.*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIP-TECH, LTD.,<br><br>  Plaintiff, and on behalf of all<br>  others similarly situated,<br><br>  v.<br><br>PANASONIC CORPORATION, et al.,<br><br>  Defendants | Case Nos.  3:14-cv-03264-JD<br>  3:14-cv-03300-JD<br>  3:14-cv-03815-JD<br>  5:14-cv-04123-PSG<br><br>**NOTICE AND UNOPPOSED MOTION OF DIRECT PURCHASER PLAINTIFFS TO APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(G); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| DEPENDABLE COMPONENT SUPPLY CORP.,<br><br>  Plaintiff, and on behalf of all<br>  others similarly situated,<br><br>  v.<br><br>PANASONIC CORPORATION., et al.,<br><br>  Defendants. | Date:         October 29, 2014<br>Time:         9:30 a.m.<br>Courtroom:  11, 19th Floor |

SCHUTEN ELECTRONICS, INC.,

                Plaintiff, and on behalf of all
                others similarly situated,

    v.

AVX CORPORATION, ET AL.,

                Defendants.

eIQ ENERGY, INC.,

                Plaintiff, and on behalf of all
                others similarly situated,

    v.

AVX CORPORATION, ET AL.,

                Defendants.

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I.    INTRODUCTION ........................................................................................................... 1

II.   BACKGROUND ............................................................................................................ 3

III.  ARGUMENT .................................................................................................................. 4

    A.   The Court Should Appoint Interim Class Counsel Before Class Certification ................. 4

        1.   The Standards Under Rule 23(g) ................................................................. 4

        2.   Private Ordering Among Counsel Is Encouraged ...................................... 5

    B.   Appointment of Interim Class Counsel Will Benefit the Direct Purchaser Plaintiffs' Prosecution of Their Claims ........................................................ 5

    C.   The Joseph Saveri Law Firm, Gold Bennett, Levin Fishbein and Cohen Milstein Have the Support of All Plaintiffs' Counsel and Are Eminently Qualified to Be Interim Class Counsel .................................................................................. 6

        1.   Joseph Saveri Law Firm, Inc. ..................................................................... 6

        2.   Gold Bennett Cera & Sidener LLP ............................................................. 8

        3.   Levin Fishbein Sedran & Berman ............................................................... 9

        4.   Cohen Milstein Sellers & Toll PLLC ........................................................ 10

    D.   Proposed Interim Class Counsel Have Undertaken All the Investigation and Research Underpinning the Capacitors Antitrust Actions .............................. 12

    E.   Proposed Interim Class Counsel Already Have Organized Plaintiffs' Counsel and Managed the Litigation Effectively ...................................................... 13

    F.   Proposed Interim Class Counsel Have Substantial Experience in Leading the Prosecution of Antitrust Class Actions ......................................................... 13

    G.   Proposed Interim Class Counsel Have the Requisite Knowledge and Expertise to Prosecute this Price-Fixing Action ............................................................ 14

    H.   Proposed Interim Class Counsel Will Commit the Time, Staffing and Monetary Resources Necessary to Prosecute this Action ............................................ 14

IV.   CONCLUSION ............................................................................................................. 15

# TABLE OF AUTHORITIES

## Cases

*In re Air Cargo Shipping Services Antitrust Litig.,* 240 F.R.D. 56 (E.D.N.Y. 2006) .................................. 4, 5

*In re Brand Name Prescription Drugs Antitrust Litig.,* Case No. 1:94-cv-897 (N.D. Ill. 1994) ...................... 5

*In re Carbon Black Antitrust Litig.,* Case No. 1:03-cv-10191-DPW, MDL No. 1543 (D. Mass. Nov. 10, 2003) ......................................................................................................... 5

*In re Foundry Resins Antitrust Litig.,* 242 F.R.D. 393 (S.D. Ohio 2007) ...................................................... 5

*In re Polyester Staple Antitrust Litig.,* Case No. 3:03-cv-01516-RLV, MDL No. 1516 (W.D.N.C. June 16, 2003) ........................................................................................................... 5

*Parkinson v. Hyundai Motor Am.,* No. CV06-345AHS (MLGX), 2006 WL 2289801 (C.D. Cal. Aug. 7, 2006) ............................................................................................................... 5

## Statutes

Sherman Act Section 1 ...................................................................................................................... 3

## Other Authorities

MANUAL FOR COMPLEX LITIG. 4th ed. (2006) § 10.22 ...................................................................... 5

MANUAL FOR COMPLEX LITIG. 4th ed. (2006) § 21.11 ...................................................................... 1

MANUAL FOR COMPLEX LITIG. 4th ed. (2006) § 21.27 ...................................................................... 5

MANUAL FOR COMPLEX LITIG. 4th ed. (2006) § 21.272 .................................................................... 2

## Rules

Fed. R. Civ. P. 23(g) ............................................................................................................... passim

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 29, 2014, at 9:30 a.m., or as soon thereafter as the matter may be heard by the Court, at the courtroom of the Honorable James Donato, Courtroom 11, 19th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, Plaintiffs Chip-Tech, Ltd., Dependable Component Supply Corp., Schuten Electronics, Inc. and eIQ Energy Inc. (together, "Direct Purchaser Plaintiffs") move the Court for an Order pursuant to Fed. R. Civ. P. 23(g) appointing Interim Class Counsel for the Direct Purchaser Plaintiff Class in the above-captioned actions ("Motion").

Specifically, Direct Purchaser Plaintiffs' Motion requests the Court order the following:

(1) the appointment of the following counsel as Direct Purchaser Plaintiffs' Interim Class Counsel: Joseph R. Saveri of the Joseph Saveri Law Firm, Inc.; Solomon B. Cera of Gold Bennett Cera & Sidener LLP; Howard J. Sedran of Levin Fishbein Sedran & Berman; and Kit A. Pierson of Cohen Milstein Sellers & Toll PLLC;

(2) the establishment of a Direct Purchaser Plaintiffs' Interim Class Counsel Executive Committee for the direct purchaser cases consisting of the preceding counsel; and

(3) the appointment of Joseph R. Saveri as Chair of the Direct Purchaser Plaintiffs' Interim Class Counsel Executive Committee.

Direct Purchaser Plaintiffs' Motion is unopposed; it is supported by all plaintiffs that have filed direct purchaser capacitors price-fixing cartel cases.

The Motion is based on this Notice and unopposed Motion, the following memorandum of points and authorities in support of the Motion, the concurrently filed Declaration of Joseph R. Saveri and Exhibits A through D attached thereto, the concurrently filed [Proposed] Order, as well as any other and such papers and argument submitted to the Court before or at hearing on the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

# I.   INTRODUCTION

Pursuant to Fed. R. Civ. P. 23(g), Plaintiffs Chip-Tech, Ltd., Dependable Component Supply Corp., Schuten Electronics, Inc., and eIQ Energy, Inc., ("Direct Purchaser Plaintiffs") move for an Order appointing the following attorneys and their law firms as Interim Class Counsel for the Direct Purchaser Plaintiffs in the above-captioned actions (the "Capacitors Antitrust Actions"): Joseph R. Saveri of the Joseph Saveri Law Firm, Inc. ("Joseph Saveri Law Firm"); Solomon B. Cera of Gold Bennett Cera & Sidener LLP ("Gold Bennett"); Howard J. Sedran of Levin Fishbein Sedran & Berman ("Levin Fishbein"); and Kit A. Pierson of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein," and with the other firms, "Proposed Interim Class Counsel").[1]

Consistent with Rule 23(g) and sound principles of case management, the Court should appoint interim leadership for the plaintiffs at this juncture. *See* MANUAL FOR COMPLEX LITIG. 4th ed. (2006) (the "Manual"), § 21.11 at 246.[2] Representing the consensus of plaintiffs in all cases, the proposed leadership—which includes a representative from each of the four filed cases—will ensure this complex antitrust litigation proceeds at once without further delay. Appointment of leadership for the plaintiffs is a necessary prerequisite for plaintiffs' counsel to work with counsel for defendants on basic case management issues, for the negotiation of pretrial orders and to provide the structure for communication with the Court on behalf of the class and all plaintiffs.

The Direct Purchaser Plaintiffs move for the appointment of a Direct Purchaser Plaintiffs' Interim Counsel Executive Committee ("Executive Committee") consisting of the following persons: Joseph R. Saveri of Joseph Saveri Law Firm Inc.; Solomon B. Cera of Gold Bennett Cera & Sidener LLP; Howard J. Sedran of Levin Fishbein Sedran & Berman; and Kit A. Pierson of Cohen Milstein Sellers & Toll PLLC.

---

[1] The parties have negotiated a proposed Order Appointing Interim Class Counsel for the Direct Purchaser Class, which memorializes the agreement and consensus of all Direct Purchaser Plaintiffs. By this Motion, Plaintiffs ask the Court to enter that stipulated Order, which is concurrently filed herewith.

[2] "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement. In cases involving overlapping, duplicative, or competing suits in other federal courts or in state courts, the lawyers may stipulate to the appointment of a lead interim counsel and a steering committee to act for the proposed class. Such a stipulation leaves the court with the tasks of determining that the chosen counsel is adequate to serve as interim class counsel and making a formal order of appointment." *Id.*

Direct Purchaser Plaintiffs also move for the approval of Joseph R. Saveri as Chair of this Executive Committee. The Direct Purchaser Plaintiffs submit that appointment of a liaison counsel is not needed here given that Mr. Saveri is located in San Francisco and can perform the tasks traditionally associated with liaison counsel.

Direct Purchaser Plaintiffs' Motion is unopposed. It represents the product of collaboration and negotiation of all Direct Purchaser Plaintiffs and their counsel, and is supported by all the plaintiffs that have filed direct purchaser capacitors price-fixing cartel cases, as illustrated by the lengthy list of counsel in support of the Motion.

The leadership slate and structure proposed by Direct Purchaser Plaintiffs in their Motion demonstrate that Proposed Interim Class Counsel—both collectively and individually—possess the requisite expertise, credentials and judgment to lead the Capacitors Antitrust Actions. Further, as the materials submitted in support of the motion show, Proposed Interim Class Counsel can be counted on to dedicate the time and resources required of Interim Class Counsel under Rule 23(g) Among other things, the complaints on file show that counsel conducted extensive research and investigation prior to initiating the Capacitors Antitrust Actions. As addressed below, with Proposed Interim Class Counsel together at the helm of the Capacitors Antitrust Actions, the Direct Purchaser Plaintiffs will be represented by counsel with superior leadership, expertise and the substantive knowledge necessary to prosecute these antitrust claims on behalf of the class. These four firms have a track record of over 25 years of successfully prosecuting complex antitrust cases similar to these actions. They are leading members of the private plaintiffs' antitrust bar and have all contributed to the advancement of this area of the law.

The proposed leadership structure results from the ultimate agreement of all Direct Purchaser Plaintiffs' counsel. Courts generally favor such private ordering in appointing class counsel. Manual § 21.272 at 279 ("[t]he lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests."). Because of this consensus, this Motion is unopposed. As the proposal satisfies Rule 23(g) and accomplishes its purposes, the Direct Purchaser Plaintiffs respectfully request that the Court grant their Motion to Appoint Interim Class Counsel and to enter the proposed stipulated Order submitted with this Motion.

## II.     BACKGROUND

On July 18, 2014 and July 22, 2014, Plaintiffs Chip-Tech, Ltd. and Dependable Component Supply Corp. filed suit on behalf of themselves and a nationwide class of direct purchaser plaintiffs against the leading global manufacturers of capacitors[3] in the United States District Court for the Northern District of California (respectively, Case Nos. 3:14-cv-03264-JD [the "*Chip-Tech* Action"] and 3:14-cv-03300-JD [the "*Dependable* Action"]). The *Chip-Tech* and *Dependable* Actions alleged that, for almost a decade, the defendant capacitor manufacturers entered agreed to fix, raise and stabilize the price for certain capacitors at anticompetitive prices. Plaintiffs allege that the defendants created, implemented and enforced their price fixing by means of an international cartel through which members shared pricing and production information and coordinated decisions. Both actions assert a claim for damages against the defendants under Sherman Act Section 1 and seek relief in the form of overcharge damages and an injunction to stop the challenged conduct. These actions, which the Court found to be related on August 5, 2014 (Dkt. No. 31) and consolidated for pretrial purposes on August 14, 2014 (Dkt. No. 65), were filed in the Northern District of California because it is the District in which the largest number of U.S.-headquartered Defendants are located and because the U.S. Department of Justice is reportedly conducting in the District its investigation into cartel activity by capacitor manufacturers.

Approximately two weeks after the *Chip-Tech* and *Dependable* Actions were filed, eIQ Energy, Inc. filed a direct purchaser class action complaint in the District of New Jersey (Case No. 2:14-cv-04826-ES-MAH [the "*eIQ Energy* Action"]) alleging a price fixing conspiracy similar to the *Chip-Tech* and *Dependable* Actions. On August 14, 2014, Schuten Electronics, Inc. filed a direct purchaser class action complaint in the Northern District of California (Case No. 3:14-cv-03698-JD [the "*Schuten* Action"]) that also alleges similar facts and seeks the same relief as the *Chip-Tech* and *Dependable* actions. On August 26, 2014, the Court found the *Schuten* Action to be related to the lead *Chip-Tech* Action (Dkt. No. 82).

---

[3] Capacitors are one of the fundamental components found in electrical circuits. All electronic devices in use today—from the cheapest household appliances to our personal computers to multi-million dollar machinery and vehicles—employ various electrical circuits containing capacitors. Capacitors are integrated into electrical circuits primarily to store charge and govern its flow so that the tasks and applications we ask of our electrical devices have sufficiently available and immediately dischargeable electrical charge to perform when commanded to do so.

Due to the *eIQ Energy* Action's pendency in the District of New Jersey, on August 7, 2014 Chip-Tech and Dependable initiated a proceeding before the Judicial Panel on Multidistrict Litigation (M.D.L. No. 2574) and filed a Motion to Transfer all capacitors price-fixing cartel cases to the Northern District of California. Direct Purchaser Plaintiffs then began conversations that resulted in a consensus and an agreement among them to centralize all cases in the Northern District of California before this Court. On September 11, 2014, eIQ Energy dismissed its action in the District of New Jersey without prejudice and refiled it in the Northern District of California (Case No. 5:14-cv-04123-PSG). *See* Dkt. No. 100, Exs. A, B. This obviated the need for the pending Motion to Transfer, as all the Capacitors Antitrust Actions at issue are now before this Court. eIQ Energy notified the Panel of this development by filing a Note of Supplemental Information with the Panel on September 12, 2014, and suggested that the Motion to Transfer is now moot. *See* Dkt. No. 100, Ex. C. On September 16, 2014, the Panel ordered the Motion to Transfer be deemed moot and accordingly vacated the October 2, 2014 Hearing Session Order with respect to the Capacitors Antitrust Actions (M.D.L. 2574, Dkt. No. 102).

Direct Purchaser Plaintiffs now move the Court for an order permitting these cases to proceed efficiently and expeditiously under their agreed-upon leadership structure.

## III.   ARGUMENT

### A.   The Court Should Appoint Interim Class Counsel Before Class Certification

#### 1.   The Standards Under Rule 23(g)

Under Rule 23(g)(3), a court has discretion whether to appoint class counsel before class certification.[4] In cases where "multiple overlapping and duplicative class actions" are pending, interim class counsel designation is "probably essential for efficient case management." *In re Air Cargo Shipping Services Antitrust Litig.,* 240 F.R.D. 56, 57 (E.D.N.Y. 2006). A court considering the appointment of interim class counsel must consider the following criteria: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P.

---

[4] A court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." *Id*.

23(g)(1)(A). The focus in appointing interim class counsel should be in the best interest of the parties and the court. The Manual urges courts determining appropriate leadership to ensure that designated counsel fairly represent the various interests in the litigation. Manual § 21.27 at 278. *See* Fed. R. Civ. P 23(g)(4).[5]

### 2. Private Ordering Among Counsel Is Encouraged

The most common and desirable means of selecting class counsel is "private ordering." Manual § 21.272 at 279. That is, "[t]he lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests." *Id.* Efforts of plaintiffs' counsel to coordinate their activities among themselves are to be encouraged. Manual § 10.22 at 24.

### B. Appointment of Interim Class Counsel Will Benefit the Direct Purchaser Plaintiffs' Prosecution of Their Claims

Given the complexity of the Capacitors Antitrust Actions, including the geographic dispersion and large number of Defendants and their counsel, it is appropriate for the Court to appoint four firms as interim class counsel. This practice is common in complex antitrust cases. *See, e.g., In re Foundry Resins Antitrust Litig.,* 242 F.R.D. 393, 408 (S.D. Ohio 2007); *In re Air Cargo Antitrust Litig.,* 240 F.R.D. 56, 58-59 (E.D.N.Y. 2006); *In re Polyester Staple Antitrust Litig.,* Case No. 3:03-cv-01516-RLV, MDL No. 1516 (W.D.N.C. June 16, 2003); *In re Carbon Black Antitrust Litig.,* Case No. 1:03-cv-10191-DPW, MDL No. 1543 (D. Mass. Nov. 10, 2003); *In re Brand Name Prescription Drugs Antitrust Litig.,* (N.D. Ill. 1994).

As illustrated below, the appointment of four highly experienced firms as Interim Class Counsel to an Executive Committee chaired by a single firm provides a structure that will allow Direct Purchaser Plaintiffs' Counsel to most efficiently manage this litigation and draw on each counsel's knowledge and experience.

---

[5] While neither Rule 23(g) nor the Advisory Committee Notes explicitly set forth the standards to be applied in choosing *interim* class counsel, courts have held that the same factors that apply in choosing class counsel upon class certification apply in choosing interim class counsel. *See Air Cargo,* 240 F.R.D. at 57 ("Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification."); *Parkinson v. Hyundai Motor Am.,* No. CV06-345AHS (MLGX), 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel. Presumably the same factors apply, however.").

**C.     The Joseph Saveri Law Firm, Gold Bennett, Levin Fishbein and Cohen Milstein Have the Support of All Plaintiffs' Counsel and Are Eminently Qualified to Be Interim Class Counsel**

Proposed Interim Class Counsel each have extensive antitrust class action experience and have successfully litigated some of the most complex private antitrust cases in the last two decades. Their collective and respective individual litigation experience—as discussed below as well as in the firm profiles attached to the concurrently filed Declaration of Joseph R. Saveri—amply demonstrates that Proposed Interim Class Counsel have extensive knowledge of the relevant law, as well as the resources for effective representation of the Direct Purchaser Plaintiff Class and the proven ability to reach superior results for parties injured by anticompetitive practices.

Notably, other prominent law firms located throughout the United States have agreed to support the appointment of the Joseph Saveri Law Firm, Gold Bennett, Levin Fishbein and Cohen Milstein as Direct Purchaser Plaintiffs' Interim Class Counsel, and, should the Court grant this Motion, assist Interim Class Counsel with the prosecution of the Capacitors Antitrust Actions. This support is particularly significant because many of these firms have themselves served in leadership positions in major antitrust class actions.

**1.     Joseph Saveri Law Firm, Inc.**

Since its founding in 2012, the Joseph Saveri Law Firm has quickly developed a track record of successful advocacy through prosecuting complex civil cases and antitrust class action cases in federal and state courts throughout the United States on its clients' behalf. Over the last two years, Joseph Saveri Law Firm has produced settlements totaling over $200 million in antitrust class action cases.[6]

Joseph R. Saveri, the firm's founder, has more than 25 years of professional and leadership experience in litigating numerous antitrust claims on behalf of businesses, entrepreneurs, individuals, consumers, and public officials negatively affected by price-fixing, cartel behavior, monopolies and other anticompetitive business practices.[7] In 1992, Mr. Saveri joined the plaintiffs' firm that would eventually become Lieff, Cabraser, Heimann & Bernstein ("Lieff"), where he founded the firm's Antitrust and

---

[6] *See* Joseph Saveri Law Firm profile, Saveri Decl., Ex. A. In 2013 and 2014, the Joseph Saveri Law Firm was recognized as a "Best Law firm" by U.S. News and World Report. *See id.*

[7] Mr. Saveri is an AV peer-rated attorney who was recognized as a top-ranked attorney by Chambers USA in 2014, and has been recognized as a Northern California Super Lawyer from 2006 to 2014. *See id.*, Ex. A.

Intellectual Property Practice Group. Mr. Saveri chaired this award-winning practice group for his entire tenure at Lieff, and under his direction, it obtained over $4 billion in settlements through prosecuting various novel and landmark antitrust class actions. Representative matters from Mr. Saveri's practice at Lieff includes the following:

- ***In re TFT-LCD (Flat Panel) Antitrust Litigation*, M.D.L. 1827 (N.D. Cal.):** Under Mr. Saveri's direction, Lieff served as Co-Lead Counsel on behalf of the direct purchaser class. Prior to leaving Lieff to establish Joseph Saveri Law Firm, Mr. Saveri directed and managed the day-to-day operation of this litigation, including all phases of discovery prior to commencement of trial. Mr. Saveri defined and developed the direct purchaser class's strategy for efficiently conducting document and deposition discovery directed at multiple multinational defendant entities and seeking production and review of tens of millions of pages of documents, a large volume of which required translation into English.

- ***Meijer Laboratories v. Abbot Laboratories*, Case No. C. 07-5985 CW (N.D. Cal.):** Mr. Saveri was chosen as one of the lead trial attorneys in this antitrust action alleging monopolization claims against Abbott Laboratories in connection with the anti-HIV drug, Norvir. Following jury selection, the case settled for $52 million.

- ***De Beers Antitrust Litigation:*** In this multifaceted multijurisdictional litigation, Mr. Saveri represented indirect purchasers challenging De Beers SA, the global diamond company, for monopolizing the rough diamond trade. The parties' global settlement ultimately provided $295 million to purchasers of diamonds and diamond jewelry (including $130 million to consumers), as well as unprecedented injunction prohibiting De Beers from monopolizing the global rough diamonds supply and fixing global polished diamond prices.

Since founding the Joseph Saveri Law Firm, Mr. Saveri has served and continues to serve in leadership positions through the firm's appointment in a number of significant antitrust class actions:

- ***In re Titanium Dioxide Antitrust Litigation*, Case No. 10-cv-00318-RDB (D. Md.):** Joseph Saveri Law Firm served as Co-Lead Counsel with Gold Bennett, representing the titanium dioxide direct purchaser class in prosecuting their price-fixing against manufacturers. Mr. Saveri was responsible for directing and conducting all phases of the litigation and trial preparation. The case settled on the day before the start of trial, with the complete settlement ultimately totaling $163.5 million.

- ***In re High-Tech Employee Antitrust Litigation*, Case No. ll-cv-2509 (N.D. Cal.):** Mr. Saveri currently serves as one of the Lead Counsel for a class of high-tech employees denied job opportunities by defendants' unlawful agreements to not recruit or hire each other's employees. Mr. Saveri's tireless prosecution of this case has been profiled throughout the media (Wall Street Journal, New York Times, Wired, CBS Evening News, etc.) over the last four years. Mr. Saveri investigated and initiated the litigation and has been responsible for all phases of this litigation, in which many of the most powerful companies in Silicon Valley were named as defendants. In 2013, three defendants settled for $20 million. Trial against the remaining defendants (Adobe, Apple, Google, and Intel) is set for April 2015.

- ***In re Cipro Cases I and II*, JCCP Nos. 4154 and 4220 (Cal.):** Mr. Saveri serves as one of the Lead Counsel in the two cases pending in the California state courts, both of which involve Cartwright Act and other claims against pharmaceutical drug companies that entered an anticompetitive reverse payment settlement agreement relating to patent infringement litigation over the blockbuster antibiotic Ciprofolaxin. Mr. Saveri has been responsible for all

phases of this litigation, including the currently pending appeal to the California Supreme Court. Prior to the U.S. Supreme Court's decision in *FTC v. Actavis*, 570 U.S. __, 133 S. Ct. 2223 (2013), the plaintiffs reached a settlement with Bayer Corporation totaling $74 million. The litigation continues against the generic drug manufacturer defendants, subject to the California Supreme Court's forthcoming ruling on the parties' fully briefed appeal.

- ***In re Lidoderm Antitrust Litigation*, Case No. 14-md-02521-WHO (N.D. Cal.):** Mr. Saveri serves as Court-appointed Liaison Counsel for the Indirect Purchaser Plaintiffs in this case, who allege violation of state law antitrust claims by pharmaceutical companies that entered a reverse payment settlement agreement relating to patent infringement litigation over the local analgesic drug Lidoderm.

### 2.      Gold Bennett Cera & Sidener LLP

For more than 40 years, Gold Bennett, based in San Francisco with an office in Boston, has played a significant role in representing plaintiffs in complex antitrust and securities class action litigation. *See In re Memorex Security Cases*, 61 F.R.D. 88 (N.D. Cal. 1973).[8] Scores of published decisions demonstrate the significant work that Gold Bennett has accomplished in recovering over one billion dollars for the remuneration of victims of price fixing and securities fraud.[9]

For example, led by Solomon B. Cera, Gold Bennett investigated and initiated an antitrust price-fixing class action that recently settled for $163.5 million on the eve of trial, and that was finally approved by the Court in an order praising the significant result obtained. *See In re Titanium Dioxide Antitrust Litig.*, Case No. 10-cv-00318 RDB (D. Md.), 2013 WL 5182093 at *4 (D. Md. Sep. 12, 2013).[10] Notably, Gold Bennett was co-lead counsel in that matter with Joseph R. Saveri, proposed Chair of the Executive Committee. In numerous cases led by Mr. Cera, Gold Bennett's efforts also have helped to establish some of the basic principles for handling complex litigation. *See, e.g., Matrix Capital Management Fund, L.P. v. BearingPoint, Inc.,* 576 F.3d 172 (4th Cir. 2009) (reversing improper denial of Rule 15(a) motion to amend); *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048 (9th Cir. 2003) (setting forth Ninth Circuit amendment standards in PSLRA cases); *Joseph v. Wiles,* 223 F.3d 1155 (10th Cir. 2000) (establishing standing for aftermarket purchasers under Section 11 of the Securities Act of 1933). Hundreds of millions of dollars have been recovered for the benefit of plaintiffs in Gold Bennett's antitrust cases. *See, e.g., In re*

---

[8]   The Firm's predecessors have also been known as David B. Gold, A Professional Law Corporation, Gold & Bennett LLP, and Gold Bennett & Cera LLP.

[9]   *See* Gold Bennett Firm profile, Saveri Decl., Ex. B.

[10]   *See also In re Titanium Dioxide Antitrust Litig,* 284 F.R.D. 328 (D. Md. 2012) (certifying class and appointing Gold Bennett as co-lead counsel).

*Rubber Chemicals Antitrust Litig.,* MDL No. C-04-1648 (N.D. Cal.) ($320 million recovery as co-lead counsel with Cohen Milstein);[11] *In re Methionine Antitrust Litig.,* MDL No. 00-1311 (N.D. Cal.) ($107 million); *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.,* No. 03-md-1542 (D. Conn.) ($99.3 million) (co-lead counsel with Levin Fishbein Sedran & Berman among others); *In re Polyester Staple Antitrust Litig.*, MDL No. 03CV1516 (W.D.N.C.) ($63.5 million) (co-lead counsel with Cohen Milstein among others).

Courts have repeatedly praised Gold Bennett's work. For example, in commenting on the Firm's representation of the class in a securities fraud class action, led by Mr. Cera, the then Chief Judge of the United States District Court for the Northern District of California, the Honorable Thelton E. Henderson, stated: "[T]hroughout this action, class counsel has demonstrated superior legal abilities, and has submitted to the court briefs, memoranda and oral argument of the highest quality . . . [C]ounsel's efforts have conferred substantial benefits on the class." *Roberts v. Heim*, Case No. C 84-8069 TEH, 1991 WL 427888 at *6 (N.D. Cal. August 28, 1991). In sum, the Court can be assured that Gold Bennett, together with the proposed interim class counsel, will provide the highest quality representation for the Class.

### 3. Levin Fishbein Sedran & Berman

The law firm of Levin Fishbein Sedran & Berman ("LFSB"), formerly Levin & Fishbein, was established in 1981. Over more than 30 years the firm has established itself as a leading plaintiffs' class action and complex litigation firm. The firm has been at the forefront of class action and mass tort cases that have produced in excess of $11 billion in recoveries. *See* LFSB Firm Profile, Saveri Decl., Ex. C.

Howard J. Sedran chairs the firm's antitrust practice. Mr. Sedran has been practicing antitrust law for over 38 years. Mr. Sedran and his team serving as Co-Lead Counsel have had successful results in the following antitrust cases:

- ***In Re Air Cargo Shipping Services Antitrust Litigation:*** In a contested matter, the Court chose Mr. Sedran to serve as one of the Co-Lead Counsel in the international cartel case

---

[11]    *See In re Rubber Chemicals Antitrust Litig.*, 232 F.R.D. 346, 355 (N.D. Cal. 2005) (finding that "it is undisputed that the counsel selected by the named plaintiffs-Gold Bennett and Cohen Milstein-have extensive experience and expertise in antitrust and other class actions, as well as other complex litigation, and have successfully prosecuted such cases in courts across the country" and approving both firms as class counsel in price fixing class action).

alleging a global conspiracy to fix fuel surcharges and other surcharges. The case is far from complete and thus far the Lead Counsel have obtained settlements exceeding $850 million.

- ***In Re EPDM Antitrust Litigation:*** Mr. Sedran served as Co-Lead Counsel with Gold Bennett and others in a case alleging global price fixing of a synthetic rubber product – EPDM. The settlements totaled nearly $100 million and represented about 100% of single damages.

- ***In Re Bulk Extruded Antitrust Litigation:*** Mr. Sedran served as Co-Lead Counsel in the price-fixing case and obtained settlements exceeding 100% of single damages.

- ***In Re Graphite Electrodes Antitrust Litigation:*** In this global conspiracy case alleging price fixing of a key component used in steel mills, Mr. Sedran and Co-Lead Counsel obtained settlements of nearly $100 million for about one-third of the class members who elected not to file individual actions. The settlements represented nearly 100% of single damages.

- ***In Re Foundry Resins Products Antitrust Litigation:*** In a contested matter, Plaintiffs successfully settled litigation alleging price fixing by manufacturers of foundry resins. Mr. Sedran was appointed by the Court to serve as Co-Lead Counsel.

- ***In Re Electrical Carbon Products Antitrust Litigation:*** In a contested matter, the Court again chose Mr. Sedran to serve as Co-Lead Counsel in an international cartel case. Successful settlements were achieved for businesses that purchased these products.

- ***In Re Commercial Explosives Antitrust Litigation:*** Mr. Sedran served as Co-Lead Counsel in this price-fixing case alleging price fixing of commercial explosives.

Mr. Sedran has also successfully appeared before many federal courts of appeal in antitrust matters:

- ***Shaw v. Dallas Cowboys Football Club, Ltd.*, 172 F.3d 299 (3d Cir. 1999):** Satellite broadcasts of NFL Sunday Ticket not exempted under the Sports Broadcasting Act, 15 U.S.C. §1291.

- **In re *Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204 (2d Cir. 2003):** Foreign defendant that conspires overseas to fix U.S. prices may be subject to personal jurisdiction in United States under Fed. R. Civ. P. 44.1, and reliance on foreign law requires reasonable notice or defense is barred.

- ***Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581 (3d Cir. 1999):** In class actions, rules for attorney disqualification require a balancing act.

Mr. Sedran is also the Co-Editor of *Concurrent Antitrust Criminal and Civil Proceedings – Identifying Problems and Planning for Success* (First Chair Press 2013). LFSB has also actively participated in numerous other successful antitrust class actions during the last three decades.

### 4.    Cohen Milstein Sellers & Toll PLLC

For over 40 years, Cohen Milstein Sellers & Toll PLLC, an 80-lawyer firm based in Washington, D.C., has been one of the nation's leading plaintiffs' class action firms. The firm has litigated some of the nation's most complex class cases and has recovered billions of dollars in damages for injured

plaintiffs.[12] In 2012 and 2013, the *National Law Journal* named Cohen Milstein one of the nation's top plaintiffs' firms. Similarly, *Legal 500* has ranked the firm as a "Leading Plaintiff Class Action Antitrust Firm" and *The Trial Lawyer* described Cohen Milstein as one of "America's 25 Most Influential Law Firms."

The firm has served as lead counsel in many important antitrust class actions, including:

- ***In re Urethane Antitrust Litigation***, **No. 2:04-md-01616 (D. Kan.):** Cohen Milstein is co-lead counsel on behalf of a class of direct purchasers challenging price-fixing by leading manufacturers of polyurethanes. The class secured settlements in the amount of $139 million from four defendants, and took the remaining defendant, Dow Chemical Company, to trial. The jury found in favor of the plaintiffs, awarding them over $400 million in single damages, automatically trebled to over $1 billion. According to the *National Law Journal*, this was the largest verdict in the country in 2013. A member of the Cohen Milstein trial team from that matter, Kit Pierson, handles the firm's work on this case.

- ***In re Electronic Books Antitrust Litigation***, **No. 11-md-2293 (S.D.N.Y.):** Serving as co-lead counsel for class plaintiffs, Mr. Pierson and other attorneys at Cohen Milstein have obtained a series of settlements from Apple Inc. and the defendant publishing houses whose total recovery could reach over $550 million. The case involves allegations that Apple's coordinated a conspiracy among publishers to end discounting practices and raise prices for e-books. Prior to the most recent settlement with Apple, Cohen Milstein and its co-counsel successfully obtained class certification and the exclusion of most of Apple's expert testimony.

- ***In re Plasma-Derivative Protein Therapies Antitrust Litigation***, **No. 09-cv-7666, MDL 2109 (N.D. Ill.):** Cohen Milstein is one of two firms serving on the Plaintiffs' Steering Committee in this litigation, which alleges a conspiracy to restrict the supply of those therapies to direct purchasers. Due in part to its independent investigation into alleged unlawful conduct in this industry, the court appointed Cohen Milstein to lead the direct purchaser plaintiffs' litigation efforts. The direct purchaser plaintiffs recently settled with all defendants for $128 million. Kit Pierson was a key member of the lead counsel team in this matter.

The Cohen Milstein lawyers working on this case include partners Kit A. Pierson and Brent Johnson, and Laura Alexander, a senior associate. Mr. Pierson, who is co-chair of the firm's Antitrust Practice Group, will head up the firm's efforts. In addition to his efforts on behalf of plaintiffs detailed above, Mr. Pierson has represented Fortune 500 clients such as Microsoft Corporation and 3M Company in major antitrust class actions as a shareholder at Heller Ehrman LLP from 1997 to 2008. He was named a Washington, D.C. "Super Lawyer" in the antitrust field and selected to the 2013-2014 *Lawdragon 500* "Leading Lawyers in America."

---

[12] *See* Cohen Milstein Sellers & Toll PLLC Firm profile, Saveri Decl., Ex. D.

Brent W. Johnson has over a decade of experience in complex antitrust litigation and class actions, many of which have involved price-fixing conspiracies. Prior to joining Cohen Milstein, Mr. Johnson practiced at Latham & Watkins LLP for six years, where he focused on antitrust litigation. Laura Alexander also has extensive experience in complex antitrust class litigation. Prior to joining Cohen Milstein in 2012, Ms. Alexander practiced at Kirkland & Ellis LLP, where she focused on antitrust litigation. Ms. Alexander also served as a law clerk to the Honorable M. Margaret McKeown on the United States Court of Appeals for the Ninth Circuit.

### D. Proposed Interim Class Counsel Have Undertaken All the Investigation and Research Underpinning the Capacitors Antitrust Actions

Rule 23(g)(A)(1)(i) directs the Court to consider "the work counsel has done in identifying and investigating" claims in the present action when weighing the appointment of lead counsel. Proposed Interim Class Counsel were the first—and to date the only—firms whose active investigation of the pricing practices in the capacitors industry and study of the global and U.S. capacitors markets yielded sufficient bases upon which Direct Purchaser Plaintiff Class have brought suit against capacitors manufacturers for anticompetitive injury under the Sherman Act.

Proposed Interim Class Counsel each investigated and continue to investigate the merits of the claims alleged in the Capacitors Antitrust Actions and advanced their cases by: (1) investigating, researching and obtaining—often at significant cost—reliable economic data on the global market, predominant distribution channels, prevailing modes of marketing, and primary uses of the various types of capacitor products, their suitability for various applications, and the amenability of their prices to the influence of cartel activity; (2) investigating public and private resources for evidence of the alleged conspiracy and monitoring new revelations in general and industry-specific press sources; (3) retaining multiple consultants to assist in developing the case and understanding the conspiracy and the antitrust injuries it has caused over a period of many years; and (4) identifying and interviewing a wide range of potential fact witnesses and claimants concerning direct evidence and broader indicia of the alleged conspiracy. Without the efforts of Proposed Interim Class Counsel to develop the facts underpinning the claims asserted in their separately filed complaints, the Direct Purchaser Plaintiff Class would have no

means at this time by which to seek redress for their injuries caused by Defendants' anticompetitive actions.

### E.   Proposed Interim Class Counsel Already Have Organized Plaintiffs' Counsel and Managed the Litigation Effectively

Shortly after the Capacitors Antitrust Actions were first filed, Joseph Saveri Law Firm, Gold Bennett, Levin Fishbein and Cohen Milstein began working together to assemble a cohesive team of experienced litigators located throughout the United States, many of whom previously have successfully served in leadership roles and prosecuted complex antitrust class actions similar to the Capacitors Antitrust Actions. Proposed Interim Class Counsel's recent efforts to jointly resolve a Motion to Transfer filed with the Judicial Panel on Multidistrict Litigation regarding the Capacitors Antitrust Actions prior to oral argument on the Motion further demonstrates their ability to work together and to build a consensus among their fellow plaintiffs.

Direct Purchaser Plaintiffs also note that, since Proposed Interim Class Counsel first filed their respective cases, they have engaged Defendants and their counsel regarding how and where the Capacitors Antitrust Actions should advance, and they continue to do so. With the cooperation and assistance of Proposed Interim Class Counsel, Defendants in the Capacitors Antitrust Actions filed a significant number of joint stipulations regarding time for the Defendants to respond in order to expedite the acceptance of service. Proposed Interim Class Counsel have already reached out to counsel for the presumed ACPERA applicant—Panasonic Corporation—to request its cooperation following the Court's appointment of Interim Class Counsel.

Direct Purchaser Plaintiffs respectfully submit that the Court should consider the significant effort expended by Proposed Interim Class Counsel to organize and orchestrate the advancement of the Capacitors Class Actions in its decision regarding appointment of Interim Class Counsel.

### F.   Proposed Interim Class Counsel Have Substantial Experience in Leading the Prosecution of Antitrust Class Actions

Rule 23(g)(1)(A)(ii) directs the Court to consider proposed class counsel's experience "in handling class actions, other complex litigation, and the types of claims asserted in the [present] action." As set forth above and in the firm profiles attached as Exhibits A-D to the Declaration of Joseph R.

Saveri, Proposed Interim Class Counsel have decades of substantial experience prosecuting complex class action antitrust litigation on behalf of a wide variety of plaintiffs.

### G. Proposed Interim Class Counsel Have the Requisite Knowledge and Expertise to Prosecute this Price-Fixing Action

Rule 23(g)(1)(A)(iii) directs the Court to consider "counsel's knowledge of the applicable law" in the present case. This consideration is essential in the context of a complex antitrust case—such as the present one—alleging the formation and maintenance of an international price-fixing cartel. Proposed Interim Class Counsel are well-versed in U.S. antitrust law and prosecuting cartel cases in particular. Indeed, a significant amount of the Proposed Interim Class Counsel's overall respective caseloads and practices is dedicated to prosecuting both federal and state antitrust law claims throughout the nation, and their successes in these cases have significantly advanced the law. *See* Saveri Decl., Exs. A-D.

### H. Proposed Interim Class Counsel Will Commit the Time, Staffing and Monetary Resources Necessary to Prosecute this Action

By bringing the Capacitors Antitrust Actions, the Direct Purchaser Plaintiffs face a lengthy logistical and resource-intensive fight. The Defendants are located around the globe, a considerable proportion of their respective relevant business dealings are conducted in languages other than English, their discoverable information is likely spread worldwide and may not be easily accessible, and they are represented by some of the most experienced and well-equipped defense counsel in the United States. Counsel chosen to prosecute the Direct Purchaser Plaintiff Class's claims must be able to dedicate significant resources to advance the class' claims. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv).

Proposed Interim Class Counsel have more than sufficient time and monetary resources, as well as the necessary roster of talented attorneys and capable professional staff, to litigate the Direct Purchaser Plaintiff Class' claims efficiently and aggressively and to pursue all necessary avenues of discovery both domestically and abroad. *See* Saveri Decl., Exs. A-D. Indeed, the structure of leadership proposed in this Motion provides the Direct Purchaser Plaintiff Class significant benefits in prosecuting its claims. While each of the four firms is more than capable on their own to serve as interim class counsel, there is an evident strength in their pooling of resources. This case will likely require the expenditure of millions of dollars in expenses and attorney time in opposition to the legions of lawyers and corporate treasuries

arrayed against them. Together, Proposed Interim Class Counsel compose a leadership structure with the ability to direct and coordinate a broad team of attorneys not only from their own firms, but also from other associated firms located across the country, to advance the Capacitors Antitrust Actions, while at the same time ensuring that the actions progress in the most efficient and professional manner.

**IV.   Conclusion**

For the forgoing reasons, Plaintiffs respectfully submit that the Court should appoint as Direct Purchaser Plaintiffs' Interim Class Counsel Joseph R. Saveri of the Joseph Saveri Law Firm, Solomon B. Cera of Gold Bennett, Howard J. Sedran of Levin Fishbein and Kit A. Pierson of Cohen Milstein, and should establish the Executive Committee and appoint its leadership as outlined above and as set forth in the concurrently filed [Proposed] Order.

Dated: September 16, 2014

Respectfully submitted,

JOSEPH SAVERI LAW FIRM, INC.

By:   _____/s/ Joseph R. Saveri_____
          Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Andrew M. Purdy (State Bar No. 261912)
James G. Dallal (State Bar No. 277826)
Ryan J. McEwan (State Bar No. 285595)
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone:  (415) 500-6800
Facsimile:  (415) 395-9940
Email:        jsaveri@saverilawfirm.com
                 apurdy@saverilawfirm.com
                 jdallal@saverilawfirm.com

*Attorneys for Individual and Representative Plaintiffs Chip-Tech, Ltd., Dependable Component Supply Corp. and eIQ Energy, Inc.*

GOLD BENNETT CERA & SIDENER LLP

By:      /s/ Solomon B. Cera
              Solomon B. Cera

Solomon B. Cera (State Bar No. 99467)
C. Andrew Dirksen (State Bar No. 197378)
595 Market Street, Suite 2300
San Francisco, CA 94105
Telephone:  (415) 777-2230
Facsimile:   (415) 777-5189
Email:      scera@gbcslaw.com
              cdirksen@gbcslaw.com

*Attorneys for Individual and Representative Plaintiffs
Chip-Tech, Ltd. and Dependable Component Supply
Corp.*

LEVIN, FISHBEIN, SEDRAN & BERMAN

By:      /s/ Howard J. Sedran
              Howard J. Sedran

Howard J. Sedran, *pro hac vice forthcoming*
Austin B. Cohen, *pro hac vice forthcoming*
Keith J. Verrier, *pro hac vice forthcoming*
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone:  (215) 592-1500
Facsimile:   (215) 592-4663
Email:      hsedran@lfsblaw.com
              acohen@lfsblaw.com
              kverrier@lfsblaw.com

*Attorneys for Individual and Representative Plaintiff
eIQ Energy, Inc.*

1

2   COHEN MILSTEIN SELLERS & TOLL, PLLC

3   By:      /s/ Kit A. Pierson
             Kit A. Pierson

4

5   Kit A. Pierson, *pro hac vice forthcoming*
    Brent W. Johnson, *pro hac vice forthcoming*
6   Laura Alexander, *pro hac vice forthcoming*
    1100 New York Ave., N.W. Suite 500, East Tower
7   Washington, DC 20005
    Telephone:  (202) 408-4600
8   Email:      kpierson@cohenmilstein.com
                bjohnson@cohenmilstein.com
9               lalexander@cohenmilstein.com

10

11  George Farah, *pro hac vice forthcoming*
    Matthew Ruan (State Bar No. 264409)
12  88 Pine Street
    14th Floor
13  New York, NY 10005
    Telephone:  (212) 838-7797
14  Email:      gfarah@cohenmilstein.com
                mruan@cohenmilstein.com
15

16  Manuel John Dominguez, *pro hac vice forthcoming*
    2925 PGA Boulevard, Suite 200
17  Palm Beach Gardens, FL 33410
    Telephone:  (561) 833-6575
18  Email:      jdominguez@cohenmilstein.com

19

20  *Attorneys for Individual and Representative Plaintiff*
    *Schuten Electronics, Inc.*

21

22  Eric L. Cramer
    Ruthanne Gordon
23  1622 Locust Street
    BERGER & MONTAGUE, P.C.
24  Philadelphia, PA 19103
    Telephone:  (215) 875-3000
25  Facsimile:  (215) 875-4604
    Email:      ecramer@bm.net
26              rgordon@bm.net

27

28

Vincent J. Esades
HEINS MILLS & OLSON, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
Telephone:   (612) 338-4605
Facsimile:    (612) 338-4692
Email:        vesades@heinsmills.com

Steven J. Greenfogel
LITE DEPALMA GREENBERG, LLC
1521 Locust Street, 7th Floor
Philadelphia, PA 19102
Telephone:   (267) 519-8306
Facsimile:    (215) 569-0958
Email:        sgreenfogel@litedepalma.com

Joseph J. DePalma
Two Gateway Center, 12th Floor
Newark, NJ 07102
Telephone:   (973) 623-3000
Facsimile:    (973) 623-0211
Email:        jdepalma@litedepalma.com

*Attorneys for Individual and Representative Plaintiffs Chip-Tech, Ltd. and Dependable Component Supply Corp.*

Roberta D. Liebenberg, *pro hac vice forthcoming*
Donald L. Perelman, *pro hac vice forthcoming*
Gerard A. Dever, *pro hac vice forthcoming*
Paul Costa, *pro hac vice forthcoming*
Ria Momblanco, *pro hac vice forthcoming*
FINE, KAPLAN AND BLACK, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:   (215) 567-6565
Email:        rliebenberg@finekaplan.com
              dperelman@finekaplan.com
              gdever@finekaplan.com
              pcosta@finekaplan.com
              rmomblanco@finekaplan.com

Direct Purchaser Plaintiffs' Unopposed Motion to Appoint Interim Class Counsel

W. Daniel "Dee" Miles, III, *pro hac vice forthcoming*
BEASLEY, ALLEN, CROW, METHVIN, PORTIS
& MILES, P.C.
218 Commerce Street
Post Office Box 4160 (36103)
Montgomery, AL 36104
Telephone:  (334) 269-2343
Facsimile:   (334) 954-7555
Email:        wheaton@heatonandmoore.com


Dennis J. Drasco, *pro hac vice forthcoming*
Arthur M. Owens, *pro hac vice forthcoming*
LUM, DRASCO & POSITAN, LLC
103 Eisenhower Parkway
Roseland, NJ 07068
Telephone:  (973) 403-9000
Facsimile:   (973) 403-9021
Email:        DDrasco@lumlaw.com
                 AOwens@lumlaw.com

*Attorneys for Individual and Representative Plaintiff
eIQ Energy, Inc.*

Direct Purchaser Plaintiffs' Unopposed Motion to Appoint Interim Class Counsel