UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION. | Master File No.  14-cv-03264-JD<br><br>**CONSOLIDATION AND CASE MANAGEMENT ORDER** |

Now that the JPML process is complete, at least for the initial case filings, the Court issues this consolidation and case management order.  This order supersedes all prior consolidation and case management orders that were issued in the related cases discussed below.

### CONSOLIDATION OF RELATED CASES

1.      The Court has already found that these cases are related cases under Civil Local Rule 3-12:

      a.   3:14-cv-03264-JD

      b.   3:14-cv-03300-JD

      c.   3:14-cv-03698-JD

      d.   3:14-cv-03815-JD

      e.   3:14-cv-04123-JD.

2.      Pursuant to FRCP 42(a), the Court now consolidates all these cases into Civil Action No. 14-3264 for all pretrial proceedings before this Court.  All filings and submissions from here on should be captioned:  "*In re Capacitors Antitrust Litigation*" under the 3:14-cv-03264-JD case number.

3.      If a related action is subsequently filed in or transferred to this District, it will be consolidated into this action for all pretrial purposes.  This order will apply to every such related

action, without a further order of the Court.  A party that objects to consolidation, or to any other provision of this order, must file an application for relief from this order within ten (10) days after the date on which the party's counsel receives a copy of this order.

4.      This order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

5.      Pretrial consolidation does not mean that the actions necessarily will be consolidated for trial.  That issue will be decided later in the case.  It also does not have the effect of making any entity a party in any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

**MASTER DOCKET AND CAPTION**

6.      The docket in Civil Action No. 14-cv-03264 will constitute the master docket, and the file in that action will be the master file for every action in the consolidated action.

7.      When a pleading applies only to some, but not all, of the member actions, the document must list the docket number for each individual action to which the document applies immediately under the master caption.  Any document not identified in that way will be presumed to apply to all member cases.

8.      The parties must file a Notice of Related Cases pursuant to Civil Local Rule 3-12 whenever a case that should be consolidated into this action is filed in, or transferred to, this District.  If the Court determines that the case is related, the Clerk of the Court shall:

        a.   file a copy of this order in the separate file for such action;

        b.   serve on plaintiff's counsel in the new case a copy of this order;

        c.   direct that this order be served upon defendants in the new case; and

        d.   make the appropriate entry in the master docket sheet (No. 3:14-cv-03264-JD).

9.      If there are any disputes about whether a new action should be related to this consolidated action, they must promptly be brought to the Court's attention or any objection may be deemed waived.

//

//

2

**DATE AND AGENDA FOR INITIAL CASE MANAGEMENT CONFERENCE**

10.     The initial case management conference will be held on Wednesday, October 29, 2014 at 9:30 a.m. before the Honorable James Donato in Courtroom 11, 19th floor of the United States District Court, 450 Golden Gate Avenue, San Francisco, California.  The plaintiffs' unopposed motions to appoint interim class counsel pursuant to FRCP 23(g) have already been noticed for that date and time.  The case management conference will follow a hearing on those motions.

11.     Counsel should be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation.  In addition, items on the agenda will include the filing of a consolidated amended complaint, amendment of other pleadings, a proposed discovery plan, and a timetable for anticipated motions.  Counsel should confer and seek consensus to the fullest extent possible.  Plaintiffs' counsel must be prepared to inform the Court whether they intend to file a consolidated amended complaint, and if so, by what date.

12.     Each party represented by counsel must appear at the initial case management conference through its lead attorney who will have primary responsibility for representing the party in this litigation.  To minimize costs and facilitate a manageable conference, parties with similar interests may, to the extent practicable, arrange to have an attending attorney represent the party's interest at the conference.  A party will not, by designating another party's attorney to represent that party's interest at the conference, be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue, or service.

13.     In a similar vein, the Court expects that parties with similar interests -- namely the parties on the same side of the "v." -- will consolidate all filings and submissions as much as possible, including for the joint case management statement, which will be due on Wednesday, October 22, 2014.  The goal is to avoid burying the Court in multiple versions of largely identical filings.  Because the Court is ordering maximum consolidation of all filings, no party will be allowed at any time in the case, including before the jury, to refer to that consolidation as evidence of collusion or cooperation by the parties involved.

United States District Court
Northern District of California

United States District Court
Northern District of California

### DEFENDANTS' RESPONSE DEADLINE AND STATUS OF DISCOVERY

14.     Defendants are granted an open-ended extension of time for responding to the complaint(s) -- or a consolidated complaint -- pending further order of the Court.  In addition, pending the initial case management conference and further orders of the Court, any outstanding discovery proceedings are stayed and no discovery shall be initiated.

15.     Parties and counsel are directed to carefully review the Court's standing orders on civil discovery and civil cases for guidance on the Court's procedures.  The Court handles all discovery disputes itself.  Discovery disputes or issues that are not presented in strict conformance with the Court's standing orders will be rejected.

### PRESERVATION OF EVIDENCE

16.     Parties and counsel are reminded of the duty to preserve evidence that may be relevant to this action.  The duty extends to documents, data, and tangible things (with those terms to be interpreted in the broadest possible manner that is consistent with the FRCP) in the possession, custody or control of the parties to this action, regardless of geographic location, as well as any employees, agents, contractors, or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action.  Counsel are under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties, whether they are located in the United States or abroad.  The Court advises parties and counsel that any failure to honor this obligation will result in sanctions ranging from monetary sanctions to issue or evidence preclusion, depending on the gravity of the failure.

### COMMUNICATIONS WITH THE COURT AND AMONG COUNSEL

17.     All substantive communications with the Court must be in writing and e-filed on the master docket.  Counsel are advised to keep phone calls to the Court's courtroom deputy to a minimum.  Outside of an emergency of some sort, or to raise a discovery issue during a deposition as provided for in the standing order on discovery, no one should need to call the deputy.  No party or counsel should try to contact chambers' staff for any reason.  Also, please make sure all chambers' copies are delivered to the Clerk of the Court and not directly to chambers.  Chambers

does not accept deliveries.

18.     The Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation. Consequently, the Court makes clear that the communication of information among and between plaintiffs' counsel and among and between defendants' counsel will not be deemed a waiver of the attorney-client privilege or the protection afforded by the attorney work product doctrine, and any such cooperative efforts shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff.

**IT IS SO ORDERED**.

Dated:  October 2, 2014

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California