1  BRUCE L. SIMON (Bar No. 96241)
   AARON M. SHEANIN (Bar No. 214472)
2  BENJAMIN E. SHIFTAN (Bar No. 265767)
   MICHAEL H. PEARSON (Bar No. 277857)
3  **PEARSON, SIMON & WARSHAW, LLP**
   44 Montgomery Street, Suite 2450
4  San Francisco, California 94104
   Telephone:  (415) 433-9000
5  Facsimile:  (415) 433-9008
   bsimon@pswlaw.com
6  asheanin@pswlaw.com
   bshiftan@pswlaw.com
7  mpearson@pswlaw.com

W. JOSEPH BRUCKNER
HEIDI M. SILTON
ELIZABETH R. ODETTE
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  (612) 339-6900
Facsimile:  (612) 339-0981
wjbruckner@locklaw.com
hmsilton@locklaw.com
erodette@locklaw.com

9  [Additional counsel listed on signature page]

10  *Attorneys for Plaintiff In Home Tech Solutions, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In re Capacitors Antitrust Litigation*<br><br>THIS DOCUMENT RELATES TO ALL DIRECT PURCHASERS CLASS ACTIONS | CASE NO. 3:14-CV-03264-JD |
| *In Home Tech Solutions, Inc. v. Panasonic Corporation, et al.* | CASE NO. 3:14-cv-04514-EDL<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AND LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS**<br><br>Date:        October 29, 2014<br>Time:       9:30 a.m.<br>Courtroom:  11<br>Judge:      Hon. James Donato |

*(left margin, vertical text)* PEARSON, SIMON & WARSHAW, LLP — 44 MONTGOMERY STREET, SUITE 2450 — SAN FRANCISCO, CALIFORNIA 94104

860947.1

3:14-CV-03264-JD

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP  AND LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on October 29, 2014, at 9:30 a.m. or as soon thereafter as the matter may be heard before the Honorable James Donato of the United States District Court, Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom 11, 19th Floor, the law firms of Pearson, Simon & Warshaw, LLP and Lockridge Grindal Nauen P.L.L.P. will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 23(g), for an order appointing them as interim co-lead class counsel for the direct purchaser plaintiffs in this case.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declarations in support thereof, the Stipulation and [Proposed] Order re Shortening Time to Hear Motion filed herewith, the pleadings and papers on file in this action, and any such argument or other matters as the Court may consider at or prior to the hearing on this Motion.

DATED: October 15, 2014          By:  _____*/s/ Bruce L. Simon*_____
                                            BRUCE L. SIMON

BRUCE L. SIMON (Bar No. 96241)
AARON M. SHEANIN (Bar No. 214472)
BENJAMIN E. SHIFTAN (Bar No. 265767)
MICHAEL H. PEARSON (Bar No. 277857)
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone:  (415) 433-9000
Facsimile:  (415) 433-9008
bsimon@pswlaw.com
asheanin@pswlaw.com
bshiftan@pswlaw.com
mpearson@pswlaw.com

DATED: October 15, 2014          By:  _____*/s/ W. Joseph Bruckner*_____
                                            W. JOSEPH BRUCKNER

W. JOSEPH BRUCKNER
HEIDI M. SILTON

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

860947.1

3:14-CV-03264-JD

ELIZABETH R. ODETTE
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  (612) 339-6900
Facsimile:  (612) 339-0981
wjbruckner@locklaw.com
hmsilton@locklaw.com
erodette@locklaw.com

*Attorneys for Plaintiff In Home Tech Solutions, Inc.*
*and Proposed Interim Co-Lead Class Counsel for*
*Direct Purchaser Plaintiffs*

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP  AND
LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT
PURCHASER PLAINTIFFS

**<u>TABLE OF CONTENTS</u>**

<u>Page</u>

I.     INTRODUCTION ................................................................................................1

II.    PROCEDURAL HISTORY .................................................................................2

III.   ARGUMENT .......................................................................................................3

     A.   PSW and LGN Have Conducted Significant Research and Analysis in Identifying and Investigating The Claims Asserted in the Complaint. .....................4

     B.   PSW and LGN Have Significant Experience in Handling Class Actions, Including Complex Antitrust Cases .........................................................................6

        1.   Pearson, Simon & Warshaw, LLP ...............................................6

        2.   Lockridge Grindal Nauen P.L.L.P................................................9

     C.   The Proposed Lead Firms Have and Will Commit the Necessary Resources to Successfully Prosecute this Class Action...........................................13

     D.   The Proposed Interim Co-Lead Class Counsel Are Able to Work Cooperatively with Others in this Matter..................................................................14

IV.   CONCLUSION ..................................................................................................14

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AND LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

CASES

4

*Coleman v. General Motors Acceptance Corp.*,
   220 F.R.D. 64 (M.D. Tenn. 2004)........................................................................... 3

5

*Donaldson v. Pharmacia Pension Plan*,
6    2006 WL 1308582 (S.D. Ill. May 10, 2006) ..................................................... 3

7
*In re Air Cargo Shipping Servs. Antitrust Litig.*,
8    240 F.R.D. 56 (E.D.N.Y. 2006) ......................................................................... 3, 4

9
*In re Cal. Title Ins. Antitrust Litig.*,
   2008 WL 4820752 (N.D. Cal. Nov. 3, 2008) ................................................... 4
10

11   *Medlock v. Taco Bell Corp.*,
   2009 WL 1444343 (E.D. Cal. May 19, 2009) ................................................... 5

12
*Minn-Chem, Inc. v. Agrium, Inc.*,
13    683 F.3d 845 (7th Cir. 2012) ............................................................................. 7

14   *Nowak v. Ford Motor Co.*,
   240 F.R.D. 355 (E.D. Mich. 2006)..................................................................... 5
15

16   *Paraggua v. LinkedIn Corp.*,
   2012 WL 3763889 (N.D. Cal. Aug. 29, 2012) ................................................. 4

17   STATUTES

18   15 U.S.C. § 6a .............................................................................................................. 7

19   Fed. R. Civ. P. 23 ................................................................................................. passim

20   OTHER AUTHORITIES

21   MANUAL FOR COMPLEX LITIGATION (FOURTH) (2004) ........................................ 3

22

23

24

25

26

27

28

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP  AND
LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT
PURCHASER PLAINTIFFS

# I. <u>INTRODUCTION</u>

Before class certification occurs, Federal Rule of Civil Procedure 23(g) allows a court to appoint interim class counsel for a putative class. The inquiry focuses on appointing a leadership team that will diligently and efficiently represent the interests of the class.  The factors involved in the decision include the proposed counsel's (1) investigative work, (2) experience in handling class actions and similar types of complex claims, (3) knowledge of the applicable law, and (4) resources to be committed. *See* Fed. R. Civ. P. 23(g)(1).

The two law firms of Pearson, Simon & Warshaw, LLP ("PSW") and Lockridge Grindal Nauen P.L.L.P. ("LGN") exemplify all of these qualities, and should be appointed interim co-lead class counsel for the direct purchaser plaintiffs.  *First*, since early April 2014, PSW and LGN have thoroughly investigated and analyzed Defendants' anticompetitive practices and agreements. Together with experienced consultants, they performed economic analyses of the defendants' unlawful conduct and reviewed detailed industry reports.  As their investigation showed there is a plausible basis to allege a price-fixing conspiracy, PSW and LGN drafted and revised the detailed complaint based on their own original work product. *Second*, PSW and LGN are nationally recognized for their experience in successfully prosecuting large class action lawsuits, and the firms' attorneys possess extensive knowledge of antitrust law.  *Third*, PSW and LGN each possess a proven track record in prosecuting large-scale class actions, and are ready, willing, and able to devote all resources necessary to this lawsuit.  *Fourth*, PSW and LGN will lead this case with an inclusive style, seeking insight and participation from all Plaintiffs' counsel.  In fact, five highly-qualified firms that, in their own right, have the credentials to seek appointment as lead counsel support this proposed two-firm leadership structure.

PSW and LGN recognize that a committee of four firms has filed a competing motion for appointment of interim co-lead class counsel.  PSW and LGN do not question the experience of those four firms, but submit that prosecuting this case with four firms (all of whom come from essentially the same group) will likely result in inefficiencies and increase costs.  In addition, under the four firm approach, essentially every case in the proposed four firm-committee structure would get a leadership position.  Assigning two firms to lead this litigation—especially two firms

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP  AND LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS

1  with the complex class action experience of PSW and LGN—will encourage a more stream-lined

2  approach, and, ultimately, yield a better result for the class.

3      PSW and LGN are ideally suited to be appointed as interim co-lead class counsel for the

4  direct purchaser plaintiffs. Plaintiff[1] respectfully requests that this Court appoint these two firms

5  in that role.

6  ## II. PROCEDURAL HISTORY

7      The first direct purchaser class action complaint in this consolidated antitrust action was

8  filed on July 18, 2014. (*See* ECF No. 1.) Four other direct purchaser complaints have since been

9  filed.[2] All five direct purchaser class action cases and two indirect purchaser class action cases[3]

10  are subject to the Court's Consolidation and Case Management Order. (ECF No. 133.) The

11  complaints allege that the Defendants engaged in anticompetitive conduct by fixing the prices for

12  capacitors (electronic components that store, filter, and regulate electrical energy and current

13  flow).

14      On September 16, 2014, counsel from four law firms filed a joint motion to be appointed

15  as interim co-lead class counsel. (*See* ECF No. 102.) The four attorneys seeking appointment are

16  (1) Joseph R. Saveri of the Joseph Saveri Law Firm, (2) Solomon B. Cera of Gold Bennett Cera &

17  Sidener LLP, (3) Howard J. Sedran of Levin Fishbein Sedran & Berman, and (4) Kit A. Pierson of

18  Cohen Milstein Sellers & Toll PLLC. (ECF No. 102.) Those firms appear to operate as a group.

19  In particular, Mr. Saveri is counsel in three of the direct purchaser complaints—two with Mr. Cera

20  _____

21  [1]    The term "Plaintiff" refers to In Home Tech Solutions, Inc.—the plaintiff in Case No. 3:14-cv-
22  04514. Plaintiff files this motion in both *In Re Capacitors Litigation* and *In Home Tech Solutions,*
*Inc.*, because at the time of this filing, the latter action has yet to be consolidated with the master
23  case on this Court's docket.

24  [2]    The direct purchaser class actions are: (1) *Chip-Tech, Ltd. v. Panasonic Corp., et al.*, Case
No. 3:14-cv-03264; (2) *Dependable Component Supply Corp. v. Panasonic Corporation, et al.*,
25  Case No. 3:14-cv-03300; (3) *Schuten Electronics Corp. v. AVX Corporation, et al.*, Case No. 3:14-
cv-03698; (4) *eIQ Energy, Inc. v. AVX Corporation, et al.*, Case No. 3:14-cv-04123; and (5) *In*
26  *Home Tech Solutions, Inc. v. Panasonic Corporation, et al.*, Case No. 3:14-cv-04514.

27  [3] The indirect purchaser class actions are: (1) *Ellis, et al. v. Panasonic Corporation, et al*, Case
No. 3:14-cv-03815; and (2) *Bennett v. Panasonic Corporation, et al.*, Case No. 3:14-cv-04403.

28

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AND
LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT
PURCHASER PLAINTIFFS

1    (*Chip-Tech* and *Dependable*) and one with Mr. Sedran (*eIQ Energy*).

2         On October 2, 2014, the court issued a Consolidation and Case Management Order, which

3    states that the already-filed motion for appointment of interim co-lead class counsel would be

4    heard on October 29, 2014 at 9:30 a.m. (ECF No. 133.)  In an effort to ensure that the instant

5    motion is heard at the same time as the earlier-filed motion, PSW and LGN have filed,

6    concurrently herewith, a Stipulation and [Proposed] Order re Shortening Time to Hear Motion for

7    Appointment of Pearson, Simon & Warshaw, LLP and Lockridge Grindal Nauen P.L.L.P. as

8    Interim Co-Lead Class Counsel for Direct Purchaser Plaintiffs.

9                              **III.  ARGUMENT**

10        Rule 23 provides that a court "may designate interim counsel to act on behalf of the

11   putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P.

12   23(g)(3).  The goal is to determine who best will represent the interests of the class, and who best

13   will be able to accomplish the goals of efficiency and economy in doing so.  *See Coleman v.*

14   *General Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004); *see also* MANUAL FOR

15   COMPLEX LITIGATION (FOURTH) § 10.221 (2004) ("MANUAL").  Where, as here, multiple cases are

16   pending, "appointment of interim counsel is necessary to protect the interests of class members."

17   *Donaldson v. Pharmacia Pension Plan*, 2006 WL 1308582, at *1  (S.D. Ill. May 10, 2006); *see*

18   *also In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006).

19        In complex antitrust matters such as this, appointing seasoned lead counsel is one of the

20   district court's key organizational tools.  MANUAL §§ 10.224, 21.272.  The "designation of interim

21   [class] counsel clarifies responsibility for protecting the interests of the class during

22   precertification activities, such as making and responding to motions, conducting any necessary

23   discovery, moving for class certification, and negotiating settlement."  *Id.* § 21.11.  Because lead

24   counsel is charged with the ultimate responsibility of acting on behalf of the class throughout the

25   entire litigation, the Court must appoint lead counsel who are fully capable and qualified to fairly

26   and adequately represent the interests of the class.  *See id.* §§ 10.22, 21.271, 21, 272; *see also* Fed.

27   R. Civ. Proc. 23(g)(2) (noting that "the court must appoint the applicant best able to represent the

28   interests of the class" if more than one qualified applicant seeks to be appointed class counsel).

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

860947.1

3

3:14-CV-03264-JD

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1    Courts usually consider the factors listed within Rule 23(g)(1) when appointing interim

2 class counsel. *See, e.g., In re Cal. Title Ins. Antitrust Litig.,* 2008 WL 4820752, at *1 (N.D. Cal.

3 Nov. 3, 2008) ("When appointing interim class counsel, a court must find that the applicant is

4 adequate under [Rule 23(g)(1)(A)]."); *In re Air Cargo Shipping Servs.*, *supra*, 240 F.R.D. at 57

5 ("[I]t appears to be generally accepted that the considerations set out in [Rule 23(g)(1)(A)], which

6 governs appointment of class counsel once a class is certified, apply equally to the designation of

7 interim class counsel before certification."); *Paraggua v. LinkedIn Corp.*, 2012 WL 3763889, at

8 *1 (N.D. Cal. Aug. 29, 2012) (same). These factors examine the proposed counsel's (1)

9 investigative work; (2) experience in handling class actions and similar types of complex claims;

10 (3) knowledge of the applicable law; and (4) resources to be committed. Fed R. Civ. Proc.

11 23(g)(1)(A). All of these factors are pertinent, but no one factor alone is determinative, and the

12 Court may also assess other matters "pertinent to counsel's ability to fairly and adequately

13 represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *see also* Fed. R. Civ. P. 23

14 Advisory Committee Notes to the 2003 Amendments.

15    As demonstrated below, PSW and LGN more than satisfy all of the relevant criteria.

16 **A.    PSW and LGN Have Conducted Significant Research and Analysis in Identifying and**

17 **Investigating The Claims Asserted in the Complaint.**

18    PSW and LGN began investigating potential antitrust violations by defendants over six

19 months ago—in early April 2014. (Simon Decl., ¶ 4; Bruckner Decl., ¶ 3.)  As explained in more

20 detail in the Declarations of Bruce L. Simon and W. Joseph Bruckner filed concurrently herewith,

21 PSW and LGN retained the services of experienced consultants to perform an economic analysis

22 of the capacitors market, including the markets for the different capacitor types (*e.g.*, aluminum

23 electrolytic capacitors, tantalum capacitors, and supercapacitors), as well as to analyze capacitor

24 demand, production, and pricing. (Simon Decl., ¶ 5; Bruckner Decl., ¶ 3.)

25    After discussion with these experienced consultants—and after incurring significant costs

26 and attorney time—PSW and LGN concluded that there is a basis to allege that the Defendants

27 had obtained and maintained their control over the capacitors market through anticompetitive

28 practices and agreements. (Simon Decl., ¶ 6; Bruckner Decl., ¶ 4.)  The detailed complaint that

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP  AND
LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT
PURCHASER PLAINTIFFS

1   PSW, LGN, and their co-counsel filed on October 8, 2014 in the *In Home Tech Solutions, Inc.*

2   case reflects this extensive investigation.  Their Complaint is the original work product of PSW,

3   LGN, and their co-counsel, and does not copy any other complaint filed in this consolidated

4   litigation. (Simon Decl., ¶ 9.)  That other firms filed their complaints first should have little

5   bearing on the appointment of interim co-lead class counsel. *See Medlock v. Taco Bell Corp.*, 2009

6   WL 1444343, at *6 (E.D. Cal. May 19, 2009) ("The first attorney to file is not entitled to special

7   consideration for appointment as lead counsel simply by winning the case [sic] to the

8   courthouse.") (internal quotation marks and citation omitted); *Nowak v. Ford Motor Co.*, 240

9   F.R.D. 355, 365 (E.D. Mich. 2006) ("Whether someone was 'first to file' by itself has little to do

10  with who is the best qualified to lead the case, and does not satisfy the requirements of Rule

11  23(g).").

12      PSW and LGN have reviewed the motion for appointment of interim co-lead class counsel

13  filed by the committee of four firms.  As explained above, PSW and LGN do not question the

14  experience of these four firms.  Similarly, PSW and LGN do not dispute that these four firms

15  spent time and incurred costs in investigating Defendants' anticompetitive conduct.

16      Nonetheless, PSW and LGN strongly believe that they should be appointed as interim co-

17  lead class counsel for all Direct Purchaser Plaintiffs because a committee of four is not efficient in

18  this particular case.  Several courts in this District routinely appoint two firms to spearhead

19  complex class action litigation.  *See, e.g., Senne, et al. v. Office of the Commissioner of Baseball*,

20  *et al.*, N.D. Cal. Case No. 14-cv-00608, ECF No. 236 (N.D. Cal. Oct. 10, 2014) (Seeborg, J.)

21  (appointing two firms to serve as interim co-lead class counsel); *In re Carrier IQ Consumer*

22  *Privacy Litigation*, MDL No. 2330, ECF No. 100 (N.D. Cal. July 12, 2012) (Chen, J.) (appointing

23  two firms to serve as interim lead counsel); *In re Transpacific Passenger Air Transportation*

24  *Antitrust Litig.*, MDL No. 1913, ECF No. 130 (N.D. Cal. Mar. 28, 2008) (Breyer, J.) (appointing

25  two firms to serve as interim class counsel for the putative class); *In re TFT-LCD (Flat Panel)*

26  *Antitrust Litig.*, MDL No. 1827, ECF No. 224 (N.D. Cal. July 13, 2007) (appointing two firms to

27  serve as interim lead counsel for indirect purchaser cases and two firms to serve as interim lead

28  counsel for direct purchaser cases) (Illston, J.).

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1   There are only a total of five direct purchaser cases filed.  Having four firms (all of whom

2   come from essentially the same group) lead the case is too much.  Essentially every case in the

3   proposed four firm-committee structure gets a leadership position.  Prosecuting this case with four

4   different law firms "managing" this litigation will likely result in inefficiencies and increase costs.

5   Assigning two firms to lead this litigation—especially two firms with the complex class action

6   experience of PSW and LGN—will encourage a more stream-lined approach, and, ultimately,

7   yield a better result for the class.

8   **B.    PSW and LGN Have Significant Experience in Handling Class Actions, Including Complex Antitrust Cases**

9

10   As the following discussion and the attachments to the Declarations of Bruce L. Simon and

11   W. Joseph Bruckner demonstrate, PSW and LGN have substantial experience handling complex

12   class actions, and they are highly knowledgeable regarding the applicable antitrust law.

13   **1.    Pearson, Simon & Warshaw, LLP**

14   PSW is a civil litigation firm that specializes in class actions, with offices in San Francisco

15   and Los Angeles.  (Simon Decl., Exh. B.)  PSW handles national and multi-national class actions

16   that present cutting-edge issues in both substantive and procedural areas.  (Simon Decl., Exh. B.)

17   The firm's attorneys have expertise in litigating difficult and large cases in an efficient and cost-

18   effective manner.  (Simon Decl., Exh. B.)  Recognized as national leaders in the field of antitrust

19   litigation, they have obtained hundreds of millions of dollars in settlements and verdicts on behalf

20   of their clients.  (*See generally* Simon Decl., Exh. B.) Attorneys at PSW served as co-lead counsel

21   in such prominent cases as *In re TFT-LCD (Flat Panel) Antitrust Litigation*  (N.D. Cal. MDL No.

22   1827) ("*TFT-LCD*") and *In re Potash Antitrust Litigation (II)* (N.D. Ill. MDL No. 1996)

23   ("*Potash*"), and are presently co-lead counsel in various other notable complex antitrust and class-

24   actions including *In re Lithium Ion Batteries Antitrust Litigation* (N.D. Cal. MDL No. 2420), *In re*

25   *Credit Default Swaps Antitrust Litigation* (S.D.N.Y. MDL No. 2476), *In re National Collegiate*

26   *Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation* (N.D. Cal. MDL No. 2451),

27   and *In re: Keurig Green Mountain Single-Serve Coffee Antitrust Litigation* (S.D.N.Y. MDL No.

28   2542).  (Simon Decl., ¶¶ 12-17.)

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP  AND
LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT
PURCHASER PLAINTIFFS

1    The attorneys who will be primarily responsible for litigating this case are Bruce L. Simon

2  and Aaron M. Sheanin, as well as Benjamin E. Shiftan, Michael H. Pearson, and other attorneys as

3  required.

4        **Bruce L. Simon**

5    Mr. Simon specializes in complex cases involving antitrust, securities, and consumer

6  protection laws.  (*See* Simon Decl., ¶ 20.)  Mr. Simon has been recognized for his service as co-

7  lead counsel and trial counsel for the direct purchaser plaintiffs in *TFT-LCD*. (Simon Decl., ¶ 10.)

8  After reaching settlements with several defendants totaling over $405 million, Mr. Simon and his

9  trial team tried the case to an $87 million dollar verdict (before trebling) against Toshiba.  (Simon

10  Decl., Exh. B.)   Mr. Simon served as co-lead trial counsel, successfully marshaled numerous

11  witnesses, and presented the opening statement. (Simon Decl., Exh. B.)  Another $68 million was

12  recovered for class members though settlements with Toshiba after trial and with another

13  defendant on the eve of trial, for a total recovery of $473 million for the direct purchaser class.

14  (*See generally* Simon Decl., Exh. B.)  In 2013, *California Lawyer Magazine* awarded Mr. Simon a

15  California Lawyer of the Year Award for his work in the *TFT-LCD* case.  (Simon Decl., ¶ 10.)

16  The verdict in that case was cited by the *Daily Journal* as one of the top 10 verdicts of the year.

17  (Simon Decl., ¶ 10.)

18    Mr. Simon served as co-lead counsel for the direct purchaser plaintiffs in *Potash*. (Simon

19  Decl., ¶ 13.)  There, Mr. Simon successfully argued an appeal of the district court's opinion

20  denying the defendants' motions to dismiss for lack of subject matter jurisdiction under the

21  Foreign Trade Antitrust Improvements Act[4] ("FTAIA") before the United States Court of Appeals

22  for the Seventh Circuit. (*See* Simon Decl., ¶ 13, Exh. B.)    In *Minn-Chem, Inc. v. Agrium, Inc.,*

23  683 F.3d 845 (7th Cir. 2012), the Seventh Circuit, sitting *en banc*, took a broad view of the ability

24  of the federal courts to hear antitrust cases concerning alleged foreign cartel activity that plaintiffs

25  contend has effects in the United States.  This is a significant decision pertaining to an issue that

26  _____

27  [4] 15 U.S.C. § 6a.

28

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP  AND
LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT
PURCHASER PLAINTIFFS

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1  arises in most antitrust cases involving international cartels. (Simon Decl., ¶ 13.) Subsequently,

2  the direct purchasers reached settlements totaling $90 million. (Simon Decl., Exh. B.)

3      In 2013, Mr. Simon was appointed as interim co-lead counsel for direct purchaser plaintiffs

4  in *In re Lithium Ion Batteries Antitrust Litigation* (N.D. Cal. MDL No. 2420) ("*Batteries*"), a

5  multidistrict case arising from the price-fixing of lithium ion batteries. (Simon Decl., ¶ 14.) The

6  case, pending before the Honorable Yvonne Gonzalez Rogers, involves allegations of collusive

7  activity by a cartel made up of the world's largest manufacturers of lithium ion batteries, which

8  are used in everything from cellular phones to cameras, laptops and tablet computers. (Simon

9  Decl., ¶ 14.) Certain defendants in *Batteries* are named defendants in this case as well. Mr.

10  Simon successfully argued before the JPML for consolidation of the cases in the Northern District

11  of California. (Simon Decl., ¶ 14.) On October 2, 2014, Judge Gonzalez Rogers issued an

12  omnibus order denying motions to dismiss the direct purchasers' Second Consolidated Amended

13  Complaint almost in their entirety. (N.D. Cal. MDL No. 2420, ECF No. 512.)

14      Mr. Simon serves as co-lead counsel in *In re Credit Default Swaps Antitrust Litigation*

15  (S.D.N.Y. MDL No. 2476), a class action filed on behalf of all purchasers and sellers of Credit

16  Default Swaps ("CDS") against thirteen of the world's largest banks. (Simon Decl., ¶ 15.) Mr.

17  Simon represents the Los Angeles County Employees' Retirement Association. (Simon Decl., ¶

18  15.) The lawsuit alleges that the banks along with other defendants who control the market

19  infrastructure for CDS trading have conspired for years to restrain the efficient trading of CDS,

20  thereby inflating the cost to trade CDS and harming institutional investors such as pension funds,

21  mutual funds, and insurance companies who use CDS to hedge credit risks on their fixed income

22  portfolios. (Simon Decl., ¶ 15, Exh. B.) On September 4, 2014, the Honorable Denise L. Cote

23  denied motions to dismiss plaintiffs' claims in violation of Section 1 of the Sherman Act and for

24  unjust enrichment. (S.D.N.Y. MDL No. 2476, ECF No. 321.)

25      Mr. Simon was recently appointed interim co-lead counsel in *In re Carrier IQ Consumer*

26  *Privacy Litigation* (N.D. Cal. MDL No. 2330) by the Honorable Edward Chen. (Simon Decl., ¶

27  19) Moreover, PSW is currently serving as interim co-lead counsel in several other significant

28  class actions, including *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap*

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AND
LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT
PURCHASER PLAINTIFFS

1   *Antitrust Litigation* (N.D. Cal. MDL No. 2451), *In re Keurig Green Mountain Single-Serve Coffee*

2   *Antitrust Litigation* (S.D.N.Y. MDL No. 2542), and *Senne, et al. v. Office of the Commissioner of*

3   *Baseball, et al.* (N.D. Cal. Case No. 14-cv-00608). (Simon Decl., ¶¶ 16-18.)

4       **Aaron M. Sheanin**

5       Mr. Sheanin has extensive experience in complex litigation matters in federal and state

6   courts, including the prosecution of antitrust, consumer, and securities class actions. (Simon

7   Decl., ¶ 25.) Mr. Sheanin was actively involved in all aspects of *TFT-LCD*, and was an integral

8   member of the trial team. (Simon Decl., ¶ 25.) For his work on that case, Mr. Sheanin was

9   nominated by the Consumer Attorneys of California as a finalist for Consumer Attorney of the

10  Year. (Simon Decl., ¶ 25.) Mr. Sheanin is presently litigating on behalf of direct purchaser

11  plaintiffs in the *Batteries* and *Credit Default Swaps* cases. (Simon Decl., ¶ 25.)

12      Previously, Mr. Sheanin served as co-lead counsel in *In re American Express Financial*

13  *Advisors Securities Litigation* (S.D.N.Y. Case No. 04-1773) ($100 million settlement), as co-lead

14  counsel on behalf of lead plaintiff the Kansas Public Employees' Retirement System in the

15  securities class action *Scheiner v. i2 Technologies* (N.D. Tex. Case No. 01-CV-418-H) ($84.85

16  million in settlements), and as co-chair of the discovery committee in *In re Natural Gas Antitrust*

17  *Cases* (D. Nev. MDL No. 1566) ($160 million in settlements). (Simon Decl., ¶ 26.) He is a

18  member of the Executive Committee of the Antitrust and Unfair Competition Section of the

19  California State Bar. (Simon Decl., ¶ 26.)

20      **2.    Lockridge Grindal Nauen P.L.L.P.**

21      For over 30 years LGN has prosecuted antitrust cases on behalf of large and small

22  businesses injured by price-fixing and other violations of the antitrust laws. (Bruckner Decl., Exh.

23  A.) LGN also practices in securities, environmental, employment, health care, commercial,

24  intellectual property and telecommunications law. (Bruckner Decl., ¶ 7.) It has particular

25  expertise in complex litigation, including federal multidistrict litigation. (Bruckner Decl., ¶ 7.)

26  The firm's attorneys are skilled in pursuing and managing large complicated cases efficiently and

27  cost-effectively. (Bruckner Decl., ¶ 7.) In the last ten years alone, LGN and its co-counsel have

28  recovered more than $2 billion for their clients and class members in antitrust cases involving

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AND
LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT
PURCHASER PLAINTIFFS

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1   national and global price-fixing schemes. (Bruckner Decl., Exh. A.)  Attorneys at LGN have

2   served as Plaintiffs' Co-Lead Counsel in notable cases such as *In re Potash Antitrust Litigation*

3   *(II) – Minn-Chem, Inc. v. Agrium Inc*. (N.D. Ill. MDL No. 1996), and *In re Flat Glass Antitrust*

4   *Litigation (II)* (W.D. Pa. MDL No. 1942) and are currently serving as Plaintiffs' Co-Lead Counsel

5   in the *Freight Forwarders Antitrust Litigation (Precision Associates, Inc., et al. v. Panalpina*

6   *World Transport (Holding) Ltd. et al.)* (E.D.N.Y. Case No. 08-cv-00042) and *In re Wholesale*

7   *Grocery Products Antitrust Litigation* (D. Minn. MDL No. 2090). (Bruckner Decl., ¶¶ 9-12.) LGN

8   is also extensively involved as plaintiffs' counsel in *Kleen Products LLC, et al. v. Packaging*

9   *Corp. of America, et al*., (N.D. Ill. Case No. 10-cv-05711). (Bruckner Decl., ¶ 10.)

10       LGN has played a material role representing plaintiffs in several electronics-related

11   antitrust cases in this District: *In re Lithium Ion Batteries Antitrust Litigation* (N.D. Cal. MDL No.

12   2420); *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal. MDL No. 1827); *In re Cathode*

13   *Ray Tubes (CRT) Antitrust Litigation* (N.D. Cal. MDL No. 1917); *In re Dynamic Random Access*

14   *Memory (DRAM) Antitrust Litigation* (N.D. Cal. MDL No. 1486); *In re Static Random Access*

15   *Memory (SRAM) Antitrust Litigation* (N.D. Cal. MDL No. 1819). (Bruckner Decl., ¶ 15.)  Many of

16   these cases involve the same or related defendants as in this case, and allege similar methods of

17   establishing and enforcing an anticompetitive conspiracy. (Bruckner Decl., ¶ 15.)  The attorneys

18   who will be primarily responsible for litigating this case are W. Joseph Bruckner, Heidi Silton,

19   Elizabeth Odette, and other attorneys as required.

20       **W. Joseph Bruckner**

21       Mr. Bruckner specializes in representing plaintiffs in antitrust class actions and other

22   complex litigation nationwide. (Bruckner Decl., ¶ 8.) Mr. Bruckner currently serves as Plaintiffs'

23   Co-Lead Counsel in the *Freight Forwarders Antitrust Litigation (Precision Associates, Inc., et al.*

24   *v. Panalpina World Transport (Holding) Ltd. et al*.) (E.D.N.Y. Case No. 08-cv-00042).  (Bruckner

25   Decl., ¶ 9.) *Freight Forwarders* alleges a series of global cartels to fix and impose surcharges and

26   rate increases on U.S. shippers for freight forwarding services, and involves major multinational

27   corporations in the United States and every other part of the globe. (Bruckner Decl., ¶ 9.)  To date

28   Mr. Bruckner and his co-counsel have achieved settlements of over $178 million for the class from

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP  AND
LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT
PURCHASER PLAINTIFFS

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1    sixteen Defendant groups. (Bruckner Decl., ¶ 9.)

2        With Mr. Simon, Mr. Bruckner recently served as co-lead counsel for the direct purchaser

3    plaintiffs in *In re Potash* resulting in settlements of $90 million for the direct purchaser class.

4    (Bruckner Decl., ¶ 11.)  As described in Mr. Simon's section above, the ground-breaking decision

5    from the *en banc* Court of the Appeals for the Seventh Circuit clarified the proper application of

6    the FTAIA, and is a significant victory for U.S. businesses injured by global cartel behavior.

7        Mr. Bruckner also served in leadership positions in, among other cases:  *In re Flat Glass*

8    *Antitrust Litigation (II)* (W.D. Pa. MDL No. 1942), co-lead counsel, where $22 million in

9    settlements were reached; *In re Urethane Antitrust Litigation (Polyester Polyols)* (D. Kan., MDL

10   No. 1616) co-lead counsel, recovering $33 million for the class; *In re Pressure Sensitive*

11   *Labelstock Antitrust Litigation* (M.D. Pa. MDL No. 1556), co-lead counsel, recovering $45

12   million for the class; *In re MSG Antitrust Litigation* (D. Minn. MDL No. 1328), co-lead counsel,

13   recovering $123 million for the class; *In re Polypropylene Carpet Antitrust Litigation* (N.D. Ga.

14   MDL No. 1075), co-lead counsel, recovering $50 million for the class; and *In re Linerboard*

15   *Antitrust Litig*. (E.D. Pa. MDL No. 1261), as one of a five-person Executive Committee in which

16   more than $202 million was recovered for the class. (Bruckner Decl., ¶ 12.)

17       Mr. Bruckner and his firm have been appointed plaintiffs' co-lead counsel *In re Wholesale*

18   *Grocery Products Antitrust Litigation* (D. Minn. MDL No. 2090), alleging a geographic and

19   customer allocation agreement in the wholesale grocery supply market.  (Bruckner Decl., ¶ 10.)  In

20   addition, they are extensively involved in *Kleen Products LLC, et al. v. Packaging Corp. of*

21   *America, et al*. (N.D. Ill. Case No. 10-cv-05711) involving allegations of collusive supply

22   restrictions and price-fixing in the containerboard (corrugated paper) market. (Bruckner Decl., ¶

23   10.)

24       Mr. Bruckner is regularly recognized as a Minnesota "Super Lawyer" by the Minnesota

25   Journal of Law and Politics, and has served as Chair for the Minnesota State Bar Association

26   Antitrust Law Section.  (Bruckner Decl., ¶ 16.)  He frequently speaks and presents at programs

27   and seminars nationwide, and has co-authored two publications on the private enforcement of

28   antitrust laws in the United States.  (*See* Bruckner Decl., ¶ 16.)

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP  AND
LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT
PURCHASER PLAINTIFFS

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

**Heidi Silton**

Heidi Silton has nearly two decades of litigation experience, currently serving as the Chair of the Minnesota State Bar Association's Antitrust Section and regularly named one of Minnesota's top 100 Women Lawyers by a peer review list of leading Minnesota lawyers. (Bruckner Decl., ¶ 8.)  Ms. Silton has been named as one of Minnesota's "Forty Under 40" business and community leaders.  (Bruckner Decl., Exh. A.)  She is one of just a few attorneys included in this select group of business leaders. (Bruckner Decl., Exh. A.)

Ms. Silton has worked on a number of complex and class action antitrust matters in which the firm has had a leading or other significant role, including: *In re Flat Glass (II) Antitrust Litig.* (W.D. Pa. Case No. 08-mc-180), (Plaintiffs' Co-Lead Counsel); *Freight Forwarders Antitrust Litigation (Precision Associates, Inc., et al. v. Panalpina World Transport (Holding) Ltd. et al.)* (E.D.N.Y. Case No. 08-cv-00042)) (Plaintiffs' Co-Lead Counsel); *In re Urethane Antitrust Litigation (Polyester Polyols)* (D. Kan. MDL No. 1616) (Plaintiffs' Co-lead Counsel); and *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.* (N.D. Cal. Case No. 02-cv-1486). (Bruckner Decl., Exh. A.)

**Elizabeth Odette**

Elizabeth Odette also has significant litigation experience.  She was named an "Up and Coming Attorney" by Minnesota Lawyer Magazine in 2013. (Bruckner Decl., ¶ 8.) Ms. Odette is currently litigating on behalf of plaintiffs in *In re Wholesale Grocery Products Antitrust Litigation* (D. Minn. MDL No. 2090) and has or is currently contributing to a number of the other electronics cases venued in this District: *In re Cathode Ray Tube (CRT) Antitrust Litig.* (N.D. Cal. MDL No. 1917); *In re TFT-LCD (Flat Panel) Antitrust Litig.* (N.D. Cal. MDL No. 1827); *In re Lithium Ion Batteries Antitrust Litigation*, (N.D. Cal. MDL 2420); and *In re Static Random Access Memory (SRAM) Antitrust Litig.* (N.D. Cal. MDL No. 1819). (Bruckner Decl., Exh. A.)

Ms. Odette has actively participated on the trial team of more than a dozen bellwether trials remanded out of *In re Aredia and Zometa Products Liability Litigation*, (E.D. Tenn. Case No. 06-md-1760) with a majority resulting in plaintiffs' verdicts.  (*See* Bruckner Decl., Exh. A.)

C.      **The Proposed Lead Firms Have and Will Commit the Necessary Resources to Successfully Prosecute this Class Action**

PSW and LGN have demonstrated they are ready, willing, and able to commit the resources and time necessary to litigate a complex class action such as this.

PSW's work in *LCD* is instructive.  In that case, PSW, along with co-lead counsel, managed discovery of roughly 8 million documents consisting of over 40 million pages, and oversaw as many as 136 document reviewers working concurrently.  (Simon Decl., ¶ 12.) Approximately 1.5 million foreign language documents were identified, and nearly half were reviewed by foreign language reviewers.  (Simon Decl., ¶ 12.)  The direct purchaser class served 184 sets of discovery requests, responded to 75, and engaged in extensive discovery motion practice before a special master.  (Simon Decl., ¶ 12.)   Counsel took and defended more than 130 depositions:  50 in San Francisco, 40 elsewhere across the country, and 41 outside of the United States.  (Simon Decl., ¶ 12.)  In all, counsel incurred over $11 million in costs and contributed over 250,000 hours of work on the case, prior to trial.  (Simon Decl., ¶ 12.)  The Court credited counsel's work as an "excellent result obtained for the Class" after more than five years of litigation.  (Simon Decl., ¶ 12.)  The Court noted that counsel did "an excellent job in this case of handling what has been a really enormous and cumbersome process."  (Simon Decl., Exh. A.)

LGN's leadership in *Freight Forwarders* demonstrates the firm's expertise in managing complex class actions.  In *Freight Forwarders*, LGN and other co-lead counsel have drafted and coordinated dozens of briefs in successfully overcoming multiple rounds of motions to dismiss plaintiffs' complaint; arranged the ongoing review of over 1.3 million documents; took more than 30 fact interviews to date and have embarked on depositions worldwide; and have negotiated settlements with more than a dozen defendants.  (Bruckner Decl., ¶ 13.) LGN also collects and maintains monthly time and expense reports from all class counsel, and has developed a time and expense protocol to avoid unnecessary, unauthorized, or duplicative case work.  (Bruckner Decl., ¶ 13.)

Similarly, in *Potash II*, LGN and PSW led the production of plaintiffs' discovery, the review of defendants' discovery, the coordination and taking of depositions, extensive and

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP  AND LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1    successful briefing at the court of appeals, expert analysis and, ultimately, lengthy and successful

2    settlement negotiations with all defendants. (Bruckner Decl., ¶ 14.)

3    As these examples amply illustrate, PSW and LGN are well-equipped to lead this complex

4    litigation.

5    **D.    The Proposed Interim Co-Lead Class Counsel Are Able to Work Cooperatively with**
     **Others in this Matter.**

6

7    As explained above, the two firms proposed here believe they can provide the most fair

8    and adequate leadership structure for the class.  That said, PSW and LGN each have an inclusive

9    management style and will seek the participation of the many other talented firms involved in this

10   litigation.  This is evidenced by the number of highly-qualified firms that support the proposed

11   two-firm leadership structure:  (1) Polsinelli PC; (2) Weinstein Kitchenoff & Asher LLC; (3)

12   Steyer Lowenthal Boodrookas Alvaraz & Smith LLP; (4) Criden & Love, P.A.; and (5) Gustafson

13   Gluek PLLC.  These firms have considerable experience in prosecuting class actions and the

14   credentials to serve as lead counsel in their own right.  However, each of these firms is supporting

15   the appointment of PSW and LGN as interim co-lead counsel, in recognition of the investigations

16   and work undertaken by these two firms.  (Simon Decl., ¶ 29.)  The endorsements of these

17   respected firms further support the appointment of PSW and LGN as interim co-lead class

18   counsel.

19   **IV.  CONCLUSION**

20   For the foregoing reasons, Pearson, Simon & Warshaw, LLP and Lockridge Grinal Nauen

21   P.L.L.P. respectfully request appointment as interim co-lead class counsel for the Direct Purchaser

22   Plaintiffs.

23

24   DATED: October 15, 2014          By:    _____ */s/ Bruce L. Simon*_____
                                            BRUCE L. SIMON

25

26                                          BRUCE L. SIMON (Bar No. 96241)
                                            AARON M. SHEANIN (Bar No. 214472)
27                                          BENJAMIN E. SHIFTAN (Bar No. 265767)
                                            MICHAEL H. PEARSON (Bar No. 277857)
28                                          **PEARSON, SIMON & WARSHAW, LLP**

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP  AND
LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT
PURCHASER PLAINTIFFS

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1  44 Montgomery Street, Suite 2450
2  San Francisco, California 94104
   Telephone:  (415) 433-9000
3  Facsimile:  (415) 433-9008
   bsimon@pswlaw.com
4  asheanin@pswlaw.com
   bshiftan@pswlaw.com
5  mpearson@pswlaw.com

6

7  DATED: October 15, 2014          By:  _____/s/ W. Joseph Bruckner_____
                                          W. JOSEPH BRUCKNER
8
9  W. JOSEPH BRUCKNER
   HEIDI M. SILTON
   ELIZABETH R. ODETTE
10 **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
   100 Washington Avenue South, Suite 2200
11 Minneapolis, MN 55401
   Telephone:  (612) 339-6900
12 Facsimile:  (612) 339-0981
   wjbruckner@locklaw.com
13 hmsilton@locklaw.com
   erodette@locklaw.com
14

15 *Attorneys for Plaintiff In Home Tech Solutions, Inc.*
   *and Proposed Interim Co-Lead Class Counsel for*
16 *Direct Purchaser Plaintiffs*

17 DANIEL D. OWEN
   AMY D. FITTS
18 **POLSINELLI PC**
   900 W. 48th Place, Suite 900
19 Kansas City, MO 64112
   Telephone: (816) 753-1000
20 Facsimile: (816) 753-1536
   dowen@polsinelli.com
21 afitts@polsinelli.com
22

23 Steven A. Asher
   Mindee J. Reuben
24 **WEINSTEIN KITCHENOFF & ASHER LLC**
   1845 Walnut Street, Suite 1100
25 Philadelphia, PA 19103
   Telephone:  (215) 545-7200
26 Facsimile:  (215) 545-6535
   asher@wka-law.com
27 reuben@wka-law.com

28 Allan Stever

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP  AND
LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT
PURCHASER PLAINTIFFS

Gabriel D. Zeldin
**STEYER LOWENTHAL BOODROOKAS
ALVARAZ & SMITH LLP**
One California Street, Third Floor
San Francisco, CA 94111
Telephone:  (415) 421-3400
Facsimile:  (415) 421-2234
asteyer@steyerlaw.com
gzeldin@steyerlaw.com

Kevin B. Love
**CRIDEN & LOVE, P.A.**
7301 SW 57th Court, Suite 515
South Miami, FL 33143
Telephone:  (305) 357-9000
Facsimile: (305) 357-9050
klove@cridenlove.com

Daniel E. Gustafson
Daniel C. Hedlund
Sara J. Payne
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone:  (612) 333-8844
Facsimile:  (612) 339-6622
dgustafson@gustafsongleuk.com
dhedlund@gustafsongleuk.com
spayne@gustafsongleuk.com

*Attorneys for Plaintiff In Home Tech Solutions, Inc.*

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP  AND
LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT
PURCHASER PLAINTIFFS