| | |
|---|---|
| BRUCE L. SIMON (Bar No. 96241) | W. JOSEPH BRUCKNER |
| AARON M. SHEANIN (Bar No. 214472) | HEIDI M. SILTON |
| BENJAMIN E. SHIFTAN (Bar No. 265767) | ELIZABETH R. ODETTE |
| MICHAEL H. PEARSON (Bar No. 277857) | **LOCKRIDGE GRINDAL NAUEN P.L.L.P.** |
| **PEARSON, SIMON & WARSHAW, LLP** | 100 Washington Avenue South, Suite 2200 |
| 44 Montgomery Street, Suite 2450 | Minneapolis, MN 55401 |
| San Francisco, California 94104 | Telephone: (612) 339-6900 |
| Telephone: (415) 433-9000 | Facsimile: (612) 339-0981 |
| Facsimile: (415) 433-9008 | wjbruckner@locklaw.com |
| bsimon@pswlaw.com | hmsilton@locklaw.com |
| asheanin@pswlaw.com | erodette@locklaw.com |
| bshiftan@pswlaw.com | |
| mpearson@pswlaw.com | |

[Additional counsel listed on signature page]

*Attorneys for Plaintiff In Home Tech Solutions, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Capacitors Antitrust Litigation* | CASE NO. 3:14-CV-03264-JD |
| THIS DOCUMENT RELATES TO ALL DIRECT PURCHASERS CLASS ACTIONS | |
| *In Home Tech Solutions, Inc. v. Panasonic Corporation, et al.* | CASE NO. 3:14-cv-04514-EDL |
| | **CLASS ACTION** |
| | **DECLARATION OF W. JOSEPH BRUCKNER IN SUPPORT OF PLAINTIFF IN HOME TECH SOLUTIONS, INC.'S MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AND LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS** |
| | Date: October 29, 2014<br>Time: 9:30 a.m.<br>Courtroom: 11<br>Judge: Hon. James Donato |

29592.2  3:14-CV-03264-JD

I, W. Joseph Bruckner, declare:

1. I am an attorney in good standing and admitted to practice in the State of Minnesota and several other courts across the country, and am admitted *pro hac vice* in this Court. For nearly twenty-five years I have been a partner with the law firm of Lockridge Grindal Nauen P.L.L.P. ("LGN"), attorneys of record for Plaintiff In Home Tech Solutions, Inc. I submit this declaration in support of the accompanying Plaintiff In Home Tech Solutions, Inc.'s ("IHTS") Motion for Appointment of Pearson, Simon & Warshaw, LLP and Lockridge Grindal Nauen P.L.L.P. As Interim Co-Lead Class Counsel for a class of direct purchasers of capacitors, as well as circuit boards containing capacitors. I have personal knowledge of the facts set forth herein and can competently testify to them.

2. On behalf of IHTS, we have filed a class action complaint in this Court alleging antitrust violations in the capacitors market, and have moved to relate the IHTS case to the similar cases filed in this District under this master caption.[1] IHTS's allegations are extensive and detailed, but all cases allege essentially that defendants, the largest manufacturers of high capacitance capacitors in the world, conspired to restrict output and fix prices of capacitors in violation of Section One of the Sherman Act, 15 U.S.C § 1.

3. Pearson, Simon & Warshaw, LLP ("PSW"), LGN, and our co-counsel began investigating this matter in early April 2014 and, as detailed in the accompanying declaration of Bruce L. Simon, we have done extensive and in-depth work to identify and investigate the industry, claims of a potential class of plaintiffs, and the merits of the case. PSW and LGN retained the services of experienced consultants to perform an economic analysis of the capacitors market, including the markets for the different capacitor types (*e.g.*, aluminum electrolytic

---

[1] Motion to Relate Case, *In re Capacitors Antitrust Litigation* ("*In re Capacitors*"), Case No. 14-cv-03264, Oct. 8, 2014 [ECF No. 166].

The other actions include *Chip-Tech, Ltd. v. Panasonic Corp, et al.* ("*Chip-Tech*"), Case No. 3:14-cv-03264 (N.D. Cal. July 18, 2014), *Dependable Component Supply Corp. v. Panasonic Corp, et al.*, Case No. 3:14-cv-03300 (N.D. Cal. July 22, 2014), *Schuten Electronics Corp. v. AVX Corp., et al.*, Case No. 3:14-cv-03698 (N.D. Cal. Aug. 14, 2014), *Ellis et al. v Panasonic Corporation et al.*, Case No. 3:14-cv-03815 (N.D. Cal. Aug. 21, 2014), *eIQ Energy Inc. v. AVX Corp. et al.*, Case No. 3:14-cv-04123 (N.D. Cal. Sept. 11, 2014), and *Bennett v. Panasonic Corp. et al.*, Case No. 3:14-cv-04403 (N.D. Cal. Sept. 30, 2014).

DECLARATION OF W. JOSEPH BRUCKNER IN SUPPORT OF PLAINTIFF IN HOME TECH SOLUTIONS, INC.'S MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AND LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS

capacitors, tantalum capacitors, and supercapacitors), as well as to analyze capacitor demand, production, and pricing.

4. After consulting with these industry experts, Pearson Simon and LGN concluded that there is a basis to allege that the Defendants had obtained and maintained their control over the capacitors market through anticompetitive practices and agreements.

5. PSW and LGN are well qualified to be interim co-lead counsel in this litigation, and we are dedicated to expending all necessary efforts and resources to vigorously prosecute this litigation. PSW and LGN have extensive knowledge of the capacitors industry, the facts underlying plaintiffs' claims, and the parties involved. Our factual and legal research has been extensive and expeditious.

6. In addition, PSW and LGN each have extensive and long-running experience prosecuting and leading antitrust actions such as this. PSW's experience is summarized in Mr. Simon's declaration, and LGN's experience is summarized below.

7. LGN specializes in antitrust litigation. We also practice in securities, environmental, employment, health care, commercial, intellectual property and telecommunications law. We have particular expertise in complex litigation, including federal multidistrict litigation. Our attorneys are skilled in pursuing and managing large complicated cases efficiently and cost-effectively. From this solid foundation, the firm has produced extremely positive results for clients.

8. For more than 25 years, I have represented plaintiffs in antitrust class actions and other complex litigation nationwide. I have served as lead or co-lead counsel in several nationwide antitrust class actions involving international cartels. My partner Heidi Silton has nearly two decades of litigation experience, currently serving as the Chair of the Minnesota State Bar Association's Antitrust Section and regularly named one of Minnesota's top 100 Women Lawyers by a peer review list of leading Minnesota lawyers. Associate Elizabeth Odette also has significant litigation experience and was named an "Up and Coming Attorney" by Minnesota Lawyer Magazine in 2013. More information about us and the firm are included in our firm's resume.

9. I currently serve as Plaintiffs' Co-Lead Counsel in the *Freight Forwarders Antitrust Litigation (Precision Associates, Inc., et al. v. Panalpina World Transport (Holding) Ltd. et al.)*, (E.D.N.Y. Case No. 08-cv-00042), appointed by the Honorable John Gleeson. *Freight Forwarders* alleges a series of global cartels to fix and impose surcharges and rate increases on U.S. shippers for freight forwarding services, and involves major multinational corporations in the United States and every other part of the globe. To date we have achieved settlements of over $178 million for the class from sixteen Defendant groups.

10. In addition to *Freight Forwarders*, my firm serves as co-lead counsel in *In re Wholesale Grocery Products Antitrust Litigation* (D. Minn. MDL No. 2090) which alleges a geographic and customer allocation agreement in the wholesale grocery supply market. We are also extensively involved as plaintiffs' counsel in *Kleen Products LLC, et al. v. Packaging Corp. of America, et al.* (N.D. Ill. Case No. 10-cv-05711) involving allegations of collusive supply restrictions and price-fixing in the containerboard (corrugated paper) market.

11. I served as Direct Purchaser Plaintiffs' Co-Lead Counsel (with Mr. Simon) in *In re Potash Antitrust Litigation (II) – Minn-Chem, Inc. v. Agrium Inc.* (N.D. Ill. MDL No. 1996), appointed by the Honorable Ruben Castillo. *Minn-Chem* alleged a global cartel to restrict production and fix prices of potash (a mineral or chemical salt used most commonly as a fertilizer), and resulted in settlements of $90 million for the direct purchaser class. We also won a ground-breaking decision from the *en banc* Court of Appeals for the Seventh Circuit, in which the Court clarified the proper application of the Foreign Trade Antitrust Improvements Act[2] to allegations of global cartels which directly affect U.S. commerce and U.S. purchasers.[3] This experience and the issues clarified in that case will have a direct bearing in this case.

12. I also served in leadership positions in the following cases, among others: *In re Flat Glass Antitrust Litigation (II)* (W.D. Pa. MDL No. 1942), co-lead counsel, where $22 million in settlements were reached; *In re Urethane Antitrust Litigation (Polyester Polyols)* (D. Kan. MDL No. 1616) co-lead counsel, recovering $33 million for the class; *In re Pressure Sensitive*

---

[2] 15 U.S.C. § 6a.

[3] *Minn-Chem Inc. v. Agrium Inc.,* 683 F.3d 845 (7th Cir. 2012) (*en banc*).

*Labelstock Antitrust Litigation* (M.D. Pa. MDL No. 1556), co-lead counsel, recovering $45 million for the class; *In re MSG Antitrust Litigation* (D. Minn. MDL No. 1328), co-lead counsel, recovering $123 million for the class; *In re Polypropylene Carpet Antitrust Litigation* (N.D. Ga. MDL No. 1075), co-lead counsel, recovering $50 million for the class; and *In re Linerboard Antitrust Litig*. (E.D. Pa. MDL No. 1261), as one of a five-person Executive Committee in which more than $202 million was recovered for the class.

13. My firm has demonstrated expertise in managing complex class actions. For example, in *Freight Forwarders*, LGN and other co-lead counsel have drafted and coordinated dozens of briefs in successfully overcoming multiple rounds of motions to dismiss plaintiffs' complaint; arranged the ongoing review of over 1.3 million documents; took more than 30 fact interviews to date and have embarked on depositions worldwide; and have negotiated settlements with more than a dozen defendants. LGN also collects and maintains monthly time and expense reports from all class counsel, and has developed a time and expense protocol to avoid unnecessary, unauthorized, or duplicative case work.

14. Similarly, in *Potash II*, LGN and PSW led the production of plaintiffs' discovery, the review of defendants' discovery, the coordination and taking of depositions, extensive and successful briefing at the court of appeals, expert analysis and, ultimately, lengthy and successful settlement negotiations with all defendants.

15. My firm and I also have played a material role representing plaintiffs in several electronics-related antitrust cases in this District: *In re Lithium Ion Batteries Antitrust Litigation* (N.D. Cal. MDL No. 2420); *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal. MDL No. 1827); *In re Cathode Ray Tubes (CRT) Antitrust Litigation* (N.D. Cal. MDL No. 1917); *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation* (N.D. Cal. MDL No. 1486); and *In re Static Random Access Memory (SRAM) Antitrust Litigation* (N.D. Cal. MDL No. 1819). Many of these cases involve the same or related defendants as in this case, and allege similar methods of establishing and enforcing an anticompetitive conspiracy.

16. I am regularly recognized as a Minnesota "Super Lawyer" by the Minnesota Journal of Law and Politics. I have served as Chair for the Minnesota State Bar Association

Antitrust Law Section.  Nationally, in 2014 I presented at the American Bar Association program, Civil Practice and Cartel & Criminal Practice Committees, on the Foreign Trade Antitrust Improvements Act; and I was a speaker and panelist on class certification issues at the American Bar Association Antitrust Law Section Annual Spring Meeting in 2013.  I am a co-author of PRIVATE ENFORCEMENT OF ANTITRUST LAW IN THE UNITED STATES, Edward Elgar Publishing (2012), and the INTERNATIONAL HANDBOOK ON PRIVATE ENFORCEMENT OF COMPETITION LAW, Edward Elgar Publishing (2010).

17. Attached as <u>Exhibit A</u> is my firm's resume, which summarizes the experience of the attorneys in my firm.

18. My firm's background and my own experience as well as our efforts to investigate and develop the allegations contained in the complaint in *In Home Tech Solutions, Inc. v. Panasonic Corp., et al.*, Case No. 3:14-cv-04514 (N.D. Cal. Oct. 8, 2014) give my firm and me a solid foundation by which, together with PSW, we can prosecute this case efficiently and expeditiously.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 15, 2014

                                                  */s/ W. Joseph Bruckner*
                                                   W. Joseph Bruckner

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104