BRUCE L. SIMON (Bar No. 96241)
AARON M. SHEANIN (Bar No. 214472)
BENJAMIN E. SHIFTAN (Bar No. 265767)
MICHAEL H. PEARSON (Bar No. 277857)
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com
asheanin@pswlaw.com
bshiftan@pswlaw.com
mpearson@pswlaw.com

W. JOSEPH BRUCKNER
HEIDI M. SILTON
ELIZABETH R. ODETTE
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
hmsilton@locklaw.com
erodette@locklaw.com

[Additional counsel listed on signature page]

*Attorneys for Plaintiff In Home Tech Solutions, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Capacitors Antitrust Litigation*<br><br>THIS DOCUMENT RELATES TO ALL<br>DIRECT PURCHASERS CLASS ACTIONS | CASE NO. 3:14-CV-03264-JD<br><br>**CLASS ACTION**<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF IN HOME TECH SOLUTIONS, INC.'S MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AND LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS**<br><br>Date:   October 29, 2014<br>Time:   9:30 a.m.<br>Courtroom:   11<br>Judge:   Hon. James Donato |

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

861081.1

3:14-CV-03264-JD

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF IN HOME TECH SOLUTIONS, INC.'S MOTION FOR
APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP  AND LOCKRIDGE GRINDAL NAUEN P.L.L.P.
AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

## I.  INTRODUCTION

PSW and LGN are uniquely qualified to lead this litigation.  These two firms (1) thoroughly investigated Defendants' anticompetitive practices, and independently drafted a detailed complaint; (2) have the requisite experience and reputations for prosecuting complex antitrust class actions; (3) have the resources required to litigate this case aggressively; and (4) will lead this case with an efficient, inclusive style, seeking input from other plaintiffs' counsel. Two co-lead counsel (where there are only six direct purchaser cases) combined with reasonable fee and cost limits[1] is the most efficient leadership structure, and will provide the best benefit for the class.

The opposition brief by the proposed Group of Four[2] does not effectively refute any of these points, but instead offers only meritless arguments.  First, they focus on the fact that their complaints were filed before PSW and LGN filed the *In Home Tech* Complaint.  But the question of who "wins the race to the courthouse" has no bearing on who can best represent the class under Fed. R. Civ. P. 23(g).

Second, they rely heavily on the concept of "private ordering" of a leadership structure. But that concept only applies when all counsel agree upon the proposed leadership structure, which certainly does not exist here.

Third, the amount of paper filed by the so-called "majority group" on a straightforward lead counsel motion, and their self-professed "herculean" efforts to accomplish relatively standard tasks in this nascent case, belie any contention that they are more efficient.

---

[1] In Home Tech propose guidelines similar to those adopted by Judge Chen in the *In re Carrier IQ Consumer Privacy Litigation* (N.D. Cal. MDL No. 2330 at ECF Nos. 108 and 110) and discussed in the moving papers (*see* ECF No. 193-3 at ¶¶ 31-32).

[2] Knowing that PSW and LGN had a short deadline to file reply papers, the Group of Four waited until the last possible moment, at 11:45 p.m. on October 24, to begin filing their opposition papers.  This strategy backfired, however, as many exhibits (ECF Nos. 274-281) were not filed until well after the midnight deadline, with the final filing not occurring until 2:47 a.m. on October 25, 2014. (*See* ECF No. 281.)  The untimely filings should be rejected.

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF IN HOME TECH SOLUTIONS, INC.'S MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP  AND LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1  Fourth, contrary to their claim that PSW and LGN have been a disruptive force in case

2  management, the Group of Four has attempted to block efforts by PSW and LGN to enhance the

3  position of plaintiffs in this litigation.  And their challenge to In Home Tech's standing is not only

4  incorrect (*see* Bruckner Reply Decl., ¶¶ 3-7), but ill-advised.  Trying to discredit the viability of

5  another plaintiff's complaint raises questions about their judgment and whether the Group of Four

6  is more concerned with obtaining a leadership role than in representing the best interests of the

7  proposed class.

8  Furthermore, despite having agreed to confidentiality with the amnesty applicant in order

9  to obtain its ACPERA proffer, the Group of Four have disclosed the identity of the amnesty

10 applicant and certain communications with their counsel.  This shows carelessness or another lack

11 of judgment.  Counsel for In Home Tech have abided by the agreement.  (Bruckner Reply Decl., ¶

12 11.)

13 Leaders lead by actions, not by words.  The Group of Four has resorted to inaccuracies to

14 bolster their own standing.  Not only is that unnecessary and irrelevant to the issue at hand, it is an

15 unfortunate indication of how they will lead.  The two firms proposed by In Home Tech have

16 chosen the high road, and will continue to do so.

17 **II.  ARGUMENT**

18 A.  **The Group of Four Relies on "Winning the Race to the Courthouse"**

19 The Group of Four trumpets the fact that they filed their direct purchaser actions before

20 PSW and LGN filed the *In Home Tech* action. (*See, e.g.*, ECF No. 265 at 13:11.)  This argument is

21 inconsistent with the authorities (cited by PSW and LGN in their opening brief) that the "first to

22 file" has little bearing on the appointment of interim co-lead class counsel. (*See* ECF No. 193 at

23 5:5-11.)[3]  In other circumstances, Mr. Sedran has agreed with this point.  In seeking appointment

24 as lead counsel in a major antitrust case in the Eastern District of New York, he noted: "First, there

25 _____

26 [3] *See, e.g.*, *Medlock v. Taco Bell Corp.*, 2009 WL 1444343, at *6 (E.D. Cal. May 19, 2009)
   ("The first attorney to file is not entitled to special consideration for appointment as lead counsel

27 simply by winning the case [sic] to the courthouse.") (internal quotation marks and citation
   omitted).

28

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF IN HOME TECH SOLUTIONS, INC.'S MOTION FOR
APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP  AND LOCKRIDGE GRINDAL NAUEN P.L.L.P.
AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS

is no factor that looks to 'first filed' as a test for appointment of Lead Counsel.  Indeed, such a rule would only encourage a race to the courthouse." *See In re Air Cargo Shipping Servs. Antitrust Litig.* (E.D.N.Y. MDL No. 01775, ECF No. 144-2) ("*Air Cargo* Brief") at p. 11.

**B.**     **The Group of Four Erroneously Relies On Their Own "Private Ordering"**

Contrary to the Group of Four's contention, "private ordering" pertains only when there is complete agreement among plaintiffs' counsel.  *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.272 (2004) (noting that this "approach" applies when "*[t]he lawyers agree* who should be lead class counsel . . . .") (emphasis added).  Here, the lawyers do not agree.  Accordingly, the Court should adopt the "selection from competing counsel" approach, and select "[t]he lawyer[s] best able to represent the class's interests . . . ." *Id.*

Moreover, the Group of Four essentially asks the Court to bestow a leadership position upon *every case* in their structure.  Although they contend they are not a "group" because they "did not have a pre-existing agreement regarding a leadership structure," but only joined forces after the first four direct purchaser actions were filed (*see* ECF No. 265 at 8:11-17), this misses the point.  The four firms should not be rewarded with lead counsel appointments simply because they filed the most cases and teamed up with the most lawyers.  In other circumstances, Mr. Sedran has also agreed with this point:

> The selection of lead counsel should not simply be a matter of which competing group represents more plaintiffs or consists of more attorneys.  Such a numbers approach would result in plaintiff firms encouraging other firms to file cases in order to garner votes for their leadership structure, a practice that should not be condoned by the Court.

*Air Cargo* Brief at p. 5, n.2 (citation omitted).

**C.**     **The Group of Four's Failure to Cooperate in this Litigation Illustrates Why They Should Not Be Selected as Interim Co-Lead Counsel**

Ever since filing the *In Home Tech* Complaint, PSW and LGN have sought to provide their input on case management and strategy to all plaintiffs' counsel.  Disappointingly, the Group of Four has repeatedly rebuffed these efforts, despite their assertion that they were willing to be inclusive.

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1   They refused to cooperate with PSW and LGN in the preparation of the Joint Case

2   Management Statement, forcing In Home Tech to file its own statement (ECF No. 247).  In their

3   Joint Case Management Statement they defined "Plaintiffs" to explicitly exclude In Home Tech.

4   This was calculated to block PSW and LGN from having a role in the case management process,

5   and led to inaccuracies throughout the Joint Case Management Statement.

6   The Group of Four sought to exclude PSW and LGN from participating in discussions with

7   the Department of Justice ("DOJ") regarding a potential stay of discovery in the civil actions

8   during the pendency of the grand jury criminal investigation.  On several occasions, they failed to

9   cooperate with Mr. Simon's e-mail request for all Direct Purchaser Plaintiffs' counsel to develop a

10  unified position concerning the DOJ's request for a discovery stay. (Simon Reply Decl., ¶¶ 9, 12,

11  14.)  Furthermore, they circulated a pre-telephone conference "points of discussion" document to

12  the DOJ and other counsel without the knowledge of or input from PSW or LGN. (Simon Reply

13  Decl., ¶ 11.)  In addition, they sent e-mails to the DOJ without copying PSW or LGN. (Simon

14  Reply Decl., ¶¶ 17-18.)  In a conference call with the DOJ, it was Mr. Simon—not any of the other

15  four—who took the lead in asking the DOJ consider not objecting to a request by plaintiffs that the

16  defendants produce to plaintiffs the documents they provided to the government.  (Simon Reply

17  Decl., ¶ 13.)

18  **D.    Criticism of the *In Home Tech* Complaint Is Unwarranted and Ill-Advised**

19  The four firms criticize the *In Home Tech* Complaint, suggesting that (1) In Home Tech is

20  not a proper plaintiff because it purportedly is not a direct purchaser of capacitors, and (2) the

21  complaint improperly includes circuit board purchasers in the definition of the class.  (*See* ECF

22  No. 265 at 14:11-15:14.)  But, as PSW and LGN have informed the four firms more than once, In

23  Home Tech has directly purchased capacitors.  (Bruckner Reply Decl., ¶¶ 5-6.)  In addition, the

24  opposition brief is unequivocally *not* the proper place to question the scope of pleadings.  The

25  Group of Four has not discussed nor shared the proposed consolidated amended complaint with

26  counsel for In Home Tech. (Simon Reply Decl., ¶ 21.)  Once again, the Group of Four's conduct

27  appears more calculated to win themselves a position than represent the best interests of the

28  proposed class.

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

**E.      The Group of Four Has Publicly Disclosed the Amnesty Applicant's Identity**

As a condition of receiving an ACPERA proffer from the amnesty applicant, each member of the Group of Four signed a confidentiality agreement, as did all plaintiffs' counsel who attended the proffer. (*See* Bruckner Reply Decl., ¶ 9.)  Despite that agreement, in their opposition papers the Group of Four has disclosed the identity of the amnesty applicant and certain communications about the proffer.  (*See* Bruckner Reply Decl., ¶ 11.) This could impact the case. The DOJ typically wants the identity of the applicant to remain confidential.  *See* http://www. justice.gov/atr/public/criminal/239583.htm.  Counsel for In Home Tech had no part in such disclosures and have lived up to their agreement. (Bruckner Reply Decl., ¶ 11.)[4]

## III.  CONCLUSION

PSW and LGN are uniquely qualified to lead this litigation.  Their investigation of this case, their experience and reputations for prosecuting complex antitrust class actions, their dedication of resources, and their efficient and inclusive management style make them best able to represent the interests of the proposed class.  For these reasons, In Home Tech respectfully requests that its motion be granted, and that PSW and LGN be so appointed.

DATED: October 27, 2014          By:  _____/s/ Bruce L. Simon_____
                                                        BRUCE L. SIMON

                                            BRUCE L. SIMON (Bar No. 96241)
                                            AARON M. SHEANIN (Bar No. 214472)
                                            BENJAMIN E. SHIFTAN (Bar No. 265767)
                                            MICHAEL H. PEARSON (Bar No. 277857)
                                            **PEARSON, SIMON & WARSHAW, LLP**
                                            44 Montgomery Street, Suite 2450
                                            San Francisco, California 94104
                                            Telephone:  (415) 433-9000
                                            Facsimile:  (415) 433-9008

---

[4] The allegations on information and belief about the identity of the amnesty applicant contained in the Group of Four's complaints and media reports about that do not change the analysis nor obviate the confidentiality agreement.

bsimon@pswlaw.com
asheanin@pswlaw.com
bshiftan@pswlaw.com
mpearson@pswlaw.com


DATED: October 27, 2014                    By:    _____/s/ W. Joseph Bruckner_____

W. JOSEPH BRUCKNER
HEIDI M. SILTON
ELIZABETH R. ODETTE
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  (612) 339-6900
Facsimile:  (612) 339-0981
wjbruckner@locklaw.com
hmsilton@locklaw.com
erodette@locklaw.com

*Attorneys for Plaintiff In Home Tech Solutions, Inc.*
*and Proposed Interim Co-Lead Class Counsel for*
*Direct Purchaser Plaintiffs*

DANIEL D. OWEN
AMY D. FITTS
**POLSINELLI PC**
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
dowen@polsinelli.com
afitts@polsinelli.com

Steven A. Asher
Mindee J. Reuben
**WEINSTEIN KITCHENOFF & ASHER LLC**
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone:  (215) 545-7200
Facsimile:  (215) 545-6535
asher@wka-law.com
reuben@wka-law.com

Allan Steyer
Gabriel D. Zeldin
**STEYER LOWENTHAL BOODROOKAS
ALVARAZ & SMITH LLP**
One California Street, Third Floor
San Francisco, CA 94111
Telephone:  (415) 421-3400

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1

Facsimile:  (415) 421-2234
asteyer@steyerlaw.com
gzeldin@steyerlaw.com

2

3

Kevin B. Love
**CRIDEN & LOVE, P.A.**
7301 SW 57th Court, Suite 515
South Miami, FL 33143
Telephone:  (305) 357-9000
Facsimile: (305) 357-9050
klove@cridenlove.com

4

5

6

7

Daniel E. Gustafson
Daniel C. Hedlund
Sara J. Payne
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone:  (612) 333-8844
Facsimile:  (612) 339-6622
dgustafson@gustafsongleuk.com
dhedlund@gustafsongleuk.com
spayne@gustafsongleuk.com

8

9

10

11

12

13

*Attorneys for Plaintiff In Home Tech Solutions, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF IN HOME TECH SOLUTIONS, INC.'S MOTION FOR
APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP  AND LOCKRIDGE GRINDAL NAUEN P.L.L.P.
AS INTERIM CO-LEAD CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS