1    Joseph R. Saveri (State Bar No. 130064)
     Andrew M. Purdy (State Bar No. 261912)
2    Matthew S. Weiler (State Bar No. 236052)
     James G. Dallal (State Bar No. 277826)
3    Ryan J. McEwan (State Bar No. 285595)
     JOSEPH SAVERI LAW FIRM, INC.
4    505 Montgomery Street, Suite 625
     San Francisco, California 94111
5    Telephone:   (415) 500-6800
     Facsimile:   (415) 395-9940
6    Email:       jsaveri@saverilawfirm.com
                  apurdy@saverilawfirm.com
7                 mweiler@saverilawfirm.com
                  jdallal@saverilawfirm.com
8                 rmcewan@saverilawfirm.com

9    *Interim Lead Class Counsel for Direct Purchaser Plaintiffs*

10   Joseph W. Cotchett (State Bar No. 36324)
     Steven N. Williams (State Bar No. 175489)
11   Elizabeth Tran (State Bar No. 280502)
     COTCHETT PITRE & McCARTHY LLP
12   840 Malcolm Road
     Burlingame, CA 94010
13   Telephone:   (650) 697-6000
     Facsimile:   (650) 697-0577
14   Email:       jcotchett@cpmlegal.com
                  swilliams@cpmlegal.com
15                etran@cpmlegal.com

16
17   *Interim Lead Class Counsel for Indirect Purchaser Plaintiffs*

18   [Additional Counsel Listed on Signature Page]

19

20                    UNITED STATES DISTRICT COURT

21                  NORTHERN DISTRICT OF CALIFORNIA

22

23   **IN RE CAPACITORS ANTITRUST**        Master File No. 3:14-cv-03264-JD
     **LITIGATION**
24                                         **STIPULATED** [PROPOSED]
25                                         **PROTECTIVE ORDER**

26   **THIS DOCUMENT RELATES TO
     ALL ACTIONS**
27

28

1.      PURPOSES AND LIMITATIONS

        Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the undersigned parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file confidential information under seal. Instead, Civil Local Rule 79-5 and paragraphs 22-24 of Judge Donato's Standing Order Regarding Civil Cases together set forth the procedures that must be followed when a party seeks permission from the Court to file material under seal.

2.      DEFINITIONS

        2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

        2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

        2.3     "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," production of which on a "CONFIDENTIAL" basis to another Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

        2.4     Counsel (without qualifier): Outside Counsel and House Counsel, as well as their support staff (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators).

        2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL –

ATTORNEYS' EYES ONLY."

      2.6    <u>Disclosure or Discovery Material</u>: all items or information, including from any Non-Party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

      2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

      2.8    <u>House Counsel</u>: attorneys who are employees of a Party to this action and non-attorney legal managers within the Legal Department of a Party to this litigation that is located outside of the United States who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as <u>Exhibit A</u>, as well as their support staff (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators). House Counsel does not include Outside Counsel or any other outside counsel.

      2.9    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

      2.10    <u>Outside Counsel</u>: attorneys, as well as their support staff (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators) who are not employees of a Party to this action but are retained to represent or advise a Party to this action, and any attorney outside the United States advising a Party regarding this action who has signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

      2.11    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

      2.12    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

      2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under this Order. The Designating Party, to the

extent practicable, shall designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. In situations where it is not practicable to designate only those parts of material, documents, items, or oral or written communications that qualify for protection under this Order, the Designating Party is not relieved from the obligation under Section 5.2 (as qualified by Section 5.2(a)) to designate before disclosure or production of the material, documents, items, or oral or written communications that portions of those qualify for protection under this Order.  Absent such a designation, the Receiving Party shall have no obligation to treat the disclosed material, documents, items, or oral or written communications as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" unless and until notified pursuant to Section 5.3 of an inadvertent failure to designate.

Mass or indiscriminate designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must within a reasonable time notify all other Parties that it is withdrawing or modifying the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (*e.g.*, Section 5.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. A Party or Non-Party that makes original documents or materials available

for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and specify the level of protection being asserted.

(b) For testimony given in deposition, that the Designating Party designate any testimony or exhibits "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" either on the record before the close of the deposition or in writing on or before the later of thirty (30) days after receipt of the final transcript or the date by which any review by the witness and corrections to the transcript are to be completed under Federal Rule of Civil Procedure 30. If any portion of a deposition is designated, the transcript shall be labeled with the appropriate legend. If any portion of a videotaped deposition is designated, the original and all copies of any videotape, DVD, or other media container shall be labeled with the appropriate legend. Pending designation as set forth above, the entire transcript, including exhibits, shall be deemed "CONFIDENTIAL," unless exhibits or testimony are identified on the record during the deposition as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," in which case the entire transcript, including exhibits, shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY." If no designation is made within the time period above, the transcript shall be considered not to contain any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages and videotape of the deposition testimony dealing with such Protected Material. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent and deponent's counsel, any person who is not

authorized by this Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c) for all other information or tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If a Producing Party discovers that "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items that it produced were not designated as Protected Material, or that it produced information or items that were designated as Protected Material but designated in the incorrect category, the Producing Party may notify all other Parties of the error and identify the affected information or items and their new designation. Thereafter, the information or items so designated will be treated as Protected Material. After providing such notice, the Producing Party shall provide re-labeled copies of the information or items to each Receiving Party reflecting the change in designation.

An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Upon receiving the Protected Material with the correct confidentiality legend, the Receiving Parties shall return or securely destroy, at the Receiving Parties' option, all Discovery Material reasonably accessible to the Receiving Party that was not designated correctly. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate a designation of confidentiality challenge by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of the written notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party 14 days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without the Court's intervention, the Designating Party shall file and serve a discovery dispute letter pursuant to the Standing Order for Discovery in Civil Cases Before Judge Donato (¶¶ 18-20) within 30 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such discovery dispute letter must be accompanied by a certification from counsel that the Designating Party has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to file a discovery dispute letter including the required declaration within 30 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a discovery dispute letter challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition

transcript or any portions thereof. Any discovery dispute letter brought pursuant to this provision must be accompanied by a certification from counsel affirming that the Challenging Party has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to seek relief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

      7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation or related appellate proceeding, and not for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the current or former officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably

necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) Court reporters, stenographers, and videographers retained to record testimony in this action and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions or preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any mediator who is assigned to hear this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

7.3     Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the following:

(a) the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) Court reporters, stenographers, and videographers retained to record testimony in this action and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) during their depositions or preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator who is assigned to hear this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

8. <u>PROTECTED MATERIAL REQUESTED, SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a document request, investigatory demand for documents, subpoena or a court order ("Document Demand") issued in other litigation or government investigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) within three business days notify in writing the Designating Party. Such notification shall include a copy of the Document Demand;

(b) promptly notify in writing the party who caused the Document Demand to issue in the other litigation that some or all of the material covered by the Document Demand is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the Document Demand shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the Document Demand issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material. Nothing in these provisions should be construed as authorizing or requiring a Receiving Party in this action to disobey a lawful directive from any court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS</u>

STIPULATED [PROPOSED] PROTECTIVE ORDER

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Order and the relevant discovery request(s); and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached

hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If information subject to a claim of attorney-client privilege, work product protection or other privilege or protection is inadvertently produced, such production shall not constitute automatic waiver of such privilege or protection pursuant to Federal Rule of Evidence 502. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and Judge Donato's Standing Order Regarding Civil Cases (¶¶ 22-24). Protected Material may only be filed under seal pursuant to Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

13.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 9, 2015                JOSEPH SAVERI LAW FIRM, INC.

                                       By:      /s/ *Joseph R. Saveri*
                                                Joseph R. Saveri

                                       Joseph R. Saveri (State Bar No. 130064)
                                       Andrew M. Purdy (State Bar No. 261912)
                                       Matthew S. Weiler (State Bar No. 236052)
                                       James G. Dallal (State Bar No. 277826)
                                       Ryan J. McEwan (State Bar No. 285595)
                                       JOSEPH SAVERI LAW FIRM, INC.
                                       505 Montgomery Street, Suite 625
                                       San Francisco, California 94111
                                       Telephone: (415) 500-6800
                                       Facsimile:  (415) 395-9940
                                       Email:      jsaveri@saverilawfirm.com
                                                   apurdy@saverilawfirm.com
                                                   mweiler@saverilawfirm.com
                                                   jdallal@saverilawfirm.com
                                                   rmcewan@saverilawfirm.com

                                       *Interim Lead Class Counsel for Direct Purchaser Plaintiffs*

Dated: February 9, 2015                COTCHETT PITRE & McCARTHY LLP

                                       By:      /s/ *Steven N. Williams*
                                                Steven N. Williams

                                       Joseph W. Cotchett (State Bar No. 36324)
                                       Steven N. Williams (State Bar No. 175489)
                                       Elizabeth Tran (State Bar No. 280502)
                                       COTCHETT PITRE & McCARTHY LLP
                                       840 Malcolm Road
                                       Burlingame, CA 94010
                                       Telephone: (650) 697-6000
                                       Facsimile:  (650) 697-0577
                                       Email:      jcotchett@cpmlegal.com
                                                   swilliams@cpmlegal.com
                                                   etran@cpmlegal.com

                                       *Interim Lead Class Counsel for Indirect Purchaser Plaintiffs*

STIPULATED [PROPOSED] PROTECTIVE ORDER

| | |
|---|---|
| Dated:  February 9, 2015 | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C. |

By:   /s/ Bruce D. Sokler
         Bruce D. Sokler

Bruce D. Sokler (admitted *pro hac vice*)
701 Pennsylvania Avenue NW
Suite 900
Washington, DC 20004
Telephone: (202) 434-7300
Facsimile: (202) 434-7400
bdsokler@mintz.com

Evan S. Nadel
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone" (415) 432-6000
Facsimile: (415) 432-6001
enadel@mintz.com

*Attorneys for Defendant AVX Corporation*

Dated:  February 9, 2015                        WILMER CUTLER PICKERING HALE AND DORR LLP

By:    /s/ Heather S. Tewksbury
          Heather S. Tewksbury

Heather S. Tewksbury (SBN 222202)
950 Page Mill Road
Palo Alto, CA 94304
(650) 858-6134
Fax: (650) 858-6100
Email: heather.tewksbury@wilmerhale.com

Thomas Mueller (admitted *pro hac vice*)
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6766
Fax: (202) 663-6363
Email: thomas.mueller@wilmerhale.com

*Attorneys for Defendants ELNA Co. Ltd. and ELNA America, Inc.*

STIPULATED [PROPOSED] PROTECTIVE ORDER

1  Dated: February 9, 2015                MORGAN, LEWIS & BOCKIUS LLP

2                                         By:    /s/ J. Clayton Everett, Jr.
3                                                J. Clayton Everett, Jr.

4                                         Michelle Park Chiu, Bar No. 248421
                                          One Market, Spear Street Tower
5                                         San Francisco, CA 94105-1126
                                          Telephone: +1.415.442.1000
6                                         Facsimile: +1.415.442.1001
7                                         E-mail: mchiu@morganlewis.com

8                                         Scott A. Stempel (admitted *pro hac vice*)
                                          J. Clayton Everett, Jr. (admitted *pro hac vice*)
9                                         1111 Pennsylvania Ave., NW
                                          Washington, DC 20004
10                                        Telephone: +1.202.739.3000
                                          Fax: +1.202.739.3001
11                                        Email: sstempel@morganlewis.com
12                                                jeverett@morganlewis.com

13                                        *Attorneys for Defendants EPCOS AG and EPCOS,*
14                                        *Inc.*

15

    Dated: February 9, 2015               MORRISON & FOERSTER LLP
16
                                          By:    /s/ Jeffrey A. Jaeckel
17                                               Jeffrey A. Jaeckel

18                                        Paul T. Friedman
                                          Michael P. Kniffen
19                                        425 Market Street
                                          San Francisco, California 94105-2482
20                                        Telephone: 415.268.7000
                                          Facsimile: 415.268.7522
21                                        Email: PFriedman@mofo.com
                                          Email: MKniffen@mofo.com
22
                                          Jeffrey A. Jaeckel (admitted *pro hac vice*)
23                                        2000 Pennsylvania Avenue, NW Suite 6000
                                          Washington, District of Columbia 20006-1888
24                                        Telephone: 202.887.1500
                                          Facsimile: 202.887.0763
25                                        Email: JJaeckel@mofo.com

26                                        *Attorneys for Defendants Fujitsu Limited,*
                                          *Fujitsu Semiconductor America, Inc., and*
27                                        *Fujitsu Components America, Inc.*

28

STIPULATED [PROPOSED] PROTECTIVE ORDER

Dated: February 9, 2015

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:____/s/ Jonathan M. Jacobson_____
Jonathan M. Jacobson

Jonathan M. Jacobson
Chul Pak (admitted *pro hac vice*)
Jeffrey C. Bank (admitted *pro hac vice*)
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 497-7758
Facsimile: (212) 999-5899
jjacobson@wsgr.com
cpak@wsgr.com
jbank@wsgr.com

Jeff VanHooreweghe (admitted *pro hac vice*)
1700 K Street, N.W., Fifth Floor
Washington, DC 20006
Telephone: (202) 973-8825
Facsimile: (202) 973-8899
jvanhooreweghe@wsgr.com

*Attorneys for Defendants Hitachi Chemical Co.,
Ltd., Hitachi Chemical Company America, Ltd., and
Hitachi AIC Incorporated*

| | |
|---|---|
| Dated: February 9, 2015 | JONES DAY |

By: _/s/ Eric P. Enson_
      Eric P. Enson

Jeffrey A. LeVee (State Bar No. 125863)
jlevee@JonesDay.com
Eric P. Enson (State Bar No. 204447)
epenson@JonesDay.com
Rachel H. Zernik (State Bar No. 281222)
rzernik@jonesday.com
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071.2300
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539

*Counsel for Defendants Holy Stone Enterprise Co.,
Ltd. and HolyStone International*

Dated: February 9, 2015

PILLSBURY WINTHROP SHAW PITTMAN
LLP

By: _/s/ Roxane A. Polidora_
      Roxane A. Polidora

Roxane A. Polidora (CA Bar No. 135972)
Jacob R. Sorensen (CA Bar No. 209134)
Lindsay A. Lutz (CA Bar No. 254442)
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 983-1000
Email: roxane.polidora@pillsburylaw.com
jake.sorensen@pillsburylaw.com
lindsay.lutz@pillsburylaw.com

*Attorneys for Defendants
KEMET Corporation and
KEMET Electronics Corporation*

STIPULATED [PROPOSED] PROTECTIVE ORDER

Dated: February 9, 2015

DENTONS US LLP

By:     /s/ Bonnie Lau
        Bonnie Lau

525 Market Street, 26th Floor
San Francisco, CA 94105
Tel: (415) 882-5000
Fax: (415) 882-0300
Email: bonnie.lau@dentons.com

*Attorneys for Defendant Matsuo Electric Co., Ltd.*

Dated: February 9, 2015

GIBSON, DUNN & CRUTCHER LLP

By:     /s/ George A. Nicoud III
        George A. Nicoud III

George A. Nicoud III
Eli M. Lazarus
555 Mission Street
San Francisco, CA 94105-0921
415-393-8308
Fax: 415-374-8473
Email: tnicoud@gibsondunn.com

*Attorneys for Defendants NEC TOKIN Corporation
and NEC TOKIN America, Inc.*

STIPULATED [PROPOSED] PROTECTIVE ORDER

| | |
|---|---|
| 1 | Dated: February 9, 2015 |

K&L GATES LLP

By: ___/s/ Michael E. Martinez___
        Michael E. Martinez

Scott M. Mendel (admitted *pro hac vice*)
Steven M. Kowal (admitted *pro hac vice*)
Michael E. Martinez (admitted *pro hac vice*)
Lauren N. Norris (admitted *pro hac vice*)
Lauren B. Salins (admitted *pro hac vice*)
70 West Madison Street, Suite 3100
Chicago, IL 60602
312-372-1121
Email: michael.martinez@klgates.com

*Attorneys for Defendants Nichicon Corporation and Nichicon (America) Corporation*

Dated: February 9, 2015

BAKER & MCKENZIE LLP

By: ___/s/ Douglas Tween___
        Douglas Tween

Douglas Tween (admitted *pro hac vice*)
Darrell Prescott (admitted *pro hac vice*)
Michael Atkins (admitted *pro hac vice*)
452 Fifth Avenue
New York, NY 10018
(212) 626-4355
Fax: (212) 310-1655
Email: Douglas.Tween@bakermckenzie.com
Email: Darrell.Prescott@bakermckenzie.com
Email: Michael.Atkins@bakermckenzie.com

Colin H. Murray (SBN 159142)
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
(415) 591-3244
Fax: (415) 576-3099
Email: Colin.Murray@bakermckenzie.com

*Attorneys for Defendants Okaya Electric Industries Co., Ltd. and Okaya Electric America, Inc.*

Dated: February 9, 2015

WINSTON & STRAWN LLP

By:  /s/ Jeffrey L. Kessler
        Jeffrey L. Kessler

Jeffrey L. Kessler (admitted *pro hac vice*)
A. Paul Victor (admitted *pro hac vice*)
David L. Greenspan (admitted *pro hac vice*)
Molly M. Donovan (admitted *pro hac vice*)
Mollie C. Richardson (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jkessler@winston.com
pvictor@winston.com
dgreenspan@winston.com
mmdonovan@winston.com
mrichardson@winston.com

Ian L. Papendick (SBN 275648)
101 California Street
San Francisco, CA 94111
Tel: (415) 591-6905
Fax: (415) 591-1400
ipapendick@winston.com

*Counsel for Defendants*
*Panasonic Corporation*
*Panasonic Corporation of North America*
*SANYO Electric Co., Ltd.*
*SANYO North America Corporation*

STIPULATED [PROPOSED] PROTECTIVE ORDER

1    Dated:  February 9, 2015                    O'MELVENY & MYERS LLP

2                                                By:_____/s/ Michael F. Tubach_____
3                                                      Michael F. Tubach

4                                                Michael F. Tubach (SBN 145955)
                                                 Christina J. Brown (SBN 242130)
5                                                Two Embarcadero Center, 28th Floor
                                                 San Francisco, CA 94111
6                                                Telephone: (415) 984-8700
7                                                Facsimile: (415) 984-8701
                                                 Email: mtubach@omm.com
8                                                Email: cjbrown@omm.com

9                                                Kenneth R. O'Rourke (SBN120144 )
                                                 400 South Hope Street, 18th Floor
10                                               Los Angeles, CA 90071
11                                               Telephone: (213) 430-6000
                                                 Facsimile: (213) 430-6407
12                                               Email: korourke@omm.com

13                                               *Attorneys for Defendants ROHM Co., Ltd. and*
14                                               *ROHM Semiconductor U.S.A., LLC*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  February 9, 2015                                 HUNTON AND WILLIAMS LLP

                                                        By:    /s/ Djordje Petkoski
                                                               Djordje Petkoski

                                                        Djordje Petkoski (admitted *pro hac vice*)
                                                        David Higbee (admitted *pro hac vice*)
                                                        Leslie Kostyshak (admitted *pro hac vice*)
                                                        2200 Pennsylvania Avenue, NW
                                                        Washington, DC 20037
                                                        Telephone: 202-955-1500
                                                        Facsimile: 202-778-2201
                                                        Email: dpetkoski@hunton.com
                                                        Email: dhigbee@hunton.com
                                                        Email: lkostyshak@hunton.com

                                                        M. Brett Burns (SBN 256965)
                                                        575 Market Street, Suite 3700
                                                        San Francisco, California 94105
                                                        Telephone: 415-975-3700
                                                        Facsimile: 415- 975-3701
                                                        Email: mbrettburns@hunton.com

                                                        *Attorneys for Defendant Rubycon Corporation and*
                                                        *Rubycon America Inc.*

STIPULATED [PROPOSED] PROTECTIVE ORDER

1    Dated: February 9, 2015                              McKENNA LONG & ALDRIDGE LLP

2                                                         By:_____/s/ Andrew S. Azarmi_____
3                                                                Andrew S. Azarmi

4                                                         Andrew S. Azarmi
                                                          Spear Tower, One Market Plaza, 24th Floor
5                                                         San Francisco, CA 94150
                                                          415-267-4000
6                                                         Fax: 415-267-4198
7                                                         Email: aazarmi@mckennalong.com

8                                                         Gaspare J. Bono (admitted *pro hac vice*)
                                                          Stephen M. Chippendale (admitted *pro hac vice*)
9                                                         1900 K Street, NW
                                                          Washington, DC 20006
10                                                        202-496-7500
                                                          Fax: 202-496-7756
11                                                        Email: gbono@mckennalong.com
12                                                        Email: schippendale@mckennalong.com

13                                                        *Attorneys for Defendants Shinyei Kaisha, Shinyei*
                                                          *Capacitor Co., Ltd., Shinyei Corporation of America,*
14                                                        *Inc., and Shinyei Technology Co., Ltd.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED [PROPOSED] PROTECTIVE ORDER

| 1 | Dated:  February 9, 2015 | HUGHES HUBBARD & REED LLP |
|---|---|---|
| 2 | | |
| 3 | | By:  ___/s/ David H. Stern___<br>David H. Stern |
| 4 | | |
| 5 | | David H. Stern (CA Bar No. 196408)<br>Carolin Sahimi (CA Bar No. 260312) |
| 6 | | 350 South Grand Avenue<br>Los Angeles, CA 90071-3442 |
| 7 | | Tel: (213) 613-2800<br>Fax: (213) 613-2950 |
| 8 | | David.Stern@hugheshubbard.com<br>Carolin.Sahimi@hugheshubbard.com |

Ethan E. Litwin (admitted *pro hac vice*)
Morgan J. Feder (admitted *pro hac vice*)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482
Tel: (212) 837-6000
Fax: (212) 422-4726
Ethan.Litwin@hugheshubbard.com
Morgan.Feder@hugheshubbard.com

*Counsel for Defendants Soshin Electric Co., Ltd. and
Soshin Electronics of America, Inc.*

STIPULATED [PROPOSED] PROTECTIVE ORDER

1    Dated:  February 9, 2015            ROPES & GRAY LLP

2                            By:   */s/ Mark S. Popofsky*

3                                  Mark S. Popofsky

4                          Mark S. Popofsky

5                          One Metro Center
                              700 12th Street NW, Suite 900

6                          Washington, DC 20005-3948
                              Telephone: (202) 508-4624

7                          Facsimile: (202) 508-4650
                              mark.popofsky@ropesgray.com

8

9                          Jane E. Willis (admission *pro hac vice* pending)
                              800 Boylston Street

10                       Boston, MA 02199-3600
                              Telephone: (617) 951-7603

11                       Facsimile: (617) 235-0435
                              jane.willis@ropesgray.com

12

13                       *Attorneys for Taitsu Corporation and Taitsu America, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED [PROPOSED] PROTECTIVE ORDER

Dated:  February 9, 2015

CADWALADER, WICKERSHAM & TAFT LLP

By:___/s/ Daniel J. Howley___
         Daniel J. Howley

Charles F. Rule (admitted pro hac vice)
Joseph J. Bial (admitted pro hac vice)
Daniel J. Howley (admitted pro hac vice)
700 6th St, NW
Washington, DC 20001
Telephone:  (202) 862-2200
Facsimile:  (202) 862-2400
rick.rule@cwt.com
joseph.bial@cwt.com
daniel.howley@cwt.com

Dated:  February 9, 2015

KAUFHOLD GASKIN LLP

By:___/s/ Steven Kaufhold___
         Steven Kaufhold

Steven Kaufhold (SBN 157195)
Ruth Hawley (SBN 253112)
388 Market Street
San Francisco, CA 94111
Telephone: (415) 445-4621
Facsimile: (415) 874-1071
skaufhold@kaufholdgaskin.com
rhawley@kaufholdgaskin.com

*Counsel for Defendants United Chemi-Con, Inc. and Nippon Chemi-Con Corporation*

STIPULATED [PROPOSED] PROTECTIVE ORDER

Dated: February 9, 2015                          PEPPER HAMILTON LLP

                                                 By:    /s/ Barbara T. Sicalides
                                                        Barbara T. Sicalides

                                                 Thomas F. Fitzpatrick
                                                 333 Twin Dolphin Drive
                                                 Suite 400
                                                 Redwood City, California 94065
                                                 Telephone: 650.802.3600
                                                 Fax: 650.802.3650
                                                 fitzpatrickt@pepperlaw.com

                                                 Barbara T. Sicalides (admitted *pro hac vice*)
                                                 Frank H. Griffin, IV (admitted *pro hac vice*)
                                                 Benjamin J. Eichel (admitted *pro hac vice*)
                                                 Andrew J. Pinkston (admitted *pro hac vice*)
                                                 3000 Two Logan Square
                                                 18th and Arch Streets
                                                 Pennsylvania, PA 19103
                                                 Telephone: 215.981.4000
                                                 Fax: 215.981.4750
                                                 Email: sicalidb@pepperlaw.com
                                                 Email: griffinf@pepperlaw.com
                                                 Email: eichelb@pepperlaw.com
                                                 Email: pinkstoa@pepperlaw.com

                                                 *Attorneys for Defendant Vishay Intertechnology Inc.*

I attest that concurrence in the filing of this document has been obtained from each of the other signatories above.

DATED: February 9, 2015              By:        /s/ Joseph R. Saveri
                                                 Joseph R. Saveri

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: February 17, 2015

JAMES
United S

APPROVED

Judge James Donato

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

28

STIPULATED [PROPOSED] PROTECTIVE ORDER

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [FULL NAME], of _____ [FULL ADDRESS], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("Order") that was issued by the United States District Court for the Northern District of California on _____ [DATE] in the case of *In re Capacitors Antitrust Litigation*, Master File No. 3:14-cv-03264-JD. I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State (or Country if outside the United States) where sworn and signed:

_____

Printed name: _____

Signature: _____