| | |
|---|---|
| **Joseph Saveri Law Firm, Inc.**<br>505 Montgomery Street, Suite 625<br>San Francisco, CA 94111<br>(415) 500-6800 | **Cotchett, Pitre & McCarthy, LLP**<br>840 Malcolm Road<br>Burlingame, California 94010<br>(650) 697-6000 |

REDACTED VERSION OF LETTER BRIEF SOUGHT TO BE SEALED

March 5, 2015

**Via ECF and Hand Delivery**

Hon. Judge James Donato
United States District Court
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, California  94102

Re:   *In re Capacitors Antitrust Litigation*, No. 14-cv-3264-JD

Your Honor:

We write to ask the Court to resolve a discovery dispute that has arisen in connection with Plaintiffs' jurisdictional discovery propounded on Defendant Nippon Chemi-Con Corporation ("NCC") concerning issues raised in NCC's motion to dismiss for lack of personal jurisdiction (Dkt. 478).

**Plaintiffs Seek Discovery Evidencing Price-Fixing Directed at the United States**

Plaintiffs allege that NCC participated in cartel meetings, and "played a key role in organizing the cartel's regular meetings and coordinating the operation of the cartel" to fix prices for aluminum and film capacitors. *See*, *e.g.*, Direct Purchaser Plaintiffs' Cons. Compl. ¶¶ 198-199. Plaintiffs further allege that NCC met abroad with its competitors to discuss sales of capacitors in the United States "and prices were mutually agreed upon among the participants" at these meetings. *Id.* ¶ 206.

After NCC filed its motion to dismiss for lack of personal jurisdiction, Plaintiffs served NCC with requests for production and interrogatories directed to issues raised by NCC's motion. These were deemed served on January 14, following the initial case management conference, and the next day Plaintiffs sent NCC a few targeted additional requests. As well as seeking documents and information related to NCC's contacts with the United States generally, the jurisdictional discovery seeks documents and information relating to cartel meetings NCC attended at which capacitor prices and market conditions for U.S. companies that purchased capacitors were discussed. *See* Ex. A.

The undersigned counsel certify that the meet and confer obligations set forth in the Court's Standing Order have been met here. Plaintiffs' counsel sent NCC's counsel a letter on January 21, 2015 requesting that NCC meet and confer concerning any objections that NCC may have to Plaintiffs' jurisdictional discovery requests in order to meet the March 17 deadline the Court had set for jurisdictional discovery. Plaintiffs' counsel met by telephone with NCC's Washington D.C.-based counsel on February 4, 2015. In this discussion, NCC's counsel raised

Hon. James Donato
March 4, 2015
Page | 2

the objection that it would not produce documents, or respond to any interrogatories, concerning any cartel meetings NCC may have attended, because these issues relate to the merits of Plaintiffs' claims. NCC's objection includes an objection to producing information regarding cartel meetings where pricing to U.S. customers was discussed or determined. NCC does not say such evidence does not exist. Counsel for Plaintiffs informed NCC during their conversation that this was an improper objection, and confirmed this discussion in a letter to counsel for NCC sent February 6, 2015.

On February 13, NCC objected to every discovery request that related to any meetings at which sales of capacitors in the United States, or pricing of capacitors sold to or in the United States, were discussed. NCC made these objections despite being confronted with evidence, and follow up requests, showing that NCC attended meetings to ▮▮▮▮▮▮ prices for capacitors, at which market conditions for U.S. customers were discussed.

**NCC Should Provide Complete Responses to Requests Related to Cartel Meetings Regarding Pricing for Capacitors to U.S. Customers**

The Court may deny NCC's motion without further discovery. Courts in the this District hold that, as a matter of law, allegations that a defendant conspired to fix prices abroad for goods sold in the United States—like the specific allegations in the operative complaints—are sufficient to confer specific jurisdiction over that defendant. *See, e.g., In re Cathode Ray Tube Antitrust Litig.*, No. 07-5944, 2014 WL 10910444, at *78 (N.D. Cal. Mar. 13, 2014).

Regardless, as many courts have also observed, evidence that a defendant participated in cartel meetings in a foreign country is directly relevant to the issue of whether a court has specific jurisdiction over a defendant. *See In re Bulk [Extruded] Graphite Prods. Antitrust Litig.*, 2007 U.S. Dist. LEXIS 54906, *17 (D.N.J. July 30, 2007) (evidence that defendants "were involved in fixing the price of graphite electrodes" and "attended meetings in Europe during which agreements to fix graphite electrode prices were reached" constitutes evidence establishing a basis for personal jurisdiction); *see also In re Cathode Ray Tube Antitrust Litig.*, 2014 U.S. Dist. LEXIS 78902, 101, 2014 WL 2581525 (N.D. Cal. June 9, 2014) ("participating in price-fixing meetings meant to direct sales of its CRTs into the United States is enough, at this stage, for the Court to find that it has personal jurisdiction"). *A fortiori*, such evidence is plainly discoverable and relevant to NCC's motion to dismiss.

Here, Plaintiffs have evidence that NCC participated in cartel meetings at which the United States market for capacitors was discussed. *See, e.g.*, Plaintiffs' Second Set of Requests for Production of Documents and Things Regarding Jurisdictional Issues Directed to Defendant Nippon Chemi-Con Corporation & Exhibit 1. NCC's co-conspirator reported that the purpose of the meeting attended by NCC ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Further, NCC's co-conspirator noted that, during the meeting, attendee or attendees from NCC had noted that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ At minimum, this document demonstrates that NCC attended at least one meeting at which ▮▮▮▮▮▮▮▮ prices for capacitors was the ▮▮▮▮▮▮ of the meeting, and the markets in the United States were explicitly discussed.

Hon. James Donato
March 4, 2015
Page | 3

      The example provided by Plaintiffs concerning the ▇▇▇▇▇▇▇▇ meeting is likely only the tip of the iceberg concerning documents related to cartel meeting communications or discussions by NCC, and in particular documents that will show the cartel was intended to raise prices in the United States. Plaintiffs' jurisdictional discovery explicitly requests these types of documents from NCC. **Requests for Production Numbers 16, 30, and 32** seek documents related to meetings at which prices and market conditions for capacitors in the United States were discussed, including the August 2003 meeting. **Interrogatory Number 15** asks NCC whether it attended meetings at which the prices for capacitors sold to U.S. companies were discussed, and asks NCC to identify these meetings.

      NCC has flatly refused to answer any discovery request related to meetings that it attended regarding pricing for U.S. capacitor purchasers, refusing to produce "discovery on merits issues." *See* Ex. A. In the one instance where NCC provided anything other than an objection to any jurisdictional discovery related to meetings, it was an improperly parsed non-response. NCC was asked "[d]uring any industry meetings involving the participation of a Defendant … did [NCC] discuss pricing of capacitors for U.S. companies. . . ." NCC responds that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (emphasis added). NCC appears to be relying on a distinction between NCC and UCC—its wholly owned subsidiary. It strains credulity that NCC ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ of UCC's sales of capacitors to customers in the U.S. Plaintiffs also note that NCC's sworn statement is at variance from shipping records that demonstrate NCC shipped capacitors directly into the United States. In any event, NCC's response *does not address* whether NCC discussed pricing of capacitors in the United States for NCC capacitors that UCC sold.

      The Court should order NCC to immediately produce documents and provide responses to the jurisdictional discovery requests identified above. Alternatively, as the basis for personal jurisdiction over NCC is clear from the allegations in the Consolidated Complaint, the Court may summarily deny NCC's motion to dismiss on the basis of lack of personal jurisdiction.

      Respectfully,

_____*/s/ Joseph R. Saveri*_____      _____*/s/ Steven N. Williams*_____

*Interim Lead Class Counsel for Direct Purchaser Plaintiffs*      *Interim Lead Class Counsel for Indirect Purchaser Plaintiffs*

cc: All Counsel

# EXHIBIT A TO PLAINTIFFS' LETTER BRIEF

Redacted version of letter brief sought to be sealed

RECEIVED FEB 17 2015 By

Charles F. Rule (admitted *pro hac vice*)
Joseph J. Bial (admitted *pro hac vice*)
Daniel J. Howley (admitted *pro hac vice*)
CADWALADER, WICKERSHAM & TAFT LLP
700 6th St, NW
Washington, DC 20001
Telephone: (202) 862-2200
Facsimile: (202) 862-2400
rick.rule@cwt.com
joseph.bial@cwt.com
daniel.howley@cwt.com

Steven Kaufhold (SBN 157195)
Ruth Hawley (SBN 253112)
KAUFHOLD GASKIN LLP
388 Market Street
San Francisco, CA 94111
Telephone: (415) 445-4621
Facsimile: (415) 874-1071
skaufhold@kaufholdgaskin.com
rhawley@kaufholdgaskin.com

*Counsel Specially Appearing for
Defendant Nippon Chemi-Con Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master File No. 14-cv-03264-JD<br><br>**DEFENDANT NIPPON CHEMI-CON CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS REGARDING JURISDICTIONAL ISSUES** |

United States between or among You and any other defendant named in the DPP Consolidated Complaint and/or IPP Consolidated Complaint.

**RESPONSE TO REQUEST NO. 15**

In addition to the Objections, NCC objects to this request on the grounds that it seeks discovery on merits issues and goes beyond the Court's Order that the parties engage in focused discovery relating to the Court's jurisdiction over NCC.

**REQUEST NO. 16**

All Documents relating to meetings attended by You and any defendant named in the DPP Consolidated Complaint and/or IPP Consolidated Complaint at which there was any communication concerning the production, manufacturing, marketing, pricing or sale of Capacitors in the United States.

**RESPONSE TO REQUEST NO. 16**

In addition to the Objections, NCC objects to this request on the grounds that it seeks discovery on merits issues and goes beyond the Court's Order that the parties engage in focused discovery relating to the Court's jurisdiction over NCC.

**REQUEST NO. 17**

All communications between You and any other Persons with respect to sales of Capacitors in the United States including, without limitation, Capacitor distributors.

**RESPONSE TO REQUEST NO. 17**

In addition to the Objections, NCC objects to this request to the extent it is duplicative and unnecessarily cumulative of Request No. 13 above and goes beyond the Court's Order that the parties engage in focused discovery relating to the Court's jurisdiction over NCC. NCC has agreed to produce documents sufficient to show NCC's total annual direct sales of Capacitors into the United States, if any.

Charles F. Rule (admitted *pro hac vice*)
Joseph J. Bial (admitted *pro hac vice*)
Daniel J. Howley (admitted *pro hac vice*)
CADWALADER, WICKERSHAM & TAFT LLP
700 6th St, NW
Washington, DC 20001
Telephone: (202) 862-2200
Facsimile: (202) 862-2400
rick.rule@cwt.com
joseph.bial@cwt.com
daniel.howley@cwt.com

Steven Kaufhold (SBN 157195)
Ruth Hawley (SBN 253112)
KAUFHOLD GASKIN LLP
388 Market Street
San Francisco, CA 94111
Telephone: (415) 445-4621
Facsimile: (415) 874-1071
skaufhold@kaufholdgaskin.com
rhawley@kaufholdgaskin.com

*Counsel Specially Appearing for
Defendant Nippon Chemi-Con Corporation*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION | Master File No. 14-cv-03264-JD |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **DEFENDANT NIPPON CHEMI-CON CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS REGARDING JURISDICTIONAL ISSUES** |

**REQUEST NO. 29**

Documents sufficient to show the shipment of capacitors by You to the United States during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 29**

In addition to the Objections, NCC objects to this request to the extent it is duplicative and unnecessarily cumulative of Requests Nos. 13 and 20.  NCC has agreed to produce documents sufficient to show NCC's total annual direct sales of Capacitors into the United States, if any, and the amount of Capacitors NCC sells to UCC annually, if any.

Subject to these objections, and pursuant to the Court's Order that the parties engage in focused discovery relating to the Court's jurisdiction over NCC, NCC will produce documents sufficient to show NCC's shipment of Capacitors to the United States, if any.

**REQUEST NO. 30**

Documents sufficient to show Your discussion of pricing for capacitors for customers located in the United States during the Relevant Time Period.  *See*, *e.g.*, Exhibit 1.

**RESPONSE TO REQUEST NO. 30**

In addition to the Objections, NCC objects to this request on the grounds that it seeks discovery on merits issues and goes beyond the Court's Order that the parties engage in focused discovery relating to the Court's jurisdiction over NCC.  This request purports to ask NCC to search nearly 15 years of records for "discussions" that may or may not have occurred.  NCC further objects to this request because it is based on a document that another entity appears to have created over a decade ago.  Finally, NCC objects to this request as duplicative and unnecessarily cumulative of Requests Nos. 13, 20 and 29.  NCC has agreed to produce documents sufficient to show the following, if any:  NCC's total annual direct sales of Capacitors

into the United States; the amount of Capacitors NCC sells to UCC annually; and NCC's shipment of Capacitors to the United States.

**REQUEST NO. 31**

All communications between You and customers in the United States who purchased capacitors during the Relevant Time Period including, but not limited to, Ford Motor Company, General Motors Company, General Motors Corporation, Chrysler Group LLC, Chrysler LLC, and DaimlerChrysler AG.  *See*, *e.g.*, Exhibit 1.

**RESPONSE TO REQUEST NO. 31**

In addition to the Objections, NCC objects to this request on the grounds that it is overly broad and unduly burdensome to the extent it asks for "all communications" without any limitation whatsoever.  NCC further objects to this request on the grounds that it is duplicative and unnecessarily cumulative of Request No. 30 above and goes beyond the Court's Order that the parties engage in focused discovery relating to the Court's jurisdiction over NCC.

Subject to these objections, and pursuant to the Court's Order that the parties engage in focused discovery relating to the Court's jurisdiction over NCC, NCC will produce documents sufficient to show the direct sale of Capacitors in the United States by NCC to Ford Motor Company, General Motors Company, General Motors Corporation, Chrysler Group LLC, Chrysler LLC, and DaimlerChrysler AG, if any.

**REQUEST NO. 32**

Documents related to the meeting of the meeting that You attended on August 29, 2003. *See* Exhibit 1.

**RESPONSE TO REQUEST NO. 32**

In addition to the Objections, NCC objects to this request on the grounds that it is unintelligible in that it seeks documents related "to the meeting of the meeting."  NCC further

-4-

DEFENDANT NIPPON CHEMI-CON CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFFS SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
(Case No. 14-cv-3264-JD)

1  objects to the request on the grounds that it is unduly burdensome, vague and ambiguous because
2  it requires NCC to search for documents nearly twelve years old based upon a document that
3  another entity appears to have created and that is redacted heavily.  NCC also objects to this
4  request because it is inconsistent with the Court's Order that the parties engage in focused
5  discovery relating to the Court's jurisdiction over NCC.

Subject to these objections, and pursuant to the Court's Order that the parties engage in focused discovery relating to the Court's jurisdiction over NCC, NCC will produce documents related to the meeting referenced in Exhibit 1, if any.

DATED:   February 17, 2015

CADWALADER, WICKERSHAM & TAFT LLP

By: /s/ Joseph J. Bial
    Joseph J. Bial

Charles F. Rule (admitted *pro hac vice*)
Joseph J. Bial (admitted *pro hac vice*)
Daniel J. Howley (admitted *pro hac vice*)
700 6th St, NW
Washington, DC 20001
Telephone:  (202) 862-2200
Facsimile:  (202) 862-2400
rick.rule@cwt.com
joseph.bial@cwt.com
daniel.howley@cwt.com

KAUFHOLD GASKIN LLP

Steven Kaufhold (SBN 157195)
Ruth Hawley (SBN 253112)
388 Market Street
San Francisco, CA 94111
Telephone:  (415) 445-4621
Facsimile:  (415) 874-1071
skaufhold@kaufholdgaskin.com
rhawley@kaufholdgaskin.com

*Counsel Specially Appearing for Defendant Nippon Chemi-Con Corporation*

Charles F. Rule (admitted *pro hac vice*)
Joseph J. Bial (admitted *pro hac vice*)
Daniel J. Howley (admitted *pro hac vice*)
CADWALADER, WICKERSHAM & TAFT LLP
700 6th St, NW
Washington, DC 20001
Telephone:  (202) 862-2200
Facsimile:  (202) 862-2400
rick.rule@cwt.com
joseph.bial@cwt.com
daniel.howley@cwt.com

Steven Kaufhold (SBN 157195)
Ruth Hawley (SBN 253112)
KAUFHOLD GASKIN LLP
388 Market Street
San Francisco, CA 94111
Telephone:  (415) 445-4621
Facsimile:  (415) 874-1071
skaufhold@kaufholdgaskin.com
rhawley@kaufholdgaskin.com

*Counsel Specially Appearing for
Defendant Nippon Chemi-Con Corporation*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master File No. 14-cv-03264-JD<br><br>**DEFENDANT NIPPON CHEMI-CON CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES REGARDING JURISDICTIONAL ISSUES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's January 14, 2015, authorization at the Case Management Conference ("Court's Order"), Nippon Chemi-Con Corporation ("NCC") provides the following objections and responses to Plaintiffs' Second Set of Interrogatories Regarding Jurisdictional Issues (the "Jurisdictional Discovery Requests"). NCC reserves the right to amend or supplement these responses and objections.

NCC expressly incorporates its Objections, attached as Appendix A, into each specific response below. The failure to include any Objection in any specific response does not waive any Objection applicable to that Jurisdictional Discovery Request.

In the instances where NCC indicates it will produce business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, such responses will be supplemented with document productions in which responsive material may be found.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 15**

During any industry meetings involving the participation of a Defendant, including but not limited to the meeting reflected in Exhibit 1, did You discuss pricing of capacitors for U.S. companies? If so, identify the meetings and the companies.

**RESPONSE TO INTERROGATORY NO. 15**

In addition to the Objections, NCC objects to the interrogatory because it is based on a document that another entity appears to have created over a decade ago, is redacted almost in its entirety and appears to be from the file of another company rather than of NCC. NCC further objects on the grounds that the interrogatory is overly broad in that it seeks information relating to "pricing of capacitors for U.S. companies" and could include pricing of capacitors sold outside the United States.

1
2
3
4

5  **INTERROGATORY NO. 16**

6      During any industry meetings involving the participation of a Defendant, including but

7  not limited to the meeting reflected in <u>Exhibit 1</u>, did You discuss business conditions at U.S.

8  companies?  If so, identify the meetings and the companies.

9  **RESPONSE TO INTERROGATORY NO. 16**

10
11
12
13
14
15
16
17
18

19  **INTERROGATORY NO. 17**

20      Concerning Your representations on the Global Business webpage of its official website

21  (http://www.chemi-con.co.jp/e/jigyou/global.html), please:

22          (a)     Identify the names and addresses of Your "overseas production sites in the

23  United States" that You represent that You have;

24

25          (b)     Identify the name and addresses of Your "overseas affiliates in the United

26  States" that NCC represents that it has to cover the "each regions' [sic] sales activities";

27
28

-2-
DEFENDANT NIPPON CHEMI-CON CORPORATION'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' SECOND SET OF INTERROGATORIES REGARDING
JURISDICTIONAL ISSUES (Case No. 14-cv-3264-JD)

# EXHIBIT 1



Participant

CONFIDENTIAL

P. 1



CONFIDENTIAL