| Joseph Saveri Law Firm, Inc. | Cotchett, Pitre & McCarthy, LLP |
| --- | --- |
| 505 Montgomery Street, Suite 625 | 840 Malcolm Road |
| San Francisco, CA 94111 | Burlingame, California 94010 |
| (415) 500-6800 | (650) 697-6000 |

March 9, 2015

**Via ECF and Hand Delivery**

Hon. Judge James Donato
United States District Court
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, California 94102

Re: *In re Capacitors Antitrust Litigation*, No. 14-cv-3264-JD

Your Honor:

We write to ask the Court to resolve a discovery dispute that has arisen concerning depositions noticed by Plaintiffs in connection with the jurisdictional discovery propounded on Defendant Nippon Chemi-Con Corporation ("NCC").

Takashi Nakamura is the declarant upon whom NCC relies in connection with its jurisdictional motion. *See* Dkt. 478-1. Plaintiffs first informed counsel for NCC of their intent to take Mr. Nakamura's deposition on January 2, 2015. Among other representations, Mr. Nakamura's declaration represents that NCC lacked activity in the United States. *See* Dkt. 478-1 at ¶¶ 5-6 ("NCC does not engage in the manufacturing, selling or distributing of capacitors in the United States") ("NCC receives no revenue from the United States."). These statements are at odds with NCC's publicly-filed financial documents, which state NCC's "consolidated financial statements" are based on the accounts of both NCC and its subsidiaries, and NCC and its subsidiaries' reported significant sales in the U.S., ranging from $148.8 million in the March 2007 to March 2008 period, to $101.4 million in March 2013 to March 2014 period.

Plaintiffs' counsel followed up their initial request with a letter on January 28 asking for dates to depose Mr. Nakamura. On February 4, 2015 counsel for Plaintiffs met and conferred with counsel for NCC by telephone regarding jurisdictional discovery, including Plaintiffs' request for dates for Mr. Nakamura's deposition. In addition, Plaintiffs have sought to take a deposition of NCC's designee pursuant to Rule 30(b)(6). Plaintiffs have noticed the deposition on a single topic: "NCC's contacts with the United States." Plaintiffs' Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) of Nippon Chemi-Con Corporation Regarding Jurisdiction Issues.

Plaintiffs' counsel followed up this request with several letters asking for available dates for Mr. Nakamura and a Rule 30(b)(6) witness. When NCC provided no response, Plaintiffs noticed Mr. Nakamura's deposition for March 12, 2015 and a Rule 30(b)(6) witness for March 13, 2015 in San Francisco. On March 9, 2015 counsel for NCC and Plaintiffs conferred one more time by telephone with NCC's counsel. NCC reiterated its refusal to provide any available dates for depositions.

      Plaintiffs ask the Court to order that NCC produce Mr. Nakamura and a Rule 30(b)(6) witness in San Francisco on the dates for which the depositions are noticed, or as soon thereafter as is possible. Plaintiffs have tried to schedule the deposition at a time and place convenient to NCC and its witnesses, but these efforts have come to naught. The Court has ordered jurisdictional discovery to be completed by March 17, and in order to keep within that schedule, it is necessary to hold NCC's depositions immediately.

      NCC's responses to discovery to date have confirmed why it is necessary to proceed by deposition. *First*, as of the writing of this letter NCC has not produced a single document in response to Plaintiffs' First and Second Requests for Production, and discovery is set to close in eight days. *Second*, NCC's discovery responses, and Mr. Nakamura's declaration, are sharply at odds with documents Plaintiffs have obtained. For example, NCC has taken the position that it does not sell capacitors to customers in the United States, but rather sells them to its wholly-owned subsidiary, United Chemi-Con, Inc. ("UCC"). But NCC ships capacitors directly to the United States, including to a plaintiff in this matter, and its website states "[b]y connecting our worldwide production sites and sales offices, Nippon Chemi-Con has built a *global operation system* that enables us to offer the best proposal to our customers." *See* [http://www.chemi-con.co.jp/e/jigyou/global.html (emphasis added)](http://www.chemi-con.co.jp/e/jigyou/global.html). Additionally, Mr. Nakamura's declaration states NCC does not receive revenue from the United States, but its publicly-filed financial records demonstrate otherwise. Obtaining sworn testimony concerning NCC's connections to the United States is necessary to resolve these and other discrepancies.

      Respectfully,

|     */s/ Joseph R. Saveri* |     */s/ Steven N. Williams* |
|---|---|
| *Interim Lead Class Counsel for Direct Purchaser Plaintiffs* | *Interim Lead Class Counsel for Indirect Purchaser Plaintiffs* |

cc: All Counsel