# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### Civil Minutes

Date: March 11, 2015                                        Judge: James Donato

Time: 1 Hour & 22 Minutes

Case No.    **C-14-03264-JD**
Case Name   **IN RE CAPACITORS ANTITRUST LITIGATION**

Attorney(s) for Plaintiff(s):   Bruce Simon/Steven Williams/Joseph Saveri/C. Andrew Dirksen/Aaron Sheanin/Andrew Purdy/Matthew Weiler/James Dallal/Joseph Cotchett/Alexander Kullar

Attorney(s) for Defendant(s):   Joseph Bieal/Charles F. Rule/Heather Tewksbury/Frank Griffin/van Nadel/Christina Brown/Roxane Polidora/Jacob Sorensen/George Nicoud III/Molly Donovan/Ian Papendick/Eric Enson/Bonnie Lau/Ethan Litwin/Morgan Feder/Scott Stempel/Paul Friedman/Bruce Sokler/Michael Tubach/Jeffrey Bank/Colin Murray/Scott Mendel/Jeffrey Kessler/David Higbee/Andrew Azarmi/Gaspare Bono/Stephen Chippendale/Jacklin Lem/Howard Parker

Deputy Clerk: Lisa R. Clark                                Court Reporter: JoAnn Bryce

### PROCEEDINGS

Motions to Dismiss Indirect Purchaser Plaintiffs' and Direct Purchaser Plaintiffs' Consolidated Class Action Complaints (Dkt. Nos. 474, 475, 479, 480) - Held

Hearing re discovery dispute letters (Dkt. Nos. 568, 570, 572) - Held

### RESULT OF HEARING

The Court hears argument on defendants' motions to dismiss. The indirect purchaser plaintiffs' interim lead class counsel are to notify the Court by 3/20/15 if they are willing to voluntarily dismiss the Consumer Indirect Purchaser Plaintiffs from this action. The Court otherwise takes the motions to dismiss under submission, and will issue an order.

The Court also discusses with the parties the pending discovery dispute letters (Dkt. Nos. 568, 570, 572), which relate to jurisdictional discovery propounded by plaintiffs on defendant Nippon Chemi-Con Corporation ("NCC") in connection with NCC's motion to dismiss for lack of personal jurisdiction.

1

The Court clarifies that its prior order permitting jurisdictional discovery did not contemplate depositions, and further finds that plaintiffs have not identified good cause for permitting the proposed depositions of NCC witnesses. Plaintiffs' request for an order compelling the production of witnesses for depositions (Dkt. No. 570) is consequently denied, and NCC's request for a protective order (Dkt. No. 572) is denied as moot.

Plaintiffs also request that NCC be compelled to produce documents and provide responses to plaintiffs' discovery requests that seek information about "meetings at which prices and market conditions for capacitors in the United States were discussed." Dkt. No. 568. The Court finds that the requests at issue go beyond the scope of what plaintiffs need for jurisdictional discovery, especially in light of the current posture of this case, and consequently denies plaintiffs' request.