Daniel W. Fox (SBN 268757)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882 8200
Facsimile: (415) 882 8220
daniel.fox@klgates.com

Scott M. Mendel (admitted *pro hac vice*)
Steven M. Kowal (admitted *pro hac vice*)
Michael E. Martinez (admitted *pro hac vice*)
Lauren N. Norris (admitted *pro hac vice*)
Lauren B. Salins (admitted *pro hac vice*)
**K&L GATES LLP**
70 West Madison Street, Suite 3100
Chicago, IL 60602
Telephone: (312) 372-1121
Facsimile: (312) 827-8000
scott.mendel@klgates.com
steven.kowal@klgates.com
michael.martinez@klgates.com
lauren.norris@klgates.com
lauren.salins@klgates.com

**ATTORNEYS FOR FPCAP ELECTRONICS (SUZHOU) CO., LTD.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CAPACITORS ANTITRUST LITIGATION** | Master File No. 3:14-cv-03264-JD<br><br>**FPCAP ELECTRONICS (SUZHOU) CO., LTD.'S MOTION TO DISMISS THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date: May 13, 2015<br>Time: 9:30 a.m.<br>Judge: Hon. James Donato<br>Courtroom: 11 |
| **THIS DOCUMENT RELATES TO:**<br><br>**ALL DIRECT PURCHASER ACTIONS** | |

**FPCAP ELECTRONICS (SUZHOU) CO., LTD.'S MOTION TO DISMISS THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**
**3:14-CV-03264-JD**

# NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on May 13, 2015 at 9:30 a.m., or as soon thereafter as the matter may be heard, Defendant FPCAP Electronics (Suzhou) Co., Ltd. ("FPCAP") will and hereby does move the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the Direct Purchaser Plaintiffs' ("DPPs") Consolidated Class Action Complaint ("Complaint" or "Compl.") as to FPCAP for failure to state a claim upon which relief can be granted. This motion is based upon this Notice of Motion; the accompanying Memorandum of Points and Authorities; the pleadings on file; oral argument of counsel; and such other and further matters as the Court may consider.

Respectfully submitted,

K&L GATES LLP

Dated:  March 30, 2015    By:  */s/ Scott M. Mendel*
Scott M. Mendel (admitted pro hac vice)
Steven M. Kowal (admitted pro hac vice)
Michael E. Martinez  (admitted pro hac vice)
Lauren N. Norris (admitted pro hac vice)
Lauren B. Salins (admitted pro hac vice)

Attorneys for **FPCAP ELECTRONICS (SUZHOU) CO., LTD.**

## RELIEF REQUESTED

FPCAP requests that the Court dismiss, with prejudice, the DPPs' Complaint against it for failure to state a claim upon which relief can be granted.

2

**FPCAP ELECTRONICS (SUZHOU) CO., LTD.'S MOTION TO DISMISS THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT
3:14-CV-03264-JD**

**STATEMENT OF ISSUE PRESENTED**

Whether the Direct Purchaser Plaintiffs' Consolidated Class Action Complaint fails to state a claim upon which relief can be granted against FPCAP Electronics (Suzhou) Co., Ltd. ("FPCAP") because it is devoid of any factual allegations plausibly suggesting that FPCAP joined the alleged conspiracy or played any role in it.

3

**FPCAP ELECTRONICS (SUZHOU) CO., LTD.'S MOTION TO DISMISS THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**
**3:14-CV-03264-JD**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Procedural Background

As set forth below, FPCAP, headquartered in China, is a subsidiary of Defendant Nichicon Corporation ("Nichicon Japan").  FPCAP was first added as a defendant in the Direct Purchasers' Consolidated Class Action Complaint filed on November 14, 2014.  On February 5, 2015, after the briefing on the motions to dismiss the consolidated complaints, FPCAP received and executed a Waiver of Service of Summons (Dkt. 548), making its response to the Complaint due on March 30, 2015.

## II.    Argument

### A.     The Allegations as to FPCAP.

The DPPs allegations with respect to FPCAP are strikingly spare.  In their entirety the DPPs allege only:

- Nichicon Japan purchased Fujitsu Media Devices (Suzhou) Ltd. ("FMD Suzhou") from Fujitsu Media Devices Ltd. ("FMD") in or about October 2008, and subsequently renamed and organized the entity as its subsidiary, FPCAP.  Compl. ¶¶ 53, 59-60.

- FPCAP Electronics (Suzhou) Co., Ltd. ("FPCAP"), located in China, is a wholly-owned subsidiary of Nichicon Japan. Compl. ¶59.

- FPCAP is a "mere continuation of FMD Suzhou as it was organized and operated during the period it was a business unit of FMD."  Compl.  ¶ 60.

As is apparent, the Complaint contains no factual allegation that FPCAP, or its predecessor FMD Suzhou, engaged in *any* conduct, let alone conduct suggesting its participation in the alleged conspiracy.  Therefore, the Complaint should be dismissed as to FPCAP.

### B.     The Complaint Alleges No Conduct By FPCAP.

DPPs concede, as they must, that an antitrust plaintiff must allege enough facts with respect to an individual defendant to permit the Court to "draw the plausible conclusion that the 'individual defendant joined the conspiracy and played some role in it.'"  Direct Purchaser Plaintiffs' Opposition to Defendants' Joint Motion to Dismiss and Consolidated Motions to Dismiss (Doc. 519), p. 24.  *In re Lithium Ion Batteries Antitrust Litig.*, 2014 U.S. Dist. LEXIS 7516, at *80-81 (N.D. Cal. Jan. 21, 2014).  At the March 11, 2015 hearing on the Motions to

4

FPCAP ELECTRONICS (SUZHOU) CO., LTD.'S MOTION TO DISMISS THE DIRECT
PURCHASER PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT
3:14-CV-03264-JD

Dismiss, this Court agreed when addressing the allegations as to the defendants' U.S. subsidiaries: "To be involved in the conspiracy means more than that you touch a capacitor. It's that you're actively agreeing to do the price fixing, the market share, and the other allegations. . . . It's just that right now they're [the U.S. subsidiaries] sort of slapped on to what appears to be the core group overseas without any factual allegation that they were actual participants or alleged participants." Transcript of Proceedings at 18:21-24; 24:1-4 (March 11, 2015) (ECF No. 589).

The Complaint alleges *no conduct* by FPCAP, let alone conduct from which it can be inferred that it joined the alleged conspiracy and played some role in it. The only allegations relate to FPCAP's mere existence. Compl. ¶¶ 53, 59-60. FPCAP has been simply "slapped on" the Complaint with no inculpatory allegations, just like the U.S. subsidiaries.[1] FPCAP should be dismissed from the Complaint.

### C.  The Complaint Fails to Allege Facts Sufficient to Hold FPCAP Responsible for the Pre-Acquisition Acts of FMD Suzhou.

The DPPs' allegation that FPCAP is the successor in interest to FMD Suzhou, does not help them. The Complaint contains no allegations that FMD Suzhou participated in the alleged conspiracy, thus there is no liability to which FPCAP can succeed. Additionally, the DPPs fail to allege sufficient facts to state a claim of successor liability against FPCAP.

#### 1.  The Complaint Contains No Allegations Against FMD Suzhou.

Like with FPCAP, the DPPs' allegations as to FMD Suzhou relate only to its existence and that it manufactured, sold and distributed certain capacitors. Compl. ¶¶ 53, 59. There is no allegation that FMD Suzhou engaged in any conduct from which it can be plausibly inferred that it participated in the conspiracy. In fact, aside from the one legal conclusion in Paragraph 60 that "FPCAP has assumed liability from FMD Suzhou and/or FMD for the cartel activity that

---

[1] The allegations against FPCAP are even weaker than the insufficient allegations against the U.S. subsidiaries. As to the U.S. subsidiaries, the DPPs relied on their vague and conclusory allegations that the U.S. subsidiaries acted as "agents" for their foreign parents and assisted their parents with the sale and delivery of capacitors to U.S. purchasers. Compl. ¶¶ 110, 123. The Court made it clear that such allegations were not enough. Transcript of Proceedings at 17-19 (March 11, 2015) (ECF No. 589) ("[y]ou can't just toss in a subsidiary and say, 'Here you are.' You've got to say more than that."). The DPPs do not even make these insufficient allegations as to FPCAP.

5

**FPCAP ELECTRONICS (SUZHOU) CO., LTD.'S MOTION TO DISMISS THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT
3:14-CV-03264-JD**

originated at FMD Suzhou," the Complaint does not contain a single, solitary allegation linking FMD Suzhou to the alleged conspiracy.  There is not a single allegation that a representative or employee of FMD Suzhou attended a cartel meeting or was ever a member of one of the named industry trade associations or ever knew about the alleged meetings, let alone entered into an illegal agreement to restrain trade.

### 2. The Complaint Fails to Allege Facts Sufficient to Support the DPPs' Claim of Successor Liability.

DPPs allege that FPCAP is the successor in interest to FMD Suzhou and has therefore assumed liability from "FMD Suzhou and/or FMD" for the pre-acquisition conduct of FMD Suzhou.  Compl. ¶¶ 59-60.  However, even if the DPPs had alleged conspiratorial conduct by FMD Suzhou, DPPs fail to allege sufficient facts to state a claim of successor liability against FPCAP.

DPPs assert that FPCAP is a "mere continuation" of FMD Suzhou.  Compl. ¶ 60.  They allege that "[t]he change of FMD Suzhou's ownership did not impact the continuity of its management, personnel, physical locations, business, assets, and general business operations." Compl. ¶ 60.  However, "[s]uccessor liability based on 'mere continuation' requires one or both of: (1) no adequate consideration was given for the predecessor corporation's assets and made available for meeting the claims of the unsecured creditors; and (2) one or more persons were officers, directors, or stockholders of both corporations." *Moses v. Innoprise Software*, 2014 U.S. Dist. LEXIS 22407, *10 (N.D. Cal. Feb. 21, 2014) (finding that plaintiff's allegation that a specific employee became an employee and officer of the successor company was insufficient to state a claim for successor liability).  Here, DPPs fail to allege sufficient facts that would support a claim of successor liability under the "mere continuation" theory.  Therefore, DPPs' attempt to impose successor liability on FPCAP must fail.

Additionally, DPPs' conclusory allegation that "FPCAP has assumed liability from …FMD" is unfounded and nonsensical.  Compl. ¶ 60.  The Complaint does not allege that FPCAP is the successor in interest to FMD, FMD Suzhou's former parent, and therefore FPCAP cannot be held liable for any of FMD's actions during the Class Period.

## CONCLUSION

For all of the foregoing reasons, FPCAP respectfully requests that the DPPs' Complaint be dismissed as to it, with prejudice.

                            Respectfully submitted,

                            K&L GATES LLP

Dated: March 30, 2015          By:  */s/ Scott M. Mendel*
                                            Scott M. Mendel (admitted pro hac vice)
                                            Steven M. Kowal (admitted pro hac vice)
                                            Michael E. Martinez (admitted pro hac vice)
                                            Lauren N. Norris (admitted pro hac vice)
                                            Lauren B. Salins (admitted pro hac vice)

                                            Attorneys for **FPCAP ELECTRONICS (SUZHOU) CO., LTD.**