Joseph R. Saveri (State Bar No. 130064)
Andrew M. Purdy (State Bar No. 261912)
Matthew S. Weiler (State Bar No. 236052)
James G. Dallal (State Bar No. 277826)
Ryan J. McEwan (State Bar No. 285595)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              apurdy@saverilawfirm.com
              mweiler@saverilawfirm.com
              jdallal@saverilawfirm.com
              rmcewan@saverilawfirm.com

*Interim Lead Class Counsel for Direct Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL DIRECT PURCHASER ACTIONS | Master File No. 14-cv-03264-JD<br><br>**DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE OR, ALTERNATIVELY, OPPOSITION TO DEFENDANT TOSHIN KOGYO CO., LTD.'S IMPROPERLY FILED MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        May 6, 2015<br>Time:       9:30 a.m.<br>Courtroom:  11, 19th Floor |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 6, 2015 at 9:30 a.m., or as soon thereafter as this matter may be heard in Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, Direct Purchaser Plaintiffs ("DPPs") will and hereby do move the Court to strike Defendant Toshin Kogyo Co., Ltd.'s ("Toshin Kogyo") purported Motion to Dismiss (Dkt. 600; the "Motion") because Toshin Kogyo has failed to appear in this action or present its purported Motion through qualified legal

counsel as required under Civil Local Rule 3-9(b) and well-settled case law, which together provide that corporations may not appear before the Court except through an attorney admitted to the Court's bar. In addition, the Court should strike the Motion because it violates the Court's Scheduling Orders, even though Toshin Kogyo was on notice of the Plaintiffs' claims in the instant actions well in advance of the deadline set in those Orders for filing motions to dismiss.

DPPs note that the instant Motion essentially repeats the previous, nearly identical and similarly deficient purported motion to dismiss filed on Toshin Kogyo's behalf (Dkt. 430). In fact, the same "Representative Director" of Toshin Kogyo signed both motions. An earlier Order of this Court (Dkt. 457) dismissed the prior purported motion to dismiss on the same bases raised here. Toshin Kogyo did not heed the Court's prior Order, requiring the undersigned to devote unnecessary attorney time, out of pocket costs and other resources to this purported Motion.

This Motion to Strike is based on this Notice and Motion, the Memorandum of Points and Authorities filed herewith, the related papers filed in connection with Plaintiffs' prior Motion to Strike and any other and such pleading, papers and argument submitted prior to or at hearing on this Motion to Strike.

Alternatively, DPPs oppose Toshin Kogyo's Motion to Dismiss on the bases set forth in the following Memorandum of Points and Authorities. In addition to the arguments DPPs assert in favor of striking the Motion, Toshin Kogyo's Motion is also procedurally improper as it challenges DPPs' factual allegations and not the legal sufficiency of DPPs' claims.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF ISSUES TO BE DECIDED (CIVIL L.R. 7-4(a)(3))

1. Should Toshin Kogyo's purported Motion to Dismiss Consolidated Class Action Complaint ("Motion"), which was filed by a corporate "Representative Director" who is not a member of the bar of this Court, be stricken for violating Civil L.R. 3-9(b), which provides that "[a] corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court"?

2. Should Toshin Kogyo's purported Motion be stricken for failure to follow the Court's Scheduling Orders, despite Toshin Kogyo's receipt of valid service well in advance of the deadline for motions to dismiss?

3. Alternatively, should the Court deny Toshin Kogyo's purported Motion due to its procedural shortcomings and its failure to challenge the legal sufficiency of DPPs' claims for relief?

## II. PROCEDURAL AND FACTUAL BACKGROUND

On July 18, 2014, Plaintiff Chip-Tech, Ltd. ("Chip-Tech") filed an antitrust class action complaint against the leading global manufacturers of capacitors for violation of Section 1 of the Sherman Act. *See* Dkt. 1. The *Chip-Tech* complaint alleged that Toshin Kogyo—a corporation organized under Japanese law and a manufacturer of aluminum and tantalum electrolytic capacitors—participated in a nearly decade-long price-fixing cartel formed among its fellow leading manufacturers of electrolytic capacitors to fix, raise, maintain or stabilize prices for their capacitors sold both globally and in the United States. *See id*. at ¶¶ 55, 114-134. Toshin Kogyo was served on October 29, 2014 in Japan with a translated copy of the *Chip-Tech* complaint by APS International pursuant to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention") under the framework of the Hague Convention on Private International Law. *See* Dkt. 432.

On November 14, 2014, following consolidation of the *Chip-Tech* action with several related actions (in the instant case, the "Consolidated Action"), an initial case management conference, and the appointment of interim lead class counsel, DPPs filed a Consolidated Class Action Complaint

("CCAC"; Dkt. 347-1 redacted; Dkt. 401 unredacted) that again named Toshin Kogyo as a member of a decade-long price-fixing cartel in the capacitors industry. *See* Dkt. 401 at ¶¶ 74, 198, 208, 287.

On December 4, 2014, Kenji Kasahara, a "Representative Director of Toshin Kogyo Co., Ltd.," filed a purported motion to dismiss the *Chip-Tech* Action on Toshin Kogyo's behalf. Dkt. 430, at p. 4. On December 18, 2014, Chip-Tech filed a motion to strike this first purported motion to dismiss (Dkt. 439) for violating Civ. L. R. 3-9(b) as well as the Court's Scheduling Orders. The Court issued an Order striking Toshin Kogyo's motion to dismiss the following day, December 19, 2014 (Dkt. 457). DPPs transmitted a copy of the Order to Toshin Kogyo on the same day it issued, and FedEx confirmed successful delivery to Toshin Kogyo's offices in Tokyo on December 24, 2014. *See* Dkt. 616.

Although Toshin Kogyo has been on actual notice of DPPs' claims since at least October 29, 2014, the date it received valid Hague Convention service of process in the *Chip*-Tech action, DPPs pursued service of the CCAC on Toshin Kogyo as well. It appears that these efforts were successful and Toshin Kogyo received the CCAC on March 6, 2015. *See* Dkt. 600 at 2. Yet Toshin Kogyo persists in its refusal to make an appearance before this Court through qualified legal counsel. Instead, Mr. Kasahara filed the instant Motion (Dkt. 600), which repeats, often verbatim, the language from the prior stricken motion to dismiss.

No attorney claiming to be a member of the bar of this Court is identified on the Motion as representing Toshin Kogyo in connection with this filing or even generally. To date, no attorney has appeared on Toshin Kogyo's behalf either in any of the underlying pre-consolidation actions or in the Consolidated Action.

### III. ARGUMENT

**A.     Toshin Kogyo's purported Motion must be stricken because its appearance has not been made through a member of the bar of this Court.**

The Ninth Circuit and this Court require that "[c]orporations and other unincorporated associations must appear in court through an attorney." *Licht v. Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (quoting *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)); *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (same). *See also U.S. Commodity Futures Trading Com'n v. Castillo*, No. C06-2540 THE, U.S. Dist. LEXIS 55107, at *1 (N.D. Cal. July 19, 2007)

("Moreover, that a corporation must be represented by licensed counsel has been well-established by Supreme Court precedent and is not only a requirement of this Court's local rules.").

Indeed, this Court's Local Rules plainly require that "a corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." Civil L.R. 3-9(b) (2014). *See BMW of North America, LLC v. Dinodirect Corp.*, No. C 11-04598 WHA, 2012 U.S. Dist. LEXIS 89271, at **13-14 (N.D. Cal. June 27, 2012) (relying on Civil L.R. 3-9(b) to deny consideration of filings by corporate officers); *Juniper Networks, Inc. v. Juniper Media, LLC*, No. C 11-03906 WHA, 2001 U.S. Dist. LEXIS 122793 (N.D. Cal. Oct. 24, 2011) (same); *DR JKL Limited v. HPC IT Education Center*, F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) (striking answer filed on a company's behalf by a non-lawyer pursuant to Civil L.R. 3-9(b)).

By its own admission (Dkt. 600) and in confirmation of Chip-Tech's allegations (Dkt. 401, at ¶ 74), Toshin Kogyo is a corporate "entity organized under the Japanese law" and, pursuant to Civil L.R. 3-9(b), therefore must be represented in this case by a member of the bar of this Court. Mr. Kasahara, the signatory on the purported Motion, identifies himself only as "Representative Director of Toshin Kogyo Co., Ltd." *See* Dkt. 600, at pp. 1, 5, Certificate of Service. Nowhere in the Motion is Mr. Kasahara identified as an attorney in any jurisdiction, much less as an attorney authorized to practice before this Court.

Just as before, Mr. Kasahara therefore may not represent Toshin Kogyo in this action, nor can he file a motion to dismiss on its behalf. The most recent Motion must be stricken as well. *See Juniper Networks, Inc.*, No. C 11-03906 WHA, 2001 U.S. Dist. LEXIS 122793 (striking motion to dismiss filed by defendants' non-attorney corporate representative).

### B. The Motion should be stricken because it violates the Court's Scheduling Orders, despite Toshin Kogyo having received adequate notice of applicable deadlines.

Toshin Kogyo is not a new defendant to the various capacitors price-fixing cartel cases now consolidated before the Court. Indeed, it was named as a defendant in six of the seven direct purchaser actions and in all five of the indirect purchaser actions later consolidated in this Consolidated Action. *See* N.D. Cal. Case Nos. 14-cv-03264; 14-cv-03300; 14-cv-03698; 14-cv-04123; 14-cv-04514; 14-cv-

04704; 14-cv-04800 (direct purchaser complaint). *See also* N.D. Cal. Case Nos. 14-cv-03815; 14-cv-04403; 14-cv-04657; 14-cv-04677; 14-cv-04782 (indirect purchaser complaints).

Since the filing of the first of these cases in July 2014, the Court has promoted the orderly and efficient development of the Plaintiffs' claims by directing the Direct and Indirect Purchaser Plaintiffs respectively to file consolidated complaints and by setting a litigation schedule directed at streamlining issues and ruling on the legal sufficiency of all Plaintiffs' claims according to a consolidated schedule. *See, e.g.*, Dkt. 133, 309, 342. These Orders direct the parties to jointly brief their motions to dismiss, thereby eliminating the chaos that would result if all 45 Defendants moved on separate timeframes.

Other Defendants have conformed to the Court's Orders. For example, the Fujitsu entities, who unlike Toshin Kogyo were not named in these actions until DPPs filed the CCAC on November 14, 2014, filed their dispositive motions under Rule 12, as ordered, on December 19, 2014. *See* Dkt. 469, 479-80. Nitsuko Electronics Corporation, not named until the CCAC and not served until it received Hague Convention service thereafter, has secured qualified counsel and made a proper appearance. *See* Dkt. 598-99. Nippon Chemi-Con, who like Toshin Kogyo was named in the first-filed *Chip-Tech* action on July 18, filed its jurisdiction motion under Fed. R. Civ. P. 12 (b)(2) *and joined the other Defendants* in filing Rule 12(b)(6) motions. *See* Dkt. 478-80. There is no good reason why Toshin Kogyo could not have secured qualified legal counsel, followed the Court's Orders and participated in these filings.

Instead, Mr. Kasahara has twice filed motions to dismiss in violation of the rules and in disregard of the procedure the Court has established. As before, this latest Motion offers no reason why it should be briefed and heard at variance with the Court's litigation schedule set in its October 30, 2014 Minute Order (Dkt. 309) and its November 13, 2014 Scheduling Order (Dkt. 342). Toshin Kogyo has been on notice of DPPs' claims since at least October 29, 2014, allowing sufficient time for an appearance by qualified legal counsel and preparation of a proper motion to dismiss on or before December 19, 2014, consistent with the Court's instruction.

### C. Alternatively, Toshin Kogyo's Motion to Dismiss should be denied because of its procedural and substantive failings.

The Court should strike this latest purported Motion, as before. But if the Court looks to the substance of Toshin Kogyo's improper filing, the Motion should be denied because this Motion like the last one fails to satisfy basic threshold standards for a party to win dismissal at the pleading stage.

A brief review of the new Motion reveals the same procedural and substantive deficiencies.

*First*, this Motion like the last one fails to follow basic procedural requirements. It gives no notice to DPPs as required by both the Federal Rules of Civil Procedure and the Northern District's Local Civil Rules. *See* Fed. R. Civ. P. 6; Civil L.R. 7-2(a). The Motion failed to notice a hearing date, though it appears that the Court has since provided one. It also ignores the Court's form requirements set forth in Civil L.R. 7-2(b), and thereby fails to make clear the authorities it relies upon for the relief it seeks. Once again, these deviations from baseline procedural requirements should not be excused.

*Second*, as before, the Motion improperly contests non-conclusory allegations and, at most, raises issues that should be addressed through discovery. The Motion's arguments do nothing to test the legal sufficiency of DPPs' allegations. *See* Dkt. 600 at ¶¶ 3-14. Mr. Kasahara conclusorily challenges DPPs' averments regarding the Court's personal jurisdiction over Toshin Kogyo and broadly disclaims its involvement in the capacitors price-fixing cartel and conspiracy alleged in the CCAC. This approach fails because, aside from the Court having to accept DPPs' non-conclusory allegations as true and construe them in the most favorable light, these factual challenges require discovery for their resolution and therefore do not warrant dismissal of the pleadings. *See, e.g., Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (without holding an evidentiary hearing, plaintiff need only make a prima facie showing of jurisdiction to avoid the defendant's motion to dismiss; courts will accept uncontroverted factual allegations as true, and draw all reasonable inferences and resolve factual conflicts in plaintiff's favor); *Circle Click Media LLC v. Regus Mgmt. Group LLC*, No. 12-cv-04000-SC, 2014 U.S. Dist. LEXIS 146408, at **5 n. 3, 6 (N.D. Cal. Oct. 14, 2014) (a prima facie showing is all that is required, even after jurisdictional discovery).

Mr. Kasahara's statements also do not constitute competent testimony capable of displacing any of DPPs' allegations in the CCAC because they are not sworn, as is required under Federal Rule of

Evidence 603. But should Mr. Kasahara return to Court with a sworn declaration seeking to establish the factual statements in the Motion as evidence, DPPs possess and are prepared to present more than sufficient evidence to demonstrate these statements' untruthfulness.

The Motion, just like the last purported motion to dismiss Mr. Kasahara filed, is procedurally improper and substantively insufficient. The Court should strike it from the record.

## IV. CONCLUSION

For the reasons discussed above, Toshin Kogyo's purported Motion to Dismiss should be stricken for having been filed in violation of Civil L.R. 3-9(b). Alternatively, should the Court reach the merits of Toshin Kogyo's Motion to Dismiss, it should be denied for the reasons discussed above.

Dated: March 31, 2015

JOSEPH SAVERI LAW FIRM, INC.

By: /s/ *Joseph R. Saveri*
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Andrew M. Purdy (State Bar No. 261912)
Matthew S. Weiler (State Bar No. 236052)
James G. Dallal (State Bar No. 277826)
Ryan J. McEwan (State Bar No. 285595)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
apurdy@saverilawfirm.com
mweiler@saverilawfirm.com
jdallal@saverilawfirm.com
rmcewan@saverilawfirm.com

*Interim Lead Class Counsel for Direct Purchaser Plaintiffs*

DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE, OR, ALTERNATIVELY, OPPOSITION TO DEFENDANT TOSHIN KOGYO CO., LTD.'S IMPROPERLY FILED MOTION TO DISMISS CONSOL. CLASS ACTION COMPLAINT; MEM. OF POINTS AND AUTHORITIES