# EXHIBIT A



200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

JEFFREY L. KESSLER
Partner
212-294-4698

March 31, 2015

**VIA EMAIL AND FEDEX**

Steven N. Williams
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road Suite 200
Burlingame, CA 94010

Joseph R. Saveri
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, CA 94111

*IN RE CAPACITORS ANTITRUST LITIGATION, Case No. 3:14-cv-03264-JD*

Dear Counsel:

As a follow-up to our telephonic meet and confer on March 24, 2015, and as you requested, please indicate on which of the following categories of commerce, if any, plaintiffs intend to base any claims in this case and which they plan to contend are not excluded from the case by the FTAIA. If you contend that any of the following categories is excluded by the FTAIA, but is otherwise allowed under any state's law you are asserting, please indicate that as well. We would like to discuss these subjects with you at our next meet and confer on April 6.

A. Each of the following categories of commerce involves a capacitor that was manufactured by a Defendant[1] outside the United States:

1. Defendant sale of a capacitor for which the price is paid and negotiated by any third-party entity located outside the United States (including foreign affiliates of U.S. companies), is delivered outside the United States to that entity and never enters the United States as part of a larger product or otherwise. Does your answer change if the price was negotiated, but not paid, by an entity in the United States?

2. Defendant sale of a capacitor for which the price is paid and negotiated by any third-party entity located outside the United States (including foreign affiliates of U.S. companies), is delivered outside the United States, and is later imported by a non-Defendant (non-conspirator) to the United States as a standalone component. Does

---

[1] For purposes of this letter only, "Defendant" means a party found to be a member of the alleged conspiracy at the time of the sale at issue.

Steven N. Williams
Joseph R. Saveri
March 31, 2015

your answer change if the price was negotiated, but not paid, by an entity in the United States?

3. Defendant sale of a capacitor for which the price is paid and negotiated by any third-party entity located outside the United States (including foreign affiliates of U.S. companies), is delivered outside the United States, and is later imported by a non-Defendant (non-conspirator) to the United States as part of a larger product. Does your answer change if the price was negotiated, but not paid, by an entity in the United States?

4. Defendant sale of a capacitor for which the price is paid by any third-party entity located in the United States, but is delivered to a location outside the United States and never enters the United States as part of a larger product or otherwise.

5. Defendant sale of capacitor for which the price is paid by any third-party entity located in the United States, is delivered to a location outside the United States, and is later imported by a non-Defendant (non-conspirator) to the United States as a standalone component.

6. Defendant sale of capacitor for which the price is paid by any third-party entity located in the United States, is delivered to a location outside the United States, and is later imported by a non-Defendant (non-conspirator) to the United States as part of a larger product.

7. Defendant sale of a capacitor to an affiliate of a Defendant located outside of the United States, which then incorporates the capacitor into a larger product and imports the larger product into the United States for resale to an entity in the United States. Does your answer change if the affiliate is "owned and controlled" by a Defendant?

8. Defendant sale of a capacitor to an affiliate of a Defendant located outside of the United States, which then sells the capacitor to a third party outside the United States, which then sells and delivers the capacitor as a standalone component into the United States. Does your answer change if the affiliate is "owned and controlled" by a Defendant?

9. Defendant sale of a capacitor to an affiliate of a Defendant located outside of the United States, which then sells the capacitor to a third party outside the United States, which then sells and delivers the capacitor as part of a larger product into the United States. Does your answer change if the affiliate is "owned and controlled" by a Defendant?

10. Defendant sale of a capacitor to any third-party located outside the United States, which in turn sells to a distributor, which in turn sells the capacitor as a standalone component to a purchaser in the United States.

Steven N. Williams<br>
Joseph R. Saveri<br>
March 31, 2015

11. Foreign Defendant sale of a capacitor to an owned and controlled affiliate in the United States, which in turn sells and delivers the capacitor to a third-party outside of the United States, which then sells the capacitor as a standalone component to a purchaser in the United States.

12. Foreign Defendant sale of a capacitor to an owned and controlled affiliate in the United States, which in turn sells and delivers the capacitor to a third-party outside of the United States, which then incorporates the capacitor into a larger product that is sold in the United States.

13. Foreign Defendant sale of a capacitor to an owned and controlled affiliate in the United States, which in turn sells and delivers the capacitor to a third-party outside of the United States, which then sells the capacitor to a purchaser outside the United States, which then incorporates the capacitor into a larger product that is sold in the United States.

B. Each of the following categories of commerce involves a capacitor that was manufactured by a Defendant within the United States:

1. Defendant sale of a capacitor for which the price is paid and negotiated by any third-party entity located outside the United States (including foreign affiliates of U.S. companies), is delivered outside the United States and never re-enters the United States as part of a larger product or otherwise.

2. Defendant sale of a capacitor for which the price is paid and negotiated by any third-party entity located outside the United States (including foreign affiliates of U.S. companies), is delivered outside the United States, and is later imported by a non-Defendant (non-conspirator) to the United States as a standalone component.

3. Defendant sale of a capacitor for which the price is paid and negotiated by any third-party entity located outside the United States (including foreign affiliates of U.S. companies), is delivered outside the United States, and is later imported by a non-Defendant (non-conspirator) to the United States as part of a larger product.

4. Defendant sale of capacitor for which the price is paid and negotiated by any third-party entity located in the United States, is delivered to a location outside the United States, and is later imported by a non-Defendant (non-conspirator) to the United States as a standalone component.

5. Defendant sale of capacitor for which the price is paid and negotiated by any third-party entity located in the United States, is delivered to a location outside the United States, and is later imported by a non-Defendant (non-conspirator) to the United States as part of a larger product.

Steven N. Williams<br>
Joseph R. Saveri<br>
March 31, 2015

    6. Defendant sale of a capacitor to an affiliate of a Defendant located outside of the United States, which then incorporates the capacitor into a larger product and imports the larger product into the United States.

    7. Defendant sale of a capacitor to any third-party located outside the United States, which in turn sells to a distributor, which in turn sells to a purchaser in the United States as a standalone component.

C. For Defendants' part, we presently do not intend to argue that the following categories of commerce are excluded by the FTAIA:

    1. Regardless of the place of manufacture, Defendant sale of a capacitor for which the price is paid by a third-party entity located in the United States, and which a Defendant delivers to a third-party entity located in United States.

    2. The importation by a Defendant to the United States of Defendant's capacitor or a capacitor purchased from a co-conspirator that is then resold in the United States to a customer located in the United States.

As agreed, the above categories are not necessarily exhaustive and we expressly reserve all rights, including the right to raise additional categories of commerce as part of our ongoing discussions.

In addition, as we also discussed, we request that plaintiffs propose a schedule for the disclosure and deposition of expert witnesses that may be used in support of or in opposition to the FTAIA summary judgment motions that may be filed in accordance with the schedule set by the Court. This schedule should provide for disclosures sufficiently in advance of the filing dates for summary judgment motions so that there will be no need to seek an extension of that motion schedule. If plaintiffs want to propose a disclosure schedule regarding any percipient witnesses that may be used to file declarations in connection with the FTAIA summary judgment motions, Defendants are also willing to consider such a proposal.

Sincerely,<br><br>
Jeffrey Kessler/MCK<br>
Jeffrey L. Kessler