# EXHIBIT C

1  Jeffrey L. Kessler (*pro hac vice*)
   jkessler@winston.com
2  A. Paul Victor (*pro hac vice*)
   pvictor@winston.com
3  Molly Donovan (*pro hac vice*)
   mmdonovan@winston.com
4  Mollie C. Richardson (*pro hac vice*)
   mrichardson@winston.com
5  WINSTON & STRAWN LLP
   200 Park Avenue
6  New York, NY  10166-4193
   Telephone:     (212) 294-6700
7  Facsimile:     (212) 294-4700

8  Ian L. Papendick (SBN 275648)
   ipapendick@winston.com
9  WINSTON & STRAWN LLP
   101 California Street
10 San Francisco, CA  94111
   Telephone:     (415) 591-1000
11 Facsimile:     (415) 591-1400

12 *Counsel for Defendants*
   *Panasonic Corporation*
13 *Panasonic Corporation of North America*
   *SANYO Electric Co., Ltd.*
14 *SANYO North America Corporation*

15              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
16                  **SAN FRANCISCO DIVISION**

17 IN RE CAPACITORS ANTITRUST          Case No. 3:14-cv-03264-JD
   LITIGATION
18                                     **OBJECTIONS AND RESPONSES OF**
                                       **DEFENDANTS PANASONIC CORP.,**
19                                     **PANASONIC CORP. OF NORTH**
                                       **AMERICA, SANYO ELECTRIC CO., LTD.**
20 This Document Relates to:          **AND SANYO NORTH AMERICA CORP.**
                                       **TO DIRECT PURCHASER PLAINTIFFS'**
21 ALL DIRECT PURCHASER ACTIONS       **SECOND SET OF INTERROGATORIES**

22

23

24

25

26

27

28

1      Pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure, Defendants Panasonic

2 Corporation ("Panasonic"), Panasonic Corporation of North America ("PNA"), SANYO Electric

3 Co., Ltd. ("Sanyo"), and SANYO North America Corporation ("SNA")[1] (collectively, the

4 "Defendants") hereby respond and object to the Direct Purchaser Plaintiffs' ("Plaintiffs") Second Set

5 of Interrogatories, dated February 25, 2015 ("Interrogatories") as follows, and hereby designate

6 portions of these responses CONFIDENTIAL under the terms of the Stipulated Protective Order

7 entered on February 17, 2005 (ECF No. 563) (the "Protective Order").

8                             **PRELIMINARY STATEMENT**

9      The following objections and responses are based upon the information currently known and

10 available to Defendants. Discovery and investigation are in the preliminary stages and are ongoing,

11 and may disclose the existence of additional facts or documents, add meaning to known facts or

12 documents, or lead to additions, variations or changes to these objections and responses.

13      Without obligating themselves to do so, except to the extent required under the Federal Rules

14 of Civil Procedure, Defendants reserve the right to amend or supplement the responses as additional

15 information is discovered, revealed, recalled or otherwise ascertained, and as further analysis,

16 research, investigation and discovery disclose additional facts, documents, contentions, or legal

17 theories that may apply. Defendants reserve the right to supplement the responses subject to any

18 applicable Order by the Court. Further, Defendants specifically reserve the right to utilize

19 subsequently discovered information or evidence at any hearing and at trial. Defendants' agreement

20 to search for or make available any information shall not be deemed to be or construed as a

21 representation either that responsive information exists or that it is in Defendants' possession,

22 custody, or control. Except for facts explicitly admitted, no admission of any nature is to be implied

23 by or inferred from any statement in this document.

24      The general and specific objections set forth below are intended to apply to all information

25 provided pursuant to the Interrogatories. Furthermore, these responses do not in any way waive any

26

27 [1] Defendant SNA responds on behalf of itself and its division SANYO Electronic Device (U.S.A.) Corporation, which is named as a Responding Party to Plaintiffs' Interrogatories, but which is not

28 named as a Defendant in the Direct Purchaser Plaintiffs' Consolidated Class Action Complaint.

1

OBJECTIONS AND RESPONSES OF PANASONIC CORP., PANASONIC CORP. OF NORTH AMERICA, SANYO ELECTRIC CO., LTD., AND SANYO NORTH AMERICA CORP. TO DPP's SECOND SET OF INTERROGATORIES
CASE NO. 3:14-cv-03264-JD

1   objections by Defendants, in this or in any subsequent proceeding, on any grounds, including

2   objections as to the competency, relevancy, materiality, privilege, or admissibility of the responses,

3   or the subject matter thereof.

### GENERAL OBJECTIONS

5   Each and every one of the following general objections is incorporated into the specific

6   response below as if fully set forth in full therein:

7   1.   Defendants object to the Interrogatories, including the Instructions and Definitions

8   sections, to the extent they seek information beyond the permissible scope of discovery or seek to

9   impose obligations beyond those imposed by Rules 26 and 33 of the Federal Rules of Civil

10  Procedure, the Local Rules of the United States District Court for the Northern District of California

11  (the "Local Rules"), the Standing Order for Discovery in Civil Cases Before Judge Donato, other

12  applicable Orders of this Court, or any other applicable law or rule.

13  2.   Defendants object to the Interrogatories, including the Instructions and Definitions

14  sections, to the extent that they seek information regarding conduct outside the applicable statute(s)

15  of limitations, on the grounds that such information is neither relevant to any claims or defenses in

16  this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

17  3.   Defendants object to the Interrogatories to the extent they seek information protected

18  from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense

19  doctrine, or any other applicable privileges or immunities.   To the extent that any information

20  protected from disclosure by applicable privilege or immunity is inadvertently provided in response

21  to an Interrogatory, that production shall not be deemed a waiver of the applicable privilege or

22  protection, claim of confidentiality, or other objection. Fed. R. Evid. 502(b).  If Defendants notify

23  Plaintiffs that they disclosed privileged or protected information inadvertently or otherwise,

24  regardless of whether the party took reasonable steps to prevent the disclosure or rectify the error,

25  Plaintiffs must immediately return the inadvertently produced privileged material to Defendants,

26  including any copies.  In all events, such return must occur within three (3) business days of receipt

27  of notice or discovery of the inadvertent production.  In addition, Plaintiffs must not use such items

28

2

1  for any purpose under further order of the Court.  In the event that an inadvertent production or

2  identification of information is deemed by this Court to be a waiver of any privilege or immunity,

3  the waiver shall be a limited waiver pertaining to that information only.

4      4.      Defendants object to the Interrogatories, including the Instructions and Definitions

5  sections, to the extent that they seek private, business, confidential, proprietary, or commercially

6  sensitive or personal information.  Any such information disclosed to Plaintiffs shall be pursuant to

7  the Protective Order.

8      5.      To the extent that any Interrogatory, Definition, or Instruction may be construed as

9  requiring Defendants to characterize documents or their contents or to speculate as to what

10 documents may or may not show, Defendants object to such Interrogatory, Definition, or Instruction

11 as vague, ambiguous, and calling for legal conclusion and speculation.

12     6.      Defendants object to the Interrogatories insofar as they purport to assume disputed

13 facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are

14 otherwise defective in form.  Defendants hereby deny any such disputed or inaccurate facts or legal

15 conclusions that are or may be assumed by the Interrogatories, Definitions, or Instructions.

16     7.      Defendants object to the Interrogatories to the extent they seek information regarding

17 matters that are neither relevant to the claims or defenses of any party nor reasonably calculated to

18 lead to the discovery of admissible evidence.

19     8.      Defendants object to the Interrogatories insofar as they seek information regarding

20 not only film capacitors and electrolytic capacitors but also finished products and other products

21 incorporating film capacitors and electrolytic capacitors, which Plaintiffs do not allege were the

22 subject of any price-fixing conspiracy or other anticompetitive conduct.

23     9.      Defendants object to the Interrogatories to the extent they seek information regarding

24 products that were neither sold by Defendants in the United States nor had the requisite effect on

25 commerce or trade in the United States on the grounds that such Interrogatories are unduly

26 burdensome and irrelevant to this action.  Moreover, Defendants object to the Interrogatories to the

27

28                                        3

1    extent they seek information regarding transactions not subject to United States federal and state

2    antitrust laws pursuant to the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a.

3        10.    Defendants object to the Interrogatories to the extent they are vague, ambiguous,

4    confusing, overbroad, duplicative, unduly burdensome, and/or fail to define necessary terms.

5    Defendants will interpret the Interrogatories in a reasonable manner.

6        11.    Defendants object to the Interrogatories to the extent they seek information beyond

7    the possession, custody, or control of Defendants or their current officers, directors, or employees, or

8    to the extent they are inconsistent with international treaties or conventions and/or conflict with law

9    and comity principles by seeking information located outside the United States. Defendants construe

10   each Interrogatory as requiring it to engage in a reasonable search for responsive information.

11       12.    Defendants object to the Interrogatories to the extent they seek information that is a

12   matter of public record equally accessible and/or ascertainable to Plaintiffs (such as information that

13   is currently within Plaintiffs' control), or otherwise can be obtained by a source other than

14   Defendants.

15       13.    Defendants object to each Interrogatory to the extent that it is duplicative or

16   redundant of other requests.

17       14.    Defendants object to the Interrogatories to the extent they call for information that

18   may be derived or ascertained from the documents previously produced, whether by Defendants or

19   any other party, in this proceeding, on the grounds that the burden of deriving or ascertaining

20   answers to these Interrogatories is substantially the same for Plaintiffs as for Defendants pursuant to

21   Fed. R. Civ. P. 33(d).

22       15.    Defendants object to the Interrogatories to the extent they seek information that is

23   outside the scope of discovery permitted under the stay of discovery ordered by the Court, as

24   modified. *See* ECF Nos. 309, 514.

25       16.    Defendants object to the Interrogatories to the extent they are compound and/or

26   contain discrete subparts and exceed the limit of 25 interrogatories in the Federal Rules of Civil

27   Procedure. *See* Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a

28

4

party may serve . . . no more than 25 written interrogatories, including all discrete subparts.").
Defendants' responses to these Interrogatories are made without waiving their objections to the
number of interrogatories served by Plaintiffs or any other objections.

17.     Defendants object to all Definitions, Instructions, and Interrogatories to the extent
they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific
Interrogatory on the grounds that such enlargement, expansion, or alteration renders said
Interrogatory vague, ambiguous, unintelligible, unduly broad, and uncertain.

18.     Defendants' responses herein, and their production of information and documents, do
not in any way constitute an adoption of Plaintiffs' purported Definitions of words or phrases
contained in the Interrogatories.  Defendants object to the Definitions to the extent they:  (i) are
unclear, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and
customary meanings of the words or phrases they purport to define; (iii) seek to impose obligations
different from, or in excess of, those created by the Federal Rules of Civil Procedure and Local
Rules; and/or (iv) incorporate other purported Definitions that suffer from such defects.  Without
limiting the breadth and general application of these objections, Defendants object to the Definitions
as follows:

a.     Defendants object that the purported definitions of "All," "Any," "And,"
"Or," and "Including," are overbroad, vague, and ambiguous.  Without waiving this objection, and
subject to all other applicable objections or privileges stated herein, to the extent Defendants provide
information or documents in response to any Interrogatory using these terms, Defendants shall
provide such information or documents that expressly reflect or refer on their face to information
relevant to the specified subject matter or otherwise reasonably relate to the specified subject matter.

b.     Defendants object that the purported definition of the terms "You" and
"Your" is vague, ambiguous, overbroad, unintelligible, unduly burdensome, and oppressive insofar
as it includes "predecessors, successors, subsidiaries, departments, divisions, and/or affiliates,
including without limitation any organization or entity that the responding Defendant manages or
controls, together with all present and former directors, officers, employees, agents, representatives,

1 | or any persons acting or purporting to act on behalf of the responding Defendant." Defendants also
2 | object to this definition to the extent that it includes parties or entities outside of Defendants'
3 | exclusive control. Defendants further object to this definition insofar as it purports to encompass
4 | information protected by the attorney-client privilege, work-product protection, or any other
5 | applicable doctrine, privilege, protection, or immunity from production. Further, Defendants object
6 | to this definition as purporting to impose a greater burden on Defendants than is otherwise
7 | permissible under the law, including without limitation the Federal Rules of Civil Procedure. In
8 | addition, Defendants object to this definition to the extent that it seeks to include entities other than
9 | the named defendants on which these Interrogatories were served (*i.e.*, Panasonic, PNA, Sanyo, and
10 | SNA). Unless otherwise specified below, Panasonic, PNA, Sanyo, and SNA will respond for
11 | Panasonic, PNA, Sanyo, and SNA and for no other entity or individual.

12 |        c.     Defendants object that the purported definition of the term "Identify" is vague,
13 | ambiguous, overbroad, unduly burdensome, and oppressive. Defendants also object to this
14 | definition as purporting to impose a greater burden on Defendants than is otherwise permissible
15 | under the law, including without limitation the Federal Rules of Civil Procedure. Defendants further
16 | object to this definition to the extent that it calls for the disclosure of information that would violate
17 | the legitimate privacy rights and expectations of Defendants' employees, directors, officers,
18 | affiliates, and subsidiaries, both current and former, and other individuals.

19 |        d.     Defendants object to the purported definition of the term "Person" as
20 | overbroad and unduly burdensome to the extent it improperly includes persons or entities not within
21 | Defendants' control, entities no longer in business, persons or entities who are otherwise not within
22 | the scope of discovery contemplated by Rules 26 and 33 of the Federal Rules of Civil Procedure,
23 | entities that possess no information relevant to this action, and/or third parties whose documents and
24 | information are equally accessible to Plaintiffs or readily obtainable from public or other sources.

25 |      19.     To the extent that Defendants adopt any term defined by Plaintiffs, it is solely for the
26 | purpose of responding to these Interrogatories; Defendants do not accept or concede that any of the
27 | terms or definitions contained therein are appropriate, descriptive, or accurate.

28 |

1       20.    Consistent with applicable law, and without waiver or limitation of any of their

2 general or specific objections, Defendants have made a good faith effort to interpret the

3 objectionable Definitions and terms in these Interrogatories.

4       21.    Defendants' responses herein, and their production of information and/or documents,

5 do not in any way constitute an acceptance of Plaintiffs' proposed Instructions. Defendants object to

6 the Instructions to the extent they: (i) are unclear, ambiguous, overly broad or unduly burdensome

7 and/or (ii) seek to impose obligations different from, or in excess of, those created by the Federal

8 Rules of Civil Procedure, the Local Rules, or an applicable Order of the Court. Without limiting the

9 breadth and general application of these objections, Defendants further object to the Instructions as

10 follows:

11       a.    Defendants object to the definition of "Relevant Time Period" in Instruction

12 No. 1 to the extent that it seeks information from "January 1, 2000, through the present" and reserve

13 their position that the relevant time period relating to electrolytic capacitors is January 1, 2003

14 through December 31, 2011 and that the relevant time period relating to film capacitors is January 1,

15 2007 through December 31, 2010.

16       b.    Defendants object to Instruction Nos. 2 and 7 to the extent that they seek to

17 impose obligations different from, or in excess of those provided in the Federal Rules of Civil

18 Procedure, the Local Rules, or the Standing Order for Discovery in Civil Cases Before Judge

19 Donato. Defendants also object to these definitions to the extent that they encompass information

20 protected by the attorney-client privilege, work-product protection, or any other applicable doctrine,

21 privilege, protection, or immunity from production. Defendants will produce responsive, non-

22 privileged information, if any, in compliance with Rule 33 and the discovery stay.

23       c.    Defendants object to Instruction No. 3 regarding Fed. R. Civ. P. 33(d) to the

24 extent it imposes obligations different from, or in excess of those created by the Federal Rules of

25 Civil Procedure, the Local Rules, or an applicable Order of the Court.

26

27

28

7

d.      Defendants object to Instruction Nos. 4 and 6 to the extent that they seek to impose obligations inconsistent with Rule 33 of the Federal Rules of Civil Procedure.  Defendants will produce responsive, non-privileged information, if any, in compliance with Rule 33.

e.      Defendants object to Instruction No. 5 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks to impose obligations inconsistent with Rule 33 of the Federal Rules of Civil Procedure.

f.      Defendants object to Instruction No. 8 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks to impose obligations inconsistent with Rule 33 of the Federal Rules of Civil Procedure.  Defendants further object to Instruction No. 8 to the extent that it calls for the disclosure of information that would violate the legitimate privacy rights and expectations of Defendants' employees, directors, officers, affiliates, and subsidiaries, both current and former, and other individuals.

g.      Defendants object to Instruction No. 9 on the grounds that it is overbroad and unduly burdensome, and to the extent that it seeks to impose obligations inconsistent with Rule 33 of the Federal Rules of Civil Procedure.

22.     Defendants object to the Interrogatories, including the Instructions and Definitions sections, to the extent they require Defendants to restore and/or search data sources that are not reasonably accessible on the grounds that such Interrogatories would subject Defendants to undue burden and expense.

23.     To the extent that Defendants respond to any particular Interrogatories by incorporating by reference their responses to any of Plaintiffs' other discovery requests, Defendants incorporate by reference all general and specific objections and limitations to the referenced requests as set forth in those responses and objections.

8

OBJECTIONS AND RESPONSES OF PANASONIC CORP., PANASONIC CORP. OF NORTH AMERICA, SANYO ELECTRIC CO.,
LTD., AND SANYO NORTH AMERICA CORP. TO DPP'S SECOND SET OF INTERROGATORIES
CASE NO. 3:14-cv-03264-JD

24.     Defendants reserve all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of any information produced in response to the Interrogatories at trial in this or any other action for any purpose whatsoever.

25.     Defendants hereby join in the objections made by other defendants to the corresponding Interrogatories served on them in this action and incorporate such objections by reference herein.

26.     Defendants hereby incorporate each of the foregoing general objections into every response below as though fully set forth therein.

27.     Subject to and without waiver of the foregoing general objections and the specific objections to each Interrogatory as set forth below, Defendants are willing to meet and confer with Plaintiffs to determine the proper scope of the Interrogatories, as well as potential means, if any, of addressing Defendants' general objections and specific objections to each Interrogatory, consistent with the restrictions of the stay of discovery ordered by the Court.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 10

If You contend that any of Your sales of Capacitors that You manufactured outside the United States to United States purchasers for delivery in the United States do not qualify as "import trade" or "import commerce" pursuant to the terms of the FTAIA, identify those sales or categories of sales and state all facts and legal theories in support of Your contention.

### RESPONSE TO INTERROGATORY NO. 10

In addition to their General Objections, including their objections to certain definitions and instructions, each of which is incorporated by this reference as though fully set forth herein, Defendants object to Interrogatory No. 10 on the grounds that it seeks to require Defendants to identify facts and evidence in support of an issue for which Plaintiffs bear the burden of proof and to identify legal theories. Defendants object to this Interrogatory because it is in excess of the limit of 25 interrogatories, including subparts, provided in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33(a)(1).  Moreover, Defendants object to this Interrogatory insofar as it seeks information

9

1  not currently in Defendants' possession, custody, or control, or refers to persons, entities, or events

2  not known to them or controlled by them; to the extent that Defendants provide information in

3  response to this Interrogatory, they will do so on behalf of Panasonic, PNA, Sanyo, and SNA only.

4  In addition, Defendants object to this Interrogatory to the extent that it seeks privileged information,

5  including without limitation information subject to the attorney-client privilege, common-interest

6  privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.

7  Defendants also object to this Interrogatory to the extent it seeks information regarding products that

8  were neither sold by Defendants in the United States nor had the requisite effect on commerce or

9  trade in the United States, including that Defendants' sales of Capacitors to third parties overseas

10 would not have a direct effect on United States commerce because, among other things, Defendants

11 had no control over how the Capacitors were subsequently priced, used, or sent and thus such

12 Interrogatory is unduly burdensome and irrelevant to this action.

13      Subject to and without waiver of the foregoing specific and general objections and of

14 Defendants' right to amend or supplement their responses, Defendants respond that they will

15 produce facts and information responsive to this Interrogatory to the extent that they exist and are

16 located upon a reasonable search.

17 **INTERROGATORY NO. 11**

18      If You contend that any of Your sales of Capacitors outside the United States to a foreign

19 subsidiary or foreign agent of a United States company for delivery in the United States do not

20 qualify as "import trade" or "import commerce" pursuant to the terms of the FTAIA, identify those

21 sales or categories of sales and state all facts and legal theories in support of Your contention.

22 **RESPONSE TO INTERROGATORY NO. 11**

23      In addition to their General Objections, including their objections to certain definitions and

24 instructions, each of which is incorporated by this reference as though fully set forth herein,

25 Defendants object to Interrogatory No. 11 on the grounds that it seeks to require Defendants to

26 identify facts and evidence in support of an issue for which Plaintiffs bear the burden of proof and to

27 identify legal theories. Defendants object to this Interrogatory because it is in excess of the limit of

28

10

1    25 interrogatories, including subparts, provided in the Federal Rules of Civil Procedure. *See* Fed. R.

2    Civ. P. 33(a)(1). Moreover, Defendants object to this Interrogatory insofar as it seeks information

3    not currently in Defendants' possession, custody, or control, or refers to persons, entities, or events

4    not known to them or controlled by them; to the extent that Defendants provide information in

5    response to this Interrogatory, they will do so on behalf of Panasonic, PNA, Sanyo, and SNA only.

6    In addition, Defendants object to this Interrogatory to the extent that it seeks privileged information,

7    including without limitation information subject to the attorney-client privilege, common-interest

8    privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.

9    Defendants also object to this Interrogatory to the extent it seeks information regarding

10   products that were neither sold by Defendants in the United States nor had the requisite effect on

11   commerce or trade in the United States, including that Defendants' sales of Capacitors to third

12   parties overseas would not have a direct effect on United States commerce because, among other

13   things, Defendants had no control over how the Capacitors were subsequently priced, used, or sent

14   and thus such Interrogatory is unduly burdensome and irrelevant to this action.

15   Subject to and without waiver of the foregoing specific and general objections and of

16   Defendants' right to amend or supplement their responses, Defendants respond that they will

17   produce facts and information responsive to this Interrogatory to the extent that they exist and are

18   located upon a reasonable search.

19   **INTERROGATORY NO. 12**

20   If You contend that any of Your sales of Capacitors to purchasers located in the United States

21   for delivery to persons located outside of the United States are outside the scope of coverage of

22   United States antitrust law pursuant to the terms of the FTAIA, whether because they do not qualify

23   as "import trade" or "import commerce" or because they did not have a substantial direct and

24   foreseeable effect on United States commerce or for any other reason, identify those sales or

25   categories of sales and state all facts and legal theories in support of Your contention.

26

27

28

OBJECTIONS AND RESPONSES OF PANASONIC CORP., PANASONIC CORP. OF NORTH AMERICA, SANYO ELECTRIC CO.,
LTD., AND SANYO NORTH AMERICA CORP. TO DPP'S SECOND SET OF INTERROGATORIES
CASE NO. 3:14-cv-03264-JD

**RESPONSE TO INTERROGATORY NO. 12**

In addition to their General Objections, including their objections to certain definitions and instructions, each of which is incorporated by this reference as though fully set forth herein, Defendants object to Interrogatory No. 12 on the grounds that it seeks to require Defendants to identify facts and evidence in support of an issue for which Plaintiffs bear the burden of proof and to identify legal theories. Defendants object to this Interrogatory because it is in excess of the limit of 25 interrogatories, including subparts, provided in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33(a)(1). Moreover, Defendants object to this Interrogatory insofar as it seeks information not currently in Defendants' possession, custody, or control, or refers to persons, entities, or events not known to them or controlled by them; to the extent that Defendants provide information in response to this Interrogatory, they will do so on behalf of Panasonic, PNA, Sanyo, and SNA only. In addition, Defendants object to this Interrogatory to the extent that it seeks privileged information, including without limitation information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity. Defendants also object to this Interrogatory to the extent it seeks information regarding products that were neither sold by Defendants in the United States nor had the requisite effect on commerce or trade in the United States, including that Defendants' sales of Capacitors to third parties overseas would not have a direct effect on United States commerce because, among other things, Defendants had no control over how the Capacitors were subsequently priced, used, or sent and thus such Interrogatory is unduly burdensome and irrelevant to this action.

Subject to and without waiver of the foregoing specific and general objections and of Defendants' right to amend or supplement their responses, Defendants respond that they will produce facts and information responsive to this Interrogatory to the extent that they exist and are located upon a reasonable search.

**INTERROGATORY NO. 13**

If You contend that any of Your sales of Capacitors to persons located outside the United States (including foreign subsidiaries or foreign agents of United States companies) that were

12

1    delivered to persons located outside the United States for incorporation into products that were sold

2    in the United States are outside the scope of United States antitrust law pursuant to the terms of the

3    FTAIA, whether because they do not qualify as "import trade" or "import commerce" or because

4    they did not have a substantial direct and foreseeable effect on United States commerce or for any

5    other reason, identify those sales and state all facts and legal theories in support of Your contention.

6    **RESPONSE TO INTERROGATORY NO. 13**

7         In addition to their General Objections, including their objections to certain definitions and

8    instructions, each of which is incorporated by this reference as though fully set forth herein,

9    Defendants object to Interrogatory No. 13 on the grounds that it seeks to require Defendants to

10   identify facts and evidence in support of an issue for which Plaintiffs bear the burden of proof and to

11   identify legal theories. Defendants object to this Interrogatory because it is in excess of the limit of

12   25 interrogatories, including subparts, provided in the Federal Rules of Civil Procedure. *See* Fed. R.

13   Civ. P. 33(a)(1). Moreover, Defendants object to this Interrogatory insofar as it seeks information

14   not currently in Defendants' possession, custody, or control, or refers to persons, entities, or events

15   not known to them or controlled by them; to the extent that Defendants provide information in

16   response to this Interrogatory, they will do so on behalf of Panasonic, PNA, Sanyo, and SNA only.

17   In addition, Defendants object to this Interrogatory to the extent that it seeks privileged information,

18   including without limitation information subject to the attorney-client privilege, common-interest

19   privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.

20   Defendants also object to this Interrogatory to the extent it seeks information regarding products that

21   were neither sold by Defendants in the United States nor had the requisite effect on commerce or

22   trade in the United States, including that Defendants' sales of Capacitors to third parties overseas

23   would not have a direct effect on United States commerce because, among other things, Defendants

24   had no control over how the Capacitors were subsequently priced, used, or sent and thus such

25   Interrogatory is unduly burdensome and irrelevant to this action.

26        Subject to and without waiver of the foregoing specific and general objections and of

27   Defendants' right to amend or supplement their responses, Defendants respond that they will

28
                                    13

1  produce facts and information responsive to this Interrogatory to the extent that they exist and are

2  located upon a reasonable search.

3  **INTERROGATORY NO. 14**

4      If you contend that the FTAIA prevents any Class Member from stating a claim that he, she

5  or it would otherwise be able to state under United States antitrust law with respect to any Capacitors

6  that Class Member purchased, identify each such purchase or category of purchase and state all facts

7  and legal theories in support of your contention.

8  **RESPONSE TO INTERROGATORY NO. 14**

9      In addition to their General Objections, including their objections to certain definitions and

10  instructions, each of which is incorporated by this reference as though fully set forth herein,

11  Defendants object to Interrogatory No. 14 on the grounds that it seeks to require Defendants to

12  identify facts and evidence in support of an issue for which Plaintiffs bear the burden of proof and to

13  identify legal theories.  Defendants object to this Interrogatory because it is in excess of the limit of

14  25 interrogatories, including subparts, provided in the Federal Rules of Civil Procedure.  *See* Fed. R.

15  Civ. P. 33(a)(1).  Moreover, Defendants object to this Interrogatory insofar as it seeks information

16  not currently in Defendants' possession, custody, or control, or refers to persons, entities, or events

17  not known to them or controlled by them; to the extent that Defendants provide information in

18  response to this Interrogatory, they will do so on behalf of Panasonic, PNA, Sanyo, and SNA only.

19  In addition, Defendants object to this Interrogatory to the extent that it seeks privileged information,

20  including without limitation information subject to the attorney-client privilege, common-interest

21  privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.

22      Defendants also object to this Interrogatory to the extent it seeks information regarding

23  products that were neither sold by Defendants in the United States nor had the requisite effect on

24  commerce or trade in the United States, including that Defendants' sales of Capacitors to third

25  parties overseas would not have a direct effect on United States commerce because, among other

26  things, Defendants had no control over how the Capacitors were subsequently priced, used, or sent

27  and thus such Interrogatory is unduly burdensome and irrelevant to this action.

28

14

1   Subject to and without waiver of the foregoing specific and general objections and of

2   Defendants' right to amend or supplement their responses, Defendants respond that they will

3   produce facts and information responsive to this Interrogatory to the extent that they exist and are

4   located upon a reasonable search.

5   **INTERROGATORY NO. 15**

6   If Your response to any of Direct Purchaser Plaintiffs' Requests for Admissions Nos. 1

7   through 4 is anything other than an unqualified admission, state your reasons therefor and all bases

8   for your response.

9   **RESPONSE TO INTERROGATORY NO. 15**

10  In addition to their General Objections, including their objections to certain definitions and

11  instructions, each of which is incorporated by this reference as though fully set forth herein,

12  Defendants object to Interrogatory No. 15 on the grounds that it is overbroad and unduly

13  burdensome. Defendants object to this Interrogatory because it is in excess of the limit of 25

14  interrogatories, including subparts, provided in the Federal Rules of Civil Procedure. *See* Fed. R.

15  Civ. P. 33(a)(1). Moreover, Defendants object to this Interrogatory insofar as it seeks information

16  not currently in Defendants' possession, custody, or control, or refers to persons, entities, or events

17  not known to them or controlled by them; to the extent that Defendants provide information in

18  response to this Interrogatory, they will do so on behalf of Panasonic, PNA, Sanyo, and SNA only.

19  Defendants further object to this Interrogatory on the grounds that it seeks information that is neither

20  relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery

21  of admissible evidence. In addition, Defendants object to this Interrogatory to the extent it seeks

22  privileged information, including without limitation information subject to the attorney-client

23  privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any

24  other privilege or immunity. Defendants also object to this Interrogatory to the extent it seeks

25  information regarding products that were neither sold by Defendants in the United States nor had the

26  requisite effect on commerce or trade in the United States, including that Defendants' sales of

27  Capacitors to third parties overseas would not have a direct effect on United States commerce

28

15

1   because, among other things, Defendants had no control over how the Capacitors were subsequently

2   priced, used, or sent and thus such Interrogatory is unduly burdensome and irrelevant to this action.

3         Subject to and without waiver of the foregoing specific and general objections and of

4   Defendants' right to amend or supplement their responses, Defendants respond as follows:

5         <u>Request for Admission No. 2</u>

6         This Request seems to seek information relating to the ultimate delivery location of certain

7   standalone Capacitors after they left Defendants' possession.  Although PNA and SNA have sold

8   Capacitors to a foreign subsidiary of a United States company, they cannot and do not track specific

9   Capacitors after their initial sale.  Panasonic and Sanyo are investigating whether they made relevant

10  sales to a foreign subsidiary of a United States company.

11        <u>Request for Admission No. 3</u>

12        This Request seems to seek information regarding Capacitors that Defendants sold to

13  purchasers located in the United States that were delivered to persons located outside the United

14  States.  To the extent that this Request seeks information relating to delivery by Defendants to

15  persons located outside the United States, Defendants' investigation is ongoing and currently they do

16  not have sufficient information to admit or deny whether they sold Capacitors to purchasers located

17  in the United States and delivered those same Capacitors to persons located outside the United

18  States.  To the extent that this Request seeks information relating to delivery by any other party to

19  persons located outside the United States after the Capacitors left Defendants' possession,

20  Defendants currently do not have sufficient information to admit or deny the Request and

21  Defendants cannot and do not track specific Capacitors after their initial sale.

22        <u>Request for Admission No. 4</u>

23        This Request appears to seek information regarding the movement of certain standalone

24  Capacitors after they left Defendants' possession and/or the movement of certain Capacitors within

25  other products.  Regarding the incorporation of these Capacitors into a product that is sold in the

26  United States, although Defendants may have general knowledge that some unknown portion of

27

28

OBJECTIONS AND RESPONSES OF PANASONIC CORP., PANASONIC CORP. OF NORTH AMERICA, SANYO ELECTRIC CO.,
LTD., AND SANYO NORTH AMERICA CORP. TO DPP'S SECOND SET OF INTERROGATORIES
CASE NO. 3:14-cv-03264-JD

1   Capacitors first sold to certain third-parties overseas may end up in products in the United States,

2   Defendants cannot and do not track specific Capacitors after their initial sale.

3

4   DATED: March 30, 2015

5
                                                    By: /s/ Jeffrey L. Kessler
6                                                   Jeffrey L. Kessler (*pro hac vice*)
                                                    jkessler@winston.com
7                                                   A. Paul Victor (*pro hac vice*)
                                                    pvictor@winston.com
8                                                   Molly Donovan *(pro hac vice)*
                                                    mmdonovan@winston.com
9                                                   Mollie C. Richardson *(pro hac vice)*
                                                    mrichardson@winston.com
10                                                  **WINSTON & STRAWN LLP**
                                                    200 Park Avenue
11                                                  New York, NY  10166-4193
                                                    Telephone:  (212) 294-6700
12                                                  Facsimile:  (212) 294-4700
13
                                                    Ian L. Papendick (SBN 275648)
14                                                  ipapendick@winston.com
                                                    **WINSTON & STRAWN LLP**
15                                                  101 California Street
                                                    San Francisco, CA 94111
16                                                  Telephone:  (415) 591-1000
                                                    Facsimile:  (415) 591-1400
17
18                                                  *Counsel for Defendants*
                                                    *Panasonic Corporation*
19                                                  *Panasonic Corporation of North America*
                                                    *SANYO Electric Co., Ltd.*
20                                                  *SANYO North America Corporation*

21

22

23

24

25

26

27

28
                                                17

**CERTIFICATE OF SERVICE**

I, Ian L. Papendick, declare under penalty of perjury that I am a citizen of the United States, I am over the age of 18 years, I am employed by Winston & Strawn LLP at the address indicated, and I am not a party to the within action.

I further declare that on the date of March 30, 2015, I served a true and correct copy of the OBJECTIONS AND RESPONSES OF DEFENDANTS PANASONIC CORP., PANASONIC CORP. OF NORTH AMERICA, SANYO ELECTRIC CO., LTD., AND SANYO NORTH AMERICA CORP. TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF INTERROGATORIES by electronically transmitting a copy of the document via email to the addressees as set forth below, in accordance with the parties' agreement to be served electronically.

| | |
|---|---|
| Joseph R. Saveri<br>Andrew M. Purdy<br>James G. Dallal<br>Ryan J. McEwan<br>JOSEPH SAVERI LAW FIRM, INC.<br>505 Montgomery Street, Suite 625<br>San Francisco, CA 94111<br>Telephone: 415-500-6800<br>Facsimile: 415-395-9940<br><br>**_Interim Lead Counsel for Direct Purchaser Plaintiffs_** | jsaveri@saverilawfirm.com<br>apurdy@saverilawfirm.com<br>jdallal@saverilawfirm.com<br>rmcewan@saverilawfirm.com |
| Joseph W. Cotchett<br>Steven N. Williams<br>Elizabeth Tran<br>Joyce Chang<br>COTCHETT, PITRE & McCARTHY, LLP<br>840 Malcolm Road Suite 200<br>Burlingame, CA 94010<br>Telephone: 650-697-6000<br>Facsimile: 650-697-0577<br><br>**_Interim Lead Counsel for Indirect Purchaser Plaintiffs_** | jcotchett@cpmlegal.com<br>swilliams@cpmlegal.com<br>etran@cpmlegal.com<br>jchang@cpmlegal.com |
| **_Counsel for all Defendants via Email_** | |

DATED: March 30, 2015

/s/ Ian L. Papendick
Ian L. Papendick

1   Jeffrey L. Kessler *(pro hac vice)*
    jkessler@winston.com
2   A. Paul Victor *(pro hac vice)*
    pvictor@winston.com
3   Molly Donovan *(pro hac vice)*
    mmdonovan@winston.com
4   Mollie C. Richardson *(pro hac vice)*
    mrichardson@winston.com
5   WINSTON & STRAWN LLP
    200 Park Avenue
6   New York, NY 10166-4193
    Telephone:   (212) 294-6700
7   Facsimile:    (212) 294-4700

8   Ian L. Papendick (SBN 275648)
    ipapendick@winston.com
9   WINSTON & STRAWN LLP
    101 California Street
10  San Francisco, CA 94111
    Telephone:   (415) 591-1000
11  Facsimile:    (415) 591-1400

12  *Counsel for Defendants*
    *Panasonic Corporation*
13  *Panasonic Corporation of North America*
    *SANYO Electric Co., Ltd.*
14  *SANYO North America Corporation*

15

16

      **UNITED STATES DISTRICT COURT**
     **NORTHERN DISTRICT OF CALIFORNIA**
       **SAN FRANCISCO DIVISION**

17  IN RE CAPACITORS ANTITRUST        Case No. 3:14-cv-03264-JD
    LITIGATION
18                     **VERIFICATION FOR PANASONIC**
                        **CORP., PANASONIC CORP. OF NORTH**
19                     **AMERICA, SANYO ELECTRIC CO., LTD.,**
                      **AND SANYO NORTH AMERICA CORP.**
20  This Document Relates to:         **OF OBJECTIONS AND RESPONSES TO**
                     **DIRECT PURCHASER PLAINTIFFS'**
21  ALL DIRECT PURCHASER ACTIONS   **SECOND SET OF INTERROGATORIES**

22

23

24

25

26

27

28

1    I, Hideaki Yamashita, am with the Corporate Legal Affairs Center, Automotive & Industrial
2    Systems Company, Panasonic Corporation, and I have been authorized to make this verification on
3    behalf of Panasonic Corporation, Panasonic Corporation of North America, SANYO Electric Co.,
4    Ltd., and SANYO North America Corporation.
5    I have read the Objections and Responses of Panasonic Corporation, Panasonic Corporation
6    of North America, SANYO Electric Co., Ltd., and SANYO North America Corporation to Direct
7    Purchaser Plaintiffs' Second Set of Interrogatories (the "Responses") and hereby declare that the
8    Responses are either true to the best of my personal knowledge or were assembled by authorized
9    employees or agents of Panasonic Corporation, Panasonic Corporation of North America, SANYO
10   Electric Co., Ltd., and SANYO North America Corporation, who inform me that the facts to which I
11   do not have personal knowledge are true to the best of that person's or those persons' knowledge and
12   belief.
13   I verify under penalty of perjury under the laws of the United States of America that the
14   foregoing is true and correct.
15   Executed at Osaka, Japan on March 27, 2015.
16
17
18                                    Hideaki Yamashita
19
20
21
22
23
24
25
26
27
28
                                    1