

U.S. Department of Justice

Antitrust Division

*San Francisco Office*

*450 Golden Gate Avenue*  *415/934-5300*
*Box 36046, Room 10-0101*  *FAX 415/934-5399*
*San Francisco, CA 94102-3478*

April 24, 2015

The Honorable James Donato
United States District Judge
Courtroom 11, 19th Floor
United States Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

     Re: *In Re Capacitors Antitrust Litigation*, No. 3:14-cv-03264-JD

Dear Judge Donato:

     I write on behalf of the United States, an intervenor in this civil action, with regard to the discussion in plaintiffs' and defendants' recent Joint Status Conference Statement regarding translations provided to the DOJ (Dkt. 654, pp.16-18, for a status conference on April 29, 2015). The United States opposes the production of such translations as violative of the stipulated Court Order precluding the discovery of communications with the grand jury or the United States (Dkt. 632).

     The situation is analogous to the LCD grand jury investigation in this district in 2010 in which there was a similar order precluding discovery of communications and Judge Susan Illston sustained an objection by the DOJ attorneys in this office to the disclosure of translations as barred under the order (*In re: TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, N.D. Cal, Jan. 21, 2010 Order (ECF No. 1493)).

     In this matter, as in the LCD matter, various firms who are cooperating with the grand jury investigation have voluntarily created and provided translations to the DOJ. The particular documents selected for translation were the product of discussions with DOJ attorneys regarding the focus of the grand jury's investigation. Government attorneys identified areas of interest, such as names, meetings, and key events, and requested cooperating firms to provide translations for a narrow, targeted group of documents relevant to the investigation. In response, cooperating firms provided English translations of certain key foreign language documents.

In this context, a discovery request for translations provided to the DOJ goes beyond pre-existing documents created in the ordinary course of business to which the government at this point is not objecting. The Court will recall the government addressed concerns about discovery beyond such pre-existing documents in the government's letter to the Court of April 6, 2015, on lifting the discovery stay (Dkt. 631). In the view of the attorneys for the government, the requested production of these translations would interfere with the ongoing and active electrolytic capacitors grand jury investigation and would inhibit cooperation and the production of translations to the DOJ in future investigations.

Sincerely,

/s/

Howard J. Parker
Trial Attorney
DOJ Antitrust Division