# EXHIBIT A

1   Evan Nadel (SBN 213230)
    enadel@mintz.com
2   MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
    44 Montgomery Street 36th Floor
3   San Francisco, California 94104
    Telephone:  415-432-6000
4   Facsimile:  415-432-6001

5   Bruce D. Sokler (*Admitted Pro Hac Vice*)
    bdsokler@mintz.com
6   MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
    701 Pennsylvania Avenue N.W., Suite 900
7   Washington, D.C. 20004
    Telephone:  202-434-7300
8   Facsimile:  202-434-7400

9   Attorneys for Defendant,
    AVX CORPORATION

10

11              UNITED STATES DISTRICT COURT

12           NORTHERN DISTRICT OF CALIFORNIA

13              SAN FRANCISCO DIVISION

| | |
|---|---|
| 14  IN RE CAPACITORS ANTITRUST LITIGATION | Case No. 3:14-cv-03264-JD |
| 15 | **OBJECTIONS AND RESPONSES OF DEFENDANT AVX** |
| 16  THIS DOCUMENT RELATES TO: | **CORPORATION TO PLAINTIFFS' SECOND SET OF** |
| 17  AVX CORPORATION | **INTERROGATORIES** |

18

19         Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant AVX

20  Corporation ("AVX") hereby objects and responds to Direct Purchaser Plaintiffs' Second Set of

21  Interrogatories (the "Interrogatories" collectively, or "Interrogatory" individually) as follows:

22              **OBJECTIONS TO EACH AND EVERY REQUEST**

23         AVX incorporates by reference its Objections to Each and Every Request set forth in its

24  Responses to Plaintiffs' First Set of Interrogatories.  Without waiving, and expressly subject to

25  the foregoing objections to each and every request, AVX responds as follows:

26

27

28
───────────────────────────────────────────
          OBJECTIONS AND RESPONSES OF DEFENDANT AVX CORPORATION TO
               PLAINTIFFS' SECOND SET OF INTERROGATORIES

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 10**

If You contend that any of Your sales of Capacitors that You manufactured outside the United States to United States purchasers for delivery in the United States do not qualify as "import trade" or "import commerce" pursuant to the terms of the FTAIA, identify those sales or categories of sales and state all facts and legal theories in support of Your contention.

**RESPONSE TO INTERROGATORY NO. 10**

AVX specifically objects to Interrogatory No. 10 on the grounds that it is overly broad, vague, ambiguous and unduly burdensome. AVX further objects to this Interrogatory to the extent it calls for a legal conclusion and/or seeks information protected by the attorney-client privilege, the work-product doctrine, or any other privilege or doctrine. In particular, AVX objects to this Interrogatory on the grounds that it is a premature contention interrogatory that seeks attorney work product in the form of legal theories and contentions relating to Defendants' arguments regarding the FTAIA. These issues will be addressed in the parties' forthcoming FTAIA motions for summary judgment and responses thereto. This Interrogatory also purports to improperly shift the burden of proof on FTAIA issues to AVX. Plaintiffs should identify the sales they contend are at issue; after they have done so, AVX can respond with regard to those sales or categories of sales AVX contends are barred by the FTAIA.

Subject to and without waiving the foregoing objections, AVX respond as follows: AVX has agreed to produce transactional data pursuant to Plaintiffs' first set of document requests. After Plaintiffs have set forth the nature of the sales for which they seek to recover, AVX is willing to further meet and confer regarding this Interrogatory.

**INTERROGATORY NO. 11**

If You contend that any of Your sales of Capacitors outside the United States to a foreign subsidiary or foreign agent of a United States company for delivery in the United States do not

---

OBJECTIONS AND RESPONSES OF DEFENDANT AVX CORPORATION TO
PLAINTIFFS' SECOND SET OF INTERROGATORIES

qualify as "import trade" or "import commerce" pursuant to the terms of the FTAIA, identify those sales or categories of sales and state all facts and legal theories in support of Your contention.

**RESPONSE TO INTERROGATORY NO. 11**

AVX specifically objects to Interrogatory No. 10 on the grounds that it is overly broad, vague, ambiguous and unduly burdensome. AVX further objects to this Interrogatory to the extent it calls for a legal conclusion and/or seeks information protected by the attorney-client privilege, the work-product doctrine, or any other privilege or doctrine. In particular, AVX objects to this Interrogatory on the grounds that it is a premature contention interrogatory that seeks attorney work product in the form of legal theories and contentions relating to Defendants' arguments regarding the FTAIA. These issues will be addressed in the parties' forthcoming FTAIA motions for summary judgment and responses thereto. This Interrogatory also purports to improperly shift the burden of proof on FTAIA issues to AVX. Plaintiffs should identify the sales they contend are at issue; after they have done so, AVX can respond with regard to those sales or categories of sales AVX contends are barred by the FTAIA.

Subject to and without waiving the foregoing objections, AVX respond as follows: AVX has agreed to produce transactional data pursuant to Plaintiffs' first set of document requests. After Plaintiffs have set forth the nature of the sales for which they seek to recover, AVX is willing to further meet and confer regarding this Interrogatory.

**INTERROGATORY NO. 12**

If You contend that any of Your sales of Capacitors to purchasers located in the United States for delivery to persons located outside of the United States are outside the scope of coverage of United States antitrust law pursuant to the terms of the FTAIA, whether because they do not qualify as "import trade" or "import commerce" or because they did not have a substantial direct and foreseeable effect on United States commerce or for any other reason,

1  identify those sales or categories of sales and state all facts and legal theories in support of Your

2  contention.

3  **RESPONSE TO INTERROGATORY NO. 12**

4      AVX specifically objects to Interrogatory No. 10 on the grounds that it is overly broad,

5  vague, ambiguous and unduly burdensome.  AVX further objects to this Interrogatory to the

6  extent it calls for a legal conclusion and/or seeks information protected by the attorney-client

7  privilege, the work-product doctrine, or any other privilege or doctrine.  In particular, AVX

8  objects to this Interrogatory on the grounds that it is a premature contention interrogatory that

9  seeks attorney work product in the form of legal theories and contentions relating to Defendants'

10  arguments regarding the FTAIA.  These issues will be addressed in the parties' forthcoming

11  FTAIA motions for summary judgment and responses thereto.  This Interrogatory also purports

12  to improperly shift the burden of proof on FTAIA issues to AVX.  Plaintiffs should identify the

13  sales they contend are at issue; after they have done so, AVX can respond with regard to those

14  sales or categories of sales AVX contends are barred by the FTAIA.

15      Subject to and without waiving the foregoing objections, AVX respond as follows:  AVX

16  has agreed to produce transactional data pursuant to Plaintiffs' first set of document requests.

17  After Plaintiffs have set forth the nature of the sales for which they seek to recover, AVX is

18  willing to further meet and confer regarding this Interrogatory.

19

20  **INTERROGATORY NO. 13**

21      If You contend that any of Your sales of Capacitors to persons located outside the United

22  States (including foreign subsidiaries or foreign agents of United States companies) that were

23  delivered to persons located outside the United States for incorporation into products that were

24  sold in the United States are outside the scope of United States antitrust law pursuant to the terms

25  of the FTAIA, whether because they do not qualify as "import trade" or "import commerce" or

26  because they did not have a substantial direct and foreseeable effect on United States commerce

27

28

---

OBJECTIONS AND RESPONSES OF DEFENDANT AVX CORPORATION TO
PLAINTIFFS' SECOND SET OF INTERROGATORIES

1   or for any other reason, identify those sales and state all facts and legal theories in support of

2   Your contention.

3   **RESPONSE TO INTERROGATORY NO. 13**

4        AVX specifically objects to Interrogatory No. 10 on the grounds that it is overly broad,

5   vague, ambiguous and unduly burdensome. AVX further objects to this Interrogatory to the

6   extent it calls for a legal conclusion and/or seeks information protected by the attorney-client

7   privilege, the work-product doctrine, or any other privilege or doctrine. In particular, AVX

8   objects to this Interrogatory on the grounds that it is a premature contention interrogatory that

9   seeks attorney work product in the form of legal theories and contentions relating to Defendants'

10  arguments regarding the FTAIA. These issues will be addressed in the parties' forthcoming

11  FTAIA motions for summary judgment and responses thereto. This Interrogatory also purports

12  to improperly shift the burden of proof on FTAIA issues to AVX. Plaintiffs should identify the

13  sales they contend are at issue; after they have done so, AVX can respond with regard to those

14  sales or categories of sales AVX contends are barred by the FTAIA.

15       Subject to and without waiving the foregoing objections, AVX respond as follows: AVX

16  has agreed to produce transactional data pursuant to Plaintiffs' first set of document requests.

17  After Plaintiffs have set forth the nature of the sales for which they seek to recover, AVX is

18  willing to further meet and confer regarding this Interrogatory.

19

20  **INTERROGATORY NO. 14**

21       If you contend that the FTAIA prevents any Class Member from stating a claim that he,

22  she or it would otherwise be able to state under United States antitrust law with respect to any

23  Capacitors that Class Member purchased, identify each such purchase or category of purchase

24  and state all facts and legal theories in support of your contention.

25

26

27

28

---

OBJECTIONS AND RESPONSES OF DEFENDANT AVX CORPORATION TO
PLAINTIFFS' SECOND SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 14**

AVX specifically objects to Interrogatory No. 10 on the grounds that it is overly broad, vague, ambiguous and unduly burdensome.  AVX further objects to this Interrogatory to the extent it calls for a legal conclusion and/or seeks information protected by the attorney-client privilege, the work-product doctrine, or any other privilege or doctrine.  In particular, AVX objects to this Interrogatory on the grounds that it is a premature contention interrogatory that seeks attorney work product in the form of legal theories and contentions relating to Defendants' arguments regarding the FTAIA.  These issues will be addressed in the parties' forthcoming FTAIA motions for summary judgment and responses thereto.  This Interrogatory also purports to improperly shift the burden of proof on FTAIA issues to AVX.  Plaintiffs should identify the sales they contend are at issue; after they have done so, AVX can respond with regard to those sales or categories of sales AVX contends are barred by the FTAIA.

Subject to and without waiving the foregoing objections, AVX respond as follows:  AVX has agreed to produce transactional data pursuant to Plaintiffs' first set of document requests. After Plaintiffs have set forth the nature of the sales for which they seek to recover, AVX is willing to further meet and confer regarding this Interrogatory.

**INTERROGATORY NO. 15**

If Your response to any of Direct Purchaser Plaintiffs' Requests for Admissions Nos. 1 through 4 is anything other than an unqualified admission, state your reasons therefor and all bases for your response.

**RESPONSE TO INTERROGATORY NO. 15**

AVX incorporates by reference its general and specific objections to Plaintiffs' Request for Admissions Nos. 1, 2, 3, and 4.  AVX also objects to this Interrogatory on the grounds that it is duplicative of information sought through other means.

---

OBJECTIONS AND RESPONSES OF DEFENDANT AVX CORPORATION TO
PLAINTIFFS' SECOND SET OF INTERROGATORIES

1    Subject to and without waiving the foregoing objections, AVX responds as follows:

2   AVX denied Requests for Admission Nos. 2 and 3.  In doing so, AVX stated that it was unable

3   to admit or deny the Requests on the basis that the information AVX currently knows or can

4   readily obtain is insufficient to enable it to admit or deny the Request.

5

6   Dated:  March 30, 2015                         MINTZ, LEVIN, COHN, FERRIS,
                                                    GLOVSKY AND POPEO, P.C.
7

8                                                  By: /s/ Bruce D. Sokler
                                                   Bruce D. Sokler
9
                                                   Bruce D. Sokler *(admitted pro hac vice)*
10                                                 701 Pennsylvania Avenue NW
                                                   Suite 900
11                                                 Washington, DC 20004
                                                   Telephone: (202) 434-7300
12                                                 Facsimile: (202) 434-7400
                                                   bdsokler@mintz.com
13

14                                                 Evan S. Nadel
                                                   44 Montgomery Street, 36th Floor
15                                                 San Francisco, CA 94104
                                                   Telephone" (415) 432-6000
16                                                 Facsimile: (415) 432-6001
                                                   enadel@mintz.com
17

18                                                 *Attorneys for Defendant AVX Corporation*

19

20

21

22

23

24

25

26

27

28
    ────────────────────────────────────────────────────────
              OBJECTIONS AND RESPONSES OF DEFENDANT AVX CORPORATION TO
                   PLAINTIFFS' SECOND SET OF INTERROGATORIES

1

## **VERIFICATION**

2   Signed under the pains and penalties of perjury, this <u>25th</u> day of March, 2015.

3

4                                         _____
                                          Evan Slavitt on behalf of AVX CORPORATION
5                                         and not individually.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS AND RESPONSES OF DEFENDANT AVX CORPORATION TO
PLAINTIFFS' SECOND SET OF INTERROGATORIES

Scott M. Mendel *(pro hac vice)*
Steven M. Kowal *(pro hac vice)*
Michael M. Martinez *(pro hac vice)*
Lauren N. Norris *(pro hac vice)*
Lauren B. Salins *(pro hac vice)*
K&L Gates LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602
Telephone: (312) 372-1121
Facsimile: (312) 827-8000
scott.mendel@klgates.com
steven.kowal@klgates.com
michael.martinez@klgates.com
lauren.norris@klgates.com
lauren.salins@klgates.com

*Counsel for Defendants*
*Nichicon Corporation*
*Nichicon (America) Corporation*
*FPCAP Electronics (Suzhou) Co., Ltd.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION | Case No. 3:14-cv-03264-JD |
| | **OBJECTIONS AND RESPONSES OF DEFENDANTS NICHICON CORPORATION, NICHICON (AMERICA) CORPORATION, AND FPCAP ELECTRONICS (SUZHOU) CO., LTD. TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF INTERROGATORIES** |
| This Document Relates to: | |
| DIRECT PURCHASER ACTIONS | |

1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Nichicon Corporation, Nichicon (America) Corporation, and FPCAP Electronics (Suzhou) Co., Ltd. (collectively, "Nichicon") hereby respond and object to the Direct Purchaser Plaintiffs' First Set of Interrogatories (the "Interrogatories" collectively, or "Interrogatory" individually), served by the Direct Purchaser Plaintiffs ("the Plaintiffs") on February 25, 2015, as follows.

The following objections and responses are based upon the information currently known and available to Nichicon. Discovery is in the preliminary stages and is ongoing, and may disclose the existence of additional facts or documents, add meaning to known facts or documents, or lead to additions, variations, or changes to these objections and responses. Without obligating itself to do so, except to the extent required under the Federal Rules of Civil Procedure, Nichicon reserves the right to amend or supplement the responses as additional information is discovered, revealed, recalled, or otherwise ascertained, and as further analysis, research, investigation, and discovery disclose additional facts and documents.

## GENERAL OBJECTIONS

1.  Nichicon asserts the General Responses and Objections with respect to each and every Interrogatory, Instruction, and Definition contained in the Interrogatories.

2.  Nichicon objects to the scope of the Interrogatories to the extent they are vague, overbroad, ambiguous, or seek material which neither pertains to the allegations in this lawsuit nor is reasonably calculated to lead to the discovery of admissible evidence.

3.  Nichicon objects to the scope of the Interrogatories to the extent that they violate the Court's Order on October 29, 2014 staying discovery until April 15, 2015 by seeking discovery beyond the scope of the Court's January 14, 2015 Order. *See* ECF Nos. 309, 514.

4.  Nichicon objects to the Interrogatories' Definitions, Instructions, and Interrogatories to the extent they purport to impose burdens on Nichicon exceeding the scope of the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California ("N.D. Cal. Local Rules"), the Standing Orders of the presiding judge, or other applicable domestic or foreign laws or rules, including but not limited to

2

OBJECTIONS AND RESPONSES OF DEFENDANTS NICHICON CORPORATION, NICHICON (AMERICA) CORPORATION, AND FPCAP
ELECTRONICS (SUZHOU) CO., LTD. TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF INTERROGATORIES–CASE NO. 14-CV-03264-JD

1  privacy laws, and/or what the parties have agreed to or will agree to with regards to an electronically

2  stored information ("ESI") protocol, protective order, privilege agreement, and expert stipulation.

3       5.      Nichicon objects to the Interrogatories' Definitions, Instructions, and Interrogatories

4  as unduly burdensome and oppressive to the extent that they purport to require Nichicon to search

5  facilities and files and/or interview employees other than those facilities and files and/or employees

6  that would reasonably be expected to have responsive information.   Subject to its objections,

7  Nichicon's responses will be based upon (1) a reasonable search of facilities and files that could

8  reasonably be expected to possess responsive information, and (2) interviews of Nichicon employees

9  and/or representatives who could reasonably be expected to possess responsive information.

10      6.      Nichicon objects to the Interrogatories as premature to the extent that they seek

11  information related to opinion testimony or to expert discovery.

12      7.      Nichicon objects to the Interrogatories to the extent they seek information in the

13  possession, custody, or control of any entity other than Nichicon on the grounds that any such request

14  is overbroad and unduly burdensome.  Nichicon further objects to the Interrogatories to the extent

15  that they request information in violation of a legal or contractual obligation of non-disclosure to a

16  third party.  Nichicon will not provide such information without the consent of the relevant third

17  party or a court order compelling production.

18      8.      Nichicon objects to the Interrogatories to the extent they seek disclosure of

19  information protected from discovery by the attorney-client privilege, the work product doctrine, or

20  any other applicable privilege or exemption (collectively, "privileged information").  Nichicon will

21  not produce any privileged information.   The production of any privileged information is

22  unintentional, and Nichicon does not intend to waive any applicable privilege or objection through

23  such production.   Nichicon reserves the right to correct the record with regard to any such

24  unintentional production.

25      9.      Nichicon's decision to provide information notwithstanding the objectionable nature

26  of any definition or instruction, or the Interrogatories themselves, should not be construed as: (a) an

27  admission that the material is relevant; (b) a waiver of the General Responses and Objections or the

28  objections asserted in response to the specific Interrogatory; or (c) an agreement that requests for

3

similar information will be treated in a similar manner.  All information produced by Nichicon shall be governed under the terms of the Stipulated Protective Order that has been entered by the Court and any subsequent amendments to the Stipulated Protective Order. *See* ECF Nos. 554, 563.

10.     Nichicon objects to the Interrogatories' Definitions, Instructions, and Interrogatories to the extent they purport to require Nichicon to provide information that is equally available to Plaintiffs, on the grounds that providing such information would be unduly burdensome.  This objection applies, particularly, to information that is publicly available and/or information that is already in Plaintiffs' possession.

11.     Nichicon objects to the Interrogatories' Definitions, Instructions, and Interrogatories to the extent they seek information that is not reasonably accessible by Nichicon because of undue burden or cost.

12. Nichicon objects to the Interrogatories to the extent they exceed the number of interrogatories, including discrete sub-parts, allowed by Fed. R. Civ. P. 33(a)(1), or as agreed to by the parties.

### OBJECTIONS TO DEFINITIONS

13.     Nichicon objects that the purported definitions of "All," "Any," "And," "Or," and "Including," are overbroad, vague, and ambiguous. Without waiving this objection, and subject to all other applicable objections or privileges stated herein, to the extent Nichicon provides information or documents in response to any Interrogatory using these terms, Nichicon shall provide such information or documents that expressly reflect or refer on their face to information relevant to the specified subject matter or otherwise reasonably relate to the specified subject matter.

14.     Nichicon objects to the definition of the term "Identify" as defined in Definitions 10 through 12 as irrelevant, unduly burdensome, and overbroad.  Nichicon further objects to the definition of the term "Identify" as defined in Definitions 10-12 as an interrogatory improperly posed in the form of a definition. Nichicon also objects to the definition of the term "Identify" to the extent that, by virtue of the definition, any request including this term is compound and includes several distinct subparts that should be the subject of separate interrogatories.

4

OBJECTIONS AND RESPONSES OF DEFENDANTS NICHICON CORPORATION, NICHICON (AMERICA) CORPORATION, AND FPCAP
ELECTRONICS (SUZHOU) CO., LTD. TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF INTERROGATORIES–CASE NO. 14-CV-03264-JD

15. Nichicon objects to the definition of the term "Person" as overbroad, vague, ambiguous, and unintelligible. Nichicon further objects to the definition of the term "Person" to the extent that, by virtue of the definition, any request including this term seeks information protected by the privilege covering attorney-client communications and the work product doctrine, or is protected by a legal or contractual obligation of non-disclosure to a third party.

16. Nichicon objects to the definition of the terms "You" or "your" as overbroad and potentially encompassing entities whose information is not in Nichicon's possession, custody, or control. Nichicon further objects to the definition of the terms "You" and "your" to the extent that, by virtue of the definition, any request including those terms seeks information protected by the privilege covering attorney-client communications or the work product doctrine, or is protected by a legal or contractual obligation of non-disclosure to a third party.  In its responses to the Interrogatories, Nichicon will interpret the definition of the terms "You" and "your" as being limited to Nichicon Corporation, Nichicon (America) Corporation, and FPCAP Electronics (Suzhou) Co., Ltd., with regards to their operations concerning ATF Capacitors only.

## OBJECTIONS TO INSTRUCTIONS

17. Nichicon objects to the "Relevant Time Period" applicable to the Interrogatories as rendering every specific request to which it purports to apply overbroad and unduly burdensome. Requiring Nichicon to produce information from a period extending "to the present" is unreasonably burdensome, not least because it does not account for the time required to collect, organize, and present such information. In its responses to the Interrogatories, Nichicon will interpret the "Relevant Time Period" applicable to the Interrogatories as January 1, 2003 through August 31, 2014.

18. Nichicon objects to the unlimited geographic scope of the Interrogatories as rendering every specific interrogatory to which it purports to apply overbroad and unduly burdensome. The use of an unlimited geographic scope would permit Plaintiffs to indiscriminately request that Nichicon provide information relating to every state, country, and region in which Nichicon operates with no justification for imposing such a burden or explanation of why such a request cannot be more narrowly drafted.

19.     Nichicon objects to Instruction 3 to the extent that it imposes obligations beyond what is required under Rule 33(d) of the Federal Rules of Civil Procedure.  Nichicon reserves all of its rights under Rule 33(d) to amend and supplement its responses to the Interrogatories using information from its business records.

20.     Nichicon objects to Instruction 8 as an interrogatory improperly posed in the form of an instruction.  Nichicon also objects to Instruction 8 to the extent that it imposes obligations beyond what is required under Rule 33 of the Federal Rules of Civil Procedure.

*******

21.     The Objections and Responses below shall not be construed as an admission of or agreement with any implication, statement, characterization or conclusions implied or stated in any Definition, Instruction, or Interrogatory.  The fact that Nichicon may answer part or all of any Interrogatory is not intended to be, and shall not construed to be, a waiver by Nichicon of any part of any objection to the Interrogatory.

22.     Nichicon reserves the right to assert additional general and specific objections to the production of information and/or documents as appropriate and to supplement these objections and responses. Nichicon also reserves the right to assert additional general and specific objections arising from matters discovered during the course of the litigation.

23.     Nichicon adopts and incorporates by reference, to the extent applicable, any and all objections, specific or general, asserted by any other Defendant in its responses to these Interrogatories.

24.     The General Objections, Objections to Definitions, and Objections to Instructions are incorporated by reference into each and every specific objection and response below. The fact that an answer is given or a document is provided does not waive any general or specific objection.

## SPECIFIC RESPONSES AND OBJECTIONS

In addition to the foregoing General Responses and Objections, set forth below are Nichicon's responses and further objections to each individual Interrogatory set forth in the Interrogatories. Each General Response and Objection is incorporated into each of the responses to the individual Interrogatory. Without waiving any of the foregoing General Responses and Objections, Nichicon

6

1   responds as follows:

2   **INTERROGATORIES**

3   **INTERROGATORY NO. 10:**

4          If You contend that any of Your sales of Capacitors that You manufactured outside the United

5   States to United States purchasers for delivery in the United States do not qualify as "import trade" or

6   "import commerce" pursuant to the terms of the FTAIA, identify those sales or categories of sales

7   and state all facts and legal theories in support of Your contention.

8          **RESPONSE:**

9          In addition to and without waiving its General Responses and Objections, Nichicon objects to

10  this Interrogatory to the extent that it seeks information concerning events outside the Relevant Time

11  Period, as that term is interpreted above, on the grounds that it seeks information that is neither

12  relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery

13  of admissible evidence. Nichicon specifically objects to the term "United States purchasers" as

14  vague, ambiguous, overly broad, and undefined. Additionally, Nichicon objects to this Interrogatory

15  on the grounds that it is a premature contention interrogatory.  Such a contention interrogatory, if

16  proper at all, should await the substantial completion of discovery.  Fed. R. Civ. P. 33(a)(2); *HTC*

17  *Corp. v. Technology Properties Ltd.*, No. C08-00882 JF (HRL), 2011 WL 97787 at *1-2 (N.D. Cal.

18  Jan. 21, 2011); *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328 (N.D. Cal.

19  1985).  Moreover, this contention interrogatory seeks Nichicon's legal theories at a time when the

20  parties are in the process of preparing motions and responses thereto on the very subject matter to

21  which this Interrogatory is directed.  Plaintiffs will receive Nichicon's legal theories on the subject

22  matter to which this Interrogatory is directed at the time Nichicon's briefing is filed. Nichicon also

23  objects to this Interrogatory on the grounds that it impermissibly seeks to shift to Nichicon the burden

24  that Plaintiffs bear to prove their own claims. Additionally, Nichicon objects to this Interrogatory to

25  the extent it calls for a legal conclusion, seeks Nichicon's "legal theories," or seeks any other

26  information protected by any applicable privilege, including without limitation: attorney-client

27  privilege, the work-product doctrine, the joint defense privilege, the common interest privilege,

28  and/or any other applicable privilege or doctrine. Nichicon objects to this Interrogatory to the extent

7

1   it seeks information that is the subject of expert opinion. Nichicon will disclose such information

2   only at the appropriate time pursuant to the Court's schedule or agreement of the parties.

3   **INTERROGATORY NO. 11**:

4       If You contend that any of Your sales of Capacitors outside the United States to a foreign

5   subsidiary or foreign agent of a United States company for delivery in the United States do not

6   qualify as "import trade" or "import commerce" pursuant to the terms of the FTAIA, identify those

7   sales or categories of sales and state all facts and legal theories in support of Your contention.

8       **RESPONSE**:

9       In addition to and without waiving its General Responses and Objections, Nichicon objects to

10  this Interrogatory to the extent that it seeks information concerning events outside the Relevant Time

11  Period, as that term is interpreted above, on the grounds that it seeks information that is neither

12  relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery

13  of admissible evidence. Nichicon specifically objects to the term "United States company" as vague,

14  ambiguous, overly broad, and undefined. Additionally, Nichicon objects to this Interrogatory on the

15  grounds that it is a premature contention interrogatory. Such a contention interrogatory, if proper at

16  all, should await the substantial completion of discovery. Fed. R. Civ. P. 33(a)(2); *HTC Corp. v.*

17  *Technology Properties Ltd.*, No. C08-00882 JF (HRL), 2011 WL 97787 at *1-2 (N.D. Cal. Jan. 21,

18  2011); *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985).

19  Moreover, this contention interrogatory seeks Nichicon's legal theories at a time when the parties are

20  in the process of preparing motions and responses thereto on the very subject matter to which this

21  Interrogatory is directed. Plaintiffs will receive Nichicon's legal theories on the subject matter to

22  which this Interrogatory is directed at the time Nichicon's briefing is filed. Nichicon also objects to

23  this Interrogatory on the grounds that it impermissibly seeks to shift to Nichicon the burden that

24  Plaintiffs bear to prove their own claims. Additionally, Nichicon objects to this Interrogatory to the

25  extent it calls for a legal conclusion, seeks Nichicon's "legal theories," or seeks any other information

26  protected by any applicable privilege, including without limitation: attorney-client privilege, the

27  work-product doctrine, the joint defense privilege, the common interest privilege, and/or any other

28  applicable privilege or doctrine. Nichicon objects to this Interrogatory to the extent it seeks

8

1  information that is the subject of expert opinion. Nichicon will disclose such information only at the

2  appropriate time pursuant to the Court's schedule or agreement of the parties.

3  **INTERROGATORY NO. 12:**

4       If You contend that any of Your sales of Capacitors to purchasers located in the United States

5  for delivery to persons located outside of the United States are outside the scope of coverage of

6  United States antitrust law pursuant to the terms of the FTAIA, whether because they do not qualify

7  as "import trade" or "import commerce" or because they did not have a substantial direct and

8  foreseeable effect on United States commerce or for any other reason, identify those sales or

9  categories of sales and state all facts and legal theories in support of Your contention.

10      **RESPONSE:**

11       In addition to and without waiving its General Responses and Objections, Nichicon objects to

12  this Interrogatory to the extent that it seeks information concerning events outside the Relevant Time

13  Period, as that term is interpreted above, on the grounds that it seeks information that is neither

14  relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery

15  of admissible evidence. Nichicon objects to this Interrogatory on the grounds that it is a premature

16  contention interrogatory.  Such a contention interrogatory, if proper at all, should await the

17  substantial completion of discovery. Fed. R. Civ. P. 33(a)(2); *HTC Corp. v. Technology Properties

18  Ltd.*, No. C08-00882 JF (HRL), 2011 WL 97787 at *1-2 (N.D. Cal. Jan. 21, 2011); *In re Convergent

19  Technologies Securities Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985).  Moreover, this contention

20  interrogatory seeks Nichicon's legal theories at a time when the parties are in the process of preparing

21  motions and responses thereto on the very subject matter to which this Interrogatory is directed.

22  Plaintiffs will receive Nichicon's legal theories on the subject matter to which this Interrogatory is

23  directed at the time Nichicon's briefing is filed. Nichicon also objects to this Interrogatory on the

24  grounds that it impermissibly seeks to shift to Nichicon the burden that Plaintiffs bear to prove their

25  own claims. Additionally, Nichicon objects to this Interrogatory to the extent it calls for a legal

26  conclusion, seeks Nichicon's "legal theories," or seeks any other information protected by any

27  applicable privilege, including without limitation: attorney-client privilege, the work-product

28  doctrine, the joint defense privilege, the common interest privilege, and/or any other applicable

9

1   privilege or doctrine. Nichicon objects to this Interrogatory to the extent it seeks information that is

2   the subject of expert opinion.  Nichicon will disclose such information only at the appropriate time

3   pursuant to the Court's schedule or agreement of the parties.

4   **INTERROGATORY NO. 13**:

5       If You contend that any of Your  sales of Capacitors to persons located outside the United

6   States (including foreign subsidiaries or foreign agents of United States companies) that were

7   delivered to persons located outside the United States for incorporation into products that were sold

8   in the United States are outside the scope of United States antitrust law pursuant to the terms of the

9   FTAIA, whether because they do not qualify  as "import trade" or "import commerce" or because

10  they did not have a substantial direct and foreseeable effect on United States commerce or for any

11  other reason, identify those sales and state all facts and legal theories in support of Your contention.

12      **RESPONSE**:

13      In addition to and without waiving its General Responses and Objections, Nichicon objects to

14  this Interrogatory to the extent that it seeks information concerning events outside the Relevant Time

15  Period, as that term is interpreted above, on the grounds that it seeks information that is neither

16  relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery

17  of admissible evidence. Nichicon specifically objects to the term "United States companies" as

18  vague, ambiguous, overly broad, and undefined. Additionally, Nichicon objects to this Interrogatory

19  on the grounds that it is a premature contention interrogatory.  Such a contention interrogatory, if

20  proper at all, should await the substantial completion of discovery. Fed. R. Civ. P. 33(a)(2); *HTC*

21  *Corp. v. Technology Properties Ltd.*, No. C08-00882 JF (HRL), 2011 WL 97787 at *1-2 (N.D. Cal.

22  Jan. 21, 2011); *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328 (N.D. Cal.

23  1985).  Moreover, this contention interrogatory seeks Nichicon's legal theories at a time when the

24  parties are in the process of preparing motions and responses thereto on the very subject matter to

25  which this Interrogatory is directed.  Plaintiffs will receive Nichicon's legal theories on the subject

26  matter to which this Interrogatory is directed at the time Nichicon's briefing is filed. Nichicon also

27  objects to this Interrogatory on the grounds that it impermissibly seeks to shift to Nichicon the burden

28  that Plaintiffs bear to prove their own claims. Additionally, Nichicon objects to this Interrogatory to

10

1  the extent it calls for a legal conclusion, seeks Nichicon's "legal theories," or seeks any other

2  information protected by any applicable privilege, including without limitation: attorney-client

3  privilege, the work-product doctrine, the joint defense privilege, the common interest privilege,

4  and/or any other applicable privilege or doctrine. Nichicon objects to this Interrogatory to the extent

5  it seeks information that is the subject of expert opinion.  Nichicon will disclose such information

6  only at the appropriate time pursuant to the Court's schedule or agreement of the parties.

7  **INTERROGATORY NO. 14:**

8      If you contend that the FTAIA prevents any Class Member from stating a claim that he, she or

9  it would otherwise be able to state under United States antitrust law with respect to any Capacitors

10 that Class Member purchased, identify each such purchase or category of purchase and state all facts

11 and legal theories in support of your contention.

12     **RESPONSE:**

13     In addition to and without waiving its General Responses and Objections, Nichicon objects to

14 this Interrogatory to the extent that it seeks information concerning events outside the Relevant Time

15 Period, as that term is interpreted above, on the grounds that it seeks information that is neither

16 relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery

17 of admissible evidence. Nichicon further objects to this Interrogatory to the extent that it seeks

18 information outside of its possession, custody, or control. Nichicon objects to this Interrogatory on

19 the grounds that it is a premature contention interrogatory.  Such a contention interrogatory, if proper

20 at all, should await the substantial completion of discovery. Fed. R. Civ. P. 33(a)(2); *HTC Corp. v.*

21 *Technology Properties Ltd.*, No. C08-00882 JF (HRL), 2011 WL 97787 at *1-2 (N.D. Cal. Jan. 21,

22 2011); *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985).

23 Moreover, this contention interrogatory seeks Nichicon's legal theories at a time when the parties are

24 in the process of preparing motions and responses thereto on the very subject matter to which this

25 Interrogatory is directed.  Plaintiffs will receive Nichicon's legal theories on the subject matter to

26 which this Interrogatory is directed at the time Nichicon's briefing is filed. Nichicon also objects to

27 this Interrogatory on the grounds that it impermissibly seeks to shift to Nichicon the burden that

28 Plaintiffs bear to prove their own claims. Additionally, Nichicon objects to this Interrogatory to the

11

1  extent it calls for a legal conclusion, seeks Nichicon's "legal theories," or seeks any other information

2  protected by any applicable privilege, including without limitation: attorney-client privilege, the

3  work-product doctrine, the joint defense privilege, the common interest privilege, and/or any other

4  applicable privilege or doctrine. Nichicon objects to this Interrogatory to the extent it seeks

5  information that is the subject of expert opinion. Nichicon will disclose such information in its

6  possession, custody, or control only at the appropriate time pursuant to the Court's schedule or

7  agreement of the parties.

8  **INTERROGATORY NO. 15**:

9      If Your response to any of Direct Purchaser Plaintiffs' Requests for Admissions Nos. 1

10  through 4 is anything other than an unqualified admission, state your reasons therefor and all bases

11  for your response.

12      **RESPONSE**:

13      In addition to and without waiving its General Responses and Objections, Nichicon objects to

14  this Interrogatory on the grounds that it is overbroad and unduly burdensome. Nichicon further

15  objects to this Interrogatory to the extent it seeks privileged information, including without limitation

16  information subject to the attorney-client privilege, common-interest privilege, work-product

17  doctrine, joint defense privilege, and/or any other privilege or immunity. Further, Nichicon objects to

18  this Interrogatory on the grounds that it is duplicative of information sought through other means,

19  including information provided in Nichicon's responses to Direct Purchaser Plaintiffs' Requests for

20  Admissions Nos. (1)-(4).

21      Subject to and without waiver of the foregoing specific and general objections, Nichicon

22  responds that information relating to Nichicon's bases and reasons for responding to any of the Direct

23  Purchaser Plaintiffs' Requests for Admissions in any way except an unqualified admission may be

24  derived from an inspection of Nichicon's responses to the Direct Purchaser Plaintiffs' Requests for

25  Admissions Nos. (1)-(4).

26

27  DATED: March 30, 2015

28                              By: /s/ Scott M. Mendel
                                 Scott M. Mendel (*pro hac vice*)
                                 Steven M. Kowal (*pro hac vice*)

12

1

2   **VERIFICATION TO FOLLOW**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Michael E. Martinez *(pro hac vice)*
Lauren N. Norris *(pro hac vice)*
Lauren B. Salins *(pro hac vice)*
**K&L GATES LLP**
70 West Madison Street, Suite 3100
Chicago, IL  60603
Telephone: (312) 372-1121
Facsimile: (312) 827-8000

*Counsel for Defendants*
*Nichicon Corporation*
*Nichicon (America) Corporation*
*FPCAP Electronics (Suzhou) Co., Ltd.*

1

**CERTIFICATE OF SERVICE**

2    I am employed in Cook County in the City of Chicago. I am over the age of eighteen and not

3    a party to the within action.  My business address is 70 West Madison Street, Suite 3100, Chicago, IL

4    60602.

5    On March 30, 2015, I served a copy of the below-listed document described as:

6    **OBJECTIONS AND RESPONSES OF DEFENDANTS NICHICON CORPORATION,**
**NICHICON (AMERICA) CORPORATION, AND FPCAP ELECTRONICS (SUZHOU) CO.,**
7    **LTD. TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF INTERROGATORIES**

8    BY EMAIL: I caused the document(s) to be served electronically on the persons at the

9    electronic notification addresses listed below.

10

11    Joseph Saveri Law Firm, Inc.            Cotchett Pitre & McCarthy LLP
      Joseph Saveri                           Steven N. Williams
12    jsaveri@saverilawfirm.com               swilliams@cpmlegal.com
      Andrew M. Purdy                         Elizabeth Tran
13    apurdy@saverilawfirm.com                etran@cpmlegal.com
      505 Montgomery Street                   Adam J. Zapala
14    San Francisco, CA 94111                 azapala@cpmlegal.com
      Tel. (415) (500)-6800                   San Francisco Airport Office Ctr
15    Fax (415) 395-9940                      840 Malcolm Road, Suite 200
      *Counsel for Direct Purchaser*          Burlingame, CA 94010
16    *Plaintiffs*                            Tel. (650) 697-6000
17                                            Fax (650) 697-0577
                                              *Counsel for Indirect Purchaser Plaintiffs*
18

19    *Also served via email on counsel for all Defendants*

20    I certify under penalty of perjury that the foregoing is true and correct.

21

22
      Dated: March 30, 2015                   By: /s/ Scott M. Mendel
23                                                Scott M. Mendel

24

25

26

27

28

14

Scott M. Mendel *(pro hac vice)*
Steven M. Kowal *(pro hac vice)*
Michael M. Martinez *(pro hac vice)*
Lauren N. Norris *(pro hac vice)*
Lauren B. Salins *(pro hac vice)*
K&L Gates LLP
70 West Madison Street, Suite 3100
Chicago, IL  60602
Telephone: (312) 372-1121
Facsimile: (312) 827-8000
scott.mendel@klgates.com
steven.kowal@klgates.com
michael.martinez@klgates.com
lauren.norris@klgates.com
lauren.salins@klgates.com

*Counsel for Defendants*
*Nichicon Corporation*
*Nichicon (America) Corporation*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CAPACITORS ANTITRUST LITIGATION** | Master File No. 14-cv-03264-JD |
| **THIS DOCUMENTS RELATES TO:** | **RESPONSE OF NICHICON CORPORATION AND NICHICON (AMERICA) CORPORATION TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| **INDIRECT PURCHASER ACTIONS** | |

**RESPONSE OF NICHICON CORPORATION AND NICHICON (AMERICA) CORPORATION TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES - CASE NO. 14-CV-03264-JD**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Nichicon Corporation and Nichicon (America) Corporation (collectively, "Nichicon") hereby respond and object to the Indirect Purchaser Plaintiffs' First Set of Interrogatories (the "Interrogatories" collectively, or "Interrogatory" individually), served by the Indirect Purchaser Plaintiffs ("the Plaintiffs") on February 25, 2015, as follows.

The following objections and responses are based upon the information currently known and available to Nichicon. Discovery is in the preliminary stages and is ongoing, and may disclose the existence of additional facts or documents, add meaning to known facts or documents, or lead to additions, variations, or changes to these objections and responses. Without obligating itself to do so, except to the extent required under the Federal Rules of Civil Procedure, Nichicon reserves the right to amend or supplement the responses as additional information is discovered, revealed, recalled, or otherwise ascertained, and as further analysis, research, investigation, and discovery disclose additional facts and documents.

## GENERAL OBJECTIONS

1. Nichicon asserts the General Responses and Objections with respect to each and every Interrogatory, Instruction, and Definition contained in the Interrogatories.

2. Nichicon objects to the scope of the Interrogatories' Definitions, Instructions, and Interrogatories to the extent they are vague, overbroad, ambiguous, or seek material which neither pertains to the allegations in this lawsuit nor is reasonably calculated to lead to the discovery of admissible evidence.

3. Nichicon objects to the scope of the Interrogatories to the extent that they violate the Court's order on October 29, 2014 staying discovery until April 15, 2015 by seeking discovery beyond the scope of the Court's January 14, 2015 Order. *See* ECF Nos. 309, 514.

4. Nichicon objects to the Interrogatories, including the Instructions and Definitions, to the extent that they seek information regarding conduct outside the applicable statute(s) of limitations, on the grounds that such information is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

5. Nichicon objects to the Interrogatories to the extent they are duplicative. Several Interrogatories seek information that is duplicative to Direct Purchaser Plaintiffs' and Indirect Purchaser Plaintiffs' First Requests for Production of Documents to All Defendants served on January 26, 2015.

6. Nichicon objects to the Interrogatories' Definitions, Instructions, and Interrogatories to the extent they purport to impose burdens on Nichicon exceeding the scope of the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California ("N.D. Cal. Local Rules"), the Standing Orders of the presiding judge, or other applicable domestic or foreign laws or rules, including but not limited to privacy laws, and/or what the parties have agreed to or will agree to with regards to an electronically stored information ("ESI") protocol, protective order, privilege agreement, and expert stipulation.

7. Nichicon objects to the Interrogatories' Definitions, Instructions, and Interrogatories as unduly burdensome and oppressive to the extent that they purport to require Nichicon to search facilities and files and/or interview employees other than those facilities and files and/or employees that would reasonably be expected to have responsive information. Subject to its objections, Nichicon's responses will be based upon (1) a reasonable search of facilities and files that could reasonably be expected to possess responsive information, and (2) interviews of Nichicon employees and/or representatives who could reasonably be expected to possess responsive information.

8. Nichicon objects to the Interrogatories to the extent they seek private, business, confidential, proprietary or commercially sensitive information. Any such information disclosed to Plaintiffs shall be pursuant to the Stipulated Protective Order entered on February 17, 2015 ("the Protective Order").

9. Nichicon objects to the Interrogatories as premature to the extent that they seek information related to opinion testimony or to expert discovery.

10. Nichicon objects to the Interrogatories insofar as they seek information regarding film capacitors and finished products and other products incorporating film capacitors, as Plaintiffs do not allege that Nichicon was the subject of any price-fixing conspiracy or other anticompetitive conduct relating to film capacitors.

3

11.     Nichicon objects to the Interrogatories to the extent they seek information regarding products that were neither sold by Nichicon in the United States nor had the requisite effect on commerce or trade in the United States on the grounds that such Interrogatories are unduly burdensome and irrelevant to this action. Moreover, Nichicon objects to the Interrogatories to the extent they seek information regarding transactions not subject to the United States federal and state antitrust laws pursuant to the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a, including, but not limited to, data relating to sales to entities for incorporation into finished products because there is no claim of a conspiracy related to finished products.

12.     Nichicon objects to the Interrogatories insofar as they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form. Nichicon hereby denies any such disputed or inaccurate facts or legal conclusions that are or may be assumed by the Interrogatories, Definitions, or Instructions.

13.     Nichicon objects to the Interrogatories to the extent they seek information in the possession, custody, or control of any entity other than Nichicon on the grounds that any such request is overbroad and unduly burdensome.  Nichicon further objects to the Interrogatories to the extent that they request information in violation of a legal or contractual obligation of non-disclosure to a third party.  Nichicon will not provide such information without the consent of the relevant third party or a court order compelling production.

14.     Nichicon objects to the Interrogatories to the extent they seek disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege or exemption (collectively, "privileged information"). Nichicon will not produce any privileged information. The production of any privileged information is unintentional, and Nichicon does not intend to waive any applicable privilege or objection through such production. Nichicon reserves the right to correct the record with regard to any such unintentional production.

15.     Nichicon's decision to provide information notwithstanding the objectionable nature of any definition or instruction, or the Interrogatories themselves, should not be construed as: (a) an admission that the material is relevant; (b) a waiver of the General Responses and Objections or the

4

objections asserted in response to the specific Interrogatory; or (c) an agreement that requests for similar information will be treated in a similar manner. All information produced by Nichicon shall be governed under the terms of the Protective Order that has been entered by the Court and any subsequent amendments to the Protective Order. *See* ECF Nos. 554, 563.

16. Nichicon objects to the Interrogatories' Definitions, Instructions, and Interrogatories to the extent they purport to require Nichicon to provide information that is equally available to Plaintiffs, on the grounds that providing such information would be unduly burdensome. This objection applies, particularly, to information that is publicly available and/or information that is already in Plaintiffs' possession.

17. Nichicon objects to the Interrogatories' Definitions, Instructions, and Interrogatories to the extent they seek information that is not reasonably accessible by Nichicon because of undue burden or cost.

### OBJECTIONS TO DEFINITIONS

18. Nichicon's responses herein, and its production of information and documents, do not in any way constitute an adoption of Plaintiffs' purported Definitions of words or phrases contained in the Interrogatories. Nichicon objects to the Definitions to the extent they: (i) are unclear, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meanings of the words or phrases they purport to define; (iii) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure and Local Rules; and/or (iv) incorporate other purported Definitions that suffer from such defects. Without limiting the breadth and general application of these objections, Nichicon objects to the Definitions as follows:

19. Nichicon objects to the definition of the term "Capacitors" insofar as it seeks information regarding film capacitors and finished products and other products incorporating film capacitors. Plaintiffs do not allege that Nichicon was the subject of any price-fixing conspiracy or other anticompetitive conduct relating to film capacitors. Nichicon will define "Capacitors" as aluminum electrolytic capacitors and tantalum electrolytic capacitors only.

5

20.     Nichicon objects to the definition of the term "Describe" as vague, ambiguous, unduly burdensome, and overbroad.

21.     Nichicon objects to the definition of the term "Document(s)" as overbroad, vague, and ambiguous. Nichicon further objects to the definition of the term "Documents" to the extent that, by virtue of the definition, any request including this term imposes burdens on Nichicon exceeding the scope of the Federal Rules of Civil Procedure, the N.D. Cal. Local Rules, the Standing Orders of the presiding judge, or other applicable laws or rules and/or what the parties have agreed to or will agree to with regards to an ESI protocol, protective order, privilege agreement, and expert stipulation.

22.     Nichicon objects to the definition of the term "Electronically Stored Information" as overbroad, vague, and ambiguous. Nichicon further objects to the definition of the term "Electronically Stored Information" to the extent that, by virtue of the definition, any request including this term imposes burdens on Nichicon exceeding the scope of the Federal Rules of Civil Procedure, the N.D. Cal. Local Rules, the Standing Orders of the presiding judge, or other applicable laws or rules and/or what the parties have agreed to or will agree to with regards to an ESI protocol, protective order, privilege agreement, and expert stipulation.

23.     Nichicon objects to the definition of the term "Employee" as overbroad, vague, ambiguous, and unintelligible. Nichicon further objects to the definition of the term "Employee" to the extent that, by virtue of the definition, any request including this term seeks information protected by the privilege covering attorney-client communications and the work product doctrine. Nichicon also objects to the definition of the term "Employee" to the extent it purports to require Nichicon to locate or obtain information from any individual not presently in the employ of Nichicon. For purposes of responding to the Interrogatories, Nichicon will read the term "Employees" to be limited to the current officers, directors, or employees of Nichicon Corporation or Nichicon (America) Corporation.

24.     Nichicon objects that the purported definition of the term "Finished Products" is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE OF NICHICON CORPORATION AND NICHICON (AMERICA) CORPORATION TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES - CASE NO. 14-CV-03264-JD

25. Nichicon objects to the definition of the term "Identify" as defined in Definitions 8 through 10 as irrelevant, unduly burdensome, and overbroad. Nichicon further objects to the definition of the term "Identify" as defined in Definitions 8-10 as an interrogatory improperly posed in the form of a definition. Nichicon also objects to the definition of the term "Identify" to the extent that, by virtue of the definition, any request including this term is compound and includes several distinct subparts that should be the subject of separate interrogatories.

26. Nichicon objects to the definition of the term "Person" as overbroad, vague, ambiguous, and unintelligible. Nichicon further objects to the definition of the term "Person" to the extent that, by virtue of the definition, any request including this term seeks information protected by the privilege covering attorney-client communications and the work product doctrine, or is protected by a legal or contractual obligation of non-disclosure to a third party.

27. Nichicon objects to the definition of the terms "You" and "your" as overbroad and potentially encompassing entities whose information is not in Nichicon's possession, custody, or control. Nichicon further objects to the definition of the terms "You" and "your" to the extent that, by virtue of the definition, any request including those terms seeks information protected by the privilege covering attorney-client communications or the work product doctrine, or is protected by a legal or contractual obligation of non-disclosure to a third party. In its responses to the Interrogatories, Nichicon will interpret the definition of the terms "You" and "your" as being limited to Nichicon Corporation or Nichicon (America) Corporation with regards to their operations concerning ATF Capacitors only.

## **OBJECTIONS TO INSTRUCTIONS**

28. Nichicon objects to the "Relevant Time Period" in Instruction No. 1 as rendering every specific request to which it purports to apply overbroad and unduly burdensome. Requiring Nichicon to produce information from a period extending "to the present" is unreasonably burdensome, not least because it does not account for the time required to collect, organize, and present such information. In its responses to the Interrogatories, Nichicon will interpret the "Relevant Time Period" applicable to the Interrogatories, unless indicated otherwise, as January 1, 2003 through December 31, 2011.

7

29.    Nichicon objects to the unlimited geographic scope of the Interrogatories as rendering every specific Interrogatory to which it purports to apply overbroad and unduly burdensome.  The use of an unlimited geographic scope would permit Plaintiffs to indiscriminately request that Nichicon provide information relating to every state, country, and region in which Nichicon operates with no justification for imposing such a burden or explanation of why such a request cannot be more narrowly drafted.

30.    Nichicon objects to Instruction No. 3 to the extent that it imposes obligations beyond what is required under Rule 33(d) of the Federal Rules of Civil Procedure.  Nichicon reserves all of its rights under Rule 33(d) to amend and supplement its responses to the Interrogatories using information from its business records.

31.    Nichicon objects to Instruction No. 8 as an Interrogatory improperly posed in the form of an instruction.  Nichicon also objects to Instruction No. 8 to the extent that it imposes obligations beyond what is required under Rule 33 of the Federal Rules of Civil Procedure.

*******

32.    The Objections and Responses below shall not be construed as an admission of or agreement with any implication, statement, characterization or conclusions implied or stated in any definition, instruction, or Interrogatory.  The fact that Nichicon may answer part or all of any Interrogatory is not intended to be, and shall not construed to be, a waiver by Nichicon of any part of any objection to the Interrogatory.

33.    Nichicon reserves the right to assert additional general and specific objections to the production of information and/or documents as appropriate and to supplement these objections and responses. Nichicon also reserves the right to assert additional general and specific objections arising from matters discovered during the course of the litigation.

34.    Nichicon adopts and incorporates by reference, to the extent applicable, any and all objections, specific or general, asserted by any other Defendant in its responses to these Interrogatories.

RESPONSE OF NICHICON CORPORATION AND NICHICON (AMERICA) CORPORATION TO INDIRECT
PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES - CASE NO. 14-CV-03264-JD

35.    The General Objections, Objections to Definitions, and Objections to Instructions are incorporated by reference into each and every specific objection and response below. The fact that an answer is given or a document is provided does not waive any general or specific objection.

### SPECIFIC RESPONSES AND OBJECTIONS

In addition to the foregoing General Responses and Objections, set forth below are Nichicon's responses and further objections to each individual Interrogatory set forth in the Interrogatories. Each General Response and Objection is incorporated into each of the responses to the individual Interrogatory. Without waiving any of the foregoing General Responses and Objections, Nichicon responds as follows:

### I.    INTERROGATORIES

**INTERROGATORY NO. 1**:

Identify all United States purchasers of Your Capacitors.

**RESPONSE**:

In addition to and without waiving its General Responses and Objections, Nichicon objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Nichicon specifically objects to the term "United States purchasers" as vague, ambiguous, overly broad, and undefined. Further, Nichicon objects to this Interrogatory to the extent that it seeks information concerning events outside the Relevant Time Period, as that term is interpreted above, on the grounds that it seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Nichicon also objects to this Interrogatory to the extent it is duplicative with the Direct Purchaser Plaintiffs' and Indirect Purchaser Plaintiffs' First Requests for Production of Documents to All Defendants. Nichicon objects to this Interrogatory pursuant to Rule 26(b)(2)(C)(i) of the Federal Rules of Civil Procedure, insofar as it calls for information that can be obtained from other sources that are more convenient, less burdensome, or less expensive, including documents previously provided to Plaintiffs or produced in response to Direct Purchaser Plaintiffs' and Indirect Purchaser Plaintiffs' First Requests for Production of Documents to All Defendants. In addition, Nichicon objects to this Interrogatory to the

9

1 | extent it seeks information that is outside the scope of the discovery permitted under the stay of
2 | discovery ordered by the court, as modified. *See* ECF Nos. 309, 514.

3 |      Subject to and without waiving its objections, Nichicon responds that information relating to
4 | purchasers of Nichicon's Capacitors may be derived from an inspection of transaction data that will
5 | be produced by Nichicon in response to Request No. 23 of Direct Purchaser Plaintiffs' and Indirect
6 | Purchaser Plaintiffs' First Requests for Production of Documents to All Defendants served on
7 | January 26, 2015.

8 | **INTERROGATORY NO. 2:**

9 |      Identify all companies, entities, or subsidiaries that purchase Your Capacitors for
10 | incorporation into a Finished Product that is sold in the United States.

11 |      **RESPONSE:**

12 |      In addition to and without waiving its General Responses and Objections, Nichicon objects to
13 | this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and
14 | seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further,
15 | Nichicon objects to this Interrogatory to the extent that it seeks information concerning events outside
16 | the Relevant Time Period, as that term is interpreted above, on the grounds that it seeks information
17 | that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to
18 | the discovery of admissible evidence. Additionally, Nichicon objects to this Interrogatory insofar as it
19 | seeks information not currently in Nichicon's possession, custody or control. Nichicon additionally
20 | objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to
21 | the discovery of admissible evidence insofar as it seeks documents concerning Finished Products
22 | incorporating Capacitors, which Plaintiffs do not allege were the subject of any price-fixing
23 | conspiracy or other anticompetitive conduct. Nichicon also objects to this Interrogatory to the extent
24 | it seeks information that is outside the scope of the discovery permitted under the stay of discovery
25 | ordered by the court, as modified. *See* ECF Nos. 309, 514.

26 | **INTERROGATORY NO. 3:**

27 |      Identify all deliveries in the United States of Your Capacitors.

28 |      **RESPONSE:**

1    In addition to and without waiving its General Responses and Objections, Nichicon objects to

2    this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and

3    seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further,

4    Nichicon objects to this Interrogatory to the extent that it seeks information concerning events outside

5    the Relevant Time Period, as that term is interpreted above, on the grounds that it seeks information

6    that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to

7    the discovery of admissible evidence. Nichicon also objects to this Interrogatory to the extent it is

8    duplicative with the Direct Purchaser Plaintiffs' and Indirect Purchaser Plaintiffs' First Requests for

9    Production of Documents to All Defendants. Nichicon objects to this Interrogatory pursuant to Rule

10   26(b)(2)(C)(i) of the Federal Rules of Civil Procedure, insofar as it calls for information that can be

11   obtained from other sources that are more convenient, less burdensome, or less expensive, including

12   documents previously provided to Plaintiffs or produced in response to Direct Purchaser Plaintiffs'

13   and Indirect Purchaser Plaintiffs' First Requests for Production of Documents to All Defendants. In

14   addition, Nichicon objects to this Interrogatory to the extent it seeks information that is outside the

15   scope of the discovery permitted under the stay of discovery ordered by the court, as modified. *See*

16   ECF Nos. 309, 514.

17   Subject to and without waiving its objections, Nichicon responds that Nichicon Corporation

18   delivers capacitors outside of the United States. Nichicon (America) Corporation delivers Capacitors

19   in the United States. Nichicon further states that information relating to Nichicon's deliveries of

20   Capacitors may be derived from an inspection of transaction data that will be produced by Nichicon

21   in response to Request No. 23 of Direct Purchaser Plaintiffs' and Indirect Purchaser Plaintiffs' First

22   Requests for Production of Documents to All Defendants served on January 26, 2015.

23   **INTERROGATORY NO. 4:**

24   Identify all deliveries in the United States of Finished Products incorporating Capacitors that

25   You manufactured.

26   **RESPONSE:**

27   Nichicon understands that Plaintiffs have withdrawn this Interrogatory.

28   **INTERROGATORY NO. 5:**

11

1    Identify all direct and indirect chains of distribution into or involving the United States for
2   Capacitors that You manufactured. For purposes of identifying indirect chains of distribution into the
3   United States, identify all known chains of distributions for your Capacitors sold to foreign
4   distributors that resell Capacitors to customers in the United States. Please also identify all known
5   indirect chains of distribution where Your Capacitors are purchased by a foreign company, entity, or
6   subsidiary that incorporates the Capacitor into a Finished Product that is ultimately sold in the United
7   States.

8    **RESPONSE**:

9    Nichicon understands that Plaintiffs have withdrawn the third sentence of this Interrogatory.
10  Nichicon's Response is limited to the first two sentences of this Interrogatory.  In addition to and
11  without waiving its General Responses and Objections, Nichicon objects to this Interrogatory on the
12  grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information not
13  reasonably calculated to lead to the discovery of admissible evidence. Nichicon specifically objects to
14  the phrase "chains of distribution" as vague, ambiguous, overly broad, and undefined. Further,
15  Nichicon objects to this Interrogatory to the extent that it seeks information concerning events outside
16  the Relevant Time Period, as that term is interpreted above, on the grounds that it seeks information
17  that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to
18  the discovery of admissible evidence. Additionally, Nichicon objects to this Interrogatory insofar as it
19  seeks information not currently in Nichicon's possession, custody or control. In addition, Nichicon
20  objects to this Interrogatory to the extent it seeks information that is outside the scope of the
21  discovery permitted under the stay of discovery ordered by the court, as modified. *See* ECF Nos. 309,
22  514.

23    Subject to and without waiving its objections, Nichicon responds that Nichicon Corporation's
24  chain of distribution involving sales of Capacitors into the United States is through its sales to
25  Nichicon (America) Corporation, which takes title to the Capacitors outside of the United States.
26  Nichicon (America) Corporation then sells those Capacitors in the United States, among other places.
27  Further, Nichicon responds that at this time it lacks knowledge or information to identify any indirect
28  chains of distribution into the United States. Nichicon (America) Corporation does not manufacture

1 Capacitors. Nichicon maintains the right to produce additional documents sufficient to show chains

2 of distribution for Capacitors manufactured by Nichicon during the Relevant Time Period, if any, as

3 additional information is discovered.

4 **INTERROGATORY NO. 6**:

5 Identify all product specifications that You are required to meet for sales of Your Capacitors to

6 foreign companies, entities, or subsidiaries that incorporate Your Capacitors into Finished Products

7 that are sold in the United States.

8 **RESPONSE**:

9 Nichicon understands that Plaintiffs have withdrawn this Interrogatory.

10 **INTERROGATORY NO. 7**:

11 Identify and Describe any studies, analyses or examination of the Finished Products market(s)

12 in the United States, including, but not limited to, studies or analyses relating to the correlation

13 between the prices for Your Capacitors sold to foreign companies, entities, or subsidiaries and the

14 prices of Finished Products incorporating Capacitors sold in the United States.

15 **RESPONSE**:

16 In addition to and without waiving its General Responses and Objections, Nichicon objects to

17 this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and

18 seeks information not reasonably calculated to lead to the discovery of admissible evidence. Nichicon

19 specifically objects to the terms "studies," "analyses," "examination" and "Finished Product

20 market(s)" as vague, ambiguous, overly broad, and undefined. Further, Nichicon objects to this

21 Interrogatory to the extent that it seeks information concerning events outside the Relevant Time

22 Period, as that term is interpreted above, on the grounds that it seeks information that is neither

23 relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery

24 of admissible evidence. Nichicon further objects to this Request as overly broad, unduly burdensome,

25 and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks

26 documents concerning Finished Products incorporating Capacitors, which Plaintiffs do not allege

27 were the subject of any price-fixing conspiracy or other anticompetitive conduct. Additionally,

28 Nichicon objects to this Interrogatory insofar as it seeks information not currently in Nichicon's

13

1  possession, custody or control Nichicon also objects to this Interrogatory to the extent it seeks

2  information that is outside the scope of the discovery permitted under the stay of discovery ordered

3  by the court, as modified. *See* ECF Nos. 309, 514.

4  **INTERROGATORY NO. 8:**

5      Identify and Describe any agreements You have for the sale of Your Capacitors with a foreign

6  company, entity, or subsidiary that incorporates Your Capacitors into Finished Products that are sold

7  in the United States.

8      **RESPONSE:**

9      Nichicon understands that Plaintiffs have withdrawn this Interrogatory.

10  **INTERROGATORY NO. 9:**

11      Identify the percentage of Your Capacitors that are:

12      (a) directly imported into the United States;

13      (b) directly purchased by persons, businesses, or other entities in the United States;

14      (c) sold to United States' distributors that resell the Capacitors to purchasers in the United

15  States;

16      (d) sold to foreign distributors that resell the Capacitors to purchasers in the United States;

17      (e) sold to foreign companies, entities or subsidiaries that incorporate the Capacitors into a

18  Finished Product for sale in the United States.

19      **RESPONSE:**

20      Nichicon understands that Plaintiffs have withdrawn subparagraph (e) of this Interrogatory.

21  Nichicon's Response relates to subparagraphs (a) through (d). In addition to and without waiving its

22  General Responses and Objections, Nichicon objects to this Interrogatory on the grounds that it is

23  overly broad, unduly burdensome, vague, ambiguous, and seeks information not reasonably

24  calculated to lead to the discovery of admissible evidence. Further, Nichicon objects to this

25  Interrogatory to the extent that it seeks information concerning events outside the Relevant Time

26  Period, as that term is interpreted above, on the grounds that it seeks information that is neither

27  relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery

28  of admissible evidence. Nichicon objects to this Interrogatory pursuant to Rule 26(b)(2)(C)(i) of the

1 | Federal Rules of Civil Procedure, insofar as it calls for information that can be obtained from other
2 | sources that are more convenient, less burdensome, or less expensive, including documents
3 | previously provided to Plaintiffs or produced in response to Direct Purchaser Plaintiffs' and Indirect
4 | Purchaser Plaintiffs' First Requests for Production of Documents to All Defendants. Additionally,
5 | Nichicon objects to this Interrogatory insofar as it seeks information not currently in Nichicon's
6 | possession, custody or control. In addition, Nichicon objects to this Interrogatory to the extent it
7 | seeks information that is outside the scope of the discovery permitted under the stay of discovery
8 | ordered by the court, as modified. *See* ECF Nos. 309, 514

9 | Subject to and without waiving its objections, Nichicon responds that information responsive
10 | to subparts (a) and (b) above may be derived from an inspection of transaction data that will be
11 | produced by Nichicon in response to Request No. 23 of Direct Purchaser Plaintiffs' and Indirect
12 | Purchaser Plaintiffs' First Requests for Production of Documents to All Defendants served on
13 | January 26, 2015. Nichicon responds that it does not have sufficient information to answer subparts
14 | (c) and (d) of this Interrogatory because Nichicon does not have in its possession information
15 | sufficient to determine the requested percentages.

16 | **INTERROGATORY NO. 10**:

17 | If You contend that the FTAIA applies to bar damages for state law antitrust claims, state all
18 | facts and legal theories that support Your contention.

19 | **RESPONSE**:

20 | In addition to and without waiving its General Responses and Objections, Nichicon objects to
21 | this Interrogatory to the extent that it seeks information concerning events outside the Relevant Time
22 | Period, as that term is interpreted above, on the grounds that it seeks information that is neither
23 | relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery
24 | of admissible evidence. Nichicon objects to this Interrogatory on the grounds that it is a premature
25 | contention interrogatory. Such a contention interrogatory, if proper at all, should await the
26 | substantial completion of discovery. Fed. R. Civ. P. 33(a)(2); *HTC Corp. v. Technology Properties*
27 | *Ltd.*, No. C08-00882 JF (HRL), 2011 WL 97787 at *1-2 (N.D. Cal. Jan. 21, 2011); *In re Convergent*
28 | *Technologies Securities Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985). Moreover, this contention

1  interrogatory seeks Nichicon's legal theories at a time when the parties are in the process of preparing

2  motions and responses thereto on the very subject matter to which this Interrogatory is directed.

3  Plaintiffs will receive Nichicon's legal theories on the subject matter to which this Interrogatory is

4  directed at the time Nichicon's briefing is filed. Nichicon also objects to this Interrogatory on the

5  grounds that it impermissibly seeks to shift to Nichicon the burden that Plaintiffs bear to prove their

6  own claims. Additionally, Nichicon objects to this Interrogatory to the extent it calls for a legal

7  conclusion, seeks Nichicon's "legal theories," or seeks any other information protected by any

8  applicable privilege, including without limitation: attorney-client privilege, the work-product

9  doctrine, the joint defense privilege, the common interest privilege, and/or any other applicable

10  privilege or doctrine. Nichicon objects to this Interrogatory to the extent it seeks information that is

11  the subject of expert opinion.  Nichicon will disclose such information only at the appropriate time

12  pursuant to the Court's schedule or agreement of the parties.

13  **INTERROGATORY NO. 11**:

14      If Your response to any of Direct and Indirect Purchaser Plaintiffs' Requests for Admissions

15  Nos. 1 through 9 is anything except an unqualified admission, state all bases and reasons for Your

16  response.

17      **RESPONSE**:

18      Nichicon understands that Plaintiffs have withdrawn the portions of this Interrogatory relating

19  to Indirect Purchaser Plaintiffs' Requests for Admissions Nos. 2, 3, and 9.  Nichicon's Response is

20  limited to Requests for Admissions Nos. 1 and 4 through 8. In addition to and without waiving its

21  General Responses and Objections, Nichicon objects to Interrogatory No. 11 on the grounds that it is

22  overbroad and unduly burdensome. Nichicon further objects to this Interrogatory to the extent it seeks

23  privileged information, including without limitation information subject to the attorney-client

24  privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other

25  privilege or immunity. Further, Nichicon objects to this Interrogatory on the grounds that it is

26  duplicative of information sought through other means, including information provided in Nichicon's

27  responses to Direct and Indirect Purchaser Plaintiffs' Requests for Admissions.

28

**RESPONSE OF NICHICON CORPORATION AND NICHICON (AMERICA) CORPORATION TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES - CASE NO. 14-CV-03264-JD**

1        Subject to and with out waiver of the foregoing specific and general objections, Nichicon

2    responds that information relating to Nichicon's bases and reasons for responding to any of the Direct

3    and Indirect Purchaser Plaintiffs' Requests for Admissions in any way except an unqualified

4    admission may be derived from an inspection of Nichicon's responses to the Direct and Indirect

5    Purchaser Plaintiffs' Requests for Admissions.

6

7    DATED: March 30, 2015

8    **VERIFICATION TO FOLLOW**

9                                        By: /s/ Scott M. Mendel

10                                       Scott M. Mendel (*pro hac vice*)

11                                       Steven M. Kowal (*pro hac vice*)

                                    Michael E. Martinez (*pro hac vice*)

12                                       Lauren N. Norris (*pro hac vice*)

                                    Lauren B. Salins (*pro hac vice*)

13                                       **K&L GATES LLP**

                                    70 West Madison Street, Suite 3100

14                                       Chicago, IL  60603

                                    Telephone: (312) 372-1121

15                                       Facsimile: (312) 827-8000

16                                       *Counsel for Defendants*

17                                     *Nichicon Corporation*

                                    *Nichicon (America) Corporation*

18

19

20

21

22

23

24

25

26

27

28

**RESPONSE OF NICHICON CORPORATION AND NICHICON (AMERICA) CORPORATION TO INDIRECT
PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES - CASE NO. 14-CV-03264-JD**

1 | **CERTIFICATE OF SERVICE**
2

I am employed in Cook County in the City of Chicago. I am over the age of eighteen and not

a party to the within action. My business address is 70 West Madison Street, Suite 3100, Chicago, IL

60602.

On March 30, 2015, I served a copy of the below-listed document described as:

**RESPONSE OF NICHICON CORPORATION AND NICHICON (AMERICA) CORPORATION TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES**

BY EMAIL: I caused the document(s) to be served electronically on the persons at the

electronic notification addresses listed below.

| Joseph Saveri Law Firm, Inc. | Cotchett Pitre & McCarthy LLP |
|---|---|
| Joseph Saveri | Steven N. Williams |
| jsaveri@saverilawfirm.com | swilliams@cpmlegal.com |
| Andrew M. Purdy | Elizabeth Tran |
| apurdy@saverilawfirm.com | etran@cpmlegal.com |
| 505 Montgomery Street | Adam J. Zapala |
| San Francisco, CA 94111 | azapala@cpmlegal.com |
| Tel. (415) (500)-6800 | San Francisco Airport Office Ctr |
| Fax (415) 395-9940 | 840 Malcolm Road, Suite 200 |
| *Counsel for Direct Purchaser* | Burlingame, CA 94010 |
| *Plaintiffs* | Tel. (650) 697-6000 |
| | Fax (650) 697-0577 |
| | *Counsel for Indirect Purchaser Plaintiffs* |

*Also served via email on counsel for all Defendants*

I certify under penalty of perjury that the foregoing is true and correct.

Dated: March 30, 2015                 By: /s/ Scott M. Mendel
                                          Scott M. Mendel

---

18

RESPONSE OF NICHICON CORPORATION AND NICHICON (AMERICA) CORPORATION TO INDIRECT
PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES - CASE NO. 14-CV-03264-JD