
Lesley E. Weaver (State Bar Number 191305)
lweaver@blockesq.com
BLOCK & LEVITON LLP
492 9th Street, Suite 260
Oakland, CA 94607
Telephone: (415) 968-8999
Facsimile: (617) 507-6020

Attorneys for Plaintiff Flextronics
International USA, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re Capacitors Antitrust Litigation* <br><br> This document relates to: <br><br> *Flextronics International USA, Inc. v. NEC TOKIN Corp. et al.*, Case No. 5:15-cv-02517 | Case No. 3:14-CV-03264-JD <br><br> **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12 AND 7-11** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Civil Local Rules 3-12 and 7-11, Plaintiff in *Flextronics International USA, Inc. v. NEC TOKIN Corp., et al.*, Case No. 5:15-cv-02517-HRL, submits this Administrative Motion to Consider Whether Cases Should be Related pursuant to Civil Local Rule 3-12.

### PREVIOUSLY RELATED CASES

On October 2, 2014, Judge Donato entered a Consolidation and Case Management Order under the 3:14-cv-03264-JD case number. (Dkt. 133) (Order attached hereto as Exhibit "A"). The Order relates all subsequently filed actions to the consolidated cases "*In re Capacitors Antitrust Litigation*". Pursuant to this Order, absent objection by any party within ten (10) days of receiving a copy of that Order, all cases related to *In re Capacitors Antitrust Litigation* are automatically consolidated into this action without a further order of the Court. *Id*. at ¶3.

**RELATIONSHIP OF THE ACTIONS**

This Motion is brought on the basis that Plaintiff believes that its case, *Flextronics International USA, Inc. v. NEC TOKIN Corp., et al.*, Case No. 5:15-cv-02517-HRL, filed June 5, 2015, meets the criteria to be related to the *In re Capacitors Antitrust Litigation* actions, Case No. 3:14-cv-03264-JD, consolidated October 2, 2014. Plaintiff's claims arise from the same conduct under federal and state antitrust laws involving the sale of capacitors by the same defendants.

Civil Local Rule 3-12 provides that actions are related when:

1. The actions concern substantially the same parties, property, transaction or event; and;
2. It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Here, both criteria of Rule 3-12 are satisfied. First, Plaintiff's action and the other related actions share the same or substantially similar allegations of facts and law. Each action names many of the same defendants and alleges a similar pattern of anti-competitive conduct giving rise to violations of federal antitrust laws and/or California's antitrust and unfair competition laws. As in the other actions ordered related, Plaintiff's case arises out of Defendants' conspiratorial and anticompetitive conduct to fix, raise, maintain and stabilize prices in the global capacitor market.

Second, if Plaintiff's action were to proceed independently it would result in duplicative motions and discovery because it raises the same, or substantially the same, questions of fact and law. In contrast, consolidation before a single judge will allow conservation of the parties' resources and judicial resources, and avoid the potential for conflicting results.

**CONCLUSION**

Therefore, because of the nature of the related cases, Plaintiff Flextronics International USA, Inc. respectfully requests that Plaintiff's action be related to the aforementioned consolidated action *In Re Capacitors Antitrust Litigation*, and that it be assigned to the Honorable James Donato.

| | | |
|---|---|---|
| Dated: June 10, 2015 | | FLEXTRONICS INTERNATIONAL USA, INC. |

By: /s/ Lesley E. Weaver

Lesley E. Weaver
**Block & Leviton LLP**
(State Bar No. 191305)
492 9th Street, Suite 260
Oakland, CA 94607
Telephone: (415) 968-8999
Facsimile: (617) 507-6020
lweaver@blockesq.com

*Pro Hac Vice* applications to be submitted for:

Charles E. Tompkins
Jordan D. Shea
**Williams Montgomery & John Ltd.**
233 S. Wacker Drive, Suite 6100
Chicago, IL 60606
Telephone: (312) 443-3200
Facsimile: (312) 630-8500
CET@willmont.com
JDS@ willmont.com
***Lead Counsel***

*Counsel for Flextronics International USA, Inc.*
Tim Collins
**Collins & Scanlon LLP**
3300 Terminal Tower
50 Public Square
Cleveland, OH 44113
Telephone: (216) 696-0022
Facsimile: (216) 696-1166
Tcollins@collins-scanlon.com
Of Counsel

-3-

Administrative Motion to Consider Whether Cases Should Be Related
Pursuant to Civil L.R. 3-12 and 7-11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION. | Master File No.  14-cv-03264-JD<br><br>**CONSOLIDATION AND CASE MANAGEMENT ORDER** |

Now that the JPML process is complete, at least for the initial case filings, the Court issues this consolidation and case management order. This order supersedes all prior consolidation and case management orders that were issued in the related cases discussed below.

**CONSOLIDATION OF RELATED CASES**

1. The Court has already found that these cases are related cases under Civil Local Rule 3-12:

   a. 3:14-cv-03264-JD

   b. 3:14-cv-03300-JD

   c. 3:14-cv-03698-JD

   d. 3:14-cv-03815-JD

   e. 3:14-cv-04123-JD.

2. Pursuant to FRCP 42(a), the Court now consolidates all these cases into Civil Action No. 14-3264 for all pretrial proceedings before this Court. All filings and submissions from here on should be captioned: "*In re Capacitors Antitrust Litigation*" under the 3:14-cv-03264-JD case number.

3. If a related action is subsequently filed in or transferred to this District, it will be consolidated into this action for all pretrial purposes. This order will apply to every such related

1   action, without a further order of the Court. A party that objects to consolidation, or to any other

2   provision of this order, must file an application for relief from this order within ten (10) days after

3   the date on which the party's counsel receives a copy of this order.

4       4.    This order is entered without prejudice to the rights of any party to apply for

5   severance of any claim or action, for good cause shown.

6       5.    Pretrial consolidation does not mean that the actions necessarily will be

7   consolidated for trial. That issue will be decided later in the case. It also does not have the effect

8   of making any entity a party in any action in which he, she, or it has not been named, served, or

9   added in accordance with the Federal Rules of Civil Procedure.

## MASTER DOCKET AND CAPTION

11      6.    The docket in Civil Action No. 14-cv-03264 will constitute the master docket, and

12  the file in that action will be the master file for every action in the consolidated action.

13      7.    When a pleading applies only to some, but not all, of the member actions, the

14  document must list the docket number for each individual action to which the document applies

15  immediately under the master caption. Any document not identified in that way will be presumed

16  to apply to all member cases.

17      8.    The parties must file a Notice of Related Cases pursuant to Civil Local Rule 3-12

18  whenever a case that should be consolidated into this action is filed in, or transferred to, this

19  District. If the Court determines that the case is related, the Clerk of the Court shall:

20      a.    file a copy of this order in the separate file for such action;

21      b.    serve on plaintiff's counsel in the new case a copy of this order;

22      c.    direct that this order be served upon defendants in the new case; and

23      d.    make the appropriate entry in the master docket sheet (No. 3:14-cv-03264-JD).

24      9.    If there are any disputes about whether a new action should be related to this

25  consolidated action, they must promptly be brought to the Court's attention or any objection may

26  be deemed waived.

27  //

28  //

**DATE AND AGENDA FOR INITIAL CASE MANAGEMENT CONFERENCE**

10. The initial case management conference will be held on <u>Wednesday, October 29, 2014 at 9:30 a.m.</u> before the Honorable James Donato in Courtroom 11, 19th floor of the United States District Court, 450 Golden Gate Avenue, San Francisco, California. The plaintiffs' unopposed motions to appoint interim class counsel pursuant to FRCP 23(g) have already been noticed for that date and time. The case management conference will follow a hearing on those motions.

11. Counsel should be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. In addition, items on the agenda will include the filing of a consolidated amended complaint, amendment of other pleadings, a proposed discovery plan, and a timetable for anticipated motions. Counsel should confer and seek consensus to the fullest extent possible. Plaintiffs' counsel must be prepared to inform the Court whether they intend to file a consolidated amended complaint, and if so, by what date.

12. Each party represented by counsel must appear at the initial case management conference through its lead attorney who will have primary responsibility for representing the party in this litigation. To minimize costs and facilitate a manageable conference, parties with similar interests may, to the extent practicable, arrange to have an attending attorney represent the party's interest at the conference. A party will not, by designating another party's attorney to represent that party's interest at the conference, be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue, or service.

13. In a similar vein, the Court expects that parties with similar interests -- namely the parties on the same side of the "v." -- will consolidate all filings and submissions as much as possible, including for the joint case management statement, which will be due on <u>Wednesday, October 22, 2014</u>. The goal is to avoid burying the Court in multiple versions of largely identical filings. Because the Court is ordering maximum consolidation of all filings, no party will be allowed at any time in the case, including before the jury, to refer to that consolidation as evidence of collusion or cooperation by the parties involved.

**DEFENDANTS' RESPONSE DEADLINE AND STATUS OF DISCOVERY**

14.  Defendants are granted an open-ended extension of time for responding to the complaint(s) -- or a consolidated complaint -- pending further order of the Court. In addition, pending the initial case management conference and further orders of the Court, any outstanding discovery proceedings are stayed and no discovery shall be initiated.

15.  Parties and counsel are directed to carefully review the Court's standing orders on civil discovery and civil cases for guidance on the Court's procedures. The Court handles all discovery disputes itself. Discovery disputes or issues that are not presented in strict conformance with the Court's standing orders will be rejected.

**PRESERVATION OF EVIDENCE**

16.  Parties and counsel are reminded of the duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things (with those terms to be interpreted in the broadest possible manner that is consistent with the FRCP) in the possession, custody or control of the parties to this action, regardless of geographic location, as well as any employees, agents, contractors, or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action. Counsel are under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties, whether they are located in the United States or abroad. The Court advises parties and counsel that any failure to honor this obligation will result in sanctions ranging from monetary sanctions to issue or evidence preclusion, depending on the gravity of the failure.

**COMMUNICATIONS WITH THE COURT AND AMONG COUNSEL**

17.  All substantive communications with the Court must be in writing and e-filed on the master docket. Counsel are advised to keep phone calls to the Court's courtroom deputy to a minimum. Outside of an emergency of some sort, or to raise a discovery issue during a deposition as provided for in the standing order on discovery, no one should need to call the deputy. No party or counsel should try to contact chambers' staff for any reason. Also, please make sure all chambers' copies are delivered to the Clerk of the Court and not directly to chambers. Chambers

1  does not accept deliveries.

2       18.    The Court recognizes that cooperation by and among plaintiffs' counsel and by and
3 among defendants' counsel is essential for the orderly and expeditious resolution of this litigation.
4 Consequently, the Court makes clear that the communication of information among and between
5 plaintiffs' counsel and among and between defendants' counsel will not be deemed a waiver of the
6 attorney-client privilege or the protection afforded by the attorney work product doctrine, and any
7 such cooperative efforts shall in no way be used against any plaintiff by any defendant or against
8 any defendant by any plaintiff.

9       **IT IS SO ORDERED**.

10 Dated: October 2, 2014

_____
JAMES DONATO
United States District Judge