# JOSEPH SAVERI
## LAW FIRM

505 MONTGOMERY STREET
SUITE 625
SAN FRANCISCO, CA 94111

TEL 415.500.6800
FAX 415.395.9940

June 19, 2015

**Via ECF**

The Honorable James Donato
United States District Court for the Northern District of California
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re:   In re Capacitors Antitrust Litigation
      Case No. 3:14-cv-03264

Dear Judge Donato:

     Direct Purchaser Plaintiffs respectfully submit this letter requesting that the Court direct Defendants KEMET Corporation and KEMET Electronics Corporation ("KEMET") to include as a document custodian Per-Olof Loof, KEMET's CEO and a member of the boards of directors of both KEMET and NEC TOKIN Corporation (another Defendant in this case). Counsel for the parties have met and conferred in person and telephonically on several occasions in accordance with this Court's Standing Order Regarding Discovery and the Civil Local Rules.

     ***Background.*** Plaintiffs allege that KEMET is liable under Section One of the Sherman Act, 15 U.S.C. § 1, for the price-fixing pled in this case in at least two ways. First, KEMET participated in the cartel through direct meetings and other communications with other cartel members and exchanged sensitive, non-public information about KEMET's capacitors operations, pricing, sales, production volume and capacity. In addition, KEMET has integrated its capacitors business with Defendant NEC TOKIN Corporation, KEMET's major competitor and alleged principal cartel member. *See, e.g.,* DPP First Amended Complaint (ECF 742) ¶¶ 37-40, 214-229. Through its acquisition of a controlling voting interest in NEC TOKIN, KEMET not only facilitated more opportunities for these two Defendants to exchange confidential information between themselves in furtherance of the cartel's aims, but also placed KEMET in a position of knowledge and control over NEC TOKIN's participation in cartel activities. By knowingly acquiescing in NEC TOKIN's continued cartel activity, failing to disclose or otherwise concealing NEC TOKIN's cartel activity, failing to cause NEC TOKIN to terminate its cartel activity, and failing to cause NEC TOKIN to withdraw from the cartel, KEMET violated Section One. FAC ¶¶ 217-28.

     KEMET denies these allegations. Discovery is in its initial stages and the parties are in the process of negotiating the custodians from whom electronically stored information (ESI) is to be searched, retrieved, and produced.

The Honorable James Donato
June 19, 2015
Page 2

While the parties have reached agreement on several KEMET custodians, the parties disagree with regard to the search and collection of the custodial files of Per-Olof Loof, who has served as KEMET's Chief Executive Officer and Director for the past ten years. In 2012, Mr. Loof negotiated and supervised KEMET's acquisition of 51% of the voting interest and 34% of the economic interest in Defendant NEC TOKIN Corporation. FAC ¶ 219. Mr. Loof serves on KEMET's Board of Directors and since 2013 has also acted as Representative Director and Chairman of Defendant NEC TOKIN's Board of Directors.[1]

***Argument.*** As a member of the boards of directors of both KEMET and NEC TOKIN (and as the Chairman of NEC TOKIN's Board), Mr. Loof has likely received and exchanged information and communications relevant to this case. *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 269 (N.D. Cal. 2012) (granting motion to compel the deposition of an executive based on his "unique role as the financial interface" between two defendant entities). The likelihood of anticompetitive activity is high when a person occupies top executive positions at two competitors. *See* Philip E. Areeda & Herbert Hovenkamp, *Antitrust Law: An Analysis of Antitrust Principles and Their Application* ¶ 1300 ("When an individual is a director or officer of two companies … [s]uch dual, or interlocking, positions might also lead to exchanges of information, joint ventures, parallel behavior, foreclosure of rivals, or a number of other activities that might affect competition adversely."). Mr. Loof also has a unique executive perspective on matters pertaining to KEMET's pricing, sales, and marketing of capacitors. He credits himself with increasing KEMET's annual revenue from $425 million to nearly $1 billion and for implementing the company's new marketing strategy.[2] He speaks publicly about KEMET's earnings, restructuring plans, and integration with NEC TOKIN.[3] And under Mr. Loof's leadership, KEMET has been a global leader in the tantalum capacitor market, with 26% of the market share worldwide in 2011.[4] Therefore, Mr. Loof should reasonably be included as a custodian for purposes of document searches.

The parties are in the process of negotiating search terms to be applied generally to custodian ESI. The parties have agreed to de-duplicate search results and Plaintiffs request only unique, non-duplicative records from Mr. Loof's files. In the interest of compromise, Plaintiffs have also offered to confine the search of Mr. Loof's files through the use of limited search terms or specified time periods. KEMET has declined these offers, arguing burden and expense. KEMET has failed to make a specific showing of burden, despite Plaintiffs' repeated requests. In fact, KEMET's counsel has acknowledged that they have not reviewed and do not know the volume of Mr. Loof's files. KEMET objects only on the grounds that processing, searching, and producing documents for a custodian will cost approximately $17,500, plus

---

[1] *KEMET and NEC TOKIN Town Hall Meetings on Alliance*, NEC TOKIN Corp. (Feb. 8, 2013), http://www.nec-tokin.com/english/top/news.cgi?mode=body&id=40 (last visited June 19, 2015).

[2] Per-Olof Loof – Profile, LinkedIn, https://www.linkedin.com/pub/per-olof-loof/15/8a3/59b (last visited June 19, 2015); *see also* KEMET Corporation, *Annual Report 2011*, available at http://ir.kemet.com/Profiles/Investor/Investor.asp?BzID=2072&from=dl&ID=125619&myID=125619&L=i&Validate=3&I= (last visited on June 19, 2015).

[3] *KEMET's (KEM) CEO Per-Olof Loof on Q3 2015 Results – Earnings Call Transcript*, Seeking Alpha (Jan. 9, 2015, 1:23 PM), http://seekingalpha.com/article/2864226-kemets-kem-ceo-per-olof-loof-on-q3-2015-results-earnings-call-transcript?page=5&p=qanda&l=last (last visited June 19, 2015).

[4] KEMET Corp., Investor Presentation (Form 8-K) Exhibit 99.1, slide 11 (August 2, 2011).

The Honorable James Donato
June 19, 2015
Page 3

attorney document review time.[5] KEMET has agreed to search the files of several additional custodians. Its decision to draw the line at Mr. Loof appears arbitrary and without basis.

KEMET has not identified any other custodian whose documents would serve as a "sufficient and more convenient substitute" for Mr. Loof's documents. *Vasudevan Software, Inc. v. Microstrategy Inc.*, No. 11-cv-06637-RS-PSG, 2012 WL 5637611, at *6 (N.D. Cal. Nov. 15, 2012) (compelling production of CEO's emails where the court found that the CEO "would most likely have information lower-level employees do not" and that the defendant had "not named any specific lower-level employees whose emails would be a sufficient and more convenient substitute"). KEMET's counsel has argued that their agreement to produce responsive records from Susan Barkal, KEMET's Chief Compliance Officer who has served on NEC TOKIN's board of directors since 2013, renders production of Mr. Loof's records unnecessary. While Ms. Barkal is an appropriate custodian too, she did not serve on either board of directors in the time period leading up to the 2013 KEMET/NEC TOKIN transaction and she did not hold the overlapping top executive positions that Mr. Loof does, which give rise to heightened anticompetitive concerns.

KEMET's counsel has invoked the "apex" doctrine as an objection to producing Mr. Loof's custodial files. But the apex doctrine, which serves to protect high-level executives from being deposed for purposes of abuse or harassment, does not apply to the production of documents. *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). Plaintiffs' request for documents would not harass Mr. Loof himself, as he presumably would not personally conduct the collection and review of documents, and Plaintiffs have also offered to limit the searches to further reduce burden and intrusiveness. Even if the Court were to apply the apex deposition doctrine to the search for documents, given that Mr. Loof possesses "unique first-hand, non-repetitive knowledge of the facts at issue in the case" and "personal knowledge of facts relevant to the lawsuit," KEMET has not carried its "heavy burden" of establishing why discovery of Mr. Loof's files should be denied. *Id.*

In sum, Plaintiffs have identified Mr. Loof as the sole custodian who has served on the boards of directors of two Defendants in this case—KEMET and NEC TOKIN—and who also has made executive decisions on matters pertaining to KEMET's pricing, sales, and marketing of capacitors for the last ten years. Mr. Loof is thus uniquely positioned and likely to possess responsive, non-duplicative documents. KEMET has provided no legitimate basis for denying Plaintiffs' request for production of Mr. Loof's responsive documents. Plaintiffs therefore respectfully request that the Court grant their request for the collection and search of Mr. Loof's custodial files.

Respectfully submitted,

s/ Joseph R. Saveri

Joseph R. Saveri

---

[5] *See* Exhibit A (June 17, 2015 letter from KEMET's counsel) at page 3, which is attached at KEMET's request.