Joseph R. Saveri (State Bar No. 130064)
Andrew M. Purdy (State Bar No. 261912)
Matthew S. Weiler (State Bar No. 236052)
James G. Dallal (State Bar No. 277826)
Ryan J. McEwan (State Bar No. 285595)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone:      (415) 500-6800
Facsimile:      (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                apurdy@saverilawfirm.com
                mweiler@saverilawfirm.com
                jdallal@saverilawfirm.com
                rmcewan@saverilawfirm.com

*Interim Lead Class Counsel for Direct Purchaser Plaintiffs*

[additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION | Master File No. 3:14-cv-03264-JD |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

1.      **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2.      **COOPERATION**

The undersigned parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3. LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4. PRESERVATION**

The parties have discussed their preservation obligations and needs, and agree that potentially relevant ESI has been preserved, and will continue to be preserved, in a reasonable and proportionate manner. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved during the litigation, the parties agree that:

a) The Defendants named for the first time in the July 18, 2014 Chip-Tech complaint have preserved and will continue to preserve ESI created or received between January 1, 2000 and August 31, 2014, to the extent such ESI existed as of the date the Defendants internally issued litigation hold notices. The Defendants named for the first time in the Plaintiffs' respective consolidated complaints filed November 14, 2014 have preserved and will continue to preserve ESI created or received between January 1, 2000 and December 31, 2014, to the extent such ESI existed as of the date Defendants issued litigation hold notices.

b) Plaintiffs have preserved and will continue to preserve ESI created or received between January 1, 2000 and December 31, 2014, to the extent such ESI existed as of the date Plaintiffs internally issued litigation hold notices.

c) All parties have preserved and will continue to preserve electronically stored transactional sales data, to the extent it exists, for the period January 1, 1997 through the present.

d) The parties have exchanged information regarding ESI that is being preserved. The parties have discussed the identification of non-custodial sources of potentially relevant ESI. All parties have advised that litigation holds have been implemented and that all existing relevant company and custodial files are being preserved, including, on a party-by-party

basis, providing in individualized meet and confer communications the types, categories and location of ESI that has been preserved.

e) The parties have conferred about sources of potentially relevant ESI that are not reasonably accessible because of undue burden or cost. To the extent certain parties have identified potentially relevant ESI that is not reasonably accessible, the parties agree that ESI from these sources will be preserved but not searched, reviewed or produced, except as agreed by the parties or upon a showing of good cause and Court order.

f) The parties have discussed proportionality considerations but, aside from ongoing discussions between Plaintiffs and certain Defendants, no party takes the position that data from any source that may contain relevant information should not be preserved at this time.

5. **SEARCH**

a) The parties have met and conferred about methods to search ESI, and have identified custodians and use of filtering search terms, in order to identify ESI that is potentially responsive to the parties' discovery requests and is subject to production in discovery, and to filter-out ESI that is not subject to discovery. As a result of the parties' meet and confer efforts, they have agreed to a general search term and phrases list to be used to filter Defendants' ESI. The parties will shortly conclude their meeting and conferring over Defendant-specific search terms and phrases and Japanese language translations of all search terms and phrases. The parties' meeting and conferring about Plaintiff-specific search terms and phrases is ongoing.

b) Should any parties' search results for any agreed-upon search term or phrase from the general list or Defendant-specific lists result in an excessively high hit rate or raise any other party-specific or custodian-specific issues, the parties agree to meet and confer about these issues in an effort to seek a mutually agreeable limitation or variant of the search term or phrase at issue. Should the parties not be able to reach agreement, the parties agree to concurrently submit to the Court their respective discovery dispute letters (no more than two pages in length) promptly after reaching an impasse.

**6.      PRODUCTION FORMATS**

Plaintiffs have requested that Defendants produce ESI in native format. Certain Defendants have informed Plaintiffs that they will not produce their ESI natively, but instead will produce in TIFF format. Plaintiffs take the position that those Defendants producing their ESI in a non-native format have waived their right to seek recovery of the cost of TIFF conversion under 28 U.S.C. § 1920. Those Defendants that choose to produce their ESI in TIFF format assert that they have not waived their right to seek recovery of the cost of TIFF conversion, and expressly reserve their right to do so at the appropriate time. Exhibit A to this Stipulation and [Proposed] Order sets forth the production specifications to which the parties agree regarding native production and, if a party so chooses, production in TIFF format.

Regardless of the format of production, the parties agree not to degrade the searchability of documents as part of the document production process.

**7.      DOCUMENTS PROTECTED FROM DISCOVERY**

a)      Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b)      The parties have agreed upon a "claw back" procedure and, subject to Court approval, reserve rights to assert privilege as follows:

i)      If a producing party has a good faith belief that a privileged document has been produced, it shall promptly notify the receiving parties of the claim of privilege.

ii)      Upon receipt of any notice claiming privilege with respect to a produced document, all other parties (regardless of whether they agree with the producing party's claim of privilege) shall promptly:

a. Use reasonable efforts to return, sequester or destroy all copies of the identified documents or material in such party's possession, custody or control, and notify the producing party that they have done so; and

b. Use reasonable efforts to retrieve and return, destroy or sequester the identified documents or material from other persons, if any, to whom such documents or material have been provided, and notify the producing party that they have done so.

iii) To the extent a receiving party disputes the producing party's claim of privilege, the receiving party shall notify the producing party of its position within 14 days of receiving the producing party's notice claiming privilege. Within 14 days of the producing party receiving notification of the dispute, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to resolve their disagreement, the parties may submit the issue to the Court for a determination, and may submit the documents at issue for in camera review.

c) Privileged communications that post-date the filing of the first complaint in this action need not be placed on a privilege log. Privilege logs shall comply with this Court's Standing Order for Discovery in Civil Cases Before Judge Donato.

**STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

**8.    MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Date: July 6, 2015                                    JOSEPH SAVERI LAW FIRM, INC.

By:    _/s/ Joseph R. Saveri_
                                                              Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Andrew M. Purdy (State Bar No. 261912)
Matthew S. Weiler (State Bar No. 236052)
James G. Dallal (State Bar No. 277826)
Ryan J. McEwan (State Bar No. 285595)
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:    jsaveri@saverilawfirm.com
              apurdy@saverilawfirm.com
              mweiler@saverilawfirm.com
              jdallal@saverilawfirm.com
              rmcewan@saverilawfirm.com

*Interim Lead Class Counsel for Direct Purchaser Plaintiffs*

Date: July 6, 2015                                    COTCHETT PITRE & McCARTHY, LLP

By:    _/s/ Steven N. Williams_
                                                              Steven N. Williams

Joseph W. Cotchett (State Bar No. 36324)
Steven N. Williams (State Bar No. 175489)
Elizabeth Tran (State Bar No. 280502)
Joyce Chang (State Bar No. 300780)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:    (650) 697-6000
Facsimile:    (650) 697-0577
Email:    jcotchett@cpmlegal.com
              swilliams@cpmlegal.com
              etran@cpmlegal.com
              jchang@cpmlegal.com

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

**STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

Date: July 6, 2015

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC

By: _/s/ Bruce D. Sokler_
Bruce D. Sokler

Bruce D. Sokler (*admitted pro hac vice*)
701 Pennsylvania Avenue NW
Suite 900
Washington, DC 20004
202-434-7303
Fax: 202-434-7400
Email: bdsokler@mintz.com

*Attorneys for Defendant AVX Corporation*

Date: July 6, 2015

WILMER CUTLER PICKERING HALE AND DORR LLP

By: _/s/ Heather S. Tewksbury_
Heather S. Tewksbury

Heather S. Tewksbury
950 Page Mill Road
Palo Alto, CA 94304
(650) 858-6134
Fax: (650) 858-6100
Email: heather.tewksbury@wilmerhale.com

*Attorney for Defendants Elna Co. Ltd. and Elna America Inc.*

Date: July 6, 2015

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _/s/ Jonathan M. Jacobson_
Jonathan M. Jacobson

Jonathan M. Jacobson
Chul Pak (*admitted pro hac vice*)
Jeffrey C. Bank (*admitted pro hac vice*)
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 497-7758
Facsimile: (212) 999-5899
jjacobson@wsgr.com
cpak@wsgr.com
jbank@wsgr.com

Jeff VanHooreweghe (*admitted pro hac vice*)
1700 K Street, N.W., Fifth Floor
Washington, DC 20006
Telephone: (202) 973-8825

Facsimile: (202) 973-8899
jvanhooreweghe@wsgr.com

*Attorneys for Defendants Hitachi Chemical Co., Ltd., Hitachi Chemical Company America, Ltd., and Hitachi AIC Incorporated*

Date: July 6, 2015

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:  /s/ Roxane A. Polidora

Roxane A. Polidora

Roxane A. Polidora (CA Bar No. 135972)
Jacob R. Sorensen (CA Bar No. 209134)
Lindsay A. Lutz (CA Bar No. 254442)
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 983-1000
Email: roxane.polidora@pillsburylaw.com
jake.sorensen@pillsburylaw.com
lindsay.lutz@pillsburylaw.com

*Attorneys for Defendants KEMET Corporation and KEMET Electronics Corporation*

Date: July 6, 2015

DENTONS US LLP

By:  /s/ Bonnie Lau

Bonnie Lau

Bonnie Lau
525 Market Street, 26th Floor
San Francisco, CA 94105
415-882-5000
Fax: 415- 882-0300
Email: bonnie.lau@dentons.com

*Attorneys for Defendant Matsuo Electric Co., Ltd.*

Date: July 6, 2015

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ George A. Nicoud III

George A. Nicoud III

GEORGE A. NICOUD III, SBN 106111
AUSTIN V. SCHWING, SBN 211696
ELI M. LAZARUS, SBN 284082
aschwing@gibsondunn.com
tnicoud@gibsondunn.com
elazarus@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921

STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

Telephone:     415.393.8200
Facsimile:     415.393.8306

MATTHEW PARROTT, SBN 302731
mparrott@gibsondunn.com
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:     949.451.3800
Facsimile:     949.451.4220

*Attorneys for Defendants NEC TOKIN Corporation
and NEC TOKIN America, Inc.*

Date: July 6, 2015                     K&L GATES LLP

By:        /s/ Michael E. Martinez
                Michael E. Martinez

Scott M. Mendel (*pro hac vice*)
Steven M. Kowal (*pro hac vice*)
Michael E. Martinez (*pro hac vice*)
Lauren N. Norris (*pro hac vice*)
Lauren B. Salins (*pro hac vice*)
70 West Madison Street, Suite 3100
Chicago, IL  60602
Telephone: (312) 372-1121
Facsimile: (312) 827-8000

*Counsel for Defendants Nichicon Corporation,
Nichicon (America) Corporation, and FPCAP
Electronics (Suzhou) Co., Ltd.*

Date: July 6, 2015                     WINSTON & STRAWN LLP

By:        /s/ Jeffrey L. Kessler
                Jeffrey L. Kessler

Jeffrey L. Kessler (*pro hac vice*)
A. Paul Victor (*pro hac vice*)
Molly M. Donovan (*pro hac vice*)
Mollie C. Richardson (*pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jkessler@winston.com
pvictor@winston.com
mmdonovan@winston.com
mrichardson@winston.com

Ian L. Papendick (State Bar No. 275648)
101 California Street
San Francisco, CA 94111
Tel: (415) 591-6905

**STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION**

Fax: (415) 591-1400
ipapendick@winston.com

*Counsel for Defendants Panasonic Corporation,
Panasonic Corporation of North America, SANYO
Electric Co., Ltd.*, and *SANYO North America
Corporation*

Date: July 6, 2015                    O'MELVENY & MYERS LLP

By:    */s/ Michael F. Tubach*
         Michael F. Tubach

Michael F. Tubach (SBN 145955)
Christina J. Brown (SBN 242130)
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
Email: mtubach@omm.com
Email: cjbrown@omm.com

Kenneth R. O'Rourke (SBN 120144 )
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: korourke@omm.com

*Attorneys for Defendants ROHM Co., Ltd. and
ROHM Semiconductor U.S.A., LLC*

Date: July 6, 2015                    HUNTON AND WILLIAMS LLP

By:    */s/ Djordje Petkoski*
         Djordje Petkoski

Djordje Petkoski
2200 Pennsylvania Avenue, NW
Washington, DC 20037
202-955-1500
Email: dpetkoski@hunton.com

*Attorneys for Defendants Rubycon Corporation and
Rubycon America Inc.*

Date: July 6, 2015                    CADWALADER, WICKERSHAM & TAFT LLP

                                      By:      /s/ Charles F. Rule
                                             Charles F. Rule

                                      Charles F. Rule (admitted *pro hac vice*)
                                      Joseph J. Bial (admitted *pro hac vice*)
                                      Daniel J. Howley (admitted *pro hac vice*)
                                      700 6th St, NW
                                      Washington, DC 20001
                                      Telephone: (202) 862-2200
                                      Facsimile: (202) 862-2400
                                      rick.rule@cwt.com
                                      joseph.bial@cwt.com
                                      daniel.howley@cwt.com

                                      *Attorneys for Defendants Nippon Chemi-Con*
                                      *Corporation and United Chemi-Con, Inc.*

Date: July 6, 2015                    ROPES & GRAY LLP

                                      By:      /s/ Mark S. Popofsky
                                             Mark S. Popofsky

                                      Mark S. Popofsky
                                      One Metro Center
                                      700 12th Street NW, Suite 900
                                      Washington, DC 20005-3948
                                      Telephone: (202) 508-4624
                                      Facsimile: (202) 508-4650
                                      mark.popofsky@ropesgray.com

                                      Jane E. Willis (*admission pro hac vice pending*)
                                      800 Boylston Street
                                      Boston, MA 02199-3600
                                      Telephone: (617) 951-7603
                                      Facsimile: (617) 235-0435
                                      jane.willis@ropesgray.com

                                      *Attorneys for Taitsu Corporation and Taitsu*
                                      *America, Inc.*

Date: July 6, 2015                    MORRISON & FOERSTER LLP

                                      By:      /s/ Paul T. Friedman
                                             Paul T. Friedman

                                      Paul T. Friedman
                                      Michael P. Kniffen
                                      425 Market Street
                                      San Francisco, California 94105-2482
                                      Telephone: 415.268.7000
                                      Facsimile: 415.268.7522
                                      Email: PFriedman@mofo.com

**STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF**
**ELECTRONICALLY STORED INFORMATION**

Email: MKniffen@mofo.com

Jeffrey A. Jaeckel
2000 Pennsylvania Avenue, NW Suite 6000
Washington, District of Columbia 20006-1888
Telephone: 202.887.1500
Facsimile: 202.887.0763
Email: JJaeckel@mofo.com

*Attorneys for Defendants Fujitsu Limited, Fujitsu
Semiconductor America, Inc., and Fujitsu
Components America, Inc.*

Date: July 6, 2015                        JONES DAY

                                          By:  ___/s/ Eric P. Enson___
                                                    Eric P. Enson

                                          Jeffrey A. LeVee (State Bar No. 125863)
                                          jlevee@JonesDay.com
                                          Eric P. Enson (State Bar No. 204447)
                                          epenson@JonesDay.com
                                          Rachel H. Zernik (State Bar No. 281222)
                                          rzernik@jonesday.com
                                          555 South Flower Street, Fiftieth Floor
                                          Los Angeles, CA 90071.2300
                                          Telephone:   +1.213.489.3939
                                          Facsimile:   +1.213.243.2539

                                          *Counsel for Defendants Holy Stone Enterprise Co.,
                                          Ltd. and Milestone Global Technology, Inc.*

Date: July 6, 2015                        BAKER & MCKENZIE LLP

                                          By:  ___/s/ Douglas Tween___
                                                    Douglas Tween

                                          Douglas Tween (admitted *pro hac vice*)
                                          Darrell Prescott (admitted *pro hac vice*)
                                          452 Fifth Avenue
                                          New York, NY 10018
                                          (212) 626-4355
                                          Fax: (212) 310-1655
                                          Email: Douglas.Tween@bakermckenzie.com
                                          Email: Darrell.Prescott@bakermckenzie.com

                                          Meghan E. Hausler (*admitted pro hac vice*)
                                          2300 Trammell Crow Center
                                          2001 Ross Avenue
                                          Dallas, TX 75206
                                          Telephone: (214) 965-7219
                                          Facsimile: (214) 965-5937
                                          Email:  Meghan.Hausler@bakermckenzie.com

Colin H. Murray (SBN 159142)
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
(415) 591-3244
Fax: (415) 576-3099
Email: Colin.Murray@bakermckenzie.com

*Attorneys for Defendants Okaya Electric Industries
Co., Ltd. and Okaya Electric America, Inc.*

Date: July 6, 2015                      HUGHES HUBBARD & REED LLP

                                        By:        */s/ Ethan E. Litwin*
                                                   Ethan E. Litwin

Ethan E. Litwin (*admitted pro hac vice*)
Morgan J. Feder (*admitted pro hac vice*)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482
Tel: (212) 837-6000
Fax: (212) 422-4726
Email: Ethan.Litwin@hugheshubbard.com
Email: Morgan.Feder@hugheshubbard.com

David H. Stern (CA Bar No. 196408)
Carolin Sahimi (CA Bar No. 260312)
Hughes Hubbard & Reed LLP
350 South Grand Avenue
Los Angeles, CA 90071-3442
Tel: (213) 613-2800
Fax: (213) 613-2950
Email: David.Stern@hugheshubbard.com
Email: Carolin.Sahimi@hugheshubbard.com

*Attorneys for Defendants Soshin Electric Co., Ltd.
and Soshin Electronics of America, Inc.*

Date: July 6, 2015                      LATHAM & WATKINS LLP

                                        By:        */s/ Belinda S. Lee*
                                                   Belinda S. Lee

Belinda S Lee
Ashlev M. Bauer
505 Montgomery Street, 20th Floor
San Francisco, CA  94111
Telephone:  415-391-0600
Facsimile:  415-395-8095
belinda.lee@lw.com
ashley.bauer@lw.com

*Attorneys for Defendant Nitsuko Electronics
Corporation*

Date: July 6, 2015                                    DENTONS US LLP

                                                      By:      /s/ Gaspare J. Bono
                                                              Gaspare J. Bono


                                                      Gaspare J. Bono (*admitted pro hac vice*)
                                                      Stephen M. Chippendale (*admitted pro hac vice*)
                                                      Claire M. Maddox (*admitted pro hac vice*)
                                                      1900 K St., NW
                                                      Washington, DC 20006
                                                      Tele.: (202) 496-7500
                                                      Fax: (202) 496-7756
                                                      Gap.Bono@dentons.com
                                                      Stephen.Chippendale@dentons.com
                                                      Claire.Maddox@dentons.com

                                                      Andrew S. Azarmi (SBN 241407)
                                                      Spear Tower, One Market Plaza, 24th Fl.
                                                      San Francisco, CA 94105
                                                      Tele.: (415) 267-4000
                                                      Fax: (415) 356-3873
                                                      Andrew.Azarmi@dentons.com

                                                      *Attorneys for Defendants Shinyei Kaisha, Shinyei*
                                                      *Technology Co., Ltd., Shinyei Capacitor Co., Ltd.,*
                                                      *and Shinyei Corporation of America, Inc.*


        Pursuant to Civil L. R. 5-1(i)(3), I attest that concurrence in the filing of this document has been

obtained from each of the other signatories above.

Date: July 6, 2015                                    By:      /s/ Joseph R. Saveri
                                                              Joseph R. Saveri




**IT IS SO ORDERED.**

Date:                                                 _____
                                                              Hon. James Donato

**STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF**
**ELECTRONICALLY STORED INFORMATION**

# EXHIBIT A – PRODUCTION FORMAT REQUESTS

Responsive, non-privileged documents and ESI shall be produced as follows:

## A. Production Format

### 1. Native Productions

Plaintiffs have requested that Defendants produce all documents in native file format. "Native" files refer to electronic files in the same format in which they were originally collected from custodians or other sources. Native format documents may be identified with a Bates stamped slip sheet and be provided a link to the Native file in the load files, or some other reasonably accepted means of identifying the native format documents in discovery productions and for court filings. To the extent that any such native files are used in any pretrial motion or proceeding, those files will be referred to the Bates-number(s) assigned during processing.

### 2. TIFF Productions

Certain Defendants have indicated that they intend to make their document productions in TIFF format. The standards below pertain to TIFF productions.

#### a. Image Production Standard

Paper documents will be produced as single page TIFF images with corresponding Concordance and Opticon standard load files, or other agreed-upon format, with accurate document page breaks. ESI produced in TIFF format will follow the same protocol. To the extent practicable, color documents will be produced in color TIFF form, except native image files such as JPG will be produced in JPG format. Each TIFF image will be labeled with a Bates number on the corresponding page. Nothing in this stipulation shall waive a party's right to make documents available for inspection as allowed by the Federal Rules of Civil Procedure.

#### b. Native Document Production as part of TIFF Productions

Even if a party decides to produce documents in TIFF format, they agree that Excel, Powerpoint, Presentation, Audio Visual and other media files (*e.g.*, .wav, .avi, .mpg, .mov, etc.) shall be produced in native format in the first instance.

### c. Extracted Text or Optical Character Recognition ("OCR") Text for TIFF Images

To the extent practicable, each individual document based on an electronic file shall be accompanied by a corresponding text file with text that is extracted from the electronic file, not generated as an OCR file from the .TIFF image(s). These text files will be broken up by document, not by page, meaning each document, regardless of number of pages, will have 1 text file. The production of relevant ESI in searchable, full text format is limited to those forms of ESI that have text (in other words, any non-text formats [*e.g.,* .wav and .jpeg] would not produce any corresponding text files). Each extracted text file will be named according to the first Bates number of the corresponding electronic document.

The extracted text shall also conform to the Unicode standard.

The Concordance load file will contain a link to the extracted text or OCR text file if applicable. The text should not be included in the Concordance .DAT load file

### B. Metadata Fields

The following corresponding metadata fields, to the extent applicable to a produced electronic document, will be included in a searchable fielded data file, regardless of the production format:

- *Beginning/Ending Document numbers
- *Beginning/Ending Attachment ranges
- Document File extension or application
- Document Source (e.g., department, or file location)
- Sent Date
- Sent Time
- Create Date
- Create Time
- Author
- From
- Recipient
- CC
- BCC
- Subject (for emails)
- Title (for files)
- Custodian
- File Name
- Modified Date
- Modified Time
- *Full Text (Re-OCR'd text if redactions were made) (including images with searchable text)
- *Field populated to identify if a document has been redacted (Redacted – "YES")

**STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

*\* If redacted emails and/or documents are produced, only these fields of information will be included in the load file.*

No party will have any obligation to manually generate information to populate these fields.

If TIFF format is used, there are special considerations for certain user-created files such as image files (*e.g.*, TIF, JPG, and GIF files): Image files should be produced as electronically Bates-numbered single-page TIFF images and corresponding metadata. Image files may not contain searchable content available for production, but to the extent available, the searchable content of such image files will be extracted into a fielded database file (metadata fields outlined below) that will also be produced. This metadata file shall also conform to the Unicode standard.

### 3. Redaction of Images

If the parties redact images on grounds of the attorney-client privilege or attorney work product doctrine, these redactions will be listed on a Privilege Log. In the event a document is redacted, the redaction will be marked by either a box that covers the protected text and/or the term "Redacted." The extracted text described above will not be delivered for that document and in place of extracted text, OCR output will be delivered based on the redacted images, to the extent reasonably feasible. The parties agree and understand that redaction requires that a document be produced in TIFF format.

### 4. Foreign Language Documents

The parties agree that the producing party shall not bear the cost of translating foreign language documents produced in this case. The requesting parties shall bear the burden of any costs associated with the translation of foreign language documents.

### C. De-Duplication of Productions

The parties will use reasonable, good faith efforts to avoid the production of duplicate documents and ESI.[1]

The parties shall meet and confer to disclose and discuss the methodology and technologies being employed by each party to de-duplicate review of potentially responsive ESI and

---

[1] In general, de-duplication is based on the calculation of a value (*e.g.*, MD5, SHA256) based on the content of each file. These values are then compared across the population and duplicates are removed from the review and production process as appropriate within each party's processes.

**STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

documents in accordance with this Order. The parties may de-duplicate identical ESI vertically (*i.e.*, by custodian) and horizontally (*i.e.*, globally across custodians).