1  **[Counsel for Moving Defendants Listed on Signature Pages]**

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12

| | |
|---|---|
| IN RE:  CAPACITORS ANTITRUST LITIGATION | Master File No. 14-CV-03264-JD |
| | **CERTAIN DEFENDANTS' JOINT MOTION TO DISMISS THE INDIRECT PURCHASER PLAINTIFFS' SECOND CONSOLIDATED COMPLAINT** |
| THIS DOCUMENT RELATES TO: | |
| ALL INDIRECT PURCHASER ACTIONS | Date: September 30, 2015 Time: 10:00 a.m. Judge: Hon. James Donato Location: Courtroom 11 |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTAIN DEFS.' JOINT MOT. TO DISMISS
                                                    INDIRECT PURCHASER PLS.' SECOND
                                                    CONSOLIDATED COMPLAINT

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ...................................................................... vii

STATEMENT OF ISSUES TO BE DECIDED ........................................................ vii

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................1

ARGUMENT .............................................................................................................1

I. PLAINTIFFS LACK ARTICLE III STANDING TO ASSERT CLAIMS UNDER THE LAWS OF THIRTY-ONE STATES. ...................................................................1

II. PLAINTIFFS' NON-CALIFORNIA CLAIMS SHOULD BE DISMISSED BECAUSE THEY FAIL TO ALLEGE SUFFICIENT CONTACTS WITH THE THIRTY-ONE STATES ................................................................5

III.    PLAINTIFFS FAIL TO STATE A CLAIM UNDER TWENTY STATES' LAWS ...............................................................................................7

CONCLUSION .........................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Allen v. Wright*,
  468 U.S. 737 (1984) ............................................................................................... 3

*Allstate Ins. Co. v. Hague*,
  449 U.S. 302 (1981) ............................................................................................... 5

*AT&T Mobility LLC v. AU Optronics Corp.*,
  707 F.3d 1106 (9th Cir. 2013) .............................................................................. 6

*Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc.*,
  3 N.Y.3d 200 (2004) ............................................................................................ 10

*California v. Infineon Techs. AG*,
  No. C 06-4333 PJH, 2008 WL 1766775 (N.D. Cal. Apr. 15, 2008) ..................... 14

*City of St. Paul v. FMC Corp.*,
  1990 WL 265171 (D. Minn. Feb. 27, 1990) .......................................................... 10

*ERI Max Entm't, Inc. v. Streisand*,
  690 A.2d 1351 (R.I. 1997) .................................................................................... 13

*Freund v. Nycomed Amersham*,
  347 F.2d 753 (9th Cir. 2003) ................................................................................. 8

*Goebel v. Salt Lake City Southern R.R. Co.*,
  104 P.3d 1185 (Utah 2004) .................................................................................. 14

*Hunters Friend Resort, Inc. v. Branson Tourism Ctr., LLC*,
  2009 U.S. Dist. LEXIS 69602 (W.D. Mo. Aug. 10, 2009) ..................................... 15

*In re Aftermarket Filters Antitrust Litig.*,
  No. 08 C 4883, 2009 WL 3754041 (N.D. Ill. Nov. 5, 2009) ........................... 12, 14

*In re Aggrenox Antitrust Litig.*,
  No. 3:14-md-2516 (SRU), 2015 WL 1311352 (D. Conn. Mar. 23, 2015)............... 14

*In re Apple iPhone Antitrust Litig.*,
  No. 11-cv-06714-YGR, 2013 WL 4425720 (N.D. Cal. Aug. 15, 2013).................... 3

*In re Auto. Parts Antitrust Litig.*,
  50 F. Supp. 3d 869, 888 (E.D. Mich. 2014) ......................................................... 12

*In re Auto. Parts Antitrust Litig.*,
  2013 U.S. Dist. LEXIS 80338 (E.D. Mich. June 6, 2013) ................................... 7, 8

*In re Auto. Refinishing Paint Antitrust Litig.*,
  515 F. Supp. 2d 544 (E.D. Pa. 2007) ................................................................. 10

*In re Ditropan XL Antitrust Litig.*,
  529 F. Supp. 2d 1098 (N.D. Cal. 2007) .............................................................. 3

*In re Dynamic Random Access Memory Antitrust Litig.*
  ("*DRAM*"), 516 F. Supp. 2d 1072 (N.D. Cal. 2007) ................................. 12, 13, 14

*In re Flash Memory Antitrust Litig.*,
  643 F. Supp. 2d 1133 (N.D. Cal. 2009) ...................................................... passim

*In re Genetically Modified Rice Litig.*,
  666 F. Supp. 2d 1004 (E.D. Mo. 2009) ............................................................... 9

*In re Graphics Processing Units Antitrust Litig.*,
  527 F. Supp. 2d 1011 (N.D. Cal. 2007) ...................................................... passim

*In re Lidoderm Antitrust Litig.*,
  No. 14-MD-02521-WHO, 2015 WL 2089223 (N.D. Cal. May 5, 2015) ............................. 13

*In re Lithium Batteries Antitrust Litig.*,
  2014 U.S. Dist. LEXIS 141358 (N.D. Cal., Oct. 2, 2014) ........................................ 8

*In re Magnesium Oxide Antitrust Litig.*,
  Civ. No. 10-5943, 2011 U.S. Dist. LEXIS 121373 (D.N.J. Oct. 20, 2011) ......................... 13

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.*,
  235 F.R.D. 127 (D. Me. 2006) ........................................................................ 10

*In re Nexium (Esomeprazole) Antitrust Litig.*,
  968 F. Supp. 2d 367 (D. Mass. 2013) ................................................................ 14

*In re Niaspan Antitrust Litig.*,
  42 F. Supp. 3d 735, 759 (E.D. Penn. 2014) .................................................... 12, 14

*In re Optical Disk Drive Antitrust Litig.*,
  No. 3:10-md-02143-RS, 2014 WL 1379197 (N.D. Cal. Apr. 4, 2014) ................................ 5

*In re Silk*,
  937 A.2d 900 (N.H. 2007) ............................................................................. 12

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
  No. 07-md-01819 CW, 2010 WL 5094289 (N.D. Cal. Dec. 8, 2010) ................................. 14

*In re Static Random Access Memory Antitrust Litig.*
  ("*SRAM*"), 580 F. Supp. 2d 896 (N.D. Cal. 2008) ................................................ 12

*In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*,
  2014 U.S. Dist. LEXIS 167204 (E.D. Pa. Dec. 3, 2014) ........................................... 8

*In re Terazosin Hydrochloride Antitrust Litig.*,
   160 F. Supp. 2d 1365 (S.D. Fla. 2001).................................................................................. 9

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   2011 WL 1113447 (N.D. Cal. Mar. 25, 2011) ...................................................................... 12

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   Nos. M 07-1827 SI, C 09-4997 SI, 2010 WL 2609434 (N.D. Cal. June 28, 2010) ................. 6

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   Nos. M 07-1827 SI, C 12-1827 SI, 2011 WL 3809767 (N.D. Cal. Aug. 29, 2011) ................ 6

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   Nos. M 07-1827 SI, C 12-1827 SI, 2013 WL 1164897 (N.D. Cal. Mar. 20, 2013)................. 6

*Joseph v. Lowery*,
   495 P.2d 273 (Or. 1972) ....................................................................................................... 12

*Kanne v. Visa, U.S.A. Inc.*,
   272 Neb. 489 (2006) ............................................................................................................... 8

*Lewis v. Casey*,
   518 U.S. 343 (1996) ............................................................................................................... 3

*Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*,
   No. 13-cv-01180-BLF, 2014 WL 4774611 (N.D. Cal. Sep. 22, 2014)............................ 3, 4, 5

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ............................................................................................................... 3

*Olson v. Wheelock*,
   680 P.2d 719 (Or. Ct. App. 1984) ....................................................................................... 12

*Paltre v. Gen. Motors Corp.*,
   26 A.D.3d 481 (N.Y. App. Div. 2006) ................................................................................. 10

*Pecover v. Elec. Arts Inc.*,
   633 F. Supp. 2d 976 (N.D. Cal. 2009) .................................................................................. 7

*Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*,
   263 F.R.D. 205 (E.D. Pa. 2009) ........................................................................................ 4, 5

*Southard v. Visa U.S.A. Inc.*,
   734 N.W.2d 192 (Iowa 2007)........................................................................................ 8, 9, 10

*State v. Daicel Chem. Indus., Ltd.*,
   42 A.D.3d 301 (N.Y. App. Div. 2007).................................................................................. 10

*Sun Dun, Inc. v. Coca-Cola Co.*,
   770 F. Supp. 285 (D. Md. 1991) .......................................................................................... 14

*United Food & Commer. Workers Local 1776 v. Teikoku Pharma USA, Inc.*,
  2014 U.S. Dist. LEXIS 161069 (N.D. Cal. Nov. 17, 2014) ........................................... 7, 8, 15

*Wogan v. Kunze*,
  623 S.E.2d 107 (S.C. Ct. App. 2005) *aff'd as modified*, 666 S.E.2d 901 (2008) ..................... 7

**STATUTES**

10 M.R.S. §§ 1101, *et seq.* ....................................................................................... 10

740 Ill. Comp. Stat. §10/7 (2010) ................................................................................ 7

2009 Or. Laws Ch. 304 ............................................................................................ 11

Ark. Code Ann. § 4-88-107(a) ................................................................................... 11

Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601, *et seq.* ........................................... 8

D.C. Code § 28-3901 ............................................................................................... 14

Hawaii Rev. Stat. § 480–13.3(a) ................................................................................ 15

Iowa Code §§ 553.1, *et seq.* ..................................................................................... 9

Mass. Gen. Laws ch. 93A, § 1, *et seq.* ......................................................................... 8

Mich. Comp. Laws § 445.773 ..................................................................................... 15

Minn. Stat. §§ 325D.49, *et seq.* ................................................................................. 9

Minn. Stat. § 325D.54 (2015) ..................................................................................... 9

Mo. Rev. Stat. § 407.025 .......................................................................................... 15

Mont. Code Ann. § 30-14-102, *et seq.* .................................................................... 12, 13

N.H. Rev. Stat. § 356:11 (2008) ................................................................................. 12

N.M. Stat. § 57-12-2(E) (2015) .................................................................................. 11

N.M. Stat. § 57-12-3 (2015) ...................................................................................... 11

Neb. Rev. Stat. §§ 59-801, *et seq.* .............................................................................. 8

New York Gen. Bus. Law. § 349 ................................................................................. 10

North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 ................ 9

Or. Rev. Stat. § 646.780 (2010) .................................................................................. 11

R.I. Gen. Laws § 6–13.1–1(6) ("UTPCPA"), *et seq.* ....................................................... 13

Rules Enabling Act, 28 U.S.C. § 2072 ........................................................................................... 8

S.C. Code § 39-5-10, *et seq.* ....................................................................................................... 7

Utah Code § 76-10-3108(1) ......................................................................................................... 14

Utah Code § 76-10-3109(1)(a) ..................................................................................................... 14

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 30, 2015 at 10:00 a.m., or as soon thereafter as the matter may be heard, the undersigned Defendants[1] will and hereby do move the Court, pursuant to Rules 8(a), 9(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the Second and Third Claims for Relief in the Indirect Purchaser Plaintiffs' Second Consolidated Complaint ("IPP-SCC"), except for the claims under California law, for lack of standing under Article III of the United States Constitution, under the Due Process Clause of the United States Constitution, and for failure to state a claim upon which relief can be granted. This motion is based upon this Notice of Motion; the accompanying Memorandum of Points and Authorities; the complete files and records in these consolidated actions; oral argument of counsel; and such other and further matters as the Court may consider.

# STATEMENT OF ISSUES TO BE DECIDED

1. Whether Indirect Purchaser Plaintiffs ("Plaintiffs") lack standing under Article III of the United States Constitution to assert state law claims under the laws of thirty-one states where no Plaintiff allegedly resides or suffered injury.

2. Whether Plaintiffs have alleged sufficient contacts with any of the thirty-one states in which no Plaintiff resides or purchased a capacitor to satisfy the Due Process Clause of the Fourteenth Amendment and permit the application of those states' laws to their claims. *See Allstate Ins. Co. v. Hague*, 449 U.S. 302 (1981).

3. Whether Plaintiffs' claims under Illinois and South Carolina law must be dismissed because the substantive laws of those states do not permit private indirect purchaser class actions. *See* Ill. Comp. Stat. §10/7; S.C. Code § 39-5-140; *United Food and Commercial Workers 1776 v.*

---

[1] Joining in this motion are: ELNA Co. Ltd., ELNA America, Inc., Hitachi Chemical Co., Ltd., Hitachi Chemical Company America, Ltd., Hitachi AIC Incorporated, Matsuo Electric Co., Ltd., NEC TOKIN Corporation, NEC TOKIN America, Inc., Nichicon Corporation, Nichicon (America) Corporation, Nitsuko Electronics Corp., Okaya Electric Industries Co., Ltd., Panasonic Corporation, Panasonic Corporation of North America, SANYO Electric Co., Ltd., SANYO North America Corp. [incorrectly named in the Complaint as SANYO Electronic Device (U.S.A.) Corp.], Rubycon Corporation, Rubycon America Inc., Shinyei Technology Co., Ltd., Shinyei Capacitor Co., Ltd., Soshin Electric Co., Ltd., Taitsu Corporation, United Chemi-Con, Inc., and Nippon Chemi-Con Corporation (collectively, "Defendants").

*Teikoko Pharma USA, Inc.*, 2014 U.S. Dist LEXIS 161069, at *104-105 (N.D. Cal. Nov. 17, 2014).

4. Whether Plaintiffs' claim under the Massachusetts Consumer and Business Protection Act must be dismissed because it precludes indirect purchaser claims by non-consumers. Mass. Gen. Laws ch. 93A, § 11; *United Food and Commercial Workers 1776 v. Teikoko Pharma USA, Inc.*, 2014 U.S. Dist LEXIS 161069, at *98-99 (N.D. Cal. Nov. 17, 2014).

5. Whether Plaintiffs' claims under Nebraska, Iowa, Maine, Minnesota, and North Carolina law must be dismissed for failure to establish standing under the antitrust and consumer protection laws of those states. *See Kanne v. Visa, U.S.A. Inc.,* 272 Neb. 489, 494-500 (2006); *Southard v. Visa U.S.A. Inc.*, 734 N.W.2d 192, 198 (Iowa 2007); N.C. Gen. Stat. § 75-1.1; Minn. Stat. § 325D.54; *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 235 F.R.D. 127, 134 (D. Me. 2006).

6. Whether Plaintiffs' claims under New York, Arkansas, and New Mexico law must be dismissed for failure to allege deceptive and unconscionable conduct as required by those laws. *See* New York Gen. Bus. Law. § 349; N.M. Stat. § 57-12-3; Ark. Code Ann. § 4-88-107(a).

7. Whether Plaintiffs' Oregon claims arising from conduct prior to January 1, 2010 must be dismissed because Oregon did not authorize indirect purchaser claims until that date. *See* Or. Rev. Stat. § 646.780, *as amended by* 2009 Or. Laws Ch. 304 (HB 2584).

8. Whether Plaintiffs' New Hampshire claims arising from conduct prior to January 1, 2008 must be dismissed because New Hampshire did not authorize indirect purchaser claims until that date. *See* N.H. Rev. Stat. §§ 356:11; *In re Auto. Parts Antitrust Litig.*, 50 F. Supp. 3d 869, 888 (E.D. Mich. 2014).

9. Whether Plaintiffs' claims under Montana law must be dismissed because Montana's consumer protection statute does not permit class actions, none of the named plaintiffs are consumers as defined by the statute, and Plaintiffs lack standing to bring a claim under Montana law. *See* Mont. Code Ann. § 30-14-102, 103.

10. Whether Plaintiffs' claims under Rhode Island law must be dismissed because none of the named plaintiffs are alleged to have purchased capacitors primarily for personal, family, or

household purposes and the alleged actions of the Defendants did not create a "likelihood of confusion" as required by Rhode Island law. *See* R.I. Gen. Laws § 6-13-1-5.2.

11.     Whether Plaintiffs' claims under Utah law must be dismissed because Plaintiffs are not citizens or residents of Utah and Utah did not authorize indirect purchaser claims until May 1, 2006. *See* Utah Code Ann. §§ 76-10-3108(1), 3109(1)(a).

12.     Whether Plaintiffs' claims under District of Columbia law must be dismissed because Plaintiffs fail to allege unconscionable conduct and Plaintiffs fail to allege sales of allegedly price fixed capacitors in the District of Columbia that did not have an interstate aspect, as required by District of Columbia law.  *See* DC Code § 28-3901; *Sun Dun, Inc. v. Coca-Cola Co.*, 770 F. Supp. 285 (D. Md. 1991).

13.     Whether Plaintiffs' claims under the Michigan monopolization statute must be dismissed because it covers only single firm conduct, not alleged conspiracies. *See* Mich. Comp. Laws. § 445.733.

14.     Whether Plaintiffs' claims under Missouri law must be dismissed because none of the named plaintiffs are alleged to have purchased capacitors primarily for personal, family, or household purposes.  *See* Mo. Rev. Stat. § 407.025.

15.     Whether Plaintiffs' claims under Hawaii law must be dismissed because Plaintiffs fail to state that they served the Complaint on the attorney general of Hawaii, as required by Hawaii law.  *See* Hawaii Rev. Stat. § 480–13.3(a).

## MEMORANDUM OF POINTS AND AUTHORITIES

In their Second Consolidated Complaint ("SCC"), Indirect Purchaser Plaintiffs ("Plaintiffs" or "IPP") continue to seek to represent classes that are astonishingly broad. Following Defendants' motion to dismiss the First Consolidated Complaint and Plaintiffs' voluntary dismissal of the "consumer plaintiffs," the only remaining plaintiffs are the five "First-Level Indirect Purchaser Plaintiffs." Yet while these remaining plaintiffs are residents of only California and Virginia, the SCC asserts claims and classes under the antitrust and consumer protection laws of _32_ states—the original 22 states identified in the First Consolidated Complaint, plus 10 new states. But Plaintiffs make no claims under Virginia law, and except for California, there is no named plaintiff that is a member of any of the 32 purported state classes.

Consequently, no named plaintiff has Article III standing to assert state law claims for any state other than California. All claims asserted by Plaintiffs under the laws of the 31 other states must be dismissed.

Plaintiffs' claims under the laws of all 31 non-California states also fail to satisfy the Due Process Clause of the Fourteenth Amendment because the SCC does not allege sufficient contacts with these states. As Plaintiffs have failed to meet their burden to show that any non-California state has significant contacts with their alleged injury, their claims brought under the laws of these 31 states should be dismissed with prejudice.

Apart from these Article III standing and Due Process issues, Plaintiffs' allegations are still deficient with respect to their claims under the laws of Illinois, South Carolina, Massachusetts, Nebraska, Iowa, North Carolina, Minnesota, Maine, New York, Arkansas, New Mexico, Oregon, New Hampshire, Montana, Rhode Island, Utah, District of Columbia, Michigan, Missouri, and Hawaii.

## ARGUMENT

### I. PLAINTIFFS LACK ARTICLE III STANDING TO ASSERT CLAIMS UNDER THE LAWS OF THIRTY-ONE STATES.

The First Consolidated Complaint (Dkt. 400) ("FCC") included 31 Consumer Indirect Purchaser Plaintiffs who resided in 22 states and purchased electronic products containing

1   capacitors.  FCC ¶¶ 35-65.  These consumer plaintiffs raised claims under the antitrust and

2   consumer protection statutes of 19 states.  For each state, the complaint alleged, for example:

3   "Arizona Plaintiff on behalf of the Arizona Damages Classes alleges as follows: . . . ."  FCC ¶¶

4   382-412.  The state classes were defined as, for example:  "All persons or entities that, as residents

5   of Arizona, indirectly purchased one or more electrolytic or film capacitors and/or electronic

6   products containing one or more electrolytic or film capacitors . . . ."  FCC ¶ 348.

7          After the Court raised the appropriateness of including consumer plaintiffs in this

8   litigation, Plaintiffs voluntarily dismissed all 31 consumer plaintiffs and their claims.  (Dkt. 594)

9   The only remaining plaintiffs were the five First-Level Indirect Purchaser Plaintiffs who are

10   residents of only two states, California and Virginia.  FCC ¶¶ 29-33.  The Court's Order on

11   Motions to Dismiss (Dkt. 710) noted:

> Because the First-Level Indirect Purchaser Plaintiffs are two California residents,
> two California companies and the trustee of a trust that was established with the
> bankruptcy of a Virginia corporation, and because no Virginia state law claim is
> included in the fourth or fifth claims for relief, the Court deems all state claims
> other than those under California law to have been voluntarily dismissed by the
> indirect purchaser plaintiffs.

15   Order (Dkt. 710) at 4, n.2.

16          The SCC adds no new plaintiffs.  The only named plaintiffs are the five First-Level

17   Indirect Purchaser Plaintiffs who are residents of California and Virginia.  Nonetheless, Plaintiffs

18   have reasserted claims and classes under the 22 state antitrust and consumer protection laws

19   asserted in the FCC and have added claims and classes under 10 additional state laws.[2]  Plaintiffs

20   retain the allegations for each state asserting, for example, that "Arizona Plaintiff on behalf of the

21   Arizona Damages Classes alleges . . . ."  SCC ¶¶ 396-445.  However, there is no "Arizona

22   Plaintiff," or a plaintiff from any state other than California and Virginia.  The state classes are

23   defined as, for example:  "All person and entities that, *as residents of Arizona*, indirectly

24   purchased one or more electrolytic or film capacitors . . . ."  SCC ¶ 366 (emphasis added).  Yet,

25   there is no named plaintiff that is a resident of any relevant state except California; as a result,

26   Plaintiffs seek to assert claims for classes for which there is no class representative.  These claims

27

28   [2] The new states in the SCC are:  District of Columbia, Hawaii, Illinois, Massachusetts, Montana,
     New Hampshire, Rhode Island, South Carolina, Utah, and Wisconsin.

1  must be dismissed for lack of Article III standing.

2       To establish Article III standing, Plaintiffs "must allege personal injury fairly traceable to

3  the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."

4  *Allen v. Wright*, 468 U.S. 737, 751 (1984).  The injury cannot be "conjectural or hypothetical," but

5  must be "concrete and particularized" and "actual or imminent."  *Lujan v. Defenders of Wildlife*,

6  504 U.S. 555, 560-61 (1992) (internal quotations omitted).  Failure to allege injury-in-fact

7  "deprives a plaintiff of Article III standing and requires dismissal."  *In re Apple iPhone Antitrust*

8  *Litig.*, No. 11-cv-06714-YGR, 2013 WL 4425720, at *5 (N.D. Cal. Aug. 15, 2013).

9       To have constitutional standing in a putative class action, the "named plaintiffs who

10  represent a class must allege and show that they personally have been injured, not that injury has

11  been suffered by other, unidentified members of the class."  *Lewis v. Casey*, 518 U.S. 343, 357

12  (1996) (internal quotations and citation omitted).

13       Because "at least one named plaintiff must have standing with respect to each claim the

14  class representatives seeks to bring," *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098,

15  1107 (N.D. Cal. 2007), courts in the Ninth Circuit routinely dismiss antitrust claims under the laws

16  of states where no named plaintiff is alleged to have resided or purchased a relevant product, *see,*

17  *e.g.*, *id.*; *Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*, No. 13-cv-01180-BLF,

18  2014 WL 4774611, at *3 (N.D. Cal. Sep. 22, 2014) ("*Los Gatos*") ("The trend in the Northern

19  District of California is to consider Article III issues at the pleading stage in antitrust cases and to

20  dismiss claims asserted under the laws of states in which no plaintiff resides or has purchased

21  products."); *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1163-64 (N.D. Cal. 2009)

22  ("*Flash*") ("Where . . . a representative plaintiff is lacking for a particular state, all claims based on

23  that state's laws are subject to dismissal."); *In re Graphics Processing Units Antitrust Litig.*, 527

24  F. Supp. 2d 1011, 1026-27 (N.D. Cal. 2007) ("*GPU*") (dismissing state law claims for states

25  lacking a named plaintiff).

26       The SCC asserts causes of action under the antitrust laws[3] and/or consumer protection

27

28  ─────────────────────
[3] The SCC asserts claims under the antitrust laws of 24 states (including D.C.): Arizona,
California, D.C., Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska,

laws[4] of 32 states.  However, these claims are brought by named plaintiffs that reside in only *two* states, California and Virginia (and Plaintiffs make no claims under Virginia law), and Plaintiffs do not allege any capacitor purchases in any of the 31 other relevant states.  SCC ¶¶ 29-34. Because there is no named plaintiff alleged to reside or have purchased capacitors in any relevant state other than California, Plaintiffs' claims under those 31 other states' laws must be dismissed for lack of standing.  *See Los Gatos*, 2014 WL 4774611, at *3; *Flash*, 643 F. Supp. 2d at 1163-64; *GPU*, 527 F. Supp. 2d at 1026-27.

The new allegation that that Defendants "shipped" capacitors "to Circuit City Stores, Inc.'s service centers in every state," SCC ¶ 34, is not sufficient for standing.  Plaintiffs' alleged injury is that they "paid artificially inflated prices for electrolytic and film capacitors" that they purchased "from a capacitor distributor . . . ."  SCC ¶ 12; *id.* ¶¶ 2-3.  Circuit City does allege that it purchased capacitors "from one or more national service parts vendors that purchased such capacitors . . . from one or more defendants," *id.* ¶ 34—but, notably, Circuit City does *not* allege that it purchased a capacitor from such a vendor in *every* relevant state,[5] *id.*  Therefore, it does not allege that it was injured by paying an artificially inflated price in each of those states.  *Id.*  Whether Defendants (rather than the distributors from whom Circuit City alleges it purchased capacitors) shipped capacitors to various states is immaterial—what matters for injury-in-fact is the location "where the overcharge occurs . . . ."  *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 263 F.R.D. 205, 213 (E.D. Pa. 2009) (dismissing indirect purchaser plaintiffs' claims for states where they did not allege purchases).  Because Circuit City does not allege that it purchased a capacitor from a distributor, and was therefore overcharged, in any of the

---

Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.  SCC ¶¶ 388-419.

[4] The SCC asserts claims under the consumer protection laws of 17 states (including D.C.): Arkansas, California, D.C., Florida, Hawaii, Massachusetts, Missouri, Montana, Nebraska, New Mexico, New Hampshire, New York, North Carolina, Rhode Island, South Carolina, Utah, and Vermont.  SCC ¶¶ 421-445.

[5] The SCC itself does not even claim that Circuit City is the named plaintiff representing the putative classes for all states other than California.  Indeed, the SCC does not allege the identity of the representative plaintiff for *any* of the state law claims—instead alleging generically, for example, that a mystery "Arizona Plaintiff" alleges claims "on behalf of the Arizona Damages Classes."  SCC ¶¶ 396-419, 429-445.

CERTAIN DEFS.' JOINT MOT. TO DISMISS
INDIRECT PURCHASER PLS.' SECOND
CONSOLIDATED COMPLAINT

31 relevant states, it has failed to allege injury-in-fact, and Plaintiffs' claims under those states' laws must be dismissed for lack of standing. *Id.*; *see Los Gatos*, 2014 WL 4774611, at *3; *Flash*, 643 F. Supp. 2d at 1163-64; *GPU*, 527 F. Supp. 2d at 1026-27.[6]

## II.   PLAINTIFFS' NON-CALIFORNIA CLAIMS SHOULD BE DISMISSED BECAUSE THEY FAIL TO ALLEGE SUFFICIENT CONTACTS WITH THE THIRTY-ONE STATES

Plaintiffs' claims under the laws of all states except California also fail to satisfy Due Process.  As discussed above, Plaintiffs allege damages claims under the antitrust statutes and/or consumer protection statutes of 32 states on behalf of 32 putative classes, SCC ¶ 366, but no named plaintiff is alleged to reside or have purchased a capacitor in 31 of these states, *id* ¶¶ 29-34. Following Plaintiffs' voluntary dismissal of the consumer class plaintiffs (consisting of residents from many of the states at issue here), the Court ordered that "[i]n the event the IPPs amend their complaint . . . they are directed to remove the consumer group parties and allegations from the next version." Order (Dkt. 710) at 4.  Plaintiffs failed to do so—indeed, instead of removing the allegations of state law claims other than California, they added claims under the laws of ten additional states. *See supra* n.2. But Plaintiffs failed to add allegations demonstrating sufficient contacts with 31 of the 32 states whose laws are being invoked, and these deficiencies require dismissal of the non-California state law claims.

Where Plaintiffs cannot establish significant contact between the "transaction giving rise to the litigation" and the state under whose laws Plaintiffs seek recovery, application of that state's laws violates the Due Process Clause of the Fourteenth Amendment. *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 308, 327 (1981).  Because the SCC is silent as to the location of any purchase of a capacitor at issue in this litigation, Plaintiffs cannot establish "significant contact" between their alleged injury and any state other than California.[7] *In re Optical Disk Drive Antitrust Litig.*, No.

_____

[6] Circuit City does not even come within Plaintiffs' class definitions, which in each case include only residents of the state who purchased capacitors.  SCC ¶ 366.

[7] It appears that the Court has decided that California residency is sufficient to establish significant contacts between Plaintiffs' purchases that gave rise to this litigation and California, such that application of California law does not violate Due Process.  Order (Dkt. 710) at 4 n.2.  If this is not the case, and Plaintiffs' failure to allege that a capacitor was purchased in California is a fatal defect, then the California claims should be dismissed as well.

3:10-md-02143-RS, 2014 WL 1379197, at *3 (N.D. Cal. Apr. 4, 2014) (holding Florida law could not be applied in the absence of allegations that "direct sales occurred" in Florida or "other alleged conspiratorial activity related to those sales took place in the state"); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, Nos. M 07-1827 SI, C 09-4997 SI, 2010 WL 2609434, at *2-3 (N.D. Cal. June 28, 2010) ("to invoke the various state laws at issue, plaintiffs must be able to allege that the occurrence or transaction giving rise to the litigation—plaintiffs' purchases of allegedly price-fixed goods—occurred in the various states.") (quotations omitted).

To the extent that Plaintiffs rely on *AT&T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106 (9th Cir. 2013), that case is inapposite. There, the plaintiffs specifically alleged that certain anticompetitive activities occurred in California. *Id.* at 1112 ("[T]he relevant 'occurrence of transaction' in this case includes not only the sale of price-fixed goods, but Defendants' alleged agreements and conspiracies to fix LCD prices."). There are no such allegations here, as the allegedly collusive meetings and discussions all occurred outside the United States. SCC ¶¶ 124-156. Plaintiffs have failed to allege sufficient contacts between their claims and any of the non-California states whose laws are being invoked. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, Nos. M 07-1827 SI, C 12-1827 SI, 2013 WL 1164897, at *4 (N.D. Cal. Mar. 20, 2013) (dismissing Cartwright Act claims where plaintiff failed to "adequately allege conspiratorial conduct of *each* Defendant in California" (emphasis added)).

Finally, Plaintiffs' non-California state law claims are not saved by the new allegation that Circuit City purchased capacitors from its national service parts vendors and that "Defendants shipped . . . capacitors to Circuit City Stores, Inc.'s service centers in every state." SCC ¶ 34. This is because Plaintiffs do not allege that Circuit City actually *purchased* capacitors in any state. *Id.* Courts in this District have repeatedly held that merely stating the location at which allegedly price-fixed goods were delivered does not establish sufficient contacts that satisfy Due Process. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, Nos. M 07-1827 SI, C 12-1827 SI, 2011 WL 3809767, *3 (N.D. Cal. Aug. 29, 2011) ("Costco argues that delivery of LCD products to Arizona and Florida constitutes a 'significant contact' that permits suit under Arizona and Florida law. The Court disagrees. Costco's injury occurred when it agreed to pay an inflated price for LCD

6

products."); *Pecover v. Elec. Arts Inc.*, 633 F. Supp. 2d 976, 984-85 (N.D. Cal. 2009) (dismissing 18 state law claims where plaintiffs failed to allege purchases of allegedly affected products in those states). Plaintiffs have failed to meet their burden to show that any non-California state has significant contacts with their alleged injury, and thus the antitrust and/or consumer protection claims brought under the laws of the 31 states lacking a representative plaintiff should be dismissed with prejudice.

### III. PLAINTIFFS FAIL TO STATE A CLAIM UNDER TWENTY STATES' LAWS

Plaintiffs' claims under the laws of Illinois, South Carolina, Massachusetts, Nebraska, Iowa, North Carolina, Minnesota, Maine, New York, Arkansas, New Mexico, Oregon, New Hampshire, Montana, Rhode Island, Utah, District of Columbia, Michigan, Missouri, and Hawaii are also deficient, and must be dismissed for the independent reasons set forth below.

***Illinois and South Carolina.*** The Illinois Antitrust Act does not permit private indirect purchaser class actions. 740 Ill. Comp. Stat. §10/7 (2010) ("no person shall be authorized to maintain a class action in any court of this State for indirect purchasers asserting claims under this Act, with the sole exception of this State's Attorney General, who may maintain an action *parens patriae*"); *United Food & Commer. Workers Local 1776 v. Teikoku Pharma USA, Inc.*, 2014 U.S. Dist. LEXIS 161069, at *98-99 (N.D. Cal. Nov. 17, 2014) ("*Teikoku*") (dismissing Illinois antitrust claims with prejudice); *In re Auto. Parts Antitrust Litig.*, 2013 U.S. Dist. LEXIS 80338, at *83 (E.D. Mich. June 6, 2013). South Carolina's Unfair Trade Practices Act, S.C. Code § 39-5-10, *et seq.*, also precludes class actions, providing that a person who suffers a loss of money or property may only bring a claim "individually, but not in a representative capacity." S.C. Code § 39-5-140; *see also Wogan v. Kunze*, 623 S.E.2d 107, 121 (S.C. Ct. App. 2005) *aff'd as modified*, 666 S.E.2d 901 (2008) ("[A]n unfair trade practices claim may not be brought in a representative capacity.").

As Judge Orrick found in *Teikoko*, the Illinois Antitrust Act's prohibition on indirect purchaser class actions is "intertwined with Illinois substantive rights and remedies" because it applies only to the antitrust statute, is incorporated in the same statutory provision as the underlying right, and reflects a policy judgment of the Illinois legislature about managing the

1  danger of duplicative recoveries.  2014 U.S. Dist. LEXIS 161069, at *98-99.  Therefore, to permit

2  an Illinois indirect purchaser class under Federal Rule 23 would "'abridge, enlarge or modify'

3  Illinois substantive rights," in violation of the Rules Enabling Act, 28 U.S.C. § 2072.  *Id.*[8]  South

4  Carolina's prohibition on class actions under its Unfair Trade Practices Act is similarly

5  intertwined with South Carolina substantive rights and remedies.  Plaintiffs' Illinois and South

6  Carolina claims must be dismissed for this reason.

7  **Massachusetts.**  Plaintiffs' claims under the Massachusetts Consumer and Business

8  Protection Act, M.G.L. c. 93A, § 1, *et seq*. fail under either Section 9 or Section 11 of the Act.

9  "Section 11 of Massachusetts' consumer protection law provides a claim for . . . businesses,

10  whereas [Section] 9 provides a cause of action to consumers."  *In re Suboxone (Buprenorphine*

11  *Hydrochloride & Naloxone) Antitrust Litig*., 2014 U.S. Dist. LEXIS 167204, at *79 (E.D. Pa. Dec.

12  3, 2014).  Plaintiffs cannot state a claim under Section 9 because the consumer plaintiffs

13  voluntarily dismissed their claims (Dkt. 594), and the remaining Plaintiffs do not allege that they

14  purchased capacitors as consumers, as opposed to for business purposes.  And Plaintiffs cannot

15  state a claim under Section 11 because it bars private indirect purchaser actions by non-consumers.

16  *See Teikoku*, 2014 U.S. Dist. LEXIS 161069, at *104-105 (dismissing indirect purchaser claim

17  under Section 11); *In re Auto. Parts Antitrust Litig*., 2013 U.S. Dist. LEXIS 80338, at *103

18  (same).

19  **Nebraska and Iowa.**  Nebraska's Supreme Court has held that the Nebraska antitrust

20  statute, Neb. Rev. Stat. §§ 59-801, *et seq*., and Consumer Protection Act, Neb. Rev. Stat. §§ 59-

21  1601, *et seq*., preclude claims where the alleged injury is too remote.  *Kanne v. Visa, U.S.A. Inc.,*

22  272 Neb. 489, 494-500 (2006).  The Iowa Supreme Court held the same with respect to Iowa's

23  antitrust statute, Iowa Code §§ 553.1, *et seq*.  *Southard v. Visa U.S.A. Inc*., 734 N.W.2d 192, 198

24  (Iowa 2007).  Here, no named plaintiff resides in or is alleged to have purchased capacitors in

25  Nebraska or Iowa.  Although Circuit City claims its facilities took delivery of a capacitor in

---

[8] Judge Orrick declined to follow a contrary holding in *In re Lithium Batteries Antitrust Litigation*, 2014 U.S. Dist. LEXIS 141358, at *115-120 (N.D. Cal., Oct. 2, 2014), explaining that the Ninth Circuit decision in *Freund v. Nycomed Amersham*, 347 F.2d 753 (9th Cir. 2003), relied on by Judge Rogers in *Batteries*, involved a state procedural rule, not a substantive rule "intertwined with a substantive right."  *Teikoko*, 2014 U.S. Dist LEXIS 161069 at *99, n.44.

1    every state, SCC ¶ 34, any injury it may have suffered arising from delivery of a capacitor in

2    Nebraska or Iowa is too remote.  Such injury would be derivative of Circuit City's *purchase* of

3    the capacitor, which is not alleged to have occurred in Nebraska or Iowa.  The law of the state in

4    which the purchase was made would be the more appropriate one under which to assert a claim.

5    In addition, permitting Circuit City to assert a claim under the law of states in which it simply

6    took delivery of a capacitor would present the prospect of an impermissible double recovery,

7    both under the law of the state in which the purchase was made and the law of the state in which

8    the same capacitor was delivered.  Thus, under the remoteness test established by the Nebraska

9    and Iowa Supreme Courts, Plaintiffs' claims under the Nebraska antitrust and consumer

10   protection statutes and the Iowa antitrust statute must be dismissed.

11        ***North Carolina.***  Federal courts interpreting North Carolina's Unfair and Deceptive Trade

12   Practices Act, N.C. Gen. Stat. § 75-1.1, have held that "[t]he NCUDTPA is intended to protect the

13   North Carolina consumer" and requires "an in-state injury to a plaintiff's in-state business

14   operations."  *In re Genetically Modified Rice Litig.*, 666 F. Supp. 2d 1004, 1017 (E.D. Mo. 2009).

15   Here, no named plaintiff suffered an injury in North Carolina to its North Carolina business

16   operations.  Circuit City is alleged only to have taken delivery of capacitors in every state, but any

17   injury allegedly suffered by Circuit City would arise from its *purchase* of capacitors, not its taking

18   delivery of capacitors.  *See* SCC ¶ 12 .  There is no allegation that Circuit City purchased any

19   capacitors in North Carolina.

20        ***Minnesota.***  The scope of Minnesota's antitrust statute, Minn. Stat. §§ 325D.49, *et seq*., is

21   limited to conspiracies "created, formed, or entered into in this state" or conspiracies that "affect[]

22   trade or commerce of this state."  Minn. Stat. § 325D.54 (2015).  There is no allegation that the

23   conspiracy alleged here was created, formed or entered into in Minnesota.  Courts have held that

24   the statutory limitation requiring an effect on trade or commerce in Minnesota requires a purchase

25   of the allegedly price-fixed product in the state.  *In re Terazosin Hydrochloride Antitrust Litig.*,

26   160 F. Supp. 2d 1365, 1370-71 (S.D. Fla. 2001); *City of St. Paul v. FMC Corp.*, 1990 WL 265171,

27   at *7-8 (D. Minn. Feb. 27, 1990).  Plaintiffs' Minnesota claim must be dismissed because there is

28   no allegation that any of the named plaintiffs purchased a capacitor in Minnesota.

1    **Maine.**  For an indirect purchaser to seek damages under Maine's antitrust statute, 10

2    M.R.S. §§ 1101, *et seq.*, it must do more than state in a conclusory fashion that a defendant's

3    alleged conduct caused it injury.  *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 235

4    F.R.D. 127, 134 (D. Me. 2006).  Maine courts do not recognize antitrust standing for indirect

5    purchasers simply from the existence of "market restrictions at the manufacturer-to-retailer level."

6    *Id.*  Plaintiffs fail to provide sufficient allegations that overcharges caused by Defendants' alleged

7    conduct, to the extent there were any, were not absorbed at one or more distribution levels above

8    the Plaintiffs.  *See* SCC ¶¶ 312-314 (summarily alleging antitrust injury).  Plaintiffs' claims under

9    Maine antitrust law should therefore be dismissed.

10    **New York, New Mexico, and Arkansas.**  Plaintiffs have failed to allege deceptive acts

11    sufficient to state a claim under the consumer protection statutes of New York, New Mexico, and

12    Arkansas.  To state a claim under New York's statute, New York Gen. Bus. Law. § 349, Plaintiffs

13    must allege "both a deceptive act or practice directed toward consumers and that such act or

14    practice resulted in actual injury to a plaintiff."  *Blue Cross & Blue Shield of N.J., Inc. v. Philip*

15    *Morris USA Inc.*, 3 N.Y.3d 200, 205-06 (2004).  Courts have routinely dismissed price-fixing

16    claims under the statute where the alleged misrepresentations or deceptive acts were not targeted

17    at consumers.  *In re Auto. Refinishing Paint Antitrust Litig.*, 515 F. Supp. 2d 544, 552-54 (E.D. Pa.

18    2007) ("New York courts . . . have consistently held that when the conduct at issue is between two

19    companies and does not involve the ultimate consumer, it cannot be the basis of a claim"); *State v.*

20    *Daicel Chem. Indus., Ltd.*, 42 A.D.3d 301, 303 (N.Y. App. Div. 2007); *Paltre v. Gen. Motors*

21    *Corp.*, 26 A.D.3d 481, 483 (N.Y. App. Div. 2006).  Plaintiffs do not allege any misrepresentations

22    by Defendants targeted at consumers.  *See* SCC ¶¶ 323-328 (discussing representations about

23    pricing, raw materials, and output that were targeted at direct purchasers, if anyone).  The New

24    York consumer protection claims must therefore be dismissed.

25    Plaintiffs' claims under the New Mexico consumer protection law should be dismissed

26    because they do not allege a specific "unfair or deceptive trade practice" or an "unconscionable

27    trade practice" that could violate the law.  N.M. Stat. § 57-12-3 (2015).  Plaintiffs allege that

28    Defendants' conduct constituted an unconscionable trade practice, which would require Plaintiffs

to plead an act that "(1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or (2) results in a gross disparity between the value received by a person and the price paid." N.M. Stat. § 57-12-2(E) (2015). The Complaint fails to allege such facts, and instead simply gives a formulaic recitation of the legal elements, *e.g.*, alleging there was "a gross disparity of bargaining power between the parties with respect to the price" and that Defendants "took grossly unfair advantage of New Mexico Plaintiff." SCC ¶ 439. Plaintiffs fail to allege that they ever actually bargained with Defendants (or anyone else), and instead allege that they bought capacitors from parties other than Defendants, and apparently simply paid the asking price. Critically, "pleading unconscionability requires something more than merely alleging that the price of a product was unfairly high." *GPU*, 527 F. Supp. 2d at 1029-30. In effect, Plaintiffs' claims consist of the bald assertion that a price-fixing conspiracy resulted in supra-competitive prices. But merely engaging in price-fixing, without more contact or interaction with a plaintiff, is simply "not the kind of conduct prohibited" by New Mexico's statue. *Id.*

Finally, Plaintiffs may not maintain their Arkansas consumer protection claims because the ADTPA requires Plaintiffs to plead facts showing unconscionable conduct. Ark. Code Ann. § 4-88-107(a); *GPU*, 527 F. Supp. 2d at 1029–30. This means that Plaintiffs must allege "grossly unequal bargaining power" compared to Defendants, *GPU*, 527 F. Supp. 2d at 1030, but the Plaintiffs have not alleged any facts from which the Court could infer "unconscionable" conduct in this case.

***Oregon.*** Plaintiffs' claims under Oregon's antitrust laws should be dismissed to the extent they rely on conduct that allegedly occurred before January 1, 2010, because Oregon did not allow indirect purchaser claims until that time. *See* Or. Rev. Stat. § 646.780 (2010), *as amended by* 2009 Or. Laws Ch. 304 (HB 2584). The Oregon legislature gave no indication that the statutory amendment authorizing indirect purchaser antitrust claims was meant to apply retroactively, *see id.*, and Oregon law presumes that a legislative act does not apply retroactively when the legislative act affects "the legal rights and obligations arising out of past actions." *Joseph v. Lowery*, 495 P.2d 273, 274-75 (Or. 1972); *see In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 1113447, at *2-4 (N.D. Cal. Mar. 25, 2011) (dismissing *parens patriae* claims alleging price-

fixing for conduct that occurred prior to the legislative act that allowed *parens patriae* claims);

*Olson v. Wheelock*, 680 P.2d 719 (Or. Ct. App. 1984) (holding that Oregon's antitrust laws did not

apply retroactively to conduct that occurred before the laws were enacted).  Indeed, a court has

recently held that indirect purchasers cannot recover under Oregon antitrust laws for acts

occurring before 2010.  *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 759 (E.D. Penn. 2014).

**New Hampshire.**  Similarly, Plaintiffs' New Hampshire claims should be dismissed to the

extent that the claims are based on conduct alleged to have occurred before January 1, 2008,

because New Hampshire did not allow indirect purchaser claims until that time.  N.H. Rev. Stat. §

356:11 (2008).  New Hampshire's courts have "long held that statutes are presumptively intended

to operate prospectively" absent clear legislative intent stating otherwise, *see In re Silk*, 937 A.2d

900, 904 (N.H. 2007), so Plaintiffs' claims based on alleged conduct from before January 1, 2008

should be dismissed.  *See In re Auto. Parts Antitrust Litig.*, 50 F. Supp. 3d 869, 888 (E.D. Mich.

2014) (barring recovery under New Hampshire's antitrust law for conduct occurring before 2008);

*In re Aftermarket Filters Antitrust Litig.*, No. 08 C 4883, 2009 WL 3754041, at *6 (N.D. Ill. Nov.

5, 2009) (same).

**Montana.**  Under Montana Code Ann. § 30-14-133 ("MUTCPA"), "[a] consumer who

suffers any ascertainable loss of money or property, real or personal, as a result of . . . a method,

act, or practice declared unlawful by 30-14-103 may bring an individual *but not a class action*."

*Id.* (emphasis added); *In re Static Random Access Memory Antitrust Litig.* ("*SRAM*"), 580 F. Supp.

2d 896, 907-08 (N.D. Cal. 2008); *In re Dynamic Random Access Memory Antitrust Litig.*

("*DRAM*"), 516 F. Supp. 2d 1072, 1104 (N.D. Cal. 2007) (the "clear language" of the Montana

statute establishes that consumer actions "cannot be enforced by way of a class action suit").  For

the reasons stated with respect to similar prohibitions on class actions in Illinois and South

Carolina, *supra*, the Montana prohibition is substantive, requiring dismissal of the class claim.

Further, a "consumer" who can seek damages under MUTCPA is defined as "a person who

purchases or leases goods . . . *primarily for personal, family, or household purposes*."  Mont. Code

Ann. § 30–14–102(1) (2014) (emphasis added).  The SCC contains no allegation that any of the

named plaintiffs purchased a capacitor primarily for personal, family, or household purposes in

Montana. Therefore, the MUTCPA claim should be dismissed. *In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2015 WL 2089223, at *5 (N.D. Cal. May 5, 2015); *DRAM*, 516 F. Supp. 2d at 1113 (dismissing Montana claims because plaintiffs failed to establish that the "end users" used the goods "primarily for 'personal, family, or household purposes'").

The MUTCPA also requires a complaint to tie Defendants' alleged unlawful conduct affecting trade and commerce to Montana. Mont. Code Ann. § 30-14-102, 103; *In re Magnesium Oxide Antitrust Litig.* ("*Magnesium*"), Civ. No. 10-5943, 2011 U.S. Dist. LEXIS 121373, at *90 (D.N.J. Oct. 20, 2011); *DRAM*, 516 F. Supp. 2d at 1104. Blanket assertions of misconduct with no specific connection to Montana, like those alleged in the SCC, are insufficient. *See, e.g.*, *Magnesium*, 2011 U.S. Dist. LEXIS 121373, at *90; SCC ¶ 436.

**Rhode Island.** Under the Rhode Island consumer protection statute, R.I. Gen. Laws § 6-13.1-5.2 ("UTPCPA"), no claim can go forward without a named plaintiff who purchased goods "primarily for personal, family, or household purposes." *Id.*; *DRAM*, 516 F. Supp. 2d at 1116. Unless specifically alleged in the complaint, courts cannot "reasonably infer" that the plaintiffs purchased goods for personal, family, or household purposes. *Id.* The Rhode Island Supreme Court has construed the UTPCPA to require that only natural persons may bring suit under the UTPCPA, and those persons must have "purchase[d] or lease[d] goods or services primarily for personal, family, or household purposes." *See ERI Max Entm't, Inc. v. Streisand*, 690 A.2d 1351, 1354 (R.I. 1997) (quoting R.I. Gen. Laws § 6-13.1-5.2(a)). Without such specific allegations, Plaintiffs' UTPCPA claims are "deficient."

Further, the UTPCPA sets forth twenty categories of unfair or deceptive trade practices prohibited by the law—and Plaintiffs' allegations of "affecting, fixing, controlling, and/or maintaining, at artificial and non-competitive levels, prices" are not on the list. R.I. Gen. Laws § 6–13.1–1(6); SCC ¶ 442. For this reason, Plaintiffs' UTPCPA claims should be dismissed. *See Flash*, 643 F. Supp. 2d at 1161 ("The statute defines 'unfair methods of competition and unfair or deceptive acts or practices' to consist of 19 separately enumerated practices, *none of which includes price fixing*."); *DRAM*, 516 F. Supp. 2d at 1115-16 (same).

**Utah.** Plaintiffs lack standing to pursue their claims under Utah's Antitrust Act for two

1   reasons.  First, the statute limits standing to Utah citizens or residents.  Utah Code § 76-10-

2   3109(1)(a).  None of the named plaintiffs are citizens or residents of Utah.  *In re Niaspan Antitrust*

3   *Litig.*, 42 F. Supp. 3d 735, 759-60 (E.D. Pa. 2014) (dismissing Utah claims because no named

4   plaintiff was a citizen and/or resident of Utah); *In re Aggrenox Antitrust Litig.*, No. 3:14-md-2516

5   (SRU), 2015 WL 1311352, at *20 (D. Conn. Mar. 23, 2015) (same); *In re Nexium (Esomeprazole)*

6   *Antitrust Litig.*, 968 F. Supp. 2d 367, 410 (D. Mass. 2013) (same).  Second, Plaintiffs' claims

7   under Utah law should be dismissed to the extent they are based on conduct alleged to have

8   occurred before May 1, 2006, because Utah did not authorize indirect purchaser claims until that

9   date.  Utah Code § 76-10-3108(1), *as amended by* Laws of Utah 2006, Ch. 19; *In re Aftermarket*

10   *Filters Antitrust Litig.*, 2009 WL 3754041, at *6 (granting a "motion to dismiss the claims under

11   the antitrust laws of . . . Utah . . . with respect to any conduct occurring prior to the effective date

12   of [the] state statute").[9]

13       **D.C.**  Plaintiffs' claims under the District of Columbia consumer protection and antitrust

14   statutes fail as a matter of law.  The D.C. consumer protection law claim must be dismissed

15   because Plaintiffs have not pled any facts to establish that Defendants engaged in

16   "unconscionable" conduct, as is required under D.C. Code § 28-3901.  "[P]leading

17   unconscionability requires something more than merely alleging that the price of a product was

18   unfairly high." *GPU*, 527 F. Supp. 2d at 1029.  The D.C. antitrust claim is deficient because

19   Plaintiffs do not allege facts sufficient to show that there were "sales in the District of Columbia

20   that did not have an interstate aspect," as is required to sustain such a claim.  *Sun Dun, Inc. v.*

21   *Coca-Cola Co.*, 770 F. Supp. 285, 289 (D. Md. 1991).  Where, as here, no named plaintiff resides

22   in or is alleged to have purchased capacitors in D.C., the SCC fails to allege sales of allegedly

23   price-fixed capacitors in D.C. with only *intra*state aspects.

24       **Michigan.**  Plaintiffs allege a price-fixing conspiracy under a Michigan statute that

---

[9] The Utah statute does not apply retroactively.  *Goebel v. Salt Lake City Southern R.R. Co.*, 104
P.3d 1185, 1197-98 (Utah 2004) ("A statute is not to be applied retroactively unless the statute
expressly declares that it operates retroactively.").  Courts in this District have held that the Utah
statute does not have retroactive effect, denying recovery to indirect purchasers for injuries
suffered before May 1, 2006.  *California v. Infineon Techs. AG*, No. C 06-4333 PJH, 2008 WL
1766775, at *5 (N.D. Cal. Apr. 15, 2008); *In re Static Random Access Memory (SRAM) Antitrust*
*Litig.*, No. 07-md-01819 CW, 2010 WL 5094289, at *6 (N.D. Cal. Dec. 8, 2010).

1  prohibits only monopolization.  Plaintiffs seek to recover under Michigan Compiled Laws §

2  445.773, which is entitled "Monopolies; illegality" and concerns claims of monopolization or

3  attempted monopolization.  SCC ¶ 403.  But the SCC fails to allege any single-firm conduct or

4  monopolization.  The Michigan claim should be dismissed.

5       **Missouri.**  Plaintiffs' claims under Missouri's Merchandising Practices Act fail because it

6  only covers purchases made for the purchaser's own personal, family, or household use, which

7  Plaintiffs have not alleged.  Mo. Rev. Stat. § 407.025 ("[a]ny person who purchases or leases

8  merchandise primarily for personal, family or household purposes and thereby suffers an

9  ascertainable loss . . . as a result of the use or employment by another person of a method, act or

10  practice declared unlawful by section 407.020, may bring a private civil action"); *Teikoku*, 2014

11  U.S. Dist. LEXIS 161069, at *94-95 (dismissing claim under Missouri's law because the act only

12  covers purchases made for one's own personal, family or household use); *Hunters Friend Resort,*

13  *Inc. v. Branson Tourism Ctr., LLC*, 2009 U.S. Dist. LEXIS 69602, at *8 (W.D. Mo. Aug. 10,

14  2009).

15       **Hawaii.**  Plaintiffs' Hawaii antitrust claims must be dismissed because Plaintiffs fail to

16  allege they served a copy of the SCC on the state attorney general, as required by statute.  Hawaii

17  Rev. Stat. § 480–13.3(a).  Section 480-13.3(a) applies to "[a] class action for claims for a violation

18  of this chapter *other than claims for unfair or deceptive acts or practices*."  *Id*. (emphasis added).

19  Plaintiffs have alleged that Defendants "engaged in *unfair competition* or unfair, unconscionable,

20  or *deceptive acts* or practices."  SCC ¶ 433 (emphasis added).  Because unfair competition claims

21  in Hawaii are subject to the attorney general notification requirement, Plaintiffs cannot proceed on

22  those claims absent such notification.  *Flash*, 643 F. Supp. 2d at 1158.

## CONCLUSION

24       For all the foregoing reasons, the Court should dismiss the state law claims, other than the

25  claims under California law, in Claims Two and Three of the SCC with prejudice.

26

27

28

1   Dated: July 16, 2015

Respectfully submitted,

2

WILMER CUTLER PICKERING HALE AND DORR LLP

3

*/s/ Heather S. Tewksbury*

4   Heather S. Tewksbury
950 Page Mill Road

5   Palo Alto, CA 94304
(650) 858-6134

6   Fax: (650) 858-6100
heather.tewksbury@wilmerhale.com

7

Thomas Mueller (*pro hac vice*)

8   Stacy Frazier (*pro hac vice*)
1875 Pennsylvania Avenue NW

9   Washington, DC 20006
(202) 663-600

10   Fax: (202) 663-6363

11   thomas.mueller@wilmerhale.com
stacy.frazier@wilmerhale.com

12

*Attorneys for Defendants Elna Co., Ltd. and*

13   *Elna America, Inc.*

14

15   WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

16   */s/ Jonathan M. Jacobson*

17   Jonathan M. Jacobson
Chul Pak (*admitted pro hac vice*)

18   Jeffrey C. Bank (*admitted pro hac vice*)
Justin Cohen (*admitted pro hac vice*)

19   1301 Avenue of the Americas, 40th Floor
New York, New York 10019

20   Telephone: (212) 497-7758
Facsimile: (212) 999-5899

21   jjacobson@wsgr.com
cpak@wsgr.com

22   jbank@wsgr.com
jcohen@wsgr.com

23

Jeff VanHooreweghe (*admitted pro hac vice*)

24   1700 K Street, N.W., Fifth Floor
Washington, DC 20006

25   Telephone: (202) 973-8825
Facsimile: (202) 973-8899

26   jvanhooreweghe@wsgr.com

27   *Attorneys for Defendants Hitachi Chemical Co., Ltd.,*
*Hitachi Chemical Company America, Ltd., and*

28   *Hitachi AIC Incorporated*

1    DENTONS US LLP

2    /s/ Bonnie Lau
     Bonnie Lau
3    525 Market Street, 26th Floor
     San Francisco, CA 94105
4    415-882-5000
     Fax: 415- 882-0300
5    Email: bonnie.lau@dentons.com

6    *Attorneys for Defendant Matsuo Electric Co., Ltd.*

7

8    GIBSON, DUNN & CRUTCHER LLP

9    /s/ George A. Nicoud III
     GEORGE A. NICOUD III, SBN 106111
10
     AUSTIN V. SCHWING, SBN 211696
11   ELI M. LAZARUS, SBN 284082
     aschwing@gibsondunn.com
12   tnicoud@gibsondunn.com
     elazarus@gibsondunn.com
13   GIBSON, DUNN & CRUTCHER LLP
     555 Mission Street, Suite 3000
14   San Francisco, CA 94105-0921
     Telephone:    415.393.8200
15   Facsimile:    415.393.8306

16   MATTHEW PARROTT, SBN 302731
     mparrott@gibsondunn.com
17   GIBSON, DUNN & CRUTCHER LLP
     3161 Michelson Drive
18   Irvine, CA 92612-4412
     Telephone:    949.451.3800
19   Facsimile:    949.451.4220
     *Attorneys for Defendants NEC TOKIN Corporation and*
20   *NEC TOKIN America, Inc.*

21

22

23

24

25

26

27

28

1

2

K&L GATES LLP

3
*/s/ Michael E. Martinez*
Scott M. Mendel (*pro hac vice*)
Steven M. Kowal (*pro hac vice*)

4
Michael E. Martinez *(pro hac vice)*
Lauren N. Norris *(pro hac vice)*

5
Lauren B. Salins *(pro hac vice)*
K&L GATES LLP

6
70 West Madison Street, Suite 3100

7
Chicago, IL 60602
Telephone: (312) 372-1121

8
Facsimile: (312) 827-8000

9
*Counsel for Defendants*
*Nichicon Corporation*

10
*Nichicon (America) Corporation*

11

12
WINSTON & STRAWN LLP

13
*/s/ Jeffrey L. Kessler*
Jeffrey L. Kessler (*pro hac vice*)

14
A. Paul Victor (*pro hac vice*)
Molly M. Donovan (*pro hac vice*)

15
Mollie C. Richardson (*pro hac vice*)

16
200 Park Avenue
New York, New York 10166

17
Telephone: (212) 294-4698
Facsimile: (212) 294-4700

18
jkessler@winston.com

19
pvictor@winston.com
mmdonovan@winston.com

20
mrichardson@winston.com

21
Ian L. Papendick (State Bar No. 275648)
101 California Street

22
San Francisco, CA 94111

23
Tel: (415) 591-6905
Fax: (415) 591-1400

24
ipapendick@winston.com

25
*Counsel for Defendants Panasonic Corporation,*
*Panasonic Corporation of North America, SANYO*

26
*Electric Co., Ltd., and SANYO North America*
*Corporation*

27

28

1

HUNTON AND WILLIAMS LLP

2

/s/ Djordje Petkoski

Djordje Petkoski (admitted *pro hac vice*)

3

2200 Pennsylvania Ave., NW
Washington, DC 20037

4

Telephone: 202-955-1500
Fax: 202-778-2201

5

Email: dpetkoski@hunton.com

6

M. Brett Burns

7

575 Market Street, Suite 3700
San Francisco, CA 94105
Telephone: 415-975-3700

8

Email: mbrettburns@hunton.com

9

*Attorneys for Defendants Rubycon Corporation and*
*Rubycon America Inc.*

10

11

CADWALADER, WICKERSHAM & TAFT LLP

12

/s/ Charles F. Rule

Charles F. Rule (admitted *pro hac vice*)

13

Joseph J. Bial (admitted *pro hac vice*)
Daniel J. Howley (admitted *pro hac vice*)

14

700 6th St, NW
Washington, DC 20001

15

Telephone:  (202) 862-2200
Facsimile:  (202) 862-2400

16

rick.rule@cwt.com
joseph.bial@cwt.com

17

daniel.howley@cwt.com

18

*Attorneys for Defendants United Chemi-Con, Inc. and*
*Nippon Chemi-Con Corporation*

19

20

21

22

23

24

25

26

27

28

19

CERTAIN DEFS.' JOINT MOT. TO DISMISS
INDIRECT PURCHASER PLS.' SECOND
CONSOLIDATED COMPLAINT

ROPES & GRAY LLP

/s/ Mark S. Popofsky
Mark S. Popofsky
One Metro Center
700 12th Street NW, Suite 900
Washington, DC 20005-3948
Telephone: (202) 508-4624
Facsimile: (202) 508-4650
mark.popofsky@ropesgray.com

Jane E. Willis (*admission pro hac vice pending*)
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7603
Facsimile: (617) 235-0435
jane.willis@ropesgray.com

*Attorneys for Taitsu Corporation*

BAKER & MCKENZIE LLP

/s/ Darrell Prescott
Douglas Tween (admitted *pro hac vice*)
Darrell Prescott (admitted *pro hac vice*)
Catherine Y. (Koh) Stillman (admitted *pro hac vice*)
452 Fifth Avenue
New York, NY 10018
(212) 626-4355
Fax: (212) 310-1655
Email: Douglas.Tween@bakermckenzie.com
Email: Darrell.Prescott@bakermckenzie.com
Email: Catherine.Stillman@bakermckenzie.com

Meghan E. Hausler (*admitted pro hac vice*)
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75206
Telephone: (214) 965-7219
Facsimile: (214) 965-5937
Email:  Meghan.Hausler@bakermckenzie.com

Colin H. Murray (SBN 159142)
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
(415) 591-3244
Fax: (415) 576-3099
Email: Colin.Murray@bakermckenzie.com

*Attorneys for Defendants Okaya Electric Industries Co., Ltd.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HUGHES HUBBARD & REED LLP

*/s/ Ethan E. Litwin*
Ethan E. Litwin (*admitted pro hac vice*)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482
Tel: (212) 837-6000
Fax: (212) 422-4726
Email: Ethan.Litwin@hugheshubbard.com

David H. Stern (CA Bar No. 196408)
Carolin Sahimi (CA Bar No. 260312)
Hughes Hubbard & Reed LLP
350 South Grand Avenue
Los Angeles, CA 90071-3442
Tel: (213) 613-2800
Fax: (213) 613-2950
Email: David.Stern@hugheshubbard.com
Email: Carolin.Sahimi@hugheshubbard.com

*Attorneys for Defendants Soshin Electric Co., Ltd. and Soshin Electronics of America, Inc.*

LATHAM & WATKINS LLP

*/s/ Belinda S. Lee*
Belinda S Lee
Ashley M. Bauer
LATHAM & WATKINS LLP
505 Montgomery Street, 20th Floor
San Francisco, CA 94111
Telephone: 415-391-0600
Facsimile: 415-395-8095
belinda.lee@lw.com
ashley.bauer@lw.com

*Attorneys for Defendant Nitsuko Electronics Corporation*

21

CERTAIN DEFS.' JOINT MOT. TO DISMISS
INDIRECT PURCHASER PLS.' SECOND
CONSOLIDATED COMPLAINT

DENTONS US LLP

*/s/ Gaspare J. Bono*
Gaspare J. Bono (*admitted pro hac vice*)
Stephen M. Chippendale (*admitted pro hac vice*)
Claire M. Maddox (*admitted pro hac vice*)
Eric Y. Wu (*pro hac vice pending*)
Dentons US LLP
1900 K St., NW
Washington, DC 20006
Tele.: (202) 496-7500
Fax:  (202) 496-7756
gap.bono@dentons.com
steve.chippendale@dentons.com
claire.maddox@dentons.com
eric.wu@dentons.com

Andrew S. Azarmi (SBN 241407)
Dentons US LLP
Spear Tower, One Market Plaza, 24th Fl.
San Francisco, CA 94105
Tele.: (415) 267-4000
Fax:  (415) 356-3873
andrew.azarmi@dentons.com

*Attorneys for Defendants*
*Shinyei Kaisha,*
*Shinyei Technology Co., Ltd.,*
*Shinyei Capacitor Co., Ltd., and*
*Shinyei Corporation of America, Inc.*

*Pursuant to N.D. Cal. L.R. 5-1(i)(3), the filer attests that concurrence in filing of this document has been obtained from the above signatories.*