Joseph R. Saveri (State Bar No. 130064)
Andrew M. Purdy (State Bar No. 261912)
Matthew S. Weiler (State Bar No. 236052)
James G. Dallal (State Bar No. 277826)
Ryan J. McEwan (State Bar No. 285595)
JOSEPH SAVERI LAW FIRM, INC.
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Telephone:  (415) 500-6800
Facsimile:   (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          apurdy@saverilawfirm.com
          mweiler@saverilawfirm.com
          jdallal@saverilawfirm.com
          rmcewan@saverilawfirm.com

Solomon B. Cera (State Bar No. 99467)
C. Andrew Dirksen (State Bar No. 197378)
595 Market Street, Suite 2300
San Francisco, CA 94105
Telephone:  (415) 777-2230
Facsimile:   (415) 777-5189
Email:    scera@gbcslaw.com
          cdirksen@gbcslaw.com

*Class Counsel for Direct Purchaser Plaintiffs and Counsel for Plaintiff Chip-Tech, Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL DIRECT PURCHASER CLASS ACTIONS<br><br>Chip Tech, Ltd,, On Behalf Of Itself and All Others Similarly Situated,<br><br>                              Plaintiff,<br>      v.<br><br>AVX Corporation; KEMET Corporation; KEMET Electronics Corporation; KOA Corporation; KOA Speer Electronics, Inc.; Panasonic Corporation, Panasonic Corporation of North America; Panasonic Electronic Devices Co. Ltd;  Panasonic Electronic Devices Corporation of America; ROHM Co., Ltd.; ROHM Semiconductor U.S.A. LLC; SANYO | Master File No. 3:14-cv-03264-JD<br>Case No. 3:15-cv-03868-JCS<br><br>**DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>[Local Rule 3-12]<br><br><u>Lodged in Case Nos. 5:15-cv-3820 and 5:15-cv-3907</u> |

1  Electric Co., Ltd.; SANYO North America
2  Corporation; TDK Corporation; TDK-EPC
   Corporation; TDK U.S.A. Corporation; Vishay
3  Intertechnology, Inc.,

4                            Defendants

PLEASE TAKE NOTICE that, pursuant to Civil Local Rules 3-12 and 7-11, Plaintiff Chip-Tech Ltd. ("Plaintiff") submits this administrative motion requesting that the Court consider whether two other antitrust class actions filed in this District should be related.

## BACKGROUND

Plaintiff is a Direct Purchaser Plaintiff in the above-captioned *In re Capacitors Antitrust Litigation*, Master File No. 3:14-cv-03264-JD (the "*Capacitors Antitrust Litigation*") and filed the complaint initiating the litigation on July 18, 2014. *See* Dkt. 1. On August 24, 2015, Plaintiff filed a class action complaint in this District entitled *Chip-Tech, Ltd. v. AVX Corporation, et al.*, Case No. 15-cv-03868-JCS ("*Chip-Tech*"). As alleged, Chip-Tech brings the action as an individual and representative plaintiff on behalf of a nationwide class of purchasers of resistors. On behalf of itself and the class it seeks to represent, Chip-Tech seeks damages under the federal antitrust law, 15 U.S.C. § 1, and other relief.

Plaintiff filed a motion to relate the *Chip-Tech* action to this litigation on August 28, 2015. *See* Dkt. 859.

On August 20, 2015 Microsystems Development Technologies, Inc. filed an antitrust class action seeking to represent a putative class of indirect purchasers of resistors. *See* **Exhibit 1** (*Microsystems* action). On August 26, 2015 Top Floor Home Improvements also filed an antitrust class action seeking to represent a putative class of indirect purchasers of resistors. *See* **Exhibit 2** (*Top Floor* action).

## LEGAL STANDARD

Civil Local Rule 3-12(a) provides that actions are related when (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

## ARGUMENT

Tthe *Microsystems* and *Top Floor* actions should be deemed related to this litigation for the same reasons the *Chip-Tech* action should be deemed related to this litigation. *See* Dkt. 859. The *Capacitors Antitrust Litigation*, like the *Chip-Tech*, *Microsystems*, and *Top Floor* matters, allege cartel activity with respective to passive electronic components; name many of the same defendants; and allege violations of the same federal statute, Section 1 of the Sherman Act,, 15 U.S.C. §1..

Both resistors and capacitors are basic components of electric circuit boards that are ubiquitous in electronic products such as televisions and computers. Dkt. 799 at ¶¶ 2-3; *Microsystems* Complaint ¶¶ 1-3; *Top Floor* Complaint ¶¶ 1-4. Capacitors and resistors have many common characteristics that make the markets for these products prone to collusive cartel activity, such as interchangeability and commoditization of the products; high barriers to entry; inelasticity of demand; a mature and highly-concentrated market facing declining demand; an excess of manufacturing capacity; and a large number of purchasers with limited purchasing power.  Dkt. 799 at ¶¶ 318-361; *Microsystems* Complaint ¶¶ 52-73; *Top Floor* Complaint ¶¶ 58-82.

The Department of Justice is investigating cartel activity in the resistors industry. This investigation appears to be related to its ongoing investigation of the capacitors industry.  Indeed, as alleged, defendant Panasonic Corporation has applied for leniency under the U.S. Department of Justice's ("DOJ's") ACPERA program for DOJ investigations related to both capacitors and resistors. *See* Dkt. 799 at ¶¶ 375-376; *Microsystems* Complaint ¶¶ 7-8; *Top Floor* Complaint ¶¶ 38-39. There are common defendants in the *Capacitors Antitrust Litigation* and the *Microsystems* and *Top Floor* actions as many of the same entities manufacture, sell and distribute resistors and capacitors. Defendant Panasonic Corporation, and various of its subsidiaries, are named as defendants in both this litigation and in the *Microsystems* and *Top Floor* actions. *See*  Dkt. 799 at ¶¶ 32-36; *Microsystems* Complaint ¶¶ 37-39; *Top Floor* Complaint ¶¶ 22-24. The *Microsystems* and *Top Floor* actions and this action also have many other named defendants in common: AVX Corporation; KEMET Corporation; KEMET Electronics Corporation; ROHM Co., Ltd.; ROHM Semiconductor U.S.A. LLC; and Vishay Intertechnology, Inc. *See* Dkt. 799 at ¶¶ 40-44, 60-61, 76, 79-81; *Microsystems* Complaint ¶¶ 44-46 ; *Top Floor Complaint* ¶¶ 29-31.[1] Many of the same law firms will likely represent these defendants in both of these actions.

Likewise, many of the direct purchasers of capacitors and resistors are the same, because many of the same firms purchase both capacitors and resistors from the defendants named in both actions. Thus, there is substantial overlap among class members.

---

[1] The TDK-EPC Corporation and TDK U.S.A. Corporation, defendants in the *Chip-Tech* Complaint, were named as Defendants in the *Capacitors Antitrust Litigation*. *See* Dkt. 401 at ¶¶ 89-90.

In addition to the similarities between capacitors and resistors, the *Microsystems* and *Top Floor* actions and the instant litigation seek damages for violations of Section 1 of the Sherman Act for cartel activity by the defendants. Dkt. 799 at ¶¶ 433-443; *Microsystems* Complaint ¶¶ 122-132; *Top Floor* Complaint ¶¶ 137-147. The cartel activity in the *Microsystems* and *Top Floor* actions and the instant litigation was conducted using trade association membership, which is common to both manufacturers of resistors and capacitors, and both actions allege activity relating to the same trade associations. Dkt. 799 at ¶¶ 362-370; *Microsystems* Complaint ¶¶ 74-77; *Top Floor* Complaint ¶¶ 83-89.

Due to the factual and legal similarities outlined above, the *Microsystems* and *Top Floor* actions should be related to the *Capacitors Antitrust Litigation* under Local Rule 3-12(a). This instant action concerns many of the same parties named in the *Microsystems* and *Top Floor* actions, and concerns similar allegations of cartel activity and violations of the same federal statute, 15 U.S.C. § 1. The *Microsystems* and *Top Floor* actions will likely benefit from the substantial law and motion practice, discovery planning and case management to date in this matter. There will also be litigation efficiencies created should these actions proceed before the same Court. Accordingly, Direct Purchaser Plaintiffs submit that there will be an "unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Local Rule 3-12(a)(2).

Dated: September 4, 2015

JOSEPH SAVERI LAW FIRM, INC.

By:    */s/ Joseph R. Saveri*
      Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Andrew M. Purdy (State Bar No. 261912)
Matthew S. Weiler (State Bar No. 236052)
James G. Dallal (State Bar No. 277826)
Ryan J. McEwan (State Bar No. 285595)
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone:   (415) 500-6800
Facsimile:   (415) 395-9940

*Interim Lead Class Counsel for Direct Purchaser Plaintiffs and Counsel for Plaintiff Chip-Tech, Ltd.*

CERA LLP

By:    */s/ Solomon B. Cera*
       Solomon B. Cera

Solomon B. Cera (State Bar No. 99467)
C. Andrew Dirksen (State Bar No. 197378)
595 Market Street, Suite 2300
San Francisco, CA 94105
Telephone:   (415) 777-2230
Facsimile:    (415) 777-5189
Email:       scera@gbcslaw.com
              cdirksen@gbcslaw.com

*Class Counsel for Direct Purchaser Plaintiffs and Counsel for Plaintiff Chip-Tech, Ltd.*