Joseph R. Saveri (State Bar No. 130064)
Joshua P. Davis (State Bar No. 193254)
Andrew M. Purdy (State Bar No. 261912)
Matthew S. Weiler (State Bar No. 236052)
James G. Dallal (State Bar No. 277826)
Ryan J. McEwan (State Bar No. 285595)
JOSEPH SAVERI LAW FIRM, INC.
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          jdavis@saverilawfirm.com
          apurdy@saverilawfirm.com
          mweiler@saverilawfirm.com
          jdallal@saverilawfirm.com
          rmcewan@saverilawfirm.com

*Interim Lead Class Counsel for Direct Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL DIRECT PURCHASER CLASS ACTIONS AND FLEXTRONICS'S ACTION | Master File No. 3:14-cv-03264-JD<br><br>**DIRECT PURCHASER PLAINTIFFS' MOTION TO STRIKE TAITSU CORPORATION AND TAITSU AMERICA'S SUPPLEMENTAL REPLY OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY**<br><br>Date:       January 13, 2016<br>Time:       10:00 a.m.<br>Courtroom:  11 19th Floor |

Master File No. 3:14-cv-03264-JD

DIRECT PURCHASER PLAINTIFFS' MOTION TO STRIKE TAITSU CORPORATION AND TAITSU AMERICA'S
SUPPLEMENTAL REPLY OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY

Direct Purchaser Plaintiffs ("DPPs") submit the following motion to strike Defendants Taitsu Corporation and Taitsu America's Supplemental Reply (Dkt. 989) or, in the alternative, for an order granting DPPs leave to file a sur-reply.[1]

## I. INTRODUCTION AND STATEMENT OF RELEVANT FACTS

On September 30, 2015, the Court entered a Stipulation and Order allowing Defendants to "file a Motion for Partial Summary Judgment on FTAIA grounds of no greater than 30 pages . . . ." Dkt. 904 at 2. The Order did not, however, grant Defendants any additional pages for their reply brief. Nor did it contemplate—or permit—separate briefs by any of the Defendants. In the Stipulation, the parties, including Taitsu, jointly told the Court that increasing the page limits was "appropriate because, in order to simplify the proceedings and promote efficiency and judicial economy, the 36 Defendants listed above (comprising 17 Defendant families) will be filing a single Motion for Partial Summary Judgment . . . ." *Id*. at 1.

Consistent with the Stipulation and Order, Defendants filed a single joint motion for partial summary judgment (the "Joint Motion") on FTAIA grounds on October 1, 2015. Dkt. 915. Taitsu signed the Joint Motion, which did not contain any arguments unique to any particular Defendant and did not cite to any specific evidence that would support the dismissal of claims against particular Defendants. Taitsu did not file its own motion. Although each Defendant submitted short declarations, Defendants' joint reply brief expressly disclaimed any importance of this evidence.[2] Defendants asserted that the issues their motion places before the Court were purely legal. *See, e.g.*, Dkt. 985 at 1; 2, n. 1; 10-11, n. 18 (the "Joint Reply").

On November 23, 2015, DPPs and Flextronics submitted an opposition brief to the Joint Motion. Dkt. 967-4 (redacted); Dkt. 967-5 (unredacted) ("Opposition").

---

[1] Plaintiff Flextronics supports the requested relief sought herein.

[2] *See* Dkt. 985 at 2, n. 1 ("Defendants' Motion is not asking the Court to determine the percentage of sales in each category. This information is provided to give the Court a sense of the magnitude of sales in each category. Defendants seek only a ruling on which of the categories are beyond the reach of the Sherman Act under the FTAIA."); *see id*. at 3 ("Defendants submitted declarations solely to establish where their factories and sales operations are, and that the vast majority of their sales were sold and shipped to foreign purchasers.").

On December 18, 2015, Defendants filed their Joint Reply. Taitsu signed the Joint Reply, which again did not include any arguments unique to any particular Defendant.

On the same day, Taitsu filed its own separate, supplemental reply brief, raising several new arguments and pointing to new pieces of evidence that were not discussed in the Joint Motion. Taitsu now asks the Court to grant summary judgment in Taitsu's favor based on additional facts purportedly unique to itself that were not submitted until filing its reply.

Taitsu's request is procedurally improper. This type of individual filing—which comes after the parties agreed to joint submissions and after Defendants filed the Joint Motion—is inefficient and a waste of judicial resources. For the reasons below, DPPs respectfully request that the Court either: (1) strike Taitsu's Supplemental Reply and supporting papers; or (2) grant DPPs leave to file a short sur-reply addressing the merits of Taitsu's newly raised arguments and evidence.[3]

## II. ARGUMENT

### A. Taitsu's Supplemental Reply Conflicts with the Parties' Agreement, the Court's Order, and the Local Rules.

As noted above, the parties agreed and the Court ordered that Defendants would submit a single motion not to exceed 30 pages. Dkt. 904 at 2. The parties submitted to the Court that the increase in page limits was "appropriate because, in order to simplify the proceedings and promote efficiency and judicial economy, the 36 Defendants listed above (comprising 17 Defendant families) will be filing a single Motion for Partial Summary Judgment . . . ." *Id.* at 1. The parties did not agree, however, that Defendants would then submit individual briefs on reply, raising new arguments and submitting new evidence that pertain to the circumstances of individual Defendants. Taitsu's Supplemental Reply flies in the face of the parties' agreement and frustrates the parties' efforts to "promote efficiency and judicial economy." It is improper and unfair for Defendants to file a joint motion containing arguments of general application, and then on reply to submit individual briefs raising new individualized issues.

Moreover, Defendants' two submissions—the joint reply brief and Taitsu's supplemental reply brief—exceed the page limits under Local Rule 7-4(b). That rule limits reply briefs to 15 pages. *Id.* The

---

[3] The proposed sur-reply is attached as Exhibit A.

joint reply alone is 15 pages. And Taitsu's supplemental reply is 6 pages. The parties did not agree to—and the Court did not allow—additional pages for Defendants' reply brief under Local Rule 7-4(b). This procedural violation suffices to strike Taitsu's Supplemental Reply. *See Sanders v. Astrue*, 2013 U.S. Dist. LEXIS 46029, *11-12 (N.D. Cal. Mar. 28, 2013) (striking all pages beyond the page limit set by the Local Rules).

### B. Taitsu's Supplemental Reply Introduces New Arguments and New Evidence That Should Be Stricken.

Taitsu's Supplemental Reply comprises new arguments not made in the Joint Motion and relies on evidence not previously submitted in connection with the Joint Motion. "It is well accepted that raising of new issues and submission of new facts in [a] reply brief is improper." *Roe v. Doe*, 2009 U.S. Dist. LEXIS 59440, at *14 (N.D. Cal. June 30, 2009) (granting motion to strike portions of reply brief constituting new evidence raised for the first time in reply, and refusing to consider such evidence) (citing *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999)); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308, n.5 (N.D. Cal. 2005) (granting motion to strike portions of declaration introducing new evidence not presented in motion or opposition) (citations omitted). The reply and supporting documents should therefore be stricken.

In Taitsu's supplemental reply, it claims for the first time that Plaintiffs cannot satisfy the first prong of the domestic effects exception—whether the Defendants' conduct had a direct, substantial, and reasonably foreseeable effect on U.S. commerce—on the following new purported grounds: that Taitsu's sales to the United States were too small;[4] that Taitsu's sales in the United States were made by Taitsu America, not Taitsu Corporation; and that Taitsu did not target the U.S. economy or charge the same prices to corporate families. Taitsu Reply at 5.

But Defendants did not make any of these arguments in the Joint Motion or in the Joint Reply. Indeed, Defendants effectively conceded that DPPs' claims satisfy the direct effects prong of the

---

[4] Taitsu also disputes the second prong of the domestic effects exception—that the domestic effects "give rise to," *i.e.*, proximately cause a plaintiff's claim—on the same grounds that it is too small. In the Joint Motion, Defendants did not make any arguments about the size of particular defendants, or the size of U.S. commerce involved in this case, as a reason to find a lack of proximate causation under the second prong of the domestic effects exception.

domestic effects exception. In the Joint Reply, Defendants clarify that they dispute the direct effects prong only "to the extent that DPPs and Flextronics USA are seeking recovery for their foreign sale of capacitors that were incorporated into finished goods imported in the U.S." Joint Reply at 12. But DPPs have made it clear that they bring claims only on behalf of direct purchasers of capacitors—not on behalf of entities that purchased finished products that incorporate capacitors. Opposition at 21. Accordingly, Taitsu's arguments are not only new, they conflict with the position taken in the Defendants' joint submissions. These new arguments should be stricken or not considered.

In making these new arguments, Taitsu relies on new evidence. In particular, Taitsu submitted another declaration by Ken Kobayashi as well testimony from his deposition. *See* Exhibits A-L to Taitsu Reply. In particular, the new Kobayashi Declaration contains many assertions that Taitsu could have made in the Joint Motion but it instead chose to make after DPPs filed their opposition, including statements about competition with Chinese manufacturers (Kobayashi Second Decl. ¶ 5); whether capacitors are interchangeable commodity products (Kobayashi Second Decl. ¶ 7); the "arm's-length" nature of Taitsu's negotiations with customers (Kobayashi Second Decl. ¶ 8); the ability of Taitsu sales subsidiaries to set their own prices (Kobayashi Second Decl. ¶ 11); how Taitsu prices capacitors to corporate families (Kobayashi Second Decl. ¶ 12); information related to its decision whether to continue Taitsu America's sales operations (Kobayashi Second Decl. ¶¶ 13-16); and "updated" summary sales records (Kobayashi Second Decl. ¶¶ 17-18, Exhs. 1 and 2). These materials should be stricken as well. Although Taitsu may now recognize the Joint Motion fails, Taitsu is not permitted a second bite at the apple. This is not a multiple choice test.

C. **Alternatively, DPPs Should Be Given Leave to File a Sur-Reply.**

In the alternative, DPPs request an opportunity to submit a sur-reply to address the new arguments and evidence raised by Taitsu.[5] This request is supported by the reasons discussed above. *See GT Nexus, Inc. v. Inttra, Inc.*, 2014 U.S. Dist. LEXIS 93469, *2 (N.D. Cal. July 9, 2014) ("If a party raises a new argument or presents new evidence in a reply brief, a court may consider these matters only if the adverse party is given an opportunity to respond.") (citing *El Pollo Loco v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003)).

---

[5] The proposed sur-reply is attached as Exhibit A.

## III. CONCLUSION

For the reasons stated above, DPPs request that the Court strike Taitsu's Supplemental Reply and supporting papers or, in the alternative, issue an order granting DPPs leave to file a sur-reply.

Dated: January 7, 2016

JOSEPH SAVERI LAW FIRM, INC.

By:    */s/ Joseph R. Saveri*
       Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Joshua P. Davis (State Bar No. 193254)
Andrew M. Purdy (State Bar No. 261912)
Matthew S. Weiler (State Bar No. 236052)
James G. Dallal (State Bar No. 277826)
Ryan J. McEwan (State Bar No. 285595)
JOSEPH SAVERI LAW FIRM, INC.
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile: (415) 395-9940

*Interim Lead Class Counsel for Direct Purchaser Plaintiffs*

# CERTIFICATE OF SERVICE

I, the undersigned, am employed by the Joseph Saveri Law Firm, Inc. My business address is 555 Montgomery Street, Suite 1210, San Francisco, California 94111. I am over the age of eighteen and not a party to this action.

On January 7, 2016, I electronically filed the foregoing document and attachments with the Clerk of the Court using the CM/ECF system, and served a copy on all counsel of record via the CM/ECF System.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 7, 2016, at San Francisco, California.

By: <u>*/s/ Ryan J. McEwan*</u>
      Ryan J. McEwan