UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE CAPACITORS ANTITRUST LITIGATION.

Case No. 14-cv-03264-JD

**ORDER RE QUESTIONS FOR 1/13/16 HEARING ON FTAIA ISSUES**

For the January 13, 2016 hearing on defendants' summary judgment motions under the FTAIA (Dkt. Nos. 911, 915), the Court directs the parties to be prepared to address these questions:

1. Which defendants import capacitors into the United States?
   a. Which defendants invoice customers located in the U.S.?
   b. Which defendants directly ship capacitors into the U.S. (regardless of the location of the customer who was invoiced for them)?
   c. What percentage of capacitors were bought by and delivered to a plaintiff in the U.S.?
   d. Did the defendants engage in import commerce because the conspiracy's intent was to fix prices for U.S. customers and actions in furtherance of that intent were taken by defendants' employees located within the U.S.?
2. Which defendants sell exclusively outside the U.S.? Does any defendant contend it never invoiced or shipped capacitors to any customer in the U.S.?

3. Which defendants sold outside of the U.S. but expected or targeted final delivery of finished goods to the U.S.?
    a. Was it understood that substantial numbers of finished products (incorporating capacitors) were destined for the United States and that "the practical upshot of the conspiracy would be and was increased prices to customers in the United States," *U.S. v. Hsiung*, 778 F.3d 738, 759 (9th Cir. 2014)?
4. For plaintiffs' foreign purchase of capacitors that remained capacitors:
    a. Which plaintiffs bought capacitors abroad through a foreign related company who then shipped the capacitors to the U.S. company for resale in the U.S.?
    b. Which plaintiffs bought capacitors abroad through a foreign related company who then resold those capacitors abroad?
5. For plaintiffs' foreign purchase of capacitors that were incorporated into finished goods:
    a. Which plaintiffs bought capacitors abroad through a foreign related company who then shipped finished goods (incorporating those capacitors) to the U.S. company for resale in the U.S.?
    b. Which plaintiffs bought capacitors abroad through a foreign related company who then sold finished goods (incorporating those capacitors) abroad?
6. Which plaintiffs purchased capacitors through foreign divisions rather than subsidiaries?
7. Which defendants sold capacitors or finished goods from the U.S. to foreign customers?

The Court's intent is that the parties will clarify the mass of facts proffered in the declarations by sorting them into clear "buckets" that address the FTAIA issues. The parties are referred to *Motorola Mobility LLC v. AU Optronics Corp.*, 775 F.3d 816 (7th Cir. 2014), and *In re Vitamin C Antitrust Litigation*, 904 F. Supp. 2d 310 (E.D.N.Y. 2012), for examples of helpful data presentation.

Ideally, plaintiffs and defendants will be prepared to take a stand on the answers on a joint basis. If the answers cannot be joint, each defendant must be prepared to answer these questions with specific citations to declarations. It is likely the Court will call for additional written submissions on these targeted questions.

**IT IS SO ORDERED.**

Dated: January 12, 2016

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California