# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### Civil Minutes

Date: January 13, 2016            Judge: Hon. James Donato

Time: 1 Hour & 18 Minutes

Case No.    **C-14-03264-JD**
Case Name    **IN RE CAPACITORS ANTITRUST LITIGATION**

| | |
|---|---|
| Attorney(s) for Plaintiff(s): | Steven Williams/Joseph Saveri/Andrew Purdy/Charles Tompkins/Jack W. Lee/Joshua P. Davis/Eric Fastiff Ryan J. McEwan/James Dallal/Paul Ripp |
| Attorney(s) for Defendant(s): | Joseph Bial/Charles F. Rule/Roxane Polidora/Eric Enson Darrell Prescott/Howard Parker/Claire Maddox/Djordje Petkoski/George Nicoud/Lesley Weaver/Ashley Bauer Jarod Bona/Aaron Got/Ian Papendick/Meghan Hausler Jeffrey Bank/Evan Nadel/Allison Davis/Michael Kniffen Ethan Litwin/Djorde Petkoski/Bonnie Lau/Jeffrey Jaeckel Helen Yang/Michael Martinez/Erik Shallman/Jeffrey Kessler Brian Chang |

Deputy Clerk: Lisa R. Clark            Court Reporter: Debra Paas

### PROCEEDINGS

Joint Motion for Partial Summary Judgment Dismissing Plaintiffs' Sherman Act Claims for Foreign Transactions (Dkt. No. 911) - Held
Joint Motion for Partial Summary Judgment Dismissing Plaintiffs' Indirect Purchaser Claims Based on Foreign Sales (Dkt. No. 915) - Held
Status Conference - Held

### RESULT OF HEARING

#### I. FTAIA MOTIONS

The Court takes argument on defendants' partial summary judgment motions under the Foreign Trade Antitrust Improvements Act ("FTAIA"), 15 U.S.C. § 6a. Dkt. Nos. 911, 915. Defendants submit to the Court "Defendants' Responses to the Court's Question Nos. 1, 2, 3, and 7 (ECF No. 1013)."

In light of the DPPs' objections under Fed. R. Civ. Pro. 56(d) (Dkt. No. 970-5), defendants' responses (Dkt. No. 998-4), and the discussion at the hearing, the Court finds that discovery has not been adequately completed to allow for proper consideration of summary judgment.

Consequently, the Court defers consideration of the motion. To resolve the discovery problems, the parties are ordered to hold a face-to-face meet and confer by January 27, 2016 at the latest, to resolve the disputes discussed in Dkt. No. 998-4. The parties may submit discovery dispute letters (following the Court's standing order) to the extent they cannot resolve a disagreement. The parties should advise the Court of all agreements by adding a third column to the chart set out in Dkt. No. 998-4 and filing it as a new document.

Once all of the underlying discovery disputes have been resolved either by the parties themselves or by the Court, the parties should meet and confer to reach stipulated answers to the Court's factual questions posed prior to the hearing (Dkt. No. 1013). The parties' stipulated answers to those factual questions will be a key element in the Court's ruling on the FTAIA issues. The Court may call for additional briefing if needed.

The Court will issue a decision on the FTAIA issues after the underlying discovery disputes have been resolved and the factual questions posed by the Court (Dkt. No. 1013) have been answered to its satisfaction.

## II. STATUS CONFERENCE

### A. NCC-plaintiffs discovery dispute

The Court discusses with the parties plaintiffs' discovery dispute with NCC about how to review, and share costs for the production of, four additional NCC custodians' ESI. Dkt. No. 1004.

The Court denies plaintiffs' request for a "quick peek" and claw back arrangement.

NCC is ordered to conduct a single-level review (one reviewer/page, though the reviewers may elevate substantive questions about particular documents as needed), and to produce all responsive, non-privileged documents to plaintiffs by January 27, 2016. NCC must also provide to plaintiffs a privilege log. NCC and plaintiffs are to split the costs of that review.

### B. Toshin Kogyo

Direct Purchaser Plaintiffs represent that they will not seek a default judgment against defendant Toshin Kogyo at this time.

### C. Fujitsu

Direct Purchaser Plaintiffs represent that they have finalized their settlement with defendant Fujitsu Limited.

### D. Location of Depositions

For the parties' dispute about the location of depositions (Dkt. No. 1005 at ECF pp.10-11), all plaintiffs (DPPs, Flextronics and indirect purchaser plaintiffs) stipulate that they will share the cost of any defendant witnesses' travel to the United States.

Based on that stipulation, the Court orders that all depositions be taken in the United States, with the costs of the foreign witnesses' travel to be shared among all parties participating in the examination. If travel to the United States presents an undue hardship for a particular witness, the parties may raise the issue with the Court in a discovery letter sufficiently in advance of the proposed travel dates to avoid scheduling delays.

E.  Scheduling of Depositions

For the parties' dispute about setting deposition dates (Dkt. No. 1005 at ECF pp. 6-9), the Court orders a standing guideline that an exam date should be agreed to no more than one week from the initial request by the examining party.  To be clear, the deposition itself does not need to be taken; only the date needs to be set.

F.  Other Housekeeping Matters

The Court grants the parties' stipulation to vacate defendants' deadline to answer the indirect purchaser plaintiffs' first amended complaint and to set February 24, 2016 as the deadline to answer the indirect purchaser plaintiffs' second amended complaint.  Dkt. No. 1012.

For all future filings, the parties are directed to identify on the cover page of the filing whether it relates to the direct purchaser plaintiffs' action, the indirect purchaser plaintiffs' action, or both.

The Court refers the parties to its revised Standing Order for Civil Cases, and advises the parties that the requirement for chambers copies is now one copy only.  The Court requests that the parties include unredacted versions of documents only in their chambers copies, so that chambers need not go through the exercise of replacing every redacted brief, declaration or other document with its corresponding unredacted version.