**Via ECF and Hand Delivery**          February 17, 2016
Hon. Judge James Donato
United States District Court
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, California  94102

Re:   *In re Capacitors Antitrust Litigation*, No. 14-cv-3264-JD

Dear Judge Donato:

Pursuant to the Court's February 11, 2016 Order (Dkt. 1066), Direct Purchaser Plaintiffs ("DPPs") submit this Discovery Letter Brief concerning remaining FTAIA-related discovery disputes arising from Defendants' productions of transactional data in this case.

Since the January 13, 2016 motion hearing and Case Management Conference, DPPs have attempted to obtain discovery related to Defendants' chart of evidentiary disputes (Dkt. 998-4 and herein, "Appx. C") and stipulated responses to the Questions the Court posed to the parties prior to the hearing in its January 12, 2016 Order (Dkt. 1013). The focus of the efforts was the Court's instructions. The status of that discovery is set forth in the annotated Appendix C submitted to the Court today.

DPPs have received several additional productions of transactional data following the January 13 hearing regarding FTAIA-related discovery and have made substantial progress narrowing disputes. In large part, that progress takes the form of as yet unfulfilled promises by Defendants to Plaintiffs about further productions, provision of additional information and responses to data questions, and cooperation in investigating certain matters and conducting additional discussions among Defendants' personnel and Plaintiffs' experts. Plaintiffs hope that this process will result in the resolution of all outstanding questions regarding FTAIA-related discovery, but for purposes of this deadline, these data questions are unresolved or unanswered. In the interest of moving forward to completion of the exercise of production of sales data, DPPs therefore submit this letter brief to memorialize these positions and request that the Court issue an Order requiring Defendants to perform their agreements, as applicable.

**AVX**: The parties met and conferred over DPPs' statements that DPPs could not answer Questions 1(c) and 7 from the Court's January 12 Order with respect to AVX. AVX produced additional transactional data which purport to provide information sufficient to answer those Questions on January 27, 2016, though technical difficulties prevented DPPs from accessing the files until February 6. DPPs are evaluating the new data.

**ELNA**: DPPs had objected that ELNA's transactional data included customer names but not the customer location or address. *See* Appx. C 1. ELNA produced additional data on January 27, 2016; February 8, 2016; and February 16, 2016. ELNA also provided additional data question responses on February 16, 2016. DPPs are evaluating the new data and data question responses.

**Holy Stone**: DPPs had stated to Holy Stone that DPPs could not determine from present information the answer to Question 7 from the Court's January 12 Order with respect to the Holy Stone Defendants. Holy Stone has made additional representations regarding its sales of Capacitors to locations other than the United States, including that sales are made through Holystone Taiwan, not through Milestone, its U.S. subsidiary, and that Holystone has not yet

identified sales involving Milestone. DPPs request that Holy Stone provide means to identify any sales involving Milestone.

**Matsuo**: DPPs have further met and conferred with Matsuo regarding its assertion that its production of bill-to addresses suffices because in Matsuo's practice, bill-to and ship-to information are always identical. See id. 8. Matsuo sent DPPs a letter restating its position on February 15, 2016. Given no other Defendant makes this claim, and it seems inconsistent with reality, DPPs do not believe we have received full and complete information on this point. DPPs had also objected that Matsuo had not produced transactional data for its subsidiary Matsuo Electronics of America, Inc. ("MEA"). See id. 9. Matsuo produced a limited subset of MEA data covering 2005 to 2009 on February 15, 2016. Meanwhile, Matsuo on February 15, 2016 also provided responses to data questions pending since September 18, 2015. DPPs had previously reported to Matsuo that available information would not suffice for DPPs to answer Questions 1(c) and 7 from the Court's January 12 Order. DPPs will evaluate Matsuo's recent data productions and communications. If necessary, DPPs will seek a limited a 30(b)(6) deposition on Matsuo's billed to-shipped to representations, including as they relate to Questions 1(c) and 7.

**NEC TOKIN**: DPPs have no further FTAIA-related transactional data discovery disputes with the NEC TOKIN Defendants.

**Nichicon**: DPPs had objected that Nichicon had not identified transactions billed to addresses in the United States because Nichicon has not produced any bill-to information for the parent entity, Defendant Nichicon Corporation ("Nichicon Japan"). Nichicon had maintained bill-to information is "not historically available" for Nichicon Japan, but on January 27, 2016 provided further data question responses including proposed means for identifying bill-to addresses for the bulk of Nichicon Japan's sales. DPPs will further evaluate these statements and continue to meet and confer, will advise the Court of additional developments, and seek relief if necessary.

**Nippon Chemi-Con**: DPPs have further met and conferred with Nippon Chemi-Con and await a further transactional data production. DPPs had objected that it had not produced bill-to information for the parent entity, Nippon Chemi-con Corporation ("NCC"), or ship-to information for the U.S. subsidiary, Defendant United Chemi-Con Corporation ("UCC"). Nippon Chemi-Con has agreed to produce overlay files that will allow DPPs to integrate bill-to information into the prior productions of NCC sales data and ship-to information into the prior productions of UCC data, within the next few weeks. DPPs had also stated that they could not previously answer Question 1(a) from the Court's January 12 Order with respect to NCC, Question 1(b) with respect to UCC, and Question 1(c) with respect to either NCC or UCC without this further production. Upon receiving the new data, DPPs can address these issues.

**Okaya**: DPPs have no further FTAIA-related transactional data discovery disputes with the Okaya Defendants.

**Panasonic**: DPPs have met and conferred with Panasonic regarding DPPs' statements that based on information available, DPPs could not answer Question 1(a) from the Court's January 12 Order with respect to Defendant Panasonic Corporation, Question 1(b) with respect to Defendants Panasonic Corporation of North America and SANYO Electric Co., and Question 1(c) with respect to Defendants SANYO Electric Co. and SANYO North America Corporation. Panasonic has agreed to investigate further the practices of certain Panasonic entities, provided

further data question responses on February 4, 2016, and has agreed to conduct a further call with Plaintiffs' experts regarding certain recently-identified SANYO data files.

**ROHM**: DPPs have met and conferred with ROHM regarding the matter of missing customer information in some of the data files for Defendant ROHM Co., Ltd. The parties determined that DPPs had served on ROHM an inadvertently abbreviated set of data questions, with the result that ROHM did not receive questions about the files at issue. DPPs have now served the full set of questions and ROHM has agreed in good faith to provide timely responses. Other than filling in this missing customer information, DPPs have no further FTAIA-related transactional data discovery disputes with the ROHM Defendants.

**Rubycon**: In response to DPPs' statements that based on available information they could not answer question 1(b) from the Court's January 12 Order with respect to the Rubycon Defendants, Rubycon produced additional transactional data on February 5, 2016. DPPs are evaluating the new data.

**Shinyei**: DPPs have met and conferred repeatedly with the Shinyei Defendants regarding their productions of transactional data and have advised Shinyei that based on available information, DPPs cannot answer Question 1(a) from the Court's January 12 Order with respect to Defendants Shinyei Capacitor Co., Ltd. and Shinyei Technology Co., Ltd., Question 1(b) with respect to those entities plus Defendant Shinyei Kaisha, and Question 2 with respect to Shinyei Technology Co., Ltd. On February 12, 2016, Shinyei represented to DPPs that "Shinyei has identified certain documents and information that appear to show the 'usual' ship-to location for some, although not all, customers," and stated that it would make additional productions of three categories of information. DPPs will evaluate this data upon receipt.

**Soshin**: DPPs have met and conferred with Soshin both regarding data issues identified in Defendants' chart of evidentiary issues, see id. 34, and DPPs' statements that they could not answer Questions 1(a), 1(b), 1(c), and 7 from the Court's January 12 Order with respect to either Soshin Defendant and question 2 with respect to Defendant Soshin Electric Co., Ltd. On February 12, 2016, Soshin identified additional reports of sales figures in its productions. On February 13, 2016, Soshin provided further details regarding the provenance of customer files it had previously produced. On February 15, 2016, Soshin produced additional sales data information available from the accounting software used by its U.S. subsidiary, Soshin Electronics of America, Inc. On February 16, 2016, Soshin supplied two further declarations by Soshin personnel including statements regarding the files produced the previous day. Soshin has also agreed to schedule a call among counsel for both sides, Soshin personnel knowledgeable about its sales data, and Plaintiffs' experts. Significant questions remain. DPPs will schedule the data call Soshin offered after a prompt evaluation of the newly received information and production of data, and thereafter will determine if a 30(b)(6) deposition is indicated.

**Taitsu**: Though Defendants did not raise the matter in their chart of evidentiary disputes, DPPs submitted concurrently with their Opposition to Defendants' FTAIA motion a Request for Denial or Continuance of Summary Judgment Under Fed. R. Civ. P. 56(d). *See* Dkt. 970-4. In that filing DPPs noted that while Taitsu had provided both bill-to and ship-to customer address information, that information remained incomplete for a great number of transactions. *See id*. at 5, 7. That has not changed—but DPPs have no outstanding disputes with Taitsu from Defendants' chart or that would prevent answers to the questions posed in the Court's January 12 Order.

Respectfully,

**Joseph Saveri Law Firm, Inc.**
555 Montgomery Street, Suite 1210
San Francisco, CA 94111
(415) 500-6800

　　　/s/ Joseph R. Saveri

*Interim Lead Class Counsel for Direct Purchaser Plaintiffs*

cc: All Counsel