UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Civil Minutes

Date:  April 4, 2016                                      Judge:  Hon. James Donato

Time:  23 Minutes

Case No.        **C-14-03264-JD**
Case Name       **IN RE CAPACITORS ANTITRUST LITIGATION**

Attorney(s) for Plaintiff(s):      Howard Parker - United States/Joseph R. Saveri - Direct
                                   Purchaser Plaintiffs/Joshua S. Sisco & Charles E. Tompkins -
                                   Flextronics International USA/Adam J. Zapala - Indirect
                                   Purchaser Plaintiffs
Attorney(s) for Defendant(s):      Jeffrey C. Bank & Justin A. Cohen - Hitachi Chemical
                                   Company/Joseph Bial - Nippon Chemi-Con
                                   Corporation/Gaspare J. Bono - Shinyei Kaisha/Robert A.
                                   Caplen, Wendell Taylor & Djordje Petkoski - Rubycon
                                   Corporation/Aaron Gott - Taitsu Corporation and Taitsu
                                   America/Meghan Hausler & Darrell Prescott - Okaya Electric
                                   Industries Co/Bonnie Lau - Matsuo Electric Limited/Claire
                                   Maddox - Shinyei Kaisha/Michael Martinez & Lauren Salins -
                                   Nichicon (America) Corp./Evan S. Nadel - AVX
                                   Corporation/George A. Nicoud, III & Matthew C. Parrott -
                                   NEC Tokin Corp./Ian Papendick - Panasonic
                                   Corporation/Jacob R. Sorensen - KEMET Corporation/Heather
                                   Tewksbury - ELNA, Ltd.

Deputy Clerk:  Lisa Clark

PROCEEDINGS

Telephonic Discovery Hearing re Dkt. Nos. 1103, 1108, 1115 (Not Reported) - Held

RESULT OF HEARING

On Dkt. Nos. 1108 & 1117 (re plaintiffs' request for an order compelling defendant Taitsu to
produce translations of documents it previously produced to the Department of Justice), the
Court hears argument from defendant Taitsu.  Taitsu professes concern that an order compelling
production might discourage cooperation in future investigations, as well as its concern that a
production would reveal which documents counsel selected to have translated.  The Court
overrules Taitsu's objection and orders production of the translations previously produced to the

1

DOJ.  Other defendants have produced translations and the DOJ has not expressed concern about disincentives to cooperation in other investigations.

On Dkt. No. 1115 (re the United States' request to defer the depositions of Masahiro Asakawa and Hideaki Sato of NEC TOKIN), the Court discusses the request with the United States.  With the United States' agreement, the Court orders that the depositions be deferred until August 2016.  Plaintiffs raise a concern that the deferred dates of the two depositions could pose difficulties in the preparation and filing of their class certification motions in June.  The Court discusses the issue with plaintiffs and finds the concerns to be premature.  The Court believes plaintiffs will have ample witnesses and other evidentiary sources to address their burdens on a certification motion, and the current schedule will remain in place.  If, after good-faith discovery efforts, plaintiffs still believe they have been hamstrung by deferring the two depositions, the Court will consider a scheduling proposal supported by a good cause showing of potential prejudice.

On Dkt. Nos. 1103 & 1114 (re documents "that defendants turned over to, or were seized by, foreign regulators or competition authorities outside the United States"), the Court discusses NEC Tokin's representation about an objection raised by the National Development and Reform Commission of China ("NDRC").  The objection is not in writing and was not made directly to counsel in this case.  *See* Dkt. No. 1103-3.  While the Court has no desire to slight comity toward overseas regulators, the NDRC's objection is too vague and undeveloped to warrant a delay in discovery.  The Court overrules the objection and orders defendants to produce ordinary course records that were submitted to the NDRC.  Non-ordinary course records, and ordinary course records that were seized by an antitrust enforcement authority in a jurisdiction outside the United States, will continue to be governed by the Court's prior order, Dkt. No. 953, which granted the parties' stipulation on these issues.