Joseph W. Cotchett (36324)
Steven N. Williams (175489)
Adam J. Zapala (245748)
Elizabeth Tran (280502)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577
jcotchett@cpmlegal.com
swilliams@cpmlegal.com
azapala@cpmlegal.com
etran@cpmlegal.com

*Interim Lead Counsel for the Putative Indirect Purchaser Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL INDIRECT PURCHASER ACTIONS | MASTER FILE NO. 14-cv-03264-JD<br><br>**NOTICE OF MOTION AND MOTION TO APPROVE PROGRAM TO PROVIDE CLASS NOTICE AND TO SET SCHEDULE FOR FINAL APPROVAL**<br><br>Date:  November 10, 2016<br>Time: 10:00 a.m.<br>Place: Courtroom 11, 19th Floor<br><br>Judge:  Hon. James Donato |

# **TABLE OF CONTENTS**

Page

I.   INTRODUCTION ........................................................................................................... 2

II.  FACTUAL AND PROCEDURAL BACKGROUND .................................................... 2

III. IPPS' PROPOSED NOTICE PROGRAM COMPORTS WITH THE REQUIREMENTS OF RULE 23 AND DUE PROCESS ................................................................................... 4

IV.  THE COURT SHOULD ESTABLISH A SCHEDULE FOR THE NOTICE PROGRAM AND FINAL APPROVAL OF THE SETTLEMENTS ........................................................ 6

V.   CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

Cases

*Churchill Vill., L.L.C. v. GE*
    361 F.3d 566 (9th Cir. 2004) ................................................................................................. 5

*In re "Agent Orange" Prod. Liab. Litig.*
    818 F.2d 145 (2d Cir. 1987) .................................................................................................. 5

*In re Lithium Ion Batteries Antitrust Litigation (Indirect Purchaser Actions)*
    N.D. Cal. Case No. 13-MD-2420 ......................................................................................... 3

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*
    177 F.R.D. 216 (D.N.J. 1997) ............................................................................................... 5

*Mangione v. First USA Bank*
    206 F.R.D. 222 (S.D. Ill. 2001) ............................................................................................. 5

*Mendoza v. United States*
    623 F.2d 1338 (9th Cir. 1980) ............................................................................................... 5

*Mullane v. Cent. Hanover Bank & Trust Co.*
    339 U.S. 306 (1950) .............................................................................................................. 5

*Petrovic v. AMOCO Oil Co.*
    200 F.3d 1140 (8th Cir. 1999) ............................................................................................... 5

*Ross v. Trex Co.*
    2013 U.S. Dist. LEXIS 29081 (N.D. Cal. Mar. 4, 2013) ...................................................... 5

*Silber v. Mabon*
    18 F.3d 144 (9th Cir. 1994) .................................................................................................. 5

*Torrisi v. Tucson Elec. Power Co.*
    8 F.3d 1370 (9th Cir. 1993) .................................................................................................. 5

*UAW v. GMC*
    497 F.3d 615 (6th Cir. 2007) ................................................................................................ 5

Rules

Fed. R. Civ. P. 23(c)(2)(B) ............................................................................................................ 5, 6

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 10, 2016 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable James Donato, the Indirect Purchaser Plaintiffs ("IPPs") will and hereby do move for an order (1) approving a program to provide class notice of the proposed settlements with Defendants (A) NEC TOKIN Corp./NEC TOKIN America Inc. (collectively, "NEC TOKIN"), (B) Nitsuko Electronics Corporation ("Nitsuko") and (C) Okaya Electric Industries Co, Ltd. ("Okaya"); and (2) establishing a schedule for requests for exclusion, objections, and a final approval hearing.

This motion is brought pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure. The grounds for this motion is that the proposed notice program satisfies the requirements of Rule 23(c)(2) and due process.

This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Declaration of Steven N. Williams, the argument of counsel and the pleadings and records on file herein.

Dated: October 6, 2016                    Respectfully submitted,

                                                 **COTCHETT, PITRE & McCARTHY LLP**

                                                 By:   */s/ Steven N. Williams*
                                                        Steven N. Williams

                                               *Interim Lead Counsel for the Putative Indirect Purchaser Class*

**MEMORANDUM OF POINTS AND AUTHORITIES**
**STATEMENT OF ISSUES TO BE DECIDED**

Whether the proposed class notice program should be approved and a schedule set for final approval of the Indirect Purchaser Plaintiffs' proposed settlements with NEC TOKIN, Nitsuko, and Okaya.

**I.   INTRODUCTION**

Pursuant to Fed. R. Civ. Proc. 23, Indirect Purchaser Class Plaintiffs ("IPPs") move for an order preliminarily approving a program to provide class notice of three proposed settlements with Defendants NEC TOKIN Corp./NEC TOKIN America Inc. (collectively "NEC TOKIN"), Nitsuko Electronics Corporation ("Nitsuko"), and Okaya Electric Industries Co, Ltd. ("Okaya") (collectively, the "Settlements").  IPPs sought competitive bids from nationally-recognized notice providers, and selected the proposal that they felt was best suited to this case and these settlements. *See* Declaration of Steven N. Williams ("Williams Decl."), ¶ 3.

The notice program is a robust, multifaceted approach to deliver plain and easy to understand information about the Settlements.  IPPs have retained a recognized national expert, A.B. Data, Inc., who has designed a notice program that addresses the specific nature of the settlements and settlement classes.  The notice program includes (1) direct mail notice, (2) publication notice, (3) internet and email notice, (4) earned media notice, (5) establishment of a case-specific website, and (6) establishment of a case-specific toll free number.

As set forth in more detail below, IPPs' notice program will fairly apprise potential class members of the existence of the settlement agreements and their options in relation to the proposed settlements.  Accordingly, the Court should approve dissemination of class notice and establish a schedule for a final approval hearing on the Settlements.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

The proposed notice provider is A.B. Data, Ltd. ("A.B. Data").  A.B. Data is an experienced provider of class notice, including the pending Northern District of California case *In re Lithium Ion Batteries Antitrust Litigation (Indirect Purchaser Actions),* N.D. Cal. Case No. 13-

2
**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS NEC TOKIN, NITSUKO AND OKAYA**

MD-2420. Other representative examples of A.B. Data's experience are set forth at paras. 5 and 6 and Exhs. 2 and 3 to the Declaration of Linda V. Young ("Young Decl.") filed in support of this motion.

The proposed notice program includes the following components:

1. Direct mail notice to those class members for whom mailing addresses are available. Through non-party discovery in this case, IPPs have obtained the addresses of potential class members. A.B. Data will process these addresses through the national change of address ("NCOA") database, and using any updated information available in the NCOA database will send postcard notice directly to those potential class members. The postcard notices will include the web address of the case-specific website and toll-free telephone number of the case-specific call center. Further analysis will be done of any mail returned non-deliverable after use of the NCOA database.

2. Publication of notice in general-market publications and trade magazines. Published notice will run in *The Wall Street Journal, Electronic Design,* and *Nuts and Volts.*

3. Email notice through email "blasts". An email blast will be sent to opt-in subscribers of the following publications:
   a. Penton Publications (including the websites Electroncdesign.com, machinedesign.com, sourceesb.com, mwrf.com, powerelectronics.com, and HydraulicsPneumatics.com.
   b. EE Times.

4. National targeted trade websites. Banner ads will be placed on the following websites:
   a. Electronicdesign.com
   b. Machinedesign.com
   c. SourceESB.com
   d. Mwrf.com (Microwaves and RF)
   e. Powerelectronics.com
   f. HydraulicsPneumatics.com

       g. Nutsvolts.com

       h. Passivecomponentmagazine.com

       i. Eetimes.com

       j. Ebonline.com

All banner ads will include an embedded link to the case-specific website. The banner ads will include generic images of capacitors to increase the visibility of the ads.

5. E-newsletter notice. Banner ads will be run in the e-newsletter *Nuts and Volts*, which is mailed to approximately 40,000 subscribers.

6. National sponsorship of selected trade e-newsletters.

7. Earned media, including dissemination of a news release via Business Wire which will be distributed to more than 10,000 newsrooms, including print, broadcast and digital media across the United States.

Young Decl., paras. 9-18 and Exh. 1. The proposed short form notice is attached to the Williams Decl. as Exh. 1. The proposed long form notice is attached to the Williams Decl. as Exh. 2.

## III.   IPPS' PROPOSED NOTICE PROGRAM COMPORTS WITH THE REQUIREMENTS OF RULE 23 AND DUE PROCESS

In the context of Rule 23(b)(3) actions, "the court must direct to class members the best notice that is practicable under the circumstances," and that notice "must clearly and concisely state in plain, easily understood language:

    (i)    the nature of the action;

    (ii)    the definition of the class certified;

    (iii)    the class claims, issues or defenses;

    (iv)    that a class member may enter an appearance through an attorney if the member so desires;

    (v)    that the court will exclude from the class any member who requests exclusion;

    (vi)    the time and manner for requesting exclusion; and

(vii)   the binding effect of a class judgment on members under Rule 23(c)(3)."

Fed. R. Civ. P. 23(c)(2)(B). While Rule 23 requires that reasonable efforts be made to reach all class members, it does not require that each individual actually receive notice. *Silber v. Mabon,* 18 F.3d 1449, 1454 (9th Cir. 1994). A class settlement notice satisfies due process if it contains a summary sufficient to "apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." *UAW v. GMC*, 497 F.3d 615, 629 (6th Cir. 2007) (*quoting Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). A settlement notice need only be a summary, not a complete source of information. *See, e.g., Petrovic v. AMOCO Oil Co.,* 200 F.3d 1140, 1153 (8th Cir. 1999); *In re "Agent Orange" Prod. Liab. Litig.,* 818 F.2d 145, 170 (2d Cir. 1987); *Mangione v. First USA Bank,* 206 F.R.D. 222, 233 (S.D. Ill. 2001). The Ninth Circuit requires a general description of the proposed settlement. *Churchill Vill., L.L.C. v. GE,* 361 F.3d 566, 575 (9th Cir. 2004); *Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1374-75 (9th Cir. 1993); *Mendoza v. United States,* 623 F.2d 1338, 1351 (9th Cir. 1980).

The proposed notice program meets these standards. The notice program begins by providing direct mail notice for those class members for whom physical addresses can be obtained in non-parties' data that IPPs received in discovery. While direct mail notice is typically considered the best form of notice under Rule 23(c)(3), the proposed notice program adds many additional facets in addition to direct mail notice that make it a thorough, multilayered approach to notice designed to reach members of the settlement classes. This approach is adequate and reasonable under the circumstances. *Ross v. Trex Co.,* 2013 U.S. Dist. LEXIS 29081, * 6 (N.D. Cal. Mar. 4, 2013) ("Courts have consistently recognized that due process does not require that every class member receive actual notice . . . Due Process does not entitle a class member to 'actual notice,' but rather to the best notice practicable, reasonably calculated under the circumstances to apprise him of the pendency of the class action and give him a chance to be heard."); *see also In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 177 F.R.D. 216, 231 (D.N.J. 1997) ("Courts have consistently recognized that due process does not require that every

class member receive actual notice so long as the court reasonably selected a means likely to apprise interested parties.").

The contents of the notice meet the requirements of Rule 23(c)(2)(B) in language that is understandable to the classes. The proposed long form notice includes (1) the case name and case number; (2) a description of the case; (3) a description of the settlement classes; (4) a description of the settlement agreements, including the monetary consideration and cooperation to be provided to the settlement classes; (5) the name of settlement class counsel; (6) a description of the releases being provided; (7) the final approval hearing date; (8) information about the final approval hearing; (9) information about the deadline for filing objections to the settlement agreements; (10) information about the deadline for filing requests for exclusion from the settlement classes; (11) that a class member can enter an appearance through an attorney if the member so desires; (12) the consequences of exclusion or remaining in the settlement classes; and (13) and how to obtain further information about the proposed settlement agreements. Williams Decl., Exh. 2. This includes all of the information required by Rule 23(c)(2)(B) and more.

## IV. THE COURT SHOULD ESTABLISH A SCHEDULE FOR THE NOTICE PROGRAM AND FINAL APPROVAL OF THE SETTLEMENTS

If the Court grants preliminary approval of the Settlements and grants this motion to approve a class notice program, a schedule should be established for the completion of the notice program, objections and requests for exclusion, and the briefing of final approval. IPPs propose the following schedule:

| Event | Time | Estimated Date |
|---|---|---|
| Preliminary Approval | | 11/17/2016 |
| Mail Notice | 60 days after Order | 1/16/2017 |
| Publication Begins | 60 days after Order | 1/16/2017 |
| Publication Ends | 100 days after Order | 2/25/2017 |
| Exclusion and Objection Deadline | 120 days after Order | 3/17/2017 |

| Event | Time | Estimated Date |
|---|---|---|
| Motion for Final Approval and Response to Objections (if any) | 35 days before hearing | 4/11/2017 |
| Final Approval Hearing | 180 days after Order | 5/18/2017 |

## V.    CONCLUSION

Accordingly, the proposed notice program and accompanying forms are reasonable and adequate under the circumstances and are fairly calculated to apprise class members of their rights under the settlements.  For these reasons, the proposed notice program should be approved.

Dated:  October 6, 2016

Respectfully submitted,
**COTCHETT, PITRE & McCARTHY LLP**

By:    */s/ Steven N. Williams*
            Steven N. Williams

*Interim Lead Counsel for the Putative Indirect Purchaser Class*