UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CAPACITORS ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Master File No. 3:14-cv-03264-JD<br><br>AMENDED [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS NEC TOKIN, NITSUKO, AND OKAYA |

On October 6, 2016, Indirect Purchaser Plaintiffs ("**IPPs**") filed a Motion for Preliminary Approval of Class Action Settlement with Defendants (1) NEC TOKIN Corp./NEC TOKIN America Inc. (collectively "**NEC TOKIN**"), (2) Nitsuko Electronics Corporation ("**Nitsuko**"), and (3) Okaya Electric Industries Co, Ltd. ("**Okaya**"). The Court, having reviewed the motion, the settlement agreements, the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the settlement agreements, to the extent not contradictory or mutually exclusive.

2. The Court hereby preliminarily approves the settlement agreements.

3. The Court finds that the settlements fall within the range of possible final approval and that there is a sufficient basis for notifying the settlement classes and for setting a Fairness Hearing.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies the following settlement classes for purposes of this Motion only:

   a. **NEC TOKIN**

   All persons and entities in the United States who, during, the period from April 1, 2002 to July 15, 2016, purchased directly from a distributor one or more Capacitor(s) that a Defendant manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case.

   b. **NITSUKO**

   All persons and entities in the United States who, during, the period from January 1, 2003 to March 29, 2016, purchased one or more Capacitor(s) from a distributor that a Defendant manufactured.

Excluded from the Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased capacitors from Defendants.

c. **OKAYA**

All persons and entities in the United States who, during, the period from January 1, 2002 to April 14, 2016, purchased one or more Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased capacitors from Defendants.

5. The Court further finds that the prerequisites to certifying settlement classes under Rule 23 are satisfied for settlement purposes in that (a) there are at least thousands of geographically dispersed settlement class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the settlement classes which predominate over individual issues; (c) the claims or defenses of the class representatives are typical of the claims or defenses or the settlement classes; (d) the Indirect Purchaser Plaintiffs will fairly and adequately protect the interests of the settlement classes, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the settlement classes; and (e) resolution through class settlements is superior to individual settlements.

6. The Court hereby appoints the Plaintiffs named in the Indirect Purchaser Plaintiffs' Fourth Consolidated Complaint (March 18, 2016) (ECF No. 1168) ("FCC") as Representative Plaintiffs of the settlement classes.

7. The Court hereby appoints the law firm Cotchett, Pitre & McCarthy, LLP as Settlement Class Counsel.

8. IPPs' Class Counsel and their designees are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in the Settlement Agreement.

9. All further Indirect Purchaser class proceedings as to Defendants NEC TOKIN, Nitsuko, and Okaya are hereby stayed except for any actions required to effectuate the settlement.

10. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlement.

IT IS SO ORDERED.

Dated: _____

_____
The Honorable James Donato
UNITED STATES DISTRICT JUDGE