1 **[Counsel for Moving Defendants Listed on Signature Pages]**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE CAPACITORS ANTITRUST LITIGATION**<br><br>ALL INDIRECT PURCHASER ACTIONS | Case No. 3:14-cv-03264-JD<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF PHASE I BRIEFING OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING PLAINTIFFS' INDIRECT PURCHASER CLAIMS BASED ON FOREIGN SALES**<br><br>Date: January 19, 2017<br>Time: 10:00 a.m.<br>Judge: Honorable James Donato<br>Courtroom 11 – 19th Floor |

# INTRODUCTION

The Court has held that the Foreign Trade Antitrust Improvements Act ("FTAIA") sets the outer bounds of the reach of all state competition laws. *See* Order re Phase I of Summary Judgment on Foreign Transactions, ECF No. 1302 (the "Phase I Order"), at 12-13. State competition laws, therefore, can only apply to claims stemming from alleged anticompetitive conduct outside the United States relating to foreign commerce in very limited circumstances, referred to by this Court as the "eye of th[e] needle" through which the FTAIA allows such claims. Two of the states at issue in the Indirect Purchaser Plaintiffs' ("IPPs") case, however, are even more limited in their reach. As the Court recognized, states may circumscribe the reach of their competition laws even further, for example by covering only anticompetitive conduct that occurs within such states' borders. New York and Florida have enacted such a limitation.

The highest appellate court of New York, the Court of Appeals, has held that the Donnelly Act, the state's antitrust law, only gives rise to a claim where there is "a very close nexus" between Defendants' conduct and harm to competition in the state of New York. The Donnelly Act, accordingly, does not apply unless Defendants' allegedly unlawful conduct had a "particular New York orientation"—and conduct that may have affected commerce nationwide or worldwide is insufficient to meet this requirement. As to the state's consumer protection statute, New York's high court has similarly held that conduct by Defendants that deceived a consumer must have occurred "within New York" to be actionable under the statute. The same is true under the Florida consumer protection statute—the only Florida claim IPPs assert. Only deceptive or unfair conduct that occurred within the territorial borders of Florida is actionable under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

Applying the applicable state laws, whether viewed under the FTAIA or the even more narrow geographic limitations of New York and Florida law, Defendants will move to establish that the claims at issue in Defendants' summary judgment motion[1]—IPPs' claims based on capacitors

---

[1] *See* Defendants' Joint Motion for Partial Summary Judgment Dismissing Plaintiffs' Indirect Purchaser Claims Based On Foreign Sales or, in the Alternative, To Simplify the Issues Under Fed. R. Civ. P. 16, ECF No. 911 (the "Motion" or "Mot."), and Defendants' Reply Memorandum in

sold by Defendants overseas to third-party distributors, which the distributors then sold to IPPs within the United States—are ripe for dismissal from this case. Claims based on anticompetitive conduct allegedly directed at such overseas sales simply cannot satisfy either the FTAIA or the more stringent rules that apply to claims under New York and Florida law, even if there was a "pass through" effect on sales in the various states.

**I. Defendants' Summary Judgment Motion Against The IPPs' Claims Based On Foreign Sales Under The FTAIA Is Ripe For Decision Unless IPPs Come Forward With <u>Evidence To Satisfy An Exception To The FTAIA</u>**

"The IPPs are individuals and companies who purchased stand-alone capacitors from distributors, who in turn purchased those capacitors from defendants." Phase I Order at 3. Defendants' motion for summary judgment was directed at the subset of IPPs' claims that "involve standalone capacitors first sold outside the United States to a third-party distributor that is not an alleged conspirator." *Id.* at 12 (quoting Mot. at 5).

The Court has now held that the FTAIA sets the outer boundary of the reach of all of the state laws at issue in the IPP action. *See id.* at 13. As Defendants established in their summary judgment papers, the FTAIA bars IPPs' state law claims based on the challenged sales because (1) they are not import commerce as the capacitors were not imported into the United States by a Defendant or alleged co-conspirator (Mot. at 12-13; Reply at 12-13; *see also* Phase I Order at 5-7); (2) no domestic effect of Defendants' alleged conduct could have proximately caused antitrust injury to the third-party distributors abroad that purchased the capacitors from Defendants outside the United States, which the distributors then sold to IPPs in the United States (Mot. at 13-15; Reply at 9-12); and (3) IPPs cannot meet the "direct" effect requirement of the FTAIA because by the very nature of the transactions, any domestic effects of Defendants' conduct did not follow as an immediate consequence of the alleged overseas price-fixing conduct (Mot. at 15-16).

The Court has not yet ruled on any of Defendants' arguments as to how the FTAIA applies to the undisputed facts of the IPP case. *See* Phase I Order at 12-14. Defendants will show that it is now ripe to do so. Specifically, based on the undisputed facts concerning the transactions at issue, as

Support of the Motion, ECF No. 987 (the "Reply").

admitted by IPPs in their interrogatory responses cited in Defendants' moving papers, it is clear that such claims do not satisfy even the requirements of the FTAIA, let alone the more narrow confines of New York and Florida law. *See* Mot. at 12-16 (citing IPPs' responses to Defendants' interrogatories). Because of the undisputed nature of the IPP claims at issue—involving allegedly anticompetitive conduct directed at overseas sales to third-party distributors that then resold the capacitors in the United States—Defendants' position in the Motion was that there is no need for further factual development in connection with the IPPs' claims prior to the Court rendering summary judgment. *Cf.* Phase I Order at 10-11 (concerning further factual development necessary in DPP case). Nonetheless, the Court's discussion of the FTAIA in the context of DPPs' claims suggests that additional factual submissions may be required to resolve the issue of whether "the U.S. effects of the [Defendants'] conduct—i.e., increased prices in the United States—proximately caused the foreign" injuries to the third-party distributors that IPPs claim purchased capacitors overseas for resale in the United States. *See id.* at 10 (quoting *Empagran S.A. v. F. Hoffman-LaRoche Ltd.*, 417 F.3d 1267, 1271 (D.C. Cir. 2005)). As such, Defendants have requested that IPPs supplement their interrogatory responses to provide the facts that purportedly support their contention that such sales meet the requirements of the FTAIA—*i.e.*, to come forward with significant probative evidence that there is even a genuine issue of material fact that they can thread "the eye of that needle" and show that the sales at issue meet the "gives rise to" and "direct" tests of the FTAIA. *See id.* at 10-11. Defendants will file a Phase II summary judgment motion directed at that issue after IPPs have had the opportunity to identify any such facts.

Further, as discussed below, Defendants submit that, regardless of the FTAIA, both New York and Florida have "limited the scope of [their] competition laws to conduct occurring wholly . . . within [their] borders . . . ." *See* Phase I Order at 13. The result is that the Court should rule now that IPPs cannot state any claims under New York or Florida laws relating to capacitors that were first sold to third-party distributors overseas, before they were resold in those two states.

## II. Based On The Undisputed Facts, IPPs Have No Viable Claim Under The New York Antitrust Statute Or Consumer Protection Statute

### A. The New York Donnelly Act Does Not Apply To Defendants' Overseas Sales To Third-Party Distributors Because Defendants' Conduct Did Not Have A "Particular New York Orientation" With Respect To Such Sales

As this Court observed, the highest court in New York has held that the Donnelly Act, New York's antitrust statute, has a more limited reach than the Sherman Act. *See* Phase I Order at 13. Indeed, "[t]he established presumption is . . . against the extraterritorial operation of New York law . . . ." *Global Reinsurance Corp. – U.S. Branch v. Equitas Ltd.*, 18 N.Y.3d 722, 735 (2012) (citing 1 N.Y. Statutes § 149). Thus, to give rise to a Donnelly Act claim, there must be "a very close nexus between the conspiracy and injury to competition in th[e] state" of New York. *Id*. at 736.

Although there is little authority examining the outer bounds of this "very close nexus," the facts of *Global Reinsurance Corp.* itself and the New York Court of Appeals' analysis apply directly to the transactions at issue in Defendants' summary judgment motion against IPPs' claims based on capacitors first sold to third-party distributors outside the United States. Under the New York high court's analysis of the Donnelly Act, the IPP claims at issue are not sustainable as a matter of law.

In *Global Reinsurance Corp.*, the product at issue was an insurance product called "retrocessional coverage." *See id.* at 734. An alleged antitrust violation purportedly caused the plaintiff to suffer "economic injury when retrocessional claims management services were by agreement within th[e] London marketplace consolidated so as to eliminate competition over their delivery." *Id.* The "competing insurance syndicates" that participated in that marketplace were collectively "the single most significant seller" of that type of insurance product "worldwide." *Id.* at 726, 729 n.5.

As to the purchase that actually caused its injury, the plaintiff alleged that "its New York branch purchased retrocessional coverage" from the seller abroad. *Id.* at 734. Thus, the plaintiff was a ***direct purchaser*** that was "injur[ed] here," in New York, because the purchasing branch was "situated here" in New York. *Id.* Nonetheless, the New York Court of Appeals rejected the plaintiff's Donnelly Act claim because the "transaction" allegedly causing antitrust injury "ha[d] no particular New York orientation" and thus was "not redressable under New York State's antitrust

statute." *Id.*

The exact same conclusion applies to the claims at issue here. A conspiracy directed at foreign purchasers of capacitors, even if later resold in New York, would not have any "particular New York orientation," *see id.*, and no such New York orientation is even alleged. Indeed, the plaintiff in *Global Reinsurance Corp.* was a direct purchaser in New York that made its purchase from the defendants outside the United States—a fact pattern that this Court has stated would be considered import commerce and thus not excluded by the FTAIA. *See* Phase I Order at 5-7 (capacitors invoiced to entities in the United States or delivered to entities in the United States are import commerce). Despite these facts, the New York Court of Appeals held that the plaintiff did not have claims under the Donnelly Act due to the lack of any sufficient New York orientation.[2] Given this ruling by the highest state court in New York, it follows *a fortiori* that an indirect purchaser in New York of a capacitor first allegedly sold to a distributor overseas at an anticompetitive price would not have a Donnelly Act claim, because there would be no "particular New York orientation" to the allegedly anticompetitive conduct that impacted the overseas sales. *See Global Reinsurance Corp.*, 18 N.Y.3d at 734; *see also People ex rel. Cuomo v. Coventry First LLC*, 861 N.Y.S.2d 9, 10 (2008) ("The Donnelly Act claim was properly dismissed to the extent that ***the alleged conduct did not take place 'in this state'***") (quoting Donnelly Act, N.Y. Gen. Bus. Law § 340) (emphasis added); *In re Cast Iron Soil Pipe & Fittings Antitrust Litig.*, No. 1:14-md-2508, 2015 WL 5166014, at *26 (E.D. Tenn. June 24, 2015) (dismissing Donnelly Act claim for failure to allege any "connection between [New York] state and the wrongful conduct").

> **B. IPPs' Claims Under The New York Consumer Protection Statute Are Not Viable As A Matter Of Law Because Defendants' Conduct With Respect To The Challenged Sales Occurred Entirely Outside The United States**

Similar to the territorial limits on the application of the Donnelly Act, the New York high

---

[2] Although the New York Court of Appeals initially examined the claimed conspiracy under the framework of the FTAIA, it made clear that it did "not ultimately ground [its] determination that the Donnelly Act does not reach the presently claimed conspiracy upon the FTAIA," and "***[e]ven if*** the Sherman Act could reach the purported conspiracy," it would still not be actionable under the Donnelly Act. *Global Reinsurance Corp.*, 18 N.Y.3d at 736 (emphasis added).

court has also warned against the "unwarranted expansive reading" of the New York consumer protection statute "potentially leading to the nationwide, if not global application of General Business Law § 349 . . . ." *Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 325 (2002). Instead, to establish liability for a claim under the consumer protection statute, IPPs must prove that Defendants made an "actual misrepresentation or omission to a consumer," and, crucially, "to qualify as a prohibited act under the statute, the deception of a consumer ***must occur in New York***." *Id.* (emphasis added). Based upon the undisputed facts regarding the category of commerce at issue, it is impossible for IPPs to meet this burden as there is not even any factual allegations of a deception by any of the Defendants in New York with respect to such sales.

Putting aside that IPPs have failed to allege or adduce evidence of any unlawful conduct by Defendants within New York, let alone deceptive conduct directed ***at consumers*** in the state as New York law requires,[3] with respect to the specific transactions challenged in the Defendants' summary judgment motion, Defendants ***could not*** have made any misrepresentation or omission ***in New York*** to any consumer, because the only sales at issue in the Motion were made by Defendants to third-party distributors ***outside the United States***, which then resold those products to customers in states like New York. Thus, there can be no genuine issue of material fact as to whether any defendant engaged in any "deception of a consumer [which] ***must occur in New York***" as to sales that were first made by Defendants to distributors outside New York. *See Goshen*, 98 N.Y.2d at 325 (emphasis added). Indeed, by definition, Defendants' only conduct with respect to such sales occurred outside New York. For this reason, the Court should enter summary judgment against IPPs' claims under New York's consumer protection statute arising from the sales at issue in the Motion. *See id.*; *People ex rel. Spitzer v. Direct Revenue, LLC*, 862 N.Y.S.2d 816, 2008 WL

---

[3] Even if there were evidence of deceptive conduct directed at the distributor direct purchasers of capacitors from which IPPs allege they made their purchases, such conduct would not be sufficient to maintain a claim under the New York consumer protection statute. *See In re Auto. Refinishing Paint Antitrust Litig.*, 515 F. Supp. 2d 544, 552-53 (E.D. Pa. 2007) ("New York courts . . . have consistently held that when the conduct at issue is between two companies and does not involve the ultimate consumer, it cannot be the basis of a claim under §349 . . . even when the result of the deception impacts on a consumer[.]").

1849855, at *7 (N.Y. Sup. Ct. March 12, 2008) (holding that § 349 claim was "jurisdictionally defective" where "Petitioner nowhere alleges that respondent completed, in whole or in part, any wrongful act . . . within the state" and that allegations of deception that "affected consumers nationwide" were not enough).

### III. IPPs' Claims Under The Florida Consumer Protection Statute Are Not Viable As A Matter Of Law Because Defendants' Conduct With Respect To The Challenged Sales Occurred Entirely Outside The United States

Florida also has a strong presumption against the extraterritorial application of its laws. "Florida law cannot be applied extraterritorially unless the statute contains an 'express intention that its provisions are to be given extraterritorial effect.'" *Howard v. Kerzner Int'l Ltd.*, No. 12-22184-CIV, 2014 WL 714787, at *5 (S.D. Fla. Feb. 24, 2014) (quoting *Burns v. Rozen*, 201 So.2d 629, 630 (Fla. Dist. Ct. App. 1967); citing *Se. Fisheries Ass'n, Inc. v. Dep't of Nat. Res.*, 453 So.2d 1351, 1355 (Fla. 1984)).

This limiting principle against extraterritorial claims applies with full force to IPPs' claims under FDUTPA, Fla. Stat. §§ 501.201, *et seq.*[4]—"FDUTPA applies only to actions that occurred ***within the state of Florida***." *Five for Entm't S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1330-31 (S.D. Fla. 2012) (citing *Millenium Commc'ns & Fulfillment, Inc., v. Office of the Att'y Gen.*, 761 So.2d 1256, 1262 (Fla. Dist. Ct. App. 2000)) (emphasis added).

A FDUTPA claim has three elements: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006). It is the first element—the location of defendants' alleged ***conduct***—that determines whether a FDUTPA claim is within the territorial reach of the statute. *See Five for Entm't*, 877 F. Supp. 2d at 1331 (dismissing FDUTPA claim where the plaintiff did not "specify the location of the conduct to make certain it occurred within the territorial boundaries of Florida"); *Friedman v. Dollar Thrifty Auto. Grp., Inc.*, No. 12-cv-02432-WYD-KMT, 2013 WL 5448078, at *6 (D. Colo. Sept. 27, 2013) (FDUTPA does not apply "where no wrongful conduct was alleged to have occurred in Florida"); *cf. Millennium Commc'ns*, 761 So.2d at 1262 (FDUTPA claim not barred where "the offending conduct

---
[4] IPPs' only Florida claims are under FDUTPA.

occurred entirely within this state" even though the persons "affected by the conduct" were outside of Florida).

As discussed *supra* in connection with IPPs' claim under the New York consumer protection statute, with respect to the specific transactions challenged in Defendants' summary judgment motion, Defendants ***could not*** have engaged in any deceptive or unfair conduct ***in Florida*** that caused IPPs to have suffered damages because the only sales at issue in the Motion were made by Defendants to third-party distributors ***outside the United States***. Thus, there can be no genuine issue of material fact as to whether any defendant engaged in any deceptive or unfair conduct "within the territorial boundaries of Florida" with respect to such sales. *See Five for Entm't*, 877 F. Supp. 2d at 1331. Indeed, IPPs plead no allegations about deceptive or unlawful conduct by any Defendants in Florida. For this reason, the Court should grant Defendants summary judgment against IPPs' claims under FDUTPA arising from the sales at issue in the Motion. *See id.*; *Nieman v. Dryclean U.S.A. Franchise Co.*, 178 F.3d 1126, 1128-29 nn. 3 & 4 (11th Cir. 1999) (holding that FDUTPA does not apply extraterritorially and rejecting claim based on conduct of defendant outside the United States).

## CONCLUSION

For all the foregoing reasons, the Court should enter summary judgment against IPPs' claims under New York and Florida law to extent that such claims are based on capacitors first sold by Defendants to third-party distributors outside the United States.

Notably, although Defendants' Motion was directed only at IPPs' claims based on sales outside the United States, the territorial restrictions of New York's Donnelly Act and consumer protection statute, and of Florida's consumer protection statute, would similarly apply to bar IPPs' claims based on sales by Defendants to third-party distributors anywhere outside of New York or Florida, respectively, even if those initial sales were made elsewhere within the United States. As this issue was not raised in the Motion, Defendants reserve the right to move for summary judgment against such sales on this ground at a later time.

DEFS' SUPPLEMENTAL BRIEF IN SUPPORT OF PHASE I MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: INDIRECT FOREIGN SALES
Case No. 3:14-cv-03264-JD
-8-

| | | |
|---|---|---|
| 1 | DATED: November 4, 2016 | Respectfully submitted, |
| 2 | | WINSTON & STRAWN LLP |
| 3 | | By: __/s/ Jeffrey L. Kessler__<br>Jeffrey L. Kessler (*pro hac vice*) |
| 4 | | A. Paul Victor (*pro hac vice*)<br>Molly M. Donovan (*pro hac vice*) |
| 5 | | Mollie C. Richardson (*pro hac vice*)<br>200 Park Avenue |
| 6 | | New York, New York 10166<br>Telephone: (212) 294-4698 |
| 7 | | Facsimile: (212) 294-4700<br>jkessler@winston.com |
| 8 | | pvictor@winston.com<br>mmdonovan@winston.com |
| 9 | | mrichardson@winston.com |
| 10 | | Ian L. Papendick (SBN 275648) |
| 11 | | 101 California Street<br>San Francisco, CA 94111 |
| 12 | | Tel: (415) 591-6905<br>Fax: (415) 591-1400 |
| 13 | | ipapendick@winston.com |
| 14 | | *Counsel for Defendants*<br>*Panasonic Corporation* |
| 15 | | *Panasonic Corporation of North America*<br>*SANYO Electric Co., Ltd.* |
| 16 | | *SANYO North America Corporation* |
| 17 | | WILMER CUTLER PICKERING HALE AND DORR |
| 18 | | LLP |
| 19 | | */s/ Heather S. Tewksbury*<br>Heather S. Tewksbury (CA SBN 222202) |
| 20 | | heather.tewksbury@wilmerhale.com<br>Erik Shallman (CA SBN 301854) |
| 21 | | erik.shallman@wilmerhale.com<br>WILMER CUTLER PICKERING |
| 22 | | HALE AND DORR LLP |
| 23 | | 950 Page Mill Road<br>Palo Alto, California 94304 |
| 24 | | Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |
| 25 | | |
| 26 | | Thomas Mueller (admitted *Pro Hac Vice*)<br>thomas.mueller@wilmerhale.com |
| 27 | | Chris Megaw (admitted *Pro Hac Vice*)<br>chris.megaw@wilmerhale.com |
| 28 | | WILMER CUTLER PICKERING |

HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Margaret O'Grady (admitted *Pro Hac Vice*)
margaret.o'grady@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6018
Facsimile: (617) 526-5000

*Counsels for Defendants ELNA Co., Ltd. and ELNA America, Inc.*


WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Chul Pak*_____

Chul Pak (*admitted pro hac vice*)
Jeffrey C. Bank (*admitted pro hac vice*)
Justin Cohen (*admitted pro hac vice*)
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone:  (212) 497-7758
Facsimile:  (212) 999-5899
jjacobson@wsgr.com
cpak@wsgr.com
jbank@wsgr.com
jcohen@wsgr.com


*Attorneys for Defendants Hitachi Chemical Co., Ltd., Hitachi Chemical Company America, Ltd., and Hitachi AIC Incorporated*


DENTONS US LLP

*/s/ Bonnie Lau*_____
Bonnie Lau
525 Market Street, 26th Floor
San Francisco, CA 94105
415-882-5000
Fax: 415-882-0300
Email: bonnie.lau@dentons.com

| | |
|---|---|
| 1 | Felix T. Woo |
| | 601 S. Figueroa Street, Suite 2500 |
| 2 | Los Angeles, California 90017 |
| | 213-623-9300 |
| 3 | Fax: 213-623-9924 |
| | Email: felix.woo@dentons.com |
| 4 | |
| | *Attorneys for Defendant Matsuo Electric Co., Ltd.* |
| 5 | |
| 6 | GIBSON, DUNN & CRUTCHER LLP |
| 7 | */s/ George A. Nicoud III*_____ |
| | GEORGE A. NICOUD III, SBN 106111 |
| 8 | |
| | AUSTIN V. SCHWING, SBN 211696 |
| 9 | ELI M. LAZARUS, SBN 284082 |
| | tnicoud@gibsondunn.com |
| 10 | aschwing@gibsondunn.com |
| | elazarus@gibsondunn.com |
| 11 | GIBSON, DUNN & CRUTCHER LLP |
| | 555 Mission Street |
| 12 | San Francisco, CA 94105-0921 |
| | Telephone:    415.393.8200 |
| 13 | Facsimile:    415.393.8306 |
| 14 | MATTHEW PARROTT, SBN 302731 |
| | mparrott@gibsondunn.com |
| 15 | GIBSON, DUNN & CRUTCHER LLP |
| | 3161 Michelson Drive |
| 16 | Irvine, CA  92612-4412 |
| | Telephone:    949.451.3800 |
| 17 | Facsimile:    949.451.4220 |
| 18 | *Attorneys for Defendants NEC TOKIN Corporation and NEC TOKIN America, Inc.* |
| 19 | |
| 20 | K&L GATES LLP |
| 21 | */s/ Michael E. Martinez*_____ |
| | Scott M. Mendel (*pro hac vice*) |
| 22 | Steven M. Kowal (*pro hac vice*) |
| | Michael E. Martinez *(pro hac vice)* |
| 23 | Lauren N. Norris *(pro hac vice)* |
| | K&L GATES LLP |
| 24 | 70 West Madison Street, Suite 3100 |
| 25 | Chicago, IL  60602 |
| | Telephone: (312) 372-1121 |
| 26 | Facsimile: (312) 827-8000 |
| 27 | *Counsel for Defendants* |
| | *Nichicon Corporation* |
| 28 | |

DEFS' SUPPLEMENTAL BRIEF IN SUPPORT OF PHASE I MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: INDIRECT FOREIGN SALES
Case No.  3:14-cv-03264-JD
-11-

*Nichicon (America) Corporation*

HUNTON AND WILLIAMS LLP

*/s/ Djordje Petkoski*
Djordje Petkoski (admitted pro hac vice)
David A. Higbee (admitted pro hac vice)
Wendell L. Taylor (admitted pro hac vice)
Robert A. Caplen (admitted pro hac vice)
2200 Pennsylvania Avenue, N.W.
Washington, D.C.  20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
dpetkoski@hunton.com
dhigbee@hunton.com
wtaylor@hunton.com
rcaplen@hunton.com

M. Brett Burns (SBN 256965)
575 Market Street, Suite 3700
San Francisco, California 94105
Telephone: (415) 975-3700
Facsimile: (415) 975-3701
mbrettburns@hunton.com

*Attorneys for Defendants Rubycon Corporation and Rubycon America Inc.*


PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP

*/s/ Charles F. Rule*
Charles F. Rule
Joseph J. Bial
Daniel J. Howley
Eric R. Sega
2001 K Street, NW
Washington, DC 20006-1047
rrule@paulweiss.com
jbial@paulweiss.com
dhowley@paulweiss.com
esega@paulweiss.com

*Attorneys for Defendants United Chemi-Con, Inc. and Nippon Chemi-Con Corporation*


BONA LAW PC

*/s/ Jarod M. Bona*_____
Jarod M. Bona

Aaron R. Gott (Admitted *Pro Hac Vice*)
BONA LAW PC
4275 Executive Square, #200
La Jolla, CA 92037
Telephone: (858) 964-4589
Facsimile: (858) 964-2301
Email: jarod.bona@bonalawpc.com
Email: aaron.gott@bonalawpc.com

*Attorneys for Taitsu Corporation and Taitsu America, Inc.*


BAKER & MCKENZIE LLP

*/s/ Darrell Prescott*
Darrell Prescott (admitted *pro hac vice*)
Catherine Y. (Koh) Stillman (admitted *pro hac vice*)
452 Fifth Avenue
New York, NY 10018
(212) 626-4476
Fax: (212) 310-1637
Email: Darrell.Prescott@bakermckenzie.com
Email: Catherine.Stillman@bakermckenzie.com

Meghan E. Hausler (*admitted pro hac vice*)
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75206
Telephone: (214) 965-7219
Facsimile: (214) 965-5937
Email:  Meghan.Hausler@bakermckenzie.com

Colin H. Murray (SBN 159142)
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
(415) 591-3244
Fax: (415) 576-3099
Email: Colin.Murray@bakermckenzie.com

*Attorneys for Defendants Okaya Electric Industries Co., Ltd.*


BAKER & HOSTETLER LLP

By:  */s/ John R. Fornaciari*
John R. Fornaciari (admitted *pro hac vice*)
**BAKER & HOSTETLER LLP**
1050 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 20036

| | |
|---|---|
| 1 | Tel: (202) 861-1612 |
| 2 | Fax: (202) 861-1783 |
| | jfornaciari@bakerlaw.com |
| 3 | |
| | C. Dennis Loomis, Bar No. 82359 |
| 4 | **BAKER & HOSTETLER LLP** |
| | 11601 Wilshire Boulevard, Suite 1400 |
| 5 | Los Angeles, CA 90025-0509 |
| | Tel: (310) 820-8800 |
| 6 | Fax: (310) 820-8859 |
| 7 | cdloomis@bakerlaw.com |
| 8 | *Attorneys for Defendants* |
| | Soshin Electric Co., Ltd and |
| 9 | Soshin Electronics of America Inc. |
| 10 | |
| 11 | DENTONS US LLP |
| 12 | */s/ Gaspare J. Bono* |
| | Gaspare J. Bono (admitted *pro hac vice*) |
| 13 | Stephen M. Chippendale (admitted pro *hac vice*) |
| | Claire M. Maddox (admitted *pro hac vice*) |
| 14 | Eric Y. Wu (admitted *pro hac vice*) |
| 15 | Dentons US LLP |
| | 1900 K St., NW |
| 16 | Washington, DC 20006 |
| | Tele.: (202) 496-7500 |
| 17 | Fax: (202) 496-7756 |
| 18 | gap.bono@dentons.com |
| | steve.chippendale@dentons.com |
| 19 | claire.maddox@dentons.com |
| | eric.wu@dentons.com |
| 20 | |
| 21 | Andrew S. Azarmi (SBN 241407) |
| | Dentons US LLP |
| 22 | Spear Tower, One Market Plaza, 24th Fl. |
| | San Francisco, CA 94105 |
| 23 | Tele.: (415) 267-4000 |
| | Fax: (415) 356-3873 |
| 24 | andrew.azarmi@dentons.com |
| 25 | *Attorneys for Defendants* |
| 26 | *Shinyei Kaisha,* |
| | *Shinyei Technology Co., Ltd.,* |
| 27 | *Shinyei Capacitor Co., Ltd., and* |
| 28 | *Shinyei Corporation of America, Inc.* |

Pursuant to Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.