Joseph W. Cotchett (36324)
Steven N. Williams (175489)
Adam J. Zapala (245748)
Joyce M. Chang (300780)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:  (650) 697-6000
Facsimile:   (650) 697-0577
jcotchett@cpmlegal.com
swilliams@cpmlegal.com
azapala@cpmlegal.com
jchang@cpmlegal.com

*Interim Lead Counsel for the*
*Putative Indirect Purchaser Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CAPACITORS ANTITRUST LITIGATION** | **Master File No. 14-cv-03264-JD**<br><br>MDL No. 2574<br><br>**INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]**<br><br>Hearing date:  November 10, 2016<br>Hearing time:  10:00 a.m.<br>Location:       Courtroom 11, 19th Floor |
| **THIS DOCUMENT RELATES TO:**<br><br>**INDIRECT PURCHASER ACTIONS** | |

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................1

STATEMENT OF FACTS ....................................................................................................3

ARGUMENT ........................................................................................................................3

I.    IPPS Have Revised Their Proposed Class Notice to Indicate the Total Amount of Costs and Attorneys' Fees That May Be Sought From These Settlements ................................................................................................................3

II.    Actual Notice Is Not Required By Rule 23(b)(3) Or Due Process. .........................4

III.    Releases Should not Be Limited to Those Who Cash Checks...............................8

    A.    Rule 23(b)(3) Classes Are Not Opt In Classes. ..........................................8

    B.    Requiring an Opt-In System Would Create a Profound Risk of "One-Way Intervention" and Frustrate the Purposes of Rule 23.................9

    C.    Limiting Releases to Those Who Cash Checks Would Frustrate the Public Policy in Favor of Settlements, and Would Deny the Finality for Which the Settling Parties Bargained. ...................................10

IV.    IPPs' Proposed Notice Plan is Robust and Comparable to Notice Plans Approved in Other 23(b)(3) Antitrust Class Actions and Satisfies Due Process. ................................................................................................................11

CONCLUSION....................................................................................................................13

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD

i

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ackal v. Centennial Beauregard Cellular L.L.C.*,
   700 F.3d 212 (5th Cir. 2012) ................................................................................................ 9

*Am. Pipe & Const. Co. v. Utah*,
   414 U.S. 538 (1974)............................................................................................................... 9

*Amchem Prod., Inc. v. Windsor*,
   521 U.S. 591 (1997)............................................................................................................... 4

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992) ............................................................................................ 10

*In re Charles Schwab Corp. Sec. Litig.*,
   2010 WL 4509718 (N.D. Cal. Nov. 1, 2010) ..................................................................... 11

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*,
   55 F.3d 768 (3d Cir. 1995) ................................................................................................. 10

*In re Mercury Interactive Corp. Securities Lit.*,
   618 F.3d 988 (9th Cir. 2010) ................................................................................................ 4

*Kern v. Siemens Corp.*,
   393 F.3d 120 (2d Cir. 2004) ................................................................................................. 9

*Klier v. Elf Atochem N. Am., Inc.*,
   658 F.3d 468 (5th Cir. 2011) ................................................................................................ 7

*Lilly v. Jamba Juice Co.*,
   308 F.R.D. 231 (N.D. Cal. 2014).......................................................................................... 7

*Lounibos v. Keypoint Gov't Solutions, Inc.*,
   2013 WL 3752965 (N.D. Cal. July 12, 2013)....................................................................... 6

*Myles v. AlliedBarton Sec. Servs., LLC*,
   2014 WL 6065602 (N.D. Cal. Nov. 12, 2014) ................................................................. 4, 6

*Ortiz v. Fibreboard Corp.*,
   527 U.S. 815 (1999)............................................................................................................... 6

*Pey v. Wachovia Mortg. Corp.*,
   2011 WL 5573894 (N.D. Cal. Nov. 15, 2011) ................................................................... 10

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985)...................................................................................................... 5, 6, 8

*Rannis v. Recchia*,
   380 Fed. App'x. 646 (9th Cir. 2010) ................................................................................. 2, 5

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD                                                                    ii

*Schwarzschild v. Tse*,
  69 F.3d 293 (9th Cir. 1995) ............................................................................................ 10

*Silber v. Mabon*,
  18 F.3d 1449 (9th Cir. 1994) ................................................................................... 2, 5, 8

*Stokes v. Interline Brands, Inc.*,
  2014 WL 5826335 (N.D. Cal. Nov. 10, 2014) ................................................................. 4, 6

*Tijero v. Aaron Brothers*,
  2013 WL 60464 (N.D. Cal. Jan. 2, 2013) ........................................................................ 6

*Villa v. San Francisco Forty-Niners, Ltd.*,
  104 F. Supp. 3d 1017 (N.D. Cal. 2015) ........................................................................ 10

**Other Authorities**

Benjamin Kaplan, Continuing Work of the Civil Committee: 1966 Amendments of the Federal
  Rules of Civil Procedure (I), 81 Harv. L. Rev. 356, 394–96 (1967) ........................................ 8

Northern District's Procedural Guidelines for Class Action Settlements, ¶ 9 ................................ 4

**Rules**

Federal Rules of Civil Procedure

  Rule 23 ................................................................................................................. passim

  Rule 23(b)(3) .......................................................................................................... passim

  Rule 23(c)(2)(B) ............................................................................................... 1, 4, 8, 13

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD                                                                              iii

**INTRODUCTION**

Indirect Purchaser Plaintiffs ("**Plaintiffs**"), on behalf of themselves and all others similarly situated ("**Classes**" as defined below), respectfully submit this memorandum to respond to the concerns expressed by the Court with Indirect Purchaser Plaintiffs' ("**IPPs**") Motion for Preliminary Approval of Settlements with Defendants NEC TOKIN, Nitsuko, and Okaya (Dkt. No. 1305).

At the October 14, 2016 preliminary approval hearing and in a subsequent minute order entered on October 17, 2016 (Dkt. No. 1348), the Court questioned (1) whether the classes should be told now how much in attorney's fees and costs will be sought from the settlement funds, and (2) whether the releases in the parties' settlement agreements should be limited to those class members who receive actual notice of the class settlements *and* who cash the checks sent to them when the proceeds of the settlements are distributed.

As to the first issue, IPPs have revised their proposed notice to reflect the amount of attorneys' fees and costs that may be sought from these settlements.  As to the second issue, IPPs respectfully submit that they have prepared a class notice program that provides notice in accordance with all applicable standards governing a Rule 23(b)(3) settlement class, and further submit that approval of these settlements should not be limited only to those who receive actual notice and who cash settlement checks because that would turn this into an opt-in class rather than the Rule 23(b)(3) class that the parties have agreed to and which the law permits.  Further, limiting releases to only those who receive actual notice would render infeasible many types of class actions where the class has not dealt directly with defendants, and thus direct mailing information is missing or incomplete.   As in this indirect purchaser antitrust class action and many consumer class actions, many people and businesses may have been harmed by the conduct challenged by plaintiffs.  In such cases, it is the norm that direct contact information for class members is at best incomplete.  In many cases, notice programs which provide alternate means of notice such as publication, television and radio advertising, and earned media have been accepted as constituting the best notice practicable under Rule 23 and as satisfying due

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD                                                                              1

process. If such forms of indirect notice programs were deemed insufficient, a procedural bar could be imposed which would frustrate the intent of the many legislatures that have provided for indirect purchaser and consumer class actions.

Providing notice through the various means set forth in IPPs' proposed notice program constitutes "the best notice practicable under the circumstances" (Fed. R. Civ. P. 23(c)(2)(B)) because the defendants do not have mailing information for customers who did not buy directly from them. If notice is done in this manner – consistent with Rule 23 and due process - class members must timely exclude themselves from the class if they do not wish to be bound. Fed. R. Civ. P. 23(c)(2)(B)(v). *See Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994); *see also Rannis v. Recchia*, 380 Fed. App'x. 646, 650 (9th Cir. 2010).

Just as actual notice is not required in order to bind members of a 23(b)(3) class, there is no requirement that members of a 23(b)(3) settlement class must actually cash their checks before being bound. IPPs have found no authority to support the proposition that members of a 23(b)(3) class who do not exclude themselves could have a second bite of the apple simply by declining to cash the check representing the proceeds of a judgment or settlement. IPPs believe that this proposition not only contradicts Rule 23 and governing case law, but would create disincentives to settlement in many cases.

IPPs believe that their proposed notice program is "the best notice practicable under the circumstances", satisfies due process, and should be approved. IPPs maintain that limiting releases by class members to those who receive actual notice and cash a check would impermissibly convert Rule 23's "opt out" process for 23(b)(3) class actions into an "opt-in" process. IPPs believe that Rule 23 was crafted to permit the type of settlement proposed here, and to prevent the "one-way intervention" problem that would be created if releases were limited to those who cash checks. Public policy supports settlements, particularly of complex antitrust class actions. The proposed settlements satisfy all applicable standards for preliminary approval, and IPPs respectfully suggest that preliminary approval should be granted so that class members

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD                                                                 2

may be heard as to the merits of the settlements and so that the IPPs and the settling defendants may seek the finality that they bargained for.

## STATEMENT OF FACTS

On October 6, 2016, IPPs filed their motion for preliminary approval with the NEC TOKIN, Nitsuko, and Okaya Defendants. Dkt. No. 1305. On October 14, 2016, the Court held a hearing on both motions. Dkt. No. 1348.  On October 17, 2016, the Court entered a minute order, which states in part, "[t]he release as currently worded seems too broad.  The Court would prefer a release that makes clear that those class members who have not received notice of the settlement will not be deemed to have released any claims."  Oct. 14, 2016, Civil Minutes (Dkt. No. 1348).  The Court set a second hearing on the motions for November 10, 2016.

## ARGUMENT

**I.      IPPS Have Revised Their Proposed Class Notice to Indicate the Total Amount of Costs and Attorneys' Fees That May Be Sought From These Settlements**

IPPs understand that the Court prefers class members be advised now of all costs and fees which may be sought from the proposed settlements.  IPPs have revised their class notice to provide this information by indicating (1) the costs of notice and claims administration, (2) previously expended litigation costs for which IPPs seek recovery against the settlement fund, and (3) the maximum amount of attorneys' fees which IPPs may seek from these settlements.

The proposed settlements are in the amount of $14,950,000.00.  IPPs may seek attorneys' fees of no more than 25% of this fund, which would be $3,737,500.00 leaving the sum of $11,212,500.  Total notice costs in the proposed notice program shall not exceed $429,120.00, reducing the settlement fund to $10,783,380.00.  IPPs also seek the reimbursement of a portion of their litigation expenses to date in a sum not to exceed $1,495,000.00.  This would reduce the settlement fund to $9,288,380.00.  Claims administration is anticipated to cost no more than $205,214.00, further reducing the settlement fund to $9,083,166.00.  IPPs would like to discuss with the Court whether claims administration should be deferred until there are further recoveries, as this sum would remain the same in the event that there are additional recoveries and thus could be spread across those recoveries so as not to unduly diminish the pending

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD                                                                                         3

settlement funds.   Attached as Exhibits 1-4 to the Supplemental Declaration of Steven N. Williams in Support of Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of Class Action Settlement With Defendants NEC Tokin, Nitsuko, and Okaya ("Supp. Williams Decl.") are proposed short form and long form notices to the classes.   Exhibits 1 and 3 are proposed to be used in the event that claims administration is deferred until there are further recoveries.   Exhibits 2 and 4 are proposed to be used in the event that claims administration goes forward upon final approval and resolution of any appeals.

It should be noted that if there are no further recoveries by way of settlement or judgment, an additional round of notice may be required which would likely cost an amount close to the present proposal of $429,120.00.   While IPPs do not believe this to be a likely event, the notice shall advise class members of this possibility, and of all the potential deductions to the settlement fund.

To the extent that IPPs seek reimbursement of expenses and an award of attorneys' fees from the settlement fund, such motion shall be filed no later than fourteen days prior to the last date to file objections or requests for exclusion.   Northern District's Procedural Guidelines for Class Action Settlements, ¶ 9, *In re Mercury Interactive Corp. Securities Lit.,* 618 F.3d 988 (9th Cir. 2010).

## II.   <u>Actual Notice Is Not Required By Rule 23(b)(3) Or Due Process.</u>

Rule 23 requires that notice should be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."   Fed. R. Civ. P. 23(c)(2)(B). By its own language, the Rule contemplates that individual notice is not the only way of providing the "best notice that is practicable under the circumstances."   The rule balances litigants' due process rights while at the same time encouraging the pursuit of claims that, in the absence of Rule 23(b)(3) class actions, would likely not be pursued given the small size of individual recoveries.   *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 617 (1997).

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-cv-03264-JD                                                                                     4

IPPs are mindful of cases in which this Court denied motions for preliminary approval relating to Fair Labor Standard Act ("FLSA") claims because the proposed releases in those cases would have extinguished claims for individuals who did not receive actual notice of the settlement, *Stokes v. Interline Brands, Inc.*, No. 12-CV-05527-JD, 2014 WL 5826335, at *4 (N.D. Cal. Nov. 10, 2014) and *Myles v. AlliedBarton Sec. Servs., LLC*, No. 12-CV-05761-JD, 2014 WL 6065602, at *3 (N.D. Cal. Nov. 12, 2014). IPPs believe those cases are distinguishable from this one because the proposed settlements in those cases would have released FLSA claims, and FLSA claims "require an affirmative opt-in by written consent on the part of claimants, whereas Rule 23 . . . operates on an opt-out basis." *Stokes*, 2014 WL 5826335, at *4; *see also Myles*, 2014 WL 6065602, at *3. As an additional problem the settlement in *Stokes* provided for the reversion of unclaimed settlement funds which compounded the problem caused by class members not receiving notice, not submitting claim forms, or not cashing checks. In this case, there will be no reversion to settling defendants. Instead, the proposal is that the net settlement fund after deduction of costs and attorneys' fees will be distributed to approved claimants on a *pro rata* basis.

*Silber v. Mabon*, 18 F.3d 1449 (9th Cir. 1994), is instructive as to the proper procedure in this case. *Silber* was a 23(b)(3) securities class action in which a class member did not receive notice until after the deadline for opting out had passed. 18 F.3d at 1450. When the class member learned about the class action -- before the settlement was approved and before final judgment was entered -- the class member filed a motion seeking permission to opt-out after the deadline. *Id.* at 1454–55. The motion was denied, the settlement approved, and final judgment was entered. *Id.* The class member appealed on the ground that the notice program violated due process and that the district court should have permitted the late opt-out. *Id.* at 1451. After the district court affirmed on remand that the notice was the "best practicable" under the circumstances, the Ninth Circuit held that actual notice was not required. *Silber*, 18 F.3d at 1451. In a *de novo* review, the Ninth Circuit held that "We do not believe that [*Phillips Petroleum Co. v. Shutts,* 472 U.S. 797 (1985)] changes the traditional standard for class notice

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD                                                                                            5

from 'best practicable' to 'actually received' notice. No Rule 23(b)(3) case has so construed *Shutts*." *Id.* at 1454.

In *Rannis v. Recchia*, 380 Fed. App'x. 646, 650 (9th Cir. 2010), the defendant appealed denial of a motion to decertify a 23(b)(3) class composed of 20 class members. Thirteen class members received notice without opting out. As to the seven other class members, notices were sent to their last known addresses by first-class mail, were returned as undeliverable, and were not re-mailed. The Ninth Circuit concluded that the seven members were properly included in the class even though they had not received individual notice.

This Court's decisions in *Stokes* and *Myles* cited to *Tijero v. Aaron Brothers*, No. 10-cv-01089, 2013 WL 60464, at *9-10 (N.D. Cal. Jan. 2, 2013), and *Lounibos v. Keypoint Gov't Solutions, Inc.*, No. 12-cv-00636-JST, 2013 WL 3752965 (N.D. Cal. July 12, 2013). IPPs believe that those decisions are not analogous to the facts before the Court, as they both concerned settlements with many patent problems that do not exist here, such as the proposed release of FLSA claims which were exacerbated by concerns about the proposed notice program. Furthermore, while those decisions cited *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 848 (1999) for the proposition that absent class members must receive notice and an opportunity to opt out before being bound *Ortiz* did not so hold as to 23(b)(3) classes. *Ortiz* concerned a 23(b)(1) class, not a 23(b)(3) class. 527 U.S. at 830-31. And, even as to a 23(b)(1) class, *Shutts* – which is a basis for *Ortiz* -- did not hold that actual notice is required. *Shutts* explicitly rejected the notion that class actions should be "opt-in" because "[r]equiring a plaintiff to affirmatively request inclusion would probably impede the prosecution of those class actions involving an aggregation of small individual claims, where a large number of claims are required to make it economical to bring suit." 472 U.S. at 813–14. *Shutts* did not hold that actual notice is required in all circumstances, and *Ortiz* should not be relied on for that proposition.

*Stokes* and *Myles* also relied on *Kakani v. Oracle Corp.*, No. C 06-06493 WHA, WL 1793774 (N.D. Cal. June 19, 2007). *Kakani,* though, did not hold that actual notice is required for 23(b)(3) class actions but rather held that notice by mail alone should be supplemented by

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD                                                                6

other means such as "work place notice, either by hard copy or e-mail." 2007 WL 1793774 at *10. Supplementation of direct mail notice is exactly what is proposed here by IPPs, who are using various forms of notice – publication, earned media, and internet notice among them. While *Kakani* criticized the reliance on first-class mail to the last known address of former employees, 2007 WL 1793774 at *10, the court did not impose a requirement of actual notice but instead said that first class mail to the last known address "has not *yet* been shown to be good enough" and that other forms of notice like those IPPs propose in this case should be considered. *Id*. *Kakani a*cknowledged that "[s]ome caselaw allows mailed notice to be deemed adequate even when it is not delivered correctly but there must be a showing that the proposed address list is reasonably accurate. Otherwise, notice by publication may be necessary." *Id.* at *10, n.5. It is worth noting that were notice by publication is used – as it commonly is – there is no means of ascertaining what class members actually see the notice. Nonetheless, publication notice is frequently deemed the best notice practicable, whether on its own or as part of a notice program.

It is common in cases such as this – particularly where direct mail addresses for class members may not be readily available – to provide notice through various means including publication, paid advertising, and internet notice. *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015), *cert. denied*, 136 S. Ct. 1161 (2016); *see also Lilly v. Jamba Juice Co.*, 308 F.R.D. 231, 239 (N.D. Cal. 2014). This is particularly so when the cost of providing notice is balanced against the total settlement fund so as to not unnecessarily deplete the class members' recovery through notice costs. *See generally Klier v. Elf Atochem N. Am., Inc.*, 658 F.3d 468, 475 n.15 (5th Cir. 2011) (observing that "substantial administrative costs" may exceed "the amount available for distribution"). The proposed notice program here is substantially similar to those used in many other indirect purchaser cases in this District. In fact, it provides ***more*** direct mail notice than was provided in most of those cases.

The releases in the proposed settlements in this case are comparable to those in settlements approved by judges in this district in similar nationwide antitrust class actions,[1] and

---

[1] *See, e.g.*, IPP Sony Settlement Agreement, *In re Lithium Ion Batteries Antitrust Litig.*, 4:13-md-02420-YGR (N.D. Cal.) [Dkt. No. 1090-1]; IPP Settlement Agreements, *In re Optical*

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD                                                                    7

IPPs respectfully suggest that the Court should not require the parties to renegotiate their settlement agreements to make the releases conditional on class members receiving *actual* notice. Further, the notice program proposed by IPPs satisfies all requirements of Rule 23 and of due process by providing "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

## III.    Releases Should Not Be Limited to Those Who Cash Checks.

During the hearing on October 14 there was a discussion of conditioning class members' releases upon their actual negotiation of a settlement check. IPPs believe that this should not be a requirement, would contravene governing law, and create disincentives for settlement in contravention of public policy favoring settlements. Given that due process and Rule 23 do not require actual notice, *see Silber*, 18 F.3d at 1454, there should be no requirement that a class member cash a check before being bound to a settlement provided that notice has been provided in accordance with governing standards. Such a requirement would rewrite Rule 23(b)(3), would create the potential for one-way intervention, and would discourage future settlements.

### A.    Rule 23(b)(3) Classes Are Not Opt In Classes.

As set forth above, certain types of claims – *e.g.*, FLSA claims – require opt-in classes. Limiting releases here to those who cash checks would transform this case into an opt-in class, contrary to the parties' agreement and contrary to the procedures provided by Rule 23 as applied time and again throughout the country. It would not be fair, and is not required, that class members who do not opt out must cash checks in order to have their claims extinguished. In *Shutts*, the Supreme Court rejected the opt-in approach because "[r]equiring a plaintiff to affirmatively request inclusion would probably impede the prosecution of those class actions

---

*Disk Drive Products Antitrust Litig.*, 3:10-MD-02143-RS (N.D. Cal.) [Dkt. Nos. 1898-4, 1898-5, 1898-6, 1898-7]; IPP Settlements, *In re Static Random Access Memory Antitrust Litig.*, 4:07-md-01819-CW (N.D. Cal.) [Dkt. Nos. 986-1, 986-2, 986-3, 986-4, 986-5, 986-6]; IPP Settlement Agreements, *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 4:02-md-01486-PJH (N.D. Cal.) [Dkt. Nos. 2135, 2136, 2136-1, 2136-4, 2137, 2137-1, 2137-2]; IPP Settlement Agreements, *In re TFT-LCD Antitrust Litig.*, 3:11-cv-00711-SI (N.D. Cal.) [Dkt. Nos. 6141-2, 6141-3, 6141-4].

---

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD                                                    8

involving an aggregation of small individual claims, where a large number of claims are required to make it economical to bring suit." 472 U.S. at 813–14.  The Court recognized that this would not be a workable method of resolving claims and would frustrate the purposes of class action procedure.  When Rule 23 was being drafted, consideration was given to the opt-in procedure. *See* Benjamin Kaplan, Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (I), 81 Harv. L. Rev. 356, 394–96 (1967) (discussing relationship between Rule 23's notice provision and notice that is constitutionally required). Requiring opt-in classes was rejected.  *Id.*

For all the reasons set forth herein, IPPs maintain that an opt-in requirement would contravene Rule 23.  Other circuits have held that it is an abuse of discretion to certify a 23(b)(3) opt-in class.  *Ackal v. Centennial Beauregard Cellular L.L.C.*, 700 F.3d 212, 219 (5th Cir. 2012); *Kern v. Siemens Corp.*, 393 F.3d 120, 125 (2d Cir. 2004).  In those cases, the district courts had certified opt-in classes which required class members to take affirmative action in order to join the certified classes.  The circuit courts held that this was an abuse of discretion because neither Rule 23 nor due process requires members of any class to affirmatively opt in.  "[B]y adding the 'opt out' requirement to Rule 23 in the 1966 amendments, Congress *prohibited* 'opt in' provisions by implication."  *Kern*, 393 F.3d at 124 (original emphasis); *see also Ackal*, 700 F.3d at 219 ("[N]o authority exists under Rule 23 for certifying a class of this nature.").

### B.   Requiring an Opt-In System Would Create a Profound Risk of "One-Way Intervention" and Frustrate the Purposes of Rule 23.

If releases are conditioned on cashing checks, class members could choose not to opt out of the classes but then effectively opt out – intentionally or not -- by not cashing their checks. This creates the problem of one-way intervention, which Rule 23 was designed to prevent. Under the prior formulation of the Rule, class members "could in some situations await developments in the trial or even final judgment on the merits in order to determine whether participation would be favorable to their interests."  *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 547 (1974).  For example, "[i]f the evidence at the trial made their prospective position as

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD                                                                          9

actual class members appear weak, or if a judgment precluded the possibility of a favorable determination, such putative members of the class who chose not to intervene or join as parties would not be bound by the judgment." *Id.* The threat of one-way intervention "aroused considerable criticism upon the ground that it was unfair to allow members of a class to benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one." *Id.* "The 1966 amendments [to Rule 23] were designed, in part, specifically to mend this perceived defect in the former Rule and to assure that members of the class would be identified before trial on the merits and would be bound by all subsequent orders and judgments." *Id.*

While the Ninth Circuit has barred one-way intervention, *see Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) and *Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1021 (N.D. Cal. 2015), limiting releases to those who cash checks would create the very same problem. If a release only was effective when a class member cashes a check, the entire process of giving notice and requiring exclusions would be a waste of resources and would have no purpose. "Since the plaintiff is offered the opportunity to opt out of the class simultaneously with the opportunity to accept or reject the settlement offer, which is supposed to be accompanied by all information on settlement, the plaintiff knows exactly what result he or she sacrifices when opting out." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 792 (3d Cir. 1995). As long as the best notice practicable is provided, as IPPs believe their proposed program will do, the rights of absent class members will be fully protected in accordance with Rule 23 and due process.

C.    **Limiting Releases to Those Who Cash Checks Would Frustrate the Public Policy in Favor of Settlements, and Would Deny the Finality for Which the Settling Parties Bargained.**

Public policy favors the settlement of class actions. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). This policy would be frustrated if "absent class members [could] easily escape the preclusive effect of settlement by claiming that they did not receive actual notice" or by not depositing their settlement proceeds. *Pey v. Wachovia Mortg. Corp.*, No. 11-2922 SC, 2011 WL 5573894, at *7 (N.D. Cal. Nov. 15, 2011). If absent class members

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD                                                                                          10

could do so, parties who desire to enter into settlements would be hesitant to do so because they would have no certainty as to what release they were receiving.  Furthermore, requiring class members to cash their checks as a condition of providing a release would creative a disincentive to settlement.  In IPPs' counsel's experience, defendants are frequently concerned about paying large sums to a class when there is a risk that large numbers of class members may opt out.  This scenario would make a settlement economically unattractive.  Indeed, in the absence of a reversion of unclaimed settlement funds to a settling defendant, if a substantial portion of a settlement class failed to cash their checks, a settling defendant could remain exposed to substantial claims even after having already paid significant sums to settle those claims. And, it should be noted again, there is no reversion of settlement funds to defendants in the proposed settlements.  In addressing the issue of discouraging late opt-outs, Judge Alsup recognized that "defendants would be prejudiced, given their commitment to a settlement amount that was negotiated with a stable class membership in mind." *In re Charles Schwab Corp. Sec. Litig.*, No. C 08-01510 WHA, 2010 WL 4509718, at *1 (N.D. Cal. Nov. 1, 2010).  The same rationale counsels against limiting releases to those who cash checks for these settlements.

IV.    **IPPs' Proposed Notice Plan is Robust and Comparable to Notice Plans Approved in Other 23(b)(3) Antitrust Class Actions and Satisfies Due Process.**

IPPs' initial motion set forth the form and content of their notice program.  The means by which notice shall be provided are:

1. Direct mail notice to those class members for whom mailing addresses are available. Through non-party discovery in this case, IPPs have obtained the addresses of potential class members.  A.B. Data will process these addresses through the national change of address ("NCOA") database, and using any updated information available in the NCOA database will send postcard notice directly to those potential class members. The postcard notices will include the web address of the case-specific website and toll-free telephone number of the case-specific call center. Further analysis will be done of any mail returned non-deliverable after use of the NCOA

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD                                                                11

database.

2. Publication of notice in general-market publications and trade magazines. Published notice will run in *The Wall Street Journal, Electronic Design,* and *Nuts and Volts.*

3. Email notice through email "blasts". An email blast will be sent to opt-in subscribers of the following publications:

    a. Penton Publications (including the websites Electronicdesign.com, machinedesign.com, sourceesb.com, mwrf.com, powerelectronics.com, and HydraulicsPneumatics.com).

    b. EE Times.

4. National targeted trade websites. Banner ads will be placed on the following websites:

    a. Electronicdesign.com

    b. Machinedesign.com

    c. SourceESB.com

    d. Mwrf.com (Microwaves and RF)

    e. Powerelectronics.com

    f. HydraulicsPneumatics.com

    g. Nutsvolts.com

    h. Passivecomponentmagazine.com

    i. Eetimes.com

    j. Ebonline.com

All banner ads will include an embedded link to the case-specific website. The banner ads will include generic images of capacitors to increase the visibility of the ads.

5. E-newsletter notice. Banner ads will be run in the e-newsletter *Nuts and Volts*, which is mailed to approximately 40,000 subscribers.

6. National sponsorship of selected trade e-newsletters.

7. Earned media, including dissemination of a news release via Business Wire which

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD                                                                    12

will be distributed to more than 10,000 newsrooms, including print, broadcast and digital media across the United States.

Linda Young, Ph.D., has opined that this notice program will satisfy all requirements of Rule 23 and due process. Supplemental Declaration of Linda V. Young in Support of Motion for Preliminary Approval, ¶ 20. For all the reasons set forth herein and in their prior motion papers, IPPs maintain that their proposed notice program satisfies Rule 23 and due process. Indeed, given the substantial direct mail portion of the proposed notice program – something which frequently does not happen in indirect purchaser antitrust cases given that defendants do not typically have contact information for the ultimate purchasers of their products – the proposed notice program here exceeds those that were approved in other indirect purchaser antitrust cases in this district. For example, while the *SRAM* class was much larger than the IPP class here, IPPs here propose direct mail to approximately 150,000 class members while in *SRAM* direct mail was only sent to approximately 12,000 addresses. *See* Gilardi Decl., *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 4:07-md-01819-CW (N.D. Cal. Apr. 15, 2010) [Dkt. No. 987], ¶ 13.c.i. The direct mail addresses were obtained through subpoenas issued to distributors who IPPs believe were responsible for approximately 90% of distributor sales of capacitors in the United States during the class period. Supp. Williams Decl., ¶ 7.

## CONCLUSION

For the foregoing reasons, the Court should evaluate the proposed notices and plans for disseminating notice to ensure that, as IPPs respectfully suggest, they are "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Should the Court agree with this conclusion, IPPs respectfully request that the Court grant the pending motions for preliminary approval.

Dated: November 4, 2016                    Respectfully submitted,

                                           */s/ Steven N. Williams*
                                           Joseph W. Cotchett (36324)

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD                                                    13

Steven N. Williams (175489)
Adam J. Zapala (245748)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
swilliams@cpmlegal.com
azapala@cpmlegal.com

*Interim Lead Counsel for the Putative Indirect
Purchaser Class*


**DUNCAN FIRM, P.A.**
Phillip Duncan (Admitted *Pro Hac Vice)*
Richard Quintus (Admitted *Pro Hac Vice*)
Justin Zachary (Admitted *Pro Hac Vice*)
W. Rob Pointer (Admitted *Pro Hac Vice*)
900 South Shackleford, Suite 725
Little Rock, AR 72211
Telephone: (701) 228-7600
Facsimile: (701) 228-0415
phillip@duncanfirm.com
richard@duncanfirm.com
justin@duncanfirm.com
rob@duncanfirm.com

**GUSTAFSON GLUEK PLLC**
Daniel E. Gustafson (Admitted *Pro Hac Vice*)
Daniel C. Hedlund (Admitted *Pro Hac Vice*)
Joseph C. Bourne (State Bar No. 308196)
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
jbourne@gustafsongluek.com

**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
Richard M. Heimann (63607)
Eric B. Fastiff (182260)
Brendan P. Glackin (199643)
Dean M. Harvey (250298)
Lin Y. Chan (255027)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD

14

rheimann@lchb.com
efastiff@lchb.com
bglackin@lchb.com
dharvey@lchb.com
lchan@lchb.com

**MEREDITH & NARINE**
Krishna B. Narine (*Pro Hac Vice* pending)
Joel C. Meredith (*Pro Hac Vice* to be submitted)
100 S. Broad Street, Suite 905
Philadelphia, PA 19110
Telephone: (215) 564-5182
knarine@m-npartners.com
jmeredith@m-npartners.com

**MINAMI TAMAKI, LLP**
Jack W. Lee (71626)
Derek G. Howard (118082)
Aron K. Liang (228936)
Sean Tamura-Sato (254092)
360 Post Street, 8th Floor
San Francisco, CA 94108
Telephone: (415) 788-9000
Facsimile: (415) 398-3887
jlee@minamitamaki.com
dhoward@minamitamaki.com
aliang@minamitamaki.com
seant@minamitamaki.om

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
Hollis Salzman (*Pro Hac Vice* pending)
Kellie Lerner (*Pro Hac Vice* pending)
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
hsalzman@robinskaplan.com
klerner@robinskaplan.com

**ROBINSON CALCAGNIE ROBINSON
SHAPIRO DAVIS, INC.**
Daniel S. Robinson (244245)
19 Corporate Plaza Drive
Newport Beach, CA 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Law Offices
Cotchett, Pitre &
McCarthy, LLP

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
Case No. 3:14-cv-03264-JD

15

**SAVERI & SAVERI, INC.**
Guido Saveri (22349)
R. Alexander Saveri (173102)
Lisa Saveri (112043)
Melissa Shapiro (242724)
706 Sansome Street
San Francisco, CA 94111
Telephone: (888) 787-8681
Facsimile: (415) 217-6813
guido@saveri.com
rick@saveri.com
lisa@saveri.com
melissa@saveri.com

**SUSMAN & GODFREY LLP**
Marc M. Seltzer (54534)
Steven G. Sklaver (237612)
Vineet Bhatia (*Pro Hac Vice* to be submitted)
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
vbhatia@susmangodfrey.com

**GRAY PLANT MOOTY**
Daniel R. Shulman (Admitted *Pro Hac Vice*)
500 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 632-3335
Facsimile: (612) 632-4335
daniel.shulman@gpmlaw.com

**HEATON & MOORE, P.C.**
William W. Heaton (Admitted *Pro Hac Vice*)
Robert Moore (Admitted *Pro Hac Vice*)
44 North Second Street, Suite 1200
Memphis, TN 38103
Telephone: (901) 526-5975
Facsimile: (901 527-3633
wheaton@heatonandmoore.com
rmoore@heatonandmoore.com

**LANGDON & EMISON**
J. Kent Emison (Admitted *Pro Hac Vice*)
Brett Emison (Admitted *Pro Hac Vice*)
1828 Swift, Suite 303
N. Kansas City, MO 64116
Telephone: (660) 259-6175
Facsimile: (660) 259-4571
kent@lelaw.com
brett@lelaw.com

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD

16

**LAW OFFICES OF**
**ALEXANDER M. SCHACK**
Alexander M. Schack (99126)
Natasha Naraghi (284711)
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (858) 485-6535
Facsimile: (858) 485-0608
alexschack@amslawoffice.com
natashanaraghi@amslawoffice.com

**SHAFFER LOMBARDO SHURIN**
Richard Lombardo (Admitted *Pro Hac Vice*)
Kathy Woods (Admitted *Pro Hac Vice*)
911 Main Street, Suite 2000
Kansas City, MO 64105
Telephone: (816) 931-0500
Facsimile: (816) 931-5775
RLombardo@sls-law.com
KWoods@sls-law.com

**SPRETER LEGAL SERVICES, APC**
Geoffrey J. Spreter (257707)
601 3rd Street
Coronado, CA 92118
Telephone: (619) 865-7986
spreterlegalservices@gmail.com

**GLANCY PRONGAY & MURRAY**
Brian Murray (*Pro Hac Vice* to be submitted)
Lee Albert (*Pro Hac Vice* to be submitted)
122 East 42 Street, Suite 2920
New York, NY 10168
Telephone: 212-682-5340
Fax: 212-884-0988
bmurray@glancylaw.com
lalbert@glancylaw.com

**GOLDMAN SCARLATO AND PENNY LLP**
Brian Penny (*Pro Hac Vice* to be submitted)
161 Washington Ave.
Eighth Tower Bride Ave.
Conshohocken, PA 19428
Tel: (484) 342-0700
Fax: (484) 580-8729
penny@lawgsp.com

**LOCKRIDGE GRINDAL NAUEN PLLP**
W. Joseph Bruckner (Admitted *Pro Hac Vice)*
Heidi M. Silton (Admitted *Pro Hac Vice*)

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD

Elizabeth R. Odette (Admitted *Pro Hac Vice*)
Brian D. Clark (Admitted *Pro Hac Vice*)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: 612-339-6900
Fax: 612-339-0921
wjbruckner@locklaw.com
hmsilton@locklaw.com
erodette@locklaw.com
bdclark@locklaw.com

**THE MILLER LAW FIRM**
E. Powell Miller (*Pro Hac Vice* to be submitted)
Sharon S. Almonrode *Pro Hac Vice* to be
submitted)
Devon P. Allard (*Pro Hac Vice* to be submitted)
950 West University Drive, Suite 300
Rochester, Michigan 48307
Telephone: 248-841-2200
Fax: 248-652-2852
epm@millerlawpc.com
ssa@millerlawpc.com
dpa@millerlawpc.com

INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS [DKT. NO. 1305]
CASE NO. 3:14-CV-03264-JD