# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: CAPACITORS ANTITRUST
LITIGATION (NO. II)**                                      MDL No. 2748

## ORDER DENYING TRANSFER

    **Before the Panel:**[*] Plaintiffs in the two non-California actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of California. This litigation consists of three actions pending in the District of Arizona, the Northern District of California, and the Southern District of Florida, as listed on Schedule A. The actions allege that various manufacturers of capacitors (which are primarily Japanese or East Asian firms and their U.S. subsidiaries) conspired to fix the prices of aluminum and tantalum electrolytic capacitors, as well as film capacitors, all of which are used in myriad electronic products. The direct purchaser class plaintiffs in the action pending in the Northern District of California and thirty-four defendants[1] oppose centralization.

    On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. These actions without doubt share common factual and legal questions, as all three involve the same alleged price fixing conspiracy. All the parties agree that the Arizona and Florida actions should proceed in the Northern District of California, where a consolidated

---

    [*] Judge Lewis A. Kaplan took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

    [1] The responding defendants include: AVX Corporation; Elna Co. Ltd.; Elna America Inc.; Hitachi Chemical Co., Ltd.; Hitachi Chemical Company America, Ltd.; Hitachi AIC Incorporated; Holy Stone Enterprise Co., Ltd.; Holystone International; Vishay Polytech Co., Ltd.; KEMET Corporation; KEMET Electronics Corporation; Matsuo Electric Co., Ltd.; NEC TOKIN Corporation; NEC TOKIN America, Inc.; Nichicon Corporation; Nichicon (America) Corporation; Panasonic Corporation; Panasonic Corporation of North America; SANYO Electric Co., Ltd.; ROHM Co., Ltd.; ROHM Semiconductor U.S.A., LLC; Rubycon Corporation; Rubycon America Inc.; Shinyei Kaisha; Shinyei Technology Co., Ltd.; Shinyei Capacitor Co., Ltd.; Shinyei Corporation of America, Inc.; Shizuki Electric Co., Inc.; Soshin Electric Co., Ltd.; Soshin Electronics of America Inc.; Taitsu Corporation; Taitsu America, Inc.; United Chemi-Con, Inc.; and Nippon Chemi-Con Corporation. Each defendant is named in the California action and at least one of the non-California actions.

antitrust litigation has been litigated since 2014.[2]  The opposing parties argue, though, that such transfer is better achieved through the venue transfer statute, 28 U.S.C. § 1404(a).  We agree.

Our past decisions make clear that "centralization under Section 1407 should be the last solution after considered review of all other options."  *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011).  These options include transfer pursuant to Section 1404, which is particularly advantageous because it:

> is for all purposes, including trial.  For this reason, transfer under Section 1404(a)—where appropriate—can result in a more streamlined action, without the procedural necessity of remand to the transferor court that is required under Section 1407.  This alone produces significant advantages. It allows for the possibility of consolidation of actions for trial, which potentially avoids the increased costs associated with multiple trials after the Panel remands actions to the various transferor courts once pretrial proceedings are concluded.

*In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012).

Though no Section 1404 motion to transfer venue has been filed yet in Arizona or Florida, counsel for the opposing defendants stated at oral argument that these motions will be filed in short order.  Transfer under Section 1404 (if deemed appropriate by the transferor courts) would allow for a consolidated trial of all three actions, since trial in the California litigation will not occur until at least August 2018, and the immediate discovery in that action likely will focus on class certification issues that are not relevant to the individual plaintiffs in the Arizona and Florida actions.  Transfer under Section 1404 at this juncture also would eliminate any need to engage in Section 1407 remand and transfer proceedings on the eve of trial.[3]

Furthermore, where only a minimal number of actions are involved, the proponent bears a heavier burden to demonstrate that centralization is appropriate.  *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010).  This litigation involves only three actions, and plaintiffs in the two non-California actions are represented by the same counsel.  Thus, if transfer ultimately cannot be effectuated through Section 1404, voluntary cooperation and coordination among the parties and the involved courts may be feasible with respect to common

---

[2] The litigation pending in the Northern District of California consists of fourteen actions that have been consolidated for all purposes.  These actions include putative direct purchaser class actions, putative indirect purchaser class actions, and an individual direct purchaser action.  The Arizona and Florida actions are individual direct purchaser actions.

[3] Section 1407 prohibits transferee courts from "self-transferring" cases pursuant to Section 1404 that have been transferred pursuant to Section 1407.  *See Lexecon Inc. v. Milberg Weiss Bershad Bynes & Lerach*, 523 U.S. 26 (1998).

discovery and pretrial proceedings.  *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).  Alternatively, the parties may at that time again seek centralization under Section 1407.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

**SCHEDULE A**

<u>District of Arizona</u>

AVNET INCORPORATED v. HITACHI CHEMICAL COMPANY LIMITED, ET AL.,
    C.A. No. 2:16−02808

<u>Northern District of California</u>

IN RE CAPACITORS ANTITRUST LITIGATION, C.A. No. 3:14−03264

<u>Southern District of Florida</u>

THE AASI BENEFICIARIES TRUST, BY AND THROUGH KENNETH A. WELT,
    LIQUIDATING TRUSTEE v. AVX CORPORATION, ET AL.,
    C.A. No. 1:16−23691