UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER ACTIONS | Master File No. 3:14-cv-03264-JD<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH CERTAIN DEFENDANTS, APPROVING FORM AND MANNER OF NOTICE, AND ESTABLISHING PROCESS FOR FINAL APPROVAL** |

This matter is before the Court on the motion for preliminary approval of the proposed class action settlement (the "Settlement") between Plaintiffs Chip-Tech, Ltd, Dependable Component Supply Corp., eIQ Energy, Inc., and Walker Component Group, Inc., each a direct purchaser of aluminum, tantalum and film capacitors ("Capacitors") (collectively, "Direct Purchaser Plaintiffs," "DPPs," or "Class Representatives"), individually and as representatives of a purported Settlement Class (the "Settlement Class"), and Defendants Fujitsu Ltd. ("Fujitsu Limited"); NEC TOKIN Corporation and NEC TOKIN America, Inc. ("NEC TOKIN"); Nitsuko Electronics Corporation ("Nitsuko"); Okaya Electric Industries Co., Ltd. and Okaya Electric America, Inc. (the "Okaya Defendants"); and ROHM Co., Ltd.; and ROHM Semiconductor U.S.A., LLC ("ROHM") (collectively, the "Settling Defendants"). Dkt. No. 1298.

Having considered DPPs' Motion, the Settlement Agreements, DPPs' Supplemental Submission (Dkt. No. 1378), the declarations of Joseph R. Saveri and Kendall S. Zylstra and the exhibits thereto,

the proposed and revised forms of Notice to the Settlement Class, the pleadings and other papers filed in this Action, and the statements of counsel and the parties, and for good cause shown, IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreements. Dkt. Nos. 1298-2, 3, 8, 9, 10.

2. The Court hereby gives its preliminary approval of DPPs' settlements with the Settling Defendants, subject to a hearing on the final approval of the Settlement (the "Final Approval Hearing").

3. Pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies the following Settlement Class:

> All persons in the United States that purchased Capacitors (including through controlled subsidiaries, agents, affiliates or joint-ventures) directly from any of the Defendants, their subsidiaries, agents, affiliates or joint ventures from January, 1, 2002 through July 22, 2015. Excluded from the settlement class are Defendants (and their subsidiaries, agents or affiliates), any co-conspirator, all governmental entities and the judges and chambers staff in this case ,assigned to hear any aspect of this action, and each member of the class action who timely requested exclusion.

4. The Court further provisionally finds that the following prerequisites to a class action under Rule 23 are satisfied for settlement purposes:

   a. There are hundreds of geographically dispersed class members, making joinder of all members impracticable;

   b. There are questions of law and fact common to the class which predominate over individual issues;

   c. The claims or defenses of the class plaintiffs are typical of the claims or defenses of the class;

   d. The Class Representatives will fairly and adequately protect the interests of the class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the class; and

   e. A class action is superior to individual actions.

5. The Court finds that the settlements with Settling Defendants fall within the range of possible approval, and are reasonable. There is sufficient basis for notifying the Settlement Class and

1  for setting a Final Approval Hearing. Accordingly, Notice to the Settlement Class is appropriate here,
2  the Notice is hereby approved, and the Settlement Class should be notified of the proposed settlement.

3      6.    The Court finds that the proposed plan of allocation described in the Motion also is
4  sufficiently fair, reasonable, and adequate such that it is hereby preliminarily approved, subject to
5  further consideration at the Final Approval Hearing to be held as set forth below.

6      7.    The Court appoints Chip-Tech, Ltd, Dependable Component Supply Corp., eIQ Energy,
7  Inc., and Walker Component Group, Inc. as representatives of the Settlement Class.

8      8.    The Court appoints Joseph R. Saveri of the Joseph R. Saveri Law Firm, Inc. to serve as
9  Class Counsel for the Settlement Class.

10      9.    The Court will conduct a Final Approval Hearing on March 2, 2017 at 10:00 AM. At the
11  Final Approval Hearing, the following will be determined:

12      a.    Whether the proposed settlement is fair, reasonable, and adequate and should be
13  granted final approval;

14      b.    Whether final judgment should be entered dismissing the claims of the class
15  against Settling Defendants with prejudice;

16      c.    Class Counsel's application for payment of attorneys' fees and reimbursement of
17  costs and expenses;

18      d.    Such other matters as the Court may deem appropriate.

19      10.    The Court appoints Rust Consulting, Inc., as administrator (the "Claims Administrator").

20      11.    The Notice attached to this Order constitutes due, adequate and sufficient notice and
21  satisfies the requirements of the Federal Rules of Civil Procedure and of due process and, accordingly,
22  is approved for dissemination to the Settlement Class.

23      12.    The Court approves the revised form of the long form notice attached hereto as **Exhibit**
24  **A** ("Long Form Notice"). The Court also approves the revised form of the summary notice attached
25  hereto as **Exhibit B** ("Summary Notice"). The Court finds that taken together, mailing of the Long
26  Form Notice (U.S Mail or electronic mail), publication of the Summary Notice, and internet posting of
27  the Long Form Notice are: (i) the best notice practicable; (ii) reasonably calculated to, under the
28  circumstances, apprise the Settlement Class Members of the proposed settlement and of their right to

object or to exclude themselves as provided in the Settlement Agreements; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

13. Within fourteen (14) days of the Preliminary Approval Order, the Settling Defendants are to provide an electronic list of potential Settlement Class Members along with, to the extent that the Settling Defendants' structured data contains them, the mail and e-mail addresses of the potential Settlement Class Members.

14. Plaintiffs' Claims Administrator shall provide notice of the Settlement. The Claims Administrator shall provide direct notice of the Settlement to all members of the Settlement Class on or before a date set twenty-eight (28) days from the entry of this Order. Such notice shall be sent either by first class U.S. mail postage prepaid or by electronic mail. The Claims Administrator shall publish the Summary Notice in the national edition of the Wall Street Journal as soon as practicable, but in any event no later than thirty-two (32) days prior to the Final Approval Hearing. The Claims Administrator shall also cause a copy of the class notices and Settlement Agreement to be posted on at least two Internet websites directed toward the capacitors and passive electronics industry.

15. By no later than December 14, 2016, the Claims Administrator shall cause the Settlement Notice to be mailed by first-class mail, postage prepaid, to Settlement Class Members pursuant to the procedures described in the Settlement Agreements, the Motion, the Supplemental Submission, the Declaration of Kendall S. Zylstra and the Long Form Notice. By no later than January 13, 2017, the Claims Administrator shall file with the Court an Affidavit of Compliance with Notice Requirements.

16. All costs incurred in disseminating Notice and administering the Settlement shall be paid from the Settlement Fund pursuant to the Settlement Agreements, with certain notice and administration costs incurred prior to the Effective Date advanced as provided in the Settlement Agreements. The Court grants Class Counsel's request for $200,000 to be paid from the Settlement Fund for expenses related to the provision of notice to the Settlement Class Members.

17. Settlement Class Members will have sixty (60) calendar days after the Claims Administrator makes the initial mailing of the Notice, until February 13, 2017 (the "Opt-Out Deadline") to exclude themselves (opt out) of the proposed Settlement.

18. Any Settlement Class Member who wishes to be excluded (opt out) from the Settlement Class must, in a manner consistent with the process described in the long and short form notices approved by the Court, send a written request for exclusion to the Claims Administrator on or before the close of the Opt-Out Deadline.  Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually or personally execute a Request for Exclusion.  Requests for Exclusion must be in writing and set forth the name and address of the person or entity who wishes to be excluded as well as all trade names or business names and addresses used by such persons or entities and must be signed by the Settlement Class Member seeking exclusion.

19. No later than February 24, 2017, Class counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the Settlement Class. Settlement Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability independently to pursue any claims they may have against Settling Defendants.

20. All Settlement Class Members who did not properly and timely request exclusion from the Settlement Class shall, upon final approval of the settlement, be bound by all the terms and provisions of the Settlement Agreements, including the releases, waivers and covenants described in the Settlement Agreements, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member makes a claim upon the settlement funds or receives consideration under the Settlement Agreements.

21. Any Settlement Class Member who did not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her own attorney.  For Settlement purposes, Class Counsel will continue to represent Settlement Class Members who do not timely object and do not have an attorney enter an appearance on their behalf.

5

22. Any Settlement Class Member who did not elect to be excluded from the Settlement Class may, but need not, submit comments or objections to the Settlement Agreements, the Plan of Allocation or entry of a Final Approval Order and Judgment approving the Settlement Agreements, by filing written objections with the Court no later than February 13, 2017, copies of which shall be served on all counsel listed in the class notice. Failure to timely file and serve written objections will preclude a class member from objections to the Settlement.

23. Any Settlement Class Member making an objection (an "Objector") must sign the objection personally, even if represented by counsel, and provide the Settlement Class Member's name and full residence or business address and a statement signed under penalty of perjury that the Settlement Class Member was a member of the Settlement Class. An objection must state why the Objector objects to the Settlement Agreements and provide a basis in support, together with any documents such person wishes to be considered in support of the objection. If an Objector intends to appear at the Final Approval Hearing, personally or through counsel, the Objector must include with the objection a statement of the Objector's intent to appear at the Final Approval Hearing. The Objector must file a Notice of Intent to Appear no later than February 13, 2017, copies of which shall be served on all counsel listed in the Class notice. If counsel is appearing on behalf of more than one Settlement Class Member, counsel must identify each such Settlement Class Member and each such Settlement Class Member must have complied with this Order.

24. Only Settlement Class Members who have filed and served valid and timely objections accompanied by Notices of Intent to Appear shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Notice and mandated in this Order shall be deemed to have waived any objection to the Settlement Agreements and entry of a Final Approval Order and Judgment, whether by appeal, collateral attack, or otherwise.

25. Each Settlement Class Member shall retain all rights and causes of action with respect to claims against all Defendants other than Settling Defendants, regardless of whether such member of the Settlement Class decides to remain in the Settlement Class or to exclude itself from the Settlement Class.

26. All briefs, memoranda and papers in support of final approval of the Settlement shall be filed 30 days prior to the Final Approval Hearing.

27. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

28. Upon entry of the Final Approval Order and Judgment, all Settlement Class Members who have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Settling Defendants and all other Released Parties with respect to all of the Released Claims, consistent with the Settlement Agreements.

29. All further proceedings as to Settling Defendants are hereby stayed, except for any actions required to effectuate or enforce the Settlement Agreements, or matters related to the Settlement Fund, including applications for attorneys' fees, payment of costs, and service awards to Settlement Class Representatives.

30. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected to the Settlement, except that, as provided in paragraph 22 of the DPPs' settlement agreement with NEC TOKIN, all disputes regarding the extent of NEC TOKIN's cooperation obligations or its performance of those obligations shall be submitted to the Hon. Layn R. Phillips (ret.) for resolution.

IT IS SO ORDERED

Dated: January 27, 2017

_____
HON. JAMES DONATO
United States District Judge