# Exhibit 4

C. ANDREW DIRKSEN (CA Bar No. 197378)
CERA LLP
595 MARKET STREET, SUITE 2300
SAN FRANCISCO, CA 94105
Telephone:  (415) 777-2230
Email: cdirksen@cerallp.com

*Class Counsel for Direct Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CAPACITORS ANTITRUST LITIGATION | Master File No. 3:14-cv-03264-JD |
| THIS DOCUMENT RELATES TO: | **DECLARATION OF C. ANDREW DIRKSEN IN SUPPORT OF CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES SUBMITTED ON BEHALF OF CERA LLP** |
| ALL DIRECT PURCHASER ACTIONS | |

I, C. Andrew Dirksen, declare and state as follows:

1.      I am a member of CERA LLP ("the Firm"). I submit this Declaration in support of Class Counsel's interim application for attorneys' fees for services rendered to the class in the above-captioned litigation and for reimbursement of expenses reasonably incurred in the course of such representation.  The time expended in preparing this Declaration is not included.

2.      I have reviewed the Court's October 31, 2014 Order Appointing Interim Lead Class Counsel (Dkt. 319) ("Order'), including in particular the Order's  provisions regarding fees, costs and expenses. The Firm has adhered to those provisions.

3.      The Firm has acted as class counsel to Direct Purchaser Plaintiffs ("DPPs") in this class action.  It represents named (proposed class representative) plaintiff Chip-Tech, Inc., which filed the first direct purchaser complaint in this action in July 2014. The Firm assisted lead counsel Joseph Saveri

Law Firm in the pre-filing investigation that led to the filing of Chip-Tech's complaint in July 2014. During the course of this litigation, the Firm has been involved in the following activities on behalf of the DPPs at the request and under the direction of Lead Counsel:

- pre-filing investigative work, including work on the initial complaint; overall case management, and litigation strategy discussions;

- legal research and drafting in support of certain argument sections within DPPs' opposition to defendants' motions to dismiss;

- analysis of materials with respect to amending the complaint and related work on the consolidated amended complaint, translating it into Japanese, and serving it on defendants;

- drafting of discovery to defendants and assisting in the management and supervision of class and merits discovery efforts;

- "meet and confers" with counsel for nearly all defendants about ESI collection and production, interrogatory responses and objections, requests for document production and responsive records, and other discovery-related matters (global and defendant-specific);

- preparation for, and conducting of, depositions of 30(b)(6) and percipient witnesses of certain defendants;

- analysis and synthesis of records produced by certain defendants;

- work with client Chip-Tech, including research of the capacitors industry, responding to defendants' discovery directed to the named plaintiffs, and collection and organization of tens of thousands of pages of records responsive to Defendants' document requests;

- settlement negotiations and discussions with certain Defendants, and other work as requested by Lead Counsel for DPPs.

4.      During the period from November 1, 2014 through September 30, 2016, the Firm performed 1,368.60 hours of work in connection with this litigation.  Based upon the historical hourly

rates charged by the Firm, the lodestar value of the time is $911,646.75.  Attached hereto as <u>Exhibit A</u> is a chart which indicates the attorneys, paralegals and staff who worked on this litigation, the number of hours worked, the categories of their work and their respective lodestar values.  Exhibit A was prepared from contemporaneous, daily time records regularly prepared and maintained by the Firm and which have been provided to Lead Counsel for review.

5.      All of the services performed by the Firm in connection with this litigation were reasonably necessary in the prosecution of this case.  There has been no unnecessary duplication of services for which the Firm now seeks compensation. The lodestar calculations exclude time spent reading or reviewing work prepared by others or other information relating to the case unless related to preparation for or work on a matter specifically assigned to the Firm by Lead Counsel. The rates at which the Firm seeks compensation are its usual and customary hourly rates charged for this work.

6.      During the period from October 1, 2014 through September 30, 2016, the Firm incurred expenses in the sum of $231,507.28.  These expenses were reasonably and necessarily incurred in connection with this litigation and are summarized in the chart attached as <u>Exhibit B</u>. Expense documentation has been provided to Lead Counsel for review.

7.      The expenses incurred are reflected on the books and records of the Firm.  These books and records are prepared from checks and expense vouchers which are regularly kept and maintained by the Firm and accurately reflect the expenses incurred.

8.      The Firm's compensation for the services rendered on behalf of the class is wholly contingent.  Any fees and reimbursement of expenses will be limited to such amounts as approved by this Court.

I hereby affirm under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated:  January 27, 2017                    By:      _/s/C. Andrew Dirksen_____
                                                          C. Andrew Dirksen

**Exhibit A**

**In re Capacitors Antitrust Litigation**

**CERA LLP**

**TIME REPORT**

**November 1, 2014 through September 30, 2016**

Professional Status:   Partner      Of Counsel      Associate      Law Clerk      ParaLegal

| ATTORNEYS | Professional Status | Hourly Rate | Factual Research & Investigations | Discovery of Plaintiffs | Discovery of Defendants/ Third Parties | Work with Experts | Pleading, Briefs & Pre-Trial Case Filings and Motions | Case Management & Case Planning | Court Appearance & Preparation | Settlement | Fee/Expense Proceedings | Cumulative Hours | Cumulative Lodesar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Solomon B. Cera | P | $ 1,000.00 | 14.30 | 6.30 | 14.95 | | 25.40 | 23.20 | 3.50 | 27.35 | | 115.00 | **$103,315.00** |
| Charles A. Dirksen | P | $ 725.00 | 0.40 | 154.30 | 832.70 | | 60.10 | 10.10 | 2.70 | 1.10 | | 1,061.40 | **$749,103.75** |
| Louis A. Kessler | A | $ 475.00 | | | | | 59.80 | | | | | 59.80 | **$ 28,405.00** |
| Adrienne Lipoma | A | $ 400.00 | | | | | | 14.50 | | | | 14.50 | **$ 5,800.00** |
| Adrienne Lipoma | A | $ 385.00 | 7.80 | | | | | | | | | 7.80 | **$ 3,003.00** |
| **SUB-TOTAL** | | | **14.70** | **168.40** | **847.65** | **0.00** | **145.30** | **47.80** | **6.20** | **28.45** | **0.00** | **1,258.50** | **889,626.75** |
| | | | | | | | | | | | | | |
| **NON-ATTORNEYS** | | | | | | | | | | | | | |
| John R. Leibee | PL | $ 200.00 | 0.40 | 12.70 | 52.40 | | 30.70 | 13.90 | | | | 110.10 | **22,020.00** |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| **SUB-TOTAL** | | | **0.40** | **12.70** | **52.40** | **0.00** | **30.70** | **13.90** | **0.00** | **0.00** | **0.00** | **110.10** | **22,020.00** |
| **GRAND TOTAL:** | | | **15.10** | **181.10** | **900.05** | **0.00** | **176.00** | **61.70** | **6.20** | **28.45** | **0.00** | **$1,368.60** | **$911,646.75** |

## **Exhibit B**

**In re Capacitors Antitrust Litigation**

**CERA LLP**

**EXPENSE REPORT**

**October 1, 2014 through September 30, 2016**

| | | |
|---|---|---:|
| Assessments | $ | 200,000.00 |
| Commercial Copies/Internal Copies | $ | 4,019.25 |
| Computer Research | $ | 2,835.16 |
| Postage/Express Delivery | $ | 700.29 |
| Service Fees | $ | 7,024.95 |
| Telephone | $ | 1,924.43 |
| Travel | $ | 15,003.20 |
| **TOTAL** | | **$231,507.28** |