# Exhibit 6

Roberta D. Liebenberg (PA Bar No. 31738)
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA  19107
Telephone: (215) 567-6565
Facsimile:  (215) 567-5872
Email: rliebenberg@finekaplan.com
*Class Counsel for Direct Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CAPACITORS ANTITRUST LITIGATION | Master File No. 3:14-cv-03264-JD |
| THIS DOCUMENT RELATES TO: | **DECLARATION OF ROBERTA D. LIEBENBERG IN SUPPORT OF CLASS COUNSELS' APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES SUBMITTED ON BEHALF OF FINE, KAPLAN AND BLACK, R.P.C.** |
| ALL DIRECT PURCHASER ACTIONS | |

I, Roberta D. Liebenberg, declare and state as follows:

1.       I am a member of Fine, Kaplan and Black, R.P.C. ("the Firm" or "Fine Kaplan").  I submit this Declaration in support of Class Counsels' interim application for attorneys' fees for services rendered to the class in the above-captioned litigation and for reimbursement of expenses reasonably incurred in the course of such representation.  The time expended in preparing this Declaration is not included.

2.       I have reviewed the Court's October 31, 2014 Order Appointing Interim Lead Class Counsel (Dkt. 319) ("Order'), including in particular the Order's provisions regarding fees, costs and expenses. The Firm has adhered to those provisions.

3.       The Firm has acted as class counsel to Direct Purchaser Plaintiffs ("DPPs") in this class action.  During the period from November 1, 2014 through September 30, 2016, Fine Kaplan has been

1    involved in the following activities on behalf of the DPPs at the request and under the direction of Lead

2    Counsel:

3              Fine Kaplan played a leading role with respect to all aspects of discovery.  This included

4    helping to coordinate overall case strategy, drafting of discovery to defendants and assisting in the

5    management and supervision of class and merits discovery efforts, "meet and confers" with counsel for

6    Nitsuko, AVX Corporation and EPCOS about ESI collection and production, interrogatory responses

7    and objections, requests for document production and responsive records, and other discovery-related

8    matters.

9              The Firm had the lead role with regard to discovery of defendant AVX Corporation,

10   including coordinating the document review, document search and analyzing and compiling the

11   findings of that document work in preparation for depositions.  The Firm took the deposition of one of

12   the executives of the defendant in both his individual capacity and as a 30(b)(6) designee.  The Firm

13   also assisted with discovery more generally by reviewing plaintiffs' documents for production and

14   reviewing defendants' documents.

15             Fine Kaplan has also played a leading role in working with the plaintiffs' experts,

16   including retaining the experts, providing discovery and other factual materials to the experts,

17   suggesting areas of inquiry, reviewing expert analyses and ensuring that the experts' work is integrated

18   into the overall case strategy.

19             Fine Kaplan also worked on many drafting and factual legal research assignments

20   during this period, including in relation to the Complaint, the Defendants' Motion to Dismiss the

21   Complaint and issues related to The Foreign Trade Antitrust Improvements Act ("FTAIA").

22        4.        During the period from November 1, 2014 through September 30, 2016, the Firm

23   performed 10,555.70 hours of work in connection with this litigation.  Based upon the historical hourly

24   rates charged by the Firm, the lodestar value of the time is $4,669,145.50.  Attached hereto as Exhibit

25   A is a chart which indicates the attorneys, paralegals and staff who worked on this litigation, the

26   number of hours worked, pursuant to Lead Counsel's direction, and their respective lodestar values.

27   Exhibit A was prepared from contemporaneous, daily time records regularly prepared and maintained

28   by the Firm and which have been provided to Lead Counsel for review.

5.      All of the services performed by the Firm in connection with this litigation were reasonably necessary in the prosecution of this case.  There has been no unnecessary duplication of services for which the Firm now seeks compensation. The lodestar calculations exclude time spent reading or reviewing work prepared by others or other information relating to the case unless related to preparation for or work on a matter specifically assigned to the Firm by Lead Counsel. The rates at which the Firm seeks compensation are its usual and customary hourly rates charged for this work.

6.      During the period from November 1, 2014 through September 30, 2016, the Firm incurred expenses in the sum of $325,413.90.  These expenses were reasonably and necessarily incurred in connection with this litigation and are summarized in the chart attached as Exhibit B. Expense documentation has been provided to Lead Counsel for review.

7.      The expenses incurred are reflected on the books and records of the Firm.  These books and records are prepared from checks and expense vouchers which are regularly kept and maintained by the Firm and accurately reflect the expenses incurred.

8.      The Firm's compensation for the services rendered on behalf of the class is wholly contingent.  Any fees and reimbursement of expenses will be limited to such amounts as approved by this Court.

I hereby affirm under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated:  January 30, 2017            By:  _____
                                              ROBERTA D. LIEBENBERG

| Capacitors Antitrust Litigation | | | |
|---|---|---|---|
| Fine, Kaplan and Black, RPC | | | |
| Lodestar Summary -- Historical Rates | | | |
| November 1, 2014 to September 30, 2016 | | | |
| | | | |
| **Attorney/Paralegal** | **Hours** | **Rate** | **Lodestar** |
| Roberta D. Lienberg (M) | 197.10 | 750 | 147,825.00 |
| Roberta D. Lienberg (M) | 689.50 | 795 | 548,152.50 |
| Gerard A. Dever (M) | 0.40 | 600 | 240.00 |
| Gerard A. Dever (M) | 574.00 | 650 | 373,100.00 |
| Paul Costa (M) | 566.30 | 575 | 325,622.50 |
| Paul Costa (M) | 968.50 | 600 | 581,100.00 |
| Mary L. Russell (A) | 190.80 | 500 | 95,400.00 |
| Mary L. Russell (A) | 23.30 | 500 | 11,650.00 |
| Ria C. Momblanco (A) | 65.50 | 450 | 29,475.00 |
| Robert A. Larsen (A) | 2,562.10 | 385 | 986,408.50 |
| Joseph J. Borgia (A) | 130.10 | 325 | 42,282.50 |
| Joseph J. Borgia (A) | 1,035.80 | 350 | 362,530.00 |
| Kay Sickles (A) | 498.20 | 385 | 191,807.00 |
| Nicole Spence (A) | 333.10 | 350 | 116,585.00 |
| Watanabe Kazuki (A) | 1,472.50 | 350 | 515,375.00 |
| Nancy M. Blakeslee (PL) | 26.70 | 250 | 6,675.00 |
| Nancy M. Blakeslee (PL) | 137.60 | 275 | 37,840.00 |
| Allyson L. Katzman (PL) | 6.50 | 250 | 1,625.00 |
| Allyson L. Katzman (PL) | 137.50 | 275 | 37,812.50 |
| Susan J. Hufnagel (PL) | 36.60 | 250 | 9,150.00 |
| Susan J. Hufnagel (PL) | 903.60 | 275 | 248,490.00 |
| | | | |
| **TOTALS** | **10,555.70** | | **$ 4,669,145.50** |

| In Re: Capacitors Antitrust Litigation | |
|---|---|
| Fine, Kaplan and Black, RPC | |
| Expense Summary | |
| November 1, 2014 to September 30, 2016 | |
| | |
| **Expense** | **Amount** |
| Assessments | 300,000.00 |
| Commercial Copies | 1,699.80 |
| Internal Copies | 10,986.00 |
| Court Fees/Filing Fees | 625.00 |
| Computer Research | 2,877.35 |
| Postage/Federal Express | 438.47 |
| Professional Fees | |
| Service Costs | 105.00 |
| Witness Fees | |
| Telephone Conferencing Service | 1,079.56 |
| Travel | 7,459.67 |
| Other -- Boxes for offsite storage of plaintiff's records | 143.05 |
| | |
| **TOTAL EXPENSES** | **325,413.90** |