# Exhibit 8

Daniel C. Girard (State Bar No. 114826)
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: dcg@girardgibbs.com

*Class Counsel for Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CAPACITORS ANTITRUST LITIGATION | Master File No. 3:14-cv-03264-JD |
| THIS DOCUMENT RELATES TO: | **DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF CLASS COUNSELS' APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES SUBMITTED ON BEHALF OF GIRARD GIBBS LLP** |
| ALL DIRECT PURCHASER ACTIONS | |

I, Daniel C. Girard, declare and state as follows:

1.     I am a member of Girard Gibbs LLP ("the Firm").  I submit this Declaration in support of Class Counsel's interim application for attorneys' fees for services rendered to the class in the above-captioned litigation and for reimbursement of expenses reasonably incurred in the course of such representation.  The time expended in preparing this Declaration is not included.

2.     I have reviewed the Court's October 31, 2014 Order Appointing Interim Lead Class Counsel (Dkt. 319) ("Order"), including in particular the Order's provisions regarding fees, costs, and expenses.  The Firm has adhered to those provisions.

3.     The Firm has acted as class counsel to Direct Purchaser Plaintiffs ("DPPs") in this class action.  During the course of this litigation, the Firm has been involved in the following activities on behalf of the DPPs at the request and under the direction of Lead Counsel:

4.      The Firm has participated in overall case management and litigation strategy at the direction of Lead Counsel since early in the litigation, as detailed below.

5.      ***Complaint and Motions to Dismiss***.  Girard Gibbs conducted research, analysis, and investigative work, and made recommendations to Lead Counsel concerning the first amended complaint.  The Firm also researched and drafted portions of DPPs' opposition to defendants' motions to dismiss the first amended complaint.

6.      ***Discovery.***  The Firm has participated in most aspects of discovery conducted on behalf of DPPs in this case.  The Firm took an active role in the parties' Rule 26(f) conference and related meet and confer discussions, drafting the Rule 26(f) report and relevant ESI agreements, and negotiations concerning search terms.  Girard Gibbs partner Dena Sharp has served on a small committee charged by Lead Counsel with overseeing the conduct and coordination of discovery on behalf of the DPPs.  In that role, Ms. Sharp has participated in meet and confer discussions with counsel for nearly all defendants about ESI collection and production, requests for documents and responsive records, interrogatory responses and objections, and other discovery-related matters (global and defendant-specific); participated in discovery briefing and strategy decisions regarding related matters; and conducted analyses of defendants' privilege logs.  In addition, the Firm has been responsible for conducting all aspects of discovery as to two defendant families, and related non-parties.  Associates of the Firm have conducted extensive review and analysis of Japanese and English language documents, and have generated summaries of key documents, prepared deposition kits and assisted in the privilege review of DPPs' document productions.

7.      ***FTAIA***.  The Firm researched and advised Lead Counsel concerning the procedural implications of Defendants' motion for partial summary judgment seeking dismissal of claims under the Foreign Trade Antitrust Improvements Act (FTAIA), and took depositions of FTAIA declarants.

8.      ***Settlement***.  The Firm's senior partner Daniel Girard has participated in settlement negotiations with certain defendants, has strategized with Lead Counsel concerning settlement issues, and has provided input on settlement briefing filed with this Court.

9.      ***Summary of Time and Expenses.***  During the period from November 1, 2014 through September 30, 2016, the Firm performed 6,373.80 hours of work in connection with this litigation.

Based upon the historical hourly rates charged by the Firm and a $385 per hour maximum for document review time, the lodestar value of the time is $2,589,979.00.  Attached hereto as Exhibit A is a chart which indicates the attorneys who worked on this litigation, the number of hours worked, the categories of their work and their respective lodestar values.  Exhibit A was prepared from contemporaneous, daily time records regularly prepared and maintained by the Firm and which have been provided to Lead Counsel for review.

10.     All of the services performed by the Firm in connection with this litigation were reasonably necessary in the prosecution of this case.  There has been no unnecessary duplication of services for which the Firm now seeks compensation.  The lodestar calculations exclude time spent reading or reviewing work prepared by others or other information relating to the case unless related to preparation for or work on a matter specifically assigned to the Firm by Lead Counsel.  The rates at which the Firm seeks compensation are its usual and customary hourly rates charged for this work, and have recently been approved by courts in this District, including by the Honorable Lucy H. Koh in the *In Re Yahoo Mail Litigation*, No. 5:13-cv-05388-LHK and *In Re: High-Tech Employee Antitrust Litigation*, No. 11-CV-2509-LHK.

11.     During the period from November 1, 2014 through September 30, 2016, the Firm incurred expenses in the sum of $317,166.10.  These expenses were reasonably and necessarily incurred in connection with this litigation and are summarized in the chart attached as Exhibit B.  Expense documentation has been provided to Lead Counsel for review.

12.     The expenses incurred are reflected on the books and records of the Firm.  These books and records are prepared from checks and expense vouchers which are regularly kept and maintained by the Firm and accurately reflect the expenses incurred.

13.     The Firm's compensation for the services rendered on behalf of the class is wholly contingent.  Any fees and reimbursement of expenses will be limited to such amounts as approved by this Court.

1       I hereby affirm under penalty of perjury of the laws of the United States that the foregoing is

2  true and correct.

3

4  Dated:  January 27, 2017            By:                         

5                                           Daniel C. Girard

EXHIBIT A
*In re: Capacitors Antitrust Litigation*
Case No. 3-14-cv-03264-JD

GIRARD GIBBS LLP

TIME REPORT — November 1, 2014 to September 30, 2016

| Name | Hours | Lodestar |
|------|-------|----------|
| **PARTNERS** | | |
| Daniel C. Girard | 107.50 | $ 91,754.00 |
| Dena C. Sharp | 683.50 | $ 401,550.50 |
| | | |
| **SENIOR COUNSEL** | | |
| Jordan Elias | 73.90 | $ 45,448.50 |
| | | |
| **ASSOCIATES** | | |
| Scott M. Grzenczyk | 235.50 | $ 93,268.50 |
| Valerie H. Li | 1,765.00 | $ 624,058.00 |
| Linh H. Vuong | 134.00 | $ 51,590.00 |
| Emily H. Jenks | 1,879.10 | $ 719,838.00 |
| Walter B. Howe | 173.40 | $ 66,759.00 |
| Patrick S. Nagler | 339.90 | $ 127,462.50 |
| J. Mani Khamvongsa | 982.00 | $ 368,250.00 |
| | | |
| **TOTAL LODESTAR** | **6,373.80** | **$ 2,589,979.00** |

EXHIBIT B

In re: Capacitors Antitrust Litigation
Case No. 3-14-cv-03264-JD

GIRARD GIBBS LLP

EXPENSE REPORT — November 1, 2014 to September 30, 2016

| Category | Amount | |
|---|---|---|
| Assessments | $ | 300,000.00 |
| Commercial Copies / Internal Copies | $ | 3,198.00 |
| Court Fees/Filing Fees | | |
| Computer Research | $ | 12,735.97 |
| Postage | | |
| Professional Fees | | |
| Witness Fees | | |
| Telephone 1 | $ | 251.87 |
| Travel | $ | 219.38 |
| Other | $ | 760.88 |
| **TOTAL** | **$** | **317,166.10** |