UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL DIRECT PURCHASER ACTIONS, | Master File No. 3:14-cv-03264-JD<br><br>**[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANTS ROHM CO., LTD. AND ROHM SEMICONDUCTOR U.S.A., LLC.**<br><br>Date:   March 2, 2017<br>Time:   10:00 a.m.<br>Judge:   The Honorable Judge Donato<br>Courtroom:   11, 19th Floor |

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement between Plaintiffs Chip-Tech, Ltd., Dependable Component Supply Corp., eIQ Energy, Inc., and Walker Component Group, Inc. (together, the "Direct Purchaser Plaintiffs" or "Plaintiffs"), individually and on behalf the Direct Purchaser Class they seek to represent, on the one hand, and ROHM Co., Ltd. and ROHM Semiconductor U.S.A., LLC ("ROHM Defendants"), on the other, set forth in the Settlement Agreement dated August 19, 2016 (the "Settlement Agreement"). The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the settlement should be approved, and (2) that there is no just reason for delay of the entry of this Final Judgment approving the Settlement Agreement. Accordingly, the Court directs entry of

Judgment, which shall constitute a final adjudication of this case on the merits as to the ROHM Defendants in accordance with the terms of the Settlement Agreement. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of the Action and over all parties to the Settlement Agreement, including all members of the Settlement Class.

2. The Court incorporates in this Final Judgment the definitions of terms set forth in the Settlement Agreement [ECF No. 1298-10] as though they were fully set forth in this Final Judgment. Specifically, "Settlement Class," as defined in the Settlement Agreement, means all persons in the United States that purchased Capacitors (including through controlled subsidiaries, agents, Affiliates or joint ventures) directly from any of the Defendants, their subsidiaries, agents, Affiliates or joint ventures from January 1, 2002, through July 22, 2015. Excluded from the Settlement Class are (i) Defendants (and their subsidiaries, agents and Affiliates); (ii) shareholders holding more than a 10% equity interest in ROHM, Co., Ltd as of the Execution Date; (iii) each member of the Settlement Class who has timely requested exclusion by "opting out"; and (iv) governmental entities.

3. The Court finally approves and confirms the settlement set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the Joseph Saveri Law Firm as counsel for the Settlement Class. This firm has and will fairly and competently represent the interests of the Settlement Class.

5. The persons/entities identified in the "Summary of Entities Requesting Exclusion" filed by Plaintiffs on February 21, 2017 [ECF No. 1498-3], have validly requested exclusion from the Class and, therefore, are excluded, except that Hon Hai Precision Industry Co. Ltd. requested to be excluded only with respect to the settlement relating to NEC TOKIN. Such persons and entities, and only such persons and entities, are not included in or bound by this Final Judgment to the extent they have requested exclusion from the settlement relating to the ROHM Defendants. Such persons and entities shall not receive any of the proceeds obtained through the Settlement Agreement to the

extent they have requested exclusion from the settlement relating to the ROHM Defendants.

6. This action is dismissed with prejudice as against the ROHM Defendants, each side to bear its own costs and attorneys' fees except as provided by the Settlement Agreement and the Court's orders.

7. All persons and entities who are Releasors are hereby barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against the Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement [ECF No. 1298-10].

8. The Releasors hereby and forever release and discharge the Releasees with respect to Released Claims as defined in the Settlement Agreement [ECF No. 1298-10].

9. Without affecting the finality of the Court's judgment in any way, the Court retains continuing and exclusive jurisdiction over the Settlement and the Settlement Agreement, including all future proceedings concerning the administration, interpretation, consummation, and enforcement of the Settlement Agreement.

10. This document constitutes a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a).

11. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to Plaintiffs and the Settlement Class and the ROHM Defendants. Accordingly, the Court directs the Clerk to enter Judgment forthwith.

IT IS SO ORDERED.

Dated: _____

_____
HON. JAMES DONATO
United States District Judge