LAW OFFICES
**COTCHETT, PITRE & McCARTHY, LLP**
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577

LOS ANGELES  NEW YORK

March 6, 2017

The Honorable James Donato
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

        RE:    *In re Capacitors Antitrust Litigation*, Case No. 3:14-cv-03264 (N.D. Cal.)

Dear Judge Donato,

Indirect Purchaser Plaintiffs ("IPPs") respectfully submit this response to Defendants' February 23, 2017 discovery letter brief (ECF No. 1504). The Court should deny Defendants' motion because (1) Defendants' position contradicts their prior position that it is too difficult and attenuated to trace an overcharge from first-level indirect purchasers to downstream indirect purchasers, *see* Defendants' Motion to Dismiss (ECF No. 474, 551), (2) there is no risk of duplicative damages because there are not multiple levels of indirect purchasers suing; (3) courts routinely deny such discovery and (4) Defendants waited for approximately two years to bring this motion and engaging in this burdensome and irrelevant discovery would needlessly disrupt the schedule.

**Background.** On March 7, 2015, Defendants served written discovery seeking downstream discovery from IPPs who purchased standalone capacitors from distributors. Defendants state that they are entitled to the information to show that IPPs who purchased standalone price-fixed capacitors from distributors passed on those overcharges to downstream indirect purchasers who, for example, may have purchased a toy that contained the price-fixed capacitor. IPPs responded on April 27, 2015 and refused to produce the downstream discovery for multiple reasons. Defendants did not move to compel nor did they raise any issue with IPPs regarding downstream discovery. Now, on the eve of class representative depositions, Defendants have raised the issue and demanded that it be resolved prior to the depositions, despite their dilatory conduct and failure to do anything regarding this issue for a two-year period.

**Defendants' position contradicts previous positions they have taken before this Court that downstream Indirect Purchasers cannot sue nor can their overcharge be quantified**

At the outset of this litigation, IPPs' First Consolidated Complaint included the claims of not only first-level indirect purchasers who purchased standalone capacitors from distributors, but *also* downstream indirect purchasers who purchased products incorporating price-fixed capacitors. *See* IPPs' First Consolidated Complaint, ECF No. 400. In moving to dismiss the downstream IPPs from that complaint, Defendants argued that it would be *impossible* to trace the overcharge through the distribution chain and that such an analysis was simply too speculative, remote and burdensome. *See* Defendants' Joint Motion to Dismiss, ECF No. 474. Indeed, in arguing for dismissal of the downstream IPPs' claims, Defendants wrote that "the allegedly price-fixed product is a tiny electronic component that literally costs pennies and the IPPs include Plaintiffs who are trying to claim a resulting antitrust injury through the purchase of such expensive finished products as computers and even automobiles . . . It is precisely in such a case that the *AGC* doctrine applies to preclude standing because the injuries claimed are simply too remote and complex to award." *See id.* at 13-14. On Reply, Defendants again argued that tracing the overcharge to downstream IPPs (the very task they seek to engage in through this motion) is impossible and should be thrown out at the pleadings. *See* ECF No. 551 at 14-15. Defendants reiterated the point during oral argument and this Court agreed with it. Mar. 11, 2015 Hr'g Tr. 24:2-10. Defendants cannot have it both ways: they cannot argue injuries downstream from IPPs are too complex and remote to even get out of the starting gate at the pleadings and then seek to obtain precisely the

same discovery downstream from IPPs to demonstrate a pass-on analysis that they previously argued was impossible. It would be a strange world if IPPs were required to produce downstream data to show that the first-level IPPs passed-on an overcharge to the same downstream IPPs that Defendants previously argued had no claims. As discussed in more detail below, in the absence of Consumer IPPs, there is no need for downstream discovery because there is no risk of duplicative damages. The Court should not permit Defendants to benefit from taking wildly contradictory positions in this litigation. *See, e.g., New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990).

**Downstream discovery is irrelevant to a pass-on defense where there is only a single level of Indirect Purchasers suing.** Defendants misinterpret the state statutes and case law referenced in their Brief:

**California.** In *Clayworth v. Pfizer, Inc.*, the California Supreme Court concluded, "under the Cartwright Act as under federal law [] a pass-on defense generally may **not** be asserted." 49 Cal. 4th 758, 787 (2010) (emphasis added). *Clayworth* thus announced the general rule that under California law there is **no** pass-on defense. *Clayworth* went on to discuss a potential exception to that general rule, which is not present here, stating that in "instances where multiple levels of purchasers have sued, or where a risk remains they may sue, trial courts and parties have at their disposal and may employ joinder, interpleader, consolidation, and like procedural devices to bring all claimants before the court. In such cases, if damages must be allocated among the various levels of injured purchasers, the bar on consideration of pass-on evidence must necessarily be lifted; the defendants may assert a pass-on defense as needed to avoid duplication in the recovery of damages." *Id*. at 787. Because *Clayworth* was an indirect purchaser case, its reference to multiple levels of purchasers refers to multiple levels of indirect purchasers, since downstream data from the direct purchaser case would not bear on the issue for which Defendants seek the data now. Here, although two levels of purchasers have sued (DPPs and IPPs), there is only one IPP class and no chance of duplicative recovery as between this IPP class and any downstream purchasers—both because no other downstream IPP party has sued and because of Defendants' successful argument that such a party could not sue under the antitrust laws.[1] Because IPPs are not presenting claims for any purchases downstream of the present plaintiffs, there is no risk of duplicative damages, nor any need, as discussed in *Clayworth* and *LCDs infra*, to allocate damages between the indirect classes. As a consequence, downstream information from IPPs cannot be of "relevan[ce] to any party's claim or defense" and is therefore not "proportional to the needs of the case" per Federal Rule of Civil Procedure 26(b)(1).

**Florida, Michigan, and Minnesota.** These states' indirect purchaser statutes are ***silent*** as to whether a defendant may assert a pass-on defense. Judge Illston's decision in *In re TFT-LCD (Flat Panel) Antitrust Litigation*—which involved multiple levels of indirect purchasers—elucidates the point the California Supreme Court made in *Clayworth* and demonstrates why Defendants' motion should be denied. *See* No. 3:10-cv-03205-SI, 2014 WL 4652145, at *2 (N.D. Cal. Sept. 18, 2014) ("*LCDs*"). There, Judge Illston permitted discovery on downstream sales precisely because there were multiple levels of indirect purchasers suing. *Id.* at *2 (N.D. Cal. Sept. 18, 2014) (noting "the risk of duplicative recovery if the defense is precluded . . . .");[2] *see also*, *LCDs*, No. C 09-4997 SI, 2012 WL 6709621, at *4 (N.D. Cal. Dec. 26, 2012) (permitting pass on defense because of multiple indirect levels of plaintiffs), *aff'd*, 637 F. App'x 981 (9th Cir. 2016). Here, unlike *LCDs*, there is no chance of duplicative recovery among indirect purchasers because there is only one IPP class.

---

[1] Flextronics also asserts indirect claims but asserts them at the same level in the distribution chain as IPPs (*i.e.*, purchases of standalone capacitors made from distributors). Flextronics does not seek recovery for purchases of finished products incorporating capacitors.

[2] As recounted in the fact section, "Plaintiffs . . . purchased finished products containing LCD panels and resold those products to subsequent purchasers." Judge Illston permitted a pass-on defense because (a) Plaintiffs were intermediary links in the indirect distribution chain, *and* (b) a class action had been brought on behalf of end-customers who purchased the price-fixed LCDs.

**Nebraska and New York.** These states' indirect purchaser statues permit a pass-on defense ***but only if*** those to whom the overcharge was passed on to are ***entitled to recover themselves***. *See* Neb. Rev. Stat. Ann. § 59-821.01; N.Y. Gen. Bus. Law § 340(6) (permitting the defense if the downstream plaintiffs "are themselves entitled to recover so as to avoid duplication of recovery of damages."). The statutory language in Nebraska and New York, therefore, essentially incorporates the *Clayworth* Court's reasoning – the risk of duplicative damages, which doesn't exist in this case and precludes the defense where there is no such risk. Here, Defendants argued that such downstream plaintiffs do not actually have claims under the antitrust laws. Consequently, Defendants are not permitted a pass-on defense.

**Iowa.** The Iowa statute (Iowa Code § 553.12(2)) is likewise silent as to whether a defendant may assert a pass-on defense. Contrary to Defendants' assertion, *Comes v. Microsoft Corp.* does not "preclude[] recovery of overcharges passed on to other purchasers." Defs. Br. at 3. In fact, *Comes* expressed, "[t]here are few, if any, reported instances of a defendant paying treble damages to two different classes of purchasers based on a single antitrust violation. . . Even assuming such danger of multiple liability exists, there is no federal policy against states imposing liability in addition to that imposed under federal law." 646 N.W.2d 440, 444-50 (Iowa 2002). The decision in *Comes*, therefore, recognizes that in enacting an *Illinois Brick* repealer statute, the legislature understood the risk of duplicative damages as between a direct and indirect class because federal law does not permit a pass-on defense. *See Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481 (1968). Neither the *Comes* case, nor Iowa law generally, justifies Defendants' downstream discovery request in this case.

**Courts disfavor downstream discovery.** Courts have generally refused to require downstream discovery in antitrust price-fixing cases. *See*, *e.g.*, *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000) (more). District courts have precluded downstream discovery in a variety of circumstances—whether for market definition, class certification, damages, or indirect purchaser issues. *See*, *e.g.*, *Meijer*, *Inc. v. Abbott Labs.*, 251 F.R.D. 431, 433-34 (N.D.Cal. 2008) (not discoverable on adequacy of representation); *In re Aspartame Antitrust Litigation*, No. 2:06-cv-1732–LDD, 2008 WL 2275528, at *4–6 (E.D.Pa. 2008) (not discoverable on class certification and indirect purchaser issues); *In re K–Dur Antitrust Litigation*, No. 01-1652, MDL No. 1419, 2007 WL 5302308, at *11–12 (D.N.J. 2007) (not discoverable on adequacy of representation, damages, and indirect purchaser issues).[3] Downstream discovery is also unduly burdensome because it inevitably leads to a "futility of the effort to follow every transaction to its ultimate result." *Clayworth*, 49 Cal. 4th at 769. Courts have concluded that requiring production of downstream sales data would chill antitrust cases due to this disproportionate burden. *Meijer*, *Inc. v. Abbott Labs.*, 251 F.R.D. 431, 434 (N.D. Cal. 2008).[4]

**Capacitor purchases from non-distributors.** Defendants additionally argue IPPs' ability to purchase from non-distributors is relevant to the conspiracy's impact on IPPs. Defs. Br. at 4. Testimony on non-distributor purchases is irrelevant and not proportional because IPPs only bring claims for their purchases from distributors. *See*, *e.g.*, Compl. at ¶¶ 392-94. The availability of

---

[3] Defendants cite *Mylan Pharm.*, *Inc. v. Warner Chilcott Pub. Ltd. Co.*, No. 12-3824, 2013 WL 12149708 (E.D. Pa. July 23, 2013) and *In re Fresh & Process Potatoes Antitrust Litig.*, No. 4:10-md-2186-BLW, 2014 WL 803890, at *1 (D. Idaho Feb. 27, 2014) in support of downstream discovery. *Mylan* concerned a motion to amend and did not order downstream discovery. 2013 WL 12149708 at *3. *Potatoes* ordered downstream discovery based on very specific facts: plaintiff wholesaler's downstream sales data potentially showed its collective purchasing agreements reduced potato prices paid over time compared with prices paid by non-wholesaler members. 2014 WL 803890 at *1.

[4] "[T]he Supreme Court has cautioned that the effectiveness of antitrust actions may be substantially reduced if defendants are allowed to pursue an inquiry into downstream activities and the massive discovery that such an inquiry would entail. Furthermore, the marginal relevance of the information sought is clearly outweighed by the burden and expense that the proposed discovery would impose." *Id.*

other procurement sources does not alter the impact analysis. *In re Folding Carton Antitrust Litigation* is instructive: "The defense that plaintiffs' economic power could have kept the prices of folding cartons down is irrelevant where, as here, the crucial issue is whether there was a conspiracy to fix prices. To suggest that a conspiracy was not as successful as it might have otherwise been because of the plaintiffs' countervailing economic power is absurd. Such an alleged 'economic check' is of no consequence in a price fixing case." MDL No. 250, 1978 U.S. Dist. LEXIS 20409, at *4 (N.D. Ill. May 5, 1978).

**Conclusion.** The breadth and burden of providing downstream and non-distributor discovery and the questionable relevance and benefit of such information show that the discovery sought is not proportional to the needs of this case. Indeed, Defendants' own delay in waiting two years from IPPs' objection and close to three years from the commencement of the cases demonstrates the marginal nature of the information sought.

Respectfully submitted,

*/s/ Steven N. Williams*
Steven N. Williams (State Bar No. 175489)
Adam J. Zapala (State Bar No. 245748)
Elizabeth Tran (State Bar No. 280502)
**COTCHETT PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577
swilliams@cpmlegal.com
azapala@cpmlegal.com
etran@cpmlegal.com

*Interim Lead Counsel for the
Indirect Purchaser Plaintiff Class*