| **Joseph Saveri Law Firm, Inc.** | **Cotchett, Pitre & McCarthy LLP** | **Williams Montgomery & John Ltd.** |
|---|---|---|
| 555 Montgomery St., Suite 1210 | 840 Malcolm Road, Suite 200 | 233 S. Wacker, Suite 6100 |
| San Francisco, CA 94111 | Burlingame, CA 94010 | Chicago, IL 60606-6359 |

**Via ECF and Hand Delivery**                     April 28, 2017

Hon. Judge James Donato
United States District Court
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, California  94102

Re:   *In re Capacitors Antitrust Litigation*, No. 14-cv-3264-JD

Your Honor:

Direct Purchaser Plaintiffs ("DPPs"), Indirect Purchaser Plaintiffs ("IPPs"), and Flextronics International USA, Inc. ("Flextronics," and together with DPPs and IPPs, "Plaintiffs") request that the Court direct Shinyei and KEMET[1] to provide complete answers to Interrogatories 16 and 17, propounded by DPPs in Direct Purchaser Plaintiffs' Third Set of Interrogatories on August 7, 2015. The Interrogatories at issue request that Defendants disclose their meetings, communications, and correspondence with their co-Defendants and competitors—facts at the heart of this case. Defendants have provided inadequate, incomplete answers and have refused to supplement them. Plaintiffs certify that they met and conferred with Shinyei and KEMET regarding their responses. An excerpt of the Interrogatories showing ROGs 16 and 17 is attached as Exhibit A.

Plaintiffs request that the Court order Shinyei and KEMET to provide a list of all of its personnel meeting or communicating with competitors with respect to the Capacitors subject to the conspiracy, as well as the date, time, location, name and affiliations of attendees, subject matter and agreements reached and resulting actions taken for each such communication or meeting that they can identify after a reasonably diligent search.

**Northern District caselaw disfavors allowing defendants in antitrust cartel conspiracy cases to respond to interrogatories about the cartel with references to production documents.**

Although Fed. R. Civ. P. 33(d) permits parties to respond by producing business records in some circumstances, responding parties relying on this provision must specify responsive records "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." A responding party "cannot foist a mass of records on his interrogator when their deciphering is feasible only for one familiar with the records." *RSI Corp. v. IBM,* No. 5:08-cv-2414-RMW, 2012 U.S. Dist. LEXIS 105986, **3-4 (N.D. Cal., July 30, 2012) (citation omitted); *see also* Fed. R. Civ. P. 33 advisory comm. nn. (1970).

Rule 33(d) also does not curtail Rule 33(b)(1)(B)'s requirement that entity parties "furnish the information available to the party." This includes a duty to collect and provide information from anyone in the entity's employ or within its control. *See FDIC v. Halpern*, 271 F.R.D. 191, 193 (D. Nev. 2010) ("A party cannot limit its interrogatory answers to matters within its own knowledge and ignore information immediately available to it or under its control"); *Nat'l Fire v. Jose Truck-*

---

[1] Shinyei Kaisha, Shinyei Technology Co., Ltd., Shinyei Capacitor Co., Ltd., and Shinyei Corporation of America, Inc. ("Shinyei"); KEMET Corporation and KEMET Electronics Corporation ("KEMET"). KEMET is not a Defendant in the IPPs' complaint or the Flextronics action.

Hon. James Donato
April 28, 2017
Page | 2

*ing,* 264 F.R.D. 233, 239 (W.D.N.C. 2010) ("The burden is on the defendants to make an inquiry" and obtain information responsive to interrogatories, including from former employees); *In re Auction Houses Antitrust Litig.,* 196 F.R.D. 444, 445 (S.D.N.Y. 2000) (responding party "obliged to respond to the interrogatories not only by providing the information it has, but also the information within its control or otherwise obtainable by it").

And caselaw in this District also strongly supports a requirement that antitrust Defendants answer interrogatories about their conduct in full. The issue of Rule 33(d) responses in antitrust cases arose recently in *In re Lithium Ion Batteries Antitrust Litig.,* No. 13-md-02420-YGR, 2015 U.S. Dist. LEXIS 111275, **59-60 (N.D. Cal., Aug. 21, 2015). There, the plaintiffs' interrogatory requested that defendants identify meetings or communications with competitors regarding their collusive conduct and specified that to "identify" meant to provide details including date, participants, and subject matter. *Id.* **51-52. The defendants responded by listing 63 meetings and communications along with the date and attendees, but did not identify the subject matter and instead identified documents pursuant to Fed. R. Civ. P. 33(d). *Id.* The Court rejected the defendants' approach. *Id.* **54-60. It held that plaintiffs, by invoking the defendants' secretiveness regarding the meetings and communications and use of codes to conceal meanings, had made a prima facie showing that a Rule 33(d) answer was inadequate, *id.* **55-56, and that the defendants had demonstrated neither the sufficiency of Rule 33(d) answers nor that the burden of extracting answers from documents would be substantially the same for both parties. *Id.* **57-59.

The operative complaints in this action allege at length that Defendants fraudulently concealed their conspiracy. DPP 2nd Am. Complaint, Dkt. 1355 at ¶¶ 391-414; IPP 5th Am. Complaint, Dkt. 1589 at ¶¶ 343-369. Defendants used coded language to discuss their coordinated activities, as several guilty pleas already entered reveal. It is therefore clear that Defendants have available to them information beyond what could be gleaned from mere review of documents, and that the balance of burdens weighs heavily in favor of requiring Defendants to provide complete answers.

In addition, discovery has substantially progressed. Defendants have had opportunity to conduct internal investigations. Under Fed. R. Civ. P. 26(e), a party has a duty to supplement when it learns that "in some material respect the . . . response is incomplete or incorrect." *See also* Fed. R. Civ. P. 26(e) advisory comm. nn. (1993) ("Supplementations . . . should be made at appropriate intervals during the discovery period and with special promptness as the trial date approaches").

**Defendants have refused to provide complete responses to ROGs 16 and 17.**

Shinyei and KEMET have not answered ROGs 16 and 17 completely and accurately.

Shinyei: An excerpt from Shinyei's unverified September 11, 2015 Responses showing Shinyei's initial responses to ROGs 16 and 17 is attached as Exhibit B. In response to ROG 16, Shinyei listed six names of individuals who attended two types of meetings, but did not list the specific meetings or communications in which each participated. Instead, Shinyei pointed DPPs to 73 pages of production documents, in Japanese, that appear to correspond to Shinyei's internal reports regarding one type of meetings with competitors. Shinyei did not represent that the materials contained information responsive to DPPs' request. Rather, it specifically disclaimed making any representation that the materials concerned the topics of the ROG. In response to ROG 17, Shinyei listed three individuals who attended meetings on seven dates and two others who "attended one

Hon. James Donato
April 28, 2017
Page | 3

or more meetings, the dates of which are not currently known." Shinyei did not identify the subject matter of any of these meetings. It then listed the same 73 pages of production documents it had listed in response to ROG 16. And once more Shinyei disclaimed any representation that the materials concerned the topics addressed by the ROG.

An excerpt from Shinyei's unverified May 20, 2016 Supplemental and Second Supplemental Responses showing Shinyei's supplemental responses to ROGs 16 and 17 is attached as <u>Exhibit C</u>. In its supplemental responses to ROGs 16 and 17, Shinyei added references to six production documents amounting to 41 pages, repeated its disclaimer, and did not supplement further.

These responses are facially insufficient. The documents identified are a tiny subset of documents produced in this case which evidence Shinyei's communications with competitors. The responses omit emails with competitors, communications not evidenced by writings but confirmed by deposition testimony, and other responsive information. Shinyei's blindered view of responsive information does not excuse its obligation to provide complete answers in compliance with Rule 33.

<u>KEMET</u>: An excerpt from KEMET's September 11, 2015 Responses showing KEMET's initial responses to ROGs 16 and 17 is attached as <u>Exhibit D</u>. KEMET's initial responses to ROGs 16 and 17 went beyond non-responsive; they were openly defiant: KEMET refused to provide any information on the basis of its conclusory denial of having participated in the conduct alleged.

KEMET supplemented those deficient responses, however, and an excerpt from KEMET's February 1, 2016 Supplemental Responses is attached as <u>Exhibit E</u>. In supplemental response to ROG 16, KEMET did not name a single individual who participated in meetings or communications, but instead provided a list of 86 documents it had produced and identified as "indicative of the types of meetings and communications KEMET had with other Capacitor manufacturers during the relevant time period." Its supplemental response to ROG 17 likewise did not identify any meetings or communications and instead simply incorporated the supplemental response to ROG 16. KEMET served Second Supplemental Responses on July 8, 2016, but did not further supplement its responses to ROGs 16 and 17. Significantly, none of KEMET's responses mention the anticompetitive conduct memorialized by foreign regulators, including by the Republic of China (Taiwan) Fair Trade Commission in December 2015.

Shinyei and KEMET's responses typify Defendants' approach. DPPs have reached out to Shinyei and KEMET to request that they supplement these inadequate and incomplete responses. Each has refused, demanding that Plaintiffs first provide examples of the meetings and communications about which they wish to know more. DPPs have also sought supplemental responses from three other defendants, but those discussions are not concluded.

**Defendants' demand that Plaintiffs provide examples of the information they seek as a condition of supplementing Defendants' own responses is improper and inappropriate.**

Shinyei and KEMET's demands that Plaintiffs demonstrate the existence of responsive information omitted from Defendants' responses are inconsistent with Defendants' obligations under the Federal Rules. Rule 26(e) assigns this responsibility to the responding party: "A party who has . . . responded to an interrogatory . . . has a duty to supplement . . . ." Even a cursory review of Shinyei and KEMET's document productions shows the responses omitted a substantial volume of contacts and other responsive information that they should have included.

Hon. James Donato
April 28, 2017
Page | 4

Respectfully,

| **Joseph Saveri Law Firm, Inc.** | **Cotchett, Pitre, & McCarthy, LLP** |
|---|---|
| /s/ *Joseph R. Saveri* | /s/ *Steven N. Williams* |
| *Interim Lead Class Counsel for Direct Purchaser Plaintiffs* | *Interim Lead Class Counsel for Indirect Purchaser Plaintiffs* |

**Williams Montgomery & John Ltd.**

/s/ *Charles E. Tompkins*

*Attorneys for Flextronics International USA, Inc.*

cc: All Counsel (via ECF)