# Exhibit E

```
 1  PILLSBURY WINTHROP SHAW PITTMAN LLP
    ROXANE A. POLIDORA (CA Bar No. 135972)
 2  roxane.polidora@pillsburylaw.com
    JACOB R. SORENSEN (CA Bar No. 209134)
 3  jake.sorensen@pillsburylaw.com
    LAURA C. HURTADO (CA Bar No. 267044)
 4  laura.hurtado@pillsburylaw.com
    JHALE ALI (CA Bar No. 291872)
 5  jhale.ali@pillsburylaw.com
    Four Embarcadero Center, 22nd Floor
 6  San Francisco, CA 94111
    Telephone: (415) 983-1000
 7  Facsimile: (415) 983-1200

 8  Attorneys for Defendants
    KEMET CORPORATION and
 9  KEMET ELECTRONICS CORPORATION
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE CAPACITORS ANTITRUST LITIGATION | Master File No. 3:14-cv-03264-JD |
|---|---|
| This Document Relates To:<br>DIRECT PURCHASER ACTION | **SUPPLEMENTAL RESPONSES OF DEFENDANTS KEMET CORPORATION AND KEMET ELECTRONICS CORPORATION TO DIRECT PURCHASER PLAINTIFFS' THIRD SET OF INTERROGATORIES** |

Pursuant to Rule 33(b) of the Federal Rules of Civil Procedure, Defendants KEMET Corporation and KEMET Electronics Corporation ("Defendants") hereby supplement their responses to the third set of interrogatories by the Direct Purchaser Plaintiffs ("Plaintiffs") served by electronic mail on August 7, 2015 (the "Interrogatories") as follows:

**GENERAL OBJECTIONS**

Defendants are responding to the Interrogatories on the basis of the best information available to them at the time of gathering responsive information, within the limits, and subject to the objections set forth below.  The fact that Defendants are willing to provide

1  investigation, discovery, analysis, legal research, and preparation for trial in this matter.
2  The responses contained herein are based only upon the information and documentation
3  that is presently available to and known to Defendants.  These responses are further limited
4  by the language and provisions of the April 7 Order.  It is possible that further investigation,
5  discovery, and research may result in the ascertainment of additional information or
6  documentation or different factual and legal contentions.  Accordingly, Defendants reserve
7  the right (but do not assume the obligation) to modify their responses herein.  The responses
8  to the Interrogatories should not be construed to prejudice Defendants' right to conduct
9  further investigation, discovery, and research, or to limit Defendants' right to utilize any
10 additional evidence that may be developed.

**RESPONSES TO INTERROGATORIES**

12 **INTERROGATORY NO. 16**:
13     Identify your employees who communicated or attended a meeting with any
14 Defendant or manufacturer of Capacitors concerning the sale, pricing, marketing,
15 production, manufacture, or distribution of Capacitors, or this litigation, and for each such
16 employee, Identify all such meetings and communications.
17     **RESPONSE TO INTERROGATORY NO. 16**:  Defendants object to this
18 Interrogatory on each and every ground set forth in the General Objections, which are
19 incorporated here by this reference.  Defendants further object to this Interrogatory and the
20 terms used therein as overbroad, vague, ambiguous, and unduly burdensome.  Defendants
21 also object to this Interrogatory on the basis that it is unduly burdensome in that it requests
22 information related to "all" meetings and communications with "any" Defendant or
23 manufacturer of Capacitors over fourteen years.  In addition, Defendants object to this
24 Interrogatory because it is compound.  Defendants further object to this Interrogatory to the
25 extent it seeks information of which Defendants lack knowledge or information which
26 Defendants do not track in the usual course of business.  Defendants also object to this
27 Interrogatory to the extent it would require Defendants to compile or summarize their
28 business records, because the burden of deriving or ascertaining such a compilation or

summary would be substantially the same for Plaintiffs.  Defendants further object to this Interrogatory to the extent it calls for a legal conclusion and/or seeks information protected by the attorney-client privilege, the work-product doctrine, or any other privilege or doctrine.  Defendants also object to this Interrogatory to the extent it seeks information regarding products that were neither sold by Defendants in the United States nor had the requisite effect on commerce or trade in the United States on the grounds that such request is unduly burdensome and irrelevant to this action.

Subject to and without waiving the foregoing objections, Defendants respond as follows:  Defendants deny having knowledge of or participating in the alleged conspiracy or any agreement to fix, raise, stabilize, or maintain the pricing of Capacitors.  KEMET has had legitimate business relationships and participated in trade associations with other defendants and manufacturers of Capacitors.  Thus, compiling the requested information regarding such matters would be unduly burdensome and unlikely to lead to the discovery of admissible information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16**:  Defendants incorporate by reference their previous general and specific objections to this Interrogatory.  Defendants also incorporate by reference their previous response to this Interrogatory.  Subject to and without waiving the foregoing objections, and at Plaintiffs' request, Defendants supplement their response as follows:

Defendants deny having knowledge of or participating in the alleged conspiracy or any agreement to fix, raise, stabilize, or maintain the pricing of Capacitors.  KEMET has participated in meetings and communications with other Capacitor manufacturers relating to legitimate business activities, including discussions regarding potential and/or actualized licensing and supply agreements, private label partnerships, acquisitions, and investments.  At Plaintiffs' request, and without waiving its objections – including that collecting such information is unduly burdensome, unlikely to lead to the discovery of admissible evidence, and that Plaintiffs can identify such information through their own searches of KEMET's document productions – KEMET has undertaken a good faith effort to identify documents

1  reflecting such meetings and communications.  The following documents are indicative of

2  the types of meetings and communications KEMET had with other Capacitor

3  manufacturers during the relevant time period[1]:

4  KEM0104146; KEM0122850; KEM0155377; KEM0235903; KEM0320498;

5  KEM0332850; KEM0359525; KEM0360877; KEM0806154; KEM0808926;

6  KEM0809657; KEM0809660; KEM0809661; KEM0809662; KEM0810642;

7  KEM0825906; KEM0838041; KEM0873631; KEM0875852; KEM0875853;

8  KEM0910379; KEM0977758; KEM0977759; KEM0977760; KEM0977761;

9  KEM0977762; KEM0977763; KEM1028625; KEM1032404; KEM1032405;

10  KEM1032406; KEM1084780; KEM1086921; KEM1086924; KEM1087952;

11  KEM1090936; KEM1090937; KEM1091156; KEM1093176; KEM1098910;

12  KEM1098976; KEM1099127; KEM1099128; KEM1099290; KEM1099352;

13  KEM1099354; KEM1099389; KEM1099877; KEM1100240; KEM1100482;

14  KEM1101829; KEM1101830; KEM1101831; KEM1101861; KEM1102091;

15  KEM1102092; KEM1102372; KEM1102379; KEM1102428; KEM1102710;

16  KEM1102711; KEM1104866; KEM1106643; KEM1106644; KEM1107277;

17  KEM1108682; KEM1110264; KEM1110315; KEM1111982; KEM1112146;

18  KEM1112147; KEM1113461; KEM1113462; KEM1114475; KEM1114899;

19  KEM1116546; KEM1116926; KEM1117405; KEM1120512; KEM1120597;

20  KEM1120822; KEM1122581; KEM1122582; KEM1136050; KEM1136287;

21  KEM1136333.

22  **INTERROGATORY NO. 17**:

23  Identify each meeting, communication or correspondence with any Defendant or

24  other manufacturer of Capacitors regarding Capacitor prices, marketing, production,

25  manufacture, distribution, RFQ responses, supply, demand, bid-rigging, price coordination,

---

[1] This list does not include documents relating to participation by KEMET employees in trade association meetings or trade shows, as Plaintiffs' counsel agreed that Plaintiffs can search for them just as easily as KEMET can.

1  non-competitive bidding, courtesy bids, sales targets or sales generally, allocation of
2  business, capacity utilization, and/or agreements regarding the same, describe (a) the date,
3  place, time and type of each meeting, communication or correspondence, (b) the name,
4  employer, and position of each participant, (c) the subject matter, including the Capacitor
5  type, manufacturer, model name and number, model year, and part number that was a
6  subject of the meeting, communication, or correspondence (d) the substance of the meeting,
7  communication or correspondence, (e) any agreements or understandings reached, implicit
8  or otherwise, and (f) all actions taken as a result of the meeting, communication or
9  correspondence.

10  **RESPONSE TO INTERROGATORY NO. 17**:  Defendants object to this
11  Interrogatory on each and every ground set forth in the General Objections, which are
12  incorporated here by this reference.  Defendants further object to this Interrogatory and the
13  terms used therein as overbroad, vague, ambiguous, and unduly burdensome.  Defendants
14  object that the undefined terms and/or phrases "RFQ responses," "non-competitive bidding,
15  courtesy bids, sales targets or sales generally, allocation of business," "implicit or
16  otherwise," and "taken as a result of" are vague and ambiguous.  Defendants also object to
17  this Interrogatory on the basis that it is unduly burdensome in that it seeks detailed
18  information for each meeting, communication, and correspondence with any Defendant or
19  manufacturer regarding at least sixteen topics over fourteen years.  In addition, Defendants
20  object to this Interrogatory because it is compound.  Defendants further object to this
21  Interrogatory to the extent it seeks information of which Defendants lack knowledge,
22  information which Defendants do not track in the usual course of business, or information
23  that is not in Defendants' possession, custody, or control.  Defendants also object to this
24  Interrogatory to the extent it would require Defendants to compile or summarize their
25  business records, because the burden of deriving or ascertaining such a compilation or
26  summary would be substantially the same for Plaintiffs.  Defendants further object to this
27  Interrogatory to the extent it calls for a legal conclusion and/or seeks information protected
28  by the attorney-client privilege, the work-product doctrine, or any other privilege or

1  doctrine.  Defendants also object to this Interrogatory to the extent it seeks information
2  regarding products that were neither sold by Defendants in the United States nor had the
3  requisite effect on commerce or trade in the United States on the grounds that such request
4  is unduly burdensome and irrelevant to this action.  Defendants further object to the extent
5  this Interrogatory assumes that Defendants participated in any contract, combination,
6  conspiracy, agreement, or understanding to fix, raise, stabilize, or maintain the pricing of
7  Capacitors, which Defendants deny.
8  Subject to and without waiving the foregoing objections, Defendants respond as
9  follows:  Defendants incorporate their response to Interrogatory No. 16.
10  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**:  Defendants
11  incorporate by reference their previous general and specific objections to this Interrogatory.
12  Defendants also incorporate by reference their previous response to this Interrogatory.
13  Subject to and without waiving the foregoing objections, and at Plaintiffs' request,
14  Defendants supplement their response as follows:
15  Defendants incorporate their supplemental response to Interrogatory No. 16.
16  Dated:  February 1, 2016.

PILLSBURY WINTHROP SHAW PITTMAN LLP
ROXANE A. POLIDORA
JACOB R. SORENSEN
LAURA C. HURTADO
JHALE ALI
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111

By:  _____/s/ *Jacob R. Sorensen*_____
Jacob R. Sorensen

Attorneys for Defendants
KEMET CORPORATION and
KEMET ELECTRONICS CORPORATION