Joseph W. Cotchett (36324)
Steven N. Williams (175489)
Adam J. Zapala (245748)
Elizabeth Tran (280502)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:  (650) 697-6000
Facsimile:   (650) 697-0577
jcotchett@cpmlegal.com
swilliams@cpmlegal.com
azapala@cpmlegal.com
etran@cpmlegal.com

*Interim Lead Counsel for the Putative Indirect Purchaser Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL INDIRECT PURCHASER ACTIONS | **MASTER FILE NO. 14-cv-03264-JD**<br><br>**INDIRECT PURCHASERS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS HITACHI CHEMICAL AND SOSHIN; MEMORANDUM OF POINTS AND AUTHORITIES THERETO**<br><br>**Date:  October 10, 2017**<br>**Time: 10:00 am**<br>**Judge:  Hon. James Donato**<br>**Courtroom:   11, 19th Floor** |

Law Offices
COTCHETT, PITRE &
McCARTHY, LLP

IPP's Motion for Final Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on October 10, 2017, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable James Donato, United States District Judge for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, the Indirect Purchaser Plaintiffs ("IPPs") will and hereby do move for entry of an Order seeking preliminary approval of proposed settlements with Defendants (1) Hitachi Chemical Co., Ltd., Hitachi AIC Inc., and Hitachi Chemical Co. America, Ltd. (collectively "**Hitachi Chemical**"), and (2) Soshin Electric Co., Ltd. and Soshin Electronics of America, Inc. (collectively "**Soshin**") (collectively, the "Settlements" and the "Settling Defendants"). At this time, Plaintiffs are not seeking approval of a class notice program, an award of attorneys' fees or costs or to establish a claims process. Because additional settlements involving IPPs are in the process at this time, IPPs will propose a class notice program at a later date so that these subsequent settlements may be included. IPPs' ultimate class notice program will essentially be identical to the previous class notice program approved by this Court.

This motion is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Northern District of California's Procedural Guidance for Class Action Settlements. The grounds for this motion are that the settlements with Defendants Hitachi Chemical and Soshin fall within the range of possible approval, contain no obvious deficiencies and were the result of serious, informed and non-collusive negotiations. As such, this Court should grant preliminary approval.

IPPs' Motion is based upon this Notice; the following Memorandum of Points and Authorities in support; the Declaration of Steven N. Williams; the Class Settlements with Defendants Hitachi Chemical and Soshin; any further papers filed in support of this motion as well as arguments of counsel and all records on file in this matter.

IPP's Motion for Preliminary Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD

1    Dated: September 8, 2017                    Respectfully Submitted,

2                                                **COTCHETT, PITRE & McCARTHY, LLP**

3                                                By: */s/ Steven N. Williams*
                                                      Steven N. Williams
4                                                     Adam J. Zapala
                                                      Elizabeth Tran
5                                                     Mark F. Ram
                                                      840 Malcolm Road, Suite 200
6                                                     Burlingame, CA 94010
                                                      Telephone: (650) 697-6000
7                                                     Facsimile: (650) 697-0577

8                                                *Interim Lead Class Counsel for Indirect Purchaser*
                                                 *Plaintiffs*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IPP's Motion for Preliminary Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND.......................................2

    A.    Settlement Efforts with Defendant Hitachi Chemical ..........................2

    B.    Settlement Efforts with Defendant Soshin...................................3

III.  SUMMARY OF SETTLEMENT TERMS...............................................3

    A.    Settlement Classes for the Settlements ....................................3

    B.    Settlement Consideration ..................................................4

    C.    Information on Settlement – Northern District of California Guidance ............5

        1.    Differences Between Settlement Class and Class Defined in Complaint...5

        2.    Differences Between Claims Released and Claims in Complaint .............6

        3.    Settlement Recovery Versus Potential Trial Recovery...........................6

        4.    Fairness of the Allocation of the Settlement Funds ..........................7

        5.    Administration Costs Will Be Kept at a Minimum ................................8

        6.    Attorneys' Fees ..........................................................8

        7.    Incentive Awards .........................................................8

IV.   LEGAL ARGUMENT .......................................................................8

    A.    Legal Standard for Preliminary Approval of Class Action Settlements ................8

    B.    The Settlements with Defendants Hitachi Chemical and Soshin Meet the Standard for Preliminary Approval of Settlements.................................9

        1.    The Settlements Are the Result of Serious, Informed, and Non-Collusive Negotiations ...........................................................9

        2.    There Are No Obvious Deficiencies in the Settlements ........................10

        3.    There is No Preferential Treatment.......................................10

        4.    The Proposed Settlements Fall Within the Range of Possible Approval..11

    C.    The Proposed Settlement Classes Satisfy Rule 23 .................................11

        1.    Fed. R. Civ. P. 23(a)(1) – Numerosity ....................................11

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**IPP's Motion for Preliminary Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD**                                                                                    i

2.       Fed. R. Civ. P. 23(a)(2) – Commonality.........................................11

3.       Fed. R. Civ. P. 23(a)(3) – Typicality ............................................12

4.       Fed. R. Civ. P. 23(a)(4) – Fair and Adequate Class Representation.........13

5.       All Requirements of Rule 23(b) Are Met In This Case...........................14

D.    This Court Should Appoint Interim Class Counsel as Settlement Class Counsel ...........................................................................................15

IV.    CONCLUSION..............................................................................................16

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)................................................................15

*Bellinghausen v. Tractor Supply Co.*,
  303 F.R.D. 611 (N.D. Cal. 2014)..................................................12, 16

*In re Catfish Antitrust Litig.*,
  826 F. Supp. 1019 (N.D. Miss. 1993)..............................................13

*In re Citric Acid Antitrust Litig.*,
  145 F. Supp. 2d 1152 (N.D. Cal. 2001) ...........................................8

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
  2006 WL 1530166 (N.D. Cal. June 5, 2006) ......................................12

*G.F. v. Contra Costa County*,
  2015 WL 4606078 (N.D. Cal. July 30, 2015)................................1, 2, 9

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ...................................................9, 14

*In re High-Tech Emp. Antitrust Litig.*,
  985 F. Supp. 2d 1167 (N.D. Cal. 2013) ..........................................15

*In re Optical Disk Drive Antitrust Litig.*,
  2016 WL 467444 (N.D. Cal. Feb. 8, 2016) .......................................13

*In re Rubber Chems. Antitrust Litig.*,
  232 F.R.D. 346 (N.D. Cal. 2005)..................................................12

*In re Tableware Antitrust Litig.*,
  484 F. Supp. 2d 1078 (N.D. Cal. 2007) ...........................................9

*In re TFT-LCD Antitrust Litig.*,
  267 F.R.D. 291 (N.D. Cal. 2010), *abrogated on other grounds*............................15

**Rules**

Federal Rules of Civil Procedure
  Rule 23 ...........................................................................1, 11
  Rule 23(a)....................................................................11, 12, 13, 14
  Rule 23(a)(1).....................................................................11
  Rule 23(a)(2).....................................................................12

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

Rule 23(a)(3) ..................................................................................................... 13
Rule 23(a)(4) ..................................................................................................... 14
Rule 23(b) ............................................................................................... 11, 14, 15
Rule 23(b)(1) ................................................................................................ 14, 15
Rule 23(b)(3) ................................................................................................ 14, 15
Rule 23(g)(1) ..................................................................................................... 16

**Other Authorities**

*Manual for Complex Litigation (Fourth)* § 21.632 (2004) ......................................... 9

*Newberg on Class Actions* § 13:10 (5th ed.) ........................................................ 9

*Newberg on Class Actions* § 20:23 (5th ed.) ................................................... 12, 13

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**IPP's Motion for Preliminary Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD**                                                                                     iv

## QUESTION TO BE PRESENTED

Whether this Court should grant preliminary approval of the Indirect Purchaser Plaintiffs' Class Settlements with Defendants Hitachi Chemical and Soshin.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 23, Indirect Purchaser Class Plaintiffs ("IPPs") move for an order preliminarily approving two Class Settlements with Defendants Hitachi Chemical Co., Ltd./Hitachi AIC Inc./Hitachi Chemical Co. America, Inc. (collectively, "Hitachi Chemical") and Soshin Electric Co., Ltd./Soshin Electronics of America (collectively, "Soshin") (collectively, the "Settlements" and the "Settling Defendants").  The Settlements were reached after hard-fought litigation and significant discovery, are the result of arms-length negotiations, and Interim Class Counsel believes that the settlements are in the best interests of the Class.  *See* Declaration of Steven N. Williams in Support, ¶¶ 1-10 ("Williams Decl.").

The Settlement with Hitachi Chemical provides for a significant payment to the IPP class totaling $14,000,000.  The Settlement with Soshin provides for a payment to the IPP class totaling $590,000.  Each of the Settling Defendants has also agreed to provide significant cooperation to IPPs in the continued prosecution of their claims against the non-settling Defendants.  In exchange for the settlement consideration they are providing, the Settling Defendants will receive releases of all class members' antitrust and consumer protection claims against them relating to an alleged conspiracy to fix, raise, maintain and/or stabilize the price of electrolytic and/or film capacitors purchased by class members directly from a distributor.  The releases are of precisely the same scope as those releases this Court has already preliminarily (ECF No. 1456) and finally (ECF No. 1808) approved as to other IPP settlements in this action.

At the preliminary approval stage, the Court is not asked to make a final determination on whether or not to approve the Settlements.  *G.F. v. Contra Costa County*, 2015 WL 4606078, at *8–9 (N.D. Cal. July 30, 2015).  Instead, the Court is tasked with determining if the Settlements fall within the range of possible approval and appear to be the product of serious, informed, and

non-collusive negotiations.  *Id.*  IPPs believe that the Settlements meet these criteria and, for that reason, the Court should grant preliminary approval of the Settlements.

IPPs are not now requesting approval of a claims administrator, a commencement of a claims process, or a class notice program, as IPPs believe it would be more efficient and economic to defer those processes given other contemplated settlements in this matter.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an alleged conspiracy by the Defendants to fix, raise, maintain, and/or stabilize the price of capacitors sold in the United States.  This case has been heavily litigated, with multiple rounds of motions to dismiss and motions for summary judgment already having been filed.  There have been significant discovery challenges faced by IPPs, not only in regards to obtaining documents and information from Defendants but also in obtaining documents and information from non-party capacitor distributors in order to successfully prosecute this action.  IPPs have successfully navigated many factual and legal challenges in prosecuting this case, but there is still a long way to go.  There are no guarantees at trial, and trying a complex class action such as this one would be particularly lengthy and costly—for example, there are already several thousand docket entries in this case. Indeed, there should be no dispute that the proposed Settlements are the result of a fair evaluation of the merits of the case after years of extensive litigation.

### A.   Settlement Efforts with Defendant Hitachi Chemical

IPPs engaged in settlement negotiations with Defendant Hitachi Chemical for almost a year.  These negotiations included a mediation with a nationally renowned mediator, in person meetings, the exchange of confidential information reflecting the parties' respective views of liability and damages, and information concerning Hitachi Chemical's financial conditions and prospects.  After the mediation and with the assistance of the mediator, the parties engaged in several additional discussions and negotiations regarding an appropriate settlement.  These negotiations were hard fought.  The proposed settlement was only agreed upon after the exchange of information, continued dialogue between the parties, and negotiation concerning appropriate

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**IPP's Motion for Preliminary Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD**

2

financial consideration.  *See* Williams Decl. ¶ 7.  The settlement was reached after the exchange of expert reports and expert discovery regarding class certification.  *Id.*

### B.   Settlement Efforts with Defendant Soshin

Negotiations with Defendant Soshin followed a similar, although not identical, process as negotiations with Hitachi Chemical.  The parties held in-person meetings, telephonic meetings, exchanged information, and exchanged settlement proposals.  The proposed settlement was arrived at only after both sides had the opportunity to be fully informed of the relative strengths and weaknesses of their positions, litigation risks, and issues involving ability to pay. Williams Declaration ¶ 8.  As with Hitachi, the settlement with Soshin was only reached after substantial discovery in this action, and expert discovery regarding class certification.

## II.   SUMMARY OF SETTLEMENT TERMS

### A.   Settlement Classes for the Settlements

Settlement with Defendant Hitachi Chemical involves two separate Settlement Classes.

Electrolytic Settlement Class Definition with Defendant Hitachi Chemical:

All persons and entities in the United States who, during the period from April 1, 2002 to February 28, 2014, purchased one or more Electrolytic Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured.  Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants.

*See* Hitachi Chemical Settlement Agreement, Williams Decl., Ex. 1, ¶ 1(f).

Film Settlement Class Definition for Defendant Hitachi Chemical:

All persons and entities in the United States who, during the period from January 1, 2002 to February 28, 2014 purchased one or more Film Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**IPP's Motion for Preliminary Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD**                                                                 3

co-conspirator manufactured.  Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants.

*See* Hitachi Chemical Settlement Agreement, Williams Decl., Ex. 2, ¶ 1(f).

There is only one proposed Settlement Class for the Settlement with Defendant Soshin, as they are only alleged to have been part of the Film Capacitor conspiracy.

Settlement Class Definition for Defendant Soshin:

[A]ll persons and entities in the United States who, during the period from January 1, 2002 to February 28, 2014, purchased one or more Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured.  Excluded from the Class are Defendants; their parent companies, subsidiaries and Affiliates; any co-conspirators; Defendants' attorneys in this case; federal government entities and instrumentalities, states and their subdivisions; all judges assigned to this case; all jurors in this case; and all Persons who directly purchased Capacitors from Defendants.

*See* Soshin Settlement Agreement, Williams Decl., Ex. 2, ¶ 1(f).

**B.     Settlement Consideration**

Defendant Hitachi Chemical

Defendant Hitachi Chemical has agreed to pay the total sum of $14,000,000 to the members of the classes to settle the claims against it.  *See* Hitachi Chemical Settlement Agreement, ¶ 1(ee).  From this lump sum, $13,370,000 will be allocated to the Electrolytic Class, and $630,000 will be allocated to the Film Class. *Id.* Defendant Hitachi Chemical also agreed to provide substantial cooperation to the IPPs.  This cooperation includes providing IPPs with an oral proffer of facts regarding the alleged conspiracy in the capacitors industry, producing business documents related to the alleged conspiracy, and making current employees available

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**IPP's Motion for Preliminary Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD**                                                                    4

for interviews, depositions, and testimony.  *Id.* at ¶¶ 32–37.  Defendant Hitachi Chemical's substantial cooperation will provide IPPs with evidence to demonstrate the existence of a conspiracy in the capacitors industry and will assist IPPs in understanding the nature and details of those conspiracies.

Defendant Soshin

Defendant Soshin has agreed to pay the class $590,000 as well as provide cooperation to IPPs in further prosecuting this action against other Defendants as part of its settlement with IPPs.  *See* Soshin Settlement Agreement, ¶ 1(ff).  Through its agreement to provide cooperation, Defendant Soshin has agreed to provide an oral proffer of facts regarding the alleged conspiracy in the capacitors industry.  *Id.* at ¶¶ 34–38.  Similar to settlements with other Defendants, Defendant Soshin has agreed to provide IPPs with evidence to demonstrate the existence of a conspiracy, including producing documents related to communications and meetings utilized by Defendants to conspire, fix, raise, maintain and/or stabilize the prices of capacitors, as well as making current or former employees available for interviews, depositions, and testimony at trial. *Id.*

## C.     Information on Settlement – Northern District of California Guidance

### 1.     Differences Between Settlement Class and Class Defined in Complaint

Defendant Hitachi Chemical is alleged to have been involved in both the electrolytic and film capacitor conspiracy from January 1, 2002 to the present.  *See* Fifth Consolidated Complaint, ¶¶ 2, 392, 394.  Plaintiffs' claims for injunctive relief under federal antitrust laws covers all purchasers of electrolytic capacitors and film capacitors in the United States.  *Id.* at ¶ 392.  The proposed Settlement Class for Defendant Hitachi Chemical covers the time period from April 1, 2002 to February 28, 2014 for the Electrolytic Class, and January 1, 2002 to February 28, 2014 for the Film Class – the time periods that IPPs moved for in their motion for class certification. *See* Hitachi Chemical Settlement Agreement, ¶ 1(f).  There is no material difference between the Settlement Classes and the alleged Class in the complaint as to Defendant Hitachi Chemical.

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

IPP's Motion for Preliminary Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD                                                                                          5

Defendant Soshin was primarily involved in the manufacturing, marketing, and sale of film capacitors. *See* Fifth Consolidated Complaint, ¶¶ 87–88. In IPP's Fifth Consolidated Complaint, the Film Capacitor Class is alleged to have been active from January 1, 2002 to the present. *Id.*, ¶¶ 3, 392. The Settlement Class with Defendant Soshin is from January 1, 2002 to February 28, 2014, as is the proposed class period in the pending motion for class certification. *See* Soshin Settlement Agreement, ¶ 1(f). Thus, the Settlement Class with Defendant Soshin is consistent with the Class in the complaint.

### 2.    Differences Between Claims Released and Claims in Complaint

There are no material differences between the claims released and the claims in the complaint. IPPs allege two conspiracies: the electrolytic conspiracy, and the film conspiracy. *See* Fifth Consolidated Complaint, ¶¶ 2–3. In light of the fact that Defendant Hitachi Chemical is alleged to have participated in both the electrolytic and film conspiracies, the parties negotiated a release of claims for both electrolytic and film capacitor purchases. *See* Hitachi Chemical Settlement Agreement, ¶ 1(aa). The release of claims against Soshin is similar in that in releases all antitrust and consumer protection claims that the classes could have brought against Soshin. Soshin did not sell electrolytic capacitors in the United States. IPPs have not released any claims against Defendants Hitachi Chemical or Soshin for product liability, breach of contract, breach of warranty or personal injury, or any other claim unrelated to the allegations in the Actions. *See* Hitachi Chemical Settlement Agreement, ¶ 14; Soshin Settlement Agreement, ¶ 15. These releases are fair, reasonable and adequate to the class.

### 3.    Settlement Recovery Versus Potential Trial Recovery

Class certification is now fully briefed and pending in front of the Court for disposition. There is also the very real potential in this case for certain Defendants to become insolvent during the pendency of this litigation. Many Defendants in this action operate on extremely slim margins and the payment of government fines concerning the price fixing conduct at issue in this case may cause them to become insolvent. These are just a few of the risks to IPPs' success. Interim Lead Counsel's duties to the IPPs preclude a further or more detailed discussion in this

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**IPP's Motion for Preliminary Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD**                                                                 6

brief as to how Interim Lead Counsel weighs those risks. Even at this point, however, IPPs believe that the settlements reflect a fair and reasonable compromise in light of potential trial recovery. These settlements come after substantial discovery in this action, and come at a time during which some non-settling Defendants still refuse to produce their witnesses for depositions, or the witnesses do show up but invoke the Fifth Amendment and refuse to testify. These factors make the cooperation being provided significantly more valuable than in many other cases, and IPPs believe that the value of this cooperation must be included in the weighing of actual recovery versus potential recovery.

In addition, the Settlements reflect a very high percentage of the overall sale of capacitors by the settling Defendants. Based on the data provided to IPPs, the Settlement with Hitachi Chemical represents approximately 29% of their total sales of capacitors in the United States during the relevant class period. This is 29% of *total* sales; not just those sales to capacitor distributors, which are really the relevant commerce in the IPPs action. Williams Decl., ¶ 9. Additionally, the settlement with Hitachi Chemical far surpasses the Department of Justice ("DOJ") criminal fine of $3.8 million for the same or similar conduct. The Settlement with Soshin represents over 100% of their total sales of standalone capacitors to distributors in the United States during the relevant class period. Williams Decl. ¶ 9. These percentages do not reflect the alleged overcharge, but rather the percentage of overall sales. These settlements are truly excellent recoveries for the classes.

### 4.     Fairness of the Allocation of the Settlement Funds

IPPs propose that allocation of the settlement funds will be on a *pro rata* basis, based on the type and extent of injury suffered by each class member in those states which permit indirect purchaser antitrust claims. Specifically, the settlement fund paid by Soshin will be allocated to those who submit approved claims for purchases of film capacitors during the class period on a *pro rata* basis, while the two separate funds paid by Hitachi Chemical will be allocated to those who submit approved claims for purchases of both electrolytic and film capacitors during the Settlement Class period on a *pro rata basis*. "A plan of allocation that reimburses class members

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**IPP's Motion for Preliminary Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD**                                                                7

based on the type and extent of their injuries is generally reasonable." *In re Citric Acid Antitrust Litig.*, 145 F. Supp. 2d 1152, 1154 (N.D. Cal. 2001).

### 5.  Administration Costs Will Be Kept at a Minimum

Because Plaintiffs are not proposing to begin the claims process at this time, IPPs have not selected a Settlement Administrator. When IPPs present a proposed claims administrator for Court approval, they will submit briefing to this Court which will include information about the costs of the proposed Settlement Administrator. IPPs will endeavor to keep these costs at a minimum.

### 6.  Attorneys' Fees

IPPs are not seeking an award of attorneys' fees or the reimbursement of litigation costs at this time nor are IPPs proposing a class notice program now.  When additional contemplated settlements are completed, IPPs will submit a motion for approval of a class notice program that will set forth precisely the amount of attorneys' fees and litigation expenses that IPPs will seek from the overall second round settlement fund.  Thus, when IPPs issue their second round of class notice, it will include all settlements reached in the second round of settlements (including these two settlements with Hitachi Chemical and Soshin), as well as any proceeds from additional settlements reached in the interim, and the fees and costs sought from that second round.  The classes will therefore have all of the required information necessary to evaluate the settlements.

### 7.  Incentive Awards

IPPs are not seeking incentive awards.

## III.  LEGAL ARGUMENT

### A.  Legal Standard for Preliminary Approval of Class Action Settlements

"The Ninth Circuit maintains a 'strong judicial policy' that favors the settlement of class actions."  *G.F. v. Contra Costa County*, 2015 WL 4606078, at *8 (N.D. Cal. July 20, 2015) (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)).  Requesting preliminary approval is the first step in the settlement process. *Newberg on Class Actions* § 13:10 (5th ed.).  When asked to grant preliminary approval of a class action settlement, the Court must

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**IPP's Motion for Preliminary Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD**

8

determine if: (1) the proposed Settlements appear to be the product of serious, informed, non-collusive negotiations; (2) have no obvious deficiencies; (3) do not improperly grant preferential treatment to class representatives or segments of the class; and (4) fall within the range of possible approval. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). "The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *Manual for Complex Litigation (Fourth)* § 21.632 (2004). Preliminary approval allows the Court and counsel to prepare a plan to notice the class of the settlements, which gives class members a full and fair opportunity to consider the proposed settlements and respond, such as an objection or decision to opt-out of the settlement. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998). "[T]he decision to approve or reject a settlement is committed to the sound discretion of the trial judge because he is 'exposed to the litigants, and their strategies, positions and proof.'" *Id.* at 1026 (quoting *Officers for Justice v. Civil Serv. Com.*, 688 F.2d 615, 626 (9th Cir. 1982)).

**B.      The Settlements with Defendants Hitachi Chemical and Soshin Meet the Standard for Preliminary Approval of Settlements**

The Settlements with Defendants Hitachi Chemical and Soshin meet the standard for preliminary approval because the Settlements were the result of serious, informed, and non-collusive negotiations. There are also no obvious deficiencies in the Settlements—the Settlements do not grant preferential treatment to the class representatives or any subset of the class, and the Settlements fall within the range of possible approval. As such, preliminary approval of the Settlements is appropriate and warranted.

**1.      The Settlements Are the Result of Serious, Informed, and Non-Collusive Negotiations**

IPPs and the two Settling Defendants are represented by highly skilled antitrust counsel who are knowledgeable of the law and have extensive experience with complex antitrust lawsuits. IPPs and Defendants have been heavily litigating this case for nearly three full years.

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**IPP's Motion for Preliminary Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD**                                                                        9

Throughout this litigation, Defendants Hitachi Chemical and Soshin (and the non-settling defendants) have vigorously contested this case, challenging IPPs' legal theories of liability, whether the facts support Defendants' level of involvement in such a conspiracy, and the damages for which each Defendant may be liable. The Settlements before the Court, therefore, are the result of serious and informed negotiations. Additionally, there has been no collusion between the settling parties.

### 2.    There Are No Obvious Deficiencies in the Settlements

As set forth above, the Settlements were the result of serious analysis and consideration of the significant risks faced by both sides and there are no obvious deficiencies in the Settlements. For example, the size of the Settlements is commensurate with the market share of Defendants Hitachi Chemical and Soshin in the capacitors industry affected by the antitrust conspiracy alleged by Plaintiffs. Additionally, the Settling Defendants' financial condition and ability to pay were taken into consideration. These settlements were entered into while class certification briefing occurred.

The Settlements were reached by both sides with full appreciation of the risks faced by both sides. Rulings favorable to IPPs in these pending motions would significantly impact the value of settlements for Defendants who chose to wait for the rulings on those motions. IPPs appropriately valued the cooperation provided by Defendants Hitachi Chemical and Soshin because cooperation will likely result in higher future settlements with other defendants in this case.

### 3.    There is No Preferential Treatment

There is no preferential treatment of any class representative or any segment of the Class. All indirect purchasers of capacitors with a right to recover will have an ability to submit a claim for a *pro rata* share of the settlement funds based on the type of capacitors they purchased. IPPs are not seeking incentive awards and the Settlement Agreements do not provide for any preferential treatment to them or to any segment of the Class. This element in favor of preliminary approval is met.

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**IPP's Motion for Preliminary Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD**                                                                      10

4. **The Proposed Settlements Fall Within the Range of Possible Approval**

For the reasons stated, *supra*, IPPs believe that the proposed Settlements fall within the range of possible approval of settlements.

C. **The Proposed Settlement Classes Satisfy Rule 23**

In addition to the fairness of the settlement, the action is appropriate for class treatment. Class certification is appropriate when the proposed class and the proposed class representatives meet the four prerequisites of Rule 23(a): (1) numerosity; (2) common questions of law or fact; (3) typicality; and (4) fair and adequate class representation. Fed. R. Civ. P. 23(a). Additionally, a class must satisfy one of the criteria in Rule 23(b). Fed. R. Civ. P. 23(b). The Settlement Classes in these Settlements meet all Rule 23 requirements.

1. **Fed. R. Civ. P. 23(a)(1) – Numerosity**

The first prerequisite for certifying a class is that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). In this case, IPPs seek to certify a class of all individuals or entities who purchased one or more capacitors manufactured by a Defendant from a distributor. There are likely hundreds of thousands of class members, such that joinder of all is impracticable. "There is no exact class size that meets the numerosity requirement; rather, where the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied." *Bellinghausen v. Tractor Supply Co.*, 303 F.R.D. 611, 616 (N.D. Cal. 2014) (internal quotation marks omitted) (citing *In re Rubber Chems. Antitrust Litig.*, 232 F.R.D. 346, 350–51 (N.D. Cal. 2005)). Therefore, the first prerequisite of Rule 23(a) is met.

2. **Fed. R. Civ. P. 23(a)(2) – Commonality**

The second prerequisite for certifying a class is that "there are questions or law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In horizontal price-fixing antitrust cases, such as this one, common questions of law and fact, and their predominance, are presumed because the core issue in such a case is whether or not there was a conspiracy amongst conspirators to fix, raise, maintain, and/or stabilize prices and whether such price-fixing occurred. *Newberg on Class*

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**IPP's Motion for Preliminary Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD**                                                          11

*Actions* § 20:23 (5th ed.). "Because the gravamen of a price-fixing claim is that the price in a given market is artificially high, there is a presumption that an illegal price-fixing scheme impacts upon all purchasers of a price-fixed product in a conspiratorially affected market." *Rubber Chems.*, 232 F.R.D. at 352 (internal quotation marks and citation omitted). Courts have consistently held that "[c]ommon issues predominate in proving an antitrust violation 'when the focus is on the defendants' conduct and not on the conduct of the individual class members.'" *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 2006 WL 1530166, at *7 (N.D. Cal. June 5, 2006).

In this case, common questions of fact and law predominate over individual questions. IPPs have alleged that Defendants engaged in a joint conspiracy to fix, raise, maintain and/or stabilize the price of capacitors. The common questions of fact or law facing the Court are whether the Defendants in fact entered into an illegal agreement to fix, raise, maintain and/or stabilize the price of capacitors; whether the antitrust conspiracy did, in fact, result in the artificial inflation of the price of capacitors; and whether those overcharges were passed on to the class. "[B]ecause price-fixing conspiracies often injure all purchasers that were subject to the alleged overcharge and in a similar fashion, courts generally find that impact can be established on a class-wide basis and thus that common questions of law or fact predominate over individual issues." *Newberg on Class Actions* § 20:23 (5th ed.). The second prerequisite of Rule 23(a) is met.

### 3.      Fed. R. Civ. P. 23(a)(3) – Typicality

The third prerequisite for certifying a class is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[T]ypicality results if the representative plaintiffs' claims 'arise[ ] from the same event, practice or course of conduct that gives rise to the claims of the absent class members and if their claims are based on the same legal or remedial theory.'" *In re Optical Disk Drive Antitrust Litig.*, 2016 WL 467444, at *11 (N.D. Cal. Feb. 8, 2016) (citing *In re Auction Houses Antitrust Litig.*, 193 F.R.D. 162, 164 (S.D.N.Y. 2000)). Typicality is easily satisfied in cases involving horizontal

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**IPP's Motion for Preliminary Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD**                                                    12

price-fixing because "in instances wherein preit is alleged that the defendants engaged in a common scheme relative to all members of the class, there is a strong assumption that the claims of the representative parties will be typical of the absent class members." *In re Catfish Antitrust Litig.*, 826 F. Supp. 1019, 1035 (N.D. Miss. 1993).

In this case, IPPs have brought a lawsuit on a classwide basis for all individuals and entities in the United States who purchased one or more capacitors from a distributor that was manufactured by Defendants, including a class for purchasers of electrolytic capacitors and a class for purchasers of film capacitors. The theory of IPPs' case is that the Defendants illegally fixed, raised, maintained, and/or stabilized the price of capacitors and that the artificially inflated prices charged by Defendants for their capacitors affected the price paid by indirect purchasers of capacitors in the United States. All class representatives purchased one or more capacitors from a distributor that was manufactured by Defendants. They allegedly suffered the same harm as other absent class members in the form of paying inflated prices. The class representatives are seeking damages under the same legal theories as absent class members. Because the class representatives' claims are typical of the members of the class, the third prerequisite of Rule 23(a) is met.

### 4.    Fed. R. Civ. P. 23(a)(4) – Fair and Adequate Class Representation

The fourth prerequisite for certifying a class is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020. The interests of the class representatives and their counsel are completely aligned with the interests of the absent class members. The class representatives suffered the same injury as the absent class members in that they paid artificially inflated prices for capacitors in the United States. IPPs' counsel also has the same interest in proving that Defendants engaged in an illegal antitrust conspiracy which resulted in artificial inflation of the price of capacitors. The vigor with which

Law Offices
COTCHETT, PITRE & McCARTHY, LLP

**IPP's Motion for Preliminary Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD**                                                                 13

the class representatives and their counsel have prosecuted this case is well documented in the docket of this case. IPPs have expended considerable time, energy and resources in gathering evidence in support of their case and in contesting Defendants' efforts to dismiss or minimize their case, much of which is documented in the several thousand docket entries in this case. The fourth prerequisite of Rule 23(a) is met.

### 5.   All Requirements of Rule 23(b) Are Met In This Case

Once the prerequisites of Rule 23(a) are met, a prospective class must satisfy only one of four Rule 23(b) requirements to continue as a class. Rule 23(b)(1) allows class actions when prosecuting separate actions by individual members would create a risk of either inconsistent or varying adjudication of claims, or adjudication with respect to individual class members would dispose of the claims of those with the class who are not part of the litigation or would substantially impair or impede their right to protect their interests. Fed. R. Civ. P. 23(b)(1). Rule 23(b)(3) allows class actions when common questions of law or fact predominate such that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

The requirements of Rule 23(b) are met. IPPs have alleged a horizontal price-fixing conspiracy of capacitors that is nationwide in scope. *See* Fifth Consolidated Complaint, ¶¶ 2, 394. Multiple individual actions relating to the nature and scope of the Defendants' price-fixing conspiracy of capacitors creates a high risk of inconsistent and vary adjudication of claims. Fed. R. Civ. P. 23(b)(1). In addition, IPPs in this case allege that Defendants have engaged in actions that apply generally to the entire class in that Defendants have conspired to illegally fix, raise, maintain, and/or stabilize the price of capacitors such that individuals and entities in the United States are paying an inflated price for such capacitors. Fifth Consolidated Complaint, ¶ 394.

Additionally, common questions of law or fact predominate in this case. "[I]f common questions are found to predominate in an antitrust action, . . . courts generally have ruled that the superiority prerequisite of Rule 23(b)(3) is satisfied." *In re TFT-LCD Antitrust Litig.*, 267 F.R.D. 291, 314 (N.D. Cal. 2010), *abrogated on other grounds*. To determine whether or not a class

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**IPP's Motion for Preliminary Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD**                                                                      14

action is the superior method of adjudication, courts look to the four factors from Rule 23(b)(3): "(1) the interest of each class member in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against the class; (3) the desirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action." *In re High-Tech Emp. Antitrust Litig.*, 985 F. Supp. 2d 1167, 1227 (N.D. Cal. 2013); *accord* Fed. R. Civ. P. 23(b)(3).

The antitrust conspiracy in this case is appropriate for Rule 23(b)(3) resolution. The damages of each individual class member are generally too small to warrant bringing an individual lawsuit but the total damages in aggregate for the class members are significant, which favors resolution by class action. "'The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's . . . labor.'" *Anchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)). Given the facts of this case, the class action is clearly superior to alternative methods of adjudicating this controversy.

### D.   This Court Should Appoint Interim Class Counsel as Settlement Class Counsel

Under Rule 23(g)(1), when certifying a class, including for settlement purposes, the Court should appoint class counsel. Fed. R. Civ. P. 23(g)(1); *see also Bellinghausen*, 303 F.R.D. at 618. When appointing class counsel, the Court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). CPM is recognized as one of the top litigation firms in the United States, and its antitrust team is recognized as experts in the field. In this case,

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**IPP's Motion for Preliminary Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD**                                                                                           15

however, the skill and ability of CPM is not theoretical. This Court has had the opportunity to personally observe CPM's litigation skill and knowledge of antitrust law, as well as the resources that CPM has committed to this case. CPM meets and exceeds the requirements for appointment as Class Counsel for these Settlements.

## IV.   CONCLUSION

Plaintiffs respectfully request that this Court enter an order: (1) preliminarily approving the proposed Settlements and (2) appointing Cotchett, Pitre & McCarthy, LLP as Settlement Class Counsel. With the Settlements, Plaintiffs have ensured a base recovery of an additional US$14.59 million to the class members, with the potential for even larger recoveries against non-settling Defendants. The cooperation from the two Settling Defendants will assist Plaintiffs in obtaining further settlements for class members. The Settlements are fair, reasonable, and adequate and were reached after hard-fought, arms-length negotiations. Because the Settlements fall within the range of possible approval, this Court should grant preliminary approval of the settlements.

Dated: September 8, 2017                     Respectfully Submitted:

                                             By: /s/ *Steven N. Williams*

                                             Steven N. Williams
                                             Adam J. Zapala
                                             Elizabeth Tran
                                             Mark F. Ram
                                             **COTCHETT, PITRE & McCARTHY, LLP**
                                             840 Malcolm Road, Suite 200
                                             Burlingame, CA 94010
                                             Telephone: (650) 697-6000
                                             Facsimile: (650) 697-0577

                                             *Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs*

Law Offices
COTCHETT, PITRE &
McCARTHY, LLP

IPP's Motion for Preliminary Approval of Settlements with Defendants Hitachi Chemical and Soshin; Case No. 14-cv-03264-JD                                                                16