

WILLIAMS MONTGOMERY & JOHN LTD
A FIRM OF TRIAL LAWYERS

**Charles E. Tompkins**
Direct: (312) 443-3286
Fax: (312) 630-8586
cet@willmont.com

September 18, 2017

*Via ECF and Hand Delivery*

The Honorable James Donato
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, CA 94102

  Re: *In re Capacitors Antitrust Litig.,* **No. 14-cv-3264-JD (N.D. Cal.)**

Dear Judge Donato:

  Individual Plaintiff Flextronics International USA, Inc. ("Flex") opposes the production by Defendants of any settlement agreement between any Defendant and Flex or the production of any documents relating to the negotiation or resolution of Flex's claims. Production of such material advances no legitimate interest, would undermine the goal of resolution reflected in the Federal Rules of Evidence, and necessarily would intrude into attorney analyses and opinions protected by the work product doctrine.

  It is unclear from the letter submitted by Direct Purchaser Plaintiff Counsel and Indirect Purchaser Plaintiff Counsel (collectively, "class counsel") whether class counsel seek material related to Flex. *See* Dkt. 1800 (referencing "all third parties" and "absent class members"). Flex's efforts to obtain clarification and avoid an unnecessary submission to this Court were unsuccessful.[1] To be clear, Flex takes no position with regard to discovery related to any other third party or absent class member. Discovery into Flex's settlement efforts, however, is unwarranted.

  As class counsel concede, settlement materials generally are inadmissible pursuant to Federal Rule of Evidence 408. *See* Dkt. 1800, at 2. This reflects the strong public interest in encouraging settlements by allowing parties engaging in settlement negotiations to speak candidly without fear of subsequent litigation disadvantage. *See* Fed R. Evid. 408, Advisory Notes. The

---

[1] Flex has conferred with class counsel by email and telephone in an effort to reach agreement regarding class counsel's discovery of settlement documents related to Flex, but no formal agreements have yet been reached.

Hon. James Donato
September 18, 2017
Page | 2

interest in resolution is especially strong in the context of complex, multi-party disputes such as this litigation, which drain substantial resources from both courts and litigants if not resolved by agreement.

The importance of encouraging candid efforts at resolution has led some courts to identify a "settlement privilege" to protect the confidentiality of settlement discussions. *See, e.g.*, *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc*., 332 F.3d 976, 980 (6th Cir. 2003); *Cook v. Yellow Freight Sys., Inc.*, 132 F.R.D. 548 (E.D. Cal. 1990); *Allen Cnty. v. Riley Indus., Inc.*, 197 F.R.D. 352, 353 (N.D. Ohio 2000).  Courts that have not recognized such a privilege have permitted discovery into communications between defendants and absent class members only where there is evidence of fraud, coercion, or bad faith sufficient to justify intrusion into otherwise permissible and confidential settlement communications. *See, e.g.*, *Kleiner v. First Nat'l Bank of Atlanta*, 751 F. 2d 1193, 1202 (11th Cir. 1985).  Not surprisingly, all of the cases class counsel cite in support of their request for settlement communications between defendants and absent class members involved well-founded allegations of misconduct by corporate defendants during communications with relatively powerless absent class members. *See* Dkt. 1800, at 2.

Class counsel, however, does not allege fraud, coercion, or bad faith by any Defendant during settlement discussions with Flex.[2]  Thus, whatever the merits of class counsel's motion with regard to other entities, there is no basis for discovery into settlement discussions between Flex and any Defendant.  Indeed, Flex is unaware of *any* federal court that has permitted discovery by class counsel into settlement negotiations between defendants and a substantial and sophisticated individual plaintiff represented by independent counsel.[3]  This Court should not be the first.

Nor is there any basis for discovery of any confidential settlement agreement between Flex and any Defendant.  Although class counsel suggest that the content of those agreements could somehow be informative, significant differences in the circumstances surrounding resolution of Flex's individual action and resolution of either action by class counsel render comparison of settlement terms inappropriate for purposes of evaluating the fairness of any class settlement. Discovery of Flex's settlement terms does have the potential to work great mischief, however, by affording class counsel access to otherwise confidential information that inevitably would alter class counsel's settlement approach and substantially limit the ability of individual plaintiffs and Defendants to resolve cases on terms different from the class.

---

[2] Flex has no information regarding the content or propriety of any Defendant's communications with any third party or absent class member.

[3] Although class counsel is correct that the Court in *Matsushita Elec. Ind. Co. v. Mediatek*, 2007 WL 963975 (N.D. Cal. 2007), declined to find a general federal settlement privilege, the case is so factually inapposite as to be unhelpful here.  In *Matsushita*, defendants sought discovery into settlement discussions potentially relevant to specific defenses available in the context of patent litigation before the Court, including the availability of prior art. *Id.* at 1.  Class counsel points to no similar claim or defense in this price-fixing action that would be proven by reference to the substance of settlement negotiations between Flex and a Defendant, and there is none.

Hon. James Donato
September 18, 2017
Page | 3

Respectfully submitted,

WILLIAMS MONTGOMERY & JOHN LTD.

*/s/  Charles E. Tompkins*
*Counsel for Flextronics International USA, Inc.*

cc: All Counsel (*via* ECF)