| **Joseph Saveri Law Firm, Inc.** | **Cotchett, Pitre & McCarthy LLP** |
| --- | --- |
| 555 Montgomery St., Suite 1210 | 840 Malcolm Road, Suite 200 |
| San Francisco, CA 94111 | Burlingame, CA 94010 |

*Via* ECF and Hand Delivery            October 6, 2017

Hon. Judge James Donato
United States District Court
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, California 94102

Re:   *In re Capacitors Antitrust Litigation*, No. 14-cv-3264-JD

Your Honor:

Pursuant to Fed. R. Civ. P 30(a)(2), Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs (together, "Plaintiffs") respectfully request leave of the Court to take the videotaped deposition of Satoshi Okubo at the United States Penitentiary in Lompoc, California (USP Lompoc) on October 23, 2017 and October 24, 2017 or another date designated by the Court before the close of discovery and before Okubo's anticipated release date of June 10, 2018. Plaintiffs have contacted and notified Mr. Okubo's counsel regarding this request.

Leave of the Court should be granted here under the standard and considerations of Fed. R. Civ. P 26(b)(2), as discussed further below.

**Background**

Plaintiffs deposed Mr. Okubo on May 26, 2016, and Mr. Okubo invoked Fifth Amendment protections in response to every substantive question asked. Since then, however, Mr. Okubo and both of his defendant employers, Elna Co., Ltd (Elna) and Matsuo Electric Co., Ltd (Matsuo), have agreed to plead guilty to criminal violations of the Sherman Act § 1 in the related ongoing criminal investigation. This Court accepted Mr. Okubo's guilty plea and sentenced him to a term of imprisonment at USP Lompoc, where he is currently serving his sentence.

**Legal Standard under Fed. R. Civ. P. 30(a)(2) and 26(b)(2)**

Pursuant to Fed. R. Civ. P. 30(a)(2)(B), parties must obtain leave of court to take a deposition if the deponent is confined in prison. Also pursuant to Fed. R. Civ. P. 30(a)(2)(A)(ii), parties must obtain leave of court to take a deposition if the deponent has already been deposed in the case.

When parties seek leave of court to take a deposition pursuant to Fed. R. Civ. P. 30(a)(2), the court must grant leave to the extent consistent with Fed. R. Civ. P. 26(b)(1) and (b)(2).  Fed. R. Civ. P. 26(b)(1) and (b)(2) in turn provide that leave should be granted unless:

> (i) the deposition sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;

> (ii) the party seeking the deposition has had ample opportunity by discovery in the action to obtain the information sought; or

Hon. James Donato
October 6, 2017
Page | 2

> (iii) the burden or expense of the proposed deposition outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(1) and (b)(2); *see also Blackwell v. City & Cty. of San Francisco*, No. C-07-4629 SBA (EMC), 2010 WL 2608330, at *1 (N.D. Cal. June 25, 2010); *Zamora v. D'Arrigo Bro. Co. of Cal.*, No. C04-00047 JW, 2006 WL 3227870, at *1 (N.D. Cal. Nov. 7, 2006).

Under this analysis, leave should be granted for the in-custody deposition of Mr. Okubo because none of the Rule 26 factors for limiting discovery are present here.

**Leave Should be Granted for the Proposed Deposition Under Fed. R. Civ. P. 30(a)(2) and 26(b)(2)**

<u>The Proposed Deposition is Not Unnecessarily Cumulative or Duplicative and Cannot be Obtained More Convenient, Less Burdensome, or Less Expensive Source</u>

Because Mr. Okubo invoked the Fifth Amendment and did not answer any substantive questions at his prior deposition, the information Plaintiffs seek through again deposing Mr. Okubo, who may not refuse to answer on Fifth Amendment grounds after conviction, is neither cumulative nor duplicative with his previous deposition testimony. Fed. R. Civ. P. 26(b); *United States v. Pierce*, 561 F.2d 735, 738 (9th Cir. 1977) (finding that a voluntary guilty plea waives the Fifth Amendment right against self-incrimination with respect to the crime which is admitted.).

Plaintiffs also have deposed other cartel meeting participants from defendants Elna and Matsuo. However, like Mr. Okubo, each witness declined to answer any substantive questions and instead invoked the protections of the Fifth Amendment. Accordingly, the information Plaintiffs seek through deposing Mr. Okubo now is not cumulative or duplicative with the deposition testimony of any other participants from defendants Elna or Matsuo. Fed. R. Civ. P. 26(b).

Finally, deposing Mr. Okubo during two days while Mr. Okubo is in custody at the federal penitentiary located in Lompoc, California, does not unreasonably inconvenience or burden any party or Mr. Okubo and does not result in significant litigation costs. Moreover, no less expensive, less burdensome, or more convenient alternative is available to obtain the information Plaintiffs seek by deposing Mr. Okubo. Fed. R. Civ. P. 26(b).

<u>Plaintiffs Could Not Obtain the Information Sought By Other Discovery Means</u>

Plaintiffs served interrogatories and requests for production of documents on defendants to obtain at least some of the information Plaintiffs seek through deposing Mr. Okubo. However, the defendants' disclosures in response to the interrogatories were underinclusive, did not include details of the topics discussed during cartel meetings and discussions, and did not include any acknowledgment of discussions related to capacitor pricing. Likewise, the defendants' document production in response to Plaintiffs' requests provides some individuals' accounts of what occurred at the cartel meetings, but this information appears incomplete, particularly where evidence indicates that the participants met and communicated frequently outside of the meetings.

Hon. James Donato
October 6, 2017
Page | 3

Accordingly, Plaintiffs were unable to obtain by other discovery means the information sought by deposing Mr. Okubo. Fed. R. Civ. P. 26(b).

<u>The Burden or Expense of Proposed Deposition Does Not Outweigh its Likely Benefit</u>

Finally, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues, the burden or expense of taking Mr. Okubo's deposition does not outweigh its likely benefit. Fed. R. Civ. P. 26(b).

This is a complex antitrust cartel class action litigation with many sophisticated corporate defendants where estimated damages exceed $1 billion. Many key allegations and evidence in this case relate to cartel meetings and discussions in which the defendant corporations participated through their individual employees. Plaintiffs have obtained documentary evidence relating to these meetings and discussions, but have had limited ability to obtain testimonial evidence from the actual participating individuals because many of them, including all available Elna and Matsuo participants, have invoked Fifth Amendment protections. Deposition testimony under oath on the cartel meetings and discussions *in which the deponent personally participated* is both critical to the key issues in this case and categorically different from documents produced by the defendants that relate or appear to relate to those meetings and discussions.

Here, Mr. Okubo was employed by both defendants Elna and Matsuo in a senior capacitor sales capacity. Evidence indicates that Mr. Okubo personally attended various cartel meetings on behalf of defendant Elna and defendant Matsuo, who have both agreed to plead guilty in the related criminal investigation. Further, Mr. Okubo himself has pleaded guilty and has specifically admitted to attending meetings and engaging in discussions with representatives of other major electrolytic capacitor manufacturers where agreements were reached to fix the price of and/or rig bids of certain electrolytic capacitors in furtherance of the conspiracy. *United States v. Okubo*, 4:17-cr-00074-JD-1 (N.D. Cal. filed Feb. 8, 2017).

Accordingly, the burden or expense of taking Mr. Okubo's deposition in custody do not outweigh the likely benefit. Fed. R. Civ. P. 26(b)

*      *      *

Because none of the Fed. R. Civ. P. 26(b) factors for limiting discovery are present here, leave of Court to take the videotaped deposition of Satoshi Okubo on October 23, 2017 and October 24, 2017 should be granted.

Respectfully,

| **Joseph Saveri Law Firm, Inc.** | **Cotchett, Pitre, & McCarthy, LLP** |
|---|---|
| /s/ *Joseph R. Saveri* | /s/ *Steven N. Williams* |
| *Interim Lead Class Counsel for Direct Purchaser Plaintiffs* | *Interim Lead Class Counsel for Indirect Purchaser Plaintiffs* |

cc: All Counsel (*via* email)