**Pages 1 - 18**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

IN RE:  CAPACITORS ANTITRUST   )  **NO. C 14-03264 JD**
LITIGATION,                    )
                               )

San Francisco, California
Thursday, October 26, 2017

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Direct Purchaser Plaintiffs:
    Joseph Saveri Law Firm, Inc.
    555 Montgomery Street, Suite 1210
    San Francisco, CA  94111
    (415) 500-6800
    (415) 395-9940 (fax)
    **BY:  JOSHUA P. DAVIS**
          **JOSEPH R. SAVERI**

For Indirect Purchaser Plaintiffs:
    Cotchett Pitre & McCarthy, LLP
    840 Malcolm Road, Suite 200
    Burlingame, CA  94010
    (650) 697-6000
    (650) 697-0577 (fax)
    **BY:  ADAM J. ZAPALA**

For Plaintiff AASI Beneficiaries Trust, by and through Kenneth A. Welt, Liquidating Trustee:
    Blizin Sumberg Baena Price & Axelrod
    200 S. Biscayne Boulevard, Suite 2500
    Miami, FL  33131
    (305) 350-7386
    **BY:  SCOTT N. WAGNER**

Reported by Lydia Zinn, CSR #9223, RPR, FCRR, Official Reporter

```
 1  APPEARANCES:

 2  For Plaintiff Flextronics International USA, Inc.:
                       Williams Montgomery and John, Ltd.
 3                     233 S. Wacker Drive, Suite 6100
                       Chicago, IL  60606
 4                     (312) 443-3230
                       (312) 630-8530 (fax)
 5                BY:  ERIC RICHARD LIFVENDAHL

 6  For Defendant Panasonic Corporation:
                       Winston & Strawn LLP
 7                     101 California Street
                       San Francisco, California 94111
 8                     (415) 591-1029
                       (415) 591-1400 (fax)
 9                BY:  SETH WEISBURST

10  For Defendant Matsuo Electric Co.:
                       Dentons US LLP
11                     One Market Plaza
                       Spear Tower, 24th Floor
12                     San Francisco, CA  94105-2708
                       (415) 882-5000
13                     (415) 267-4198 (fax)
                  BY:  BONNIE LAU
14
    For Defendants Nippon Chemi-con Corporation; United Chemi-con
15  Corporation:
                       Paul Weiss Rifkind Wharton & Garrison
16                     2001 K Street NW
                       Washington, DC  2006-1047
17                     (202) 223-7356
                       (202) 204-7420 (fax)
18                BY:  DANIEL J. HOWLEY

19  For Defendants NEC Tokin Corporation; KEMET Corporation:
                       Pillsbury Winthrop Shaw Pittman LLP
20                     4 Embarcadero Center, 22nd Floor
                       San Francisco, CA 94111
21                     (415) 983-1000
                       (415) 983-1200 (fax)
22                BY:  ROXANE ALICIA POLIDORA

23

24

25
```

```
 1  APPEARANCES:

 2  For Defendant Shizuki Electric Co., Ltd.:
                    Davis Wright Tremaine, LLP
 3                  505 Montgomery Street, Suite 800
                    San Francisco, CA   94111-6533
 4                  (415) 276-6500
                    (415) 276-6599 (fax)
 5              BY: JOY GOWOON KIM

 6  For Defendant Rohm Co., Ltd.:
                    O'Melveny & Myers LLP
 7                  Two Embarcadero Center, 28th Floor
                    San Francisco, California   94111-3305
 8                  (415) 984-8701
                    (415) 984-8701 (fax)
 9              BY: MICHAEL FREDERICK TUBACH

10  For Defendant Rubycon Corporation:
                    Shearman & Sterling LLP
11                  555 Mission Street, 25th Floor
                    San Francisco, CA   94105-2997
12                  (415) 616-1100
                BY: JOHN F. COVE, JR.
13
    For Defendant Fujitsu Components America, Inc.:
14                  Morrison and Foerster LLP
                    2000 Pennsylvania Avenue NW, Suite 6000
15                  Washington, D.C.   20006-1888
                    (202) 887-1500
16                  (202) 785-7600 (fax)
                BY: JEFFREY A. JAECKEL
17
    For Defendant Okaya Electric America Inc.:
18                  Baker and McKenzie LLP
                    2001 Ross Avenue, Suite 2300
19                  Dallas, TX   75201
                    (214) 965-7219
20              BY: MEGHAN ELIZABETH HAUSLER

21  For Defendant Nitsuko Electronics Corporation:
                    Latham & Watkins LLP
22                  505 Montgomery Street, Suite 2000
                    San Francisco, California   94111-6538
23                  (415) 395-8138
                    (415) 395-8095 (fax)
24              BY: ASHLEY MARIE BAUER

25
```

**APPEARANCES**:

For Intervenor United States of America:
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue, Room 10-0101
San Francisco, CA   94102
(415) 934-5300
(415) 934-5399 (fax)
**BY:   JACKLIN CHOU LEM**
**MIKAL J. CONDON**

For Miscellaneous Satoshi Okubo (via telephone):
Bird Marella Boxer Wolpert, *et al.*
1875 Century Park East
23rd Floor
Los Angeles, CA   90067
(310) 201-2100
(31) 201-2110 (fax)
**BY:   DAVID CHAO**

Case 3:14-cv-03264-JD   Document 1925   Filed 10/26/17   Page 4 of 19     4

```
 1   Thursday - September 7, 2017                          11:00 a.m.
 2                         P R O C E E D I N G S
 3                               ---oOo---
 4           THE CLERK:  Calling Civil 14-3264, In Re: Capacitors
 5   Antitrust.
 6           THE COURT:  On the phone?
 7           MR. CHAO:  Good morning this is David Chao, appearing
 8   telephonically on behalf of --
 9           THE CLERK:  You need to speak up, Mr. Chao.  Are you
10   on a speaker phone?
11           MR. CHAO:  Yes.  I apologize.
12           THE CLERK:  Okay.  You need to come off the speaker
13   phone, so we can hear in the courtroom.
14           MR. CHAO:  Yes.  I apologize.  Can you hear me?
15   David Chao, appearing telephonically on behalf of --
16           THE CLERK:  We still cannot hear you.
17           MR. CHAO:  I'm sorry.  I have my volume all the way.
18           THE CLERK:  You have what?  Hello.
19           MR. CHAO:  I'm sorry.  Can you hear me now?
20           THE CLERK:  That's better.
21           MR. CHAO:  Okay.  I'm sorry.  This is David Chao,
22   appearing telephonically on behalf of Satoshi Okubo.
23           THE CLERK:  Can you speak louder, please?
24           MR. CHAO:  Yes, I can.  I'm speaking directly as
25   loudly as I can, without yelling.
```

```
 1              THE COURT:  Okay.  Let's get the rest of the people
 2   in.
 3              MR. SAVERI:  Good morning, Your Honor.
 4   Joseph Saveri, on behalf of the Direct Purchaser Plaintiffs.
 5   I'm here with my colleague, Joshua Davis.
 6              MR. ZAPALA:  Good morning, Your Honor.  Adam Zapala,
 7   from Cotchett Pitre & McCarthy for the Indirect Purchaser
 8   Plaintiffs.
 9              MR. WAGNER:  Good morning, Your Honor.  Scott Wagner,
10   on behalf of AASI, Avnet, and Benchmark.
11              MR. LIFVENDAHL:  And Eric Lifvendahl, on behalf of
12   Flextronics.
13              MS. LAU:  Good morning, Your Honor.  Bonnie Lau.  I
14   represent defendant Matsuo Electric Company.  I will be
15   speaking on behalf of the defendants with respect to the
16   case-schedule issues today.
17              MS. CONDON:  Good morning, Your Honor.  Mikal Condon,
18   on behalf of the Government intervenor; and I'm here with my
19   colleague, Jacqueline Lem.
20              THE COURT:  Wait.  You're on this side.  Right?
21              MS. CONDON:  Mm-hm.
22              THE COURT:  How do you say your first name?
23              MS. CONDON:  Mikal.
24              THE COURT:  All right.
25              MS. KIM:  Good morning.  Joy Kim, for Shizuki
```

1  Electric for the motion to dismiss.
2          **THE COURT:**  Oh, yes.  What happened to Ms. Davis?
3  She didn't come.
4          **MS. KIM:**  She's at a conference in D.C.
5          **THE COURT:**  Oh.  All right.  Well, let's talk about
6  the Okubo deposition.  I'm really not inclined to do this
7  again.  What is it you don't have?  You've got something better
8  to get at, there's --
9          **MR. SAVERI:**  Well, Your Honor, we'd like the
10 testimony on the record of Mr. Okubo.
11         **THE COURT:**  Why?
12         **MR. SAVERI:**  I beg your pardon, Your Honor?
13         **THE COURT:**  Why?  You've already opposed him.  He's
14 asserted the Fifth.  You can now stand up to the jury and you
15 can say, *Please produce on the assertion that they're guilty*.
16         **MR. SAVERI:**  Well, and Your Honor --
17         **THE COURT:**  What more do you need?  All he's going to
18 do is backtrack.
19         **MR. SAVERI:**  Well, we don't --
20         **THE COURT:**  Undercut the inference.
21         **MR. SAVERI:**  Your Honor, we want to make sure that
22 we've asked for the deposition while he's in the United States
23 within the discovery cutoff.  We think we're entitled to --
24         **THE COURT:**  But location is not a problem.  You
25 deposed him earlier.  The fact that he's here now doesn't make

1  any difference to me.

2      Here's the issue. You made a call. And you knew he was
3  in the prosecution hopper. And I am persuaded by his lawyer's
4  representations about the other mountain of burden it would be
5  at this point to get him up to speed, and then have him be
6  available in custody for the deposition.

7      So the one thing I will be interested in hearing is: What
8  does he know that's unique to Mr. Okubo? I mean, if there's
9  anything that's unique to him that you cannot get from any
10 other source, I might consider whether that's okay.

11         **MR. SAVERI:** Well, let me just give you some context
12 about Mr. Okubo. He was at Elna for about 30 years. He left
13 Elna and went to Matsuo, where he was in a Chief Capacitor
14 Sales position from about 2009.

15     With respect to those companies, the other witnesses --
16 virtually all of them that we've tried to pursue -- either also
17 refused to answer on the merits under the Fifth Amendment, or
18 refused to appear for depositions. So with respect to both of
19 those entities, Matsuo and Elna, which are key defendants in
20 the case, we have not been able to get testimony on the merits
21 from key participants in the cartel.

22         **THE COURT:** But why does that matter, if you have an
23 adverse inference? You are now able to write a brief saying I
24 can assume -- or the trier of fact can assume that all of these
25 things happened. And the defendants cannot get up and say, *No,*

1  *that's not true*.  I mean, that is a gold ticket.  What is it
2  that you're missing that is going to in any way prejudice you?
3  Right now you are in a superior position in many ways.
4           **MR. ZAPALA:**  If I may, Your Honor, Adam Zapala, for
5  the Indirect Purchaser Plaintiffs.
6      I think from our perspective, we would be okay with that.
7  I think our concern is whether that inference runs against
8  defendants other than Elna and Matsuo.  So to the extent
9  Mr. Okubo can -- quote, unquote -- "finger" other defendants
10 through substantive testimony, that's of value to us.
11     If what Your Honor is saying to us is --
12          **THE COURT:**  All right.  Well, let's just pause on
13 that.  All right.  So there's a new twist that nobody mentioned
14 before.  So just think out loud.  I'm not tying my hands or
15 yours, but if Mr. Okubo was asked the question, "Did Elna
16 conspire with *X*?" -- all right? -- and he's not inclined to
17 answer, the inference is:  Yes, Elna conspired with *X*.  All
18 right?
19     Why would that not be true?
20          **MR. SAVERI:**  We agree, Your Honor.  We agree.
21          **MR. ZAPALA:**  I agree.
22          **THE COURT:**  So *X* is a coconspirator.
23          **MR. ZAPALA:**  And that can be used in evidence at
24 trial against the coconspirator.
25          **THE COURT:**  Yes, of course.

1           **MR. ZAPALA:**  Very well.

2           **THE COURT:**  Mr. Okubo says you're part of the party.
3    How did he say it?  By taking the Fifth.

4           **MR. SAVERI:**  Okay.  We are comfortable.

5           **THE COURT:**  Is there a genuine dispute about that?

6           **MR. TUBACH:**  Good morning, Your Honor.
7    Michael Tubach on behalf of the Rohm Defendants.

8        I think it's very much of an open question as to whether,
9    if Mr. Okubo was asked, "Did Elna conspire with Rohm?" and he
10   takes the Fifth, that that inference is admissible against
11   Rohm.  We think it is not.

12          **THE COURT:**  Why not?  I mean, the inference is only
13   that Mr. Okubo believes that Elna conspired with Rohm.

14          **MR. TUBACH:**  I think that's just -- we've done the
15   research, and the research suggests it's not admissible.  We
16   certainly don't want that decision to be made here today,
17   without the benefit of briefing; but I think this is why the
18   concern's been raised by plaintiffs' counsel that, while they
19   might be able to get an adverse inference against the company
20   that he work worked for, that they would not be able to get
21   that adverse inference against companies that he did not work
22   for.

23          **THE COURT:**  Well, what law do you have saying that
24   you can do that?

25          **MR. ZAPALA:**  We weren't prepared on that topic,

```
 1  Your Honor.  I'm not prepared to it address it.
 2       If you would like briefing on that, I'm happy to do that.
 3           THE COURT:  I'll tell you what.  The answer is "No"
 4  to the deposition, with one possible relief valve, and that is
 5  if there is something that Mr. Okubo uniquely can say, and if
 6  part of that is incriminating a defendant that would not be
 7  covered by an inference, then I might have you go forward on
 8  that limited basis.
 9           MR. SAVERI:  So we'll do the research, and we'll
10  make --
11           THE COURT:  Well --
12           MR. SAVERI:  But we also have a scheduling issue,
13  too, Your Honor.
14           THE COURT:  We're going to talk about scheduling, but
15  why don't you --
16        How about two weeks from today?
17           MR. SAVERI:  That's fine with us.
18           THE COURT:  Okay.  And then anybody who wants to
19  oppose on the defense side can do it two weeks after that.  And
20  I'll take it from there.
21           MR. SAVERI:  And that's fine.
22       And in terms of the timing, I mean, we've got room to it
23  now that we've got a little, you know, respite from the
24  discovery cutoff.  So --
25           THE COURT:  Well, I'm not going to -- if he needs to
```

```
 1  be set on an independent personal track because of this, that's
 2  fine.  Don't worry about the date.
 3          MR. SAVERI:  Okay.
 4          THE COURT:  That's the order on that.  Interesting
 5  question.  Okay.
 6      Anything to add, Mr. Chao?
 7          MR. CHAO:  Not at this time, Your Honor.  I think I
 8  can address any additional issues in the opportunity to brief
 9  in two weeks.
10          THE COURT:  Yes.  And you can certainly file anything
11  you'd like to say, as well.  Okay?
12          MR. CHAO:  Thank you, Your Honor.
13          THE COURT:  All right.  Thank you.
14      Can you turn it off now?  All right.
15      Now, let's talk about motion to dismiss for a second.
16  Okay.
17          MS. KIM:  Good morning, Your Honor.  We believe that
18  our position is fully laid out in our briefs, but --
19          THE COURT:  One second.  Can you --
20          THE CLERK:  Pardon me?
21          THE COURT:  Can you turn that up a bit?
22          THE CLERK:  Pull the microphone down to you.
23          THE COURT:  Can you move it a little closer?
24          MS. KIM:  Is that better?  Is this better?  Is this
25  better?
```

1     **THE COURT:** Yes. Thank you. All right. Go ahead.

2     **MS. KIM:** We believe the parties have fully briefed
3 their positions. And --

4     **THE COURT:** All right. So submitted?

5     **MS. KIM:** Yes --

6     **THE COURT:** Submitted.

7     **MS. KIM:** -- unless you have questions.

8     **THE COURT:** Okay. It submitted.

9     **MR. WAGNER:** Your Honor, we believe you've already
10 ruled pretty much on this motion before. We're happy to just
11 rest on the papers.

12     **THE COURT:** All right. I'm going to rule from the
13 Bench. Okay. This is for Shizuki Electric Company's Motion to
14 Dismiss, Docket Number 1826. The motion is denied.

15     Plaintiff, the AASI Beneficiaries Trust, has specifically
16 alleged that Shizuki representatives attended cartel meetings
17 during the third and fourth quarters of 2002, and the first and
18 second quarters of 2003. That's the Complaint, at paragraph
19 193 A through D.

20     Shizuki is alleged, among others things, to have discussed
21 in these meetings its "strategy regarding price increases," and
22 "the volumes of film capacitors it had shipped, and the prices
23 per unit, and anticipated increases in affected capacitor
24 prices," from the Complaint at 193 C and E.

25     Plaintiff has also alleged more generally that these were

1  meetings, "in which sensitive competitive information regarding
2  capacitors was exchanged, and minimum prices were set."  The
3  Complaint at paragraph 162.
4      And, "Based on the information disseminated and agreements
5  reached at these different cartel meetings, the conspirator
6  attendees' agreed to price affected capacitors collusively,
7  stand united against price-reduction demands, and set
8  production and delivery dates to collusively control supply in
9  the affected capacitors markets."  Complaint, paragraph 165.
10     I have already determined that these types of allegations
11 satisfy the pleading bar under *Bell Atlantic v. Twombly*, 550
12 US 554, 570, 2007.  See, for example, *In Re: Capacitors*
13 *Antitrust Litigation*, 106 F. Supp. 3d. 1051, 106, N.D. Cal,
14 2015.
15     There will be no further written Order that disposes of
16 that.
17     All right.  Let's talk about scheduling now.  Who's going
18 to take the lead?
19         **MR. SAVERI:**  Well, Your Honor, Joseph Saveri, on
20 behalf of the Direct Purchaser Plaintiffs.
21     I think from our perspective, one of the threshold issues
22 is what we do -- what impact the Government's letter -- that
23 intimates --
24         **THE COURT:**  No impact.  The Government has not
25 brought a motion to stay.  I don't deal in hypotheticals.  And

```
 1  it's still an open question whether Mr. Okubo's deposition is
 2  going to go forward or not.  So if I deny that, then there will
 3  be no basis for a stay.
 4          MR. SAVERI:  And that's fine, Your Honor.  And I
 5  think that with that, I do think we negotiated and reached an
 6  agreement on a schedule.  And we're prepared to go forward with
 7  that schedule.
 8          THE COURT:  All right.  Now, this is the one that I
 9  got from Jones Day?
10          MS. LAU:  Correct, Your Honor.
11          THE COURT:  Is that right?
12          MS. LAU:  It's 1907.
13          THE COURT:  Yes.  Docket Number 1907.  Is that from
14  you?
15          MS. LAU:  That's correct.  That is the schedule that
16  at all of the parties, including the new opt-outs, agree in
17  principle to --
18          THE COURT:  Right.
19          MS. LAU:  -- but you know, given the DOJ submission
20  on the 18th, I think --
21          THE COURT:  Yes.  Okay.  That's all fine, although I
22  am going to push the pretrial conference and trial date out,
23  one, for spacing, and two, for my own trial calendar.  So
24  trial's probably going to be April or after.
25          MR. SAVERI:  I'm sorry.  April when, Your Honor?
```

```
 1              THE COURT:  April or after --
 2              MR. SAVERI:  Okay.
 3              THE COURT:  -- in -- good Lord! -- 2019.
 4        All right.  Okay.  Anything else on that?
 5              MS. LAU:  No, Your Honor, not from the defendants.
 6              MR. WAGNER:  Your Honor, just from us, as part of the
 7   stipulation and as part of our agreement to coming back to the
 8   schedule with the rest of the parties, there were a couple of
 9   provisions in the stipulation that we'd ask Your Honor to
10   include within the Order.
11              THE COURT:  Which ones are those?
12              MR. WAGNER:  It's the "whereas" clause that has the
13   A, B, C, and D.
14              THE COURT:  And what page is that?
15              MR. WAGNER:  It's on page 2 of the stipulation.
16              MR. SAVERI:  Your Honor, if we're talking about -- I
17   mean, this wasn't part of the stipulation, but if these are --
18              THE COURT:  I'm a little confused.  What are we
19   talking about?
20              MR. WAGNER:  So the page before, where the schedule
21   starts, there is a "whereas" clause.
22              THE COURT:  "Whereas the United States Department of
23   Justice"?
24              MR. WAGNER:  Yeah.  It's, "Whereas all parties will
25   include the recent opt-outs and all service lists."
```

1        **THE COURT:** Yes.

2        **MR. WAGNER:** There's a provisions about transmitting
3   transactional data, and including us in scheduling. We would
4   just ask that that be included within the Court's Order.

5        **MR. SAVERI:** Well, Your Honor, we've -- I don't mind
6   confirming this, because we've -- we've already complied with
7   these conditions. We --

8        **THE COURT:** Maybe this is -- I'm just going to do an
9   Amended Scheduling Order. It doesn't have any "whereas"
10  clauses in it.

11       **MR. SAVERI:** That's my view. And we've had this
12  discussion. I think we talk took care of all of these
13  conditions. I candidly don't think it --

14       **THE COURT:** I don't do that in scheduling orders?
15  What is the issue?

16       **MR. WAGNER:** That's fine. If Mr. Saveri is going to
17  represent that he will stick with those conditions, I think
18  we're fine. And frankly, you know, he has, since the last
19  hearing complied, with those conditions.

20       **MR. SAVERI:** So, yeah, I don't know what else to say.
21  He asked for the day, and we gave it to him.

22       **THE COURT:** Is there a problem?

23       **MR. WAGNER:** No, Your Honor. We just hope there are
24  no problems going forward.

25       **THE COURT:** If there is one, you can just tell me,

1        **THE COURT:** Yes.

2        **MR. WAGNER:** There's a provisions about transmitting
3   transactional data, and including us in scheduling. We would
4   just ask that that be included within the Court's Order.

5        **MR. SAVERI:** Well, Your Honor, we've -- I don't mind
6   confirming this, because we've -- we've already complied with
7   these conditions. We --

8        **THE COURT:** Maybe this is -- I'm just going to do an
9   Amended Scheduling Order. It doesn't have any "whereas"
10  clauses in it.

11       **MR. SAVERI:** That's my view. And we've had this
12  discussion. I think we talk took care of all of these
13  conditions. I candidly don't think it --

14       **THE COURT:** I don't do that in scheduling orders?
15  What is the issue?

16       **MR. WAGNER:** That's fine. If Mr. Saveri is going to
17  represent that he will stick with those conditions, I think
18  we're fine. And frankly, you know, he has, since the last
19  hearing complied, with those conditions.

20       **MR. SAVERI:** So, yeah, I don't know what else to say.
21  He asked for the day, and we gave it to him.

22       **THE COURT:** Is there a problem?

23       **MR. WAGNER:** No, Your Honor. We just hope there are
24  no problems going forward.

25       **THE COURT:** If there is one, you can just tell me,

1   and we'll discuss it.
2           **MR. WAGNER:**  Fair enough.  Fair enough.
3           **THE COURT:**  The Rule 16 Order does not have a
4   "whereas" clause in it.  If you have an issue, let me know.
5   Send me a discovery letter.
6           **MR. WAGNER:**  I appreciate that.
7           **THE COURT:**  Have things gotten better since our last
8   discussion?
9           **MR. WAGNER:**  They have, Your Honor.
10          **THE COURT:**  You don't look perfectly happy.
11          **MR. WAGNER:**  No, no.  I think we are headed in the
12  right direction.  And, as Mr. Saveri said, he has done what he
13  promised to do at the last hearing.
14          **THE COURT:**  All right.  Okay.  Anything else I can
15  help you with?
16          **MS. LAU:**  No, Your Honor.  Thank you.
17          **MR. ZAPALA:**  Thank you, Your Honor.
18          **THE COURT:**  I will adopt that, and get it out in a
19  couple of days.  And final approvals will be out today.
20          **MR. SAVERI:**  Wonderful.  Thank you, Your Honor.
21          **THE CLERK:**  All rise.  Court's in recess.
22       (At 11:18 a.m. the proceedings were adjourned.)
23
24
25

1  I certify that the foregoing is a correct transcript from the
2  record of proceedings in the above-entitled matter.
3
4  *Lydia Zinn*
5  _____   October 26, 2017
   Signature of Court Reporter/Transcriber   Date
6  Lydia Zinn

Case 3:14-cv-03264-JD   Document 1925   Filed 10/26/17   Page 19 of 19