Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE: CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL INDIRECT PURCHASER ACTIONS | MASTER FILE NO. 3:14-cv-03264-JD<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENTS WITH DEFENDANTS NEC TOKIN, NITSUKO AND OKAYA AND APPROVING THE PLAN OF ALLOCATION |
|---|---|

**Order Granting Final Approval of Class Action Settlements with Defendants NEC Tokin, Nitsuko and Okaya and Approving the Plan of Allocation;**
**Case No. 3:14-cv-03264-JD**

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlements with Defendants NEC TOKIN Corp./NEC TOKIN America Inc. (collectively "NEC Tokin), Nitsuko Electronics Corporation ("Nitsuko"), and Okaya Electric Industries Co., Ltd. ("Okaya") (collectively, the "Settling Defendants"), and approve IPPs' Plan of Allocation. The Court, having reviewed the motion (Dkt. No. 1704), the Settlement Agreements, the pleadings and other papers on file in this action, and the statements of counsel and the parties, including at the August 10, 2017 Fairness Hearing, hereby finds that the Settlements and Plan of Allocation should be approved. Accordingly, the Court enters this Order of Final Approval.

Good cause appearing therefore:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation (collectively, the "Action") and over the parties to the Settlement Agreements, including all members of the Settlement Classes and the Settling Defendants.

2. For purposes of this Order, except as otherwise set forth herein, the Court incorporates the definitions contained in the Settlement Agreements [ECF Nos. 1305-3 through 1305-5].

3. The Court hereby finally approves and confirms the settlements set forth in the Settlement Agreements between Class Representatives and the Settling Defendants, and finds that said settlements are, in all respects, fair, reasonable, and adequate to the Settlement Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4. The following Classes are certified for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

   a. **<u>NEC TOKIN</u>**

   All persons and entities in the United States who, during, the period from April 1, 2002 to July 15, 2016, purchased directly from a distributor one or more Capacitor(s) that a Defendant manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, Defendants'

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**Order Granting Final Approval of Class Action Settlements with Defendants NEC Tokin, Nitsuko and Okaya and Approving the Plan of Allocation;
Case No. 3:14-cv-03264-JD** 1

attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case.

### b. NITSUKO

All persons and entities in the United States who, during, the period from January 1, 2003 to March 29, 2016, purchased directly from a distributor one or more Capacitor(s) that a Defendant manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case.

### c. OKAYA

All persons and entities in the United States who, during, the period from January 1, 2002 to April 14, 2016, purchased one or more Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased capacitors from Defendants.

5. These settlement classes shall be referred to herein as the Settlement Classes.

6. The Court finds the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes by each of the Settlement Classes in that:

   a. there are at least thousands of geographically dispersed settlement class members, making joinder of all members impracticable;

   b. there are questions of law and fact common to the settlement classes which predominate over individual issues

   c. the claims or defenses of the class representatives are typical of the claims or defenses of the settlement classes;

**Order Granting Final Approval of Class Action Settlements with Defendants NEC Tokin, Nitsuko and Okaya and Approving the Plan of Allocation;**
**Case No. 3:14-cv-03264-JD** 2

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

d. the Indirect Purchaser Plaintiffs will fairly and adequately protect the interests of the settlement classes, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the settlement classes; and

e. resolution through class settlements is superior to individual settlements.

7. The Court finds that this Action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) for settlement because: (i) questions of fact and law common to members of the Settlement Classes predominate over any questions affecting only the claims of individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

8. Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms that Cotchett, Pitre & McCarthy LLP is appointed as Settlement Class Counsel, and that Indirect Purchaser Plaintiffs Michael Brooks, CAE Sound, Steve Wong, Toy-Knowlogy Inc., AGS Devices Co., AGS Devices Ltd., J&O Electronics, Nebraska Dynamics, Inc., Angstrom, Inc., MakersLED and In Home Tech Solutions, Inc. are appointed to serve as Class Representatives on behalf of the Settlement Classes.

9. IPPs' notice of the Class Settlements to the Settlement Classes was the best notice practicable under the circumstances. The notice satisfied due process and provided adequate information to the Settlement Classes of all matters relating to the Class Settlements, and fully satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1).

10. The persons and entities identified in Exhibit A to this Order have timely and validly requested exclusion from the Settlement Classes and, therefore, are excluded. Such persons and entities are not included in or bound by this Order. Such persons and entities are not entitled to any recovery of the settlement proceeds obtained through these Class Settlements.

11. No valid objections were filed regarding any of the Class Settlements.

12. The Court finds that IPPs' proposed Plan of Allocation, proposing to pay putative Class Members on a *pro rata* basis based on qualifying purchases of capacitors, is fair,

**Order Granting Final Approval of Class Action Settlements with Defendants NEC Tokin, Nitsuko and Okaya and Approving the Plan of Allocation;**
**Case No. 3:14-cv-03264-JD** 3

reasonable, and adequate. *In re Citric Acid Antitrust Litig.*, 145 F. Supp. 2d 1152, 1154 (N.D. Cal. 2001). The Plan of Allocation does not unfairly favor any Class Member, or group of Class Members, to the detriment of others.

13. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over:

   a. implementation of these settlements and any distribution to members of the Settlement Classes pursuant to further orders of this Court;

   b. disposition of the Settlement Fund;

   c. determining attorneys' fees, costs, expenses, and interest;

   d. the Action until Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreements;

   e. hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and

   f. all parties to the Action and Releasing Parties, for the purpose of enforcing and administering the Settlement Agreements and the mutual releases and other documents contemplated by, or executed in connection with the Agreement.

14. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgments of Dismissal with prejudice as to the Settling Defendants ("Judgments") should be entered forthwith and further finds that there is no just reason for delay in the entry of the Judgments, as Final Judgments, in accordance with the Settlement Agreements.

**IT IS SO ORDERED**.

Dated: October 30, 2017

_____
Hon. James Donato
United States District Judge

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**Order Granting Final Approval of Class Action Settlements with Defendants NEC Tokin, Nitsuko and Okaya and Approving the Plan of Allocation;**
**Case No. 3:14-cv-03264-JD** 4