| **Joseph Saveri Law Firm, Inc.** | **Cotchett, Pitre & McCarthy LLP** |
|---|---|
| 555 Montgomery St., Suite 1210 | 840 Malcolm Road, Suite 200 |
| San Francisco, CA 94111 | Burlingame, CA 94010 |

*Via* ECF and Hand DeliveryNovember 3, 2017

Hon. Judge James Donato
United States District Court
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, California 94102

    Re:    *In re Capacitors Antitrust Litigation*, No. 14-cv-3264-JD – RFP 33

Your Honor:

Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs ("Plaintiffs") request that the Court compel six Objecting Defendants to produce documents responsive to Plaintiffs' Second Set of Requests for Production ("RFP Set 2") No. 33 ("RFP 33").[1] In addition to emails or other contemporaneous business documents, RFP 33 seeks relevant non-ordinary course records Defendants provided foreign regulators from January 1, 2000 to the Present, such as summaries of cartel activity, dates and details of conspiratorial meetings—including the participants in those meetings—and signed witness statements.[2] Plaintiffs certify that per Paragraph 18 of this Court's Standing Order on Civil Discovery, the parties have met and conferred, but remain at an impasse.

The Objecting Defendants have refused to produce responsive documents based on vague and unspecified comity objections. Aside from sheer boilerplate, these Defendants fail to assert a privilege or work product objection to any specific document, do not specify what the burden is in producing the requested documents, and do not contest their relevance.[3] Plaintiffs are entitled to these documents, and to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Furthermore, as deposition discovery has already revealed, these documents are relevant for showing Defendants' efforts to fraudulently conceal their collusive conduct and their conscious-

---

[1]    The "Objecting Defendants" are as follows: (1) Holy Stone Enterprise Co., Ltd., Holy Stone International, Vishay Intertechnology, Inc., and Vishay Polytech Co. ("Holy Stone"); (2) Matsuo Electric Co. ("Matsuo"); (3) Nippon Chemi-Con Corporation and United Chemi-Con., Inc. ("NCC"); (4) Nissei Electric Co., Ltd. ("Nissei"); (5) Shinyei Kaisha and Shinyei Technology Co., Ltd. ("Shinyei"); and (6) Taitsu America, Inc. and Taitsu Corp. ("Taitsu").

[2]    RFP Set 2 is attached as <u>Exhibit 1</u>, and the Objecting Defendants' written responses are attached as <u>Exhibits 2-8</u>. Plaintiffs will submit the correspondence from the meet and confer sessions, and any additional materials, upon the Court's request.

[3]    For example, Matsuo claims to be standing on a work product objection, but has not included the requested documents in any privilege log or provided any description of the documents (e.g., what they are, what attorneys authored them, when and why they were created, and which regulatory agency requested them). Regardless, any objections based on purported work product would fail, because Defendants waived them by providing the requested materials to the foreign regulators. *See In re Syncor ERISA Litig.*, 229 F.R.D. 636, 645-648 (C.D. Cal. 2005).

Hon. James Donato
November 3, 2017
Page | 2

ness of guilt. For example, Mr. Ishigami of Taitsu testified at his deposition that he altered multiple documents provided to the Chinese antitrust authorities, and specifically deleted references to price coordination as well as inculpatory conspiratorial information about Shinyei. During his deposition, Plaintiffs requested that Taitsu produce all documents relating to these modified submissions. These documents, and any related documents explaining or revising prior submissions to the foreign antitrust authorities, are clearly encompassed by RFP 33. The interests of justice do not permit Defendants to shroud their misconduct, or their concealment of that misconduct, behind a veil of comity.

1. **The Objecting Defendants Lack Support for Their Comity Objections.**

To assert a comity objection, a party must first establish that the discovery request at issue clearly conflicts with a foreign law on discoverability. *See, e.g.*, *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1474-75 (9th Cir. 1992). The Objecting Defendants have failed to satisfy this standard, because they have refused to provide any descriptive information about the documents they are withholding. The Defendants also have not provided any document, correspondence, or specific statement by any foreign regulator requesting that non-ordinary course documents be withheld. Those regulators, not the defendants, are obliged to express their concerns—if any. They have not done so. The Defendants have not established that these regulators possess an interest in tension with those of the U.S. in enforcing its antitrust laws through private civil litigation. *See In re Air Cargo Shipping Servs. Antitrust Litig.,* 278 F.R.D. 51, 53-54 (E.D.N.Y. 2010).

Even after a party has demonstrated specific foreign interests, courts employ a balancing test to determine whether to order production. *Richmark*, 959 F.2d at 1475. That test favors production here: (a) the documents are indisputably relevant; (b) the requested set of documents is discrete and easily-identifiable; and (c) this is a global price-fixing case. *See Air Cargo*, 278 F.R.D. at 53-55; *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SCm, 2014 U.S. Dist. LEXIS 151222 at *56-71 (N.D. Cal. Oct. 23, 2014).

The Objecting Defendants incorrectly assert that ECF 952-1 (a letter from the European Commission to NEC Tokin dated October 16, 2015), bars production of the requested documents. This letter identifies three distinct categories of documents, and the Objecting Defendants make no attempt to fit the documents they are withholding into those categories. They do not even state whether the documents were provided to the EC. This Court's prior ruling compelling production of ordinary course records previously produced to foreign regulators addresses this point. It further explains that, "[w]hile the Court has no desire to slight comity toward overseas regulators, the NDRC's objection is <u>too vague and undeveloped</u> to warrant a delay in discovery." ECF 1144 at 2 (emphasis added). The Objecting Defendants here have similarly failed to assert their comity objection with specificity.

2. **The Objecting Defendants Violated FRCP Rule 34 by Failing to Describe the Documents They Have Withheld.**

The Objecting Defendants admit that they are withholding responsive documents, but have failed to provide any descriptive information about those documents, including which foreign regulators object to their production. This violates Rule 34(b)(2), which makes clear that parties must "state

Hon. James Donato
November 3, 2017
Page | 3

with specificity the grounds for objecting to [requests for production], including the reasons," and "whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(B)–(C). The Advisory Committee Notes explain that the objecting party must produce information sufficient to facilitate an "informed discussion of the objection." *Id*. The assertion of a boilerplate objection and a blanket refusal to provide any additional information is insufficient. *See, e.g.*, *Fischer v. Forrest*, No. 1:14-cv-01307-PEA-AJP, 2017 U.S. Dist. LEXIS 28102 (S.D.N.Y. February 28, 2017). As *Fischer* explains, boilerplate objections are "improper unless based on particularized facts." *Id*. at 8; *see also Loop Al Labs Inc. v. Gatti*, No. 15-cv-00798-HSG (DMR), 2016 U.S. Dist. LEXIS 58820 (N.D. Cal. May 3, 2016) at *9-11.[4]

### 3. The Objecting Defendants' Remaining Objections Lack Merit.

In addition to their comity objections, the Objecting Defendants rely on two documents as bases for withholding responsive documents: (1) ECF 953 - the Court's Order Regarding Discovery of Documents Produced to Non-U.S. Antitrust Enforcement Authorities; and (2) ECF 782 - the Stipulation and Order re: Discovery of Electronically Stored Information ("ESI Order"). Neither provides a legitimate basis to withhold otherwise relevant and responsive documents.

First, ECF 953 simply states that "[t]o the extent that [RFP] 33 seeks the production of things other than documents and tangible things created in the ordinary course of business, the request is indefinitely deferred without prejudice to Plaintiffs' right to renew the request." ECF 953 at 2 (emphasis added). Plaintiffs have renewed their request as expressly authorized by ECF 953. The request is timely, and Plaintiffs have not waived their right to obtain these materials.

Second, the ESI Order does not shield the requested documents from discovery. RFP Set 2 clearly states that the relevant time period for the requested documents is January 1, 2000 to the Present (Ex. 1 at 9). The Objecting Defendants claim, however, that because the ESI Order provides a period of January 1, 2000 to August 31, 2014 (ECF 782 at 2) for the preservation of documents, they are therefore relieved of any duty to produce requested documents that were created after this time period. The ESI Order relates to document preservation and does not act as a limit on discovery. The obligation to preserve is distinct from the obligation to produce indisputably relevant information. Moreover, the Objecting Defendants do not claim that they have destroyed or otherwise failed to preserve any of the non-ordinary course documents at issue. Given that they are (or were) the subjects of a criminal investigation, it would be remarkable if they had.

For the foregoing reasons, the Court should grant Plaintiffs' Motion to Compel the production of documents responsive to RFP 33 from the Objecting Defendants, covering the entire requested time period, within one week of the Court's Order.

---

[4] In contrast, five other Defendants (ELNA, KEMET, Nichicon, Panasonic, and Sanyo), have provided categorical descriptions of non-ordinary course records they are withholding, and specified the regulators at issue. For example, Panasonic disclosed that it provided signed witness statements to the Korean antitrust authorities. Plaintiffs continue to meet and confer with the remaining Defendants based on the information provided, and reserve their rights to seek additional information and to file a motion to compel against those Defendants at a later date.

Hon. James Donato
November 3, 2017
Page | 4

Respectfully,

| **Joseph Saveri Law Firm, Inc.** | **Cotchett, Pitre, & McCarthy, LLP** |
|---|---|
| /s/ *Joseph R. Saveri* | /s/ *Adam J. Zapala* |
| *Interim Lead Class Counsel for DPPs* | *Interim Lead Class Counsel for IPPs* |

cc: All Counsel (*via* email)