| **Joseph Saveri Law Firm, Inc.** | **Cotchett, Pitre & McCarthy LLP** |
| --- | --- |
| 555 Montgomery St., Suite 1210 | 840 Malcolm Road, Suite 200 |
| San Francisco, CA 94111 | Burlingame, CA 94010 |

*Via* **ECF and Hand Delivery**                November 17, 2017

Hon. Judge James Donato
United States District Court
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, California 94102

Re:   *In re Capacitors Antitrust Litigation*, No. 14-cv-3264-JD – **Interrogatory No. 35**

Your Honor:

Direct and Indirect Purchaser Plaintiffs ("Plaintiffs") bring this motion to request that the Court compel ten Objecting Defendants to supplement their responses to Interrogatory 35 within two weeks of the Court's Order.[1] Pursuant to Paragraph 18 of this Court's Standing Order on Civil Discovery, the Parties met and conferred but are at an impasse.

Interrogatory 35 seeks all facts that are **not set forth in any document** produced in this litigation that concern any contact, meeting, or communication relating to Capacitors among two or more Defendants, and that the responding party (a) **provided orally** or in writing to the U.S. Department of Justice, the Federal Trade Commission, or **any Foreign Antitrust Authority**, or (b) **discovered through an interview or discussion with a current or former employee**. The requests seek information from January 1, 2000 to the Present.[2]

At this time, Plaintiffs are limiting part (a) to information Defendants provided **orally** to "any **Foreign** Antitrust Authority." Ex. A at 7 (emphasis added). Furthermore, Plaintiffs are limiting parts (a) and (b) to communications made by Defendants' **non-attorney employees** to foreign regulators or during interviews with Defendants' in-house compliance departments. Plaintiffs are not seeking discovery on statements made by Defendants' attorneys.

Two of the Objecting Defendants (NCC and Taitsu) state that they will not produce responsive information to parts (a) and (b). These two Defendants have provided no basis for withholding the information other than boilerplate objections, which are insufficient and constitute waiver.

---

[1]   The ten Objecting Defendants are as follows: (1) ELNA Co., Ltd., and ELNA America, Inc. ("ELNA"); (2) Holy Stone Enterprise Co., Ltd., Holy Stone International, and Vishay Polytech Co. ("Holy Stone"); (3) Matsuo Electric Co. ("Matsuo"); (4) Nichicon Corp. and Nichicon America Corp. ("Nichicon"); (5) Nippon Chemi-Con Corp. and United Chemi-Con., Inc. ("NCC"); (6) Nissei Electric Co., Ltd. ("Nissei"); (7) Panasonic Corp. and Panasonic Corp. of North America ("Panasonic"); (8) Sanyo Electric Co., Ltd., and Sanyo North America Corp. ("Sanyo"); (9) Shinyei Kaisha and Shinyei Technology Co., Ltd. ("Shinyei"); and (10) Taitsu America, Inc. and Taitsu Corp. ("Taitsu").

[2]   The excerpted Interrogatory is attached as Exhibit A. The Objecting Defendants' served responses are attached as Exhibits B–K. Plaintiffs will provide any of the other discovery, correspondence, transcripts, or documents cited in this letter to the Court upon request.

*See* Fed. R. Civ. P. 33; *see also, e.g.*, *Dao v. Liberty Life Assurance Co.*, No. 14-cv-04749-SI (EDL), 2016 U.S. Dist. LEXIS 28268, at *11 (N.D. Cal. Feb. 23, 2016). Five Objecting Defendants (ELNA, Holy Stone, Matsuo, Panasonic, Sanyo, and Shinyei) object that the information requested has been provided by their responses to Interrogatories 16 and 17. ELNA, Nichicon, and Shinyei object to part (a) based on "confidentiality obligations" (*i.e.*, comity), but do not provide any information on the specific communications they claim the regulators requested be kept confidential. Finally, Nissei claims that it does not have information regarding part (a) but is withholding information responsive to part (b), and (conversely) Holy Stone claims that it does not have information regarding part (b) but is withholding information on part (a).

1. **Interrogatory 35 Seeks Relevant, Discoverable, and Non-Duplicative Information.**

Interrogatory 35 seeks information not set forth in any document produced to date in the litigation. In particular, Plaintiffs seek information Defendants disclosed to foreign regulators orally or discovered during witness interviews. As Defendants concede, this information is directly relevant. No Defendant has demonstrated an undue burden.

This discovery is by its terms not duplicative. It excludes information contained in documents previously produced. For example, Mr. Adachi of Shinyei testified at his deposition that he was interviewed by regulatory officials from China and Japan. Adachi Tr. at 152–53 and 246–48. However, Shinyei's counsel instructed Mr. Adachi as follows: "Again, caution the witness against revealing the substance of what was said at the – at – during the interview." *Id* at 151. Shinyei counsel did not specify the basis of these instructions. Importantly, the Adachi deposition occurred on August 24, 2016—four months after the Court held that "vague and undeveloped" comity objections were not a valid basis to withhold relevant information. ECF 1144 at 2.

Defendants' responses to Interrogatories 16 and 17 also do not provide the same information sought here.[3] Although most responses include grids of various collusive meetings (dates, participants, and location), all are incomplete, because they omit, for example, meetings,[4] attendees, the matters discussed, and/or the sources of the facts (such as the names of employees interviewed). Plaintiffs seek this information, which is clearly encompassed by Interrogatory 35.[5]

---

[3]   Shinyei responded to Interrogatories 16 and 17 under Rule 33(d) by identifying documents. Those documents are plainly not responsive to Interrogatory 35.

[4]   The ELNA grid, for example, fails to identify multiple cartel meetings Plaintiffs learned of during discovery.

[5]   Plaintiffs believe that at least one Defendant—Taitsu—may have contacted a foreign regulator to correct a prior submission in which it submitted altered documents intended to conceal cartel activity. *See* Ishigami Tr. at 89–93. Plaintiffs therefore also seek facts concerning any efforts to correct prior submissions to foreign regulators that were modified or altered, or that were based on false statements.

Hon. James Donato
November 17, 2017
Page | 3

### 2. The Information Interrogatory 35 Seeks is Not Privileged.

Defendants have failed to assert work-product or attorney-client privilege as to any specific piece of information requested, waiving any protections. Moreover, any such claim would fail. Ninth Circuit law is settled that voluntary submission of information to government regulators waives attorney-client privilege. *See Pac. Pictures Corp. v. U.S. Dist. Ct.*, 679 F.3d 1121, 1127–28 (9th Cir. 2012). Further, facts disclosed to the regulators are not protected under the work-product doctrine, even if the only written record of the statements was created by counsel. *See SEC v. Berry*, No. C07-04431 RMW, 2011 U.S. Dist. LEXIS 28301, *18–19 (N.D. Cal. Mar. 7, 2011); *United States v. Reyes*, 239 F.R.D. 591, 603–04 (N.D. Cal. 2006). Waiver issues aside, Defendants have also failed to establish that statements made by employees to their in-house compliance departments were privileged or protected. *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 241 (N.D. Cal. 2015); *Lewis v. Wells Fargo & Co.*, 266 F.R.D. 433, 441 (N.D. Cal. 2010).

### 3. Defendants' Remaining Objections Are Meritless.

Contrary to Defendants' objections, the requested discovery is not precluded by ECF 630, 632, or 953, the information is not protected from discovery on comity grounds, and this request does not exceed the 35 interrogatories Plaintiffs are permitted under ECF 725.

ECF 630 and 632 do not apply here. They address discovery of Defendants' communications **with the United States**. Plaintiffs recognize this limitation in restricting the discovery to Defendants' communications **with foreign regulators or information learned in employee interviews**. These orders addressed concerns raised in this case by the Department of Justice regarding the confidentiality of its criminal investigation. No foreign regulator has sought to intervene or asserted a corresponding interest in protecting an investigation or regulatory proceedings.

ECF 953 also does not apply. It relates to Plaintiffs' RFP No. 33 and Defendants' production of **ordinary course documents** provided to government regulators. The order does not bar the discovery of (a) oral communications between Defendants' employees and foreign regulators, or (b) oral statements employees made during in-house compliance interviews.

Defendants' comity objections fail because they are vague and unspecified. *See* ECF 1144 at 2. Instead of providing correspondence from foreign regulators objecting to specific documents or testimony, Defendants continue to rely on ECF 952-1. This document is a letter from the European Commission to NEC Tokin (with whom Plaintiffs have settled) that does not specifically address the information requested here. Moreover, the information requested is relevant and discrete, and production would be favored even if there were objections by the regulators. *See Richmark Corp. v. Timber Falling Consultants*, 959 F. 2d 1468, 1474–75 (9th Cir. 1992); *In re Air Cargo Shipping Serv. Antitrust Litigation*, 278 F.R.D. 51, 53–54 (E.D.N.Y. 2010); *In re CRT Antitrust Litigation*, No. C-07-5944-SC, U.S. Dist. LEXIS 151222 at *56–71 (N.D. Cal. Oct. 23, 2014).

Finally, no Defendant has established that Plaintiffs' prior 34 numbered interrogatories exceed the 35 permitted by ECF 725. In fact, they do not, because all of their subparts are "subsumed within and necessarily related to the primary question." *In re Lithium Ion Batteries Antitrust Litigation*, No. 13-md-02420-YGR (DMR), 2015 U.S. Dist. LEXIS 45976, at *50 (N.D. Cal. Mar. 17, 2015) (citations omitted). Therefore, Defendants must respond.

Hon. James Donato
November 17, 2017
Page | 4

* * *

For the foregoing reasons, this Court should issue an order compelling the Objecting Defendants to fully supplement their responses to Interrogatory 35 within fourteen days of this Court's Order.[6]

Respectfully,

| **Joseph Saveri Law Firm, Inc.** | **Cotchett, Pitre, & McCarthy, LLP** |
|---|---|
| /s/ *Joseph R. Saveri* | /s/ *Adam J. Zapala* |
| *Interim Lead Class Counsel for Direct Purchaser Plaintiffs* | *Interim Lead Class Counsel for Indirect Purchaser Plaintiffs* |

cc: All Counsel (*via* email)

---

[6] Plaintiff Flextronics International USA, Inc., has indicated that it joins in this request for relief.