# JONES DAY

555 SOUTH FLOWER STREET • FIFTIETH FLOOR • LOS ANGELES, CALIFORNIA 90071.2300

TELEPHONE: +1.213.489.3939 • FACSIMILE: +1.213.243.2539

Direct Number: (213) 243-2304
epenson@JonesDay.com

November 22, 2017

*VIA ECF and Hand Delivery*

Hon. James Donato
United States District Court
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, CA 94102

Re:   *In Re Capacitors Antitrust Litigation*, No.: 3:14-CV-03264-JD

Dear Judge Donato:

Certain Defendants respectfully submit this letter in connection with Direct Purchaser Plaintiffs' and Indirect Purchaser Plaintiffs' ("Plaintiffs") request that the Court compel six Objecting Defendants to produce documents responsive to Plaintiffs' Request for Production No. 33 ("RFP 33 Motion") (ECF No. 1943),[1] and Plaintiffs' request that the Court compel ten Objecting Defendants to supplement their responses to Interrogatory 35 ("Interrogatory 35 Motion") (ECF No. 1954).[2] Defendants' response to the RFP 33 Motion is currently due on November 28, 2017, but Defendants' response date to the Interrogatory 35 Motion has not yet been set.

Plaintiffs' RFP 33 and Interrogatory 35 Motions "present[] a number of difficult questions regarding a sensitive area of law and foreign relations." *Richmark Corp. v. Timber*

---

[1] The six "Objecting Defendants" to the RFP 33 Motion are (1) Holy Stone Enterprise Co., Ltd., Holy Stone International, Vishay Intertechnology, Inc., and Vishay Polytech Co. ("Holy Stone"); (2) Matsuo Electric Co. ("Matsuo"); (3) Nippon Chemi-Con Corporation and United Chemi-Con., Inc. ("NCC"); (4) Nissei Electric Co., Ltd. ("Nissei"); (5) Shinyei Kaisha and Shinyei Technology Co., Ltd. ("Shinyei"); and (6) Taitsu America, Inc. and Taitsu Corp. ("Taitsu").

[2] The ten "Objecting Defendants" to the Interrogatory 35 Motion are (1) ELNA Co., Ltd., and ELNA America, Inc. ("ELNA"); (2) Holy Stone; (3) Matsuo; (4) Nichicon Corp. and Nichicon America Corp. ("Nichicon"); (5) NCC; (6) Nissei; (7) Panasonic Corp. and Panasonic Corp. of North America ("Panasonic"); (8) Sanyo Electric Co., Ltd., and Sanyo North America Corp. ("Sanyo"); (9) Shinyei; and (10) Taitsu.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Hon. James Donato
November 22, 2017
Page 2

*Falling Consultants*, 959 F.2d 1468, 1471 (9th Cir. 2002). Specifically, the RFP 33 Motion seeks the production of materials that Defendants provided to foreign antitrust regulators, including non-ordinary course documents that were created at the request of the foreign antitrust regulators and certain communications with those regulators. The Interrogatory 35 Motion requests that Defendants provide Plaintiffs with certain information that they provided to foreign antitrust regulators, including the identities of individuals that those regulators chose to interview and the substance of the interviews conducted by the regulators.

In connection with Plaintiffs' motions, Defendants are in the process of contacting the relevant foreign antitrust regulators to inquire as to whether they wish to make their policy positions known to the Court and the parties with respect to the discovery sought by Plaintiffs. Such guidance is necessary for Defendants to be able to respond to Plaintiffs' RFP 33 and Interrogatory 35 Motions, particularly given that the balance between the "interests of each nation in requiring or prohibiting disclosure" is "the most important factor" courts consider in addressing whether to compel the production of information provided to foreign governments. *Richmark Corp.*, 959 F.2d at 1476. Indeed, in similar situations, courts have evaluated statements from foreign regulators and concluded that disclosure of these types of materials would interfere with the regulators' enforcement of their own competition laws. *In Re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 13147214, *3, *5-*6 (N.D. Cal. April 26, 2011) (concluding that "the marginal benefit of allowing discovery of the documents to be outweighed by the impact that disclosure will have on the EC's and JFTC's interests in the effective enforcement of their respective competition laws and their cooperation with the U.S. to enforce those laws."); *In re Rubber Chemicals Antitrust Litig.*, 486 F. Supp. 2d 1078, 1084 (N.D. Cal. 2007) (same).

Defendants met and conferred with Plaintiffs' counsel regarding the need to provide the foreign regulators sufficient time to make their positions known, should they choose to do so. Plaintiffs, however, declined to enter into the stipulation proposed by Defendants. Accordingly, Defendants respectfully request that this Court extend the deadline by which Defendants must respond to the RFP 33 and Interrogatory 35 Motions by 60 days from today,[3] rendering the responses due on January 22, 2018.

---

[3] Defendants note that this request is consistent with the parties' prior Stipulation and Order Regarding Discovery of Documents Produced to Non-U.S. Antitrust Enforcement Authorities (ECF No. 953), which set a 60-day period for foreign regulators to make their position known with respect to the discovery of ordinary course of business documents that were sought by Plaintiffs at that time.

JONES DAY

Hon. James Donato
November 22, 2017
Page 3

                                               Sincerely,

                                               */s/ Eric P. Enson*

                                               Eric P. Enson
                                               On Behalf Of the Objecting Defendants