Joseph R. Saveri (State Bar No. 130064)
Joshua P. Davis (State Bar No. 193254)
Jiamin Chen (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:   jsaveri@saverilawfirm.com
         jdavis@saverilawfirm.com
         jchen@saverilawfirm.com


*Interim Class Counsel for Direct Purchaser Plaintiffs*

*Additional Counsel on Signature Page*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION | Master File No. 3:14-cv-03264-JD |
| THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER ACTIONS | **SUPPLEMENTAL REPLY IN SUPPORT OF MOTION FOR LEAVE TO TAKE DEPOSITION OF SATOSHI OKUBO IN CUSTODY** |

## I.   ADVERSE INFERENCES RULING IS PROPER NOW

On October 6, 2016, this Court ruled to allow an adverse inferences jury instruction against Okubo and Suzuki's current and former employers based on Okubo and Suzuki's invocations of the Fifth Amendment at deposition.[1] Transcript 23:20 – 23:24.

On October 26, 2017, this Court directed the parties to provide supplemental briefing as to adverse inferences against co-conspirators based on Okubo's Fifth Amendment invocation in relation to the requested in-custody deposition of Okubo. (Dkt. No. 1925, 1926). On November 28, 2017, three groups of Defendants filed briefs. The Defendants' briefs addressed a number of new issues. Plaintiffs respectfully submit this brief to address issues raised for the first time in Defendants' briefs.

The same rationale which provides the basis for the Court's October 6, 2016 ruling permitting adverse inferences jury instructions as to current and former employers also applies with respect to adverse inferences jury instructions as to co-conspirators. *United States v. District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, et al*., 832 F. Supp. 644, 652 (S.D.N.Y. 1993) ("The argument is conceptually close to adverse inference by reason of employment or agency, since co-conspirators are generally said to act as agents for each other.").

As Defendants noted, district courts have allowed adverse inference jury instructions as to co-conspirators "based [on their] adverse inference finding on the nature of the particular relationship between the non-party witness and the defendant." (Dkt. No. 1970 p. 6) *citing In re Cowin*, 492 B.R. 858, 885 (Bankr. S.D. Tex. 2013), *aff'd*, 538 B.R. 721 (S.D. Tex. 2015), *aff'd sub nom. Matter of Cowin*, 864 F.3d 344 (5th Cir. 2017). Specifically, district courts addressing co-conspirator adverse inferences have focused on the requisite "relationship of loyalty." Under that analysis, the relationship of loyalty is present because "[a]s alleged co-conspirators, some degree of loyalty and/or control may

---

[1] In their papers, Defendants Matsuo and ELNA now appear to ask this Court to reconsider a ruling that this Court made in October 2016. (Dkt. No. 1971). Neither Matsuo nor ELNA attempt—much less establish—the bases for a motion for reconsideration at this juncture. *Id*. Neither Matsuo nor ELNA opposed Plaintiffs' motion requesting adverse inferences against them. In fact, counsel arguing on behalf of Defendants conceded that this Court's order providing for adverse inferences jury instruction as to Okubo's and Suzuki's employers—Matsuo, ELNA, and NCC—was reasonable. Transcript at 20:5 – 20:10. Accordingly, principles of estoppel also prevent these Defendants from re-litigating this issue.

prevent one party from rendering damaging testimony against another." *State Farm Mut. Auto. Ins. Co. v. Abrams*, 2000 WL 574466 at *7 (N.D. Ill. May 11, 2000) (applying the *LiButti* analysis).

Here, Okubo's relationship with Defendants is clear based on the record in this case. More than alleged co-conspirators, Okubo and seven Defendant corporations, including Okubo's employers, each pleaded guilty to participating in the same illegal antitrust  conspiracy in violation of Section One of the Sherman Act, 15 U.S.C. § 1. *Id*. And another Defendant corporation has been indicted for participating in the same anticompetitive conspiracy in the related prosecution. *See Cowin*, 492 B.R. at 884–85 (finding that adverse inferences based on Fifth Amendment invocation are "particularly appropriate where, as here, the witness and the party to the lawsuit are co-conspirators."). Further, each Defendant, including Okubo's employers, also are named as Defendants with respect to antitrust civil damages action under Section One arising from the same wrongful acts. *See State Farm*, 2000 WL 574466 at *7. ("Furthermore, the interests in the outcome of the litigation of the invoking [witness] and non-moving medical Defendants align directly with the interests of the Moving Defendants: all have been accused of fraudulent conduct.").

Defendants' responses appear to contest that a reasonable factual basis exists for concluding that an illegal antitrust conspiracy is present here. However, the independent evidence establishing a conspiracy and conspiratorial relationship in this litigation, even at this stage, is vast, particularized, well-developed, and damning. *See In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig*., 681 F. Supp. 2d 141, 153–54 (D. Conn. 2009). In addition to the criminal charges and guilty pleas, including of invoking witness Okubo, Plaintiffs have specified numerous examples of independent evidence establishing a conspiratorial relationship between and among Okubo's employers and other Defendants. *See* Dkt. No. 1266 Exh. A; Dkt. No. 1267. Further, because the evidence here is voluminous, Plaintiff's counsel stands ready to proffer to the Court as to additional independent evidence establishing the conspiracy and conspiratorial relationship were an additional showing required.

Therefore, more than sufficient evidence before the Court establishes the "relationship of loyalty" upon which courts have allowed adverse inferences as to co-conspirators based on Fifth Amendment invocation. *State Farm*, 2000 WL 574466 at *7; *see also In re Polyurethane Foam*

*Antitrust Litig. Direct Purchaser Class*, 2015 WL 12747961 (N.D. Ohio Mar. 6, 2015); *In re Cowin*, 492 B.R. 858, 884–85; *United States ex rel. McGee v. IBM Corp.*, 2017 WL 4467458 (N.D. Ill. Oct. 6, 2017).

Just as this Court properly ruled on adverse inferences as to employers over one year ago, this Court now should properly rule on adverse inferences as to co-conspirators, particularly in light of additional Defendants' guilty pleas to the anticompetitive conspiracy since its prior ruling.

## II.   DEPOSITION OF SATOSHI OKUBO IN CUSTODY IS PROPER

One in-custody deposition of Okubo falls well within the "broad right of discovery [which] is based on the general principle that litigants have a right to 'every man's evidence,'" and the "wide access to relevant facts [that] serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) quoting *United States v. Bryan*, 339 U.S. 323, 331 (1950); *see also Agne v. Papa John's Int'l, Inc.*, 2012 WL 12882903, at *2 (W.D. Wash. Feb. 6, 2012) ("The Ninth Circuit has long held that discovery should be granted liberally and freely in order for cases to be decided on the merits.") citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Thus, to "promot[e] the search for the truth," and "for [this case] to be decided on the merits," Plaintiffs' "broad right to discovery" and "wide access to relevant facts" should not be curtailed because Plaintiffs did and could not know that Okubo would plead guilty after invoking his Fifth Amendment privilege against self-incrimination at deposition. *Id*. Such limitation of Plaintiffs' discovery rights particularly would hinder "the search for the truth" if the Court disallows or defers ruling on adverse inferences as to co-conspirators. *Id*.

Further, as previously discussed, due to his own admitted[2] conduct of prolonged participation in illicit cartel activities on behalf of multiple Defendant co-conspirators, Okubo holds unique information critical to Plaintiffs' claims.

---

[2] Okubo pleaded guilty for his participation in the conspiracy, specifically admitted to having "attended meetings with representatives of other major electrolytic capacitor manufacturers" that were "in furtherance of the conspiracy," and received the benefit of a reduced offense level and reduced sentence on the basis of his admissions and acceptance of responsibility. *United States v. Okubo*, 4:17-cr-00074 (filed February 8, 2017) at Dkt. No. 19 p. 4. However, Okubo now appears to rescind his admission by characterizing his conduct to this Court as "his attendance at *alleged* cartel meetings" and withholding his personal knowledge thereof (Dkt. No. 1967 p. 4) (emphasis added).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Finally, to the extent the costs and burden associated with deposing Okubo in custody present concerns, Plaintiffs plan to work with Okubo to limit and/or determine in advance the scope of the deposition, to reduce or limit the deposition exhibits, to compromise on the length of the deposition, and to determine additional ways to minimize the expense and burden of the deposition.

SUPPLEMENTAL REPLY IN SUPPORT OF MOTION FOR LEAVE TO DEPOSE SATOSHI OKUBO IN CUSTODY

**CONCLUSION**

For the forgoing reasons, Plaintiffs respectfully request leave of the Court to take the deposition of Satoshi Okubo in custody, if the Court does not allow or defers ruling on adverse inference jury instructions against the co-conspirator defendants arising from Fifth Amendment invocation.

Dated: December 5, 2017

Respectfully Submitted,

JOSEPH SAVERI LAW FIRM, INC.

By:      */s/ Joseph R. Saveri*
              Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Joshua P. Davis (State Bar No. 193254)
Jiamin Chen (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Emails:        jsaveri@saverilawfirm.com
                  jdavis@saverilawfirm.com
                  jchen@saverilawfirm.com

*Interim Class Counsel for Direct Purchaser Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2017 I caused a copy of the foregoing

SUPPLEMENTAL REPLY IN SUPPORT OF MOTION FOR LEAVE TO TAKE
DEPOSITION OF SATOSHI OKUBO IN CUSTODY

to be filed electronically. Notice of this filing will be sent by operation of the Court's ECF electronic

filing system to all parties indicated on the electronic filing receipt. Parties may access this filing

through the Court's electronic filing system.


By:    _____*/s/ Joseph R. Saveri*_____
               Joseph R. Saveri