**Joseph Saveri Law Firm, Inc.**
555 Montgomery St., Suite 1210
San Francisco, CA 94111

December 11, 2017

*Via* **ECF and Hand Delivery**

Hon. Judge James Donato
United States District Court
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, California 94102

    Re:    *In re Capacitors Antitrust Litigation*, No. 14-cv-3264-JD – Panasonic Clawbacks

Your Honor:

Direct Purchaser Plaintiffs ("Plaintiffs") bring this motion to request that the Court compel Panasonic to produce three clawed-back documents ("clawbacks") and 99 similar documents listed on Panasonic's privilege logs within seven days of the Court's order.[1] These documents summarize facts regarding cartel activities and were drafted by Panasonic employees based on their personal knowledge of those facts. The Parties met and conferred but are at an impasse.

This dispute arose after Plaintiffs, on November 15, 2017, sent Panasonic (the ACPERA applicant) a list of document exemplars they proposed be used to educate Panasonic's Rule 30(b)(6) designees on cartel conduct. Three business days later, on November 20, 2017, counsel for Panasonic sent Plaintiffs a letter clawing back one of the exemplars and two similar documents Panasonic had produced. In that letter, Panasonic asserted Attorney-Client and Work Product objections over these three documents for the first time. *See* Ex. 1.[2] On November 28, 2017, at Plaintiffs' request, Panasonic's counsel disclosed their bases for clawing back these documents. *See* Ex. 2. In addition, there are 99 similar documents on Panasonic's privilege logs, and Plaintiffs requested that those documents also be produced, but Panasonic has refused.[3] Based on Panasonic's descriptions of the clawbacks and the other similar documents, they are not privileged.

---

[1]     Defendants Panasonic Corp., Panasonic Corp. of North America, Sanyo Electric Co., Ltd., and Sanyo North America Corp. are referred to herein collectively as "Panasonic."

[2]     References to "Ex." refer to Exhibits attached to this motion. Plaintiffs have highlighted the relevant portions of the attached documents to ease the Court's review. The clawbacks at issue are Bates-numbered PAN-CU002024473, PAN-CU002024476, and PANCU002024585. Plaintiffs sequestered the documents immediately upon receipt of Panasonic's clawback letter and will provide them to the Court for *in camera* review upon request.

[3]     Plaintiffs have identified 99 similar documents in Panasonic's privilege logs. The insufficient detail Panasonic provided, along with persistent errors in the logs, significantly complicated this task. Many of the descriptions on Panasonic's logs, for example, do not match the relevant entry's identifying information. Given that Panasonic's privilege logs collectively comprise approximately 100 pages of size 3-point font, Plaintiffs have not attached them to this motion. Instead, Plaintiffs attach hereto a list of the 99 specific entries they are challenging. *See* Appendix

Hon. James Donato
December 11, 2017
Page | 2

### 1. The Documents at Issue Are Not Protected by the Attorney-Client Privilege

Panasonic does not claim that the documents at issue were created by counsel, upon counsel's request, or for the purpose of obtaining legal advice from counsel. Rather, Panasonic claims the documents may be withheld because they contain charts of factual matter revised by Panasonic employee Shinichi Torii (or others) after other non-lawyer employees (at most) "convey[ed] a request from [counsel] that Torii add information." Ex. 2.[4] This purported basis is insufficient.

First, an employee's notes recording facts cannot be transformed into protected attorney-client communication unless they were communicated "between attorneys and clients" specifically "for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). Panasonic does not assert, for example, that Mr. Torii conveyed his notes in confidence to any in-house or outside counsel. *See Datel Holdings Ltd. v. Microsoft Corp.*, No. C-09-05535 EDL, 2011 U.S. Dist. LEXIS 30872, at *18 (N.D. Cal. Mar. 11, 2011). Nor does Panasonic claim—or show—that these were communications made for purposes of obtaining legal advice.

Second, it is not enough that the charts "relate[] to Panasonic's counsel's investigation of the conduct at issue in this litigation." Ex. 2. Courts routinely reject such boilerplate assertions. *See, e.g.*, *Hynix Semiconductor Inc. v. Rambus Inc.*, No. CV-00-20905 RMW, 2008 U.S. Dist. LEXIS 11764, at *21-22 (N.D. Cal. Feb. 2, 2008); *United States ex rel. Parikh v. Premera Blue Cross*, No. C01-476P, 2006 U.S. Dist. LEXIS 90814, at *19-20 (W.D. Wash. Dec. 15, 2006).

Third, although the specific request of counsel might be privileged, none is at issue here. The privilege does not extend to the factual matter recorded or memorialized by Mr. Torii or other non-lawyer employees. At most, counsel's request should be redacted, so that the factual matter may be disclosed. *See Flintkote Co. v. Gen. Accident Assurance Co.*, No. C 04-01827 MHP, 2009 U.S. Dist. LEXIS 44066, at *18-19 (N.D. Cal. May 26, 2009). Panasonic has failed to show why the entire document should be withheld. It should produce the charts and other documents. They are not attorney-client communications.

### 2. The Documents at Issue Are Not Protected by the Work-Product Doctrine.

The work-product doctrine protects "materials prepared by agents of [a party's] attorney in preparation for litigation." *Richey*, 632 F.3d at 567. The extent of attorney involvement in creating a document is highly relevant to whether it was created in anticipation of litigation, and "a party's burden to demonstrate [such] purpose increases . . . as attorney involvement in creating the document decreases." *Largan Precision Co v. Genius Elec. Optical Co.*, No. 13-cv-02502-JD, 2015 U.S. Dist. LEXIS 2072, at *16 (N.D. Cal. Jan. 8, 2015) (quoting *United States v. ISS Marine Servs.*, 905 F. Supp. 2d 121, 134-35 & n.8 (D.D.C. 2012)). Without more, an attorney's direction to investi-

---

A. Panasonic asserted only an attorney-client privilege objection as to these entries and has therefore waived any objection based on work product as to the challenged documents. Plaintiffs will provide the original logs with the challenged entries highlighted upon the Court's request.

[4]   Panasonic provides no information regarding who created the charts. Nor does Panasonic name the individuals or entities identified in the actual request to Mr. Torii to input information.

Hon. James Donato
December 11, 2017
Page | 3

gate factual issues does not constitute work product. *ISS Marine Servs.*, 905 F. Supp. 2d at 137 n.9, 138. In the case of internal investigations, it must be shown—at a minimum—that the document at issue is the product of the exercise of counsel's "strategic and legal expertise." *Id.*

Here, Panasonic does not claim that Mr. Torii's additions (or those of other employees) were either (a) responsive to specific questions posed by counsel, or (b) ever communicated to counsel. The record shows attorney involvement in creating the documents was indirect and hard to discern, *i.e.*, not "direct and meaningful." *Id.*; *see also In re Lidoderm Antitrust Litig.*, No. 14-md-02521-WHO, 2016 U.S. Dist. LEXIS 105619 at *106 (N.D. Cal. Aug. 9, 2016). Of course, documents used for ordinary-course disciplinary or compliance-related purposes are not protected. *See Fine v. ESPN, Inc.*, No. 5:12-CV-0836, 2015 U.S. Dist. LEXIS 68704, *19-24 (N.D.N.Y. May 28, 2015); *S. Bell Tel. & Tel. Co. v. Denson*, 632 So. 2d 1377, 1385-86 (Fla. 1994). Moreover, because the purpose of the work-product doctrine is to protect attorney-led preparations for litigation, a non-attorney's unfiltered documentation of other employees' personal knowledge is not protected—even if it were specifically requested by an attorney. *See Dobbs v. Lamonts Apparel*, 155 F.R.D. 650, 653-54 (D. Alaska 1994). Here, Mr. Torii made his writings based on his own knowledge; counsel did not record or process them. Mr. Torii's notes, therefore, almost certainly manifest his personal knowledge and do not reflect counsel's analysis in anticipation of litigation. They must be produced.

### 3. Even If the Documents Were Work Product, the Court Should Compel Production Based on Plaintiffs' Substantial Need.

Even if Panasonic were able to meet its burden of establishing that counsel directed Mr. Torii (or the other Panasonic employees at issue) to update the charts in anticipation of litigation, Plaintiffs request that the Court order production in accordance with Rule 26(b)(3)(ii)(A) for the following two reasons. First, no opinion work-product is at issue here.[5] Second, the facts timely recorded during Panasonic's investigations of employee involvement in cartel activity are central to Plaintiffs' claims. Plaintiffs "cannot, without undue hardship, obtain their substantial equivalent by other means," Rule 26(b)(3)(A)(ii), as Panasonic has consistently thwarted discovery of this information. Panasonic's responses to DPPs' Interrogatories 16 and 17 concerning participation in cartel meetings and communications, for instance, omit certain communications, many details regarding meeting attendees or matters discussed, and the sources of the information provided. Panasonic's witnesses have been similarly evasive in response to questions concerning cartel activity, by, among other things, claiming faulty recollection or lack of knowledge. For example, Mr. Torii responded "I don't know" or "I don't recall," or otherwise claimed not to know or remember the answer to a question, 327 times at his deposition. Moreover, "[d]iscovery of the material contained in a verbatim . . . witness statement by other means will simply not be the substantial equivalent of the earlier written statement." *Dobbs*, 155 F.R.D. at 653.

---

[5] Even if counsel focused the inquiry, questions concerning who was involved in cartel communications or when and where they occurred ask for basic facts and thus would not reveal any legal theory. *See Lidoderm*, 2016 U.S. Dist. LEXIS 105619 at *105-06. Further, if the documents were to reflect any after-the-fact legal analysis or opinion, such portions may be redacted prior to production. *See Tennison v. City & Cty. of S.F.*, 226 F.R.D. 615, 624 (N.D. Cal. 2005).

\* \* \*

For the foregoing reasons, this Court should order Panasonic to produce (a) the three clawbacks, and (b) the 99 similar documents listed on Appendix A. Panasonic should be ordered to make these productions within seven days of the Court's order.

Respectfully,

**Joseph Saveri Law Firm, Inc.**

/s/ *Joseph R. Saveri*
*Interim Lead Class Counsel for Direct Purchaser Plaintiffs*

cc: All Counsel (*via* email)