JACKLIN CHOU LEM (CSBN 255293)
HOWARD J. PARKER (WSBN 7233)
MIKAL J. CONDON (CSBN 229208)
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, California 94102
Telephone: (415) 934-5334
Facsimile: (415) 934-5399
jacklin.lem@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CAPACITORS ANTITRUST LITIGATION | Master File No. 3:14-cv-03264-JD<br><br>**UNITED STATES' NOTICE OF MOTION FOR LIMITED DISCOVERY STAY**<br><br>Date: January 25, 2018<br>Time: 10:00 a.m.<br>Judge: Honorable James Donato<br>    Courtroom 11, 19th Floor |

//
//
//
//
//
//
//
///
///

NOTICE OF MOTION FOR LIMITED DISCOVERY STAY

Case No. 3:14-cv-03264-JD

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 25, 2018, at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable James Donato, the United States will and hereby does move this Court for an order for a limited stay of civil discovery, postponing the depositions of Satoshi Okubo, Kazuhiko Mitsuhori, Norio Kasuga, Hiroyuki Imai, Tadashi Yoshida, Toshihiro Yoshikawa, as well as any other later-noticed depositions of potential government trial witnesses in the corresponding criminal matter, *United States v. Nippon Chemi-Con Corp.*, CR 17-540-JD(N.D. Cal.). The proposed stay begins on the date of entry of the Proposed Order and continues until the conclusion of the criminal proceedings. A limited stay of the civil depositions of the government's proposed trial witnesses is necessary to preserve the integrity of the closely related criminal case.

This motion is based on a Memorandum of Points and Authorities and a Declaration of Mikal J. Condon in support thereof, as well as the accompanying proposed order.

Dated: December 15, 2017    Respectfully Submitted,

/s/ Mikal J. Condon
JACKLIN CHOU LEM
HOWARD J. PARKER
MIKAL J. CONDON
Trial Attorneys
U.S. Department of Justice
Antitrust Division

1  JACKLIN CHOU LEM (CSBN 255293)
2  HOWARD J. PARKER (WSBN 7233)
   MIKAL J. CONDON (CSBN 229208)
3  United States Department of Justice
   Antitrust Division
4  450 Golden Gate Avenue
   Box 36046, Room 10-0101
5  San Francisco, California  94102
6  Telephone: (415) 934-5334
   Facsimile: (415) 934-5399
7  jacklin.lem@usdoj.gov

8

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12  | IN RE: CAPACITORS | Master File No. 3:14-cv-03264-JD |
    | ANTITRUST LITIGATION | |
13  | | |
14  | | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LIMITED DISCOVERY STAY OF CIVIL DEPOSITIONS** |
15
16
17  | | Date: January 25, 2018 |
    | | Time: 10:00 a.m. |
18  | | Judge: Honorable James Donato |
    | |         Courtroom 11, 19th Floor |
19

20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 3:14-cv-03264-JD
ISO UNITED STATES' MOTION FOR LIMITED
DISCOVERY STAY

## I. Introduction

The United States Department of Justice Antitrust Division seeks a limited stay of civil discovery postponing depositions of individuals who are potential trial witnesses in the parallel, and closely related, criminal action. The charged defendant is Nippon Chemi-Con Corporation. *See United States v. Nippon Chemi-Con Corp.*, CR 17-540-JD (N.D. Cal.).

The government's proposed limited stay postpones the civil depositions of the government's trial witnesses until after the conclusion of the criminal trial, or other conclusion of the criminal proceedings. Pretrial depositions of prospective government witnesses are not normally permitted by the Federal Rules of Criminal Procedure, which are carefully crafted to provide a balance between the government and the criminally accused to provide for the efficient public administration of justice, to protect against fabrication of testimony, and to level the playing field for the government with criminal defendants who have Fifth Amendment privileges. Criminal defendants are not entitled to use civil discovery to impermissibly evade these restrictions on criminal discovery.

Denying the government's request for a limited discovery stay would enable Nippon Chemi-Con to use civil discovery in this case to improperly expand the scope of criminal discovery. The government's proposed stay balances the government's interest in protecting the integrity of the criminal proceedings and the interests in permitting civil plaintiffs to conduct discovery and move forward to seek restitution for the victims of the price-fixing scheme.[1]

## II. Background

In 2014, Plaintiffs filed this civil suit against numerous defendants, including Nippon Chemi-Con, alleging that they suffered damages as a result of Defendants' scheme to fix prices of electrolytic capacitors. The government has conducted a parallel criminal investigation of multiple companies, including Nippon Chemi-Con, regarding the same conduct that gave rise to the civil suit. Since the government's investigation began, seven companies have pleaded guilty

---

[1] The government understands that Nippon Chemi-Con does not oppose this request for a limited stay of depositions, as long as any stay extends to depositions of Nippon Chemi-Con's employees. (Declaration of Mikal J. Condon, ¶ 3.)

based on their role in the scheme. Ten individuals have also been charged, including Satoshi Okubo, a former employee of Matsuo Electric Co., Ltd.

On May 26, 2016, Plaintiffs deposed Okubo, who invoked his Fifth Amendment privilege against self-incrimination based on the criminal charges filed against him and refused to answer any questions. Okubo later pleaded guilty to those charges. *See United States v. Okubo*, CR-17-00074-JD (N.D. Cal.) at Dkt. 19. Plaintiffs then requested leave to take a second deposition of Okubo at the Lompoc penitentiary, where he is currently serving a year-and-a-day sentence. (Dkt. 1885, 1886.)

On October 18, 2017, Nippon Chemi-Con was indicted for its involvement in the price-fixing scheme. *See United States v. Nippon Chemi-Con Corp.*, CR 17-540-JD (N.D. Cal.) (related on October 30, Dkt. 1932). The government then informed the Court that, in order to protect the integrity of the criminal proceedings, it intended to seek a partial stay of discovery as to deponents in the civil trial, including Okubo, who would likely be witnesses in the parallel criminal trial against Nippon Chemi-Con. (Dkt. 1904.)

Following the October 26 hearing on Plaintiffs' request for a second deposition of Okubo, the Court sought supplemental briefing from the parties. The Court asked Plaintiffs to identify the issues Okubo could uniquely address that would not be covered by the adverse inference resulting from Okubo's earlier invocation of the Fifth Amendment privilege. (Dkt. 1926.) The parties submitted multiple supplemental filings. (*See* Dkt. 1947, 1967, 1969, 1971, 1975.) In the course of that briefing process, Nippon Chemi-Con submitted a letter brief "request[ing] that the Court permit [Okubo's] deposition to go forward so that the parties can obtain Mr. Okubo's substantive testimony[,]" because "[Okubo] is uniquely positioned to provide substantive testimony regarding his recollection of the meetings he attended and his communications with NCC." (Dkt. 1969.)

In light of the fact that Nippon Chemi-Con is now seeking substantive testimony from the government's proposed trial witnesses, the government seeks a limited stay of deposition discovery as to the depositions of Okubo and other potential witnesses in the parallel criminal trial in order to protect the integrity of the criminal proceedings. At this time, the government

3

MEMORANDUM OF POINTS AND AUTHORITIES
ISO UNITED STATES' MOTION FOR LIMITED
DISCOVERY STAY

Case No. 3:14-cv-03264-JD

seeks to defer the depositions of six individuals—Okubo, Kazuhiko Mitsuhori of Rubycon, Norio Kasuga of Rubycon, Hiroyuki Imai of Elna, Tadashi Yoshida of Panasonic, and Toshihiro Yoshikawa of Panasonic—as well as any other later-noticed depositions of potential criminal trial witnesses.[2]

### III. A Stay of Depositions of the Government's Criminal Trial Witnesses Is Necessary to Ensure the Integrity of the Criminal Proceeding.

"[A] court may decide in its discretion to stay civil proceedings . . . 'when the interests of justice seem [ ] to require such action.'" *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995), citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). The Court in *Keating* established six factors to be considered when deciding whether to stay civil proceedings:

(1) the interest of the plaintiffs in proceeding expeditiously with the proceedings and the potential prejudice to plaintiffs caused by a delay;

(2) the burden that the civil proceedings may impose on the defendants;

(3) the court's interest in case management and efficient use of judicial resources;

(4) the interests of individuals who are not party to the civil litigation;

(5) the public interest in the pending civil and criminal litigation; and

(6) the extent to which the defendants' Fifth Amendment rights are implicated by the civil proceedings.

*See Keating*, 45 F.3d at 324-25.

Where—as here—there is a pending, parallel criminal case, the critical *Keating* factor is the public interest in criminal enforcement. Because "[t]he public has a vital interest in the integrity of public markets, efficient punishment of wrongdoers, and deterrence of similar conduct by other corporate officers," the public interest in criminal enforcement "is best served by resolving the criminal case in the most expeditious manner possible." *S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065, 1072 (C.D. Cal. 2008) (granting a stay of civil case); *Bureerong v. Uvawas*,

---

[2] The individuals identified in the government's limited stay request are witnesses whose depositions are either currently noticed, or for whom Plaintiffs have sought deposition dates. In the event that additional potential trial witnesses are noticed for deposition, the government intends to expand the scope of its limited stay to include those witnesses as well.

4

167 F.R.D. 83, 87 (C.D. Cal. 1996) (granting a stay of civil discovery because "the interests of the Government in protecting its criminal investigation are clearly the paramount concern"); *S.E.C. v. Christian Stanley, Inc.*, No. CV 11-7147 GHK (MANx), 2012 WL 13009158, *6 (C.D. Cal. Sept. 6, 2012) ("[T]he case for staying civil discovery is the strongest after the defendant is indicted and facing a parallel criminal proceeding.")

While civil defendants have liberal discovery rights, those rights are circumscribed in the criminal context. Limitations on criminal discovery exist "to prevent perjury and manufactured evidence, to protect potential witness[es] from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment." *Nicholas*, 569 F. Supp. 2d at 1071-72, citing *Campbell v. Eastland*, 307 F.2d 478, 487 n.12; *see also Nicholas*, 569 F. Supp. 2d at 1072 n.8 ("[C]riminal discovery rules were crafted with an eye toward fairness for all concerned—the defendant, the prosecution, and the public."). In this way, criminal discovery obligations "protect the integrity and truth-seeking function of the criminal process." *Nicholas*, 569 F. Supp. 2d at 1072.

A limited stay would prevent Nippon Chemi-Con from impermissibly using civil depositions to evade these restrictions on criminal discovery. Allowing civil depositions of the government's trial witnesses to proceed would "expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b)." *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980). Courts have repeatedly rejected similar "attempt[s] to use civil discovery mechanisms to obtain disclosures that are otherwise unavailable under the criminal rules." *Nicholas*, 569 F. Supp. 2d at 1072 (citing cases).

**IV.   A Limited Stay of Deposition Discovery Protects the Other *Keating* Factors.**

The government's proposed limited discovery stay also balances the other *Keating* factors.

First, a limited stay will not interfere with Plaintiffs' interest in proceeding expeditiously in the civil litigation. The government is only seeking to stay the depositions of a limited number of civil deponents. The stay will not halt other discovery, settlement conferences, or other proceedings. In addition, the vast majority of deposition discovery has already occurred—

1  indeed, Plaintiffs have already deposed over 50 witnesses.  Nor will a limited stay prejudice
2  Plaintiffs, as they would be free to proceed with the relevant depositions after completion of the
3  criminal trial.  Because that trial is scheduled for October 2018, the stay would only be in effect
4  for about 10 months.  Moreover—and of critical importance—if the government is able to secure
5  a guilty plea or conviction against Nippon Chemi-Con, this will aid Plaintiffs in their ability to
6  secure civil relief.  A guilty plea or conviction will eliminate the need for Plaintiffs to prove civil
7  liability and allow them to focus solely on proving damages.

8        Second, a limited stay will not disadvantage either Plaintiffs or Nippon Chemi-Con, as
9  neither side will be able to depose the government's trial witnesses until after the conclusion of
10 the criminal proceeding.  Also, given the October criminal trial date, the stay request is for a
11 defined and limited period of time.

12       Third, non-party interests favor the government's requested relief.  Any criminal
13 convictions obtained by the government will materially aid victims in their recovery of damages,
14 and a stay will protect non-party trial witnesses from potential harassment and intimidation.

15       Finally, judicial economy weighs in favor of the proposed stay.  Resolution of the
16 criminal case would simplify and expedite the civil proceedings before this Court.  *Bureerong*,
17 167 F.R.D. at 87 (stating that resolution of a parallel criminal matter "would pare down the
18 issues to be determined in the civil case, and serve the interests of judicial economy by
19 narrowing the focus of the action[.]").
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**V.    Conclusion**

For the foregoing reasons, the government respectfully requests that the Court grant the government's motion for a limited stay of civil depositions, which will delay the depositions of Okubo, Mitsuhori, Norio Kasuga, Imai, Yoshida and Yoshikawa, as well as any other later-noticed depositions of potential criminal trial witnesses, until after the conclusion of the trial or other final proceedings in *United States v. Nippon Chemi-Con Corp.*, CR 17-540-JD (N.D. Cal.).

Dated: December 15, 2017                                    Respectfully Submitted,

/s/ Mikal J. Condon
JACKLIN CHOU LEM
HOWARD J. PARKER
MIKAL J. CONDON
Trial Attorneys
U.S. Department of Justice
Antitrust Division