**Joseph Saveri Law Firm, Inc.**
601 California, Ste 1000
San Francisco, CA 94108

December 21, 2017

*Via* ECF and Hand Delivery

Hon. Judge James Donato
United States District Court
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, California 94102

Re:   *In re Capacitors Antitrust Litig.*, No. 14-cv-3264-JD – Plaintiffs' Motion to Compel Defendants to Produce Documents Relating to Internal Investigations and Disciplinary Activities

Your Honor:

Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs ("Plaintiffs") bring this motion to request that the Court compel the Objecting Defendants to produce documents relating to Defendants' disciplinary activities and internal investigations regarding the conspiratorial conduct at issue in this case.  These documents are called for by Plaintiffs' Requests for Production Set Three ("RFP Set Three") Nos. 39 (documents relating to employee discipline), 55 (documents relating to conspiratorial meetings), and 75 (documents relating to compliance).[1] Ex. 1. Plaintiffs requested that Defendants produce a complete set of responsive materials for January 2000 to the Present. Defendants concede the documents called for are relevant and properly within the scope of discovery under Rule 26. Defendants refuse to produce the documents based on vague, meritless burden and temporal scope objections and non-specific attorney-client and work product privileges. The parties met and conferred, but are at an impasse.

Plaintiffs served Defendants with RFP Set Three on April 15, 2015. *See* Ex. 1. On September 15, 2017, Plaintiffs sent a letter to all Defendants asking for confirmation that each of them had completed their production of responsive documents, including all materials relating to internal disciplinary activity, antitrust compliance audits, and the underlying source documents used to generate these reports, or which formed the basis for the disciplinary activities. On September 29, 2017, counsel for Panasonic sent Plaintiffs a letter, stating that they would not provide the requested confirmation because (a) the relevant time period should be January 1, 2003 through December 31, 2014 (not January 2000 to the Present); and (b) to the extent the requests sought documents relating to Panasonic's internal investigation, such documents were privileged, because "Panasonic's legal counsel conducted and was involved in the investigation." Counsel for

---

[1] The "Objecting Defendants" are as follows: (1) ELNA Co., Ltd., and ELNA America, Inc.; (2) Holy Stone Enterprise Co., Ltd., Holy Stone International, and Vishay Polytech Co.; (3) Matsuo Electric Co.; (4) Nichicon Corporation and Nichicon America Corporation; (5) Nippon Chemi-Con Corporation and United Chemi-Con., Inc.; (6) Nissei Electric Co., Ltd.; (7) Panasonic Corp. and Panasonic Corp. of North America; (8) Sanyo Electric Co., Ltd., and Sanyo North America Corp.; (9) Shinyei Kaisha and Shinyei Technology Co., Ltd.; and (10) Taitsu America, Inc. and Taitsu Corp.  KEMET and AVX confirmed that they have not withheld any responsive documents, and are not subject to this motion.

Hon. James Donato
December 21, 2017
Page | 2

Nichicon sent Plaintiffs a letter on October 23, 2017 that made the same arguments. Other Defendants raised similar arguments during the meet and confer. Plaintiffs informed the Objecting Defendants that the relevant time period as provided in the requests was January 2000 to the Present, and that blanket claims of privilege were inappropriate.

   1. **The Objecting Defendants Violated Rule 34.**

Defendants have not described the documents they had withheld with any particularity, and failed to include the responsive documents on their privilege logs. Instead, Panasonic claimed that "[c]onsistent with the parties' discussions during the meet and confers . . . privileged documents relating to investigations were not logged" (citing ECF No. 782 at 5). In other words, Panasonic takes the view that because the ESI Stipulation states that documents post-dating the filing of the first complaint need not be logged, they do not have to tell Plaintiffs what documents they have withheld in response to specific requests.

This approach is not consistent with the law. Specifically, Rule 34(b)(2), which states that parties must "state with specificity the grounds for objecting to [requests for production], including the reasons," and "whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(B)–(C). The Advisory Committee Notes explain that the objecting party must produce information sufficient to facilitate an "informed discussion of the objection." *Id*. Boilerplate objections and blanket refusals to provide any additional information are insufficient. *See, e.g.*, *Fischer v. Forrest*, No. 1:14-cv-01307-PEA-AJP, 2017 U.S. Dist. LEXIS 28102 (S.D.N.Y. February 28, 2017). As *Fischer* explains, boilerplate objections are "improper unless based on particularized facts." *Id*. at 8; *see also Loop Al Labs Inc. v. Gatti*, No. 15-cv-00798-HSG (DMR), 2016 U.S. Dist. LEXIS 58820 (N.D. Cal. May 3, 2016) at *9-11.

   2. **No Prior Agreements or Orders Prohibit Disclosure of the Requested Documents.**

One of the Objecting Defendants, Nichicon, incorrectly asserted during the meet and confer that prior agreements among the parties relieved Defendants from any obligation to produce documents created after 2014. Plaintiffs requested that Nichicon identify any memorialization or writing establishing such an agreement. Nichicon has failed to do so. Nichicon also stated during the meet and confer that, while it was standing on its temporal scope objection, it was not withholding any responsive documents, because there had been no disciplinary activity at Nichicon regarding the conduct alleged in this case. This statement is at odds with other documents produced in this case, and, in any event, does not address whether there was an internal investigation.[2] Plaintiffs requested that Nichicon confirm it had produced all documents related to any internal investigation from 2000 to the Present. Nichicon failed to do so.

During the meet and confer process, the Objecting Defendants asserted that the ESI Order shielded the requested documents from discovery. Defendants claimed that because the ESI Order provides a period of January 1, 2000 to August 31, 2014 (ECF 782 at 2) for the *preservation* of documents, they are therefore relieved of any duty to *produce* requested documents that were

---

[2] The documents which suggest that Nichicon conducted an internal investigation are Deposition Exhibit 1759 and NICHICON-AM0159715.  Plaintiffs will provide them upon request.

created after this time period. This is not the case. RFP Set Three clearly states that the relevant time period for the requested documents is January 1, 2000 to the Present. Ex. 1 at 10. RFP Set Three also seeks "responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period." *Id*.

The ESI Order relates to document preservation and does not act as a limit on relevant discovery under Rule 26. Moreover, the Objecting Defendants do not claim that they have destroyed or otherwise failed to preserve any responsive documents. Given that they are the subjects of a criminal investigation, it would be remarkable if they had. And if they had, that fact should be disclosed. It appears, however, that Objecting Defendants possess the called for documents but are simply withholding them.

### 3. The Requested Documents Are Not Protected From Discovery by Any Privilege.

Defendants have failed to assert work-product or attorney-client privilege as to any specific piece of information requested. Insufficient assertions waive protections that would otherwise apply. Moreover, any such claim would fail. While the Objecting Defendants' claims of privilege cannot be meaningfully assessed without additional descriptions about what they have withheld, a few general observations apply and defeat any more specific objections Defendants may raise later.

First, an employee's notes which might be part of an internal investigation recording discoverable facts cannot be transformed into protected attorney-client communication unless they were communicated "between attorneys and clients" specifically "for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011); *see also Datel Holdings Ltd. v. Microsoft Corp.*, No. C-09-05535 EDL, 2011 U.S. Dist. LEXIS 30872, at *18 (N.D. Cal. Mar. 11, 2011). Moreover, Defendants do not claim—or show—that any of the documents at issue were communications made for purposes of obtaining legal advice.

Second, it is not enough that counsel may have been "involved" in a Defendant's internal investigation or disciplinary activity. Courts routinely reject such boilerplate assertions. *See, e.g.*, *Hynix Semiconductor Inc. v. Rambus Inc.*, No. CV-00-20905 RMW, 2008 U.S. Dist. LEXIS 11764, at *21-22 (N.D. Cal. Feb. 2, 2008); *United States ex rel. Parikh v. Premera Blue Cross*, No. C01-476P, 2006 U.S. Dist. LEXIS 90814, at *19-20 (W.D. Wash. Dec. 15, 2006). Defendants have failed to show why any document should be withheld in its entirety. Even if there were specific legal advice sought or given in the documents at issue—and there is no evidence or claim that there was—counsel's specific requests or guidance to non-attorney employees may be redacted, so that the factual matter may be disclosed. *See Flintkote Co. v. Gen. Accident Assurance Co.*, No. C 04-01827 MHP, 2009 U.S. Dist. LEXIS 44066, at *18-19 (N.D. Cal. May 26, 2009). In any event, blanket assertions of privilege, void of specific facts, are not a valid basis to withhold documents.

Third, the factual matter recorded is not work product and the attorney client privilege does not extend to the factual matter recorded or memorialized by non-lawyer employees, and does not extend to internal disciplinary documents (such as letters of apology, summary incident reports, or cartel activity summaries) at all. *See Dobbs v. Lamonts Apparel*, 155 F.R.D. 650, 653-54 (D. Alaska 1994); *Fine v. ESPN, Inc.*, No. 5:12-CV-0836, 2015 U.S. Dist. LEXIS 68704, *19-24 (N.D.N.Y. May 28, 2015); *S. Bell Tel. & Tel. Co. v. Denson*, 632 So. 2d 1377, 1385-86 (Fla. 1994).

Hon. James Donato
December 21, 2017
Page | 4

* * *

For the foregoing reasons, Plaintiffs request that the Court issue an order compelling the Objecting Defendants to produce all documents responsive to RFP Set Three Nos. 39, 55, and 75 relating to their internal investigations and disciplinary activities for the entire temporal scope (January 1, 2000 to Present) within one week of the Court's Order.

Respectfully,

| | |
|---|---|
| **Joseph Saveri Law Firm, Inc.** | **Cotchett, Pitre & McCarthy, LLP.** |
| /s/ *Joseph R. Saveri* | /s/ *Adam J. Zapala* |
| *Interim Lead Class Counsel for Direct Purchaser Plaintiffs* | *Interim Lead Class Counsel for Indirect Purchaser Plaintiffs* |

cc: All Counsel (*via* email)