|  |  |
|---|---|
| **Joseph Saveri Law Firm, Inc.** | **Cotchett, Pitre & McCarthy LLP** |
| 601 California St., Suite 1000 | 840 Malcolm Road, Suite 200 |
| San Francisco, CA 94108 | Burlingame, CA 94010 |

*Via* ECF and Hand Delivery                           December 21, 2017

Hon. Judge James Donato
United States District Court
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, California 94102

> **Re:**   *In re Capacitors Antitrust Litigation*, No. 14-cv-3264-JD – Plaintiffs' Motion For an Extension of The Deadline to Identify Deponents From January 12, 2018 to February 2, 2018

Your Honor:

Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs ("Plaintiffs") file this motion to request that the Court extend the deadline for Plaintiffs to identify new deponents under the case schedule until February 2, 2018. The deadline listed in the proposal under submission is January 12, 2018. Plaintiffs seek this short extension to accommodate Defendants' 60-day extension on its deadline to respond to Plaintiffs' RFP 33 and Interrogatory 35. Plaintiffs asked that Defendants stipulate to the modification without conditions, but Defendants refused. The parties met and conferred but remain at an impasse.

### 1. The present schedule does not account for Defendants' 60-day extension and thereby prejudices Plaintiffs.

Assuming the Court enters unchanged the schedule previously negotiated by the parties, Plaintiffs will suffer prejudice because they will be forced to provide final lists of witnesses they intend to depose prior to receiving key discovery from Defendants. The Court may modify the schedule for good cause under Fed. R. Civ. P. 16(b)(4).

At the October 25, 2017 motion to dismiss hearing, the Court stated it would adopt the scheduling proposal previously negotiated by the parties and presented by Defendants.[1] ECF No. 1907; *see also* Hearing Tr. (Oct. 25, 2017) at 15. The proposal listed January 12, 2018 as the deadline for Plaintiffs to "provide a final list of any depositions Plaintiffs seek prior to the fact discovery cut off." ECF No. 1907 at 6. Defendants' proposal also stated that Plaintiffs could only depose witnesses identified after that date "on a showing of good cause." *Id*. Plaintiffs were therefore wary of extending any discovery response deadlines beyond that date, and objected when Defendants sought a 60-day extension to respond to Plaintiffs' discovery letter brief concerning

---

[1] At the October 10, 2017 hearing, the Court ordered the parties to present a stipulated scheduling proposal. ECF No. 1888. The parties negotiated a schedule, but on October 18, 2017, the United States Department of Justice ("DOJ") brought criminal antitrust claims against Nippon Chemi-Con Corporation, and filed a letter in this action stating its intention to seek a stay of discovery. ECF No. 1904. Plaintiffs therefore filed a letter requesting reconsideration of the schedule after a determination on the stay request. ECF No 1905. Defendants presented the proposed schedule in response to Plaintiffs' letter. ECF No. 1907 at 3-18.

Hon. James Donato
December 21, 2017
Page | 2

RFP 33 (ECF No. 1943) and Interrogatory 35 (ECF No. 1954). The parties briefed the issue, however, and ultimately the Court granted an extension.[2] ECF Nos. 1962, 1964, and 1968. Defendants' new date to respond to this discovery is January 22, 2018, ten days after the scheduling proposal requires Plaintiffs to identify deponents. Plaintiffs need the discovery at issue in these requests to make informed decisions, and were diligent in negotiating for the time necessary to do so. But the scheduling proposal resulting from that negotiation did not account for Defendants' 60-day extension—which is why Plaintiffs need a three-week extension now.[3]

### 2. Defendants' delay in responding to discovery necessitated Plaintiffs' request.

Plaintiffs filed their letter briefs on RFP 33 and Interrogatory 35 after extensive meet-and-confer discussions in which all Defendants refused to produce or provide responses concerning information submitted to foreign regulators. The Objecting Defendants identified in the RFP 33 letter refused even to confirm or deny the existence of such materials. Plaintiffs filed the ROG 35 Letter against a broader set of Objecting Defendants after a similarly fruitless round of negotiation regarding that request.

On November 21, 2017, Defendants sent Plaintiffs a proposed stipulation that would allow Defendants 60 extra days to respond to these letter briefs, claiming that they needed additional time to confer with the foreign regulators at issue. In light of the previously negotiated deadlines, Plaintiffs rejected the request. The following day Defendants filed a letter requesting the extension. ECF No. 1962. Plaintiffs then asked that Defendants confirm in writing that they had actually sought guidance from the foreign regulators before filing their request for an extension. In response, Defendants stated they had first contacted the foreign regulators earlier that week—i.e., on or after November 20, 2017, well after Plaintiffs filed their letter briefs on these issues. It is therefore clear Defendants made their objections and refused to comply with discovery without a factual predicate, and the comity concerns they raised were as of then pure speculation. Defendants should not be permitted to use these delays as both sword and shield. A modest expansion of the time for Plaintiffs to identify witnesses is justified given these facts.

---

[2]     By its terms the extension grants Defendants 60 days to respond "to discovery." It also urges Defendants "to get the production done as soon as possible and not wait for the full 60 days to pass before acting." ECF No. 1968. Defendants interpret this language to mean they have until January 22, 2017 to respond to the RFP 33 Letter and ROG 35 Letter, not to respond to Plaintiffs' discovery requests—a reading at odds with the clear language of the Order.

[3]     The scheduling proposal also did not account for the DOJ's requested stay of discovery. *See* ECF No. 1981, *amended* ECF No. 1984. The motion seeks a stay of indefinite duration on the depositions of seven key cartel witnesses whose depositions Plaintiffs requested months ago. If the Court grants, Plaintiffs intend to seek an extension of the discovery deadlines to take this critical discovery.

Hon. James Donato
December 21, 2017
Page | 3

### 3. Defendants' alternative proposal does not eliminate the prejudice.

Defendants refused to stipulate to Plaintiffs' request for a three-week extension unless Plaintiffs accepted the following burdensome and unwarranted conditions precedent: (a) the Court issues an additional ruling confirming that Defendants must produce responses to RFP 33 and Interrogatory 35; (b) Defendants identify and produce responsive documents; (c) Plaintiffs identify deponents not previously known to Plaintiffs after reviewing Defendants' compelled productions. Plaintiffs could not accept these rigid conditions, because they would still force Plaintiffs to identify witnesses based on incomplete information before the deadline, and then to face further disputes over whether the conditions were satisfied. The information Plaintiffs expect to receive in response to this discovery may cause them to reassess their witness lists and modify deposition priorities. It is reasonable and proportionate that Plaintiffs should have a fair opportunity to identify deponents with the benefit of all the information they would have obtained had Defendants complied with discovery in the first instance.

***

For the foregoing reasons, the Court should grant the modest extension Plaintiffs. Plaintiffs' request is a logical and proportionate response to Defendants' extension to respond to discovery concerning information provided to the foreign regulators. It does not prejudice Defendants, and it should be granted.

Respectfully,

| **Joseph Saveri Law Firm, Inc.** | **Cotchett, Pitre, & McCarthy, LLP** |
|---|---|
| /s/ *Joseph R. Saveri* | /s/ *Adam J. Zapala* |
| *Interim Lead Class Counsel for Direct Purchaser Plaintiffs* | *Interim Lead Class Counsel for Indirect Purchaser Plaintiffs* |

cc: All Counsel (*via* email)