1  Joseph R. Saveri (State Bar No. 130064)
   Joshua P. Davis (State Bar No. 193254)
2  Jiamin Chen (*pro hac vice*)
   V Prentice (State Bar No. 309807)
3  JOSEPH SAVERI LAW FIRM, INC.
   601 California Street, Suite 1000
4  San Francisco, California 94108
5  Telephone: (415) 500-6800
   Facsimile: (415) 395-9940
6  Email:    jsaveri@saverilawfirm.com
             jdavis@saverilawfirm.com
7            jchen@saverilawfirm.com
             vprentice@saverilawfirm.com
8
9  *Interim Class Counsel for Direct Purchaser Plaintiffs*

10 *Additional Counsel on Signature Page*

11
12                    UNITED STATES DISTRICT COURT
13                   NORTHERN DISTRICT OF CALIFORNIA
14

15 | IN RE CAPACITORS ANTITRUST LITIGATION | Master File No. 3:14-cv-03264-JD |
|---|---|
16 | THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER ACTIONS | **DIRECT PURCHASER PLAINTIFFS' AND INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION FOR DISCOVERY STAY OF CIVIL DEPOSITIONS OR, IN THE ALTERNATIVE, MOTION FOR CONTINUANCE OF DISCOVERY DEADLINES** |
|   | Date: January 25, 2018<br>Time: 10:00 a.m.<br>Courtroom: 11, 19th Floor |

Master File No. 3:14-cv-03264-JD
PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION FOR DISCOVERY STAY OF CIVIL DEPOSITIONS

## I. INTRODUCTION

On December 15, 2017, intervenor the United States Department of Justice Antitrust Division ("DOJ") filed a motion seeking a stay of deposition discovery in the instant case.[1] Dkt. No. 1981. DOJ seeks the discovery stay to "prevent Nippon Chemi-Con from impermissibly using civil depositions to evade . . . restrictions on criminal discovery." *Id*. at 5. Specifically, DOJ seeks the discovery stay because Defendant Nippon Chemi-Con Corporation ("NCC") requested to take the substantive deposition of Satoshi Okubo. *Id*.; Dkt. No. 1969. On this basis, DOJ seeks to delay depositions of seven key witnesses "as well as any other later-noticed depositions of potential criminal trial witnesses. . . ." Dkt No. 1981 at 7. The stay DOJ seeks is indefinite, until a time "after the conclusion of the trial or other final proceedings in *United States v. Nippon Chemi-Con*, CR 17-540-JD (N.D. Cal.)."

DOJ has not shown a stay of the civil litigation is necessary or advisable. Plaintiffs have a strong interest in concluding discovery and preparing the case for trial and ultimate resolution on the merits. Consideration of each of the relevant factors counsels for the civil litigation to proceed without delay. Plaintiffs should be permitted to take the depositions of key witnesses in an orderly fashion, and they should not be prejudiced due to the disruption and inefficiency that a stay would cause.

Direct Purchase Plaintiffs and Indirect Purchaser Plaintiffs (together, "Plaintiffs") request that DOJ's motion for a discovery stay of civil depositions be denied. In the alternative, were the Court to grant DOJ's motion, Plaintiffs request that the Court set a date certain for the stay to be lifted, subject to modification for good cause shown. In addition, to avoid additional prejudice, Plaintiffs request that the Court adjust the close of fact discovery, expert discovery, and other deadlines to preserve the features or the litigation schedule now in effect. In particular, Plaintiffs suggest that the civil deposition stay end on or before November 15, 2018, that the close of fact discovery be continued to January 14, 2019, and that the deadline for Plaintiffs' initial merits expert reports be continued to February 14, 2019

## II. LEGAL STANDARD

The general rule is that civil litigation should not be delayed until the conclusion of related criminal litigation. "The Constitution does not ordinarily require a stay of civil proceedings pending the

---

[1] On December 19, 2017, DOJ amended its motion to include an additional individual, Tokuo Tatai, in its requested discovery stay. (Dkt No. 1984).

outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citing *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989) and *Sec. & Exch. Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (en banc)). "[A] court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions 'when the interests of justice seem[] to require such action.'" *Dresser*, 628 F.2d at 1375 (quoting *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)).

Parties seeking redress for their injuries are entitled to a prompt resolution of their claims, even where there are concurrent criminal proceedings. The DOJ "must act quickly if it suspects that the laws have been broken. Grand jury investigations take time, as do criminal prosecutions." *Dresser*, 628 F.2d at 1377. "The [civil enforcement action] cannot always wait for [DOJ] to complete the criminal proceedings if it is to obtain the necessary prompt civil remedy." *Id*. On other hand, those seeking a stay bear a heavy burden. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (following liberal discovery principles of the Federal Rules, those opposing discovery are required to carry a heavy burden of showing why discovery should be denied). Ordinarily, the Court "should not block parallel investigations . . . in the absence of 'special circumstances' in which the nature of the proceedings demonstrably prejudices substantial rights of the investigated party or of the government." *Id*. (citing *Kordel*, 397 U.S. at 11-13); *see also KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895, 902 (N.D. Cal. 2010) ("Even where a criminal proceeding is underway, a stay is discretionary and granted only when it would serve the interests of justice." (citing *Keating*, 45 F.3d at 324)).

In determining whether the party seeking a stay has overcome its heavy burden, courts consider the extent to which a defendant's Fifth Amendment rights would be implicated, as well as: (1) the interests of the civil plaintiffs in the prompt resolution of their claims and any prejudice they would suffer from delay; (2) the burden civil litigation would impose on defendants; (3) judicial economy and the convenience to the court; (4) the interests of non-parties; and (5) the public interest. *Keating*, 45 F.3d at 324 (citing *Molinaro*, 889 F.2d at 903). "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" *Id*. (quoting *Molinaro*, 889 F.2d at 902).

### III. *KEATING* FACTORS DO NOT FAVOR STAYING CIVIL DISCOVERY HERE

It is well within the broad discretion of this Court to grant or deny a discovery stay, when the interests of justice seem to so require. *See Keating*, 45 F.3d at 324 (citing *Molinaro*, 889 F.2d at 902, *Dresser*, 628 F.2d at 1375). Here, the *Keating* factors here do not weigh in favor of staying civil discovery, and a stay of civil discovery in this case would not serve the interests of justice. *Id*. Rather, these factors weigh against a stay without a fixed date for lifting or termination, as DOJ seeks here. *Id*.

#### A.  No Fifth Amendment Implications

Because NCC is not a natural person, the Fifth Amendment does not apply. The Supreme Court in *Hale v. Henkel*, 201 U.S. 43 (1906), "settled that a corporation has no Fifth Amendment privilege." *Braswell v. United States*, 487 U.S. 99, 105 (1988).[2] Accordingly, neither allowing civil discovery to proceed as scheduled nor staying civil discovery as DOJ requests would raise Fifth Amendment concerns as to Defendant NCC. *Id*; *see also In Re Grand Jury Empaneled on May 9, 2014*, 786 F.3d 255, 261 n. 1 (3d Cir. 2015) ("[W]e discern nothing in [recent] Supreme Court jurisprudence that suggests the Court has, in any way, signaled its readiness to depart from its longstanding precedent regarding corporate custodians' inability to invoke the Fifth Amendment privilege against self-incrimination.").

#### B.  The Remaining *Keating* Factors Favor Denying the Stay of Civil Discovery

Each of the five remaining *Keating* factors supports a denial of the open-ended stay the DOJ seeks.

First, Plaintiffs have a significant interest in proceeding expeditiously with this litigation, including with deposition discovery. *See Keating*, 45 F.3d at 324. Discovery in this case has spanned multiple years and is ongoing. Fact discovery has progressed substantially, and Plaintiffs' class certification motion already has been completely briefed and argued. *Cf. Evolutionary Intelligence, LLC v. LivingSocial, Inc.*, No. 13-CV-04205-WHO, 2014 WL 213179, at *2 (N.D. Cal. Jan. 17, 2014) (granting a discovery stay because that action was "at an early stage, a stay would simplify the issues in

---

[2] Likewise, DOJ did not address any potential Fifth Amendment concern that may arise either from allowing civil discovery to proceed as scheduled or from staying civil discovery as the DOJ requested. Dkt. No. 1981.

question, and a stay would not unduly prejudice [the party opposing the stay]"). Moreover, as discussed below, forcing Plaintiffs to proceed with merits discovery and expert analyses without deposition testimony from a number of key witnesses would impede Plaintiffs' ability to effectively build their case and could result in undue prejudice. *See Keating*, 45 F.3d at 324.

Second, DOJ has not shown a stay is necessary to avoid imposing an unfair burden on Defendant NCC. *See Keating*, 45 F.3d at 324. In its moving papers, DOJ does not address this issue. In fact, the Supreme Court has made clear that pursuing simultaneous related criminal and civil enforcement actions against the same defendants does not inherently impose any unfair burden on the defendants. *See Kordel*, 397 U.S. 1; *see also Keating*, 45 F.3d at 326 ("A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding.") (citing *Baxter v. Palmigiano*, 425 U.S. 308 (1976)).

Third, DOJ fails to show that staying civil deposition discovery promotes convenience to the Court or the efficient use of judicial resources. *See Keating*, 45 F.3d at 324. To the contrary, staying discovery as to witnesses key to both the civil and criminal cases necessarily prolongs the already protracted and complex proceedings before the Court.

Fourth, as to the interests of Plaintiffs and of persons not party to the civil litigation, DOJ argues that staying deposition discovery furthers such interests because "[a]ny criminal convictions obtained by the government will materially aid victims in their recovery of damages, and a stay will protect non-party trial witnesses from potential harassment and intimidation." Dkt No. 1981 at 6. However, there is no evidence to suggest that deposing the key witnesses at issue would result in "harassment and intimidation." *Id*. Moreover, in light of the victims' anticipated recovery in this civil antitrust suit, DOJ has not sought restitution in any of the criminal proceedings concluded thus far. Further, DOJ has obtained convictions of seven corporation defendants – NEC Tokin, Hitachi, Rubycon, Holy Stone, Elna, Matsuo, and Nichicon – who are also named Defendants in this civil action; however, only two of the convicted Defendants, NEC Tokin and Hitachi, have reached a proposed or approved settlement

4
PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION FOR DISCOVERY STAY OF CIVIL DEPOSITIONS

with Plaintiff victims. Dkt. Nos. 1455 & 1989. Moreover, other Defendants have reached settlements. Thus, criminal convictions are neither necessary nor sufficient for the plaintiffs in the civil action to obtain redress for their injuries. Plaintiffs' continued prosecution of this civil action is central to obtaining fair and efficient recovery from the remaining Defendants. This factor therefore weighs heavily in favor of allowing the deposition discovery to proceed without delay.

DOJ's request for staying deposition discovery boils down to the fifth and final *Keating* factor. *See* 45 F.3d at 324. DOJ argues that the interest of the public in the pending civil and criminal litigation controls and weighs in favor of a discovery stay because the stay would "prevent Nippon Chemi-Con from impermissibly using civil depositions to evade . . . restrictions on criminal discovery" by taking the deposition of Okubo or other potential criminal trial witnesses. Dkt No. 1981 at 5. However, preventing any party from deposing a number of key witnesses because one Defendant may seek to expand its discovery beyond its rights in a criminal proceeding would be inefficient and unnecessary. To the contrary, the Court should exercise its discretion to manage the litigation consistent with the interests of the Plaintiffs, the injured parties. *See id*. To the extent Defendant NCC attempts to take depositions that would improperly reveal to NCC testimony of DOJ trial witnesses, DOJ may move to quash NCC's deposition notices on that basis. *See id*. For example, if NCC notices a deposition of key witness Okubo, DOJ may seek to quash NCC's deposition notice. Also, to the extent another party takes deposition testimony of potential witnesses in the criminal proceeding, this Court has the discretion to impose a protective order limiting the use of such deposition testimony to this civil action. *See Dresser*, 628 F.2d at 1375 ("[A] court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions 'when the interests of justice seem[] to require such action.'") (quoting *Kordel*, 397 U.S. at 12 n.27); *see also United States v. Hines*, No. 11-CV-05080, 2012 U.S. Dist. LEXIS 149713, at *20-24 (E.D.N.Y. 2012) (holding that narrowly tailored protective order restricting use of deposition testimony to civil case is properly used to "further the goal of permitting as much testimony as possible to be presented in the civil litigation," "despite the potential burden it may place on the government's ability to bring parallel civil and criminal proceedings"). Moreover, the interest of the public in the pending civil litigation aligns with the interest

of the Plaintiffs in proceeding fairly and expeditiously to trial in this litigation. *See Keating*, 45 F.3d at 324.

Overall, the *Keating* factors do not weigh in favor of staying civil deposition discovery, and such a stay would not serve the interests of justice. Rather, the balance of the *Keating* factors in this case favor proceeding with civil discovery as scheduled. *See id*.

## IV.  ALTERNATIVE RELIEF TO AVOID PREJUDICE TO CRIME VICTIM PLAINTIFFS

If this Court is inclined to grant a stay of civil deposition discovery, Plaintiffs respectfully request that the Court fashion the stay to avoid prejudice to Plaintiffs as follows.

First, DOJ seeks an open-ended stay without a fixed date for its termination. DOJ's request that the deposition discovery stay continue until "after the conclusion of the trial or other final proceedings in *United States v. Nippon Chemi-Con*, CR 17-540-JD (N.D. Cal.)" is ambiguous and may include the pendency and duration of criminal appeals. Dkt No. 1981 at 7. Thus, Plaintiffs request that the Court order any civil deposition discovery stay to end by November 15, 2018, a date certain one month after the start of the criminal trial on October 15, 2018.[3]  Such a fixed date addresses DOJ's concerns while avoiding delays of unclear and unnecessary duration. And the DOJ would be free at any point to seek to extend the stay for good cause shown.

Second, if the Court grants a stay, Plaintiffs request that the Court also continue all remaining discovery deadlines—including expert report and discovery deadlines—during the delay of the depositions of the key witnesses.[4] DOJ's criminal prosecution of NCC and this civil case are closely related. Thus, the named witnesses DOJ strategically intends to use as trial witnesses, as well as any additional deposition witnesses that DOJ may identify as a potential trial witness, are likely critical witnesses as to both the criminal and civil cases. Forcing Plaintiffs to complete merits discovery and to proceed with expert analyses without deposition testimony from several critical witnesses in this case would result in unfair and undue prejudice to Plaintiffs.

---

[3] DOJ has not provided any estimate as to the expected duration of the criminal trial of Defendant NCC. Thus, Plaintiffs propose to account for a reasonable trial duration of one month.

[4] Plaintiffs also have requested to extend certain deadlines as a result of the Court granting an extension on certain discovery motions. *See e.g.*, Dkt. No. 1988.

To avoid this prejudice, Plaintiffs respectfully request all remaining discovery and expert deadlines be continued alongside any stay such that Plaintiffs substantively are in the same position as they currently occupy without the stay. Accordingly, if the Court were to grant a stay, Plaintiffs request that the close of fact discovery, currently scheduled for March 9, 2018, be continued to January 14, 2019, 60 days from the proposed end of the civil deposition stay.  The 60-day period will allow Plaintiffs to depose the seven key witnesses DOJ identified as subject to the stay as well as any additional trial witnesses DOJ may identify or that Plaintiffs may learn about during these depositions. Plaintiffs also request that the deadline for Plaintiffs' initial merits expert reports, currently scheduled for April 9, 2018, be continued to February 14, 2019, 31 days after the proposed close of fact discovery—maintaining the current interval of 31 days between the close of discovery and the deadline for initial merits reports. Plaintiffs' experts will rely in their reports on the fruits of discovery— including from any depositions subject to a stay—and so their reports should not be due until a reasonable time after fact discovery is complete. While Plaintiffs prefer to proceed with this litigation as expeditiously as possible, these delays in the close of discovery are necessary to prevent substantive prejudice to Plaintiffs that otherwise could result if the Court were to grant DOJ's motion to stay civil deposition discovery.

# CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that DOJ's motion for a discovery stay of civil depositions be denied. In the alternative, were the Court to grant DOJ's motion, Plaintiffs request that the civil deposition stay end by November 15, 2018, that the close of fact discovery be continued to January 14, 2019, and that the deadline for Plaintiffs' initial merits expert reports be continued to February 14, 2019.

Dated: December 29, 2017               Respectfully Submitted,

JOSEPH SAVERI LAW FIRM, INC.

By:     */s/ Joseph R. Saveri*
            Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Joshua P. Davis (State Bar No. 193254)
Jiamin Chen (*pro hac vice*)
V Prentice (State Bar No. 309807)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Emails:        jsaveri@saverilawfirm.com
                jdavis@saverilawfirm.com
                jchen@saverilawfirm.com
                vprentice@saverilawfirm.com

*Interim Class Counsel for Direct Purchaser Plaintiffs*

/s/ Adam J. Zapala
Adam J. Zapala
Elizabeth Castillo
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
azapala@cpmlegal.com
etran@cpmlegal.com

*Interim Lead Class Counsel for Indirect Purchaser Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2017 I caused a copy of the foregoing

OPPOSITION TO UNITED STATES' MOTION FOR DISCOVERY STAY OF CIVIL DEPOSITIONS

to be filed electronically. Notice of this filing will be sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

By:  */s/ Joseph R. Saveri*
          Joseph R. Saveri