**Joseph Saveri Law Firm, Inc.**
601 California St., Suite 1000
San Francisco, CA 94108

*Via* ECF and Hand Delivery             January 25, 2018

Hon. Judge James Donato
United States District Court
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, California 94102

**Re:**   *In re Capacitors Antitrust Litigation*, MDL No. 2801 – Plaintiffs' Reply in Support of Their Motions to Compel re: RFP No. 33 and Interrogatory No. 35

Direct Purchaser Plaintiffs ("Plaintiffs") write regarding their motions to compel responses to Request for Production No. 33 ("RFP 33") and Interrogatory No. 35 ("ROG 35"). Plaintiffs write to update the Court on their position and to respond to Defendants' responsive letters. *See* ECF Nos. 1943 & 1954; 1972; 1999; 2007; 2010; 2038; and 2039.[1]

First, having considered the letters submitted by the European Commission ("EC") under *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court*, 482 U.S. 522 (1987), Plaintiffs no longer seek production of non-ordinary course materials or oral statements made to the EC. To be clear, Plaintiffs still seek non-ordinary course materials and witness statements provided by Defendants to all other foreign regulators ("Non-EC" regulators). Plaintiffs do not seek leniency program materials from any regulator and stipulate that the scope of the RFP 33 and ROG 35 motions is limited to non-leniency information.

The letters from Non-EC regulators fail to raise legitimate comity concerns and do not foreclose the discovery Plaintiffs seek for the reasons provided below.[2] Moreover, Defendants have not provided written communications in support of their comity arguments from at least three relevant foreign regulators, including (a) the Competition Commission of Singapore; (b) Taiwan's Fair Trade Commission; and (c) Brazil's Administrative Council for Economic Defense. If Defendants provided non-ordinary course documents these regulators, they should produce them here.

**1.   The Court still cannot reasonably assess Defendants' comity claims as to RFP 33, because the Objecting Defendants have not provided information about the documents withheld.**

As explained in Plaintiffs' initial brief, none of the six Objecting Defendants—Holy Stone, Matsuo, NCC, Nissei, Shinyei, and Taitsu—provided any information or categorical descriptions regarding

---

[1]   Defendants failed to produce any written communications from foreign regulators supporting their comity objections until after Plaintiffs filed these motions. Defendants then requested additional time to seek such statements. ECF No. 1962. The Court granted Defendants 60 days, and instructed them to "complete the production" as soon as possible. ECF No. 1968.

[2]   The "Non-EC Letters" submitted by Defendants are: (a) a letter from Japan Fair Trade Commission to the Court re: Vishay/Holy Stone; (b) a letter from the Korea Fair Trade Commission to the Court re: Sanyo; and (c) a message from the People's Republic of China's National Development and Reform Commission. *See* ECF No. 2038-1.

1

**Joseph Saveri Law Firm, Inc.**
601 California St., Suite 1000
San Francisco, CA 94108

the documents they withheld or the foreign regulators at issue. *See* ECF No. 1943 at 2-3. Thus, even with the submission of Non-EC Letters, it is impossible to conduct a reasonable comity analysis, because the Court cannot compare what's been withheld against the types of materials discussed in the Letters. Moreover, the lack of such disclosure by the six Objecting Defendants violates Rule 34 of the Federal Rules of Civil Procedure, which requires parties to describe withheld documents with enough specificity to facilitate an "informed discussion of the objection." *See* Fed. R. Civ. P. 34(b)(2)(B)-(C) & Advisory Comm. Notes; *Loop Al Labs Inc. v. Gatti*, No. 15-cv-00798, 2016 U.S. Dist. LEXIS 58820, at *9-11 (N.D. Cal. May 3, 2016).

**2.   The Non-EC Letters are too vague to raise comity concerns as to either RFP 33 or ROG 35.**

This Court has recognized that "vague and undeveloped" concerns expressed in letters from foreign regulators are too general to create a discovery bar. *See* ECF No. 1144 at 2. As explained below, each of the Non-EC Letters submitted is vague and written without Plaintiffs' specific discovery requests in mind. Each therefore fails to raise concerns warranting comity analysis.

- *NDRC Message*. This message states that disclosure of leniency applications without agency approval would violate the agency's guidelines. *See* ECF No. 2038-1 at 21. Plaintiffs do not seek leniency materials. Moreover, Defendants do not appear to have presented the specific discovery requests in this case to the NDRC. *See id.* at 18. Thus, engaging in comity analysis with respect to the NDRC—or any other agency that did not provide a specific response after having reviewed the specific requests at issue—would necessarily be based on hypothetical objections by a foreign regulator. Further, the other laws mentioned in the NDRC letter relate to prohibitions on **state agencies'** public disclosure of national secrets, business secrets, personal sensitive information, and thus are irrelevant to **Defendants'** production of information under the Protective Order in this case. *Id.*; *see also Richmark Corp. v. Timber Falling Consults.*, 959 F.2d 1468, 1477 (9th Cir. 1992) (highlighting that party and PRC had not "identified any way in which disclosure of the information requested here will significantly affect the PRC's interests in confidentiality").

- *KFTC Letter*. The KFTC letter exclusively discusses the production of documents that one Defendant (Sanyo) provided as a leniency program applicant—materials Plaintiffs do not seek. ECF No. 2038-1 at 14.[3] The letter is silent as to the documents other Defendants produced to the KFTC and makes no mention of the **oral** statements of fact requested in Plaintiffs' ROG 35 motion. Letters addressing leniency program concerns cannot logically cross-apply to **investigated** Defendants. Like the NDRC letter, the only potential regulation cited in the KFTC's letter (Rule 15 of the Notification on Implementation of Cartel Leniency Program) is also inapposite because it concerns disclosure of leniency program materials by the Commission, not Defendants.

- *JFTC Letter*. The JFTC letter cites to no constitutional, statutory, or regulatory law, and relies, instead, solely on practical concerns largely relating to its leniency program. The

---

[3] It is worth noting that Sanyo was not named in Plaintiffs' RFP 33 motion for production of documents.

**Joseph Saveri Law Firm, Inc.**
601 California St., Suite 1000
San Francisco, CA 94108

JFTC's carefully constructed wording concerning investigation materials—that relevant regulations do not indicate an intent that such information will be "disclosed to persons bringing suits for damages in foreign countries"—belies any assertion of their special protected nature. *Id.* at 2-3. The narrow carve-out instead indicates that the applicable Japanese laws allow disclosure of such materials in various settings, including domestic actions for damages and other international proceedings. *Cf. Reinsurance Co. of Am. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1280 (7th Cir. 1990) (noting weak import of laws "merely protecting . . . corporations from foreign discovery requests").

### 3. The *Aerospatiale* factors weigh in favor of productions in response to RFP 33 and ROG 35.

Factual statements concerning cartel participation made by Defendants' employees to foreign regulators—whether in writing or orally—are centrally relevant to this case. Moreover, Plaintiffs have not been able to obtain the requested factual information through other discovery, because Defendants have contested production of similar factual summaries and Defendants' witnesses have engaged in bandying or pleaded the Fifth. Further, as highlighted in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, "[t]he national interests in enforcement of antitrust laws are 'only realized if the parties have access to relevant discovery[, and] the United States' strong national interests weigh in favor of granting the motion to compel." MDL No. 1917, 2014 U.S. Dist. LEXIS 151222, at *63 (N.D. Cal. Oct. 23, 2014). Civil antitrust discovery and prosecution involve "vital [U.S.] interests," *Reinsurance*, 902 F.2d at 1280 (citing *In Re Uranium Antitrust Litig.*, 480 F. Supp. 1138, 1149 (N.D.Ill. 1979)), that easily outweigh the vague comity interests asserted in the Non-EC Letters—particularly as there is no assertion that granting Plaintiffs' motions to compel would require Defendants to violate any foreign law.[4]

For the foregoing reasons, the Court should grant Plaintiffs' Motions to Compel the production of documents and information responsive to RFP 33 and ROG 35 from the Objecting Defendants.

---

[4] "Comity, in the legal sense," the Supreme Court has noted, "is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation." *Aerospatiale*, 482 U.S. at 543 n.27 (quoting *Emory v. Grenough*, 3 Dall. 369, 370 (1797)). Thus, the multi-factor *Aerospatiale* comity analysis generally comes into play when the Court determines "whether **foreign laws** . . . excuse compliance with an American discovery requests." *CRT*, 2014 U.S. Dist. LEXIS 151222, at *57 (emphasis added); *see also Aerospatiale*, 482 U.S. at 527 (foreign penal statute barred party's production); *Richmark*, 959 F.2d at 1474-75 ("PRC's State Secrets Act barred disclosure of the information in question" by party opposing discovery); *In re Air Cargo Shipping Antitrust Litig.*, 278 F.R.D. 51, 52-53 (E.D.N.Y. 2010).

Further, Defendants have no burden argument under *Aerospatiale*, as disclosure would not subject them to criminal or even civil liability. *See, e.g.*, *SEC v. Stanford Int'l Bank, Ltd.*, 776 F. Supp. 2d 323, 337-38 (N.D. Tex. 2011) (The three hardship factors are "whether foreign law creates penalties for complying with discovery requests of U.S. origin, the likelihood that foreign authorities will enforce those laws, and the party/nonparty status of the litigant resisting discovery.").

Joseph Saveri Law Firm, Inc.
601 California St., Suite 1000
San Francisco, CA 94108

Respectfully,

**Joseph Saveri Law Firm, Inc.**

*/s/ Joseph R. Saveri*
*Interim Lead Class Counsel for Direct Purchaser*
*Plaintiffs* [5]

cc: All Counsel (*via* email)

---

[5]      Indirect Purchaser Plaintiffs join in the requested relief.