Joseph J. Tabacco, Jr. (SBN 75484)
Todd A. Seaver (SBN 271067)
Matthew D. Pearson (SBN 235339)
Jessica Moy (SBN 272941)
Sarah Khorasanee McGrath (SBN 263935)
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: jtabacco@bermantabacco.com
       tseaver@bermantabacco.com
       mpearson@bermantabacco.com
       jmoy@bermantabacco.com
       smcgrath@bermantabacco.com

*Attorneys for Cambridge Capital Corporation*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>This Document Relates To:<br>ALL ACTIONS | Case No. 3:14-cv-03264-JD<br><br>**OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| DEPENDABLE COMPONENT SUPPLY CORP.<br><br>v.<br><br>MURATA MANUFACTURING CO., LTD. ET AL. | Case No. 5:18-cv-00198-EJD<br><br>Judge: Hon. Edward J. Davila |
| EDJ POWERWEB, INC., ET AL.<br><br>v.<br><br>MURATA MANUFACTURING CO., LTD. ET AL. | Case No. 5:18-cv-00349-EJD<br><br>Judge: Hon. Edward J. Davila |
| LIFETIME SERVICE CENTER, INC.<br><br>v.<br><br>MURATA MANUFACTURING CO., LTD. ET AL. | Case No. 5:18-cv-00511-EJD<br><br>Judge: Hon. Edward J. Davila |
| CAMBRIDGE CAPITAL CORPORATION<br><br>v.<br><br>MURATA MANUFACTURING CO., LTD. ET AL. | Case No. 5:18-cv-00686-EJD<br><br>Judge: Hon. Edward J. Davila |

| | |
|---|---|
| FIVE RIVERS ELECTRONIC INNOVATIONS LLC, on behalf of itself and others similarly situated, | Case No. 4:18-cv-00851-KAW |
| Plaintiff, | Judge: Hon. Kandis A. Westmore |
| v. | |
| KEMET CORPORATION; KEMET ELECTRONICS CORPORATION; MURATA ELECTRONICS NORTH AMERICA, INC.; MURATA MANUFACTURING CO., LTD.; NEC CORPORATION; OKAYA ELECTRIC AMERICA INC.; OKAYA ELECTRIC INDUSTRIES CO., LTD.; PANASONIC CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; PANASONIC ELECTRONIC DEVICES CO. LTD; PANASONIC INDUSTRIAL DEVICES SALES COMPANY OF AMERICA; SANYO ELECTRIC CO., LTD.; SANYO NORTH AMERICA CORPORATION; SUMIDA AMERICA COMPONENTS, INC.; SUMIDA CORPORATION; SUMIDA ELECTRIC CO., LTD.; TAIYO YUDEN CO., LTD.; TAIYO YUDEN (U.S.A.) INC.; TDK CORPORATION; TDK-EPC CORPORATION; TDK U.S.A. CORPORATION; TOKIN CORPORATION; TOKIN AMERICA, INC.; TOKO INC.; and JAPAN ELECTRONICS AND INFORMATION TECHNOLOGY INDUSTRIES ASSOCIATION, | |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Cambridge Capital Corporation submits this opposition to the Administrative Motion to Consider Whether Cases Should Be Related ("Five Rivers Motion" or "Motion"), ECF No. 2067, which seeks to relate actions presently before The Honorable Edward J. Davila that concern a different alleged conspiracy by mostly different corporate actors and affecting a different product.

Cambridge Capital Corporation is the plaintiff in *Cambridge Capital Corporation v. Murata Manufacturing Co., Ltd.*, No. 18-cv-00686-EJD (N.D. Cal., San Jose Div.).  The action is one of several recently filed federal antitrust class actions that concern an alleged price-fixing conspiracy affecting inductors (the *Inductors* complaints[1]).

The Five Rivers Motion should be denied because neither of the two required elements of Civil Local Rule 3-12(a) are met: (1) the cases do not concern substantially the same parties or alleged conduct; and (2) denying the motion would not result in an unduly burdensome duplication of labor and expense, or a risk of conflicting results.

There is minimal overlap in the parties and alleged conduct in the two cases and because, as the Court is aware, the parties in this action (the "*Capacitors*" action) have already been already been litigating *Capacitors* for **over three-and-a-half years**.  Relating the two cases would provide no discernable efficiencies and could delay the *Capacitors* case schedule by introducing a half dozen or more new, foreign corporate defendants as well as new plaintiff companies. Additionally, relating the cases would unduly burden both the *Capacitors* and *Inductors* parties by necessitating cumbersome coordination in order to litigate with unrelated parties, while resulting in no efficiencies or material benefit to either action.

---

[1] To date, four Inductors complaints have been filed and related in the first-filed action *Dependable Component Supply Corp. v. Murata Manufacturing Co., Ltd., et al.*, No. 5:18-cv-00198 (the "*Inductors*" action); *Powerweb, Inc. v. Murata Manufacturing Co., Ltd., et al.*, No. 5:18-cv-00349; *Lifetime Service Center, Inc. v. Murata Manufacturing Co., Ltd., et al.*, No. 5:18-cv-00511; and *Cambridge Capital Corporation v. Murata Manufacturing Co., Ltd., et al.*, No. 5:18-cv-00686.  *See Inductors*, ECF Nos. 15, 19, and 52.

## II. LEGAL STANDARD

Under Civil Local Rule 3-12(a), the district court may relate cases only if the party seeking relation demonstrates that: (1) "[t]he actions concern substantially the same parties, property, transaction or event; *and* (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a) (emphasis added); *see also Hodges v. Akeena Solar, Inc. (Akeena)*, No. 09-cv-02147 JW, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010). Because the Five Rivers Motion fails to satisfy either requirement, let alone both, this Court should deny relation.

## III. FIVE RIVERS MOTION FAILS TO COMPLY WITH THE LOCAL RULES

As a threshold matter, the Five Rivers Motion is procedurally defective because it is devoid of any supporting declaration or stipulation as required by Local Rules. Northern District of California Civil Local Rule 3-12(b) governing the administrative motion to consider whether cases should be related requires "complying with Civil L.R. 7-11." Civil Local Rule 7-11(a) requires that the administrative motion be accompanied "by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." Five Rivers did not file either the required stipulation or declaration with its Motion. The Ninth Circuit has recognized that this failure to comply with Civil Local Rule 7-11 requirement alone provides a basis for denial of the administrative motion. *See Tri-Valley CAREs v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) (denying the administrative motion under Civil Local Rule 7-11 because "[n]owhere in its motion, nor in its additional briefs, did Tri-Valley CAREs include the requisite stipulation or declaration"). The Motion can be denied on this ground alone.

## IV. THE ACTIONS DO NOT CONCERN SUBSTANTIALLY THE SAME PARTIES, PROPERTY, TRANSACTION, OR EVENT

*Inductors* and *Capacitors* are two sets of actions that allege distinct conspiracies with respect to different component products, and the defendants named in each set of actions are not coextensive.

**First**, *Inductors* and *Capacitors* have minimal overlap of defendants. There is only a single overlapping defendant family, Panasonic, in the *Capacitors* litigation and the collective

*Inductors* actions that Five Rivers seeks to relate to it.[2]  *See Nozolino v. Hartford Life & Acc. Ins. Co.*, No. 12-CV-04314-JST, 2013 WL 2468350, at *1 (N.D. Cal. June 7, 2013) (denying motion to relate cases where the cases shared a single defendant).  There are four corporate families named as defendants in the *Inductors* action, which are not defendants in the analogous *Capacitors* litigation identified in the Motion.

Additionally, Panasonic, the sole overlapping defendant in both *Inductors* and *Capacitors*, is represented by different counsel in the *Inductors* litigation (Gibson Dunn and Crutcher) and in the *Capacitors* litigation (Winston & Strawn), further undercutting any basis for relating the matters.  Furthermore, the lone overlapping plaintiff Dependable Component Supply Corp. is also represented by different counsel in both the *Inductors* (Bleichmar Fonti & Auld LLP) and *Capacitors* (Joseph Saveri Law Firm, *et al*.) litigations.  *See Covarrubias v. Gower*, No. C-13-4611 EMC (pr), 2014 WL 2040020, at *3 (N.D. Cal. May 16, 2014) (denying motion to relate cases, in part, because petitioners "were represented by different attorneys").

***Second***, the alleged conspiracies do not concern the same "transaction or event." Although inductors and capacitors and resistors are both "passive electronic components," they are unquestionably different products.  *See Adobe Sys. Inc. v. A&S Elecs., Inc*., No. C 15-2288 SBA, 2016 WL 9105173, at *3 (N.D. Cal. Oct. 13, 2016) (denying motion to relate cases, in part, because "different software products are at issue in each case").  While the Five Rivers Motion asserts similarities in the respective components parts and markets, Five Rivers does not explicitly assert that the alleged inductors' price-fixing is part of the same alleged conspiracies at issue in the *Capacitors* lawsuits.

---

[2] The Motion identifies the common defendants in the Five Rivers Complaint and the analogous *Capacitors* antitrust litigation as: Okaya Electric Industries Co., Ltd., Okaya Electric America Inc., Panasonic Corporation, Panasonic Electronic Devices Co. Ltd., Panasonic Corporation of North America, SANYO Electric Co., Ltd., SANYO North America Corporation, KEMET Corporation, KEMET Electronics Corp., TOKIN Corporation, TOKIN America, Inc., and NEC Corporation." Motion, at 3 n2.  While the Five Rivers' Complaint (No. 4:18-cv-00851-KAW, ECF No. 1 (attached as Ex. 1 to the Motion, ECF 2067-1)) names additional defendants, none of the other already-related *Inductors* complaints currently names any overlapping defendants in the *Capacitors* litigation identified in the Motion, aside from the Panasonic defendant family.

Five Rivers has not identified specific facts demonstrating that the actions "concern substantially the same…transaction or event" within the meaning of Civil L R. 3-12(a)(1).  *See Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-00-2090 RMW, 2008 WL 3916304, at *2 (N.D. Cal. Aug. 24, 2008) (denying motion to relate cases where the products and events of the cases had superficial similarities); *see also Nozolino*, 2013 WL 2468350, at *1 (two cases involving distinct ERISA claims brought by separate plaintiffs against a common defendant were not related); *Akeena*, 2010 WL 2756536, at *1 ("the Court finds that although the two actions concern substantially the same transaction and events, the legal claims, named defendants, and procedural posture are different"; relation denied, even though there was one overlapping defendant).

## V.  THERE WILL BE NO UNDULY BURDENSOME DUPLICATION OF LABOR AND EXPENSE OR CONFLICTING RESULTS IF THE CASES ARE CONDUCTED BEFORE DIFFERENT JUDGES

Nor has Five Rivers demonstrated that relation here would avoid "an unduly burdensome duplication of labor and expense." Civil L.R. 3-12(a).  Five Rivers makes no meaningful effort to explain how relation could possibly result in efficiencies.  The difference in the identity of defendants alone means that the legal issues in the *Inductors* action will be unique and not susceptible to automatic application of the conclusions reached in the *Capacitors* action.  Contrary to the suggestion otherwise in the Motion, at 4, there is no deduplication of judicial resources realized by prior rulings regarding issues such as personal jurisdiction or extraterritorial conduct under the Foreign Trade Antitrust Improvement Act, as any analysis of these issues will be applied to the facts and defendants specific to the *Inductors* case.

Additionally, the *Capacitors* matter has been on-going for **over three-and-a-half** years and had already advanced substantially. The first complaint in *Capacitors* was filed in July 2014 (*Capacitors,* ECF No. 1).  The *Capacitors*' motions to dismiss have been decided, substantial discovery has been underway, and class certification motions and some partial summary judgment motions have been briefed. *See, e.g., Capacitors*, ECF Nos. 738 (motion to dismiss order), 739 (same), 758 (discovery order re custodians), 857 (discovery order re ESI search terms), 1003 (motion to dismiss order), 911 & 915 (defendants' joint summary judgment motion), 1066 (order re additional discovery to supplement and clarify the factual record), 1423 (defendant Shoshin

1  motion for summary judgment), 1647 (order granting final approval of DPP settlements with
2  certain defendants), 1693 (DPP class certification motion), 1745 (defendants' opposition to DPP
3  class certification motion).  By contrast, the first Inductors complaint, was filed January 9, 2018.
4  *Dependable Component Supply Corp. v. Murata Manufacturing Co., Ltd.*, No. 5:18-cv-00198,
5  ECF No. 1.  Courts have denied relation where, as here, the first action was "further along
6  procedurally."  *Akeena Solar*, 2010 WL 2756536, at *1 (denying a motion to relate, in part,
7  because of the different procedural posture of the two actions: "the First Action is further along
8  procedurally, since it has already survived a Motion to Dismiss and is moving toward class
9  certification. The Second Action was only recently filed….").

10  Relating the *Inductors* action to the *Capacitors* action will be prejudicial to and unduly
11  burden both the *Capacitors* and *Inductors* parties by requiring them to coordinate and litigate with
12  unrelated parties, while resulting in no efficiencies or material benefit to either action.

13  **VI.   CONCLUSION**

14  For the foregoing reasons, Cambridge Capital Corporation respectfully requests that the
15  Five Rivers' Motion to relate the *Inductors* actions to the *Capacitors* action be denied.

16  DATED: February 20, 2018                    **BERMAN TABACCO**

17                                              By: */s/ Todd A. Seaver*
18                                                   Todd A. Seaver

19                                              Joseph J. Tabacco, Jr.
                                                Matthew D. Pearson
20                                              Jessica Moy
                                                Sarah Khorasanee McGrath
21                                              44 Montgomery Street, Suite 650
                                                San Francisco, CA  94104
22                                              Telephone: (415) 433-3200
                                                Facsimile:  (415) 433-6382
23                                              Email: jtabacco@bermantabacco.com
                                                       tseaver@bermantabacco.com
24                                                     mpearson@bermantabacco.com
                                                       jmoy@bermantabacco.com
25                                                     smcgrath@bermantabacco.com

26

27

28

|  |  |
|---|---|
| 1 | Marc Greenspon (*pro hac vice* to be filed) |
|  | One Liberty Square |
| 2 | Boston, MA 02109 |
|  | Telephone: (617) 542-8300 |
| 3 | Facsimile:  (617) 542-1194 |
|  | Email: mgreenspon@bermantabacco.com |

Marc Greenspon (*pro hac vice* to be filed)
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: mgreenspon@bermantabacco.com

Vincent Briganti (*pro hac vice* to be filed)
Barbara Hart (*pro hac vice* to be filed)
**LOWEY DANNENBERG P.C**.
White Plains Plaza
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
Email: vbriganti@lowey.com
　　　　bhart@lowey.com

Brian Murray (*pro hac vice* to be filed)
Lee Albert (*pro hac vice* to be filed)
**GLANCY PRONGAY & MURRAY**
230 Park Avenue, Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: bmurray@glancylaw.com
　　　　lalbert@glancylaw.com

*Attorneys for Cambridge Capital Corporation*

---

[Case No. 3:14-CV-03264-JD] OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES WHOULD BE REALTED　　　　6