UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER ACTIONS | Master File No. 3:17-md-02801-JD<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH CERTAIN DEFENDANTS, APPROVING FORM AND MANNER OF NOTICE, AND ESTABLISHING PROCESS FOR FINAL APPROVAL |

This matter is before the Court on the motion for preliminary approval of the proposed class action settlement (the "Settlement") between Plaintiffs Chip-Tech, Ltd, Dependable Component Supply Corp., eIQ Energy, Inc., and Walker Component Group, Inc., each a direct purchaser of aluminum, tantalum and film capacitors ("Capacitors") (collectively, "Direct Purchaser Plaintiffs," "DPPs," or "Class Representatives"), individually and as representatives of a purported Settlement Class (the "Settlement Class"), and defendants Hitachi Chemical Co., Ltd., Hitachi AIC, Inc., and Hitachi Chemical Co. America, Ltd. (collectively, "Hitachi Chemical"); and Soshin Electric Co., Ltd., and Soshin Electronics of America Inc. (collectively, "Soshin") (all Hitachi Chemical and Soshin entities together, the "Settling Defendants").

Having considered DPPs' Motion; the Settlement Agreements; the declarations of Joseph R. Saveri and Kendall S. Zylstra and the exhibits thereto; the proposed Long Form Notice, Summary Notice, and Postcard Notice to the Settlement Class; the pleadings and other papers filed in this Action;

and the statements of counsel and the parties, and for good cause shown,

IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined, all terms that are capitalized shall have the meanings ascribed to those terms in the Settlement Agreements.

2. The Court hereby gives its preliminary approval to DPPs' settlements with the Settling Defendants, subject to a hearing on the final approval of the Settlements (the "Final Approval Hearing").

3. Pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies the following Settlement Class:

> All persons in the United States that purchased Capacitors (including through controlled subsidiaries, agents, affiliates or joint-ventures) directly from any of the Defendants, their subsidiaries, agents, affiliates or joint ventures from January 1, 2002 through July 22, 2015. Excluded from the settlement class are Defendants (and their subsidiaries, agents or affiliates), any co-conspirator, all governmental entities and the judges and chambers staff in this case assigned to hear any aspect of this action, and each member of the class action who timely requested exclusion.

4. The Court further provisionally finds that the following prerequisites to a class action under Rule 23 are satisfied for settlement purposes:

   a. There are hundreds of geographically dispersed class members, making joinder of all members impracticable;

   b. There are questions of law and fact common to the class that predominate over individual issues;

   c. The claims or defenses of the class plaintiffs are typical of the claims or defenses of the class;

   d. The Class Representatives will fairly and adequately protect the interests of the class and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the class; and

   e. A class action in superior to individual actions.

5. The Court finds that the Settlements fall within the range of possible approval, and are reasonable. There is sufficient basis for notifying the Settlement Class and for setting a Final Approval

Hearing. Accordingly, Notice to the Settlement Class is appropriate here, the Notice is hereby approved, and members of the Settlement Class ("Settlement Class Members") should be notified of the proposed settlement.

6.  The Court finds that the proposed plan of allocation described in the Motion is sufficiently fair, reasonable, and adequate such that it is hereby preliminarily approved, subject to further consideration at the Final Approval Hearing to be held as set forth below.

7.  The Court appoints Chip-Tech, Ltd, Dependable Component Supply Corp., eIQ Energy, Inc., and Walker Component Group, Inc., as representatives of the Settlement Class.

8.  The Court appoints Joseph R. Saveri of the Joseph R. Saveri Law Firm, Inc., to serve as Class Counsel for the Settlement Class.

9.  The Court will conduct a Final Approval Hearing on June 7, 2018 at 10:00 AM. At the Final Approval Hearing, the Court will determine the following:

    a.  Whether the proposed Settlements are fair, reasonable, and adequate and should be granted final approval;

    b.  Whether final judgment should be entered dismissing the claims of the class against Settling Defendants with prejudice;

    c.  Class Counsel's application for payment of attorneys' fees and reimbursement of costs and expenses;

    d.  Such other matters as the Court may deem appropriate.

10. The Court appoints Rust Consulting, Inc., as administrator (the "Claims Administrator").

11. The Notices attached to this Order constitutes due, adequate, and sufficient notice and satisfies the requirements of the Federal Rules of Civil Procedure and of due process. Accordingly, they are approved for dissemination to the Settlement Class.

12. The Court approves the long form notice attached hereto as **Exhibit A** ("Long Form Notice"). The Court also approves the summary notice attached hereto as **Exhibit B** ("Summary Notice"). The Court also approves the postcard notice attached hereto as **Exhibit C** ("Postcard Notice"). The Court finds that taken together, (a) mailing of the Long Form Notice with the Summary

MASTER FILE NO. 3:17-MD-02801-JD    3
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL

Notice (by U.S. Mail or electronic mail) to Settlement Class Members that did not timely submit valid claim forms for the first round of DPP settlements approved by the Court in its Order dated June 27, 2017, Dkt. 1713 (the "First-Round Settlements"); (b) mailing of the Postcard Notice to Settlement Class Members that timely submitted valid claim forms for the First-Round Settlements; (c) publication of the Summary Notice; and (d) Internet posting of the Long Form Notice: (i) are the best notice practicable; (ii) are reasonably calculated to, under the circumstances, to apprise the Settlement Class Members of the proposed Settlements and of their right to object or to exclude themselves as provided in the Settlement Agreements; (iii) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

13. Plaintiffs' Claims Administrator shall provide notice of the Settlements. The Claims Administrator shall provide direct notice of the Settlements to all Settlement Class Members on or before a date set twenty-eight (28) days from the entry of this Order. Such notice shall be sent either by first-class U.S. mail, postage prepaid, or by electronic mail. The Claims Administrator shall publish the Summary Notice in the national edition of the *Wall Street Journal* as soon as practicable, but in any event no later than April 1, 2018. The Claims Administrator shall also cause a copy of the class notices and Settlement Agreement to be posted on at least two Internet websites directed toward the capacitors and passive electronics industry.

14. By no later than 28 days after the clerk enters this order on the docket, the Claims Administrator shall cause the Long Form Notice, Summary Notice, and Postcard Notice (collectively, the "Notices") to be mailed by first-class mail, postage prepaid, to Settlement Class Members pursuant to the procedures described in the Settlement Agreements, the Motion, the Declaration of Kendall S. Zylstra, and the Notices. By no later than May 3, 2018, the Claims Administrator shall file with the Court an Affidavit of Compliance with Notice Requirements.

15. All costs incurred in disseminating the Notices and administering the Settlement shall be paid from the Settlement Fund pursuant to the Settlement Agreements, with certain notice and administration costs incurred prior to the Effective Date advanced as provided in the Settlement Agreements. The Court grants Class Counsel's request for $250,000 to be paid from the Settlement

Fund for expenses related to the provision of notice to the Settlement Class Members and for processing and auditing the claim forms.

16. Settlement Class Members will have until April 23, 2018 to submit a Claim Form. All Claim Forms must be postmarked or submitted *via* the Settlement Website by this date.

17. Settlement Class Members will have until April 23, 2018 (the "Opt-Out Deadline") to exclude themselves (opt-out) of the proposed Settlement. All requests for exclusion must be postmarked by the Opt-Out Deadline.

18. Any Settlement Class Member who wishes to be excluded (opt-out) from the Settlement Class must, in a manner consistent with the process described in the Notices approved by the Court, send a written request for exclusion to the Claims Administrator on or before the close of the Opt-Out Deadline. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually or personally execute a Request for Exclusion. Requests for Exclusion must set forth in writing the name and address of the person or entity who wishes to be excluded as well as all trade names or business names and addresses used by such persons or entities, and must be signed by the Settlement Class Member seeking exclusion.

19. No later than May 28, 2018, Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the Settlement Class. Settlement Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability independently to pursue any claims they may have against Settling Defendants.

20. All Settlement Class Members who did not properly and timely request exclusion from the Settlement Class shall, upon final approval of the Settlements, be bound by all the terms and provisions of the Settlement Agreements, including the releases, waivers and covenants described in the Settlement Agreements, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member makes a claim upon the settlement funds or receives consideration under the Settlement Agreements.

21. Any Settlement Class Member who did not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his, her, or its own attorney. For settlement purposes, Class Counsel will continue to represent Settlement Class Members that do not timely object and that do not have an attorney enter an appearance on their behalf.

22. Any Settlement Class Member that did not elect to be excluded from the Settlement Class may, but need not, submit comments or objections to the Settlement Agreements, the Plan of Allocation, or entry of a Final Approval Order and Judgment approving the Settlement Agreements, by filing written objections with the Court no later than May 18, 2018, copies of which shall be served on all counsel listed in the class notice. Failure to timely file and serve written objections will preclude a Class Member from objecting to the Settlement.

23. Any Settlement Class Member making an objection (an "Objector") must sign the objection personally, even if represented by counsel. An objection must (1) provide the Settlement Class Member's name and full residence or business address; (2) include statement signed under penalty of perjury that the Settlement Class Member was a member of the Settlement Class; (3) state why the Objector objects to the Settlement Agreements; and (4) provide a basis in support, together with any documents the Objector wishes to be considered in support of the objection. If an Objector intends to appear at the Final Approval Hearing, personally or through counsel, the Objector must include with the objection a statement of the Objector's intent to appear at the Final Approval Hearing. The Objector must file a Notice of Intent to Appear no later than May 18, 2018, copies of which shall be served on all counsel listed in the Class notice. If counsel is appearing on behalf of more than one Settlement Class Member, counsel must identify each such Settlement Class Member and each such Settlement Class Member must have complied with this Order.

24. Only Settlement Class Members who have filed and served valid and timely objections accompanied by Notices of Intent to Appear shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member that does not timely file and serve an objection in writing in accordance with the procedure set forth in the Notices and mandated in this Order shall be deemed to have waived any objection to the Settlement Agreements or the entry of a Final Approval Order and Judgment, whether by appeal, collateral attack, or otherwise.

25. Each Settlement Class Member shall retain all rights and causes of action with respect to claims against all Defendants other than Settling Defendants, regardless of whether such member of the Settlement Class decides to remain in the Settlement Class or to exclude itself from the Settlement Class.

26. All briefs, memoranda, and papers in support of final approval of the Settlements and reimbursement of litigation costs and expenses shall be filed by May 3, 2018.

27. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

28. Upon entry of the Final Approval Order and Judgment, all Settlement Class Members that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Settling Defendants and all other Released parties with respect to all of the Released Claims, consistent with the Settlement Agreements.

29. All further proceedings in connection with DPPs' action as to the Settling Defendants are hereby stayed, except for any actions required to effectuate or enforce the Settlement Agreements, or matters related to the Settlement Fund, including applications for attorneys' fees, payment of costs, and service awards to Settlement Class Representatives.

30. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected to the Settlements.

IT IS SO ORDERED

Dated: March 2, 2018

HON. JAMES DONATO
United States District Judge