# MINTZ LEVIN

701 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
202-434-7300
202-434-7400 fax
www.mintz.com

Robert G. Kidwell | 202 661 8752 | rgkidwell@mintz.com

March 26, 2018

Hon. Judge James Donato
United States District Court
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, California 94102

Re: *In re Capacitors Antitrust Litigation*, No. 14-cv-3264-JD:
   AVX's Letter Requesting an Order to Compel Discovery from Flextronics

Your Honor:

Pursuant to Paragraphs 18-20 of the Standing Order for Discovery in Civil Cases Before Judge Donato ("Standing Order"), Defendant AVX Corporation ("AVX") writes to seek the Court's assistance in resolving a potentially case-dispositive discovery dispute with Plaintiff Flextronics International USA, Inc. ("Flextronics"). The parties have met and conferred on these issues.

The context of the dispute is as follows: discovery will close soon, and AVX is preparing to move for summary judgment at the appropriate time. Because Plaintiffs (including Flextronics) acknowledge in their Complaint that AVX did not participate in the alleged cartel meetings (which is why neither the DOJ nor any other enforcer is investigating AVX), Flextronics has the burden to submit other evidence at summary judgment and, if necessary, at trial of a "an agreement and a conscious decision" by AVX to join the alleged conspiracy. May 26, 2015 Order on Motion to Dismiss, Dkt. No. 710, at 13 (dismissing claims against AVX).

This Court dismissed AVX—and only AVX—from this case at the pleading stage because the Plaintiffs pleaded no such other facts. The reason for the Court's dismissal is relevant here, as it sets the baseline for what evidence Flextronics must now produce in order to avoid summary judgment (quoting from *id.*):

> AVX Corporation is not alleged to have participated in or even been informed of the "cartel's regular meetings," Dkt. No. 401 ¶ 198, nor is it alleged to have participated in any cartel "sub-groups" or in any specific cartel meetings. The only substantive allegation against AVX is that it "worked to coordinate pricing strategy" with other defendants, *id.* ¶¶ 215-16, but these allegations fall short of alleging "an agreement and a conscious decision" by AVX to join it. *TFT-LCD,* 586 F. Supp. 2d at 1117.

The Amended Complaint survived a second dismissal by adding a reference to two hearsay statements (both found in others' documents and translated from Japanese by Plaintiffs) that Plaintiffs allege suggest that (1) AVX once raised the price of a type of capacitor "in conjunction with" another U.S.-based manufacturer, and (2) that someone from AVX discussed its "plans to raise capacitor prices" with someone from Sanyo. December 30, 2015 Order on Motions to Dismiss Amended Complaints, Dkt. No. 1003, at 14 (finding this addition sufficient to survive dismissal). These allegations were enough—barely—to survive at that early stage, but they will not suffice in the later stages of the case.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | LONDON | LOS ANGELES | NEW YORK | SAN DIEGO | SAN FRANCISCO | STAMFORD | WASHINGTON

Hon. Judge James Donato
March 26, 2018
Page 2

At summary judgment, Flextronics will have to provide much more evidence than this to show "an agreement and a conscious decision" by AVX to join the alleged conspiracy. AVX asserts that no such evidence exists, and in January it properly served requests on Flextronics to admit that they have no such evidence—or to produce the evidence if they have it.[1/]

Flextronics responded to AVX's Requests for Admission with eighteen non-specific objections that were incorporated by reference into every response, the bulk of which were then followed by "denied," with three partial admissions with significant qualifications.[2/] As a result, AVX has no way of determining which objections actually apply, or how they relate to any given response (or part thereof). This is precisely what the rules prohibit, both in letter and in spirit.

In response to AVX's accompanying Requests for Production of any evidence that Flextronics alleges supports its denials and partial admissions, **Flextronics did not produce anything at all**. It did not produce or refer to a single document or Bates number in any of its boilerplate responses, instead referring generally to the millions of pages of documents that the parties have previously produced.[3/] Again, this is precisely what the rules prohibit, both in letter and in spirit.

The Court should order Flextronics to fulfill its duty under the Federal Rules to respond in full to AVX's Requests for Admission and Requests for Production or face exclusion of any evidence not produced. **AVX will be moving to estop Flextronics from relying on any evidence at summary judgment or at trial that it does not identify in response to these requests.** Thus, this is not a garden-variety discovery dispute; it will have material, substantive consequences for this litigation.

The purpose of discovery is to make "trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent, *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (citing *Hickman v. Taylor*, 329 U.S. 495, 501, (1947)), and "to narrow and clarify" the issues in dispute, *Hickman*, 329 U.S. at 501. Allowing information or documents not identified in discovery to be used later in the case amounts to "trial by ambush," which the Federal Rules prohibit—meaning that Flextronics either needs to produce the requested information or be prevented from relying on any of it at summary judgment or at trial. *See, e.g., Goins v. Cnty. of Merced*, No. 1:13-cv-01245-AWI-SKO, 2015 U.S. Dist. LEXIS 85049, at *22 (E.D. Cal. 2015) (excluding evidence in support of claims that was not produced by plaintiff in discovery).

It is not enough for Flextronics to generally assert that the responsive documents can be found somewhere among the millions of documents produced in this case, without specifically identifying them.[4/] AVX is entitled to know which of those millions of documents Flextronics

---

[1/]     *See* Ex. A, AVX's First Requests for Admission to Flextronics; Ex. B, AVX's Second Requests for Production to Flextronics.

[2/]     *See* Ex. C, Flextronics' Responses to AVX's First Requests for Admission; Ex. D, Flextronics' Responses to AVX's Second Requests for Production.

[3/]     *See* Ex. D.

[4/]     *See Helm v. Alderwoods Group, Inc.*, No. C 08-01184 SI, 2010 U.S. Dist. LEXIS 86353, at *11 (N.D. Cal. July 27, 2010) (ordering responding party to provide requesting party with Bates ranges of

asserts supports its denials. Ninth Circuit precedent requires that, for documents that have previously been produced, "[i]f the documents are responsive to subsequent requests and [the parties] choose not to produce the documents again in either of the manners set forth in Rule 34, then they must provide the Bates numbers of the previously produced documents." *Tilton v. McGraw-Hill Cos.*, No. C06-0098RSL, 2007 U.S. Dist. LEXIS 1449, at *5 (W.D. Wash. Jan. 5, 2007); *UltraTech, Inc. v. Tamarack Sci. Co.*, No. C 03-3235 CRB (JL), 2005 U.S. Dist. LEXIS 1782, at *7 (N.D. Cal. Jan. 5, 2005) ("The representations that the documents were produced 'already,' is not sufficiently specific.")[5/]

Under Rule 37, the Court may order a party to provide further discovery responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). Parties engaged in discovery may not view discovery requests "as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936-37 (9th Cir. 1994). This case has been going on for more than three years—the time for evasion and wordplay is over.

AVX is calling Flextronics's cards now that discovery is at its end, and the Rules require Flextronics to show them. Flextronics should be compelled to identify the specific documents that are responsive to AVX's Second Requests for Production of Documents, or in the alternative, it should be conclusively established that no such materials exist.

Dated: March 26, 2018                    By: */s/ Robert G. Kidwell*
                                         Robert G. Kidwell

                                         Robert G. Kidwell *(admitted pro hac vice)*
                                         701 Pennsylvania Avenue NW
                                         Suite 900
                                         Washington, DC 20004
                                         Telephone: (202) 434-7300
                                         Facsimile: (202) 434-7400
                                         rgkidwell@mintz.com

                                         *Attorney for Defendant AVX Corporation*

---

responsive documents within 10 days of the order), *citing Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 305 (D. Kan. 1996) (parties responding to discovery "may not simply refer generically to past or future production of documents. They must identify in their answers to the interrogatories specifically which documents contain the answer.")

[5/] *See also Mancini v. Ins. Corp.*, No. 07-cv-1750-L(NLS), 2009 U.S. Dist. LEXIS 51321, at *17 (S.D. Cal. June 18, 2009) ("While it may be burdensome for Plaintiffs to review the entire universe of documents to ascertain which documents are responsive to the document requests, it would be even more burdensome for [Defendant] to guess which documents are responsive to which requests."); *see also Safeair, Inc. v. AirTran Airways, Inc.*, No. 09-5053 RJB, 2009 U.S. Dist. LEXIS 114226, at *5 (W.D. Wash. Nov. 20, 2009) ("The Court . . . believes that the requesting party should not be required to guess regarding which previously-produced documents the producing party believes are relevant to the requests.")