Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Nicomedes S. Herrera (State Bar No. 275332)
Demetrius X. Lambrinos (State Bar No. 246027)
James G. Dallal (State Bar No. 277826)
V Chai Oliver Prentice (State Bar No. 309807)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          swilliams@saverilawfirm.com
          nherrera@saverilawfirm.com
          dlambrinos@saverilawfirm.com
          jdallal@saverilawfirm.com
          vprentice@saverilawfirm.com

*Interim Class Counsel for Direct Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION | Master File No. 3:17-md-02801-JD<br>Case No. 3:14-cv-03264-JD |
| | **DPPS' MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS** |
| THIS DOCUMENT RELATES TO:<br>ALL DIRECT PURCHASER ACTIONS | Date:        May 24, 2018<br>Time:        10:00 am<br>Courtroom:  11, 19th Floor |

### NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 24, 2018 at 10:00 a.m., before the Honorable James Donato, plaintiffs Chip-Tech, Ltd., Dependable Component Supply Corp., eIQ Energy, Inc., and Walker Component Group, Inc. ("DPPs"), on behalf of themselves and the Direct Purchaser Plaintiff Settlement Class, will move the Court for an Order Authorizing Distribution of Settlement Funds.

DPPs' motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Nicomedes Sy Herrera dated April 19, 2018 (the "Herrera Decl."), the Court's files and records in this matter, and such other matters as the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

DPPs have secured settlement agreements (the "Settlements") with Defendants Fujitsu Limited; NEC TOKIN Corporation and NEC TOKIN America, Inc. ("NEC TOKIN"); Nitsuko Electronics Corporation; Okaya Electric Industries Co., Ltd. and Okaya Electric America, Inc. (the "Okaya Defendants"); and ROHM Co., Ltd. and ROHM Semiconductor U.S.A., LLC ("ROHM") (collectively, the "Settling Defendants"). (Dkt. 1647) The Settlements total $32,600,000 (the "Settlement Funds") and other valuable non-cash consideration.[1] (Herrera Decl., ¶ 3)

After conducting a fairness hearing, the Court entered an order on June 27, 2017 granting final approval of the Settlements with respect to the Settling Defendants (the "Final Approval Order"). (Dkt. 1713) Pursuant to the Court's Order, the notice plan has been completed, and members of the Settlement Class, as defined in the Final Approval Order (Dkt. 1713, at ¶ 4), have submitted claims to share in the Settlement Funds. The claims administrator has reviewed, analyzed, audited, and processed the submitted claim forms ("Claim Forms").

By this motion, DPPs request that the Court approve the distribution of the portion of the Settlement Funds that DPPs have received or expect to receive on or before May 15, 2018.[2] DPPs propose to distribute the available Settlement Funds pursuant to the terms of the accompanying proposed Order Authorizing Distribution of Settlement Funds (the "Proposed Distribution Order").

Interim Lead Class Counsel ("Class Counsel") for the Settlement Class has conducted a thorough review and audit of all claims submitted by members of the Settlement Class. In conducting its audit, Class Counsel applied objective criteria in evaluating all Settlement Class member submissions that claimed purchases in excess of the transactions obtained from Defendants' databases and used to pre-populate the Claim Forms sent to Settlement Class members. The criteria applied by Class Counsel in performing its audit, described below and in the accompanying Herrera Declaration, were established and uniformly applied to ensure that Settlement Funds would be distributed to verified Settlement Class

---

[1] Settling Defendants agreed to pay DPPs the following amounts: Fujitsu Limited, $2,000,000; NEC TOKIN, $24,000,000; Nitsuko, $1,100,000; the Okaya Defendants, $3,650,000; ROHM, $1,850,000.

[2] NEC TOKIN is obligated to pay an additional $5 million on or before May 15, 2018.

members—and only in an amount proportional to each member's qualifying direct purchases of aluminum, tantalum, or film capacitors ("Capacitors") from Defendants during the relevant settlement class period (*i.e.,* January 1, 2002 through July 22, 2015). The Court should approve distribution of settlement funds to all Settlement Class members whose claims have passed Class Counsel's rigorous audit, as described herein.

There are a few Settlement Class members represented by separate counsel who submitted claims with respect to additional purchases in excess of the pre-populated amounts in their respective Claim Forms. With respect to some of these additional claims, Class Counsel has requested additional information or denied the claims relating to the additional commerce.[3] Counsel for these Settlement Class members (the "Requesting Members") have requested further opportunity to provide additional proof of qualifying direct purchases of Capacitors. Rather than denying the supplemental claims of such Requesting Members outright, Class Counsel believes it is reasonable and fair to provide additional opportunities for these Requesting Members to provide satisfactory proof of qualifying purchases. At the same time, Class Counsel do not wish to delay distribution of Settlement Funds to Settlement Class members that have already passed the audit process outlined in Subsection A below and set forth in paragraphs 10(a) through 10(e) of the accompanying Herrera Declaration. Therefore, Class Counsel requests the Court's authorization to distribute Settlement Funds to all Settlement Class members whose claims have passed audit within fourteen (14) days of receipt of the Court's approval of this

---

[3] As set forth in DPPs' Supplemental Report Renewing Their Motions for Final Approval (Dkt. No. 1586), the Claims Administrator received 285 claim forms that the Claims Administrator believed to have been valid and non-duplicative. In addition, the Claims Administrator received over 400 claim forms that the Claims Administrator believed were invalid, duplicates, or untimely. (*Id.* at 1 & n.2) Of the 285 claim forms, 251 have passed audit, 32 have failed audit, and two have been identified as duplicates. Of the 32 Settlement Class members that submitted claim forms that failed audit, 26 are Requesting Members that have sought additional opportunity to provide proof of qualifying purchases. (Herrera Decl. ¶ 11)

Class Counsel propose to distribute available Settlement Funds to Settlement Class members whose claim forms have passed audit within fourteen days of receipt of the Settlement Funds that DPPs expect to receive from NEC TOKIN on or before May 15, 2018. Class Counsel is prepared to provide the list of Requesting Members and their claimed purchases to the Court upon request. To protect the confidentiality of these Requesting Members, Class Counsel have not identified them in this public document.

motion. Class Counsel proposes to hold back the amounts that would be paid to Requesting Members if their claims pass audit (the "Hold-Back Funds"). Should such Requesting Members provide satisfactory proof of additional qualifying purchases, Class Counsel will release to such Requesting Members their respective Hold-Back Funds. If the claim of any Requesting Member fails the audit as described herein, then the respective Hold-Back Funds will be distributed *pro rata* to all Settlement Class members based on all valid commerce.

Finally, DPPs request that the Court authorize payment of the claims administrator's outstanding invoice of $261,179.67 for its notice and audit services.

## ARGUMENT

### I. THE COURT SHOULD APPROVE DISTRIBUTION OF SETTLEMENT FUNDS

The Court has approved the allocation plan for distributing the Settlement Funds (the "Allocation Plan"). (*Id*. at ¶ 12) In particular, that Allocation Plan provides that Settlement Funds should be distributed based on each claimant's *pro rata* share of Capacitors directly purchased from Defendants during the relevant time period. (Dkt. 1298-1, ¶ 50) In so doing, the Claims Administrator will "calculate the dollar value of each class member's purchase(s) of capacitors in proportion to the total claims filed." (*Id.*)

The Claims Administrator has fully complied with the Allocation Plan, and Class Counsel has secured the payment of funds that the Settling Defendants were obligated to pay on or before December 31, 2017. (Herrera Decl., at ¶¶ 7-10) Class Counsel expects to receive an additional $5 million from NEC TOKIN on or before May 15, 2018. *Id.* at ¶ 13.

Under the supervision of Class Counsel, the Claims Administrator analyzed, processed, and completed an initial audit of the Claim Forms submitted by members of the Settlement Class to ensure that they were properly submitted in accordance with the Court's orders and the settlement notices approved by the Court. (Herrera Decl., ¶¶ 8-11) The Court has entered final judgments against each of the Settling Defendants (Dkts. 1715-1719), the time for appeal has expired, and the Settlements are now final. (Herrera Decl., ¶ 6) The Court should therefore approve the distribution of available Settlement Funds to the Settlement Class members that have timely submitted valid claim forms and passed the

audit process outlined in Subsection A below and set forth in paragraphs 10(a) through 10(e) of the accompanying Herrera Declaration.

        A.      **Availability and Proposed Distribution Schedule of Settlement Funds.**

Under the Settlements, the Settling Defendants are obligated to pay funds over time through December 31, 2019. Settling Defendants Fujitsu Limited, the Okaya Defendants, and ROHM have fully paid their settlement amounts. NEC TOKIN, on the other hand, is required to make three additional $5 million payments by May 15, 2018; May 15, 2019; and December 31, 2019 (for a total of $15 million). Nitsuko is required to pay $550,000 on various dates prior to the end of 2018. Class Counsel and the Settling Defendants have established various escrow accounts for receiving settlement payments. (Herrera Decl. ¶ 3) The escrow agreements require Court approval before any funds are withdrawn from them, including for disbursements to members of the Settlement Class. (*Id.*) Class Counsel proposes to make an initial distribution now so that Class Members may receive benefits of the settlement at this juncture.

In summary, the audit process uniformly applied the following criteria and followed the following protocols (the "Audit Standards"):

        a.      Rust ensured that all Claim Forms that were timely submitted prior to April 6, 2017 (the hearing date when the Court approved the Settlements) were signed by an appropriate representative.

        b.      If a timely submitted Claim Form accepted the amount of U.S. purchases that were pre-populated in the claim form based on Defendants' transactional data, the reported amount was used in calculating the submitting Settlement Class member's distribution under the Allocation Plan.

        c.      If a submitting Settlement Class member claimed purchases in excess of the amount reported in Defendants' transactional data, and such increase would have resulted in an increased distribution from the settlement fund less than $1,000 from the estimated amount in the Claim Form, the Claims Administrator required before accepting the claim a (i) summary report from the Settlement Class members' business records and (ii) certification that the claimed

transactions related to direct purchases of aluminum, tantalum or film capacitors ("Capacitors") from Defendants that were shipped to or invoiced to an address in the United States from January 1, 2002 through July 22, 2015 (the "Settlement Class Period").

    d.    If a submitting Settlement Class member claimed purchases in excess of the amount reported in Defendants' transactional data, and such increase would have resulted in an increased distribution from the settlement fund greater than $1,000, then in addition to the report and certification required under paragraph (c) above, the Claims Administrator and/or Interim Lead Class Counsel ("Class Counsel") requested relevant back-up documentation (such as invoices, purchaser orders, and/or payment receipts) for a random sampling of the reported transactions. For each of these claims, Class Counsel reviewed the randomly selected back-up documentation to (i) verify the integrity of the submitting Class Member's business report and (ii) confirm that the reported transactions related only to direct purchases of Capacitors from Defendants that were shipped to or invoiced to an address in the United States during the Settlement Class Period. In addition, Class Counsel reviewed certain back-up documentation submitted by Settlement Class Members to double-check the work performed by the Claims Administrator to ensure accuracy and compliance.

    e.    If a submitting Settlement Class member provided satisfactory proof or a sworn declaration that: (i) documentary evidence or business records substantiating qualifying purchases of Capacitors have been destroyed for prior years (the "Gap Period"); (ii) there is a reasonable explanation for such destruction; and (iii) the Settlement Class member made qualifying purchases of Capacitors during the Gap Period reasonably consistent with the volume of purchases made during the closest years where documentary evidence of qualifying purchases are available, then a reasonable extrapolation for purchases during the Gap Period will be

permitted based on the average qualifying purchases for the closest years with documented qualifying purchases.

B.   **Availability and Proposed Distribution Schedule of Settlement Funds.**

After deducting attorneys' fees, certain costs that the Court approved in its Order Granting Counsel's Motion for Attorneys' Fees and Reimbursement of Expenses dated June 27, 2017 (Dkt. 1714),  and bank charges, there will be an expected $10,905,016.32 (plus accrued interest after March 31, 2018) available for distribution to the Settlement Class in the escrow accounts after NEC TOKIN's expected payment of $5 million on or before May 15, 2018. (Herrera Decl. ¶ 16)

DPPs believe that available Settlement Funds should be distributed now to all Settlement Class members whose claims have satisfied the Audit Standards. Further, the settlement funds to these Settlement Class members should be made now without waiting for the additional payments from NEC TOKIN and Nitsuko on various dates through December 31, 2019. Class Counsel proposes that, to avoid burdening the Court with additional motions, the Court approve at this time future distributions to the Settlement Class after NEC TOKIN's and Nitsuko's payments no later than when Class Counsel receives the December 2019 payment.[4]

C.   **The Court Should Approve Payment of Outstanding Claims Administration Expenses.**

The Claims Administrator has provided Class Counsel with an invoice in the amount of $261,179.67 for fees and expenses it has incurred to date in effectuating the Court-approved notice plan; processing, analyzing, and auditing submitted claim forms; calculating distributions to Settlement Class members in accordance with the Allocation Plan; and taking the necessary steps to disburse settlement proceeds to each member of the Settlement Class that has submitted a valid claim form. (Herrera Decl. ¶ 17 & Ex. A) In its preliminary order approving the Settlement, the Court had approved Class Counsel's estimate of $200,000 to be paid from the Settlement Fund.  (Dkt. No. 1455, at ¶ 16) While the statement of account for claims administration services exceeds the initial estimate by $61,169.67, the Claims Administrator and Class Counsel undertook additional steps in notifying class members and

---

[4] As noted below, given the size of the Settlement Class, subsequent distributions will not require great expense. We estimate the cost of each additional distribution to be no more than $10,000.

auditing claims than what was originally anticipated. Class Counsel has reviewed the Claims Administrator's statement of account and believe the fees and expenses are reasonable. (Herrera Decl. ¶ 16) DPPs thus respectfully ask the Court to approve the payment of $261,179.67 from the Settlement Fund to the Claims Administrator.

Rust reasonably anticipates that its professional fees and expenses for processing and disbursing settlement proceeds in May 2019; and December 2019 will be less than $10,000 for each of the payment dates. (Herrera Decl. ¶ 18) DPPs request that the Court authorize that all available settlement funds received by on or about May 2019; and December 2019 may be distributed at those times to members of the Settlement Class that have submitted valid claims, without further order of the Court, provided that the amounts deducted for claims administration expenses be less than $10,000 for each distribution date.

## II. CONCLUSION

For the foregoing reasons, DPPs respectfully request that the Court approve the distributions and enter the proposed Order Authorizing Distribution of Settlement Funds.

Dated: April 19, 2018

Respectfully Submitted,

JOSEPH SAVERI LAW FIRM, INC.

By:   */s/ Joseph R. Saveri*
         Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Nicomedes S. Herrera (State Bar No. 275332)
Demetrius X. Lambrinos (State Bar No. 246027)
James G. Dallal (State Bar No. 277826)
V Chai Oliver Prentice (State Bar No. 309807)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940

*Interim Class Counsel for Direct Purchaser Plaintiffs*