Joseph W. Cotchett (State Bar No. 36324)
Adam J. Zapala (State Bar No. 245748)
Elizabeth T. Castillo (State Bar No. 280502)
Tamarah P. Prevost (State Bar No. 313422)
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com
tprevost@cpmlegal.com

*Interim Lead Counsel for Indirect Purchaser Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CAPACITORS ANTITRUST LITIGATION** | **MDL No. 17-md-02801**<br>**Case No. 3:14-cv-03264** |
| **This Document Relates to:**<br><br> **All Indirect Purchaser Actions** | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPROVAL OF CLASS NOTICE PROGRAM FOR ROUND 2 SETTLEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Date:** TBD<br>**Time:** 10:00 a.m.<br>**Place:** Courtroom 11, 19th Floor |

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

Indirect Purchaser Plaintiffs' Notice of Motion and Motion For Approval of Class Notice Program; MDL No. 17-md-02801-JD; Case No. 14-cv-03264-JD

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT**, on May 10th or 17th 2018, at 10:00 a.m., or as soon thereafter as the matter may be heard,[1] in the Courtroom of the Honorable James Donato, United States District Judge for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, the Indirect Purchaser Plaintiffs ("IPPs") will and hereby do move for approval of their class notice program for the Round 2 settlements[2] to provide notice of the proposed settlements to the class.  As discussed more fully *infra*, IPPs' proposed class notice program satisfies Fed. R. Civ. P. 23, complies with due process, and is virtually the same notice program that this Court previously approved in connection with IPPs' Round 1 settlements, which have since been finally approved. *See* ECF Nos. 1457 (order approving notice program for Round 1 settlements); 1934 (final approval order for Round 1 settlements).

Plaintiffs' class notice program constitutes "the best notice practicable under the circumstances . . . ." Fed. R. Civ. P. 23(c)(2)(B).  Plaintiffs' plan provides direct mail notice to class members whose contact information was available from records provided by non-party distributors produced during the course of discovery in this litigation.  The direct mail notice plan is supplemented by a robust publication program and social media plan.  Taken together, the plan exceeds the requirements of Federal Rule of Civil Procedure 23, satisfies any due process concerns, and will fairly apprise putative Settlement Class Members of the existence of the settlement and their options under it.

This motion is based upon this Notice; the Memorandum of Points and Authorities in Support; the Declaration of IPPs' Notice Program Expert, Linda Young from A.B. Data, Inc., and attached exhibits, along with the notices themselves; and any further papers filed in support

---

[1] In connection with this Motion, the Indirect Purchaser Plaintiffs are also filing a Motion to Shorten Time in order for the hearing on this matter to be heard on an expedited basis.

[2] In addition to the foregoing settlements for which IPPs seek preliminary approval, the Round 2 settlements include settlements that have already been preliminarily approved with Soshin Electric Co., Ltd, and Soshin Electronics of America, Inc. (collectively "Soshin"); and Hitachi Chemical Co., Ltd., Hitachi AIC Inc., and Hitachi Chemical Co. America Ltd. (collectively "Hitachi Chemical").  *See* Order Preliminarily Approving Soshin and Hitachi Chemical Settlements, ECF Nos. 1888, 2009.

1    of this motion as well as arguments of counsel and all records on file in this matter.

2

3    Dated: April 24, 2018                    Respectfully Submitted,

4                                             **COTCHETT, PITRE & McCARTHY, LLP.**

5                                             By: /s/ *Adam J. Zapala*
                                                 Joseph W. Cotchett
6                                                Adam J. Zapala
                                                 Elizabeth T. Castillo
7                                                Tamarah P. Prevost
                                                 840 Malcolm Road, Suite 200
8                                                Burlingame, CA 94010
                                                 Telephone: (650) 697-6000
9                                                Facsimile: (650) 697-0577
                                                 jcotchett@cpmlegal.com
10                                               azapala@cpmlegal.com
                                                 ecastillo@cpmlegal.com
11                                               tprevost@cpmlegal.com

12                                               *Interim Lead Class Counsel for the Indirect*
                                                 *Purchaser Plaintiffs*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices
COTCHETT, PITRE &
McCARTHY, LLP

Indirect Purchaser Plaintiffs' Notice of Motion and Motion For Approval of Class Notice Program; MDL No. 17-md-02801-JD; Case No. 14-cv-03264-JD

# TABLE OF CONTENTS

**Page**

STATEMENT OF THE ISSUES TO BE PRESENTED..............................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................................2

I.    INTRODUCTION ......................................................................................................2

II.   STATEMENT OF RELEVANT FACTS ....................................................................2

      A.   Direct Mail Component..................................................................................3

      B.   Publication Notice Plan .................................................................................3

      C.   Dedicated Settlement Website........................................................................5

      D.   Toll-Free Number ..........................................................................................5

III.  ARGUMENT ............................................................................................................6

      A.   IPPs' Proposed Notice Program Comports with the Requirements of Rule 23 and
           Due Process...................................................................................................6

      B.   The Court Should Establish a Schedule for the Notice Program and Final Approval
           of the Settlements..........................................................................................9

IV.   CONCLUSION........................................................................................................10

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

Indirect Purchaser Plaintiffs' Notice of Motion and Motion For Approval of Class Notice Program; MDL No. 17-md-02801-JD; Case No. 14-cv-03264-JD

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re "Agent Orange" Prod. Liab. Litig.*,
   818 F.2d 145 (2d Cir. 1987)..................................................................................7

*Bissonette v. Enter. Leasing Companywest*,
   No. 10-CV-00326-LRH-WGC, 2014 U.S. Dist. LEXIS 132634 (D. Nev. 2014) ..................8

*Churchill Vill., L.L.C. v. GE*,
   361 F.3d 566 (9th Cir. 2004) ..............................................................................7

*Mangione v. First USA Bank*,
   206 F.R.D. 222 (S.D. Ill. 2001) ...........................................................................7

*Mendoza v. United States*,
   623 F.2d 1338 (9th Cir. 1980) .............................................................................7

*Petrovic v. AMOCO Oil Co.*,
   200 F.3d 1140 (8th Cir. 1999) .............................................................................7

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*,
   177 F.R.D. 216 (D.N.J. 1997) .............................................................................8

*Ross v. Trex Co.*,
   2013 U.S. Dist. LEXIS 29081 (N.D. Cal. Mar. 4, 2013)........................................8

*Silber v. Mabon*,
   18 F.3d 1449 (9th Cir. 1994) ..............................................................................7

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir. 1993) ................................................................................7

*UAW v. GMC*,
   497 F.3d 615 (6th Cir. 2007) ..............................................................................7

*Walsh v. CorerPower Yoga LLC*,
   No. 16-cv-05610-MEJ, 2017 U.S. Dist. LEXIS 20974 (N.D. Cal. Feb. 14, 2017) ..................6

## Statutes

ERISA .................................................................................................................2

Fed. R. Civ. P. 23 ........................................................................................2, 6, 7

Fed. R. Civ. P. 23(b)(3)......................................................................................6

Indirect Purchaser Plaintiffs' Notice of Motion and Motion For Approval of Class Notice Program; MDL No. 17-md-02801-JD; Case No. 14-cv-03264-JD

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

Fed. R. Civ. P. 23(c)(2) ..................................................................................................8

Fed. R. Civ. P.  23(c)(3) ...............................................................................................7, 8

Fed. R. Civ. P. 23(c)(2)(B) ....................................................................................6, 7, 8, 9

**Other Authorities**

Business Wire ...............................................................................................................5

NEWBERG ON CLASS ACTIONS § 4:35 ..............................................................................8

*The Wall Street Journal* .................................................................................................4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

iii

Indirect Purchaser Plaintiffs' Notice of Motion and Motion For Approval of Class Notice Program; MDL No. 17-md-02801-JD; Case No. 14-cv-03264-JD

1

## STATEMENT OF THE ISSUES TO BE PRESENTED

**1.**      Whether the Court should approve the proposed class notice program and establish a schedule for final approval of IPPs' proposed settlements with (a) the Holystone, NCC/UCC, and Rubycon Defendants and (b) the previously preliminarily approved settlements with the Hitachi and Soshin Defendants (collectively, the "Round 2 settlements.").

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

1

Indirect Purchaser Plaintiffs' Notice of Motion and Motion For Approval of Class Notice Program; MDL No. 17-md-02801-JD; Case No. 14-cv-03264-JD

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The Indirect Purchaser Plaintiffs' ("IPPs') proposed notice program seeking to provide the class with notice of the Round 2 settlements should be approved.  The proposed notice program is a robust, multifaceted approach for delivering plain and easy to understand information about the settlements. IPPs have retained a recognized national expert, A.B. Data, Inc., that has designed a notice program that addresses the specific nature of the settlements and settlement classes at issue in this litigation. The notice program includes (1) direct mail notice, (2) publication notice, (3) internet and email notice, (4) an earned media plan, (5) e-newsletter notice/banner ads, (6) a case-specific website, and (7) a case-specific toll free number.   This comprehensive, multipronged approach provides the Classes with the best notice practicable under the circumstances and satisfies Rule 23 and due process.

As set forth in more detail below, IPPs' notice program will fairly apprise potential class members of the existence of the above-referenced settlements and their options in relation to those settlements. Accordingly, the Court should approve dissemination of class notice and establish a schedule for a final approval hearing on the settlements.

### II.   STATEMENT OF RELEVANT FACTS

As with the Round 1 settlements, the proposed notice provider is A.B. Data. A.B. Data has been appointed as notice, claims, and/or settlement administrator in hundreds of large consumer, civil rights, insurance, antitrust, ERISA, securities, and wage and hour cases, administering some of the largest and most complex class action settlements of all time. A.B. Data has experience involving all aspects of media, direct, and third-party notice programs, data management, claims administration, and settlement fund distribution. *See* Declaration of Linda V. Young ("Young Decl.") ¶ 6. Other representative examples of A.B. Data's experience are set forth at Exhibit 3 to the Young Declaration filed in support of this motion.

The objective of the proposed notice program is to provide notice of the proposed settlements to potential class members that is consistent with Rule 23 and due process. *Id.* ¶ 7.

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

2

Indirect Purchaser Plaintiffs' Notice of Motion and Motion For Approval of Class Notice Program; MDL No. 17-md-02801-JD; Case No. 14-cv-03264-JD

A.B. Data has extensively researched data regarding the target audience's (*i.e.,* the proposed settlement classes) media consumption and based on this research has determined the most appropriate media vehicles that would best deliver notice to potential class members and provide them with the opportunity to see and respond to the notice. *Id.* ¶ 8. The notice program includes (1) direct mail notice, (2) publication notice, (3) internet and email notice, (4) an earned media plan, (5) e-newsletter notice/banner ads, (6) a case-specific website, and (7) a case-specific toll free number. As set forth in more detail below, IPPs' notice program will fairly apprise potential class members of the existence of the settlement agreements and their options in relation to the proposed settlements.

### A.   Direct Mail Component

The Notice program includes direct mail notice to approximately 400,000 class members for whom mailing addresses are available through productions from non party distributors. A.B. Data has processed these addresses through the national change of address ("NCOA") database, and using any updated information available in the NCOA database, will send postcard notice directly to those potential class members. The postcard notices will include the web address of the case-specific website and toll-free telephone number of the case-specific call center. Further analysis will be done of any mail returned non-deliverable after use of the NCOA database and follow up direct mail notice will be provided where appropriate.

### B.   Publication Notice Plan

As a means to supplement the direct notice program, IPPs have also proposed a publication notice program.   The publication plan includes paid media and earned media components.

The paid and earned media plan includes advertising in a national publication; "banner" ads on national trade publication websites; "banner" ads targeting consumers and businesses who are electronic hobbyists and enthusiasts; "banner" ads in national e-newsletters targeted to the settlement classes; a custom email "blast" to opt-in subscribers of targeted publications; and a news release disseminated via earned media. *Id.* at ¶ 10.

Indirect Purchaser Plaintiffs' Notice of Motion and Motion For Approval of Class Notice Program; MDL No. 17-md-02801-JD; Case No. 14-cv-03264-JD

A print ad will be placed in *The Wall Street Journal* to reach professionals and executives of manufacturers and industrial businesses that purchase capacitors. *Id.* ¶ 11.

"Banner" advertisements will be run on the following national trade publication websites and/or e-newsletters targeting electronics hobbyists and professionals in the electronics and purchasing industries who are large-scale purchasers of capacitors:

- Electronicdesign.com
- Machinedesign.com
- SourceESB.com
- Microwaves & RF – mwrf.com
- Powerelectronics.com
- HydraulicsPneumatics.com
- SourceToday.com
- nutsvolts.com
- eetimes.com
- ebnonline.com
- GlobalPurchasing.com

*Id.* ¶ 12.

In addition to the foregoing, "banner" ads will be placed via a variety of websites over 30 days to a minimum of 14.8 million targeted business professionals within manufacturing industries and electronics hobbyists and enthusiasts who are technology savvy. Key strategies of contextual, behavioral, and predictive modeling has been utilized to target the banner ads to potential class members. A mix of mobile, laptop, and desktop devices will be targeted in this effort. *Id.* ¶ 13.

With respect to the earned media component, a news release regarding the case will be sent as an email "blast" to subscribers of the following publications:

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

Indirect Purchaser Plaintiffs' Notice of Motion and Motion For Approval of Class Notice Program; MDL No. 17-md-02801-JD; Case No. 14-cv-03264-JD

- Penton Publications (including the websites Electronicdesign.com, Machinedesign.com, SourceESB.com, mwrf.com, Powerelectronics.com, GlobalPurchasing.com and HydraulicsPneumatics.com); and

- EE Times.

*Id.* ¶ 14.

In addition to the notice efforts involving print publications and digital media, A.B. Data will disseminate a news release via the Business Wire distribution service to announce the notice of settlements. This news release will be distributed via Business Wire to more than 10,000 newsrooms, including print, broadcast, and digital media, across the United States. It will also be distributed to trade publications relevant to the industries and fields concerned. *Id.* ¶¶ 15-16.

### C.   Dedicated Settlement Website

The case-specific website is listed with major search engines to enable potential class members to get detailed information about the settlements and relevant documents, including the Complaint and the settlement agreements. *Id.* ¶ 17.  The website is also provided on the proposed direct mail notice to class members, directing them to visit the settlement website to the extent they have additional questions or require more information.  The online banner and text ads will include the website address and a link to the case-specific settlement website. *Id.* ¶ 18.

### D.   Toll-Free Number

All notices, including the direct mail notice and the print-media notices in the proposed notice program, will include a toll-free telephone number and a mailing address for class members to request or access the settlement notice and additional information about the case and the proposed settlements.

As a notice program that primarily targets entities and consumers that have purchased specific types of capacitors (a product used primarily in the manufacturing of products), data to quantify the reach of this program are not available through traditional media resources, such as MRI, that provide accredited media research. Based on the trade-media resources for the passive-component industry and the electronics, electrical, and purchasing fields, some of which state

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

5

Indirect Purchaser Plaintiffs' Notice of Motion and Motion For Approval of Class Notice Program; MDL No. 17-md-02801-JD; Case No. 14-cv-03264-JD

that they deliver, in the words of one such source, "90% coverage of all companies in the passive component supply chain," the proposed notice program satisfies Rule 23 requirements. *Id.* ¶ 19.

Finally, the proposed short form notice is attached to the Young Declaration as Exhibit 5. The proposed long form notice is attached to the Young Declaration as Exhibit 6. As explained in the Young Declaration, these notices address each of Rule 23's requirements in a clear and easily understood manner.   Plaintiffs' notice expert has opined that the Program delivers a minimum reach of 70% to the Class and meets the requirements of Rule 23 and communicates information by "adhering to the plain language requirement." *Id.* Accordingly, the Notice Program and accompanying forms are reasonable and adequate under the circumstances, and are fairly calculated to apprise class members of their rights under the settlement. *See id.*

## III.   ARGUMENT

Rule 23 requires that notice be given in a reasonable manner to all class members who would be bound by a proposed settlement.  *See* Fed. R. Civ. P. 23.  "[T]he Court  must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."   Fed. R. Civ. P. 23(c)(2)(B). Notice of a proposed settlement is adequate and satisfies Rule 23 and due process if it  "fairly apprise[s] the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." *Walsh v. CorerPower Yoga LLC,* No. 16-cv-05610-MEJ, 2017 U.S. Dist. LEXIS 20974 (N.D. Cal. Feb. 14, 2017) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974).). Class notice must afford potential Class Members the ability to "make an informed decision about their participation [in the  litigation]." Manual For Complex Litigation (Fourth) § 21.311, at 289 (2004).

### A.   IPPs' Proposed Notice Program Comports with the Requirements of Rule 23 and Due Process

In the context of Rule 23(b)(3) actions, "the court must direct to class members the best notice that is practicable under the circumstances," and that notice "must clearly and concisely state in plain, easily understood language:

6

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

Indirect Purchaser Plaintiffs' Notice of Motion and Motion For Approval of Class Notice Program; MDL No. 17-md-02801-JD; Case No. 14-cv-03264-JD

(i)     the nature of the action;

(ii)    the definition of the class certified;

(iii)   the class claims, issues or defenses;

(iv)    that a class member may enter an appearance through an attorney if the member so desires;

(v)     that the court will exclude from the class any member who requests exclusion;

(vi)    the time and manner for requesting exclusion; and

(vii)   the binding effect of a class judgment on members under Rule 23(c)(3)."

Fed. R. Civ. P. 23(c)(2)(B) While Rule 23 requires that reasonable efforts be made to reach all class members, it does not require that each individual actually receive notice. *Silber v. Mabon,* 18 F.3d 1449, 1454 (9th Cir. 1994). A class settlement notice satisfies due process if it contains a summary sufficient to "apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." *UAW v. GMC*, 497 F.3d 615, 629 (6th Cir. 2007) (*quoting Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). A settlement notice need only be a summary, not a complete source of information. *See, e.g., Petrovic v. AMOCO Oil Co.,* 200 F.3d 1140, 1153 (8th Cir. 1999); *In re "Agent Orange" Prod. Liab. Litig.,* 818 F.2d 145, 170 (2d Cir. 1987); *Mangione v. First USA Bank,* 206 F.R.D. 222, 233 (S.D. Ill. 2001). The Ninth Circuit requires a general description of the proposed settlement. *Churchill Vill., L.L.C. v. GE,* 361 F.3d 566, 575 (9th Cir. 2004); *Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1374-75 (9th Cir. 1993); *Mendoza v. United States,* 623 F.2d 1338, 1351 (9th Cir. 1980).

IPPs' proposed notice program meets these standards. As an initial matter, this proposed notice program is virtually the same in substance as the notice program this Court already approved in connection with the Round 1 settlements. *See, e.g.,* Order Approving Class Notice Program, ECF Nos. 1457 (order approving notice program for Round 1 settlements); 1934 (final approval order for Round 1 settlements).  The notice program begins by providing direct mail

Indirect Purchaser Plaintiffs' Notice of Motion and Motion For Approval of Class Notice Program; MDL No. 17-md-02801-JD; Case No. 14-cv-03264-JD

notice for those class members for whom physical addresses were obtained in non-parties' data that IPPs received in discovery.

While direct mail notice is typically considered the best form of notice under Rule 23(c)(3), the proposed notice program adds many additional components that make it a thorough, multilayered approach to notice designed to reach members of the Settlement Classes. This approach is adequate and reasonable under the circumstances. *Ross v. Trex Co.,* 2013 U.S. Dist. LEXIS 29081, * 6 (N.D. Cal. Mar. 4, 2013) ("Courts have consistently recognized that due process does not require that every class member receive actual notice . . . Due Process does not entitle a class member to 'actual notice,' but rather to the best notice practicable, reasonably calculated under the circumstances to apprise him of the pendency of the class action and give him a chance to be heard."); *see also In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 177 F.R.D. 216, 231 (D.N.J. 1997) ("Courts have consistently recognized that due process does not require that every class member receive actual notice so long as the court reasonably selected a means likely to apprise interested parties"); *Bissonette v. Enter. Leasing Companywest*, No. 10-CV-00326-LRH-WGC, 2014 U.S. Dist. LEXIS 132634 (D. Nev. 2014) ("Under this 'best notice practicable' standard, courts retain considerable discretion to tailor notice to the relevant circumstances . . . ."); *see also* NEWBERG ON CLASS ACTIONS § 4:35, at 309 ("When identification of class members for notice purposes poses a complex problem from a manageability perspective, then such members cannot be reasonably identified within the meaning of Rule 23(c)(2) and are not entitled to individual notice.").

Additionally, as the Young Declaration makes clear, the contents of the notices themselves meet the requirements of Rule 23(c)(2)(B) and are provided in plain language that is understandable to the classes. The proposed long form notice includes (1) the case name and case number; (2) a description of the case; (3) a description of the settlement classes; (4) a description of the settlement agreements, including the monetary consideration and cooperation to be provided to the settlement classes; (5) the name of Interim Lead Counsel for IPPs; (6) a description of the releases being provided; (7) the final approval hearing date; (8) information

8

Indirect Purchaser Plaintiffs' Notice of Motion and Motion For Approval of Class Notice Program; MDL No. 17-md-02801-JD; Case No. 14-cv-03264-JD

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

about the final approval hearing; (9) information about the deadline for filing objections to the settlement agreements; (10) information about the deadline for filing requests for exclusion from the settlement classes; (11) that a class member can enter an appearance through an attorney if the member so desires; (12) the consequences of exclusion or remaining in the settlement classes; and (13) and how to obtain further information about the proposed settlement agreements. Young Decl., Exs. 5 and 6. This includes all of the information required by Rule 23(c)(2)(B) and more.

### B.  The Court Should Establish a Schedule for the Notice Program and Final Approval of the Settlements

If the Court grants preliminary approval of the settlements and grants this motion to approve a class notice program, a schedule should be established for the completion of the notice program, objections and requests for exclusion, and the briefing for attorneys' fees, reimbursement of reasonable litigation expenses, and for final approval. IPPs propose the following schedule:

| Event | Time |
| --- | --- |
| Mail Notice | 30 days after Order |
| Publication Begins | 45 days after Order |
| Publication Ends | 75 days after Order |
| IPPs' Motion for Attorneys' Fees and Reimbursement of Litigation Expenses | 80 days after Order and 14 days before Exclusion and Objection Deadline |
| Exclusion and Objection Deadline | 95 days after Order |
| Motion for Final Approval and Response to Objections (if any) | 110 days after Order and 35 days before hearing |
| Final Approval Hearing | 145 days after Order |

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

Indirect Purchaser Plaintiffs' Notice of Motion and Motion For Approval of Class Notice Program; MDL No. 17-md-02801-JD; Case No. 14-cv-03264-JD

IV.     **CONCLUSION**

        Plaintiffs respectfully request that this Court enter an order approving the proposed class notice program and forms; and establishing dates for the notice program and final approval.


Dated: April 24, 2018                         Respectfully Submitted:


                                              /s/ *Adam J. Zapala*
                                              Joseph W. Cotchett
                                              Adam J. Zapala
                                              Elizabeth T. Castillo
                                              Tamarah P. Prevost
                                              **COTCHETT, PITRE & McCARTHY, LLP**
                                              840 Malcolm Road, Suite 200
                                              Burlingame, CA 94010
                                              Telephone: (650) 697-6000
                                              Facsimile: (650) 697-0577
                                              jcotchett@cpmlegal.com
                                              azapala@cpmlegal.com
                                              ecastillo@cpmlegal.com
                                              tprevost@cpmlegal.com

                                              *Interim Lead Counsel for Indirect Purchaser Plaintiffs*

Indirect Purchaser Plaintiffs' Notice of Motion and Motion For Approval of Class Notice Program; MDL No. 17-md-02801-JD; Case No. 14-cv-03264-JD