UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Civil Minutes

Date:  May 9, 2018                                                                 Judge:  Hon. James Donato

Time:  1 hour & 35 Minutes

Case(s):        **MD-17-02801-JD  In re Capacitors Antitrust Litigation (No. III);**
                **C-14-03264-JD  In re Capacitors Antitrust Litigation;**
                **C-17-03472-JD  The AASI Beneficiaries Trust v. AVX Corporation et al;**
                **C-17-07046-JD  Avnet Inc. v. Hitachi Chemical Co. Ltd. et al;**
                **C-17-07047-JD  Benchmark Electronics Inc. et al v. AVX Corporation et al;**
                **C-18-00184-JD  Digi-Key Corporation v. AVX Corporation et al**

Attorney(s) for Plaintiff(s):    Steven Williams/Stuart Singer/Demetrius Lambrinos/
                                 Scott Wagner/James Dallal/Nicomedes Herrera/
                                 Charles Tompkins/Adam Zapala
Attorney(s) for Defendant(s):    Michael Martinez/Robert G. Kidwell/John Cove/Jeffrey Bank/
                                 Darrell Prescott/Ian L. Papendick/Ashish Sudhakaran/
                                 Jeff Jaeckel/Bonnie Lau/Claire Maddox/Kelly Ozurovich/
                                 Erick Sega/Mark Flanagan/Roxane Polidora/
                                 Allison Davis/Katherin Larkin-Wong/Aaron Gott/
                                 Heather Tewksbury

Deputy Clerk:  Lisa R. Clark                                          Court Reporter:  Belle Ball

PROCEEDINGS

Discovery Hearing - Held

NOTES AND ORDERS

The Court resolves discovery disputes and discusses administrative issues with the parties as set out in the parties' joint statement, Dkt. No. 171 in Case No. 17-md-2801.

1) Plaintiffs' Request for Non-Ordinary Course Documents Previously Produced by Defendants to Foreign Regulators

Plaintiffs may serve an additional interrogatory (that will not count toward any previously-agreed limits) for the names of former or current employees who were interviewed by a foreign regulator.  Employees who were interviewed in connection with a leniency application or request do not need to be identified.  Defendants will answer the interrogatory in 14 days of the hearing.

1

2) <u>Plaintiffs' Request for Oral Communications with Foreign Regulators</u>

The parties agree that this issue is indistinct from #1 above and consequently does not require a separate resolution.

3) <u>Plaintiffs' Request re Internal Investigations and Disciplinary Activities</u>

The Court adopts plaintiffs' compromise proposal (Dkt. No. 2041 in Case No. 14-3264, at pp. 2-3) with modifications. August 31, 2014, is the end date for defendants' document production obligations with these exceptions:

   a) Defendants will produce all apology letters that were written on or before May 1, 2018.

   b) Defendants will respond to an interrogatory propounded by plaintiffs, identifying any former employees (as of August 2014) for whom depositions were sought and who had a relationship with any defendant as the Court described on the record.

   c) As possible victims in the criminal cases, plaintiffs are entitled to defendants' inability to pay documents. Plaintiffs will keep requests for such documents tightly focused. This is not an opportunity for wholesale discovery of all financial records.

   d) Defendants will produce any documents that relate to or concern the alteration of documents provided to foreign regulators.

   e) Defendants will produce any non-privileged disciplinary reports in the form of Human Resources' notices of reprimands.

4) <u>DPPs' Request re Panasonic's 30(b)(6) Witness</u>

As an initial matter, the Court's review of the deposition transcript showed an unusually large number of objections by defense counsel. All counsel are advised that excessive objections that impede testimony will be sanctioned with monetary or evidentiary penalties, and possible attorney discipline. The request for further deposition of the 30(b)(6) witness is declined. Plaintiffs may request sanctions should evidence emerge that contradicts the 30(b)(6) witness's testimony.

5) <u>Panasonic and Sanyo's Motion for Protective Order for 30(b)(6) Deposition</u>

The parties agree that this request is mooted by the resolution of item #4.

6) <u>DPPs' Motion re Panasonic/Sanyo's Clawed-Back Documents and Other Withheld Documents</u>

Attorneys Papendick and Williams are directed to meet and confer in person on the clawed-back and withheld documents that DPPs are challenging. If the meet and confer does not resolve the disputes, Panasonic/Sanyo will submit *in camera* any remaining documents (with English translations), accompanied by a very brief, non-argumentative statement explaining why each document is privileged. The Court will review the documents and resolve this dispute.

This dispute involves an atypically large number of documents claimed to be privileged and inadvertently produced. If the Court is asked to spend judicial time and resources reviewing documents in chambers, and finds that the documents are consistently not privileged, it will impose sanctions on Panasonic/Sanyo and its lawyers that may include financial, evidentiary

and/or attorney conduct sanctions.  If the reverse is true, and the Court finds the documents are generally privileged, the same sanctions will be imposed on the plaintiffs' side.

There is no deadline or required location for this meet and confer; the Court leaves that up to the parties.  To the extent Panasonic/Sanyo produces any of the challenged documents for the sake of compromise and resolution of this dispute, the production will not be deemed a waiver of the attorney-client privilege or the attorney work product protection for any document other than the produced document itself.

7) DPPs' Motion to Compel 485 Additional Documents Clawed Back by Panasonic/Sanyo in February 2018

*See* resolution of #6 above.

8) DPPs' Motion to Compel Panasonic to Produce Abiru Documents

Withdrawn by DPPs prior to the hearing.

9) AVX's Motion to Compel Flextronics to Further Respond to RFAs and RFPs

The Court will not order any further relief.  Flextronics will be held to its responses.

10) AVX's Motion to Compel Flextronics to Produce Documents re Internal Compliance Investigation

Flextronics' counsel will put in the form of an interrogatory response the statements he made on the record about the internal compliance investigation at issue, which will be verified by his client.  The response will be served on AVX by May 16, 2018.  The Court will not order any other relief.

11) Avnet Plaintiffs' Motion to Compel Depositions of Certain Hitachi Employees

The Court grants the request.  Hitachi is ordered to produce witnesses Takahide Osumi and Mitsugu Yamamoto for depositions.

12) Scheduling

Arrow Electronics states that it is willing to be folded into the global schedule that is currently being finalized.

The parties are directed to continue meeting and conferring, and to submit a proposed schedule to the Court for approval once it is ready.

The parties advise the Court that an additional case was filed in N.D. Cal. by a capacitors distributor that may be related to these cases.  The Court notes that the Local Rules require the filing of a motion to relate in that circumstance.