UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>All Indirect Purchaser Actions | MDL Case No. 17-md-02801-JD<br>Case No. 3:14-cv-03264-JD<br><br>[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH HOLYSTONE, NCC/UCC, AND RUBYCON AND FOR APPROVAL OF THE PLAN OF ALLOCATION |

Indirect Purchaser Plaintiffs ("IPPs") filed a Motion for Preliminary Approval of Settlements with Defendants (1) Holystone Enterprise Co., Ltd., Holy Stone Holdings Co., Ltd., Holy Stone Polytech Co., Ltd., and Milestone Global Technology, Inc. (together, "Holystone"), (2) Nippon Chemi-con Corp. and United Chemi-con Corp. (together, "NCC/UCC"), and (3) Rubycon Corp. and Rubycon America Inc. (together, "Rubycon") (collectively, "Settling Defendants"), and for Approval of the Plan of Allocation relating to the above-referenced settlements as well as settlements with Defendants (4) Hitachi Chemical Co., Ltd., Hitachi AIC Inc., and Hitachi Chemical Co. America, Ltd., (together, "Hitachi Chemical"), and (5) Soshin Electric Co., Ltd. and Soshin Electronics of America, Inc. (together, "Soshin") (collectively, "Round 2 settlements").

The Court heard the argument of counsel and, having reviewed the pleadings, the settlement agreements, other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be **GRANTED**.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the settlement agreements.

2. The Court preliminarily approves the settlement agreements with Holystone, NCC/UCC and Rubycon.

3. The Court finds that the Holystone, NCC/UCC and Rubycon settlements fall within the range of possible final approval;

4. Pursuant to Federal Rule of Civil Procedure ("Rule") 23, the Court certifies the following settlement classes for purposes of this motion only:

With regards to NCC/UCC and Rubycon:

   a. All persons and entities in the United States who, during the period from April 1, 2002 to February 28, 2014, purchased one or more Electrolytic Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured.

[Proposed] Order Granting Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of Settlements with Holystone, NCC/UCC, and Rubycon and for Approval of the Plan of Allocation; MDL No. 17-md-02801-JD; Case No. 14-cv-03264-JD

        Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants.

    b. All persons and entities in the United States who, during the period from January 1, 2002 to February 28, 2014 purchased one or more Film Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants.

With regards to Holystone:

    a. All persons and entities in the United States who, during the period from April 1, 2002 to February 28, 2014, purchased one or more Electrolytic Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants.

5. The Court further finds that the prerequisites to certifying settlement classes under Rule 23 are satisfied for settlement purposes in that (a) there are at least thousands of geographically dispersed settlement class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the settlement classes which predominate over individual issues; (c) the claims or defenses of the class representatives are typical of the claims or defenses for the settlement classes; (d) IPPs will fairly and adequately protect the interests of the settlement classes and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the settlement classes; and (e) resolution throughout class settlements is superior to individual settlements.

6. The Court hereby appoints the Class Representatives named in the Indirect Purchaser Plaintiffs' Fifth Consolidated Complaint (February 2, 2017) (ECF No. 1589) as Representative Plaintiffs of the settlement classes.

7. The Court hereby appoints the law firm Cotchett, Pitre & McCarthy, LLP as Settlement Class Counsel.

8. Settlement Class Counsel and their designees are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in the Settlement Agreements.

9. All further Indirect Purchaser class proceedings as to Defendants Holystone, NCC/UCC and Rubycon are hereby stayed except for any actions required to effectuate the settlements.

10. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlements.

11. The Court finds that there is a sufficient basis for notifying the settlement classes of the proposed settlements.

[Proposed] Order Granting Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of Settlements with Holystone, NCC/UCC, and Rubycon and for Approval of the Plan of Allocation; MDL No. 17-md-02801-JD; Case No. 14-cv-03264-JD

12. The Court will conduct a Fairness Hearing on **October 18, 2018** at **10:00 a.m.**, at the United States Courthouse, 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San Francisco, California 94102. The Fairness Hearing will be conducted to determine the following:

   a. Whether the proposed settlements are fair, reasonable, and adequate and should be granted final approval;

   b. Whether final judgment should be entered dismissing with prejudice the claims of the settlement classes against Holystone, NCC/UCC, Rubycon, Hitachi, and Soshin; and

   c. Such other matters as the Court may deem appropriate.

13. Each member of the settlement classes shall retain all rights and causes of action with respect to claims against the remaining Defendants other than Holystone, NCC/UCC, Rubycon, Hitachi, and Soshin regardless of whether such member of the settlement classes decides to remain in the settlement classes or to exclude itself from the settlement classes.

14. All briefs, memoranda, and papers in support of final approval of the settlement shall be filed no later than **September 13, 2018**.

15. The Court finds that IPPs' proposed plan of allocation, proposing to pay putative class members on a *pro rata* basis based on qualifying purchases of capacitors, is fair, reasonable, and adequate. The Plan of Allocation does not unfairly favor any Class Member, or group of Class Members, to the detriment of others.

**IT IS SO ORDERED.**

Dated: May 25, 2018

_____
JAMES DONATO
United States District Judge