UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER ACTIONS | Master File No. 3:17-md-02801-JD<br><br>Master File No.  3:14-cv-03264-JD<br><br>**[PROPOSED]** ORDER GRANTING CLASS ACTION SETTLEMENTS WITH HITACHI CHEMICAL AND SOSHIN DEFENDANTS |

On May 3, 2018, Direct Purchaser Plaintiffs ("Plaintiffs") filed a Motion for Final Approval of Proposed Settlements with Hitachi Chemical Co., Ltd., Hitachi AIC, Inc., and Hitachi Chemical Co. America, Ltd. (collectively, "Hitachi Chemical"); and Soshin Electric Co., Ltd., and Soshin Electronics of America Inc. (collectively, "Soshin") (all Hitachi Chemical and Soshin entities together, the "Settling Defendants") [ECF No. 172][1].  The Court, having reviewed the motion and affidavits in support thereof, the settlement agreements with Settling Defendants ("Settlement Agreements" or the "Settlements"), the pleadings and other papers on file in this action, and the arguments of counsel and the parties at the hearing held on June 7, 2018, hereby finds that final approval of the Settlements should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action and over all parties to the Settlement Agreements, including all members of the Settlement Class.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreements [ECF Nos. 172-3 – 172-4].

---

[1] All citations to the docket are to 3:17-md-02801, except where the document is available only in docket number 3:14-cv-03264

3. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the Joseph Saveri Law Firm as counsel for the Settlement Class. This firm has and will fairly and competently represent the interests of the Settlement Class.

4. By Order dated March 2, 2018 [ECF No. 2075], the Court provisionally certified for settlement a Settlement Class defined as follows:

> All persons in the United States that purchased Capacitors (including through controlled subsidiaries, agents, affiliates or joint-ventures) directly from any of the Defendants, their subsidiaries, agents, affiliates or joint ventures from January 1, 2002 through July 22, 2015. Excluded from the settlement class are Defendants (and their subsidiaries, agents or affiliates), any co-conspirator, all governmental entities and the judges and chambers staff in this case assigned to hear any aspect of this action, and each member of the class action who timely requested exclusion.

5. The persons/entities identified in the "Summary of Entities Requesting Exclusion as of May 3, 2018" attached as **Exhibit A**, have validly requested exclusion from the Settlement Class and, therefore, are excluded, except that Arrow Electronics, Inc. requested to be excluded only with respect to the settlements relating to Soshin. Such persons/entities, and only such persons/entities, are not included in or bound by this Order with respect to the Settling Defendants from whose settlements they have requested exclusion. Such persons/entities are not entitled to any recovery of the settlement proceeds obtained through the Settlement Agreements with respect to the Settling Defendants from whose settlements they have requested exclusion.

6. The Settlement Class definition as set forth above and as used in this Order is for settlement purposes only. It has no binding effect on the Court, Plaintiffs, or on the indirect-purchaser plaintiffs for any other purpose, including but not limited to the filing or resolution of any motion(s) for class certification pursuant to Fed. R. Civ. Proc. 23.

7. The Court further finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes in that: (a) there are hundreds of geographically dispersed class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the class which predominate over individual issues; (c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class; (d) the plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in antitrust class action

litigation who have, and will continue to, adequately represent the class; and (e) a class action is superior to individual actions.

8. The Court hereby finally approves and confirms the settlements set forth in the Settlement Agreements and finds that said settlements are, in all respects, fair, reasonable, and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. This Court hereby dismisses on the merits and with prejudice the Action in favor of Settling Defendants, with all parties to bear their own costs and attorneys' fees.

10. Settling Defendants are hereby and forever released and discharged with respect to the Released Claims as defined in the Settlement Agreements [ECF Nos. 172-3 – 172-4].

11. The notice given to the members of the Settlement Class was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Said notice met the requirements of due process and provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed settlements set forth in the Settlement Agreements, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

12. The plan of allocation described in Plaintiffs' Motion is, in all respects, fair, adequate, and reasonable. Accordingly, the Court hereby grants final approval of the plan of allocation.

13. Without affecting the finality of the Judgments in any way, this Court hereby retains continuing jurisdiction over: (a) the Settlements and Settlement Agreements, including all future proceedings concerning the administration, interpretation, consummation, and enforcement of the Settlement Agreements; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Plaintiffs' counsel for attorneys' fees, costs, expenses, interest, and incentive awards; (d) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and (e) all parties to the Action and Releasors for the purpose of enforcing and administering the Settlement Agreements and the mutual releases and other documents contemplated by, or executed in connection with the Settlement Agreements.

14. In the event that a party exercises a right to terminate a Settlement Agreement as provided by the terms of that Settlement Agreement, then the Judgment entered as to that Defendant shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith as to that Defendant shall be null and void and the parties shall be returned to their respective positions *ex ante*.

15. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgments of Dismissal with prejudice as to Settling Defendants ("Judgments") should be entered and further finds that there is no just reason for delay in the entry of the Judgments, as Final Judgments, in accordance with the terms of the Settlement Agreements.

Accordingly, the Court directs the Clerk to enter Judgment forthwith for Settling Defendants.

IT IS SO ORDERED.

Dated:  June 28, 2018

_____
HON. JAMES DONATO
United States District Judge