Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Demetrius X. Lambrinos (State Bar No. 246027)
James G. Dallal (State Bar No. 277826)
Nicomedes Sy Herrera (State Bar No. 275332)
V Prentice (State Bar No. 309807)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:  (415) 500-6800
Facsimile:   (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            swilliams@saverilawfirm.com
            dlambrinos@saverilawfirm.com
            jdallal@saverilawfirm.com
            nherrera@saverilawfirm.com
            vprentice@saverilawfirm.com

*Interim Lead Class Counsel for Direct Purchaser Plaintiffs*

*[Additional Counsel Listed on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION | Master File No. 3:17-md-02801-JD |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 3:14-cv-03264-JD |
| | **JOINT STATUS REPORT AND REQUEST TO SET TRIAL DATE** |

# STATUS REPORT AND REQUEST TO SET TRIAL DATE

## I. INTRODUCTION

At the June 7, 2018 hearing in this case the Court directed the parties to meet and confer regarding a revised case schedule. Counsel have done so and, despite those efforts, have been unable to come to agreement. The parties therefore jointly submit this status report setting forth their proposed case schedules and respectfully request that the Court enter an order setting a case schedule up to and including trial.

Plaintiffs' proposed case schedule is attached as Exhibit A.[1] Defendants' proposed case schedule is attached as Exhibit B.

## II. PLAINTIFFS' POSITION

These cases began in 2014. Plaintiffs' proposal satisfies the Court's "strong preference for a July/August 2019 trial date." Civil Minutes, June 11, 2018, ECF No. 240 at 2. Defendants seek to have trial in 2020. For the reasons set forth below, Plaintiffs do not believe such a delay is fair, appropriate, or in keeping with the mandate of Fed. R. Civ. P. 1 or this Court's stated desire.

Defendants support their argument by contending that the initial date for production of expert reports should not take place until all the remaining discovery in the case has concluded, including the nine depositions presently stayed pending the resolution of the last remaining related criminal action. Given that the overwhelming majority of discovery has already taken place and only a few depositions remain,[2] Plaintiffs do not believe that this is good cause to delay the case schedule. Those nine witnesses were identified early in the litigation and their custodial documents were produced years ago. The parties have had a fair opportunity to assess their role—and to the extent they possess exculpatory information Defendants wish to cite in their expert reports or summary judgment papers, Defendants through their joint defense group have always had the ability to collect that information. To the extent

---

[1] As noted in Plaintiffs' proposed case schedule, AASI and Flextronics do not agree to a trial with the DPPs.

[2] The remaining depositions to be taken include the nine depositions of Defendants' current or former employees delayed because of the criminal cases, and the conclusion of previously scheduled 30(b)(6) depositions and third party discovery with respect to EPCOS and Vishay pursuant to Rule 45 subpoenas issued by Plaintiffs and Defendants. The parties have agreed that this discovery may proceed after the Court's May 8, 2018 discovery cutoff.

that Defendants argue that it would be unfair for their legions of attorneys to have to work on expert reports while a few depositions are taken, this is not well-founded. The manner in which Defendants have conducted depositions thus far in this case suggests that they will ask few, if any, questions of these witnesses. Indeed, most defense counsel do not appear personally at depositions but instead appear by telephone. Plaintiffs therefore respectfully submit that the burden of proceeding without the benefit of these nine depositions will fall primarily on Plaintiffs, who are prepared to shoulder that burden. And to the extent that any discovery happens after the initial exchange of expert reports, the party whose expert reports were previously served can supplement their expert reports in accordance with Fed. R. Civ. P. 26(a)(2)(E) as would be done in any federal case. There is no reason that this cannot happen in this case. Plaintiffs also note that at the June 7 hearing, Defendants raised no concerns when the Court proposed moving the opening expert report date back from December by "four or five weeks." *See* Tr., June 7, 2018, 27:17-28:23. Plaintiffs' proposed schedule moves the opening expert reports back by more than six weeks. Defendants have not explained the reason for their change in position, aside from their obvious desire to delay trial on the merits in this action further.

Defendants also claim that Plaintiffs purportedly agreed that Defendants could have "at least seventy days to prepare their expert reports." Defendants repeated this claim throughout the parties' latest round of negotiations on the case schedule. There is no such agreement. Plaintiffs acknowledge that they last year negotiated, but ultimately declined to submit, one version of a schedule that would have allowed Defendants seventy days to prepare expert reports as part of a global compromise. That schedule was not submitted to the Court and predated the Court's indication that trial should occur in July and August 2019. Subsequently plaintiffs suggested modifications, including condensed intervals, in order to put together a reasonable schedule leading up to a trial in July or August 2019. Moreover, the Court's last prior operative Scheduling Order, ECF No. 1405, allowed Defendants only 36 days, over the winter holidays, to complete their expert reports—a limitation which reveals Plaintiffs' present proposal of 58 days to be quite reasonable and accommodating.

As for summary judgment, Plaintiffs note that this case remains a relatively straightforward Sherman Act § 1 price-fixing conspiracy case, despite the concern Defendants express about its

complexity. Plaintiffs further note that here the prior guilty pleas and criminal convictions of many of the Defendants may significantly curtail and streamline summary judgment proceedings and trial.

In sum, while Defendants raise a host of conjectural concerns, Plaintiffs' schedule is eminently fair and reasonable and satisfies the Court's guidelines. It should be adopted.

### III.   DEFENDANTS' POSITION

Since this Court's directives, during the October 10, 2017 and June 7, 2018 hearings, that all parties meet and confer regarding a global case schedule, Defendants have diligently worked with each of the Plaintiff groups to craft a schedule addressing the issues identified by Your Honor, as well as other complicating factors.  Specifically, Defendants have sought to create a schedule that accounts for the Court's calendar and, one, allows for completion of the nine depositions that have been stayed pending resolution of the related action *United States v. Nippon Chemi-Con*; two, provides adequate time to complete expert reports and depositions; and, three, allows the parties enough time to brief summary judgment and *Daubert* motions and gives the Court sufficient time in advance of trial to consider those motions.  As set forth in Exhibit B, and below, Defendants have proposed a comprehensive, fair and realistic schedule that accomplishes these goals and presents a reasonable timeline for completion of this litigation.

First, the nine depositions that were stayed pending the outcome of the *Nippon Chemi-Con* action are important in completing fact discovery.  The stay on these depositions may be lifted during, or shortly after, the October 3, 2018 sentencing hearing if the Court accepts the plea agreement in that action.  Assuming the stay is lifted around October 3, Defendants' proposed schedule allows the parties sufficient time to complete the stayed depositions prior to service of their expert reports.  Plaintiffs' proposed schedule, however, is inefficient in that it requires that the stayed depositions occur after service of Plaintiffs' opening expert reports, which complicates rebuttal expert reports with presentation of new information from the stayed depositions and may necessitate amended or additional

opinions[3]. Plaintiffs' assertion that the parties can supplement their expert reports with information learned from the stayed depositions is not a solution, but instead demonstrates the inefficiency of their proposal and confirms that unnecessary fees and costs will surely be incurred solely to accommodate Plaintiffs' desire for haste. Plaintiffs' proposed schedule is also unfair in that it requires Defendants to defend and/or take the stayed depositions at the same time Defendants are completing their own expert reports.

Second, Defendants' proposed schedule provides ***all parties*** with sufficient time to complete expert reports and depositions, which are likely to be critical in resolution of the complex issues presented in this case, while Plaintiffs' proposed schedule benefits Plaintiffs' only. Specifically, both Defendants' and Plaintiffs' proposed schedules give Plaintiffs between five and six months from the close of fact discovery to complete their opening expert reports and both proposed schedules give Plaintiffs almost two months to complete their rebuttal reports, as Plaintiffs requested. Defendants' proposed schedule, however, allots Defendants with approximately two and a half months (including a previously agreed-upon hiatus over the holidays) after service of Plaintiffs' opening reports to complete Defendants' responding expert reports. Plaintiffs' proposed schedule, on the other hand, shortchanges Defendants by providing Defendants with only fifty-eight days after service of Plaintiffs' opening reports to generate their responding reports. Not only is this proposed time period unreasonable for completing this important phase of the litigation[4], but also it is contrary to the parties' agreement that Defendants would have at least seventy days to prepare their expert reports in exchange for Defendants agreeing to extend the close of fact discovery from November 2017 to May/June 2018. (*See* ECF No. 1907 at p. 2 of Joint Statement, Stipulation And [Proposed] Order Regarding Second Amended Case

---

[3] If the Court adopts Plaintiffs' proposed schedule, Defendants respectfully request that the Court reject Plaintiffs' statement that "the inclusion of [information from depositions completed after opening reports on merits] in expert rebuttal reports shall not form a basis for any party to prepare or submit a sur-rebuttal report." The appropriate time for such a determination is after Plaintiffs submit their expert rebuttal reports when Defendants learn whether Plaintiffs' experts included new opinions, which Defendants would otherwise be precluded from addressing.

[4] While it is not clear how many opening expert reports will be served by each individual Plaintiff group, it is safe to assume that there may be as many as twelve opening expert reports that Defendants will need to respond to, which makes Plaintiffs fifty-eight day period simply untenable and unfair.

Schedule ("Defendants are willing to agree to an extension of the close of fact discovery in exchange for an agreement on a revised schedule that provides Defendants additional time to complete expert reports regarding merits issues . . . .").)

        Finally, Defendants' proposed schedule gives adequate time for briefing and consideration of summary judgment and *Daubert* motions in advance of trial, whereas Plaintiffs' proposed schedule gives the Court only ***thirty-nine calendar days*** after the hearing to consider and decide summary judgment and *Daubert* motions. As with other complex antitrust cases, summary judgement motions will require the Court to decide important issues regarding the evidence that may, or may not, support Plaintiffs' allegations of conspiracy, membership in the alleged conspiracy, and harm to plaintiffs from the alleged conspiracy. Likewise, *Daubert* motions will require the Court to rule on the experts and expert testimony that may be presented on summary judgment and at trial. Defendants will invest a significantly-large amount of time and fees in preparing their summary judgment and *Daubert* motions, and the Court should be given sufficient time to evaluate and rule upon those motions.

        As the Court informed the parties in its June 11, 2018 Order, if trial in July or August 2019 "is not possible, the trial will likely need to be held in February 2020." (ECF No. 240 at 2.) Defendants respectfully submit that a trial in July or August 2019 is not feasible or fair given all of the important work that remains to be completed in this action. As such, Defendants respectfully request that their proposed schedule, as set forth in Exhibit B, be entered in this matter.

Dated: July 23, 2018               JOSEPH SAVERI LAW FIRM, INC.

                                   By:      /s/ *Joseph R. Saveri*
                                            Joseph R. Saveri

                                   Joseph R. Saveri
                                   Steven N. Williams
                                   Demetrius X. Lambrinos
                                   James G. Dallal
                                   Nicomedes Sy Herrera
                                   V Prentice
                                   JOSEPH SAVERI LAW FIRM, INC.
                                   601 California Street, Suite 1000
                                   San Francisco, California 94108
                                   Telephone:  (415) 500-6800
                                   Facsimile:  (415) 395-9940

                                   *Interim Lead Class Counsel for Direct Purchaser Plaintiffs*

Dated: July 23, 2018               COTCHETT PITRE & McCARTHY LLP

                                   By:      /s/ *Adam J. Zapala*
                                            Adam J. Zapala

                                   Adam J. Zapala (State Bar No. 245748)
                                   Elizabeth Tran (State Bar No. 280502)
                                   Mark F. Ram (State Bar No. 294050)
                                   Tamarah P. Prevost (State Bar No. 323422)
                                   COTCHETT PITRE & McCARTHY LLP
                                   840 Malcolm Road
                                   Burlingame, CA 94010
                                   Telephone:  (650) 697-6000
                                   Facsimile:  (650) 697-0577

                                   *Interim Lead Class Counsel for Indirect Purchaser Plaintiffs*

Dated: July 23, 2018               WILLIAMS MONTGOMERY & JOHN, LTD.

                                   By:      /s/ *Charles E. Tompkins*
                                            Charles E. Tompkins

                                   Charles E. Tompkins
                                   Eric R. Lifvendahl
                                   Paul J. Ripp
                                   WILLIAMS MONTGOMERY & JOHN, LTD.
                                   233 S. Wacker Drive, Suite 6100
                                   Chicago, IL 60606
                                   Telephone:  (312) 443-3200
                                   Facsimile:  (312) 630-8500

                                   *Attorneys for Plaintiff Flextronics International USA, Inc.*

Dated: July 23, 2018                    BILZIN SUMBERG BAENA PRICE
                                                                            & AXELROD LLP

By:     */s/ Scott N. Wagner*
        Scott N. Wagner

Robert W. Turken
Scott N. Wagner
Lori P. Lustrin
Shalia M. Sakona
Jerry R. Goldsmith
BILZIN SUMBERG BAENA PRICE
& AXELROD LLP
1450 Brickell Ave., Suite 2300
Miami, Florida 33131-3456
Telephone:  (305) 374-7580
Facsimile:   (305) 374-7593

*Attorneys for Plaintiffs The AASI Beneficiaries' Trust, by and Through Kenneth A. Welt, Liquidating Trustee; Avnet, Inc.; and Benchmark Electronics, Inc.*

Dated: July 23, 2018                    BOIES, SCHILLER & FLEXNER, LLP

By:     */s/ Stuart H. Singer*
        Stuart H. Singer

Stuart H. Singer
Meredith L. Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:     (954) 356-0011
Facsimile:      (954) 356-0022

Philip J. Iovieno
BOIES, SCHILLER & FLEXNER, LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone:     (518) 434 0600
Facsimile:      (518) 434 0665

*Attorneys for Plaintiff Arrow Electronics, Inc.*

Dated: July 23, 2018                    MINTZ LEVIN COHN FERRIS GLOVSKY AND
                                                                             POPEO, PC

By:     */s/ Robert G. Kidwell*
        Robert G. Kidwell

|   |   |
|---|---|
|   | Evan Nadel |
|   | MINTZ LEVIN COHN FERRIS GLOVSKY and POPEO, PC |
|   | 44 Montgomery Street, 36th Floor |
|   | San Francisco, California 94104 |
|   | Telephone: (415) 432-6016 |
|   | Facsimile: (415) 432-6001 |
|   | *Attorneys for Defendant AVX Corporation* |
| Dated: July 23, 2018 | WINSTON & STRAWN LLP |
|   | By:   */s/ Jeffrey L. Kessler*  |
|   |             Jeffrey L. Kessler |
|   | Jeffrey L. Kessler |
|   | A. Paul Victor |
|   | Molly M. Donovan |
|   | Martin C. Geagan |
|   | WINSTON & STRAWN LLP |
|   | 200 Park Avenue |
|   | New York, NY 10166 |
|   | Telephone: (212) 294-4698 |
|   | Facsimile: (212) 294-4700 |
|   | Ian L. Papendick |
|   | WINSTON & STRAWN LLP |
|   | 101 California Street |
|   | San Francisco, CA 94111 |
|   | Telephone: (415) 591-6905 |
|   | Facsimile: (415) 591-1400 |
|   | *Attorneys for Defendants Panasonic Corporation, Panasonic Corporation of North America, SANYO Electric Co., Ltd. and SANYO North America Corporation* |
| Dated: July 23, 2018 | K&L GATES LLP |
|   | By:   */s/ Michael E. Martinez*  |
|   |             Michael E. Martinez |
|   | Michael E. Martinez |
|   | Scott M. Mendel |
|   | Lauren Norris Donahue |
|   | Brian J. Smith |

K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602
Telephone: (312) 807-4404
Facsimile: (312) 827-8116

Daniel William Fox
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

*Attorneys for Defendants Nichicon (America) Corporation and Nichicon Corporation*

Dated:  July 23, 2018                PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:     */s/ Eric R. Sega*
           Eric R. Sega

Joseph J. Bial
Eric R. Sega
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

Steven Kaufhold
KAUFHOLD GASKIN LLP
388 Market Street, Suite 1300
San Francisco, CA 94111
Telephone: (415) 445-4621
Facsimile: (415) 874-1071

*Attorneys for Defendants Nippon Chemi-Con Corporation and United Chemi-Con, Inc.*

Dated:  July 23, 2018                DENTONS US LLP

By:     */s/ Bonnie Lau*
           Bonnie Lau

| | |
|---|---|
| | Bonnie Lau |
| | DENTONS US LLP |
| | 525 Market Street, 26th Floor |
| | San Francisco, CA 94105 |
| | Telephone: (415) 267-4000 |
| | Facsimile: (415) 356-3873 |
| | |
| | Felix T. Woo |
| | DENTONS US LLP |
| | 601 S. Figueroa Street, Suite 2500 |
| | Los Angeles, California 90017 |
| | Telephone: (213) 623-9300 |
| | Facsimile: (213) 623-9924 |
| | |
| | *Attorneys for Defendant Matsuo Electric Co., Ltd.* |
| Dated:  July 23, 2018 | DENTONS US LLP |
| | |
| | By:   */s/ Gaspare J. Bono* |
| | Gaspare J. Bono |
| | |
| | Gaspare J. Bono |
| | Claire M. Maddox |
| | Eric Y. Wu (*pro hac vice*) |
| | DENTONS US LLP |
| | 1900 K Street, NW |
| | Washington, DC 20006 |
| | Telephone: (202) 496-7500 |
| | Facsimile: (202) 496-7756 |
| | |
| | Andrew S. Azarmi |
| | DENTONS US LLP |
| | One Market Plaza |
| | Spear Tower, 24th Floor |
| | San Francisco, CA 94105 |
| | Telephone: (415) 267-4000 |
| | Facsimile: (415) 356-3873 |
| | |
| | *Attorneys for Defendants Shinyei Kaisha, Shinyei Technology Co., Ltd., Shinyei Capacitor Co., Ltd. and Shinyei Corporation of America* |
| Dated:  July 23, 2018 | BONA LAW PC |
| | |
| | By:   */s/ Jarod M. Bona* |
| | Jarod M. Bona |

|     |     |
| --- | --- |
|     | Jarod M. Bona |
|     | Aaron R. Gott |
|     | BONA LAW PC |
|     | 4275 Executive Square, Suite 200 |
|     | La Jolla, CA 92037 |
|     | Telephone: (858) 964-4589 |
|     | Facsimile: (858) 964-2301 |

*Attorneys for Taitsu Corporation and Taitsu America, Inc.*

Dated: July 23, 2018            WILSON SONSINI GOODRICH & ROSATI

By:        */s/ Chul Pak*
                Chul Pak

Chul Pak
Jeffrey C. Bank
Justin A. Cohen
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone:  (212) 497-7758
Facsimile:  (212) 999-5899

Jeff VanHooreweghe
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone:  (415) 947-2046
Facsimile:  (415) 947-2099

*Attorneys for Defendants Hitachi Chemical Co., Ltd., Hitachi AIC Inc., and Hitachi Chemical Co. America, Ltd.*

Dated: July 23, 2018            O'MELVENY & MYERS LLP

By:        */s/ Michael F. Tubach*
                Michael F. Tubach

Michael F. Tubach
Megan L. Havstad
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor

San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Kenneth R. O'Rourke
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

*Attorneys for Defendants ROHM Co., Ltd. And ROHM Semiconductor U.S.A., LLC*

Dated:  July 23, 2018              JONES DAY

                                   By:      */s/ Eric P. Enson*
                                            Eric P. Enson

                                   Jeffrey A. LeVee
                                   Eric P. Enson
                                   Rachel H. Zernik
                                   JONES DAY
                                   555 South Flower Street, 50th Floor
                                   Los Angeles, CA 90071.2300
                                   Telephone: (213) 489-3939
                                   Facsimile: (213) 243-2539

*Attorneys for Defendants Holy Stone Enterprise Co., Ltd., Holy Stone Polytech Co. Ltd., Vishay Polytech Co., Ltd., and Milestone Global Technology, Inc. (d/b/a HolyStone International)*

Dated:  July 23, 2018              SHEARMAN AND STERLING LLP

                                   By:      */s/ Djordje Petkoski*
                                            Djordje Petkoski

                                   Djordje Petkoski
                                   David A. Higbee
                                   Ryan Shores
                                   Mark G. Weiss
                                   Deke Shearon
                                   SHEARMAN AND STERLING LLP
                                   401 9th St., NW
                                   Washington, D.C. 20004
                                   Telephone: (202) 508-8000

Facsimile: (202) 508-8100

John Cove
SHEARMAN AND STERLING LLP
535 Mission Street, 25th Floor
San Francisco, California 94105
Telephone: (415) 616-1139
Facsimile: (415) 616-1199

*Attorneys for Defendants Rubycon Corporation and Rubycon America Inc.*

Dated: July 23, 2018          DAVIS WRIGHT TREMAINE LLP

By:     */s/ Allison A. Davis*
          Allison A. Davis

Allison A. Davis
Sanjay M. Nangia
Joy Kim
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6538
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

*Attorneys for Defendant Shizuki Electric Co., Inc.*

Dated: July 23, 2018          PILLSBURY WINTHROP SHAW PITTMAN LLP

By:     */s/ Roxane A. Polidora*
          Roxane A. Polidora

Roxane A. Polidora
Jacob R. Sorensen
Laura C. Hurtado
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

*Attorneys for Defendants NEC TOKIN, KEMET Corporation and KEMET Electronics Corporation*

**ECF ATTESTATION**

I, Joseph R. Saveri, am the ECF User whose ID and Password are being used to file JOINT STATUS REPORT AND REQUEST TO SET TRIAL DATE.

In compliance with Civil Local Rule 5-1, I hereby attest that counsel for Defendants have concurred in this filing.

DATED: July 23, 2018

By: <u>*/s/ Joseph R. Saveri*</u>
Joseph R. Saveri