UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE: CAPACITORS ANTITRUST LITIGATION | MASTER FILE NO. 3:14-cv-03264-JD |
|---|---|
| | MDL No. 17-md-0281-JD |
| THIS DOCUMENT RELATES TO:<br>ALL INDIRECT PURCHASER ACTIONS | [PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO RUBYCON DEFENDANTS |

**Final Judgment of Dismissal with Prejudice as to Approval of Settlement with Rubycon Defendants; Case No. 3:14-cv-03264-JD**

This matter has come before the Court to determine whether there is any cause why this Court should not enter Final Judgment as to Defendants Rubycon Corp. and Rubycon America Inc. (together, "Rubycon"). The Court, having reviewed the settlement agreement between Plaintiffs Michael Brooks, CAE Sound, Steve Wong, Toy-Knowlogy Inc., AGS Devices, Ltd., J&O Electronics, Nebraska Dynamics, Inc., Angstrom, Inc., MakersLED, In Home Tech Solutions, Inc., individually and on behalf of the Indirect Purchaser Class they seek to represent, on the one hand, and Rubycon, on the other, dated March 7, 2018 (the "Settlement Agreement"); Indirect Purchasers' Motion for Final Approval of Settlements with Holy Stone, NCC/UCC, and Rubycon Defendants; the pleadings and other papers on file in this action; and the statements of counsel and the parties, including at the October 18, 2018 Fairness Hearing, hereby finds no just reason to delay the entry of Final Judgment under Federal Rule of Civil Procedure 54(b). Accordingly, the Court directs entry of Judgment, which shall constitute a final adjudication of the case on the merits as to Rubycon in accordance with the terms of the Settlement Agreement.

Good cause appearing therefore:

**IT IS HEREBY ORDERED, AJUDGED, AND DECREED THAT**:

1. The Court has jurisdiction over the subject matter of this litigation, the Actions within this litigation, and the parties to the Settlement Agreements, including all members of the Settlement Class.

2. For purposes of this Judgment, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement [ECF No. 2099-4] as though they were fully set forth in this Final Judgment. Specifically, "Class," as defined in the Settlement Agreement, means:

> All persons and entities in the United States who, during the period from April 1, 2002 to February 28, 2014, purchased one or more Electrolytic Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to

**Final Judgment of Dismissal with Prejudice as to Approval of Settlement with Rubycon Defendants; Case No. 3:14-cv-03264-JD**

1

this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants; and

All persons and entities in the United States who, during the period from January 1, 2002 to February 28, 2014, purchased one or more Film Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants.

3. Those persons and entities identified in the list attached hereto as **Exhibit A** are validly excluded from the Class. Such persons and entities are not included in or bound by this Judgment. Such persons and entities are not entitled to any recovery of the settlement proceeds obtained in connection with the Settlement Agreement.

4. The Court hereby dismisses on the merits and with prejudice IPPs' claims against Rubycon, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement.

5. All persons and entities who are Releasors under the terms of the Settlement Agreement are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly, any claim against the Releasees, as defined in the Settlement Agreement, in this or any other jurisdiction arising out of, or related to, any of the Released Claims.

6. The Releasees are hereby and forever released from all Released Claims as defined in the Settlement Agreement.

7. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over

   a. implementation of these settlements and any distribution to members of the Settlement Class pursuant to further orders of this Court;

   b. disposition of the Settlement Fund;

**Final Judgment of Dismissal with Prejudice as to Approval of Settlement with Rubycon Defendants; Case No. 3:14-cv-03264-JD**

   c. determining attorneys' fees, costs, expenses, interest and Class Representative incentive awards;

   d. the Action until Final Judgment contemplated hereby has become effective;

   e. hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and

   f. all parties to the Action and Releasing Parties, for the purpose of enforcing and administering the Settlement Agreement and the mutual releases and other documents contemplated by, or executed in connection with the Agreement.

 8. This document constitutes a final judgment and separate documents for purposes of Federal Rule of Civil Procedure 58(a).

 9. The Court finds that, pursuant to Federal Rules of Civil Procedure 54(a) and (b), Final Judgment should be entered, and further finds that there is no just reason for delay in the entry of Final Judgment, as to the parties to the Settlement Agreements. Accordingly, the Clerk is hereby directed to enter Final Judgment forthwith.

 **IT IS SO ORDERED.**

Dated: October __, 2018

             _____
             Hon. James Donato
             United States District Court Judge

**Final Judgment of Dismissal with Prejudice as to Approval of Settlement with Rubycon Defendants;**
**Case No. 3:14-cv-03264-JD**

3

**EXHIBIT A**

**REQUESTS FOR EXCLUSION FROM RUBYCON SETTLEMENT**

| Name | Exclusion Requested Timely |
|---|---|
| Gayle L. Roberts | Yes |
| Peter Zdinak | Yes |
| LingoTeach Inc | Yes |
| Plexus Corp | Yes |
| Plexus Asia, Ltd. | Yes |
| Plexus Corp. Limited | Yes |
| Plexus Corporation (UK) Limited | Yes |
| Plexus Deutschland GmbH | Yes |
| Plexus Electronica S. de R.L. de C.V. | Yes |
| Plexus (Hangzhou) Co., Ltd. | Yes |
| Plexus International Services, Inc. | Yes |
| Plexus Intl. Sales & Logistics, LLC | Yes |
| Plexus Manufacturing Sdn. Bhd. | Yes |
| Plexus Services RO S.R.L. | Yes |
| Plexus (Xia men) Co., Ltd. | Yes |
| Plexus (Zhejiang) Co., Ltd | Yes |
| Plexus Corp. (Kelso) Limited | Yes |
| Plexus Corp. (Maldon) Limited | Yes |
| Plexus Services Corp. | Yes |
| Plexus Technology Group, Inc. | Yes |
| Plexus Electronic Assembly Corp. | Yes |
| Plexus NPI Plus Corp. | Yes |
| Plexus Nampa LLC | Yes |
| Plexus Aerospace, Defense and Security Services, LLC USA | Yes |
| Plexus QS, LLC | Yes |
| Plexus Management Services Corporation USA | Yes |
| Plexus (Thailand) Co., Ltd. | Yes |
| PTL Information Technology Services Corp. | Yes |
| Plexus Services Americas, S. de R.L. de C.V. | Yes |
| Microsoft Mobile, Inc. and Microsoft Mobile Oy | Yes |
| Microsoft Corporation | Yes |
| Microsoft Corporation's Subsidiaries | Yes |

**Final Judgment of Dismissal with Prejudice as to Approval of Settlement with Rubycon Defendants; Case No. 3:14-cv-03264-JD**

1

| Name | Exclusion Requested Timely |
|---|---|
| Nokia Corporation (Finland) | Yes |
| Nokia Sales International Oy (Finland) | Yes |
| Nokia India Pvt. Ltd. (India) | Yes |
| OOO Nokia (Russia) | Yes |
| Nokia (China) Investment Co., Ltd. (China) | Yes |
| Nokia Telecommunications Ltd. (China) | Yes |
| Nokia Inc. (United States) | Yes |
| Nokia UK Limited (United Kingdom) | Yes |
| Nokia do Brasil Technologia Ltda (Brazil) | Yes |
| Nokia TMC Limited (South Korea) | Yes |
| Nokia (Thailand) Ltd. (Thailand) | Yes |
| Nokia Solutions and Networks B.V. (The Netherlands) | Yes |
| Nokia Solutions and Networks Oy (Finland) | Yes |
| Nokia Solutions and Networks US LLC (United States) | Yes |
| Nokia Solutions and Networks Japan Corp (Japan) | Yes |
| Nokia Solutions and Networks India Private Limited (India) | Yes |
| Nokia Solutions and Networks System Technology (Beijing) Co., Ltd (China) | Yes |
| Nokia Solutions and Networks Branch Operations Oy (Finland) | Yes |
| Nokia Solutions and Networks Korea Ltd (South Korea) | Yes |
| Nokia Solutions and Networks do Brasil Telecomunicações Ltda (Brazil) | Yes |
| Nokia Solutions and Networks Technology Service Co., Ltd (China) | Yes |
| HERE Holding Corporation (United States) | Yes |
| HERE Global B.V. (The Netherlands) | Yes |
| HERE Europe B.V. (The Netherlands) | Yes |
| HERE North America LLC (United States) | Yes |
| HERE Deutschland GmbH (Germany) | Yes |
| Nokia Finance International B.V. (The Netherlands) | Yes |

**Final Judgment of Dismissal with Prejudice as to Approval of Settlement with Rubycon Defendants; Case No. 3:14-cv-03264-JD**

| Name | Exclusion Requested Timely |
|---|---|
| Nokia GmbH (Germany) | Yes |
| Nokia Capitel Telecommunications Ltd. (China) | Yes |
| Dongguan Nokia Mobile Phones Company Ltd. (China) | Yes |
| Nokia Komarom Kft (Hungary) | Yes |
| Nokia Romania SRL (Romania) | Yes |
| Nokia Communications Equipment (Shanghai) Ltd (China) | Yes |
| Nokia (HK) Ltd (Hong Kong) | Yes |
| Nokia Mobile Phone Manufacturing (HK) Ltd (Hong Kong) | Yes |
| Nokia Mobile Communications KK (formerly Nokia Mobile Phone Japan) | Yes |
| Dell Inc. | Yes |
| Dell Technologies, Inc. | Yes |
| EMC Corporation | Yes |
| Wyse Technology, Inc. | Yes |

**Final Judgment of Dismissal with Prejudice as to Approval of Settlement with Rubycon Defendants;**
**Case No. 3:14-cv-03264-JD**

3