1
2
3
4
5
6
7

8      UNITED STATES DISTRICT COURT

9     NORTHERN DISTRICT OF CALIFORNIA

10

11  IN RE CAPACITORS ANTITRUST          Master File No.  3:17-md-02801-JD
    LITIGATION                          Civil Action No. 3:14-cv-03264-JD
12
    THIS DOCUMENT RELATES TO: ALL       **[PROPOSED] ORDER GRANTING**
13  DIRECT PURCHASER ACTIONS            **PLAINTIFFS' MOTION FOR**
                                        **PRELIMINARY APPROVAL OF CLASS**
14                                      **ACTION SETTLEMENT WITH**
                                        **CERTAIN DEFENDANTS, APPROVING**
15                                      **FORM AND MANNER OF NOTICE,**
                                        **AND ESTABLISHING PROCESS FOR**
16                                      **FINAL APPROVAL**

17
        This matter is before the Court on the Motion by plaintiffs Chip-Tech, Ltd, Dependable
18
    Component Supply Corp., eIQ Energy, Inc., and Walker Component Group, Inc., on behalf of the Class
19
    (collectively, "DPPs" or "Class Representatives") for preliminary approval of DPPs' settlement
20
    agreements (the "Settlement Agreements") with defendants Nichicon Corporation and Nichicon
21
    (America) Corporation (together, "Nichicon"); and Rubycon Corporation and Rubycon America Inc.
22
    (together, "Rubycon") (Nichicon and Rubycon collectively, the "Settling Defendants").  MDL Dkt. No.
23
    414.
24
        Having considered DPPs' Motion; the Settlement Agreements; the declarations of Joseph R.
25
    Saveri and Kendall S. Zylstra and the exhibits thereto; the proposed Long Form Notice and Summary
26
    Notice to the Settlement Class; the pleadings and other papers filed in this Action; and the statements of
27
    counsel and the parties, and for good cause shown,
28

302831625 v1
                                            1

IT IS HEREBY ORDERED as follows:

1.      Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreements.

2.      The Court hereby gives its preliminary approval of DPPs' Settlement Agreements with the Settling Defendants, subject to a hearing on the final approval of the Settlement Agreements (the "Final Approval Hearing").

3.      Pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies the following Settlement Class:

> All persons in the United States that purchased Capacitors (including through controlled subsidiaries, agents, affiliates or joint-ventures) directly from any of the Defendants, their subsidiaries, agents, affiliates or joint ventures from January 1, 2002 through July 22, 2015. Excluded from the Settlement Class are: (i) Defendants (and their subsidiaries, agents and affiliates); (ii) shareholders holding more than 10% equity interest in a Settling Defendant as of the date that the Settlement Agreement with the Settling Defendant is fully executed; (iii) each member of the Settlement Class that timely requests exclusion by 'opting out'; (iv) governmental entities; and (v) the judges and chambers staff in this case, including their immediate families.

4.      The Court further provisionally finds that the following prerequisites to a class action under Rule 23 are satisfied for settlement purposes:

a.      There are hundreds of geographically dispersed class members, making joinder of all members impracticable;

b.      There are questions of law and fact common to the class which predominate over individual issues;

c.      The claims or defenses of the class plaintiffs are typical of the claims or defenses of the class;

d.      The Class Representatives will fairly and adequately protect the interests of the Settlement Class and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the Settlement Class; and

e.      A class action is superior to individual actions.

5.      The Court finds that the settlements with Settling Defendants fall within the range of possible approval and are reasonable. There is sufficient basis for notifying the Settlement Class and for

1   setting a Final Approval Hearing. Accordingly, Notice to the Settlement Class is appropriate here, the

2   Notice is hereby approved, and members of the Settlement Class ("Settlement Class Members") should

3   be notified of the proposed settlement.

4         6.     The Court finds that the proposed plan of allocation described in the Motion is

5   sufficiently fair, reasonable, and adequate such that it is hereby preliminarily approved, subject to

6   further consideration at the Final Approval Hearing to be held as set forth below.

7         7.     The Court will conduct a Final Approval Hearing on May 16, 2019 at 3:00 PM. At the

8   Final Approval Hearing, the following will be determined:

9             a.     Whether the proposed Settlement Agreements are fair, reasonable, and adequate

10   and should be granted final approval;

11             b.     Whether final judgment should be entered dismissing the claims of the

12   Settlement Class against Settling Defendants with prejudice;

13             c.     Whether Class Counsel's application for payment of attorneys' fees and

14   reimbursement of costs and expenses should be granted;

15             d.     Such other matters as the Court may deem appropriate.

16         8.     The Court appoints Rust Consulting, Inc., as administrator (the "Claims Administrator").

17         9.     The notices attached to this Order constitute due, adequate and sufficient notice and

18   satisfies the requirements of the Federal Rules of Civil Procedure and of due process. Accordingly, the

19   Notice is approved for dissemination to the Settlement Class.

20         10.    The Court approves the long form notice attached hereto as **Exhibit A** ("Long Form

21   Notice"). The Court also approves the summary notice attached hereto as **Exhibit B** ("Summary

22   Notice").

23         11.    The Court finds that taken together, (a) mailing of the Long Form Notice (U.S Mail or

24   electronic mail) to Settlement Class Members; (b) publication of the Summary Notice; and (c) Internet

25   posting of the Long Form Notice are: (i) the best notice practicable; (ii) reasonably calculated to, under

26   the circumstances, apprise Settlement Class Members of the proposed Settlement Agreements and of

27   Settlement Class Members' right to object or to exclude themselves as provided in the Settlement

28   Agreements; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to

3

receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

12.     To avoid confusion, Class Counsel may mail the foregoing settlement notices with a notice concerning the Court's certification of the litigation Class (MDL Dkt. No. 385) with a cover explaining to Settlement Class members that two separate notices are being included in the mailing.

13.     Plaintiffs' Claims Administrator shall provide notice of the Settlement Agreements. The Claims Administrator shall provide direct notice of the Settlement Agreements to all Settlement Class Members no later than 28 days from the entry of this Order (and at least 75 days before the Final Approval Hearing, whichever is earlier). Such notice shall be sent either by first class U.S. mail postage prepaid or by electronic mail. The Claims Administrator shall publish the Summary Notice in the national edition of the *Wall Street Journal* as soon as practicable, but in any event no later than 75 days prior to the Final Approval Hearing. The Claims Administrator shall also cause a copy of the class notices and Settlement Agreement to be posted on at least two Internet websites directed toward the capacitors and passive electronics industry.

14.     By no later than 28 days after the clerk enters this order on the docket (and at least 75 days before the Final Approval Hearing, whichever is earlier), the Claims Administrator shall cause the Settlement Notice to be mailed by first-class mail, postage prepaid, to Settlement Class Members pursuant to the procedures described in the Settlement Agreements, the Motion, the Declaration of Kendall S. Zylstra and the Long Form Notice. By no later than 75 days prior to the Final Approval Hearing, the Claims Administrator shall file with the Court an Affidavit of Compliance with Notice Requirements.

15.     All costs incurred in disseminating Notice and administering the Settlement shall be paid from the Settlement Fund pursuant to the Settlement Agreements, with certain notice and administration costs incurred prior to the Effective Date advanced as provided in the Settlement Agreements. The Court grants Class Counsel's request for up to $125,000 to be paid from the Settlement Fund to the claims administrator for expenses related to the provision of notice to the Settlement Class Members and for processing and auditing the claim forms. The Court also approves

1   payment of publication notice in the *Wall Street Journal* from settlement funds in an amount Class

2   Counsel estimates will be less than $75,000.

3        16.    DPPs shall file at least 75 days before the Final Approval Hearing their motion for final

4   approval and for attorneys' fees and reimbursement of litigation costs and expenses.

5        17.    Settlement Class Members will have until 45 days after DPPs file their motions for final

6   approval and for attorneys' fees and reimbursement of litigation costs and expenses (the "Opt-Out

7   Deadline") to exclude themselves (opt-out) of the proposed Settlements. All requests for exclusion

8   must be postmarked by the Opt-Out Deadline.

9        18.    Any Settlement Class Member who wishes to be excluded (opt-out) from the Settlement

10  Class must, in a manner consistent with the process described in the long and short form notices

11  approved by the Court, send a written request for exclusion to the Claims Administrator on or before

12  the close of the Opt-Out Deadline.  Members of the Settlement Class may not exclude themselves by

13  filing Requests for Exclusion as a group or class, but must in each instance individually or personally

14  execute a Request for Exclusion.  Requests for Exclusion must be in writing and set forth the name and

15  address of the person or entity who wishes to be excluded as well as all trade names or business names

16  and addresses used by such persons or entities and must be signed by the Settlement Class Member

17  seeking exclusion.

18       19.    Any oppositions to DPPs' motions for final approval and for attorneys' fees and

19  reimbursement of litigation costs and expenses must be filed by the Opt-Out Deadline.

20       20.    No later than ten (10) days prior to the Final Approval Hearing, DPPs may file a reply to

21  any oppositions to their motions for final approval and for attorneys' fees and reimbursement of

22  litigation costs and expenses.

23       21.    No later than ten (10) days prior to the Final Approval Hearing, Class Counsel shall file

24  with the Court a list of all persons or entities who have timely requested exclusion from the Settlement

25  Class. Settlement Class Members who exclude themselves from the Settlement Class will not be

26  eligible to receive any benefits under the Settlement Agreements, will not be bound by any further

27  orders or judgments entered for or against the Settlement Class, and will preserve their ability

28  independently to pursue any claims they may have against Settling Defendants.

22.     All Settlement Class Members who did not properly and timely request exclusion from the Settlement Class shall, upon final approval of the settlement, be bound by all the terms and provisions of the Settlement Agreements, including the releases, waivers and covenants described in the Settlement Agreements, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member makes a claim upon the settlement funds or receives consideration under the Settlement Agreements.

23.     Any Settlement Class Member who did not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her own attorney.  For Settlement purposes, Class Counsel will continue to represent Settlement Class Members who do not timely object and do not have an attorney enter an appearance on their behalf.

24.     Any Settlement Class Member who did not elect to be excluded from the Settlement Class may, but need not, submit comments or objections to the Settlement Agreements, the Plan of Allocation or entry of a Final Approval Order and Judgment approving the Settlement Agreements, by filing written objections with the Court no later than the Opt-Out Deadline, copies of which shall be served on all counsel listed in the class notice. Failure to timely file and serve written objections will preclude a class member from objecting to the Settlement.

25.     Any Settlement Class Member making an objection (an "Objector") must sign the objection personally, even if represented by counsel, and provide the Settlement Class Member's name and full residence or business address and a statement signed under penalty of perjury that the Settlement Class Member was a member of the Settlement Class. An objection must state why the Objector objects to the Settlement Agreements and provide a basis in support, together with any documents such person wishes to be considered in support of the objection. If an Objector intends to appear at the Final Approval Hearing, personally or through counsel, the Objector must include with the objection a statement of the Objector's intent to appear at the Final Approval Hearing. The Objector must file a Notice of Intent to Appear no later than ten (10) days prior to the Final Approval Hearing, copies of which shall be served on all counsel listed in the Class notice. If counsel is appearing on behalf of more than one Settlement Class Member, counsel must identify each such Settlement Class Member and each such Settlement Class Member must have complied with this Order.

26.     Only Settlement Class Members who have filed and served valid and timely objections accompanied by Notices of Intent to Appear shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Notice and mandated in this Order shall be deemed to have waived any objection to the Settlement Agreements and entry of a Final Approval Order and Judgment, whether by appeal, collateral attack, or otherwise.

27.     Each Settlement Class Member shall retain all rights and causes of action with respect to claims against all Defendants other than Settling Defendants, regardless of whether such member of the Settlement Class decides to remain in the Settlement Class or to exclude itself from the Settlement Class.

28.     Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

29.     Upon entry of the Final Approval Order and Judgment, all Settlement Class Members who have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Settling Defendants and all other Released Parties with respect to all of the Released Claims, consistent with the Settlement Agreements.

30.     All further proceedings as to Settling Defendants are hereby stayed, except for any actions required to effectuate or enforce the Settlement Agreements, or matters related to the Settlement Fund, including applications for attorneys' fees, payment of costs, and service awards to Settlement Class Representatives.

31.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected to the Settlements.

IT IS SO ORDERED

Dated:  February 28, 2019

_____
HON. JAMES DONATO
United States District Judge