Charles E. Tompkins (admitted *pro hac vice*)
**WILLIAMS MONTGOMERY & JOHN LTD.**
1200 18th Street NW, Suite 325
Washington, D.C. 20036
Telephone: (202) 791-9951
Facsimile: (312) 630-8586
Email: cet@willmont.com

Eric R. Lifvendahl (admitted *pro hac vice*)
Paul J. Ripp (admitted *pro hac vice*)
Ashley Hyun-Jeong Kim (admitted *pro hac vice*)
**WILLIAMS MONTGOMERY & JOHN LTD.**
233 S. Wacker Drive, Suite 6800
Chicago, IL  60606
Telephone: (312) 443-3200
Facsimile: (312) 630-8500
Email: erl@willmont.com
       pjr@willmont.com
       ahk@willmont.com

Whitney E. Street (State Bar No. 223870)
**BLOCK & LEVITON LLP**
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 968-1852
Facsimile: (617) 507-6020
Email: wstreet@blockesq.com

*Counsel for Plaintiff Flextronics International USA, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION | Case No. 3:14-cv-03264-JD<br>MDL No. 2801 |
| **THIS DOCUMENT RELATES TO:**<br>**ALL ACTIONS** | **FLEXTRONICS INTERNATIONAL USA, INC.'S MOTION FOR LIMITED MODIFICATION OF THE FEBRUARY 17, 2015 PROTECTIVE ORDER**<br><br>**Oral Argument Requested**<br><br>Date: May 30, 2019<br>Time: 10:00 am<br>Judge: Hon. James Donato<br>Location: Courtroom 11, 19th Floor |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at 10:00 am on May 30, 2019, or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable James Donato, United States District Judge, at the United States Courthouse, 450 Golden Gate Avenue, Courtroom 11 (19th Floor), San Francisco, California, Flextronics International USA, Inc. ("Flex"), will move and hereby does move for the entry of an order modifying the Stipulated Protective Order entered on February 17, 2015, Dkt. No. 563 (the "Protective Order").  The parties have completed their meet and confer obligations under Federal Rule of Civil Procedure 26(c) and Northern District Civil Local Rule 37-1(a).[1]

This motion is based upon this Notice of Motion and Motion; the following Memorandum of Points and Authorities; the accompanying Declaration of Charles E. Tompkins; the [Proposed] Order submitted herewith; and such other records, pleadings, and papers filed in this litigation the Court may consider; and upon such argument as may be presented to the Court at the hearing on this motion.

**STATEMENT OF ISSUE TO BE DECIDED**

Should the Court modify the Protective Order to allow for efficient prosecution of *Flextronics International USA, Inc. v. Murata Manufacturing Co., Ltd., et al.*, Case No. 5:19-cv-00078-EJD (N.D. Cal.) (the "Inductors Litigation")?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Flex seeks a limited modification of the Protective Order to allow Flex and other litigants to use a subset of the documents produced in this litigation in the Inductors Litigation, which also arises from a long-running conspiracy to artificially inflate the price of a ubiquitous passive component. Specifically, Flex seeks to modify the protective order to permit use of documents that reference

---

[1] Flex conferred with Defendants regarding the filing of this motion.  Although Flex did not hear back from all Defendants, certain Defendants indicated they would reserve the right to oppose this motion.

inductors (the "Relevant Documents") in the Inductors Litigation.[2] Defendants Panasonic Corporation and Panasonic Corporation of North America (collectively, "Panasonic") and Defendants TOKIN Corporation and TOKIN America, Inc. (collectively, "Tokin")[3] are also defendants in the Inductors Litigation.

This Court should modify the Protective Order for three reasons. First, modification of the Protective Order is consistent with Ninth Circuit law that "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). Second, the Relevant Documents are sufficiently relevant to the Inductors Litigation that modifying the Protective Order will avoid costly and duplicative discovery. Third, Defendants' reliance interest in the Protective Order is minimal and does not outweigh the policy of avoiding duplicative discovery. The Relevant Documents would remain subject to both the Protective Order as modified and a similar protective order entered in the Inductors Litigation (the "Inductors Protective Order"). *See In re Inductors Antitrust Litigation,* Case No. 5:18-cv-00198-EJD (N.D. Cal.) ("Class Inductors Litigation"), Dkt. No. 249, attached hereto as Ex. B.[4]

**II.   STATEMENT OF FACTS**

On February 17, 2015, the Court entered the Protective Order stipulated to by the parties in this litigation. The Protective Order provides that:

---

[2] As of the date of this motion, the defendants named in the Inductors Litigation are: Murata Manufacturing Co., Ltd. ("Murata Mft."); Murata Electronics North America, Inc.; Murata Power Solutions, Inc.; Panasonic Corporation; Panasonic Corporation of North America; Panasonic Electronic Devices Co. Ltd; Panasonic Industrial Devices Corporation of America; Sagami Elec Co., Ltd.; Sagami America, Ltd.; Sumida Corporation; Sumida Electric Co., Ltd.; Sumida America Components, Inc.; Taiyo Yuden Co., Ltd.; Taiyo Yuden (U.S.A.) Inc.; TDK Corporation; TDK-EPC Corporation; TDK Corporation of America; TDK U.S.A. Corporation; Tokin Corporation; and Tokin America, Inc. *See* Inductors Litigation, Dkt. No. 1, attached hereto as Ex. A ("Inductors Complaint"), at 1 n.2, ¶¶25-60. Flex also intends to hold Murata Mft. liable for misconduct by TOKO, Inc. ("TOKO") because Murata Mft. acquired a controlling interest in TOKO. *Id.* ¶26.

[3] TOKIN Corporation and TOKIN America, Inc. were formerly known as NEC TOKIN Corporation and NEC TOKIN America, Inc., respectively.

[4] The parties in the Inductors Litigation agreed to be bound by the Stipulated Protective Order entered in the related Class Inductors Litigation. *See* Inductors Litigation, Dkt. No. 19 at 4, attached hereto as Ex. C.

> 7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation or related appellate proceeding, and not for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protective Order ¶7.1. The Protective Order further mandates that access to information or items designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" (collectively, "Confidential") shall be restricted to certain categories of persons in connection with this proceeding. *Id.* ¶¶7.2, 7.3. The Protective Order permits parties "to seek its modification by the Court in the future." *Id.* ¶12.1. Since the initial Protective Order was entered, the parties have produced millions of documents. The vast majority of this material has been marked Confidential.

On January 4, 2019, Flex brought another antitrust lawsuit against certain Japanese manufacturers of inductors, *see* Ex. A, a passive electronic component. *See id.* ¶4. The Inductors Litigation is related to class action litigation also pending in the San Jose Division. *See* Inductors Litigation, Dkt. No. 11, attached hereto as Ex. D. Flex's claims in the Inductors Litigation are similar to its claims in this proceeding. Flex seeks damages from Japanese manufacturers who allegedly participated in a multi-national conspiracy to fix, raise, stabilize, and/or maintain the price of inductors from at least January 1, 2003 through December 1, 2016 in the United States. *See generally,* Ex. A. Among the defendants in the Inductors Litigation are Panasonic and Tokin, both of which are Defendants in this litigation. *See id.* at 1 n.2, ¶¶31-34, 55-60. The Inductors Protective Order also provides that discovery material designated as confidential may be used only in connection with the Inductors Litigation by certain categories of persons in connection with that litigation. *See* Ex. B ¶¶7.1-7.3.

### III.    ARGUMENT

This Court may in its discretion modify the terms of the Protective Order. *Beckman Industries, Inc. v. International Ins., Co.,* 966 F.2d 470, 472 (9th Cir. 1992), *cert. denied* 506 U.S. 868 (1992). The party opposing modification bears the burden of showing good cause for continuing the protection. *Id.* Here, Flex respectfully requests that Section 7.1 of the Protective Order be modified as follows (modifications in italics):

>    7.1. <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed, produced, or filed under seal by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, *except that documents referencing inductors may be also be used in Flextronics International USA, Inc. v. Murata Manufacturing Co., Ltd., et al., Case No. 5:19-cv-00078-EJD (N.D. Cal.)("Inductors Litigation") and related proceedings,* or related appellate proceeding and not for any other purpose whatsoever.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  *Such Protected Material shall be subject to the protective order issued in the Inductors Litigation, and to any other restrictions which are imposed by Judge Davila in the Inductors Litigation upon the use of said confidential information.*  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

*See* [Proposed] Order, submitted herewith.  This limited modification does not allow for documents to be used for purposes unrelated to the Inductors Litigation.

### A. Ninth Circuit Case Law Strongly Favors Modification and Supports the Sharing of Discovery with Collateral Litigants.

Generally, the Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation."  *Foltz,* 331 F.3d at 1131, 1134 (district court abused its discretion in denying motion to modify protective order for collateral litigation purposes); *Beckman*, 966 F.2d at 476 (affirming district court's grant of motion to modify protective order for collateral litigation purposes); *Olympic Refining Co. v. Carter*, 332 F.2d 260, 265-66 (9th Cir. 1964), *cert. den.*, 379 U.S. 900 (1964) (reversing district court's denial of motion to modify protective order for collateral litigation purposes because the plaintiff in an antitrust lawsuit was entitled to discover documents previously produced under the protective order in an earlier antitrust suit against the same defendant).  "It is immaterial that [the collateral party] could possibly obtain the same information through the process of propounding its own interrogatories …"  *Olympic*, 332 F.2d at 266.

The Ninth Circuit uses a two-step inquiry to determine when a court may modify a protective order to allow discovery materials to be used in collateral cases.  *Foltz*, 331 F.3d at 1132-33.  First, the court should determine the relevance of the protected discovery materials to the collateral proceedings.  *Id.*  Second, the court should weigh the "countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery."  *Id.* at 1133.

Courts applying this test liberally modify protective orders to allow disclosure of discovery

produced in one lawsuit to litigants in collateral proceedings. *See e.g., In re Dynamic Random Access (DRAM) memory Antitrust Litig.*, 2008 WL 4191780 (N.D. Cal. Sept. 10, 2008) (following the analysis in *Foltz* and modifying protective order so that discovery materials could be used in two collateral cases); *Kraszewski v. State Farm General insurance Company*, 139 F.R.D. 156 (N.D. Cal. 1991) (following the analysis in *Olympic* and modifying the protective order to allow plaintiffs in a collateral age discrimination lawsuit to use information produced in a previous sex discrimination lawsuit against the same defendant).

      **B. Modification of the Protective Order is Appropriate Here Because the Relevance Requirement is Satisfied.**

Here, the relevance requirement is satisfied. Relevant considerations include "the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings." *Foltz*, 331 F.3d at 1132 (internal citations omitted). This is to be "a rough estimate of relevance" so that the court may "satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided by modifying the protective order." *Id.* Once the court makes this "rough" relevance determination, the "only issue it determines is whether the protective order will bar *** access to the discovery already conducted." *Id.* at 1132-33. The relevance determination does not require a ruling by the court in the Inductors Litigation that the discovery in this litigation would be relevant to the Inductors Litigation. *See id.*

Thus, in *Kraszewski*, plaintiff filed a motion to modify the protective order to use discovery produced in that sex discrimination action in a collateral age discrimination action against the same defendant. 139 F.R.D. at 157-58. The court first found that the two actions were similar because they both involved the defendant's practices of selection and recruitment of its employees. *Id.* at 160. The court also noted that at least two of the plaintiffs in the collateral age discrimination action were also plaintiffs in the initial sex discrimination action. *Id.* at 158. In granting the motion to modify the protective order, the *Kraszewski* court explained it "simply does not make sense to force class counsel to reinvent the wheel and to promulgate discovery requests and take depositions when much of the same discovery has already taken place in this action." *Id.* at 160.

Similarly, in the collateral Inductors Litigation, Flex is engaged in litigation against two of the

same defendants, Panasonic and Tokin, arising from an illegal price-fixing conspiracy similar to the conspiracy alleged in this litigation. Both cases arise from Panasonic's and Tokin's practice of meeting and sharing confidential pricing and production capacity information with their competitors from the early 2000's to the mid 2010's. Unsurprisingly, a substantial amount of material produced in this proceeding is directly relevant to the Inductors Litigation. *See e.g.,* ███████, attached hereto as Ex. E ██████[5]██████, attached hereto as Ex. F ██████. Indeed, inductors were often discussed at general "passive component" meetings that also often involved capacitors. *See, e.g.*, ██████, attached hereto as Ex. G ██████, attached hereto as Ex. H ██████.

**C. Modification of the Protective Order is Appropriate Here Because Defendants' Reliance Interest is Minimal and Does Not Outweigh the Policy of Avoiding Duplicative Discovery.**

Defendants' reliance on the blanket Protective Order does not, without more, justify refusal to modify the protective order. *See Beckman*, 966 F.2d at 476. Here, the Protective Order allows the producing party to initially designate discovery material as Confidential without court intervention. *See* Protective Order ¶5. As such, the Protective Order is akin to a "blanket" protective order because

---

[5] Mr. Date, who was involved in discussions with competitors regarding inductors, was indicted for his role in the capacitors conspiracy. *See U.S.A. v. Tomohide Date, et al.,* Case No. 4:15-cr-00163-JD Dkt. No. 15, Second Superseding Indictment, (N.D. Cal. Dec. 14, 2016).

the producing party did not have to make the " 'good cause' showing required by [Federal Rule of Civil Procedure] 26(c) with respect to any particular document." *Foltz*, 331 F.2d at 1133. "Reliance will be less with a blanket protective order, because it is by nature overinclusive." *Id.* (quoting *Beckman*, 966 F.2d at 476) (internal marks and quotations marks omitted). Any minimal reliance interest Defendants may have in the Protective Order does not outweigh the policy of avoiding duplicative discovery. *See DRAM*, 2008 WL 4191780, at *2 (finding that *DRAM* parties' "reliance interest is significantly lessened in comparison with the policy of avoiding duplicative discovery" because the "protective order may fairly be deemed a blanket protective order that errs on the side of over-inclusivity.").

Further, the Protective Order explicitly provides that, "Nothing in this Order abridges the right of any person to seek its modification by the Court in the future." Protective Order ¶12.1. Defendants, like Flex, agreed to the terms of the Protective Order and "may not now be heard to complain when [Flex] takes advantage of the modification provision to which both parties agreed." *Kraszewski*, 139 F.R.D. at 158-59 (granting modification of protective order and rejecting the defendant's argument that it surrendered discovery materials relying that the discovery would be used only in this action).

In addition, Defendants' reliance interest can be easily accommodated. The Ninth Circuit has instructed that any information the producing party wants protected can be protected by placing in the modified protective order " 'the same restrictions on use and disclosure contained in the original protective order.' " *Foltz*, 331 F.3d at 1133 (quoting *United Nuclear Corp.*, 905 F.2d at 1428). Flex's request, which does not impact the Protective Order's other confidentiality provisions, does just that. *See* [Proposed] Order, submitted herewith. Moreover, the court overseeing the Inductors Litigation has issued a protective order which, like the Protective Order here, restricts access to discovery materials for use in the Inductors Litigation only. *Compare* Ex. B ¶¶7.1-7.3 *and* Protective Order ¶¶7.1-7.3. *See Beckman*, 966 F.2d at 475 ("legitimate interests in privacy can be protected by putting the [parties in the collateral action] under the same restrictions as those contained in the original protective order."); *Kraszewski*, 139 F.R.D. at 161 (where the judge in the collateral proceeding issued a protective order similar to the protective order in the case, modification of the protective order in the case did not compromise any interests and was appropriate under Ninth Circuit law).

**D. Modification of the Protective Order Would Likely Result in Enormous Cost and Time Savings.**

Allowing the fruits of the instant litigation to facilitate preparation in the collateral Inductors Litigation "advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Foltz,* 331 F.3d at 1131 (citing *Beckman*, 966 F.2d at 475). There is no basis to require the parties in the Inductors Litigation to "reinvent the wheel" and repeat the steps of counsel in the instant case merely to obtain duplicative discovery, which can be more easily and less expensively obtained by modification of the Protective Order. *See Kraszewski*, 139 F.R.D. at 160. If modification is refused, parties in the Inductors Litigation likely will serve subpoenas that may lead to disputes requiring Court resolution. Modifying the Protective Order minimizes this burden.

**III. CONCLUSION**

For the reasons set forth above, Flex respectfully requests that the Court modify paragraph 7.1 of the Protective Order to permit the use in the Inductors Litigation of documents produced by the Defendants that reference inductors.

Dated: April 23, 2019

Respectfully submitted,

**WILLIAMS MONTGOMERY & JOHN LTD.**

By: */s/ Charles E. Tompkins*
    Charles E. Tompkins

Charles E. Tompkins, admitted *pro hac vice*
**WILLIAMS MONTGOMERY & JOHN LTD.**
1200 18th Street NW, Suite 325
Washington, D.C. 20036
Telephone: (202) 791-9951
Facsimile: (312) 630-8586
Email: cet@willmont.com

Eric R. Lifvendahl, admitted *pro hac vice*
Paul J. Ripp, admitted *pro hac vice*
Ashley Hyun-Jeong Kim, admitted *pro hac vice*
**WILLIAMS MONTGOMERY & JOHN LTD.**
233 S. Wacker Drive, Suite 6800

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

Chicago, IL 60606  
Telephone: (312) 443-3200  
Facsimile: (312) 630-8500  
Email: erl@willmont.com  
       pjr@willmont.com  
       ahk@willmont.com  

Whitney E. Street (State Bar No. 223870)  
**BLOCK & LEVITON LLP**  
100 Pine Street, Suite 1250  
San Francisco, CA 94111  
Telephone: (415) 968-1852  
Facsimile: (617) 507-6020  
Email: wstreet@blockesq.com  

*Counsel for Plaintiff Flextronics International USA, Inc.*

**CERTIFICATE OF SERVICE**

In accordance with Rule 5-5 of the Local Rules of Practice in Civil Proceedings Before the United States District Court for the Northern District of California, I, Charles E. Tompkins, hereby certify under penalty of perjury under the laws of the United States of America that on April 23, 2019, a true copy of the above document was filed through the Court's Case Management/Electronic Case Filing ("CM/ECF") System and served by that System upon all counsel of record registered for the System and deemed to have consented to electronic service in the above-captioned case.

*/s/ Charles E. Tompkins*
*Attorney for Flextronics International USA, Inc.*

Doc.1281840