1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    ROXANE A. POLIDORA (CA Bar No. 135972)
2   roxane.polidora@pillsburylaw.com
    JACOB R. SORENSEN (CA Bar No. 209134)
3   jake.sorensen@pillsburylaw.com
    LAURA C. HURTADO (CA Bar No. 267044)
4   laura.hurtado@pillsburylaw.com
5   Four Embarcadero Center, 22nd Floor
    San Francisco, CA  94111
6   Telephone: (415) 983-1000
7   Facsimile: (415) 983-1200

8   Attorneys for Defendants
    KEMET CORPORATION, KEMET ELECTRONICS
9   CORPORATION, TOKIN CORPORATION and
    TOKIN AMERICA, INC.
10

11  [Additional Counsel Listed on Signature Page]

12                 UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15

16  | IN RE CAPACITORS ANTITRUST | Master File No. 3:14-cv-03264-JD |
17  | LITIGATION | MDL No. 2801 |
18  | This Document Relates To: | |
19  | All Actions | **DEFENDANTS' OPPOSITION TO** |
    | | **FLEXTRONICS'S MOTION TO** |
20  | | **MODIFY PROTECTIVE ORDER** |
21  | | Date:  May 30, 2019 |
    | | Time:  10:00 a.m. |
22  | | Place:  Courtroom 11, 19th Floor |
    | | Hon. James Donato |
23

24

25

26

27

28

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...................................................................................................1

II.  STATEMENT OF FACTS ......................................................................................3

    A. The *Capacitors* Litigation. .............................................................................3

    B. *Inductors* Antitrust Litigation ........................................................................5

III. ARGUMENT ..........................................................................................................6

    A. Flex Has Not Met its Burden to Demonstrate Both Relevance and the
    Discoverability of the Requested Material in the Collateral Litigation ...................6

        1. Flex Has Failed to Identify the Material at Issue ...............................6

        2. Flex Fails to Make a Showing of Relevance or Discoverability .........8

        3. A Substantial Amount of Duplicative Discovery Will Not be Avoided .............9

        4. The Motion Seeks to Circumvent the Discovery Proceedings in the *Inductors*
        Litigation ........................................................................................10

    B. The Requested Modification of the Protective Order Would Undermine the
    Reliance Interests of Defendants ...........................................................................11

    C. The Requested Modification of the Protective Order Would Impinge On the
    Rights of Third Parties............................................................................................12

        1. *Capacitors* Defendants Not Named in *Inductors* Litigation ..............12

        2. Entities Not Named as a Party to Either Litigation ..........................12

    D. If the Court is Inclined to Grant Flex's Motion, it Should Impose Safeguards........13

IV.  CONCLUSION ......................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Avago Tech. Fiber IP (Singapore) PTE., Ltd. v. IPTronics, Inc.*,
No. C 10–02863, 2011 WL 5975243 (N.D. Cal. Nov. 29, 2001) ....................................7

*Beckman Industries, Inc. v. Int'l Ins. Co.*,
966 F.2d 470 (9th Cir. 1992) .................................................................................6, 7

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
331 F. 3d 1122 (9th Cir. 2003) ........................................................................... passim

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
No. 07-MD-01819 CW, 2011 WL 5193479 (N.D. Cal. Nov. 1, 2011).....................7, 11

*Starline Windows Inc., et al v. Quanex Building Products Corp.*,
No. C 15-cv-1282 WVG, 2016 WL 4485559 (S.D. Cal. June 10, 2016)...................9, 10

*United Nuclear Corp. v. Cranford Ins. Co.*,
905 F.2d 1424 (10th Cir. 1990) ...................................................................................12

<u>Rules and Regulations</u>

Federal Rules of Civil Procedure,
Rule 30(b)(6) .................................................................................................................10

1    Defendants KEMET Corporation, KEMET Electronics Corporation, TOKIN

2  Corporation and TOKIN America, Inc. (collectively "TOKIN"), Panasonic Corporation,

3  Panasonic Corporation of North America, SANYO Electric Co., Ltd., SANYO North

4  America Corporation, AVX Corporation, Elna Co., Ltd, Elna America, Inc., Hitachi

5  Chemical Co., Ltd., Hitachi AIC Inc., Hitachi Chemical Co. America, Ltd., Holy Stone

6  Enterprise Co., Ltd., Milestone Global Technology, Inc., Matsuo Electric Co., Ltd.,

7  Nichicon Corporation, Nichicon (America) Corporation, Nippon Chemi-Con Corporation,

8  United Chemi-Con, Rubycon Corporation, Rubycon America Inc., Shinyei Kaisha, Shinyei

9  Technology Co., Ltd., Shinyei Capacitor Co., Ltd., Shinyei Corporation of America, Inc.,

10  Taitsu Corporation, Taitsu America, Inc., and Vishay Polytech Co., Ltd. oppose the Motion

11  for Limited Modification of the February 17, 2005 Protective Order ("Motion") filed by

12  Plaintiff Flextronics International USA, Inc. ("Flex") on April 23, 2019 (MDL Dkt. No.

13  536-4).

14  **I.      INTRODUCTION**

15    This Motion is nothing more than an attempted end run around the discovery

16  proceedings in *Flextronics International USA, Inc. v. Murata Manufacturing Co., Ltd., et

17  al.*, Case No. 5:19-cv-00078 EJD (N.D. Cal.) ("Flex *Inductors* Action") and the related

18  class actions (collectively the "*Inductors* Litigation").  The Flex *Inductors* Action

19  commenced only **four months** ago.  By contrast, the present multi-district litigation (the

20  "*Capacitors* Litigation") commenced nearly **five years** ago and now consists of two class

21  actions, one on behalf of direct purchasers and the other on behalf of indirect purchasers,

22  and several direct actions brought by opt-out plaintiffs including Flex.  Flex seeks to

23  modify the stipulated protective order here to allow Flex and "other litigants" to import all

24  discovery material from this Litigation that "referenc[es] inductors" into the *Inductors*

25  Litigation, without first attempting to take discovery in the *Inductors* Litigation (and

26  apparently without any notice to the producing parties as to exactly which of their

27  documents will be used).  In contrast to the cases it cites, Flex does not contend that the

28  alleged conspiracy to fix inductor prices was the same as the alleged conspiracy to fix

1   capacitor prices; and it offers no other explanation why, merely because discovery material

2   in the *Capacitors* Litigation "references inductors," that material would tend to prove or

3   disprove the plaintiffs' allegations in the *Inductors* Litigation. Indeed, this Court earlier

4   refused to relate one of the *Inductors* putative class actions to this Litigation.

5       There are only two defendant groups in the Inductors Litigation that are or were also

6   defendants in this case: the TOKIN defendants and the Panasonic defendants. Subject to

7   the ordinary discovery rules and procedures established in the *Inductors* Litigation, Flex

8   and the class plaintiffs are free to seek discovery in those cases from the parties to this case.

9   But Flex apparently wishes to avoid being subject to the case management of another judge

10  with respect to discovery scheduling and scope. Instead, Flex (and class plaintiffs) seek

11  one-stop shopping for discovery to be used in the *Inductors* Litigation without any

12  oversight by the *Inductors* court.

13      Further, Flex's claim that modification of the protective order will avoid duplicative

14  discovery and thereby save time and reduce costs is unsupported. Flex has identified no

15  duplicative discovery that would be avoided if its Motion were granted. For example, Flex

16  has not identified any depositions, subpoenas, or document requests that it will forego if the

17  Court grants its Motion. That is probably because Flex has no intention of limiting its

18  discovery in the *Inductors* Litigation in any way whatsoever. Rather, Flex seeks an

19  advantage for itself and class plaintiffs in the *Inductors* Litigation by obtaining and using

20  without any vetting a vast pool of documents produced in this Litigation. As Flex knows, a

21  large number of the documents were produced in this action by entities that are not named

22  as defendants in the *Inductors* Litigation and are therefore ill-positioned to protect their

23  interests. Indeed, all of the producing parties – including many third parties not involved in

24  either the *Inductors* Litigation or in this case – produced documents in reliance on the

25  existing Protective Order. It would not be fair to change those rules now.

26      This Court should not condone Flex's attempt to subvert the ordinary discovery

27  procedures and should deny its Motion.

28

II.     STATEMENT OF FACTS

      A.     The *Capacitors* Litigation.

The *Capacitors* Litigation arose out of government investigations around the world that began in or around April 2014.  Consol. Third Am. Class Action Compl. and Compl. of Flextronics International USA, Inc.  Dkt. No. 1831, ¶ 372.  The Direct Purchaser Plaintiffs ("DPPs") and the Indirect Purchaser Plaintiffs ("IPPs") filed consolidated complaints on November 14, 2014.  Dkt. Nos. 345 and 347.  Flex filed its complaint on June 5, 2015, which was consolidated with the DPPs' complaint on August 4, 2015.  Dkt. No. 826.  None of the *Capacitors* complaints contained any allegations about inductors.

The IPPs alleged two separate conspiracies based in Japan:  the "***electrolytic capacitor cartel***" and the "***film capacitor cartel***."  *See* Indirect Purchaser Pls.' Fifth Consol. Compl.  Dkt. No. 1589, ¶ 139 (emphasis in original).  Not all defendants are alleged to have participated in both.  The electrolytic capacitor cartel allegedly operated between April 2002 and December 2013 and included group meetings – known as "ECC," "TC," "KCC/Hananoki," "ATC," and "MK" meetings – where members allegedly fixed the prices of tantalum and aluminum electrolytic capacitors.  *Id.* ¶¶ 140-147.  Participants in the film capacitor cartel allegedly fixed the prices of film capacitors between 1999 and 2009, including at in-person gatherings referred to as "JFC," "KL," and "FF" meetings.  *Id.* ¶¶ 166-167.  The IPP complaint named 28 defendants comprising 16 corporate defendant families.[1]  The IPP complaint contained no allegations about inductors.

The DPPs alleged a single Asia-based conspiracy to fix the prices of film, tantalum, and aluminum electrolytic capacitors beginning on January 1, 2002 and continuing to

---

[1] Elna Co., Ltd.; Elna America Inc.; Hitachi Chemical Co., Ltd.; Hitachi Chemical Co. America, Ltd.; Hitachi AIC Inc.; Matsuo Electric Co., Ltd.; Nippon Chemi-Con Corp.; United Chemi-Con, Inc.; NEC TOKIN Corp.; NEC TOKIN America Inc., Nichicon Corp.; Nichicon America Corp.; Nissei Electric Co. Ltd.; Nitsuko Electronics Corp.; Okaya Electric Industries Co., Ltd.; Panasonic Corp.; Panasonic Corp. of North America; Rubycon Corp.; Rubycon America Inc.; SANYO Electric Co., Ltd.; SANYO Electronic Device (U.S.A.) Corp.; Shinyei Technology Co., Ltd.; Soshin Electric Co., Ltd.; Taitsu Corp.; and Toshin Kogyo Co., Ltd.

1   present day.  *See* Consol. Third Am. Class Action Compl. and Compl. of Flextronics, Dkt.

2   1831, ¶ 1.  The DPP complaint named 42 defendants comprising 22 corporate defendant

3   families.[2]  Flex sued a subset of those defendants.  The DPP and Flex complaint contained

4   no allegations about inductors.

5        Discovery in this Litigation took place over the course of more than three years.

6   Defendants produced more than 13 million documents, including documents from

7   centralized and custodial files and transaction data.  DPPs propounded more than 48 multi-

8   part interrogatories to defendants collectively.  IPPs propounded more than 12 multi-part

9   interrogatories on defendants collectively.  Flex propounded more than 20 multi-part

10  interrogatories on defendants collectively.

11       DPPs, IPPs, and Flex collectively took more than 75 depositions of party witnesses.

12  There has also been extensive expert discovery, which is on-going.  As noted above,

13  TOKIN and Panasonic are the only defendants in both cases.  TOKIN has produced six

14  witnesses for full-day depositions.  Panasonic has produced 15 witness for 30 days of

15  depositions.

16       There has also been extensive third-party discovery.  Plaintiffs and defendants

17  together have subpoenaed documents and/or depositions from over 10 third parties,

18  including Allied Electronics, Inc., Cornell Dubilier, EPCOS, Ernst & Young, Fry's

19  Electronics, Inc., JEITA, Mouser Electronics, Inc., Newark Element 14, Sager Electronics,

20  _____

21  [2] Panasonic Corporation; Panasonic Corporation of North America; Sanyo Electric Co.,
    Ltd.; Sanyo North America Corporation; NEC Tokin Corp.; NEC TOKIN America Inc.;
22  KEMET Corporation; KEMET Electronics Corporation; Nippon Chemi-Con; United
    Chemi-Con, Inc.; Hitachi Chemical Co., Ltd.; Hitachi AIC Inc.; Hitachi Chemical Co.
23  America, Ltd.; Fujitsu Ltd.; Nichicon Corp.; Nichicon (America) Corp.; AVX Corp.;
    Rubycon Corp.;  ELNA Co., Ltd.; ELNA America Inc.; Matsuo Electric Co., Ltd.;
24  TOSHIN KOGYO Co., Ltd.; Holy Stone Enterprise Co., Ltd.; Milestone Global
    Technology, Inc.; Vishay Intertechnology, Inc.; ROHM Co., Ltd.; ROHM Semiconductor
25  U.S.A., LLC; Okaya Electric Industries, Co., Ltd.; Okaya Electric America Inc.; Taitsu
    Corp.; Taitsu America Inc.; Shinyei Kaisha; Shinyei Technology Co., Ltd.; Shinyei
26  Capacitor Co., Ltd.; Shinyei America, Inc.; Nitsuko Electronics Corp; Nissei Electric Co.,
    Ltd.; Soshin Electric Co., Ltd.; Soshin Electronics of America Inc.; Shizuki Electric Co.,
27  LTD.; American Shizuki Corporation.

28

1   and TTI, Inc.

2   **B.** ***Inductors* Antitrust Litigation**

3   On January 9, 2018, Dependable Component Supply Corporation filed an action

4   (No. 18-cv-00198) seeking to represent a putative class of direct purchasers of inductors.

5   This was the first-filed action alleging antitrust violations with respect to the sale of

6   inductors. Five other plaintiffs – Powerweb Inc., Lifetime Service Center, Inc., Cambridge

7   Capital Corporation, Five Rivers, and Inductors Inc. – also filed putative class actions

8   seeking to represent direct purchasers of inductors. Judge Davila ruled that those actions

9   are related to each other. Dkt. Nos. 15, 19, 52, 80, 112 in *In Re Inductors Antitrust*

10   *Litigation, et al.*, 18-cv-00198-EJD (the "*Inductors* Class Action").

11   On February 8, 2018, Five Rivers moved to relate its case with the *Capacitors*

12   Litigation. This Court refused to do so. Dkt. No. 2081. On April 27, 2018, the *Inductors*

13   cases were consolidated, and the consolidated complaint was filed on July 2, 2018.

14   *Inductors* Class Action, Dkt. Nos. 124, 184.

15   On January 4, 2019, Flex filed a complaint against 20 defendants belonging to seven

16   corporate families, alleging violations of the antitrust laws with respect to the sale of

17   inductors.[3] Of the seven defendant families named in the *Capacitors* Litigation, TOKIN

18   and Panasonic are the only two who are also named in either the Flex *Inductors* Action or

19   the *Inductors* Class Action, both of which have been related to each other. *Inductors* Class

20   Action, Dkt. No. 273.

21   Discovery in the *Inductors* Class Action has been focused and narrow and

22   commenced less than one year ago. Flex has not propounded any discovery in the Flex

23   *Inductors* Action.

24   _____

25   [3]Murata Manufacturing Co., Ltd.; Murata Electronics North America, Inc.; Murata Power Solutions, Inc.; Panasonic Corporation; Panasonic Corporation Of North America;

26   Panasonic Electronic Devices Co. Ltd; Panasonic Industrial Devices Corporation Of America; Sagami Elec Co., Ltd.; Sagami America, Ltd.; Sumida Corporation; Sumida

27   Electric Co., Ltd.; Sumida America Components, Inc.; Taiyo Yuden Co., Ltd.; Taiyo Yuden (U.S.A.) Inc.; TDK Corporation; TDK-EPC Corporation; TDK Corporation of America;

28   TDK U.S.A. Corporation; TOKIN Corporation; and TOKIN America, Inc.

1    **III.    ARGUMENT**

2        **A.    Flex Has Not Met its Burden to Demonstrate Both Relevance and the
             Discoverability of the Requested Material in the Collateral Litigation**

3

4        In the Ninth Circuit, "a court should not grant a collateral litigant's request [to

5    modify a protective order] automatically." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.

6    3d 1122, 1132 (9th Cir. 2003).  Rather, the court that entered the protective order must

7    "satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation

8    that a substantial amount of duplicative discovery will be avoided by modifying the

9    protective order." *Id.* at 1132.  "[T]he collateral litigant must demonstrate [1] the relevance

10   of the protected discovery to the collateral proceedings and [2] its general discoverability

11   therein." *Id.*  Flex has not and cannot make this showing.[4]  Flex does not even address the

12   discoverability prong in its Motion.  Moreover, even if Flex had established that documents

13   produced in the *Capacitors* Litigation were relevant, in a general sense, to the *Inductors*

14   Litigation (which it does not), it has done nothing to show that a substantial amount of

15   duplicative discovery will be avoided by the requested modification.

16           **1.    Flex Has Failed to Identify the Material at Issue**

17       A threshold problem is that Flex does not identify the material or documents that it

18   seeks to carve out from the protective order's restriction on use of "Protected Material."

19   Instead, Flex asks this Court to modify the protective order to permit "documents

20   referencing inductors" to be used in the Flex *Inductors* Action "and related

21

22

23   _____

24   [4] Flex asserts that "[t]he party opposing modification bears the burden of showing good
     cause for continuing the protection," citing *Beckman Industries, Inc. v. Int'l Ins. Co.*, 966
25   F.2d 470, 472 (9th Cir. 1992) to support this point.  Mot. at 4.  First, *Beckman* does not so
     hold.  *Beckman*'s limited holding is that the balance of the interests in that case – including
26   the limited nature of the request (for six deposition transcripts) – weighed in favor of
     modifying the protective order, absent some further showing by the party opposing
27   modification.  Regardless, Defendants cannot be expected to show "good cause" where
     Flex has failed to identify with particularity the documents impacted by its proposed
28   modification to the protective order.

1   proceedings . . . ."  Mot. at 5;[5] *see Avago Tech. Fiber IP (Singapore) PTE., Ltd. v.*

2   *IPTronics, Inc.*, No. C 10–02863, 2011 WL 5975243 EJD (PSG) (N.D. Cal. Nov. 29, 2001)

3   (denying motion to modify protective order, in part, because the movant had not identified

4   with any particularity the specific documents at issue).

5        The requested modification is so broad it is unclear what discovery material would

6   be impacted.  None of the cases cited by Flex appears to implicate comparably broad

7   categories or large volumes of documents.[6]  Flex does not explain how it plans to identify

8   the material that "referenc[es] inductors" or how any of the defendants or non-parties that

9   produced "Protected Material" in the *Capacitors* Litigation will know which of that

10  material Flex seeks to import into the *Inductors* Litigation.  More than 13 million

11  documents have been produced in the *Capacitors* Litigation and more than 75 depositions

12  have been taken, and there is no dispute that "[t]he vast majority of this material has been

13  marked Confidential."  Mot. at 4.  Flex ignores the volume of documents that could be

14  swept up by its proposed modification to the protective order in favor of conclusory

15  assertions that an unknown universe of documents is "sufficiently relevant" to the *Inductors*

16  litigation.

17

18  _____

19  [5] Flex never explicitly states that the "related proceedings" include the *Inductors* Class
    Action and later-filed related cases.  In fact, Flex appears deliberately to have downplayed
20  the fact that the requested modification of the protective order would greatly expand access
    to highly confidential and competitively sensitive information to the class plaintiffs and any
21  other plaintiffs that may file inductors actions in the future.

22  [6] *See, e.g.*, *Olympic Refining Co. v.* Carter, 332 F.2d 260, 262 (9th Cir. 1964) (intervenors
    sought access to a limited set of documents filed under seal); *Beckman Indus., Inc. v. Int'l*
23  *Ins. Co.*, 966 F.2d 470, 471 (9th Cir. 1992) (intervenors sought access to six deposition
    transcripts).  In *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, where
24  "movants fail to set forth any particularized categories of documents being sought, but their
    request at times can be read to imply that movants are seeking access to *all* discovery
25  produced in the underlying litigation in its entirety," the Court granted the modification to
    the protective order only to the extent that "no party may prevent movants from obtaining
26  access as a matter of course for use in the collateral actions. "  No. M 02-1486 PJH, 2008
    WL 4191780, at *2-3 (N.D. Cal. Sept. 10, 2008) (emphasis in original).  The Court further
27  ruled that "[a]ny such access is permissible, however, **only after the collateral courts have
    decided upon the proper scope of discovery**."  *Id*. (emphasis added).
28

1    **2.      Flex Fails to Make a Showing of Relevance or Discoverability**

2         Flex's argument with respect to relevance boils down to assertions that the

3    *Inductors* Litigation and the *Capacitors* Litigation both involve electrical components, and

4    that the two common sets of defendants (TOKIN and Panasonic) were supposedly involved

5    in a conspiracy to fix the price of inductors "similar to the conspiracy alleged in this

6    litigation." Mot. at 7.

7         Relevance hinges on "the degree of overlap in facts, parties, and issues between the

8    suit covered by the protective order and the collateral proceedings." *Foltz*, 331 F.3d at

9    1132.  In contrast to the cases cited by Flex in support of its motion, the two alleged

10   conspiracies are not the same.[7]  The alleged conspiracies involve different products that are

11   bought and sold in separate markets.  Inductors are designed, manufactured, and sold to

12   unique customer specifications, and those unique sales transactions are not alleged to have

13   anything to do with the design, manufacture, or sale of capacitors.  In addition, only

14   TOKIN and Panasonic are named in both the *Inductors* and *Capacitors* Litigations.  The

15   remaining 20 defendant families named in the *Capacitors* Litigation are not defendants in

16   the Flex *Inductors* Action or the *Inductors* Class Action.  Flex has not explained why those

17   defendants' documents would be relevant to conspiracies in which they are not alleged to

18   have participated, not to mention those of the many third parties that produced documents

19   in *Capacitors*.

20        Further, the relevance or irrelevance of the four documents cherry-picked by Flex

21   and described in their Motion (at p. 7) do not provide a basis to modify the protective order

22   as to, potentially, millions of other documents and other materials produced in this case.

23

24   _____

25   [7] In *Kraszewski v. State Farm Gen. Ins. Co.*, the collateral litigation was about the **same**

26   allegedly discriminatory policies and practices as the primary litigation.  139 F.R.D. 156,
     160 (N.D. Cal. 1991).  In *DRAM*, the collateral litigation was about "the **same** illegal price-

27   fixing conspiracy" as the primary litigation.  2008 WL 4191780, at *2 (emphasis added).
     Here, the alleged conspiracy in the *Inductors* Litigation is separate and distinct from the

28   conspiracy alleged in the *Capacitors* Litigation.

1        **3.     A Substantial Amount of Duplicative Discovery Will Not be Avoided**

2

3        Flex claims that a substantial duplication of effort can be avoided by allowing it,

4   and unspecified other litigants, to access and use the discovery record from this Litigation

5   in the *Inductors* Litigation.  Yet, Flex does not identify any duplicative discovery that will

6   be avoided if the protective order is modified, such as corporate or individual depositions or

7   document requests Flex will forego if its Motion is granted.[8]

8        Moreover, Flex has not yet sought to take any discovery whatsoever in the *Inductors*

9   Litigation.  Subject to the ordinary discovery rules and procedures established in the

10  *Inductors* Litigation, Flex is free to seek discovery in that case from the parties to this case.

11  Moreover, the protective order provides Flex with the ability to request information

12  designated under it through discovery in the collateral action:  Paragraph 8 establishes a

13  process by which Flex may seek discovery of confidential information disclosed by one

14  party from another party.  Dkt. No. 563 at 10.  *See Starline Windows Inc., et al v. Quanex*

15  *Building Products Corp.*, No. C 15-cv-1282 WVG, 2016 WL 4485559 at *4 (S.D. Cal. June

16  10, 2016) (denying motion to intervene to modify protective order where "[n]othing in the

17  [stipulated protective order] prevents the [movants] from obtaining discovery in their state

18  cases" and where the "SPO outlines the process by which the [movants] may seek

19  discovery information that is designated as confidential in this action.").  The *Capacitors*

20  protective order also creates a process for challenging confidentiality designations.

21  Modification of the protective order is not necessary or warranted.

22

23

24   ———————————————

25  [8] In *DRAM*, the court granted the motion to modify the protective order in part because "a significant amount of duplicative discovery may be avoided" because, as noted above, the cases involved "the *same* illegal price-fixing conspiracy."  2008 WL 4191780, at *2 (N.D. Cal. Sept. 10, 2008) (emphasis added).  Likewise, in *Kraszewski*, the court held that modifying the protective order would allow the parties to avoid "promulgat[ing] discovery requests."  139 F.R.D. at 160.  Plaintiffs have not identified any such efficiency gains that will be obtained by modifying the protective order in this case.

26

27

28

1          **4.      The Motion Seeks to Circumvent the Discovery Proceedings in
                   the *Inductors* Litigation**

2

3          "Requiring a showing of relevance prevents collateral litigants from gaining access

4   to discovery materials merely to subvert limitations on discovery in another proceeding."

5   *Foltz*, 331 F.3d at 1132.  Flex and the class plaintiffs have no right to obtain and use

6   discovery materials that are immune from eventual discovery in the *Inductors* Litigation.

7   Discovery in the *Inductors* Class Action is proceeding in phases and in a measured fashion,

8   particularly given that the Court has not yet ruled on the pending motion to dismiss.  The

9   parties in the Flex *Inductors* Action stipulated that defendants' response to the complaint

10  shall not be due until 60 days after the Court's ruling on a motion to dismiss in the

11  *Inductors* Class Action.  Flex *Inductors* Action, Dkt. No. 27 at 2.  Further, the *Inductors*

12  class action plaintiffs agreed to "stay depositions, except for Federal Rule of Civil

13  Procedure 30(b)(6) depositions concerning certain matters, and any discovery concerning

14  grand jury proceedings" until June 18, 2019.  *See Inductors* Class Action, Dkt. No. 260 at 1.

15  The requested modification to the protective order would potentially provide the class

16  plaintiffs access to discovery that they agreed they would not seek at this time.

17         As the court bluntly stated in *Starline*, in which it denied a motion to allow movant

18  to intervene to modify a protective order:  "If the [movant] wants discovery to prosecute

19  their cases . . . they should conduct discovery the good old fashioned way – propound it on

20  the parties in the [other] case[]."  2016 WL 4485559, at *4.  Here, it appears that Flex seeks

21  to avoid any adverse discoverability determinations that the *Inductors* court might make

22  and import wholesale all discovery from this Litigation into the *Inductors* Litigation before

23  any such determinations can be made.  That is improper.

24         In short, Flex has not met its burden to demonstrate the relevance of the materials it

25  seeks to carve out from the protective order, and it has not even attempted to address the

26  discoverability of those materials in the collateral litigation.

27

28

DEFS. OPPOSITION TO FLEXTRONICS'S
                                                  MOTION TO MODIFY PROTECTIVE ORDER
                                                  Master File No. 3:14-cv-03264-JD

1    **B.    The Requested Modification of the Protective Order Would Undermine**
     **the Reliance Interests of Defendants**

2

3    In considering the request to modify, the Court must also "weigh the countervailing

4    reliance interest of the party opposing modification against the policy of avoiding

5    duplicative discovery." *Foltz*, 331 F.3d at 1133.  As stated, no showing has been made that

6    a substantial amount of discovery will be avoided if the Court grants the requested

7    modification to the protective order.  Yet, modification of the protective order would

8    undermine the reliance interest of defendants.

9    Defendants carefully negotiated the terms of the protective order in this action

10   before any significant discovery commenced.  They then produced vast amounts of highly

11   confidential and competitively sensitive information in reliance on the terms of the

12   protective order, never expecting that their documents, data, and information might be

13   dumped wholesale into other litigation.

14   If granted, the Motion would undermine the settled expectations about

15   confidentiality under which the parties in this action have been litigating for years.

16   Protective orders "reduc[e] conflict over discovery and facilitat[e] the flow of information

17   through discovery . . .   [C]hanging the ground rules later is to be avoided because

18   protective orders that cannot be relied upon will not foster cooperation through discovery."

19   *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2011

20   WL 5193479, at *6 (N.D. Cal. Nov. 1, 2011).  The protective order in *Capacitors* applies

21   only to material the parties affirmatively designated as confidential or highly confidential

22   and creates a process for challenging overbroad or otherwise improper designations.  The

23   parties relied on the protective order when they produced sensitive information, served

24   confidential discovery responses, and provided confidential deposition testimony.[9]  The

25

26   ---

     [9] Flex contends that defendants' reliance interest is diminished because the protective order
27   is a "blanket order."  Mot. at 7-8.  Not so.  The order itself provides:  "The parties
     acknowledge that this Order **does not confer blanket protections** on all disclosures or
28   responses to discovery and that the protection it affords from public disclosure and use

(continued…)

1  prejudice to defendants would be compounded because Flex's proposed amendment to the

2  protective order is so sweeping:  it would give all parties to the Flex *Inductors* Action and

3  related proceedings broad and vaguely specified access to confidential material in the

4  *Capacitors* Litigation, regardless of whether it is relevant to the collateral proceedings.

5      **C.    The Requested Modification of the Protective Order Would Impinge On
            the Rights of Third Parties**

6

7          **1.    *Capacitors* Defendants Not Named in *Inductors* Litigation**

8          Modification of the protective order would affect not only the TOKIN and

9  Panasonic defendants but also several entities that are current or former defendants in this

10 Litigation but are not named as defendants in the *Inductors* Litigation.  These entities

11 produced their commercially sensitive sales data and pricing information, strategic

12 information, technical information, and other confidential information in reliance on the

13 promise of the parties and the Court that their rights would be protected and their data

14 secure.  One factor that may weigh in favor of granting a request to modify a protective

15 order is that the parties in the collateral action can raise specific relevance and privilege

16 objections in that action.  *Foltz*, 331 F.3d at 1133; *United Nuclear Corp. v. Cranford Ins.*

17 *Co.*, 905 F.2d 1424, 1428-1429 (10th Cir. 1990) ("because defendants . . . are parties to the

18 collateral suits, they have both the interest and standing to raise in those courts any

19 relevancy or privilege objections to the production of any materials.").  As noted above,

20 only two of the *Capacitors* defendants are parties in the *Inductors* Litigation – the other 20

21 defendant families are not.  These 20 defendant families will have little if any ability to

22 police the use of their confidential documents in the *Inductors* Litigation.

23          **2.    Entities Not Named as a Party to Either Litigation**

24          In addition, third parties who produced documents and provided deposition

25 testimony in the *Capacitors* Litigation but who were never part of the *Capacitors* Litigation

26 _____

27 (…continued)
   extends only to the information or items that are entitled to confidential treatment under the
28 applicable legal principles."  Dkt. No. 563 at 1 (emphasis added).

1    and are not a part of the *Inductors* Litigation may also be impacted by the requested

2    modification.  More than 10 entities fall into this category.  They each provided discovery

3    in the *Capacitors* Litigation pursuant to a third-party subpoena and in reliance on the

4    existing Protective Order.  To our knowledge, none of those third parties have been given

5    notice of the pending Motion and the risk to their confidential information.  They, too, will

6    be similarly ill-positioned to protect their rights and interests in the *Inductors* Litigation.

7         **D.**     **If the Court is Inclined to Grant Flex's Motion, it Should Impose Safeguards**

8

9         Flex fails to identify with any specificity the materials from this action that will be

10   impacted by its requested modification of the protective order.  That is reason enough to

11   deny the Motion.  But should the Court grant the Motion, it should, at a minimum, require

12   that Flex identify to the producing parties by Bates number each document that Flex claims

13   falls within the sweep of its proposed modification so that the producing parties are on

14   notice of the universe of documents at issue and may take all appropriate steps to attempt to

15   preserve their rights with respect to those documents.

16   **IV.**     **CONCLUSION**

17        For the foregoing reasons, Flex's motion to modify the protective order should be

18   denied

19   Dated:  May 7, 2019.

20                                        PILLSBURY WINTHROP SHAW PITTMAN LLP
                                     ROXANE A. POLIDORA

21                                        JACOB R. SORENSEN
                                     LAURA C. HURTADO

22                                        Four Embarcadero Center, 22nd Floor

23                                        San Francisco, CA 94111

24                                        By:             */s/ Laura C. Hurtado*

25

26                                        Attorneys for Defendants
                                     KEMET CORPORATION, KEMET ELECTRONICS

27                                        CORPORATION, TOKIN CORPORATION and
                                     TOKIN AMERICA, INC.

28

1    Dated:  May 7, 2019.

2                                        WINSTON & STRAWN LLP
                                         Jeffrey Kessler (pro hac vice)
3                                        A. Paul Victor (pro hac vice)
                                         Molly Donovan (pro hac vice)
4                                        Martin C. Geagan (pro hac vice)
5                                        200 Park Avenue
                                         New York, NY 10166-4193
6                                        Telephone:  (212) 294-6700
                                         Facsimile:  (212) 294-4700
7                                        jkessler@winston.com
8                                        pvictor@winston.com
                                         mmdonovan@winston.com
9                                        mgeagan@winston.com

10                                       WINSTON & STRAWN LLP
                                         Ian L. Papendick (SBN 275648)
11                                       101 California Street
                                         San Francisco, CA 94111
12                                       Telephone:  (415) 591-1000
                                         Facsimile:  (415) 591-1400
13                                       ipapendick@winston.com

14
                                         By:  _____/s/ Jeffrey L. Kessler_____
15

16
                                         Attorneys for Defendants
17                                       PANASONIC CORPORATION, PANASONIC
                                         CORPORATION OF NORTH AMERICA, SANYO
18                                       ELECTRIC CO., LTD., and SANYO NORTH
                                         AMERICA CORPORATION
19

20

21

22

23

24

25

26

27

28

DEFS. OPPOSITION TO FLEXTRONICS'S
                                         MOTION TO MODIFY PROTECTIVE ORDER
                                         Master File No. 3:14-cv-03264-JD

1    Dated:  May 7, 2019.

2                                   MINTZ LEVIN COHN FERRIS GLOVSKY AND
                                    POPEO P.C.
3                                   Bruce D. Sokler
                                    Robert G. Kidwell
4                                   701 Pennsylvania Avenue NW, Suite 900
                                    Washington, DC 20004
5                                   bdsokler@mintz.com
6                                   RGKidwell@mintz.com

7                                   MINTZ LEVIN COHN FERRIS GLOVSKY AND
                                    POPEO P.C.
8                                   Evan S. Nadel
9                                   44 Montgomery Street, 36th Floor
                                    San Francisco, CA 94104
10                                  enadel@mintz.com

11                                  By:  _____ */s/ Bruce D. Sokler*  _____

12

13                                  Attorneys for Defendant
                                    AVX CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS. OPPOSITION TO FLEXTRONICS'S
                                    MOTION TO MODIFY PROTECTIVE ORDER
                                    Master File No. 3:14-cv-03264-JD

1    Dated:  May 7, 2019.

2                                         WILMER CUTLER PICKERING HALE AND
                                          DORR LLP
3                                         Heather S. Nyong'o
                                          Chris Johnstone
4                                         950 Page Mill Road
                                          Palo Alto, CA 94304
5                                         Heather.Nyongo@wilmerhale.com
                                          Chris.Johnstone@wilmerhale.com
6

7                                         WILMER CUTLER PICKERING HALE AND DORR
                                          LLP
8                                         Thomas Mueller (*pro hac vice*)
                                          Christopher Megaw (*pro hac vice*)
9                                         Lauren Ige (*pro hac vice*)
                                          1875 Pennsylvania Ave NW
10                                        Washington, DC 20006
                                          Thomas.Mueller@wilmerhale.com
11                                        Chris.Megaw@wilmerhale.com
                                          Lauren.Ige@wilmerhale.com
12

13                                        WILMER CUTLER PICKERING HALE AND DORR
                                          LLP
14                                        Margaret O'Grady (*pro hac vice*)
                                          60 State Street
15                                        Boston, MA 02109
                                          Margaret.OGrady@wilmerhale.com
16

17                                        By:  _____  */s/ Heather S. Nyong'o* _____

18

19                                        Attorneys for Defendants
                                          ELNA CO., LTD. and ELNA AMERICA, INC.
20

21

22

23

24

25

26

27

28

1  Dated:  May 7, 2019.

2                               JONES DAY
                               Jeffrey A. LeVee
3                               Eric P. Enson
                               Kelly M. Ozurovich
4                               555 South Flower Street, 50th Floor
5                               Los Angeles, CA 90071
                               jlevee@jonesday.com
6                               epenson@jonesday.com
                               kozurovich@jonesday.com
7

8                               By:  _____ /s/ Jeffrey A. LeVee _____

9

10                              Attorneys  for Defendants
                               HOLY STONE ENTERPRISE CO, LTD.,
11                              MILESTONE GLOBAL TECHNOLOGY,INC., and
                               VISHAY POLYTECH CO., LTD.

12  Dated:  May 7, 2019.

13                              K&L GATES LLP
                               Michael E. Martinez
14                              Lauren N. Donahue
15                              Steven M. Kowal
                               Brian J. Smith
16                              70 W. Madison Street, Suite 3100
17                              Chicago, IL 60602
                               michael.martinez@klgates.com
18                              lauren.donahue@klgates.com
                               steven.kowal@klgates.com
19                              brian.j.smith@klgates.com

20                              By:  _____ /s/ Michael Martinez _____

21

22                              Attorneys for Defendants
                               NICHICON CORPORATION and NICHICON
23                              (AMERICA) CORPORATION

24

25

26

27

28

DEFS. OPPOSITION TO FLEXTRONICS'S
                                                                  MOTION TO MODIFY PROTECTIVE ORDER
                                                                  Master File No. 3:14-cv-03264-JD

1   Dated:  May 7, 2019.

2                           PAUL, WEISS, RIFKIND, WHARTON &
                            GARRISON LLP
3                           Charles F. Rule
                            Joseph J. Bial
4                           2001 K Street, NW
                            Washington, DC 20006-1047
5                           rrule@paulweiss.com
                            jbial@paulweiss.com
6

7                           KAUFHOLD GASKIN LLP
                            Steven Shea Kaufhold
8                           388 Market St, Suite 1300
                            San Francisco, CA 94111
9                           skaufhold@kaufholdgaskin.com

10
                            By:  _____*/s/ Joseph J. Bial*_____
11

12
                            Attorneys for Defendants
13                          NIPPON CHEMI-CON CORPORATION and UNITED
                            CHEMI-CON, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS. OPPOSITION TO FLEXTRONICS'S
                                     MOTION TO MODIFY PROTECTIVE ORDER
                                     Master File No. 3:14-cv-03264-JD

1   Dated:  May 7, 2019.

2                                          SHEARMAN & STERLING LLP
                                           Djordje Petkoski (admitted pro hac vice)
3                                          David A. Higbee (admitted pro hac vice)
                                           Ryan Shores (admitted pro hac vice)
4                                          Mark G. Weiss (admitted pro hac vice)
                                           Deke Shearon (admitted pro hac vice)
5                                          401 9th St., NW
                                           Washington, D.C.  20004
6                                          djordje.petkoski@shearman.com
                                           david.higbee@shearman.com
7                                          ryan.shores@shearman.com
                                           mark.weiss@shearman.com
8                                          deke.shearon@shearman.com
9
10                                         SHEARMAN & STERLING LLP
                                           John Cove
11                                         535 Mission Street, 25th Floor
                                           San Francisco, California 94105
12                                         john.cove@shearman.com

13                                         By:  _____ */s/ Djordje Petkoski*_____
14

15                                         Attorneys for Defendants
                                           RUBYCON CORPORATION and RUBYCON
16                                         AMERICA INC.

17

18

19

20

21

22

23

24

25

26

27

28

DEFS. OPPOSITION TO FLEXTRONICS'S
MOTION TO MODIFY PROTECTIVE ORDER
Master File No. 3:14-cv-03264-JD

1    Dated:  May 7, 2019.

2                                 DENTONS US LLP
                                  Gaspare J. Bono
3                                 Claire Maddox
                                  Leslie Barry
4                                 1900 K Street, NW
5                                 Washington, DC 20006
                                  Email: gap.bono@dentons.com
6                                 claire.maddox@dentons.com
                                  leslie.barry@dentons.com
7
                                  DENTONS US LLP
8                                 Andrew S. Azarmi
9                                 One Market Plaza, Spear Tower, 24th Floor
                                  San Francisco, California 94105
10                                Email: andrew.azarmi@dentons.com

11                                By:  _____ */s/ Gaspare J. Bono*_____

12

13                                Attorneys for Defendants
                                  SHINYEI KAISHA, SHINYEI TECHNOLOGY CO.,
14                                LTD., SHINYEI CAPACITOR CO., LTD. and
                                  SHINYEI CORPORATION OF AMERICA, INC.
15

16   Dated:  May 7, 2019.

17                                BONA LAW PC
                                  Jarod M. Bona
18                                Aaron R. Gott
                                  4275 Executive Square, Suite 200
19                                La Jolla, CA 92037
                                  Email: jarod.bona@bonalawpc.com
20                                aaron.gott@bonalawpc.com

21                                By:  _____ */s/ Jarod M. Bona*_____

22

23                                Attorneys for Defendants
                                  TAITSU CORPORATION and TAITSU AMERICA,
24                                INC.

25

26

27

28

DEFS. OPPOSITION TO FLEXTRONICS'S
                                  MOTION TO MODIFY PROTECTIVE ORDER
                                  Master File No. 3:14-cv-03264-JD

1  Dated:  May 7, 2019.

2                                          DENTONS US LLP
                                           Bonnie Lau
3                                          One Market Plaza, 24th Fl.
                                           San Francisco, CA 94105
4                                          Tel:  (415) 882-5000
                                           bonnie.lau@dentons.com
5

6
                                           By:  _____/s/ Bonnie Lau_____
7

8                                          Attorneys for Defendants
9                                          MATSUO ELECTRIC CO., LTD.

10

11                                         WILSON SONSINI GOODRICH & ROSATI
                                           Chul Pak
12                                         Jeffrey C. Bank
                                           Justin A. Cohen
13                                         1301 Avenue of the Americas, 40th Floor
                                           New York, New York 10019
14                                         Telephone:  (212) 497-7758
                                           Facsimile:  (212) 999-5899
15

16                                         WILSON SONSINI GOODRICH & ROSATI
17                                         Jeff VanHooreweghe
                                           One Market Plaza
18                                         Spear Tower, Suite 3300
                                           San Francisco, California 94105
19                                         Telephone:  (415) 947-2046
                                           Facsimile:  (415) 947-2099
20

21

22                                         By:  _____/s/ Chul Pak_____

23

24                                         Attorneys for Defendants
                                           HITACHI CHEMICAL CO., LTD., HITACHI AIC
25                                         INC., AND HITACHI   CHEMICAL CO. AMERICA,
                                           LTD.
26

27

28