PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS          NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

WRITER'S DIRECT DIAL NUMBER
(202) 223-7318

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

WRITER'S DIRECT FACSIMILE
(202) 204-7378

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

WRITER'S DIRECT E-MAIL ADDRESS
jbial@paulweiss.com

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

May 16, 2019

**VIA ECF**

The Honorable James Donato
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *In re Capacitors Antitrust Litigation*, Case Nos. 3:17-md-02801-JD; 3:14-CV-03264-JD

Dear Judge Donato:

Defendants Nippon Chemi-Con Corporation and United Chemi-Con, Inc. (collectively, the "Chemi-Con Defendants") submit this discovery letter brief,[1] respectfully requesting the Court to compel the Direct Purchaser Plaintiffs ("DPP") to allow defendants two additional hours to depose each of the DPP experts Drs. Hal J. Singer and James T. McClave, pursuant to Federal Rules of Civil Procedure 30(d)(1) and 26(b)(2).[2] The depositions of Drs. Singer and McClave are currently scheduled for May 21, 2019 and June 7, 2019. To be clear, defendants are not seeking to add additional days to the depositions of Drs. Singer and McClave, but seek only a modest extension of **two** hours beyond the seven provided for by Rule 30(d)(1). As the Chemi-Con Defendants expressed at a telephonic meet-and-confer and in correspondence over the last two weeks, given the lengthy rebuttal reports provided by Drs. Singer and McClave, specifically addressing each of the defendants' individual experts,[3] the Chemi-Con Defendants, in conjunction with the other

---

[1]  The Chemi-Con Defendants are joined in this letter by AVX Corporation ("AVX"); KEMET Corporation and KEMET Electronics Corporation ("KEMET"); Panasonic Corporation, Panasonic Corporation of North America ("Panasonic"), SANYO Electric Co., Ltd., and SANYO North America Corporation ("SANYO"); Matsuo Electric Co., Ltd; Elna Co. Ltd. and Elna America Inc; and Holy Stone Enterprise Co., Ltd., Holystone International, Milestone Global Technology, Inc., and Vishay Polytech Co., Ltd. ("Holy Stone").

[2]  The Direct Action Plaintiffs ("DAP") and the defendants were able to reach an agreement to allow extra time for the defendants to cross-examine DAP's expert, Dr. Leslie Marx.

[3]  In addition to the experts who filed reports on behalf of all defendants, Dr. Laila Haider and Mr. Spencer Simons, six additional experts filed reports addressing the reports of Drs. McClave and Singer on behalf of: (i) the Chemi-Con Defendants; (ii) AVX; (iii) KEMET;

defendants in this case, require additional time to fairly examine each of the deponents. Defendants will, of course, try to be as efficient with their time as is possible but would like an opportunity to depose Drs. Singer and McClave for nine hours each, if necessary.

Under Rule 30(d)(1), upon a showing of good cause, courts "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1). "[W]ith regard to expert witnesses, there may more often be a need for additional time—even after the submission of the report required by Rule 26(a)(2)—for full exploration of the theories upon which the witness relies." *Id.*, Advisory Committee's Notes to the 2000 Amendment.[4] In early April, prior to receiving the rebuttal reports from plaintiffs, the parties began negotiations to determine dates and locations for the depositions of all the experts. The parties reached an agreement in principle, and filed a stipulation and proposed order on April 24, 2019 seeking an extension of the scheduling order. (Stip. Re: MDL Sched., ECF No. 538.)[5] As part of the parties' agreement, the defendants agreed to offer the joint defense group's expert, Dr. Haider, for ten hours, spanning two days. At the time of the stipulation, the rebuttal reports had just been served on April 19, 2019 and the backup data on April 23, 2019.[6] Drs. Singer's and McClave's rebuttal reports address not only Dr. Haider's report, but also specifically address each of the defendants' individual experts. Many of the opinions expressed in their rebuttal reports are based on new analyses and assertions that defendants should be entitled to explore at their depositions.

---

(iv) Okaya Electric Industries Co., Ltd., Okaya Electric America, Inc., Shinyei Kaisha, Shinyei Technology Co., Ltd., Shinyei Capacitor Co., Ltd., Shinyei Corporation of America, Inc., Soshin Electric Co., Ltd., Soshin Electronics of America, Inc., Shizuki Electric Co., Inc., Taitsu Corporation, and Taitsu America, Inc.; (v) Panasonic and SANYO; and (vi) Holy Stone.

[4] *See also Immunex Corp.* v. *Sanofi*, No. 17-cv-2613, 2018 WL 1941714, at *6 (C.D. Cal. Feb. 27, 2018) (noting that "the complexity of the issues in this case as well as the time needed for [the expert] to deliberate before responding to questions" compels "a continued or second deposition for a few hours"); *Hill* v. *Kaiser-Francis Oil Co.*, No. 09-cv-07, 2012 WL 528280, at *3 (W.D. Okla. Feb. 17, 2012) (granting motion to extend deposition to fourteen hours based on findings that "[the expert] serves as the primary Plaintiff's witness on damages and [] is prepared to theorize that the class suffered in excess of $120,000,000.00 in damages, based on years of sales information, that Defendant would be hard pressed to complete [the expert's] deposition in seven hours").

[5] The Court issued its order granting the proposed modification of the discovery and briefing deadlines on May 2, 2019. (Order re: MDL Sched., ECF No. 565.)

[6] The Expert Report of Hal J. Singer, Ph.D., dated November 30, 2018, is 79 pages long, not including almost 40 pages of appendices and voluminous backup data. On April 19, 2019, Dr. Singer served his rebuttal report, which is 113 pages long, not including over 50 pages of appendices and additional backup data. The Expert Report of James T. McClave, Ph.D., dated November 30, 2018, is 16 pages long, with an additional 25 pages of appendices and supporting backup data. On April 19, 2019, Dr. McClave served his rebuttal report, which is 72 pages long, not including his appendix and backup data.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Michael E. Wiles                                                  3

On May 2, 2019, in the interest of compromise, defendants communicated that they would be willing to give plaintiffs the full fourteen hours they initially requested for Dr. Haider, if plaintiffs offered Drs. McClave and Singer for nine hours each.  Cognizant of the fact that the Court had already issued an order setting June 7, 2019 as the close of expert discovery, defendants sought only a modest extension of two hours each to ensure that the depositions would not need additional days.  Plaintiffs refused, instead seeking an agreement on time for Dr. Haider's deposition, independent of any agreement respecting Drs. McClave and Singer.  On May 6, 2019, plaintiffs emailed defendants requesting that defendants provide Dr. Haider for twelve hours.  On May 7, 2019, the parties met and conferred.  Defendants agreed to offer Dr. Haider for twelve hours, and to continue negotiations with plaintiffs regarding the depositions of Drs. McClave and Singer.  Pursuant to that concession, defendants produced Dr. Haider to be deposed by plaintiffs for twelve hours (rather than limiting time to seven hours) over the course of two days on May 8 and 9, 2019.

On May 13, 2019, defendants emailed plaintiffs to continue negotiations regarding additional time for Drs. Singer and McClave.  That same day, plaintiffs again rejected defendants' request, arguing that defendants should have "anticipated" the length of Drs. Singer's and McClave's rebuttal reports, and that an additional two hours of deposition would force their experts to "endure a burden."  Additionally, plaintiffs complained that defendants failed to raise the "prospect of additional time with [their] experts until after the deposition calendar was largely in place."  On May 16, 2019, the parties met and conferred but were unable to reach an agreement.

Contrary to plaintiffs' assertions, plaintiffs' experts would endure no undue burden here.  All defendants have asked for is an additional two hours each for Drs. Singer and McClave, contained within a single day.  Thus, defendants' request would have little to no impact on the experts' travel plans,[7] and no impact on the schedule.  Additionally, plaintiffs' complaint that defendants' request came after the schedule was "largely in place" is a red herring.  Again, defendants request would impact not at all the agreed upon deposition schedule.  Moreover, defendants raised the issue of additional time three weeks prior to Dr. Singer's deposition, and more than four weeks prior to Dr. McClave's.  In any event, the proper inquiry under the Rules is whether additional time is "needed to fairly examine the deponent."  Fed. R. Civ. P. 30(d)(1).  Both Drs. McClave and Singer presented rebuttal reports that were considerably longer than their initial reports (almost three times as long in Dr. McClave's case), containing new analyses and assertions.  While defendants seek to be efficient and coordinate their questions to avoid duplication, Drs. McClave and Singer each provide detailed critiques specific to each of the individual defendants.  Not surprisingly, each individual defendant is seeking—and is entitled to—time to address opinions and analyses specific to them.  Thus, to properly and fairly examine the bases for their initial reports and their critiques of Dr. Haider and the individual defense experts, an extension of two additional hours is fair and reasonable in light of the circumstances.  Again, if the depositions may be concluded in an amount of time shorter than the full nine hours, then Defendants will seek to do so.

For the foregoing reasons, the Chemi-Con Defendants respectfully submit that good cause exists for the Court to grant defendants' request and order plaintiffs to offer Drs. Singer and McClave for an additional two hours each.

---

[7]    The depositions of Drs. Singer and McClave are currently scheduled to be in Philadelphia, PA, at plaintiffs' request.

Honorable James Donato                                                    4

Respectfully submitted,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Charles F. "Rick" Rule (admitted *pro hac vice*)
rrule@paulweiss.com
Joseph J. Bial (admitted *pro hac vice*)
jbial@paulweiss.com
2001 K STREET, NW
WASHINGTON, DC 20006-1047
Tel: (202) 223-7300
Fax: (202) 223-7420

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Johan E. Tatoy (admitted *pro hac vice*)
jtatoy@paulweiss.com
Sara E. Hershman (admitted *pro hac vice*)
shershman@paulweiss.com
1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
Tel: (212) 373-3830
Fax: (212) 492-0830

**KAUFHOLD GASKIN LLP**

Steven Kaufhold (SBN 157195)
skaufhold@kaufholdgaskin.com
388 MARKET STREET
SAN FRANCISCO, CA 94111
Tel: (415) 445-4621
Fax: (415) 874-1071

By:/s/        *Joseph J. Bial*

*Counsel for Defendants Nippon Chemi-Con Corporation and United Chemi-Con, Inc.*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Michael E. Wiles                                              5

**MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO P.C.**

Bruce D. Sokler
Robert G. Kidwell
701 Pennsylvania Avenue NW, Suite 900
Washington, DC 20004
bdsokler@mintz.com
RGKidwell@mintz.com

**MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO P.C.**
Evan S. Nadel
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
enadel@mintz.com

By:_____*/s/ Bruce Sokler*_____

*Counsel for Defendant AVX Corporation*

**PILLSBURY WINTHROP SHAW PITTMAN
LLP**

Roxane A. Polidora
Jacob R. Sorensen
Laura C. Hurtado
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111

By:_____*/s/ Roxane A. Polidora*_____

*Counsel for Defendants KEMET Corporation,
KEMET Electronics Corporation, TOKIN
Corporation; and TOKIN America, Inc..*

**WINSTON & STRAWN LLP**

Jeffrey L. Kessler *(pro hac vice)*
jkessler@winston.com
A. Paul Victor *(pro hac vice)*
pvictor@winston.com
Molly Donovan *(pro hac vice)*
mmdonovan@winston.com
Martin C. Geagan *(pro hac vice)*
mgeagan@winston.com

Honorable James Donato                                                          6

200 Park Avenue
New York, NY 10166-4193
Telephone:     (212) 294-6700
Facsimile:     (212) 294-4700

**WINSTON & STRAWN LLP**
Ian L. Papendick (SBN 275648)
ipapendick@winston.com
101 California Street
San Francisco, CA 94111
Telephone:     (415) 591-1000
Facsimile:     (415) 591-1400


By:     */s/ Jeffery L. Kessler*


*Counsel for Defendants Panasonic Corporation,*
*Panasonic Corporation of North America, SANYO*
*Electric Co., Ltd., and SANYO North America*
*Corporation*


**DENTONS US LLP**

Bonnie Lau
bonnie.lau@dentons.com
One Market Plaza
Spear Tower, 24th Floor
San Francisco, CA 94105
Telephone:  (415) 882-5083
Facsimile:  (415) 267-4198


By:             */s/ Bonnie Lau*


*Counsel for Matsuo Electric Co., Ltd.*

**WILMER CUTLER PICKERING HALE AND**
**DORR LLP**

Heather S. Nyong'o
Chris Johnstone
950 Page Mill Road
Palo Alto, CA 94304
Heather.Nyongo@wilmerhale.com
Chris.Johnstone@wilmerhale.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Michael E. Wiles                                              7

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Thomas Mueller (*pro hac vice*)
Christopher Megaw (*pro hac vice*)
Lauren Ige (*pro hac vice*)
1875 Pennsylvania Ave NW
Washington, DC 20006
Thomas.Mueller@wilmerhale.com
Chris.Megaw@wilmerhale.com
Lauren.Ige@wilmerhale.com

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Margaret O'Grady (*pro hac vice*)
60 State Street
Boston, MA 02109
Margaret.OGrady@wilmerhale.com

By:      */s/ Heather S. Nyong'o*

*Counsel for Defendants Elna Co., Ltd. and Elna America Inc.*

**JONES DAY**
Jeffrey A. LeVee
Eric P. Enson
Kelly M. Ozurovich
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
jlevee@jonesday.com
epenson@jonesday.com
kozurovich@jonesday.com

By:                */s/ Jeffrey A. LeVee*

*Counsel for Defendants Holy Stone Enterprise Co, Ltd., Holystone International, Milestone Global Technology, Inc., and Vishay Polytech Co., Ltd.*

Pursuant to Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.

cc:  All Counsel (via ECF)