1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CAPACITORS ANTITRUST LITIGATION | MASTER FILE NO. 3:14-cv-03264-JD |
| | MDL No. 17-md-2801 |
| THIS DOCUMENT RELATES TO: | [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS |
| ALL INDIRECT PURCHASER ACTIONS | ACTION SETTLEMENTS WITH DEFENDANTS HITACHI CHEMICAL, SOSHIN, HOLY STONE, NCC/UCC, AND RUBYCON, AND APPROVING THE PLAN OF ALLOCATION |

This matter has come before the Court to determine whether there is any cause why this Court should not approve Indirect Purchaser Plaintiffs' ("IPPs") settlements with Settling Defendants (1) Hitachi Chemical Co., Ltd, Hitachi AIC Inc., and Hitachi Chemical Co. America, Ltd. (collectively, "Hitachi Chemical"); (2) Soshin Electric Co., Ltd and Soshin Electronics of America, Inc. (together, "Soshin"); (3) Holystone Enterprise Co., Ltd, Holy Stone Holdings Co., Ltd, Holy Stone Polytech Co., Ltd, and Milestone Global Technology, Inc. (collectively, "Holy Stone"); (4) Nippon Chemi-Con Corp. and United Chemi-Con Corp. (together, "NCC/UCC"); and (5) Rubycon Corp. and Rubycon America Inc. (together, "Rubycon"); and approve IPPs' Plan of Allocation. The Court, having reviewed the motion, the Settlement Agreements, the pleadings and other papers on file in this action, and the statements of counsel and the parties, including at the October 17, 2018 Fairness Hearing, hereby finds that the Settlements and Plan of Allocation should be approved. Accordingly, the Court enters this Order of Final Approval.

Good cause appearing therefore:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.      The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation (collectively, the "Action") and over the parties to the Settlement Agreements, including all members of the Settlement Classes and the Settling Defendants.

2.      For purposes of this Order, except as otherwise set forth herein, the Court incorporates the definitions contained in the Settlement Agreements. Dkt. Nos. 1844-3, 1844-4, 2099-3, 2099-4, and 2099-5 in Case No. 14-3264.

3.      The Court hereby finally approves and confirms the settlements set forth in the Settlement Agreements between Class Representatives and the Settling Defendants, and finds that said settlements are, in all respects, fair, reasonable, and adequate to the Settlement Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4.      The following Classes are certified for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

Order Granting Final Approval of Class Action Settlements with Defendants Hitachi Chemical, Soshin, Holy Stone, NCC/UCC, and Rubycon, and Approving the Plan of Allocation; Case No. 3:14-cv-03264-JD

1

### a. HITACHI CHEMICAL

All persons and entities in the United States who, during the period from April 1, 2002 to February 28, 2014, purchased one or more Electrolytic Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants; and

All persons and entities in the United States who, during the period from January 1, 2002 to February 28, 2014, purchased one or more Film Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants.

### b. SOSHIN

All persons and entities in the United States who, during the period from January 1, 2002 to February 28, 2014, purchased one or more Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants; their parent companies, subsidiaries and Affiliates; any co-conspirators; Defendants' attorneys in this case; federal government entities and instrumentalities, states and their subdivisions; all judges assigned to this case; all jurors in this case; and all Persons who directly purchased Capacitors from Defendants.

### c. HOLYSTONE

All persons and entities in the United States who, during the period from April 1, 2002 to February 28, 2014, purchased one or more Electrolytic Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendant.

Order Granting Final Approval of Class Action Settlements with Defendants Hitachi Chemical, Soshin, Holy Stone, NCC/UCC, and Rubycon, and Approving the Plan of Allocation; Case No. 3:14-cv-03264-JD

2

**d. NCC/UCC**

All persons and entities in the United States who, during the period from April 1, 2002 to February 28, 2014, purchased one or more Electrolytic Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants; and

All persons and entities in the United States who, during the period from January 1, 2002 to February 28, 2014, purchased one or more Film Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, and any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants.

**e. RUBYCON**

All persons and entities in the United States who, during the period from April 1, 2002 to February 28, 2014, purchased one or more Electrolytic Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants; and

All persons and entities in the United States who, during the period from January 1, 2002 to February 28, 2014, purchased one or more Film Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants.

Order Granting Final Approval of Class Action Settlements with Defendants Hitachi Chemical, Soshin, Holy Stone, NCC/UCC, and Rubycon, and Approving the Plan of Allocation; Case No. 3:14-cv-03264-JD

3

5.      These settlement classes shall be referred to herein as the "Settlement Classes."

6.      The Court finds the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes by each of the Settlement Classes in that:

a.      there are at least thousands of geographically dispersed settlement class members, making joinder of all members impracticable;

b.      there are questions of law and fact common to the settlement classes which predominate over individual issues

c.      the claims or defenses of the class representatives are typical of the claims or defenses of the settlement classes;

d.      the Indirect Purchaser Plaintiffs will fairly and adequately protect the interests of the settlement classes, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the settlement classes; and

e.      resolution through class settlements is superior to individual settlements.

7.      The Court finds that this Action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) for settlement because: (i) questions of fact and law common to members of the Settlement Classes predominate over any questions affecting only the claims of individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

8.      Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms that Cotchett, Pitre & McCarthy LLP is appointed as Settlement Class Counsel, and that Indirect Purchaser Plaintiffs Michael Brooks, CAE Sound, Steve Wong, Toy-Knowlogy Inc., AGS Devices Co., AGS Devices Ltd., J&O Electronics, Nebraska Dynamics, Inc., Angstrom, Inc., MakersLED and In Home Tech Solutions, Inc. are appointed to serve as Class Representatives on behalf of the Settlement Classes.

9.      IPPs' notice of the Class Settlements to the Settlement Classes was the best notice practicable under the circumstances. The notice satisfied due process and provided adequate

information to the Settlement Classes of all matters relating to the Class Settlements, and fully satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1).

10.     The persons and entities identified in Exhibit A to this Order have timely and validly requested exclusion from the Settlement Classes and, therefore, are excluded from those Settlement Classes identified. Such persons and entities are not included in or bound by this Order as it relates to the specific settlement or settlements for which they opted-out.  Such persons and entities are not entitled to any recovery of the settlement proceeds obtained through these Class Settlements.

11.     No valid objections were filed regarding any of the Class Settlements.

12.     The Court finds that IPPs' proposed Plan of Allocation, proposing to pay putative Class Members on a *pro rata* basis based on qualifying purchases of capacitors and on the type and extent of injury suffered by each class member in those states which permit indirect purchaser claims is fair, reasonable, and adequate.  *In re Citric Acid Antitrust Litig.*, 145 F. Supp. 2d 1152, 1154 (N.D. Cal. 2001).  The Plan of Allocation does not unfairly favor any Class Member, or group of Class Members, to the detriment of others.    The Plan of Allocation being approved herein is the same Plan that has previously been approved by this Court in connection with earlier settlements in this case.

13.     Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over:

    a.   implementation of these settlements and any distribution to members of the Settlement Classes pursuant to further orders of this Court;

    b.   disposition of the Settlement Fund;

    c.   determining attorneys' fees, costs, expenses, and interest;

    d.   the Action until Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreements;

e.   hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and

f.   all parties to the Action and Releasing Parties, for the purpose of enforcing and administering the Settlement Agreements and the mutual releases and other documents contemplated by, or executed in connection with the Agreement.

14.   The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgments of Dismissal with prejudice as to the Settling Defendants ("Judgments") should be entered forthwith and further finds that there is no just reason for delay in the entry of the Judgments, as Final Judgments, in accordance with the Settlement Agreements.

**IT IS SO ORDERED**.

Dated: June 14, 2019

_____
Hon. James Donato
United States District Judge

# EXHIBIT A

## Exclusions from Settlement Class(es)

| Name | Exclusion Request Timely | Settlement Class(es) Excluded From |
|---|---|---|
| Gayle L. Roberts | Yes | Hitachi<br>Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Peter Zdinak | Yes | Hitachi<br>Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| LingoTeach Inc | Yes | Hitachi<br>Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Plexus Corp | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus Asia, Ltd. | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus Corp. Limited | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus Corporation (UK) Limited | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus Deutschland GmbH | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus Electronica S. de R.L. de C.V. | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus (Hangzhou) Co., Ltd. | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus International Services, Inc. | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus Intl. Sales & Logistics, LLC | Yes | Rubycon<br>Nippon/United Chemi-con |

**Order Granting Final Approval of Class Action Settlements with Defendants Hitachi Chemical, Soshin, Holy Stone, NCC/UCC, and Rubycon, and Approving the Plan of Allocation; Case No. 3:14-cv-03264-JD**

1

| Name | Exclusion Request Timely | Settlement Class(es) Excluded From |
|---|---|---|
| Plexus Manufacturing Sdn. Bhd. | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus Services RO S.R.L. | Yes | RubyconNippon/United Chemi-con |
| Plexus (Xia men) Co., Ltd. | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus (Zhejiang) Co., Ltd | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus Corp. (Kelso) Limited | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus Corp. (Maldon) Limited | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus Services Corp. | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus Technology Group, Inc. | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus Electronic Assembly Corp. | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus NPI Plus Corp. | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus Nampa LLC | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus Aerospace, Defense and Security Services, LLC USA | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus QS, LLC | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus Management Services Corporation USA | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus (Thailand) Co., Ltd. | Yes | Rubycon<br>Nippon/United Chemi-con |
| PTL Information Technology Services Corp. | Yes | Rubycon<br>Nippon/United Chemi-con |
| Plexus Services Americas, S. de R.L. de C.V. | Yes | Rubycon<br>Nippon/United Chemi-con |

Order Granting Final Approval of Class Action Settlements with Defendants Hitachi Chemical, Soshin, Holy Stone, NCC/UCC, and Rubycon, and Approving the Plan of Allocation;
Case No. 3:14-cv-03264-JD

2

| Name | Exclusion Request Timely | Settlement Class(es) Excluded From |
|---|---|---|
| Microsoft Mobile, Inc. and Microsoft Mobile Oy | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Microsoft Corporation | Yes | Soshin<br>RubyconHolystoneNippon/United Chemi-con |
| Microsoft Corporation's Subsidiaries | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Nokia Corporation (Finland) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Nokia Sales International Oy (Finland) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Nokia India Pvt. Ltd. (India) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| OOO Nokia (Russia) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Nokia (China) Investment Co., Ltd. (China) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Nokia Telecommunications Ltd. (China) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Nokia Inc. (United States) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |

Order Granting Final Approval of Class Action Settlements with Defendants Hitachi Chemical, Soshin, Holy Stone, NCC/UCC, and Rubycon, and Approving the Plan of Allocation; Case No. 3:14-cv-03264-JD

3

| Name | Exclusion Request Timely | Settlement Class(es) Excluded From |
|---|---|---|
| Nokia UK Limited (United Kingdom) | Yes | Soshin Rubycon Holystone Nippon/United Chemi-con |
| Nokia do Brasil Technologia Ltda (Brazil) | Yes | Soshin Rubycon Holystone Nippon/United Chemi-con |
| Nokia TMC Limited (South Korea) | Yes | Soshin RubyconHolystoneNippon/United Chemi-con |
| Nokia (Thailand) Ltd. (Thailand) | Yes | Soshin Rubycon Holystone Nippon/United Chemi-con |
| Nokia Solutions and Networks B.V. (The Netherlands) | Yes | Soshin Rubycon Holystone Nippon/United Chemi-con |
| Nokia Solutions and Networks Oy (Finland) | Yes | Soshin Rubycon Holystone Nippon/United Chemi-con |
| Nokia Solutions and Networks US LLC (United States) | Yes | Soshin Rubycon Holystone Nippon/United Chemi-con |
| Nokia Solutions and Networks Japan Corp (Japan) | Yes | Soshin Rubycon Holystone Nippon/United Chemi-con |
| Nokia Solutions and Networks India Private Limited (India) | Yes | Soshin Rubycon Holystone Nippon/United Chemi-con |
| Nokia Solutions and Networks System Technology (Beijing) Co., Ltd (China) | Yes | Soshin Rubycon Holystone Nippon/United Chemi-con |

| Name | Exclusion Request Timely | Settlement Class(es) Excluded From |
|---|---|---|
| Nokia Solutions and Networks Branch Operations Oy (Finland) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Nokia Solutions and Networks Korea Ltd (South Korea) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Nokia Solutions and Networks do Brasil Telecomunicações Ltda (Brazil) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Nokia Solutions and Networks Technology Service Co., Ltd (China) | Yes | Soshin<br>RubyconHolystoneNippon/United Chemi-con |
| HERE Holding Corporation (United States) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| HERE Global B.V. (The Netherlands) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| HERE Europe B.V. (The Netherlands) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| HERE North America LLC (United States) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| HERE Deutschland GmbH (Germany) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Nokia Finance International B.V. (The Netherlands) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |

| Name | Exclusion Request Timely | Settlement Class(es) Excluded From |
|---|---|---|
| Nokia GmbH (Germany) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Nokia Capitel Telecommunications Ltd. (China) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Dongguan Nokia Mobile Phones Company Ltd. (China) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Nokia Komarom Kft (Hungary) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Nokia Romania SRL (Romania) | Yes | Soshin<br>RubyconHolystoneNippon/United Chemi-con |
| Nokia Communications Equipment (Shanghai) Ltd (China) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Nokia (HK) Ltd (Hong Kong) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Nokia Mobile Phone Manufacturing (HK) Ltd (Hong Kong) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Nokia Mobile Communications KK (formerly Nokia Mobile Phone Japan) | Yes | Soshin<br>Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Dell Inc. | Yes | Rubycon<br>Holystone<br>Nippon/United Chemi-con |

**Order Granting Final Approval of Class Action Settlements with Defendants Hitachi Chemical, Soshin, Holy Stone, NCC/UCC, and Rubycon, and Approving the Plan of Allocation; Case No. 3:14-cv-03264-JD**

6

| Name | Exclusion Request Timely | Settlement Class(es) Excluded From |
|---|---|---|
| Dell Technologies, Inc. | Yes | Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| EMC Corporation | Yes | Rubycon<br>Holystone<br>Nippon/United Chemi-con |
| Wyse Technology, Inc. | Yes | Rubycon<br>Holystone<br>Nippon/United Chemi-con |