# EXHIBIT 2

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE CAPACITORS ANTITRUST LITIGATION** | **Case No. 3:14-cv-03264-JD** |
| This Document Relates to:<br><br>Indirect Purchaser Actions | **SETTLEMENT AGREEMENT** |

This Settlement Agreement ("Settlement Agreement") is made and entered into this 27th day of September, 2018 (the "Execution Date"), by and among Defendants Nichicon Corporation and Nichicon (America) Corporation (collectively, "Nichicon"), and the Indirect Purchaser Plaintiffs ("IPPs"), both individually and on behalf of the Class in the above captioned action. This Settlement Agreement is intended by the Settling Parties to fully, finally, and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

**RECITALS**

WHEREAS, IPPs are prosecuting the above-captioned action ("Action") on their own behalf and on behalf of the Class against Nichicon, other Defendants, and alleged co-conspirators;

WHEREAS, IPPs allege Nichicon violated antitrust and consumer protection laws by conspiring to fix, raise, maintain, or stabilize the prices of Capacitors and these acts caused the Class to incur damages, among other allegations;

WHEREAS, Nichicon has denied and continues to deny each and all of IPPs' claims and allegations of wrongdoing; has not conceded or admitted any liability, or that it violated or breached any law, regulation, or duty owed to the IPPs; has denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged in the Action; and further denies the allegations that the IPPs or any member of the Class were harmed by any conduct by Nichicon alleged in the Action or otherwise;

WHEREAS, IPPs and Nichicon have engaged in extensive discovery regarding the facts pertaining to IPPs' claims and Nichicon's defenses;

WHEREAS, IPPs and Nichicon agree that neither this Settlement Agreement nor any statement made in the negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Nichicon or of the truth of any of the claims or allegations alleged in the Action;

WHEREAS, Class Counsel have concluded, after due investigation and after carefully considering the relevant circumstances, including, without limitation, the claims asserted in the IPPs' Fifth Consolidated Complaint filed in Docket No. 14-cv-03264-JD, the legal and factual defenses thereto and the applicable law, that it is in the best interests of the IPPs and the Class to

1  enter into this Settlement Agreement to avoid the uncertainties of litigation and to assure that the

2  benefits reflected herein are obtained for the IPPs and the Class, and, further, that Class Counsel

3  consider the Settlement set forth herein to be fair, reasonable, adequate, and in the best interests of

4  the IPPs and the Class; and

5          WHEREAS, Nichicon has concluded, despite its belief that it is not liable for the claims

6  asserted against it in the Action and that it has good defenses thereto, that it will enter into this

7  Settlement Agreement to avoid further expense, inconvenience, and the distraction of burdensome

8  and protracted litigation, and thereby to put to rest this controversy with respect to the IPPs and the

9  Class and avoid the risks inherent in complex litigation; and

10         WHEREAS, arm's length settlement negotiations and mediation have taken place between

11 Class Counsel and Nichicon, and this Settlement Agreement, which embodies all of the terms and

12 conditions of the Settlement between the Settling Parties, both individually and on behalf of the

13 Class, has been reached as a result of the Settling Parties' negotiations and mediation (subject to the

14 approval of the Court) as provided herein and is intended to supersede any prior agreements or

15 understandings between the Settling Parties.

16                                **AGREEMENT**

17         NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the

18 Settling Parties, by and through their undersigned attorneys of record, in consideration of the

19 covenants, agreements, and releases set forth herein and for other good and valuable consideration,

20 that the Action and the Released Claims as against Nichicon shall be finally and fully settled,

21 compromised and dismissed on the merits and with prejudice, without costs as to IPPs, the Class, or

22 Nichicon, upon and subject to the approval of the Court, following notice to the Class, on the

23 following terms and conditions:

24 **Definitions**

25         1.      As used in this Settlement Agreement the following terms shall have the meanings

26 specified below:

27              (a)      "Action" or "Actions" means *In re Capacitors Antitrust Litigation* – All

28 Indirect Purchaser Actions, Case No. 3:14-cv-03264-JD, and each of the cases brought on behalf of

---

1  indirect purchasers previously consolidated and/or included as part of Docket No. 3:14-cv-03264-
2  JD.

3         (b)     "Affiliates" means entities controlling, controlled by or under common
4  control with a Releasee or Releasor.

5         (c)     "Authorized Claimant" means any IPP who, in accordance with the terms of
6  this Settlement Agreement, is entitled to a distribution consistent with any Distribution Plan or
7  order of the Court ordering distribution to the Class.

8         (d)     "Capacitors" means electronic components that store electric charges
9  between one or more pairs of conductors separated by an insulator. It includes electrolytic,
10  aluminum, tantalum and/or film capacitors.

11         (e)     "Claims Administrator" means the claims administrator(s) to be selected by
12  Class Counsel.

13         (f)     "Class" is defined as: All persons and entities in the United States who,
14  during the period from April 1, 2002 to February 28, 2014, purchased one or more Electrolytic
15  Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or
16  alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent
17  companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case,
18  federal government entities and instrumentalities, states and their subdivisions, all judges assigned
19  to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors
20  from Defendants.

21         (g)     "Class Counsel" means the law firm of Cotchett, Pitre & McCarthy, LLP.

22         (h)     "Class Member" means a Person who falls within the definition of the Class
23  and who does not timely and validly elect to be excluded from the Class in accordance with the
24  procedure to be established by the Court.

25         (i)     "Court" means the United States District Court for the Northern District of
26  California.

27         (j)     "Defendant" or "Defendants" means Nichicon Corporation and Nichicon
28  (America) Corporation, Nippon Chemi-Con Corp., United Chemi-Con, Inc., Hitachi Chemical Co.,

1  Ltd., Hitachi AIC Inc., Hitachi Chemical Co. America, Ltd., Inc., Rubycon Corp., Rubycon

2  America Inc., Panasonic Corp., Panasonic Corp. of North America, SANYO Electric Co., Ltd.,

3  SANYO Electronic Device (U.S.A.) Corp., Elna Co., Ltd. and Elna America Inc., Matsuo Electric

4  Co., Ltd., NEC TOKIN Corp., NEC TOKIN America Inc., Fujitsu Media Devices, Ltd., Nissei

5  Electric Co., Ltd., Nitsuko Electronics Corp., Okaya Electric Industries Co., Ltd., Shinyei

6  Technology Co., Ltd., Shinyei Capacitor Co., Ltd., Soshin Electric Co., Ltd., Taitsu Corp., Toshin

7  Kogyo Co., Ltd., Holy Stone Enterprise Co., Ltd., Holy Stone Holdings Co., Ltd., Holy Stone

8  Polytech Co., Ltd., and Milestone Global Technology, Inc.

9        (k)    "Distribution Plan" means any plan or formula of allocation of the Gross

10  Settlement Fund, to be approved by the Court, whereby the Net Settlement Fund shall in the future

11  be distributed to Authorized Claimants.

12        (l)    "Document" is synonymous in meaning and equal in scope to the usage of

13  this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data

14  compilations. A draft of non-identical copy is a separate document within the meaning of this term.

15        (m)    "Effective Date" means the first date by which all of the following events and

16  conditions have been met or have occurred:

17              1.    All parties have executed this Settlement Agreement;

18              2.    The Court has preliminarily approved the Settlement Agreement and

19  the motion after providing notice to the Class as defined herein;

20              3.    The Court has entered a Final Judgment; and

21              4.    The Final Judgment (as more fully described in ¶ 6) has become final,

22  with the occurrence of the following: (A) the entry by the Court of a final order approving the

23  Settlement Agreement under Federal Rules of Civil Procedure ("Rule") 23(e) together with entry of

24  a final judgment dismissing the Action and all claims therein against Nichicon with prejudice as to

25  all Class Members ("Final Judgment"), and (B) the expiration of the time for appeal or to seek

26  permission to appeal from the Court's approval of the Settlement Agreement and entry of the Final

27  Judgment or, if an appeal from an approval and Final Judgment is taken, the affirmance of such

28  Final Judgment in its entirety, without modification, by the court of last resort to which an appeal of

1  such Final Judgment may be taken, provided, however, a modification or reversal on appeal of any

2  amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund or

3  any plan of allocation or distribution of the Settlement Fund shall not be deemed a modification of

4  all or part of the terms of this Settlement Agreement or the Final Judgment. It is agreed that neither

5  the provisions of Rule 60 nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in

6  determining the above-stated times.

7          (n)     "Electrolytic Capacitor" means a capacitor that uses an electrolyte (an ionic

8  conducting liquid) as one of its plates to achieve a relatively larger capacitance per volume. It

9  includes but is not limited to the following: circular polymer aluminum electrolytic capacitors,

10  rectangular polymer aluminum capacitors, rectangular polymer tantalum capacitors and other

11  tantalum capacitors, and non-polymer aluminum electrolytic capacitors.

12          (o)     "Escrow Agent" means the agent jointly designated by Class Counsel and

13  Nichicon, and any successor agent.

14          (p)     "Execution Date" means the date of the last signature set forth on the

15  signature pages below.

16          (q)     "Final" means, with respect to any order of court, including, without

17  limitation, the Judgment, that such order represents a final and binding determination of all issues

18  within its scope and is not subject to further review on appeal or otherwise. Without limitation, an

19  order becomes "Final" when: (a) no appeal has been filed and the prescribed time for commencing

20  any appeal has expired; or (b) an appeal has been filed and either (i) the appeal has been dismissed

21  and the prescribed time, if any, for commencing any further appeal has expired, or (ii) the order has

22  been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has

23  expired. For purposes of this Settlement Agreement, an "appeal" includes appeals as of right,

24  discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus,

25  and any other proceedings of like kind. Any appeal or other proceeding pertaining solely to any

26  order adopting or approving a Distribution Plan, and/or to any order issued in respect of an

27  application for attorneys' fees and expenses consistent with this Settlement Agreement, shall not in

28  any way delay or preclude the Judgment from becoming Final.

1    (r)    "Gross Settlement Fund" means the Settlement Amount plus any interest that

2 may accrue.

3    (s)    "IPPs" means Michael Brooks, CAE Sound, Steve Wong, Toy-Knowlogy

4 Inc., AGS Devices, Co., AGS Devices, Ltd., J&O Electronics, Nebraska Dynamics, Inc., Angstrom,

5 Inc., MakersLED, and In Home Tech Solutions, Inc., as well as any other Person added as an IPP in

6 the Actions.

7    (t)    "Judgment" means the order of judgment and dismissal of the Action with

8 prejudice.

9    (u)    "Net Settlement Fund" means the Gross Settlement Fund, less the payments

10 set forth in ¶ 16.

11    (v)    "Nichicon" means collectively Nichicon Corporation, Nichicon (America)

12 Corporation, and their respective past, present and future direct and indirect parents, members,

13 subsidiaries, and Affiliates, and the past, present, and future respective officers, directors,

14 employees, managers, members, partners, agents, shareholders (in their capacity as shareholders),

15 attorneys and legal representatives, assigns, servants, and representatives, and the predecessors,

16 successors, heirs, executors, administrators, and assigns of each of the foregoing.

17    (w)    "Notice, Administrative and Claims Administration Costs" means the

18 reasonable sum of money not to exceed $1,000,000.00 ($1 million) to be paid out of the Gross

19 Settlement Fund to pay for notice to the Class and related administrative and claims administration

20 costs.

21    (x)    "Person(s)" means an individual, corporation, limited liability corporation,

22 professional corporation, limited liability partnership, partnership, limited partnership, association,

23 joint stock company, estate, legal representative, trust, unincorporated association, government or

24 any political subdivision or agency thereof, and any business or legal entity and any spouses, heirs,

25 predecessors, successors, representatives or assignees of any of the foregoing.

26    (y)    "Proof of Claim and Release" means the form to be sent to the Class, upon

27 further order(s) of the Court, by which any member of the Class may make claims against the Gross

28 Settlement Fund.

(z)    "Released Claims" means any and all manner of claims, demands, rights, actions, suits, causes of action, whether class, individual or otherwise in nature, fees, costs, penalties, injuries, damages whenever incurred, liabilities of any nature whatsoever, known or unknown (including, but not limited to, "Unknown Claims"), foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, contingent or non-contingent, in law or in equity, under the laws of any jurisdiction, which Releasors or any of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have or hereafter can, shall or may have, relating in any way to any conduct prior to February 28, 2014 and arising out of or related in any way in whole or in part to any facts, circumstances, acts, or omissions arising out of or related to (1) the purchase, pricing, selling, discounting, marketing, manufacturing and/or distributing of Capacitors; (2) any agreement, combination or conspiracy to raise, fix, maintain or stabilize the prices of Capacitors or restrict, reduce, alter or allocate the supply, quantity or quality of Capacitors or concerning the development, manufacture, supply, distribution, transfer, marketing, sale or pricing of Capacitors, or any other restraint of competition alleged in the Action or that could have been or hereafter could be alleged against the Releasees relating to Capacitors, or (3) any other restraint of competition relating to Capacitors that could be asserted as a violation of the Sherman Act or any other antitrust, unjust enrichment, unfair competition, unfair practices, trade practices, price discrimination, unitary pricing, racketeering, civil conspiracy or consumer protection law, whether under federal, state, local or foreign law.

(aa)    "Releasees" refers jointly and severally, individually and collectively to Nichicon as defined in ¶ 1(v) above.

(bb)    "Releasors" refers jointly and severally, individually and collectively to the IPPs and each and every member of the Class on their own behalf and on behalf of their respective past, present, and/or future direct and indirect parents, members, subsidiaries and Affiliates, and their past, present and/or future officers, directors, employees, managers, members, partners, agents, shareholders (in their capacity as shareholders), attorneys and legal representatives, servants, and representatives, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing.

(cc)   "Settlement" means the settlement of the Released Claims set forth herein.

(dd)   "Settlement Amount" means exactly twenty-one million and five-hundred thousand dollars ($21,500,000.00).

(ee)   "Settling Parties" means, collectively, the IPPs (on behalf of themselves and the Class) and Nichicon.

(ff)   "Unknown Claims" means any Released Claim that an Indirect Purchaser Plaintiff and/or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Releasees that if known by him, her or it, might have affected his, her or its settlement with and release of the Releasees, or might have affected his, her or its decision not to object to this Settlement. Such Unknown Claims include claims that are the subject of California Civil Code § 1542 and equivalent, similar or comparable laws or principles of law. California Civil Code § 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**Preliminary Approval Order, Notice Order and Settlement Hearing**

2.   ***Reasonable Best Efforts to Effectuate this Settlement.*** The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement the terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the terms and conditions of this Settlement Agreement.

3.   ***Motion for Preliminary Approval.*** At a time to be determined by Class Counsel, Class Counsel shall submit this Settlement Agreement to the Court and shall apply for entry of a Preliminary Approval Order, requesting, *inter alia*, preliminary approval of the Settlement. Class Counsel shall endeavor to make this submission within 28 days of the Execution Date. The motion shall include (a) the proposed Preliminary Approval Order, and (b) a definition of the proposed settlement Class pursuant to Rule 23.

4.   *Proposed Notice.* At a time to be determined in their sole discretion, Class Counsel shall submit to the Court for approval a proposed form of, method for, and schedule for dissemination of notice to the Class. Class Counsel shall endeavor to make this submission within 6 months of the Execution Date.  To the extent practicable and to the extent consistent with this paragraph, Class Counsel may seek to coordinate this notice program with other settlements that may be reached in the Action to reduce the expense of notice. This motion shall recite and ask the Court to find that the proposed form of and method for dissemination of the notice to the Class constitutes valid, due and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Rule 23.

5.   *Claims Administrator.* IPPs shall retain a Claims Administrator, which shall be responsible for the claims administration process including distribution to Class Members pursuant to a court-approved plan of distribution. The fees and expenses of the Claims Administrator shall be paid exclusively out of the Settlement Fund. In no event shall Nichicon be separately responsible for any fees or expenses of the Claims Administrator.

6.   *Motion for Final Approval and Entry of Final Judgment.* Prior to the date set by the Court to consider whether this Settlement should be finally approved, Class Counsel shall submit a motion for final approval of the Settlement by the Court. The Settling Parties shall jointly seek entry of the Final Approval Order and Judgment:

(a)   certifying the Class, as defined in this Settlement Agreement, pursuant to Rule 23, solely for purposes of this Settlement;

(b)   fully and finally approving the Settlement contemplated by this Settlement Agreement and its terms as being fair, reasonable and adequate within the meaning of Rule 23 and directing its consummation pursuant to its terms and conditions;

(c)   finding that the notice given to the Class Members constituted the best notice practicable under the circumstances and complies in all respects with the requirements of Rule 23 and due process;

(d)   directing that the Actions be dismissed with prejudice as to Nichicon and, except as provided for herein, without costs;

1           (e)     discharging and releasing the Releasees from all Released Claims;

2           (f)     permanently barring and enjoining the institution and prosecution, by IPPs

3 and Class Members, of any other action against the Releasees in any court asserting any claims

4 related in any way to the Released Claims;

5           (g)     reserving continuing and exclusive jurisdiction over the Settlement, including

6 all future proceedings concerning the administration, consummation and enforcement of this

7 Settlement Agreement;

8           (h)     determining pursuant to Rule 54(b) that there is no just reason for delay and

9 directing entry of a final judgment as to Nichicon; and

10           (i)     containing such other and further provisions consistent with the terms of this

11 Settlement Agreement to which the parties expressly consent in writing.

12     7.     At least fourteen (14) business days prior to the filing of any motions or other papers

13 in connection with this Settlement, including without limitation, the Preliminary Approval Motion

14 and the Motion for Final Approval of the Settlement, Class Counsel will send working drafts of

15 these papers to counsel for Nichicon. The text of any proposed form of order preliminarily or finally

16 approving the Settlement shall be agreed upon by Plaintiffs and Nichicon before it is submitted to

17 the Court and shall be consistent with the terms of this Settlement Agreement and the Class

18 definitions set forth herein.

19     8.     *Stay Order.* Upon the Execution Date, the Actions shall be stayed as against

20 Nichicon only. Should the Actions be tried against any Defendants other than Nichicon, the parties

21 specifically agree that any findings therein shall not be binding on or admissible in evidence against

22 Nichicon or prejudice Nichicon in any way in any future proceeding involving Nichicon.

23     9.     Upon the date that the Court enters an order preliminarily approving the Settlement,

24 IPPs and members of the Class shall be barred and enjoined from commencing, instituting or

25 continuing to prosecute any action or any proceeding in any court of law or equity, arbitration

26 tribunal, administrative forum or other forum of any kind worldwide based on the Released Claims.

27 Nothing in this provision shall prohibit the IPPs or Class Counsel from continuing to participate in

28

discovery in the Action that is initiated by other plaintiffs or that is subject to and consistent with the cooperation provisions set forth in ¶¶ 32-35.

**Releases**

10.    *Released Claims.* Upon the Effective Date, the Releasors (regardless of whether any such Releasor ever seeks or obtains any recovery by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Gross Settlement Fund), by virtue of this Settlement Agreement, shall be deemed to have, and by operation of the Judgment shall have fully, finally and forever released, relinquished and discharged all Released Claims against the Releasees.

11.    *No Future Action Following Release.* The Releasors shall not, after the Effective Date, seek (directly or indirectly) to commence, institute, maintain or prosecute any suit, action or complaint or collect from or proceed against Nichicon or any other Releasee (including pursuant to the Actions) based on the Released Claims in any forum worldwide, whether on his, her, or its own behalf or as part of any putative, purported or certified class of purchasers or consumers.

12.    *Covenant Not to Sue.* Releasors hereby covenant not to sue the Releasees with respect to any such Released Claims. Releasors shall be permanently barred and enjoined from instituting, commencing or prosecuting against the Releasees any claims based in whole or in part on the Released Claims. The Settling Parties contemplate and agree that this Settlement Agreement may be pleaded as a bar to a lawsuit, and an injunction may be obtained, preventing any action from being initiated or maintained in any case sought to be prosecuted on behalf of IPPs with respect to the Released Claims.

13.    *Waiver of California Civil Code § 1542 and Similar Laws.* The Releasors acknowledge that, by virtue of the execution of this Settlement Agreement, and for the consideration received hereunder, it is their intention to release, and they are releasing, all Released Claims, even Unknown Claims. In furtherance of this intention, the Releasors expressly waive and relinquish, to the fullest extent permitted by law, any rights or benefits conferred by the provisions of California Civil Code § 1542, as set forth in ¶ 1(ff), or equivalent, similar or comparable laws or principles of law. The Releasors acknowledge that they have been advised by Class Counsel of the

1   contents and effects of California Civil Code § 1542, and hereby expressly waive and release with
2   respect to the Released Claims any and all provisions, rights and benefits conferred by California
3   Civil Code § 1542 or by any equivalent, similar or comparable law or principle of law in any
4   jurisdiction. The Releasors may hereafter discover facts other than or different from those which
5   they know or believe to be true with respect to the subject matter of the Released Claims, but the
6   Releasors hereby expressly waive and fully, finally and forever settle and release any known or
7   unknown, suspected or unsuspected, foreseen or unforeseen, asserted or unasserted, contingent or
8   non-contingent, and accrued or unaccrued claim, loss or damage with respect to the Released
9   Claims, whether or not concealed or hidden, without regard to the subsequent discovery or
10  existence of such additional or different facts. The release of unknown, unanticipated, unsuspected,
11  unforeseen, and unaccrued losses or claims in this paragraph is not a mere recital.

12      14.   ***Claims Excluded from Release.*** Notwithstanding the foregoing, the releases
13  provided herein shall not release claims against Nichicon for product liability, breach of contract,
14  breach of warranty or personal injury, or any other claim unrelated to the allegations in the Action
15  of restraint of competition or unfair competition with respect to Capacitors. Additionally, the
16  releases provided herein shall not release any claims to enforce the terms of this Settlement
17  Agreement.

18  **Settlement Fund**

19      15.   ***Settlement Payment.*** Nichicon shall pay by wire transfer the Settlement Amount to
20  the Escrow Agent pursuant to escrow instructions provided by Class Counsel by November 5, 2018.
21  This amount constitutes the total amount of payment that Nichicon is required to make in
22  connection with this Settlement Agreement. This amount shall not be subject to reduction, and upon
23  the occurrence of the Effective Date, no funds shall revert to Nichicon except as provided herein.
24  The Escrow Agent shall only act in accordance with the mutually agreed escrow instructions.

25      16.   ***Disbursements Prior to Effective Date.*** No amount may be disbursed from the Gross
26  Settlement Fund unless and until the Effective Date, except that: (a) Notice, Administrative and
27  Claims Administration Costs may be paid from the Gross Settlement Fund, which may not exceed
28  $1,000,000.00 ($1 million), as they become due; (b) Taxes and Tax Expenses (as defined in ¶ 20

---

below) may be paid from the Gross Settlement Fund as they become due, and (c) attorneys' fees and reimbursement of litigation costs may be paid as ordered by the Court, which may be disbursed during the pendency of any appeals, which may be taken from the judgment to be entered by the Court finally approving this Settlement.

17.   **_Refund by Escrow Agent._** If the Settlement as described herein is not finally approved by any court, or it is terminated as provided herein, or the Judgment is overturned on appeal or by writ, the Gross Settlement Fund, including the Settlement Amount and all interest earned on the Settlement Amount while held in escrow, excluding only Notice, Administrative and Claims Administration Costs and Taxes and/or Tax Expenses (as defined in below), shall be refunded, reimbursed and repaid by the Escrow Agent to Nichicon within five (5) business days after receiving notice pursuant to ¶ 41 below.

18.   **_Refund by Class Counsel._** If the Settlement as described herein is not finally approved by any court, or it is terminated as provided herein, or the Judgment as described herein is not approved or entered or is overturned on appeal or by writ, any attorneys' fees and costs previously paid pursuant to this Settlement Agreement (as well as interest on such amounts) shall be refunded, reimbursed and repaid by Class Counsel to Nichicon within thirty (30) business days after receiving notice pursuant to ¶ 41 below.

19.   **_No Additional Payments by Nichicon._** Under no circumstances will Nichicon be required to pay more or less than the Settlement Amount pursuant to this Settlement Agreement and the Settlement set forth herein. For purposes of clarification, the payment of any Fee and Expense Award (as defined in ¶ 29 below), the Notice, Administrative and Claims Administrative Costs, and any other costs associated with the implementation of this Settlement Agreement shall be exclusively paid from the Settlement Amount.

20.   **_Taxes._** The Settling Parties and the Escrow Agent agree to treat the Gross Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. The Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the

procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver timely and properly the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(a)   For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall satisfy the administrative requirements imposed by Treas. Reg. §1.468B-2 by, e.g., (i) obtaining a taxpayer identification number, (ii) satisfying any information reporting or withholding requirements imposed on distributions from the Gross Settlement Fund, and (iii) timely and properly filing applicable federal, state and local tax returns necessary or advisable with respect to the Gross Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)) and paying any taxes reported thereon. Such returns (as well as the election described in this paragraph) shall be consistent with the provisions of this paragraph and in all events shall reflect that all Taxes as defined in ¶ 20(b) below on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided in ¶ 20(b) hereof;

(b)   The following shall be paid out of the Gross Settlement Fund: (i) all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Gross Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon Nichicon or its counsel with respect to any income earned by the Gross Settlement Fund for any period during which the Gross Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes (collectively, "Taxes"); and (ii) all expenses and costs incurred in connection with the operation and implementation of this paragraph, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph (collectively, "Tax Expenses"). In all events neither Nichicon nor its counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. With funds from the Gross Settlement Fund, the Escrow Agent shall indemnify and hold harmless Nichicon and its counsel for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost

1    of administration of the Gross Settlement Fund and shall timely be paid by the Escrow Agent out of

2    the Gross Settlement Fund without prior order from the Court and the Escrow Agent shall be

3    obligated (notwithstanding anything herein to the contrary) to withhold from distribution to

4    Authorized Claimants any funds necessary to pay such amounts, including the establishment of

5    adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to

6    be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Nichicon nor its counsel is responsible

7    therefor, nor shall they have any liability therefor. The Settling Parties agree to cooperate with the

8    Escrow Agent, each other, their tax attorneys and their accountants to the extent reasonably

9    necessary to carry out the provisions of this paragraph.

10    **Administration and Distribution of Gross Settlement Fund**

11         21.    *Time to Appeal.* The time to appeal from an approval of the Settlement shall

12    commence upon the Court's entry of the Judgment regardless of whether or not either the

13    Distribution Plan or an application for attorneys' fees and expenses has been submitted to the Court

14    or resolved.

15         22.    *Distribution of Gross Settlement Fund.* Upon further orders of the Court, the Notice

16    and Claims Administrator, subject to such supervision and direction of the Court and/or Class

17    Counsel as may be necessary or as circumstances may require, shall administer the claims

18    submitted by members of the Class and shall oversee distribution of the Gross Settlement Fund to

19    Authorized Claimants pursuant to the Distribution Plan. Subject to the terms of this Settlement

20    Agreement and any order(s) of the Court, the Gross Settlement Fund shall be applied as follows:

21            (a)    To pay all costs and expenses reasonably and actually incurred in connection

22    providing notice to the Class in connection with administering and distributing the Net Settlement

23    Fund to Authorized Claimants, and in connection with paying escrow fees and costs, if any;

24            (b)    To pay all costs and expenses, if any, reasonably and actually incurred in

25    accepting claims and assisting with the filing and processing of such claims;

26            (c)    To pay the Taxes and Tax Expenses as defined herein;

27            (d)    To pay any Attorney Fee and Expense Award that is allowed by the Court,

28    subject to and in accordance with the Agreement; and.

---

1        (e)    To distribute the balance of the "Net Settlement Fund" to Authorized

2 Claimants as allowed by the Agreement, any Distribution Plan or order of the Court.

3      23.    ***Distribution of Net Settlement Fund.*** The Net Settlement Fund shall be distributed

4 in accordance with the Distribution Plan that is approved by the Court.

5      24.    All Persons who fall within the definition of the Class who do not timely and validly

6 request to be excluded from the Class shall be subject to and bound by the provisions of this

7 Settlement Agreement, the releases contained herein, and the Judgment with respect to all Released

8 Claims, regardless of whether such Persons seek or obtain by any means, including, without

9 limitation, by submitting a Proof of Claim and Release or any similar document, any distribution

10 from the Gross Settlement Fund or the Net Settlement Fund.

11      25.    ***No Liability for Distribution of Settlement Funds.*** Neither the Releasees nor their

12 counsel shall have any responsibility for, interest in or liability whatsoever with respect to the

13 distribution of the Gross Settlement Fund; the Distribution Plan; the determination, administration,

14 or calculation of claims; the Settlement Fund's qualification as a "qualified settlement fund"; the

15 payment or withholding of Taxes or Tax Expenses; the distribution of the Net Settlement Fund; or

16 any losses incurred in connection with any such matters. The Releasors hereby fully, finally and

17 forever release, relinquish and discharge the Releasees and their counsel from any and all such

18 liability. No Person shall have any claim against Class Counsel or the Notice and Claims

19 Administrator based on the distributions made substantially in accordance with the Agreement and

20 the Settlement contained herein, the Distribution Plan or further orders of the Court.

21      26.    ***Balance Remaining in Net Settlement Fund.*** If there is any balance remaining in

22 the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Class

23 Counsel may reallocate such balance among Authorized Claimants in an equitable and economic

24 fashion, distribute the remaining funds through *cy pres*, or allow the money to escheat to federal or

25 state governments, subject to Court approval. In no event shall the Net Settlement Fund revert to

26 Nichicon.

27      27.    ***Distribution Plan Not Part of Settlement.*** It is understood and agreed by the Settling

28 Parties that any Distribution Plan, including any adjustments to any Authorized Claimant's claim, is

1 │ not a part of this Settlement Agreement and is to be considered by the Court separately from the

2 │ Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in

3 │ this Settlement Agreement, and any order or proceedings relating to the Distribution Plan shall not

4 │ operate to terminate or cancel this Settlement Agreement or affect the finality of the Judgment, the

5 │ Final Approval Order, or any other orders entered pursuant to this Settlement Agreement. The time

6 │ to appeal from an approval of the Settlement shall commence upon the Court's entry of the

7 │ Judgment regardless of whether either the Distribution Plan or an application for attorneys' fees and

8 │ expenses has been submitted to the Court or approved.

9 │ **Attorneys' Fees and Reimbursement of Expenses**

10 │      28.    ***Fee and Expense Application.*** Class Counsel may submit an application or

11 │ applications ("Fee and Expense Application") for distributions from the Gross Settlement Fund, for:

12 │ (a) an award of attorneys' fees; plus (b) reimbursement of expenses incurred in connection with

13 │ prosecuting the Action; plus (c) any interest on such attorneys' fees and expenses (until paid) at the

14 │ same rate and for the same periods as earned by the Settlement Fund, as appropriate, and as may be

15 │ awarded by the Court.

16 │      29.    ***Payment of Fee and Expense Award.*** Any amounts that are awarded by the Court

17 │ pursuant to the above paragraph ("Fee and Expense Award") shall be paid from the Gross

18 │ Settlement Fund consistent with the provisions of this Settlement Agreement.

19 │      30.    ***Award of Fees and Expenses Not Part of Settlement.*** The procedure for, and the

20 │ allowance or disallowance by the Court of, the Fee and Expense Application are not part of the

21 │ Settlement set forth in this Settlement Agreement and are to be considered by the Court separately

22 │ from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set

23 │ forth in this Settlement Agreement. Any order or proceeding relating to the Fee and Expense

24 │ Application, or any appeal from any Fee and Expense Award or any other order relating thereto or

25 │ reversal or modification thereof, shall not operate to terminate or cancel this Settlement Agreement,

26 │ or affect or delay the finality of the Judgment and the Settlement of the Action as set forth herein.

27 │ No order of the Court or modification or reversal on appeal of any order of the Court concerning

28 │

1  any Fee and Expense Award or Distribution Plan shall constitute grounds for cancellation or
2  termination of this Settlement Agreement.

3        31. *No Liability for Fees and Expenses of Class Counsel.* Nichicon shall have no
4  responsibility for, and no liability whatsoever with respect to, any payment(s) to Class Counsel
5  pursuant to this Settlement Agreement and/or to any other Person who may assert some claim
6  thereto or any Fee and Expense Award that the Court may make in the Actions, other than as set
7  forth in this Settlement Agreement.

8  <u>Cooperation</u>

9        32. *Cooperation as Consideration.* In return for the Release and Discharge provided
10 herein, Nichicon agrees to pay the Settlement Amount and agrees to work in good faith to provide
11 cooperation to IPPs in the form of trial witnesses and attorney proffers to the extent this cooperation
12 does not prejudice the defense of any other legal action against Nichicon.  The Settling Parties
13 recognize that Nichicon is a defendant in other cases brought by different plaintiffs concerning
14 allegations of violations of antitrust laws regarding Capacitors.

15       33. *Cooperation Subject to and Consistent with Prior Obligations.* Nichicon and the
16 IPPs shall not be obligated to provide cooperation that would violate an applicable court order or
17 Nichicon's commitments to the United States Department of Justice or any other domestic or
18 foreign governmental entity. Additionally, IPPs and Nichicon will take reasonable efforts to
19 accommodate the other's efforts to minimize duplication in the providing of any cooperation.

20       34. *Further Cooperation.* The Settling Parties agree to the following, except that all
21 cooperation obligations by Nichicon shall cease if IPPs cease to be a party in the Action against all
22 other Defendants.

23       (a) If Nichicon produces any declarations, documents, data, or other responses to
24 discovery to any other plaintiff in the Action, Nichicon will produce the same to IPPs.

25       (b) Each of the parties shall cooperate in good faith to authenticate, to the extent
26 possible, a reasonable number of documents and/or things produced by Nichicon in the Action,
27 whether by declarations, affidavits, depositions, hearings and/or trials as may be necessary for the

28

---

Settlement Agreement; Case No. 3:14-cv-03264-JD                                **18**

1  Action, without the need for the other party to issue any subpoenas, letters rogatory, letters of
2  request, or formal discovery requests to the other.

3          (c)   Nichicon agrees IPPs may ask questions at depositions of Nichicon witnesses
4  noticed by other plaintiffs in the litigation.

5          (d)   Nichicon agrees that to the extent it has not already done so, it will respond
6  in writing to reasonable requests for clarification of the transactional, production, and cost data that
7  Nichicon produced in the Action and also about its methods of pricing Capacitors.

8          (e)   At the request of IPP counsel, Nichicon shall use reasonable efforts to make
9  up to two (2) current employees available to IPPs at trial for testimony.  IPPs will reimburse
10 Nichicon for reasonable business class airfare and up to three (3) nights of reasonable hotel
11 expenses (not to exceed $400 per night per witness) for each witness who is made available for trial
12 testimony in the United States and any necessary translator fees.

13         (f)   IPPs agree to withdraw all outstanding discovery served on Nichicon, and
14 neither Nichicon nor IPPs shall file motions against the other during the pendency of the Agreement
15 except to enforce the terms of the Settlement Agreement.

16     35.   *Resolution of Disputes.*  To the extent the Settling Parties disagree about the
17 interpretation or enforcement of any terms of this Settlement Agreement relating to future
18 cooperation by Nichicon, or about the triggering of the threshold specified in the Confidential
19 Termination Agreement referenced in ¶ 38(b), they agree to submit such disputes for binding
20 resolution by the Honorable Daniel Weinstein (Ret.) or another mutually agreed neutral.

21 **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

22     36.   *Occurrence of Effective Date.*  Upon the occurrence of all of the events required in
23 order to trigger the Effective Date as defined in ¶ 1(m), any and all remaining interest or right of
24 Nichicon in or to the Gross Settlement Fund, if any, shall be absolutely and forever extinguished,
25 and the Gross Settlement Fund (less any Notice and Administrative Costs, Taxes or Tax Expenses
26 or any Fee and Expense Award paid) shall be transferred from the Escrow Agent to the Notice and
27 Claims Administrator as successor Escrow Agent within ten (10) days after the Effective Date.

28

37.   ***Failure of Effective Date to Occur.*** If, for whatever reason, the Effective Date does not occur or is not met, then this Settlement Agreement shall be cancelled and terminated, subject to and in accordance with ¶ 41, below, unless the Settling Parties mutually agree in writing to proceed with this Settlement Agreement.

38.   **Exclusions.**

(a)   Any Class Member that wishes to seek exclusion from the Settlement Class by "opting out" must timely submit a written request for exclusion to the Claims Administrator. Class Counsel shall cause copies of requests for exclusion from the Class to be provided to Nichicon's counsel. No later than fourteen (14) days after the final date for mailing requests for exclusion, Class Counsel shall provide Nichicon's counsel with a complete and final list of opt-outs. With the motion for final approval of the Settlement, Class Counsel will file with the Court a complete list of requests for exclusion from the Class, including only the name, city and state of the person or entity requesting exclusion.

(b)   Nichicon shall have the option to rescind and terminate this Settlement Agreement in its entirety and without liability of any kind if based on available data, the aggregate purchases of Electrolytic Capacitors purchased from distributors by Class Members that opt out pursuant to ¶ 38(a) of this Settlement Agreement exceeds a threshold agreed to by IPPs and Nichicon in the Confidential Termination Agreement that has been executed separately by IPPs and Nichicon. Nichicon shall exercise this option to rescind and terminate this Settlement Agreement by providing ten (10) business days written notice to Class Counsel. Upon such rescission and termination, IPPs and Nichicon will notify the Court immediately and withdraw all pending motions filed to effectuate this Settlement. IPPs and Nichicon will also, as may be required by the Court, submit the Confidential Termination Agreement to the Court for in-camera review. In the event that Nichicon exercises its option to rescind and terminate this Settlement Agreement: (i) this Settlement Agreement shall be null and void as to Nichicon, and shall have no force or effect and shall be without prejudice to the rights and contentions of Releasees and Releasors in this or any other litigation; (ii) the Gross Settlement fund shall be refunded promptly to Nichicon, minus such

1  payment (as set forth in this Settlement Agreement) of Notice and Administrative Costs and Taxes

2  and Tax Expenses, consistent with the provisions of ¶¶16 and 20.

3       39.    ***Objections.*** Settlement Class Members who wish to object to any aspect of the

4  Settlement must file with the Court a written statement containing their objection by end of the

5  period to object to the Settlement. Any award or payment of attorneys' fees made to counsel to an

6  objector to the Settlement shall only be made by Court order and upon a showing of the benefit

7  conferred to the Class. In determining any such award of attorneys' fees to an objectors' counsel,

8  the Court will consider the incremental value to the Class caused by any such objection. Any award

9  of attorneys' fees by the Court will be conditioned on the objector and his or her attorney stating

10  under penalty of perjury that no payments shall be made to the objector based on the objector's

11  participation in the matter - other than as ordered by the Court. Nichicon shall not be responsible

12  for any such payments.

13       40.    ***Failure to Enter Proposed Preliminary Approval Order, Final Approval Order or***

14  ***Judgment.*** If the Court does not enter the Preliminary Approval Order, the Final Approval Order or

15  the Judgment, or if the Court enters the Final Approval Order and the Judgment and appellate

16  review is sought and, on such review, the Final Approval Order or the Judgment is finally vacated,

17  modified, or reversed, then this Settlement Agreement and the Settlement incorporated therein shall

18  be cancelled and terminated; provided, however, the Settling Parties agree to act in good faith to

19  secure Final Approval of this Settlement and to attempt to address in good faith concerns regarding

20  the Settlement identified by the Court and any court of appeal. No Settling Party shall have any

21  obligation whatsoever to proceed under any terms other than substantially in the form provided and

22  agreed to herein; provided, however, that no order of the Court concerning any Fee and Expense

23  Application or Distribution Plan, or any modification or reversal on appeal of such order, shall

24  constitute grounds for cancellation or termination of this Settlement Agreement by any Settling

25  Party. Without limiting the foregoing, Nichicon shall have, in its sole and absolute discretion, the

26  option to terminate the Settlement in its entirety in the event that the Judgment, upon becoming

27  Final, does not provide for the dismissal with prejudice of all the Action against them.

28

---

41. **_Termination._** Unless otherwise ordered by the Court, in the event that the Effective Date does not occur or this Settlement Agreement should terminate, or be cancelled or otherwise fail to become effective for any reason, the Settlement as described herein is not finally approved by the Court, or the Judgment is reversed or vacated following any appeal taken therefrom, then:

(a)     within five (5) business days after written notification of such event is sent by counsel for Nichicon to the Escrow Agent, the Gross Settlement Fund, including the Settlement Amount and all interest earned on the Settlement Fund while held in escrow excluding only Notice Administrative and Class Administration Costs that have either been properly disbursed or are due and owing, Taxes and Tax Expenses that have been paid or that have accrued and will be payable at some later date, and attorneys' fees and costs that have been disbursed pursuant to Court order will be refunded, reimbursed and repaid by the Escrow Agent to Nichicon; if said amount or any portion thereof is not returned within such five (5) day period, then interest shall accrue thereon at the rate of ten percent (10%) per annum until the date that said amount is returned;

(b)     within thirty (30) business days after written notification of such event is sent by Counsel for Nichicon to Class Counsel, all attorneys' fees and costs which have been disbursed to Class Counsel pursuant to Court order shall be refunded, reimbursed and repaid by Class Counsel to Nichicon;

(c)     the Escrow Agent or its designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the proceeds to Nichicon, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, pursuant to such written request;

(d)     the Settling Parties shall be restored to their respective positions in the Action as of the Execution Date, with all of their respective claims and defenses, preserved as they existed on that date;

(e)     the terms and provisions of this Settlement Agreement, with the exception of ¶¶ 40, 42-44 (which shall continue in full force and effect), shall be null and void and shall have no further force or effect with respect to the Settling Parties, and neither the existence nor the terms of this Settlement Agreement (nor any negotiations preceding this Settlement Agreement nor any acts

1  performed pursuant to, or in furtherance of, this Settlement Agreement) shall be used in the Action

2  or in any other action or proceeding for any purpose (other than to enforce the terms remaining in

3  effect); and

4          (f)     any judgment or order entered by the Court in accordance with the terms of

5  this Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

6  **No Admission of Liability**

7      42.    ***Final and Complete Resolution.*** The Settling Parties intend the Settlement as

8  described herein to be a final and complete resolution of all disputes between them with respect to

9  the Actions and Released Claims and to compromise claims that are contested, and it shall not be

10  deemed an admission by any Settling Party as to the merits of any claim or defense or any

11  allegation made in the Action.

12      43.    ***Federal Rule of Evidence 408.*** The Settling Parties agree that this Settlement

13  Agreement, its terms and the negotiations surrounding this Settlement Agreement shall be governed

14  by Federal Rule of Evidence 408 and shall not be admissible or offered or received into evidence in

15  any suit, action or other proceeding, except upon the written agreement of the Settling Parties

16  hereto, pursuant to an order of a court of competent jurisdiction, or as shall be necessary to give

17  effect to, declare or enforce the rights of the Settling Parties with respect to any provision of this

18  Settlement Agreement.

19      44.    ***Use of Agreement as Evidence.*** Neither this Settlement Agreement nor the

20  Settlement, nor any act performed or document executed pursuant to or in furtherance of this

21  Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an

22  admission of, or evidence of, the validity of any Released Claims, of any allegation made in the

23  Action, or of any wrongdoing or liability of Nichicon; or (b) is or may be deemed to be or may be

24  used as an admission of, or evidence of, any liability, fault or omission of the Releasees in any civil,

25  criminal or administrative proceeding in any court, administrative agency or other tribunal. Neither

26  this Settlement Agreement nor the Settlement, nor any act performed or document executed

27  pursuant to or in furtherance of this Settlement Agreement or the Settlement shall be admissible in

28  any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the

---

1   Releasees may file this Settlement Agreement and/or the Judgment in any action for any purpose,

2   including, but not limited to, in order to support a defense or counterclaim based on principles of res

3   judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other

4   theory of claim preclusion or issue preclusion or similar defense or counterclaim. The limitations

5   described in this paragraph apply whether or not the Court enters the Preliminary Approval Order,

6   the Final Approval Order, or the Judgment, or if the Settlement Agreement is terminated or

7   rescinded.

8   **Miscellaneous Provisions**

9         45.   *Voluntary Settlement.* The Settling Parties agree that the Settlement Amount and the

10  other terms of the Settlement as described herein were negotiated in good faith by the Settling

11  Parties, and reflect a settlement that was reached voluntarily and after consultation with competent

12  legal counsel.

13        46.   *Consent to Jurisdiction.* Except as set forth in paragraph 35, Nichicon and each

14  Class Member hereby irrevocably submit to the exclusive jurisdiction of the Court only for the

15  specific purpose of any suit, action, proceeding or dispute arising out of or relating to this

16  Settlement Agreement or the applicability of this Settlement Agreement. Solely for purposes of

17  such suit, action, or proceeding, to the fullest extent that they may effectively do so under

18  applicable law, Nichicon and the Class Members irrevocably waive and agree not to assert, by way

19  of motion, as a defense or otherwise, any claim or objection that they are not subject to the

20  jurisdiction of the Court or that the Court is in any way an improper venue or an inconvenient

21  forum. Nothing herein shall be construed as a submission to jurisdiction for any purpose other than

22  any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the

23  applicability of this Settlement Agreement.

24        47.   *Resolution of Disputes; Retention of Exclusive Jurisdiction.* Except as set forth in

25  paragraph 35, any disputes between or among Nichicon and any Class Members concerning matters

26  contained in this Settlement Agreement and the Confidential Termination Agreement referenced in

27  ¶ 38(b) shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court.

28

1  The Court shall retain exclusive jurisdiction over the implementation and enforcement of this

2  Settlement Agreement.

3       48.  ***Binding Effect.*** This Settlement Agreement shall be binding upon, and inure to the

4  benefit of, the successors and assigns of the parties hereto. Without limiting the generality of the

5  foregoing, each and every covenant and agreement herein by IPPs and Class Counsel shall be

6  binding upon all Class Members.

7       49.  ***Authorization to Enter Settlement Agreement.*** The undersigned representatives of

8  Nichicon represent that they are fully authorized to enter into and to execute this Settlement

9  Agreement on behalf of Nichicon. Class Counsel, on behalf of IPPs and the Class, represent that

10  they are, subject to Court approval, expressly authorized to take all action required or permitted to

11  be taken by or on behalf of the IPPs and the Class pursuant to this Settlement Agreement to

12  effectuate its terms and to enter into and execute this Settlement Agreement and any modifications

13  or amendments to the Settlement Agreement on behalf of the Class that they deem appropriate.

14       50.  ***Notices.*** All notices under this Settlement Agreement shall be in writing. Each such

15  notice shall be given either by (a) e-mail; (b) hand delivery; (c) registered or certified mail, return

16  receipt requested, postage pre-paid; (d) Federal Express or similar overnight courier; or (e)

17  facsimile and first class mail, postage pre-paid and, if directed to any Class Member, shall be

18  addressed to Class Counsel at their addresses set forth below, and if directed to Nichicon, shall be

19  addressed to their attorneys at the addresses set forth below or such other addresses as Class

20  Counsel or Nichicon may designate, from time to time, by giving notice to all parties hereto in the

21  manner described in this paragraph.

22       If directed to the IPPs, address notice to:

23       COTCHETT, PITRE & MCCARTHY
24       Adam J. Zapala (azapala@cpmlegal.com)
     840 Malcolm Road, Suite 200
25       Burlingame, CA 94010
     Telephone: (650) 697-6000
26       Facsimile: (650) 697-0577

27       If directed to Nichicon, address notice to:

28       K&L GATES LLP

Michael E. Martinez (michael.martinez@klgates.com)
70 West Madison Street, Suite 3100
Chicago, IL 60602
Telephone: (312) 372-1121
Facsimile: (312) 827-8000

51. ***Confidentiality of Settlement Negotiations.*** Class Counsel shall keep strictly confidential and not disclose to any third party, including specifically any counsel representing any other current or former party to the Actions, any non-public information regarding the Settling Parties' negotiation of this settlement and/or the Settlement Agreement. For the sake of clarity, information contained within this Settlement Agreement shall be considered public, and Nichicon may issue a press release regarding execution of the Settlement Agreement and the amount paid in connection with the Settlement Agreement.

52. ***Headings.*** The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

53. ***No Party Deemed to Be the Drafter.*** None of the parties hereto shall be deemed to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

54. ***Choice of Law.*** This Settlement Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to this Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

55. ***Amendment; Waiver.*** This Settlement Agreement shall not be modified in any respect except by a writing executed by all the parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party. The waiver by any party of any breach of this Settlement Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, of this Settlement Agreement.

56.   *Execution in Counterparts.* This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the parties to this Settlement Agreement shall exchange among themselves original signed counterparts and a complete set of executed counterparts shall be filed with the Court.

57.   *Notification of State Officials.* Nichicon shall be responsible for providing all notices required by the Class Action Fairness Act to be provided to state attorneys general or to the United States of America.

58.   *Integrated Agreement.* This Settlement Agreement constitutes the entire agreement between the Settling Parties and no representations, warranties or inducements have been made to any party concerning this Settlement Agreement other than the representations, warranties and covenants contained and memorialized herein. It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Settlement Agreement is entered into may turn out to be other than or different from the facts now known to each party or believed by such party to be true; each party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Settlement Agreement shall be in all respects effective and not subject to termination by reason of any such different facts or law. Except as otherwise provided herein, each party shall bear its own costs and attorneys' fees.

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have executed this Settlement Agreement as of the date first herein above written.

CLASS COUNSEL, on behalf of IPPs individually and on behalf of the Class.

By: _____      Date: 9/25/18

Adam J. Zapala
Elizabeth T. Castillo
COTCHETT, PITRE & MCCARTHY
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com

ecastillo@cpmlegal.com

Attorneys for Defendants NICHICON CORPORATION and NICHICON (AMERICA) CORPORATION.

By: _Michael Martinez_   Date: _9/27/18_
Steven M. Kowal
Michael E. Martinez
Lauren Norris Donahue
**K&L GATES LLP**
70 West Madison Street, Suite 3100
Chicago, IL 60602
Telephone: (312) 372-1121
Facsimile: (312) 827-8000
steven.kowal@klgates.com
michael.martinez@klgates.com
lauren.donahue@klgates.com