ADAM J. ZAPALA (State Bar No. 245748)
ELIZABETH T. CASTILLO (State Bar No. 280502)
MARK F. RAM (State Bar No. 294050)
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
mram@cpmlegal.com

*Interim Lead Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION | MDL No. 17-md-02801<br>Case No. 3:14-cv-03264-JD |
| **This Document Relates to:**<br>**All Indirect Purchaser Actions** | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPROVAL OF CLASS NOTICE PROGRAM OF SETTLEMENTS WITH PANASONIC, NICHICON, ELNA, AND MATSUO DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:** July 25, 2019<br>**Time:** 10:00 a.m.<br>**Place:** Courtroom 11, 19th Floor |

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

Indirect Purchaser Plaintiffs' Motion For Approval of Class Notice Program;
Case No. 14-cv-03264-JD

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on July 25, 2019, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable James Donato, United States District Judge for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, the Indirect Purchaser Plaintiffs ("IPPs") will and hereby do move for entry of an order granting approval of their plan of notice to the proposed classes of proposed settlements with: (1) Defendants Panasonic Corporation, Panasonic Corporation of North America, SANYO Electric Co., Ltd., and SANYO North America Corporation (collectively, "Panasonic"); (2) Defendants Nichicon Corporation and Nichicon (America) Corporation (together, "Nichicon"); (3) Defendants ELNA Co., Ltd. and ELNA America, Inc. (together, "Elna"); and (4) Defendant Matsuo Electric Co., Ltd ("Matsuo"). (Panasonic, Nichicon, Elna, and Matsuo, are referred to collectively as the "Settling Defendants"). This motion is brought pursuant to Federal Rule of Civil Procedure ("Rule") 23(e).

IPPs' proposed notice program satisfies Rule 23, complies with due process, and is virtually the same notice program this Court has already approved in this case. *See* Dkt. 1457 (Jan 30, 2017) (order approving notice program for Round 1 settlements), Dkt. 2152, MDL Dkt. 227 (May 25, 2018) (order approving notice program for Round 2 settlements). IPPs' proposed notice program constitutes "the best notice that is practicable under the circumstances[.]" Rule 23(c)(2)(B). IPPs' plan provides direct mail and e-mail notice to class members whose contact information is available from records provided by non-party distributors produced during the course of discovery in this litigation. The direct notice program is supplemented by a robust publication program. Taken together, the plan exceeds the requirements of Rule 23, satisfies any due process concerns, and will fairly apprise putative Settlement Class Members of the existence of the settlement and their options under it.

This motion is based upon this Notice; the Memorandum of Points and Authorities in Support; the Declaration of IPPs' Notice Program expert, Eric Schachter from A.B. Data, Inc., and attached exhibits, along with the proposed notices themselves; and any further papers filed in support of this motion as well as arguments of counsel and all records on file in this matter.

| | | |
|---|---|---|
| 1 | Dated: June 20, 2019 | Respectfully Submitted, |
| 2 | | **COTCHETT, PITRE & McCARTHY, LLP.** |
| 3 | | By: /s/ *Adam J. Zapala* |
| 4 | | Adam J. Zapala <br> Elizabeth T. Castillo |
| 5 | | Mark F. Ram <br> 840 Malcolm Road, Suite 200 |
| 6 | | Burlingame, CA 94010 <br> Telephone: (650) 697-6000 |
| 7 | | Facsimile: (650) 697-0577 <br> azapala@cpmlegal.com |
| 8 | | ecastillo@cpmlegal.com <br> mram@cpmlegal.com |
| 9 | | *Interim Lead Class Counsel for the Indirect* |
| 10 | | *Purchaser Plaintiffs* |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND...........................................................1

    A. Attorneys' Fees and Reimbursement of Litigation Expenses...................................2

    B. Claim Forms.............................................................................................................3

    C. Settlement Administration .......................................................................................3

III. THE COURT SHOULD APPROVE IPPS' NOTICE PLAN ..............................................4

    A. Notice Program Elements ........................................................................................5

        1. Direct Mail and Email Component...............................................................5

        2. Publication Notice Plan................................................................................5

        3. Dedicated Settlement Website .....................................................................7

        4. Toll-Free Number ........................................................................................7

        5. The Proposed Forms of Notice Comply with Rule 23 and Due Process .....................................................................................................7

    B. Legal Standard for Notice ........................................................................................8

    C. IPPs' Proposed Notice Program Comports with the Requirements of Rule 23 and Due Process .........................................................................................8

    D. The Court Should Establish a Schedule for the Notice Program and Final Approval of the Settlements..........................................................................10

IV. CONCLUSION....................................................................................................................10

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

Indirect Purchaser Plaintiffs' Motion For Approval of Class Notice Program;
Case No. 14-cv-03264-JD

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re "Agent Orange" Prod. Liab. Litig.*,
   818 F.2d 145 (2d Cir. 1987)..................................................................................................9

*Bissonette v. Enter. Leasing Companywest*,
   No. 10-CV-00326-LRH-WGC, 2014 U.S. Dist. LEXIS 132634 (D. Nev. 2014) .....................9

*Churchill Vill., L.L.C. v. GE*,
   361 F.3d 566 (9th Cir. 2004) ...................................................................................................9

*Fair v. Archdiocese of San Francisco*,
   No. CGC-15-549563 (S.F. Superior Court)............................................................................4

*In re Lithium Ion Batteries Antitrust Litig.*,
   No. 4:13-md-2420-YGR (N.D. Cal.) .......................................................................................4

*Mangione v. First USA Bank*,
   206 F.R.D. 222 (S.D. Ill. 2001) ...............................................................................................9

*Mendoza v. United States*,
   623 F.2d 1338 (9th Cir. 1980) .................................................................................................9

*Petrovic v. AMOCO Oil Co.*,
   200 F.3d 1140 (8th Cir. 1999) .................................................................................................9

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*,
   177 F.R.D. 216 (D.N.J. 1997) .................................................................................................9

*In re Qualcomm Antitrust Litig.*,
   No. 5:17-md-2773-LHK (N.D. Cal.) .......................................................................................4

*In re Resistors Antitrust Litig.*,
   No. 3:15-cv-03820-JD (N.D. Cal.) ..........................................................................................4

*Ross v. Trex Co.*,
   2013 U.S. Dist. LEXIS 29081 (N.D. Cal. Mar. 4, 2013).........................................................9

*Silber v. Mabon*,
   18 F.3d 1449 (9th Cir. 1994) ...................................................................................................8

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir. 1993) .....................................................................................................9

*UAW v. GMC*,
   497 F.3d 615 (6th Cir. 2007) ...................................................................................................8

*In re: Vizio Consumer Privacy Litig.*,
  No. 8:16-ml-02693-JLS-KES (C.D. Cal.) .................................................................................. 4

*Walsh v. CorerPower Yoga LLC*,
  No. 16-cv-05610-MEJ, 2017 U.S. Dist. LEXIS 20974 (N.D. Cal. Feb. 14,
  2017) ............................................................................................................................................ 8

**Other Authorities**

Manual for Complex Litigation, Fourth
  § 21.311 ....................................................................................................................................... 8

**Rules**

Federal Rules of Civil Procedure
  Rule 23 ............................................................................................................................ 1, 5, 7, 8
  Rule 23(b)(3) ................................................................................................................................ 8
  Rule 23(c)(2)(B) .................................................................................................................. 8, 9, 10
  Rule 23(c)(3) ............................................................................................................................ 8, 9
  Rule 23(e) .................................................................................................................................... 8

**STATEMENT OF THE ISSUES TO BE PRESENTED**

Whether the Court should approve the proposed class notice program and establish a schedule for final approval of IPPs' proposed settlements.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Indirect Purchaser Plaintiffs ("IPPs") move for an order approving their proposed notice program of their settlements with the Panasonic, Nichicon, Elna, and Matsuo Defendants.[1]

The proposed notice program is a robust, multifaceted program that delivers plain and easy to understand information about the settlements. IPPs have retained a recognized national expert, A.B. Data, Inc., that has designed a notice program that addresses the specific nature of the settlements and the settlement classes at issue in this litigation. Specifically, the proposed notice program is virtually the same as those the Court approved in connection with prior IPP settlements (Dkt. 1457 (Jan. 30, 2017) (order approving notice program for Round 1 settlements), Dkt. 2152, MDL Dkt. 227 (May 25, 2018) (order approving notice program for Round 2 settlements)). The program includes (1) direct mail and email notice, (2) publication notice, (3) internet notice, (4) an earned media plan, (5) e-newsletter notice/banner ads, (6) a case-specific website, and (7) a case specific toll-free number. This comprehensive, multi-pronged approach provides the Classes with the best notice practicable under the circumstances and satisfies Rule 23 and due process. IPPs' notice program will fairly apprise potential class members of the existence of the settlements and their options in relation to them. Additionally, IPPs propose to begin the claims process at this juncture. Accordingly, the Court should approve dissemination of class notice and establish a schedule for a final approval hearing on the settlements.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The cumulative settlement fund established by the current round of four settlements with

---

[1] IPPs are concurrently filing a Motion for Preliminary Approval of these settlements. Information contained in this memorandum supplements and supports IPPs' Motion for Preliminary Approval.

1  the Settling Defendants is $30,950,000.00 ($30.95 million).[2]  IPPs' settlements in this action –

2  those from prior rounds plus this round – total $80,850,000.  See IPPs' Statement Regarding

3  Status of Settlements, Dkt. 2261, MDL Dkt. 444.

4         IPPs propose to give notice to the following proposed classes:

5  <u>Electrolytic Settlement Class Definition</u>:

> All persons and entities in the United States who, during the period from April 1, 2002 to February 28, 2014, purchased one or more Electrolytic Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants.

Zapala Decl., Ex. 1, Panasonic Settlement Agreement, ¶ 1(f); Ex. 2, Nichicon Settlement Agreement, ¶ 1(f); Ex. 3, Elna Settlement Agreement, ¶ 1(f); Ex. 4, Matsuo Settlement Agreement, ¶ 1(f).

<u>Film Settlement Class Definition</u>:

> All persons and entities in the United States who, during the period from January 1, 2002 to February 28, 2014, purchased one or more Film Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants.

Zapala Decl., Ex. 1, Panasonic Settlement Agreement, ¶ 1(f).[3]

### A. Attorneys' Fees and Reimbursement of Litigation Expenses

IPPs propose to notify the class that they will not seek more than 30% of the cumulative

---

[2] A fuller background on the case is set forth in IPPs' concurrently-filed motion for preliminary approval of the settlements.

[3] Panasonic is the only Settling Defendant in this round of settlements alleged to have participated in the film capacitor conspiracy.

settlement fund in attorneys' fees. To date, IPP counsel's lodestar is approximately $32,851,542.00 based on 71,753 hours billed. IPP counsel reserves the right to further vet this attorney time, and to exercise additional billing judgment to eliminate any time Class Counsel believes was not of value to the class. Additionally, IPPs will seek reimbursement of reasonable litigation expenses. Since their last cost submission, which has yet to be approved by the Court, IPPs have incurred at least $971,064.30 in litigation costs and expenses. IPPs reserve the right to seek less than the 30% amount and will submit their attorneys' fees and litigation expenses motion at least 45 days in advance of the opt-out and objection deadline, as required under the Northern District of California's Procedural Guidance on Class Action Settlements. The attorneys' fees and litigation expenses motion will also be posted on the IPP settlement website at least 45 days prior to the objection and opt-out deadline.

### B.  Claim Forms

IPPs propose to begin the claim process now given that a large percentage of the Defendants have settled with IPPs. *See* IPPs' Statement Regarding Status of Settlements, Dkt. 2261, MDL Dkt. 444. In this regard, IPPs propose to use a claim form that contains some pre-populated data, to the extent it exists for a particular class member, obtained from capacitors distributors during the course of litigation. Class members will also be invited to supplement the pre-populated portion of the claim forms. A copy of IPPs' proposed claim form can be found as Exhibit 3 to the Declaration of Eric Schacter. In interim class counsel's view and experience—supplemented by advice from their notice and claims expert, A.B. Data, Inc.—pre-populating the claim forms with potential awards amounts will have the effect of greatly increasing the rate at which putative class members submit claims. In Class Counsel's view, this is a very good thing.

IPPs' proposed claims administrator estimates that between 2% and 12% of class members will submit a claim form; this estimate is based on A.B. Data's experience administering similar class action. Declaration of Eric Schachter ("Schachter Decl."), ¶ 9.

### C.  Settlement Administration

A.B. Data, Inc. is the proposed settlement notice and claims administrator. A.B. Data has implemented the notice programs for the first two rounds of IPP settlements. A.B. Data was

initially selected by counsel after an extensive competitive bidding process. Interim Class Counsel solicited and received proposals from six nationally-recognized class action notice and claims administrators. The proposals that counsel received were consistent in that they included a direct notice program for those class members whose addresses are known through non-party data produced in the litigation, combined with a targeted publication notice program. In addition to this case, Cotchett, Pitre, & McCarthy, LLP has engaged A.B. Data, Inc. in five other matters over the last two years: *In re Resistors Antitrust Litig.*, No. 3:15-cv-03820-JD (N.D. Cal.); *In re: Vizio Consumer Privacy Litig.*, No. 8:16-ml-02693-JLS-KES (C.D. Cal.); *In re Lithium Ion Batteries Antitrust Litig.*, No. 4:13-md-2420-YGR (N.D. Cal.); *In re Qualcomm Antitrust Litig.*, No. 5:17-md-2773-LHK (N.D. Cal.); and *Fair v. Archdiocese of San Francisco*, No. CGC-15-549563 (S.F. Superior Court).

It is anticipated that notice and claims administration will cost approximately between $600,000 and $850,000; this cost estimate is based on an estimated claims submission rate of 2% to 12%. Schachter Decl., ¶ 9. Notice and claims administration expenses will be paid from the Settlement Funds and taken *pro rata* therefrom, as permitted by the Settlement Agreements. Thus, assuming that notice and claims administration for this round of settlements costs a total of $700,000, such costs will be taken from the settlements in the following amounts:

| Defendant | Nichicon | Panasonic | Elna | Matsuo |
|---|---|---|---|---|
| Settlement Funds Allocated to Notice and Claims | $486,220.00 | $106,330.00 | $50,890.00 | $50,560.00 |

### III.   THE COURT SHOULD APPROVE IPPS' NOTICE PLAN

IPPs' proposed notice provider in this case is A.B. Data, Inc. A.B. Data has been appointed as notice, claims, and/or settlement administrator in large consumer, civil rights, insurance, antitrust, ERISA, securities, and wage and hour cases, administering some of the largest and most complex class action settlements of all time. *See* Schachter Decl. ¶¶ 3-4. Representative examples of A.B. Data's experience are set forth at Exhibit 1 to the Schachter Declaration filed in support of this motion.

The objective of the proposed notice program is to provide notice of the proposed settlements to potential class members that is consistent with Rule 23 and due process. Schachter Decl. ¶¶ 5-6. A.B. Data has researched data regarding the target audience's (*i.e.*, the proposed settlement classes') media consumption and based on this research has determined the most appropriate media vehicles that would best deliver notice to potential class members and provide them with the opportunity to see and respond to the notice. *Id*. ¶¶ 7-8, 10-14, 19. The notice program includes (1) direct mail and email notice, (2) publication notice, (3) internet notice, (4) an earned media plan, (5) e-newsletter notice/banner ads, (6) a case-specific website, and (7) a case-specific toll-free number. As set forth in more detail below, IPPs' notice program will fairly apprise potential class members of the existence of the settlement agreements and their options in relation to the proposed settlements.

### A. Notice Program Elements

#### 1. Direct Mail and Email Component

The Notice program includes direct mail and email notice to class members for whom mailing and email addresses are available through productions from non-party distributors. A.B. Data will process the residential addresses through the national change of address ("NCOA") database and, using any updated information available in the NCOA database, will send a long-form notice and claim forms directly to those potential class members. Schachter Decl., ¶ 9. (A copy of the proposed long-form notice is attached as Exhibit 2 to the Schachter Declaration; a copy of the claim form is attached as Exhibit 3 to the Schachter Declaration.) Further analysis will be done of any mail returned non-deliverable after use of the NCOA database and follow up direct mail notice will be provided where appropriate. Schachter Decl., ¶ 9. To the extent email contact information was available from non-party distributors, A.B. Data will send out the notice packet via email to such putative class members. *Id.*

#### 2. Publication Notice Plan

As a means to supplement the direct notice program to reach class members who may not have received direct notice, IPPs also propose a publication notice program. The publication plan includes paid media and earned media components. The paid and earned media plan includes

advertising in a national publication; "banner" ads on national trade publication websites; "banner" ads targeting consumers and businesses who are electronic hobbyists and enthusiasts; "banner" ads in national e-newsletters targeted to the settlement classes; a custom email "blast" to opt-in subscribers of certain targeted publications; and a news release disseminated via earned media. *Id*. at ¶¶ 10-15.

Additionally, a print ad will be placed in *The Wall Street Journal* to reach professionals and executives of manufacturers and industrial businesses that purchase capacitors. *Id*. ¶ 11.

"Banner" advertisements will be run on the following national trade publication websites and/or e-newsletters targeting electronics hobbyists and professionals in the electronics and purchasing industries who are large-scale purchasers of capacitors: Electronicdesign.com; Machinedesign.com; SourceESB.com; Microwaves & RF – mwrf.com; Powerelectronics.com; HydraulicsPneumatics.com; SourceToday.com; nutsvolts.com; eetimes.com; eetimes.com; ebnonline.com; GlobalPurchasing.com. *Id*. ¶ 12.

In addition to the foregoing, "banner" ads will be placed via a variety of websites over 30 days to a minimum of 14.8 million targeted business professionals within manufacturing industries and electronics hobbyists and enthusiasts who are technology savvy. Key strategies of contextual, behavioral, and predictive modeling have been utilized to target the banner ads to potential class members. A mix of mobile, laptop, and desktop devices will be targeted in this effort. *Id*. ¶ 13.

With respect to the earned media component, a news release regarding the case will be sent as an email "blast" to subscribers of the following publications: Penton Publications and EE Times. *Id*. ¶ 14.

In addition to the notice efforts involving print publications and digital media, A.B. Data will disseminate a news release via the PR Newswire distribution service to announce the notice of settlements. This news release will be distributed via PR Newswire to more than 10,000 newsrooms, including print, broadcast, and digital media, across the United States. It will also be distributed to trade publications relevant to the industries and fields concerned. *Id*. ¶ 15.

### 3. Dedicated Settlement Website

The case-specific settlement website will appear on both the Short Form and the Long Form notice and in all print and digital ads. *Id.* ¶ 16. The website will provide potential Class Members with the opportunity to get detailed information about the Settlements and relevant documents, including the notice documents, the Preliminary Approval Order, the Settlement Agreements, and other relevant filings and Court Orders. *Id.*

### 4. Toll-Free Number

The case-specific toll-free telephone number will appear on both the Short Form Notice and the Long Form Notice. *Id.* ¶ 18. The toll-free number will be setup with an automated interactive voice response system that will present callers with a series of choices to hear pre-recorded information about the Settlements. *Id.* If callers need further help, they will have an opportunity to speak with a live operator during business hours. *Id.*

As a notice program that primarily targets entities and consumers that have purchased capacitors (a product used primarily in the manufacturing of products), data to quantify the reach of this program are not available through traditional media resources, such as MRI, that provide accredited media research. Based on the trade-media resources for the passive-component industry and the electronics, electrical, and purchasing fields, some of which state that they deliver, in the words of one such source, "90% coverage of all companies in the passive component supply chain," the proposed notice program satisfies Rule 23 requirements. *Id.* ¶ 18. Plaintiffs' notice expert has opined that the Program delivers a minimum reach of 70% to the Class and meets the requirements of Rule 23 and communicates information by complying "with the plain language requirement." *Id.* ¶ 19.

### 5. The Proposed Forms of Notice Comply with Rule 23 and Due Process

Finally, the proposed Short Form Notice is attached to the Schachter Declaration as Exhibit 4. The proposed Long Form Notice is attached to the Schachter Declaration as Exhibit 2. As explained in the Schachter Declaration, these notices address each of Rule 23's requirements in a clear and easily understood manner. Accordingly, the Notice Program and accompanying forms are reasonable and adequate under the circumstances, and are fairly calculated to apprise

class members of their rights under the settlement. *See id.*

### B. Legal Standard for Notice

Rule 23 requires that notice be given in a reasonable manner to all class members who would be bound by a proposed settlement. *See* Rule 23(e). "[T]he Court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Rule 23(c)(2)(B). Notice of a proposed settlement is adequate and satisfies Rule 23 and due process if it "fairly apprise[s] the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." *Walsh v. CorerPower Yoga LLC,* No. 16-cv-05610-MEJ, 2017 U.S. Dist. LEXIS 20974 (N.D. Cal. Feb. 14, 2017) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974).). Class notice must afford potential Class Members the ability to "make an informed decision about their participation [in the litigation]." Manual for Complex Litigation, Fourth, § 21.311, at 289.

### C. IPPs' Proposed Notice Program Comports with the Requirements of Rule 23 and Due Process

In the context of Rule 23(b)(3) actions, "the court must direct to class members the best notice that is practicable under the circumstances," and that notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Rule 23(c)(2)(B).

While Rule 23 requires that reasonable efforts be made to reach all class members, it does not require that each individual actually receive notice. *Silber v. Mabon,* 18 F.3d 1449, 1454 (9th Cir. 1994). A class settlement notice satisfies due process if it contains a summary sufficient to "apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." *UAW v. GMC,* 497 F.3d 615, 629 (6th Cir. 2007) (*quoting Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). A settlement notice need only be a

summary, not a complete source of information. *See, e.g., Petrovic v. AMOCO Oil Co.,* 200 F.3d 1140, 1153 (8th Cir. 1999); *In re "Agent Orange" Prod. Liab. Litig.,* 818 F.2d 145, 170 (2d Cir. 1987); *Mangione v. First USA Bank,* 206 F.R.D. 222, 233 (S.D. Ill. 2001). The Ninth Circuit requires a general description of the proposed settlement. *Churchill Vill., L.L.C. v. GE,* 361 F.3d 566, 575 (9th Cir. 2004); *Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1374-75 (9th Cir. 1993); *Mendoza v. United States,* 623 F.2d 1338, 1351 (9th Cir. 1980).

IPPs' proposed notice program meets these standards. The notice program begins by providing direct mail and email notice for those class members for whom addresses were obtained in non-parties' data that IPPs received in discovery. While direct mail notice is typically considered the best form of notice under Rule 23(c)(3), the proposed notice program adds many additional components that make it a thorough, multilayered approach to notice designed to reach as many members of the Settlement Classes as possible. This approach is adequate and reasonable under the circumstances. *Ross v. Trex Co.,* 2013 U.S. Dist. LEXIS 29081, * 6 (N.D. Cal. Mar. 4, 2013) ("Courts have consistently recognized that due process does not require that every class member receive actual notice . . . Due Process does not entitle a class member to 'actual notice,' but rather to the best notice practicable, reasonably calculated under the circumstances to apprise him of the pendency of the class action and give him a chance to be heard."); *see also In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 177 F.R.D. 216, 231 (D.N.J. 1997) ("Courts have consistently recognized that due process does not require that every class member receive actual notice so long as the court reasonably selected a means likely to apprise interested parties"); *Bissonette v. Enter. Leasing Companywest*, No. 10-CV-00326-LRH-WGC, 2014 U.S. Dist. LEXIS 132634 (D. Nev. 2014) ("Under this 'best notice practicable' standard, courts retain considerable discretion to tailor notice to the relevant circumstances ....").

Additionally, as the Schachter Declaration makes clear, the contents of the notices themselves meet the requirements of Rule 23(c)(2)(B) and are provided in plain language that is understandable to the classes. The proposed long form notice includes (1) the case name and case number; (2) a description of the case; (3) a description of the settlement classes; (4) a description of the settlement agreements, including the monetary consideration and cooperation to be

provided to the settlement classes; (5) the name of Interim Lead Counsel for IPPs; (6) a description of the releases being provided; (7) the final approval hearing date; (8) information about the final approval hearing; (9) information about the deadline for filing objections to the settlement agreements; (10) information about the deadline for filing requests for exclusion from the settlement classes; (11) that a class member can enter an appearance through an attorney if the member so desires; (12) the consequences of exclusion or remaining in the settlement classes; and (13) and how to obtain further information about the proposed settlement agreements. Schachter Decl., Ex. 2.  This includes all of the information required by Rule 23(c)(2)(B) and more.

### D. The Court Should Establish a Schedule for the Notice Program and Final Approval of the Settlements

If the Court grants IPPs' concurrently-filed motion for preliminary approval of the settlements and grants this motion to approve a class notice program, a schedule should be established for the completion of the notice program, objections and requests for exclusion, and the briefing for attorneys' fees, reimbursement of reasonable litigation expenses, and for final approval.  IPPs propose the following schedule:

| Event | Time |
|---|---|
| Mail Notice | 60 days after Preliminary Approval Order ("Order") |
| Publication Begins | 60 days after Order |
| IPPs' Motion for Attorneys' Fees and Reimbursement of Litigation Expenses | 115 days after Order and 45 days before Exclusion and Objection Deadline |
| Exclusion and Objection Deadline | 150 days after Order |
| Motion for Final Approval and Response to Objections (if any) | 165 days after Order and 15 days before Hearing |
| Final Approval Hearing | 180 days after Order |
| Deadline to Submit Claims | 240 Days After Order |

## IV. CONCLUSION

For the foregoing reasons, IPPs respectfully request that this Court enter an order: (1) approving IPPs' proposed notice program, and (2) setting a schedule for notice and final approval.

Dated: June 20, 2019        Respectfully Submitted:

/s/ *Adam J. Zapala*
Adam J. Zapala
Elizabeth T. Castillo
Mark F. Ram
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
mram@cpmlegal.com
*Interim Lead Counsel for Indirect Purchaser Plaintiffs*