UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CAPACITORS ANTITRUST LITIGATION** | Case No. 3:14-cv-03264-JD <br><br> MDL No. 3:17-md-02801-JD |
| **THIS DOCUMENT RELATES TO:** <br><br> **ALL INDIRECT PURCHASER PLAINTIFF ACTIONS** | [PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES |

[Proposed] Order Granting Indirect Purchase Plaintiffs' Motion for an Award of Attorneys' Fees; Case No. 3:14-cv-03264-JD

The Court, having reviewed Plaintiffs' Notice of Motion, Motion for an Award of Attorneys' Fees and Reimbursement of Expenses and the Memorandum of Points and the Authorities thereto ("Motion"), the pleadings and other papers on file in this Action and the argument of counsel, hereby finds that:

1. The Motion requests an award of attorneys' fees in the amount of $8,647,500.00 or 25% of the $34,590,000 Settlement Fund.  Further, Plaintiffs and Class Counsel request reimbursement of out-of-pocket litigation costs and expenses in the amount of $4,710,298.22.

2. The Court finds Class Counsel's requested fee award of $8,647,500.00 —25% of the Settlement Fund—is fair and reasonable under the percentage-of-the-recovery method based upon the following factors: (1) the results obtained by Class Counsel in this case; (2) the risks and complex issues involved in this case, which were significant and required a high level of skill and high-quality work to overcome; (3) that the attorneys' fees requested were entirely contingent upon success—Class Counsel risked time and effort and advanced costs with no ultimate guarantee of compensation; (4) that the range of awards made in similar cases justifies an award of 25% here; and (5) that the Class Members have been notified of the requested fees and had an opportunity inform the Court of any concerns they have with the request. As such, the Court finds that the requested fee award comports with the applicable law and is justified by the circumstances of this case.

3. The Court has confirmed the reasonableness of IPPs' fee request by conducting a lodestar cross-check.  The Court finds that the 64,007.5 hours worked by Class Counsel through March 31, 2018 were reasonable and necessary.  The Court further finds that Class Counsel's reasonable lodestar through March 31, 2018 for the entirety of the case was $25,928,960.50 based on historic hourly rates, and that such rates were reasonable.  Class Counsel for IPPs' requested fee award represents less than 0.4777 of their reasonable lodestar, a negative multiplier.  This further supports the reasonableness of Class Counsel for IPPs' fee request here.

4. In sum, upon consideration of the Motion and accompanying Declarations, and based upon all matters of record including the pleadings and papers filed in this action, the Court hereby finds that the fee requested is reasonable and proper.

Accordingly, it is hereby **ORDERED** and **DECREED** that:

1. Class Counsel for IPPs are awarded attorneys' fees of $8,647,500.00 (25% of the $34,590,000 Settlement Fund), together with a proportional share of interest earned on the Settlement Fund for the same time period and at the same rate as that earned on the Settlement Fund until dispersed to Class Counsel for IPPs.

2. The fees will be allocated among Class Counsel by Lead Counsel for IPPs in a manner that, in Lead Counsel for IPPs' good-faith judgment, reflects each firm's contribution to the institution, prosecution, and resolution of the litigation.

3. Class Counsel's request for reimbursement of out-of-pocket litigation costs and expenses will be addressed in a separate order.

4. This order will be entered of this date pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finding that there is no just reason for delay.

**IT IS SO ORDERED.**

Dated:  June 25, 2019

_____
HON. JAMES DONATO
UNITED STATES DISTRICT JUDGE