1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>All Indirect Purchaser Actions | MDL Case No. 17-md-02801-JD<br>Case No. 3:14-cv-03264-JD<br><br>[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH PANASONIC, NICHICON, ELNA, AND MATSUO DEFENDANTS AND FOR APPROVAL OF THE PLAN OF ALLOCATION |
|---|---|

1    Indirect Purchaser Plaintiffs ("IPPs") filed a Motion for Preliminary Approval of
2 Settlements with (1) Defendants Panasonic Corporation, Panasonic Corporation of North
3 America, SANYO Electric Co., Ltd., and SANYO North America Corporation (collectively,
4 "Panasonic"); (2) Defendants Nichicon Corporation and Nichicon (America) Corporation
5 (together, "Nichicon"); (3) Defendants ELNA Co., Ltd. and ELNA America, Inc. (together,
6 "Elna"); and (4) Defendant Matsuo Electric Co., Ltd ("Matsuo") (Panasonic, Nichicon, Elna,
7 and Matsuo, are referred to collectively as the "Settling Defendants"), and for Approval of the
8 Plan of Allocation relating to the above-referenced settlements.  MDL Dkt. No. 698.

9    The Court heard the argument of counsel and, having reviewed the pleadings, the
10 settlement agreements, other papers on file in this action, and the statements of counsel and the
11 parties, hereby finds that the motion should be **GRANTED**.

12 **NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

13    1.   For purposes of this Order, except as otherwise set forth herein, the Court adopts
14 and incorporates the definitions contained in the settlement agreements.

15    2.   The Court preliminarily approves the settlement agreements with the Settling
16 Defendants.

17    3.   The Court finds that the Settlements fall within the range of possible final
18 approval.

19    4.   Pursuant to Federal Rule of Civil Procedure ("Rule") 23, the Court certifies the
20 following settlement classes for purposes of this motion only:

Electrolytic Settlement Class:

> All persons and entities in the United States who, during the period from April 1, 2002 to February 28, 2014, purchased one or more Electrolytic Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants.

[Proposed] Order Granting Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of Settlements with Panasonic, Nichicon, Elna, and Matsuo Defendants and for Approval of the Plan of Allocation; Case No. 14-cv-03264-JD

1

Film Settlement Class:

> All persons and entities in the United States who, during the period from January 1, 2002 to February 28, 2014, purchased one or more Film Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants.

5. The Court further finds that the prerequisites to certifying settlement classes under Rule 23 are satisfied for settlement purposes in that: (a) there are at least thousands of geographically dispersed settlement class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the settlement classes which predominate over individual issues; (c) the claims or defenses of the class representatives are typical of the claims or defenses for the settlement classes; (d) IPPs will fairly and adequately protect the interests of the settlement classes and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the settlement classes; and (e) resolution throughout class settlements is superior to individual settlements.

6. The Court hereby appoints the Class Representatives named in the Indirect Purchaser Plaintiffs' Fifth Consolidated Complaint (February 2, 2017) (ECF No. 1589 in Case No. 14-3264) as Representative Plaintiffs of the Settlement Classes.

7. The Court hereby appoints the law firm Cotchett, Pitre & McCarthy, LLP as Settlement Class Counsel.

8. Settlement Class Counsel and their designees are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in the Settlement Agreements.

9. All further Indirect Purchaser class proceedings as to the Settling Defendants are hereby stayed except for any actions required to effectuate the Settlements.

10. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlements.

[Proposed] Order Granting Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of Settlements with Panasonic, Nichicon, Elna, and Matsuo Defendants and for Approval of the Plan of Allocation; Case No. 14-cv-03264-JD

2

11. Each member of the settlement classes shall retain all rights and causes of action with respect to claims against the remaining Defendants other than the Settling Defendants regardless of whether such member of the settlement classes decides to remain in the settlement classes or to exclude itself from the settlement classes.

12. The Court finds that IPPs' proposed plan of allocation, proposing to pay putative class members on a *pro rata* basis based on qualifying purchases of capacitors, is fair, reasonable, and adequate. *In re Citric Acid Antitrust Litig.*, 145 F. Supp. 2d 1152, 1154 (N.D. Cal. 2001). The Plan of Allocation does not unfairly favor any Class Member, or group of Class Members, to the detriment of others.

**IT IS SO ORDERED.**

Dated:  August 12, 2019

_____
JAMES DONATO
United States District Judge

Proposed Order Submitted By:

**COTCHETT, PITRE & McCARTHY, LLP**
Adam J. Zapala
Elizabeth T. Castillo
Mark F. Ram
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
mram@cpmlegal.com

[Proposed] Order Granting Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of Settlements with Panasonic, Nichicon, Elna, and Matsuo Defendants and for Approval of the Plan of Allocation; Case No. 14-cv-03264-JD

3