# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CAPACITORS ANTITRUST LITIGATION | MDL Case No. 17-md-02801-JD<br><br>Case No. 14-cv-03264-JD |

**Report and Recommendations of Special Master
on the
Indirect Purchaser Plaintiff Class Counsel's Request for
Reimbursement of Expenses**

**November 22, 2019**

**I.      Assignment**

I have been appointed as Special Master by the Court on August 23, 2019 to review Indirect Purchaser Plaintiffs' (IPPs') class counsel's request for reimbursement of expenses as stated in MDL Dkt. Nos. 307, 363. In connection with my assignment, Lead Counsel provided me the following:

— Indirect Purchaser Plaintiffs' Supplemental Report And Materials To The Special Master (Monica Ip) In Support Of Their Motion For Reimbursement Of Expenses (MDL Dkt. No. 921)

— Declaration Of Adam J. Zapala In Support Of Supplemental Report And Materials To The Special Master (Monica Ip) In Support Of Their Motion For Reimbursement Of Expenses (MDL Dkt. No. 921-1)

**II.     Amount of Reimbursement Requested**

1. As stated in MDL Dkt. No. 921, Lead Counsel and Supporting Counsel requested reimbursement of expenses totaling $4,710,298.22. This amount was determined based on the total of i) unreimbursed expenses of $753,224.72 from Round 1, ii) Litigation Fund expenses of $3,518,095.70 from Round 2, and iii) Individual Firm expenses of $438,977.80 from Round 2.[1] (See Exhibit 1)

2. Round 1 covered expenses incurred from November 1, 2014 through September 30, 2016. Round 2 covered Litigation Fund expenses from October 1, 2016 through August 10, 2018 and Individual Firm Expenses from October 1, 2016 through March 31, 2018.[2]

3. In addition, the unreimbursed Litigation Fund expenses of $753,224.72 from Round 1 was calculated based on the difference between Round 1 Litigation Fund expenses of $3,311,678.72 and Round 1 reimbursement sought and received in the amount of $2,558,454.[3] (See Exhibit 1)

4. However, class counsel's calculation understated the unreimbursed Round 1 expenses by $132,691.41. Class counsel previously reported Litigation Fund expenses of $3,311,678.72 and Individual Firm expenses of $132,691.41 from

---

[1] MDL Dkt. No. 921, 2:6-11.
[2] MDL Dkt. No. 921, 2:6-11 and 3:1-10.
[3] MDL Dkt. No. 921, 2:13-20.

1

    November 1, 2014 through September 30, 2016 for a total of $3,444,370.13.[4] As such, the unreimbursed amount from Round 1 should have been $885,916.13 (See Exhibit 1).

5. In arriving at their current request for reimbursement, class counsel inadvertently excluded Round 1 Individual Firm expenses of $132,691.41. The exclusion of Round 1 Individual Firm expenses understated expenses already incurred and understated the current reimbursable amount by $132,691.41 (See Exhibit 1).

### III. Analysis of Litigation Fund Expenses

1. The Litigation Fund incurred expenses of $3,311,678.72 from November 1, 2014 through September 30, 2016 (Round 1) and $3,518,095.70 from October 1, 2016 through August 10, 2018 (Round 2), for a total of $6,829,774.42. These expenses are summarized by category and by vendor in MDL Dkt. No. 921-2.

2. For each vendor, Lead Counsel provided me a detailed schedule of invoice amounts in Excel, including invoice date and invoice number, if applicable. The total of each schedule of vendor amounts matched the vendor total (Rounds 1 and 2, combined) in MDL Dkt. No. 921-2.

3. Using invoices and supporting documents that are included in the exhibits to MDL Dkt. No. 921-1, and a few additional invoices provided by Lead Counsel, we were able to verify each amount listed in the vendor schedules. In addition, each invoice or supporting document i) is addressed to Lead Counsel or a Supporting Counsel and ii) referenced "Capacitors," a case name related to the subject litigation, a deponent related to the subject litigation, or a third-party from whom discovery was sought.

### IV. Analysis of Individual Firm Expenses

1. As stated in MDL Dkt. No. 921, class counsel claimed Round 2 Individual Firm expenses of $438,977.80 for the period from October 1, 2016 through March

---

[4] Declaration Of Steven N. Williams In Support Of Indirect Purchaser Plaintiffs' Notice Of Motion And Motion For An Award Of Attorneys' Fees And Reimbursement Of Expenses, May 17, 2017, 17:1-12 and Exhibits 4-5.

2. 31, 2018 (See Exhibit 1).[5] For each class counsel firm, we were provided receipts that are included in MDL Dkt. No. 921-1, but not a detailed listing of the expenses claimed. As such, for each firm, we tallied the submitted receipts to determine if they support the amount claimed. In some cases, class counsel firms provided additional receipts or documentation that were not included in MDL Dkt. No. 921-1.

2. Lead Counsel's Individual Firm expenses of $332,569.46 included a $300,000 payment to an expert firm.[6] I understand that this amount was a partial payment on three invoices from the expert firm. However, the entirety of these three invoices are also included in the Litigation Fund expenses, rather than just the portion that the Litigation Fund paid. As such, the Litigation Fund expenses are overstated by $300,000 (See Exhibit 1).

3. Based on our review, except for the $300,000 payment discussed above, the remaining Individual Firm expenses claimed are primarily related to travel, lodging, meals, and in-house copying. Except for an insignificant amount for some firms, the total amount of expenses claimed is supported by receipts or documents indicating that each individual expense was incurred during the subject period and was of a reasonable nature.

4. In addition, for out-of-town meals, we reviewed to ensure that they were not in excess of the $75 per diem. We noted some meals that were in excess of the $75 per diem.

## V.  Conclusion

Based on our analysis, the requested reimbursement of $4,710,298.24 should be reduced by $168,564.16 to **$4,541,734.08**. The adjustments are summarized in Exhibit 1.

---

[5] MDL Dkt. No. 921, 2:6-11.
We have not tested the Round 1 Individual Firm expenses as they were reported in a previous request for reimbursement. In addition, testing of Round 2 Individual Firm expenses revealed an error rate of only 0.29%.
[6] Declaration Of Adam J. Zapala In Support Of Supplemental Report And Materials To The Special Master (Monica Ip) In Support Of Their Motion For Reimbursement Of Expenses, Exhibit 36.

_____
M. Monica Ip, CPA/CFF, CVA, CMA

**Exhibit 1**
**IPPs' Class Counsel**
**Expense Reimbursement**

| | | a | | Adjustments | | | | b | a+b |
|---|---|---|---|---|---|---|---|---|---|
| | | Request | | Round 1 Firm Expenses Inadvertently Excluded | Payment to Expert Double Counted | Lack of Receipts | Other Expenses Double Counted | Out-Of-Town Meals Over $75 Per Diem | Total | Adjusted |
| Litigation Fund Expenses  Round 1  11/1/14 - 9/30/16 | (1) | $ 3,311,678.72 | $ | - | $ - | $ - | $ - | $ - | $ - | $ 3,311,678.72 |
| Firm Expenses             Round 1  11/1/14 - 9/30/16 | | | | 132,691.41 | | | | | 132,691.41 | 132,691.41 |
| Reimbursement             Round 1 | (1) | (2,558,454.00) | | | | | | | - | (2,558,454.00) |
| Unreimbursed              Round 1 | | 753,224.72 | | 132,691.41 | | | | | 132,691.41 | 885,916.13 |
| Litigation Fund Expenses  Round 2  10/1/16 - 8/10/18 | (1) | 3,518,095.70 | | | (300,000.00) | | | | (300,000.00) | 3,218,095.70 |
| Individual Firm Expenses  Round 2  10/1/16 - 8/10/18 | | | | | | | | | | |
| Cotchett, Pitre & McCarthy, LLP | (2) | 332,569.46 | | | | (68.54) | | (25.79) | (94.33) | 332,475.13 |
| Glancy Prongay & Murray, LLP | (2) | 3,451.48 | | | | (74.23) | | (50.02) | (124.25) | 3,327.23 |
| Gustafson Gluek PLLC | (2) | 24,212.76 | | | | | (260.92) | | (260.92) | 23,951.84 |
| Lieff Cabraser Heimann & Bernstein, LLP | (2) | 13,676.10 | | | | | | (16.32) | (16.32) | 13,659.78 |
| Lockridge Grindal Nauen, PLLP | (2) | 9,439.45 | | | | (617.95) | | | (617.95) | 8,821.50 |
| Meredith & Associates | (2) | 239.05 | | | | (44.00) | | | (44.00) | 195.05 |
| Minami Tamaki LLP | (2) | 105.87 | | | | | | | - | 105.87 |
| Robins Kaplan LLP | (2) | 15,581.73 | | | | (52.84) | | | (52.84) | 15,528.89 |
| Saveri & Saveri, Inc. | (2) | 30,863.52 | | | | | | | - | 30,863.52 |
| Susman Godfrey, LLP | (2) | 6,960.55 | | | | (43.00) | | (1.96) | (44.96) | 6,915.59 |
| The Miller Law Firm, P.C. | (2) | 1,877.85 | | | | | | | - | 1,877.85 |
| | (1) | 438,977.82 | | - | | (900.56) | (260.92) | (94.09) | (1,255.57) | 437,722.25 |
| **Requested Expense Reimbursement** | | $ 4,710,298.24 | $ | 132,691.41 | $ (300,000.00) | $ (900.56) | $ (260.92) | $ (94.09) | $ (168,564.16) | **$ 4,541,734.08** |

(1) MDL Dkt. No. 921, 2:6-11.
(2) MDL Dkt. No. 921-1, Exhibit 35.