Joseph W. Cotchett (Stab Bar No. 36324)
Adam Zapala (State Bar No. 245748)
Elizabeth Castillo (State Bar No. 280502)
**COTCHETT PITRE & McCARTHY LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com

*Lead Class Counsel for Indirect Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CAPACITORS ANTITRUST LITIGATION** | Case No. 3:14-cv-03264-JD; 3:17-md-02801-JD<br>Hon. James Donato |
| **THIS DOCUMENT RELATES TO:**<br><br>**ALL INDIRECT PURCHASER PLAINTIFF ACTIONS** | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING IPPS' REQUEST FOR REIMBURSEMENT OF EXPENSES** |

**Indirect Purchaser Plaintiffs' Response to the Special Master's Report and Recommendation Regarding IPPs' Request for Reimbursement of Litigation Expenses**

The Indirect Purchaser Plaintiffs' ("IPPs") hereby submit this response to the Special Master's recently submitted Report and Recommendation Regarding the Indirect Purchasers' Request for Reimbursement of Expenses. See ECF No. 2484.[1] In short, IPPs accept the Special Master's Report and Recommendation ("R&R") in full and request that the Court "so order" the R&R promptly so that IPPs can pay critical bills and replenish their Litigation Fund in advance of further proceedings.

In October of 2018, IPPs requested reimbursement of reasonably incurred litigation expenses in the amount of $4,710,298.24. See ECF No. 2219 (Supplement Brief Regarding IPPs' Expenses). After extensive proceedings before Special Master Monica Ip, for the purpose of validating IPPs' request for reimbursement of litigation expenses, the R&R recommends that the Court award IPPs $4,541,734.08 of the requested expenses. As noted *supra*, IPPs accept the R&R in full and request that an order be issued by the Court promptly adopting the R&R in full and permitting IPPs to be reimbursed for such litigation expenses. And while IPPs do not contest the Special Master's findings, particularly given the extended nature of these proceedings and the need to bring this matter to a conclusion, IPPs did want to note for the Court that simply because certain minimal IPP expenses could not now—many years later—be supported by receipts does not *a fortiori* mean that the expenses were not actually incurred. For example, the R&R finds that approximately $9,000 in claimed individual firm expenses were not supported by receipts. See R&R at Exhibit 1. But some actually incurred expenses would not be reflected in receipts. For example, while certain IPP counsel submitted individual firm expenses for parking—either for hearings or depositions—parking meters do not themselves provide receipts, but this does not mean the expenses were not actually incurred. Again, IPPs are not contesting the Special Master's findings in any way and wish to proceed with full adoption of the R&R, but IPPs did want to provide appropriate context for the claimed expenses.

Similarly, IPPs followed strict guidelines and issued mandates to co-counsel that per diem meals were not to exceed $75, in accord with this Court's order. For the overwhelming majority of travel occurring on this case, that guideline was strictly followed with the R&R finding only $94.09 had to be reduced for days that exceeded that threshold. See R&R at Exhibit 1. IPPs believe that for

---

[1] All "ECF" references are to the original docket in this case, Case No. 3:14-cv-03264-JD

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**Indirect Purchaser Plaintiffs' Response to the Special Master's Report and Recommendation Regarding IPPs' Request for Reimbursement of Litigation Expenses**

1

the majority of these identified meals (and there were only four identified cases), multiple counsel were present—either other IPP counsel traveling for the deposition, or DPP counsel—with one attorney paying, making it appear as though the meal was over the per diem amount for that individual on that day. And while IPPs identified several such instances—given the passage of time—IPPs were unable to identify them for these four instances. IPPs provide the foregoing information solely to provide additional context and information to the Court, not to challenge the R&R's findings. Indeed, IPPs were pleased to see the R&R's conclusion of only a 0.29% error rate in the Round 2 individual firm expenses. *See* R&R at n. 5.

## CONCLUSION

IPPs accept in full the Special Master's R&R concerning IPPs' request for reimbursement of expenses regarding the Round 2 settlements and thank the Special Master for her diligent work regarding this matter. IPPs request that the Court issue an order adopting the R&R and awarding IPPs' litigation expenses in the amount of $4,541,734.08.

DATED: November 27, 2019             Respectfully submitted,

*/s/ Adam J. Zapala*
Joseph W. Cotchett
Adam J. Zapala
Elizabeth Castillo
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com

*Lead Class Counsel for Indirect Purchaser Plaintiffs*

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**Indirect Purchaser Plaintiffs' Response to the Special Master's Report and Recommendation Regarding IPPs' Request for Reimbursement of Litigation Expenses**

2