1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION | Master File No. 3:14-cv-03264-JD MDL No. 2801 |
| This Document Relates To: DIRECT PURCHASER PLAINTIFFS ACTION | **JOINT INITIAL PRETRIAL CONFERENCE STATEMENT**<br><br>Date:  Jan. 2, 2020<br>Time:  1:30 p.m.<br>Place:  Courtroom 11, 19th Floor<br>Hon. James Donato |

1    In advance of the initial pretrial conference to be held on January 2, 2020 at 1:30

2  p.m., and consistent with the Court's instruction, the Direct Purchaser Plaintiffs ("DPPs" or

3  "Plaintiffs") and undersigned Defendants hereby submit this Joint Initial Pretrial

4  Conference Statement.

5  **I.      Pretrial Schedule.**

6    Subject to the Court's approval, DPPs and Defendants have agreed to the following

7  pretrial schedule:

| Event | Date |
|-------|------|
| *Meet and confer regarding pretrial filings* | *Dec. 20, 2019 – Complete*[1] |
| Deadline for Defendants to provide DPPs with edits/revisions to proposed jury instructions and verdict form | Dec. 23, 2019 – Complete |
| Deadline to exchange proposed exhibit lists | Dec. 27, 2019 – Complete, *but see* the Parties' positions in Section IV, below |
| *Initial Pretrial Conference* | *Jan. 2, 2020 at 1:30 p.m.* |
| Meet and confer regarding motions *in limine* | Jan. 3, 2020 |
| Deadline to exchange proposed witness lists | Jan. 6, 2020 |
| *Deadline to serve motions in limine* | *Jan. 6, 2020* |
| Deadline for the Parties to exchange their portions of Joint Pretrial Statement | Jan. 9, 2020 |
| Meet and confer regarding proposed jury instructions and verdict form | Jan. 10, 2020 |
| Deadline to exchange lists of (a) objections to exhibits and (b) additional exhibits | Jan. 10, 2020 |
| Deadline to exchange objections to additional exhibits | Jan. 13, 2020 |
| Deadline for the Parties to exchange responding portions of the Joint Pretrial Statement | Jan. 14, 2020 |

---

[1] Events and dates in italics have been set either by the Court's Standing Order For Civil Jury Trials Before Judge James Donato or by the Order found at MDL ECF No. 1037.

| Event | Date |
|---|---|
| In-person meet and confer regarding exhibits | Jan. 15, 2020 |
| *Deadline to serve oppositions to motions in limine* | *Jan. 16, 2020* |
| Deadline for the parties to finalize their portions of Joint Pretrial Statement | Jan. 19, 2020 |
| *Pretrial filings due:*<br><br>• *Deadline to file charts of (a) admissible exhibits; and (b) disputed exhibits;*<br>• *Deadline to file proposed jury instructions and verdict form;*<br>• *Deadline to file joint witness list (including brief statement describing substance of testimony and estimate of amount of time testimony will take (direct and cross));*<br>• *Deadline to file motions in limine and oppositions (movants to file pairings);*<br>• *Deadline to file trial briefs; and*<br>• *Deadline to file Joint Pretrial Statement* | *Jan. 20, 2020* |
| *Deadline to email Word version of proposed jury instructions and verdict form to jdpo@cand.uscourts.gov* | *Jan. 21, 2020 by noon Pacific* |
| Deadline to exchange deposition designations | *See* the Parties' positions below |
| Deadline to exchange deposition counter-designations or objections to designations | *See* the Parties' positions below |
| Deadline for exchange of objections to counter designations | *See* the Parties' positions below |
| *Meet and confer regarding deposition designations and objections* | *Feb. 11, 2020* |
| *Pretrial Conference* | *Feb. 13, 2020 at 1:30 p.m.* |
| *Deadline to file deposition designations (including counter-designations or objections)* | *Feb. 26, 2020* |
| *Deadline to submit exhibit binders to Court* | *March 2, 2020* |
| *Trial start date* | *March 2, 2020 at 9:00 a.m.* |

1    In addition to these agreed-upon dates, the parties have agreed to exchange

2    demonstrative exhibits two days before their intended use.

3    **A.      Plaintiffs' Position on Deposition Designations.**

4    This case has been pending for over five years. Trial had previously been set for

5    February 2, 2020, and after a brief continuance related to the PGE bankruptcy litigation trial

6    was reset to March 3, 2020. There is no reason why the parties should not have been

7    preparing for trial such that they can exchange deposition designations on a reasonable date.

8    There are several reasons why. First, there is no reason whatsoever to think that anyone is

9    going to review and offer testimony at trial from 275 deposition transcripts. Second, while

10   Plaintiffs may use most of the depositions in this case against the defendants, the

11   defendants do not have that right vis-à-vis plaintiffs and thus have nowhere near 275

12   deposition transcripts that they could potentially designate. Third, the burden here is clearly

13   on DPPs, who have no power to compel defendants' employees and former employees to

14   appear at trial and thus must rely on deposition testimony much more than defendants.

15   DPPs are not only prepared to, but believe it is essential that designations happen sooner

16   because counter-designations, objections, and meet-and-confers about objections need to

17   take place and that should happen sooner rather than later.

18   **B.      Defendants' Position on Deposition Designations.**

19   There are approximately 275 deposition transcripts in this case that need to be

20   reviewed and excerpted for common issues among the Defendants as well as Defendant-

21   specific issues.  While this work is already under way, completion will take an

22   extraordinary amount of time and it is critically important to Defendants' evidentiary

23   presentations at trial.  For this reason, as well as the press of other work that needs to be

24   completed prior to the January 20, 2020 pretrial filing deadline, Defendants have proposed

25   that deposition designations be completed after the pretrial filing deadline, on a schedule

26   that provides the Parties with the time necessary to counter designate, object, meet and

27   confer and ultimately meet the deadline to file deposition designations with the Court.

28

1        Thus, Defendants have proposed that the Parties exchange deposition designations

2   on January  31, 2020, exchange objections and counter designations on February 7, 2020,

3   and exchange objections to counter designations on February 10, 2020.  This schedule will

4   not impact the Parties' agreed-upon February 11, 2020 date to meet and confer on

5   deposition designations or the February 26, 2020 deadline to file deposition designation

6   materials set by the Court's Standing Order.  Defendants respectfully request that the Court

7   enter an Order adopting this deposition designation schedule.

8   **II.     Trial Length.**

9           **A.     Plaintiffs' Position.**

10        The Class understands that the Court will impose time limits and that trial time will

11   be split 50-50 between the plaintiffs and defendants. *General Signal Corp. v. MCI*, 66 F.3d

12   1500, 1508  (9th Cir. 1995) (district court may impose reasonable time limits), *citing*

13   *Monotype Corp. v. International Typeface Corp.,* 43 F.3d 443, 451 (9th Cir. 1994)

14   (upholding time limits even though "it provide significantly less time than the parties

15   estimated would be required"). *Id.*  Plaintiffs will be prepared to begin trial on March 3,

16   2020. The Class is of the view that a trial can be concluded in fewer than five weeks and

17   notes that the only occasion when the parties had together considered a trial of that length

18   or longer was before the appointment of lead class counsel, Rule 12 proceedings, discovery,

19   or guilty pleas and at a time when all 22 Defendants remained in the case and the trial under

20   consideration would have included both direct and indirect purchaser plaintiffs.

21           **B.     Defendants' Position.**

22        Defendants respectfully submit that a fair and orderly trial of this case will require at

23   least 5 weeks for several reasons.  First, 7 corporate families remain as Defendants in

24   DPPs' case and approximately 14 other corporate families are alleged to be co-conspirators.

25   Beyond the sheer number of Defendants and alleged co-conspirators, each Defendant's case

26   will involve unique evidence and issues of law and fact.  For example, several Defendants

27   and alleged co-conspirators were not part of any government investigation into the alleged

28   conspiracy.  Other Defendants and alleged co-conspirators are alleged to have been part of

JOINT INITIAL PRETRIAL
CONFERENCE STATEMENT
MDL. NO. 2801

1   the alleged conspiracy during different time periods, which raise individualized joint and

2   several liability issues.  And still other Defendants and alleged co-conspirators were not

3   active in selling the products at issue or to the customers in the DPP class, which raise

4   questions about their participation in the alleged conspiracy as well as the critical issue of

5   class-wide injury.  Second, Defendants currently estimate that approximately 25 percipient

6   witnesses and 7 expert witnesses, which include joint experts as well as experts for

7   individual Defendants, will testify live in Defendants' case.  Third, many of Defendants'

8   percipient witnesses will testify through a translator, which more than doubles the amount

9   of time that these witnesses will be on the stand.  Finally, DPPs' initial exhibit list, which

10  contains **over 3,200 exhibits**, which is discussed below in Section IV, is further evidence

11  that trial cannot be completed in the amount of time DPPs are proposing.

12        A number of recent, similar antitrust trials in this District – each of which involved

13  far fewer defendants – required more or the same amount of time than what Defendants

14  estimate for this matter.  For example, the direct purchaser plaintiff trial in *In re: TFT-LCD*

15  *(Flat Panel) Antitrust Litigation*, 07-md-01827 (N.D. Cal.) (Illston, J.), involving only 1

16  defendant, lasted 6 weeks.  Likewise, the single-plaintiff opt-out trial in *In re: TFT-LCD*

17  *(Flat Panel) Antitrust Litigation*, 07-md-01827 (N.D. Cal.) (Illston, J.), involving 2

18  defendants, also ran for 6 weeks.  And trial in *In re Korean Ramen Antitrust Litigation*, 13-

19  cv-4115 (N.D. Cal.) (Orrick, J.), involving only 2 defendants, lasted 5 weeks.

20        Accordingly, Defendants respectfully request that the Court set aside at least 5

21  weeks to complete trial in this matter.

22  **III.   Opening Statements.**

23        **A.   Plaintiffs' Position.**

24        The Class believes that 30 minutes is sufficient for opening statements for each side

25  and that that limit should apply to statements presented on behalf of all Defendants. The

26  Class would not object, however, to supplemental opening statements presented by

27  individual Defendants of any duration on individual issues, including up to Defendants'

28  requested length of three hours.

1     **B.**      **Defendants' Position.**

2         Mindful of the Court's rule that opening statements are generally limited to 30

3 minutes per side, (Standing Order For Civil Jury Trials Before Judge James Donato at ¶

4 35), Defendants believe that they will need additional time to present a concise, coordinated

5 and comprehensive opening statement that introduces the Defendants and the alleged co-

6 conspirators and provides the jury with an overview of the relevant issues and facts that will

7 be established by the evidence.  In order for the jury to have the appropriate context to

8 understand the evidence as it starts to come in, the jury will need a basic understanding of

9 what the evidence will be as to the products at issue, the customers at issue, the marketing

10 mechanisms at issue, the unique and differentiated businesses of the Defendants and the

11 alleged co-conspirators as well as the evidence regarding each Defendants' and alleged co-

12 conspirator's participation or non-participation in the alleged conspiracy.

13         Thus, in order to avoid duplication and save time, Defendants request that they be

14 permitted to provide the jury with a single opening statement that relates to all Defendants,

15 followed by shorter statements by particular Defendants focused on issues and evidence

16 unique to their cases.  Defendants estimate that they can accomplish a complete opening

17 statement, with the joint presentation and individual presentations described above, in 3

18 hours or less, but believe that the allocation of this amount of time should be left to

19 Defendants' discretion.

20 **IV.**      **Exhibit Lists.**

21     **A.**      **Plaintiffs' Position.**

22         Defendants first sent their language below at about 4 p.m. Pacific on the day this

23 statement is due. The issue is very simple.  DPPs have no expectation that they will have an

24 exhibit list of 3,200 entries, as trial counsel will no doubt enter into many stipulations of

25 fact, stipulations as to the authenticity of documents produced by Defendants, and

26 agreements on the presentation of eviidence through summary exhibits. Fed. R. Evid. 1006.

27 However, the fact is that the evidence of conspiracy in this case spans a duration of at least

28 twelve years and included regularly scheduled cartel meetings throughout that period. If

1    reasonable agreements are reached DPPs have no doubt that they will cut their exhibit list

2    substantially. However, no meaningful meet-and-confer has happened yet. DPPs suggest

3    that the Court have counsel report to Court early on January 2, 2020, to begin their meet-

4    and-confer about these issues.

5         **B.    Defendants' Position.**

6         On Friday, December 27, 2019, DPPs provided Defendants an "initial" exhibit list

7    of over 3,200 entries, more than three times the number of entries on the Defendants'

8    combined list.  Bearing in mind the Court's reference to "focus[ing] and streamlin[ing] trial

9    preparation" (ECF 1040), Defendants have worked hard to prepare and provide pretrial

10   exchanges that are tailored to the evidence and issues that will actually be presented at trial.

11   Unfortunately, the same cannot be said for the DPPs.

12        With over 3,200 entries, DPPs' exhibit list cannot be considered a good faith effort

13   of providing an initial trial exhibit list consistent with Rule 26(a)(3)(A)(iii) of the Federal

14   Rules of Civil Procedure, which requires "an identification of each document or other

15   exhibit . . . the party expects to offer and those it may offer if the need arises."  Indeed, a list

16   of this length is completely inconsistent with DPPs' repeated, prior representations that they

17   envision only a week or two to present their case in chief.  (Tr. of Nov. 7, 2019 Status

18   Conference at 8:11-15, 10:12-13.)  It is also inconsistent with DPPs' October 4, 2019 letter

19   to Defendants regarding documents that DPPs intend to use at trial, which identified only a

20   small fraction of these 3,200 documents.  Under the circumstances, an initial exhibit list of

21   this length violates the Federal Rules of Civil Procedure, not to mention implicating Federal

22   Rules of Evidence 403 (court may exclude relevant evidence that risks "undue delay,

23   wasting time, or needlessly presenting cumulative evidence") and 611(a) (court "should

24   exercise reasonable control over the mode and order of … presenting evidence so as to …

25   avoid wasting time") and the spirit in which they were written.

26        In an effort to address this issue, on December 29, 2020, Defendants requested that

27   DPPs reconsider their position, send an amended list and provide Defendants with a few

28   additional days to evaluate the revised list.  Minutes later, DPPs responded that the

1  December 27 list "is [DPPs'] exhibit list" and that they "object to [Defendants'] taking any

2  extra time."

3        DPPs' overbroad exhibit list and their subsequent refusal to tailor it does not just

4  burden the Defendants during a critical stage of trial preparation.  It also inevitably gives

5  rise to unnecessary disputes that will waste the resources of the Court and counsel.  For all

6  these reasons, Defendants respectfully request that the Court (i) direct DPPs to produce on

7  or before January 5, 2020 an exhibit list with those documents DPPs truly "expect[] to offer

8  and those [they] may offer if the need arises"; and (ii) allow Defendants to raise objections

9  and offer rebuttal exhibits during trial, as necessary.

10 **V.        Pending Motions.**

11        **A.        List of Motions.**

12        The following motions are pending in the DPP case:

13        <u>Summary Judgment Motions</u>

14        1.        Film-Only Defendants' Joint Motion for Summary Judgment (MDL ECF

15 687).

16        2.        Certain Defendants' Joint Motion for Summary Judgment Against Direct

17 Purchaser Plaintiffs' Claims (MDL ECF No. 673).

18        3.        Holy Stone Defendants' Motion for Summary Judgment and Motion for

19 Partial Summary Judgment on Direct Purchaser and Direct Action Plaintiffs' Claims (MDL

20 ECF No. 671-4).

21        4.        AVX Corporation's Motion for Summary Judgment Against all Plaintiffs

22 (MDL ECF No. 651).

23        5.        United Chemi-Con, Inc.'s Motion for Summary Judgment (MDL ECF No.

24 665).

25        6.        Nippon Chemi-Con Corp.'s Motion for Summary Judgment (MDL ECF No.

26 656).

27

28

1        *Daubert* Motions

2        7.      Certain Defendants' Motion to Exclude the Proposed Expert Testimony of

3    Dr. James T. McClave (MDL ECF No. 661).

4        8.      Certain Defendants' Joint Motion to Exclude Testimony of Dr. Hal J. Singer

5    (MDL ECF No. 647).

6        9.      Certain Defendants' Motion to Exclude the Proposed Expert Testimony of

7    Joseph P. Russoniello (Civ. ECF No. 2333).

8        10.     Direct Purchaser Class and Indirect Purchaser Plaintiffs' Motion to Exclude,

9    in Part, the proposed Expert Testimony of Spencer L. Simons (MDL ECF No. 672).

10       11.     Direct Purchaser Class's Motion to Partially Exclude Proposed Expert

11   Testimony of Janusz A. Ordover (MDL ECF No. 669).

12       Other Motions

13       12.     Defendants' Motion for Decertification of Direct Purchaser Plaintiff Class

14   (MDL ECF No. 992).

15       13.     Defendants' Motion Requesting Consideration of and Decision on

16   KEMET's Motion for Summary Judgment (MDL ECF No. 1017) (noticed for hearing on

17   January 9, 2020).

18       14.     Defendants ELNA and Matsuo's Motion to: (1) Admit Trial Testimony and

19   (2) Preclude Evidence of Prior Invocations of the Fifth Amendment of Messrs. Inoue,

20   Kinoshita, Imai and Okubo (MDL ECF No. 1030) (noticed for hearing on January 9, 2020).

21       15.     Defendants Nippon Chemi-Con Corp. and United Chemi-Con, Inc. have

22   noticed a January 30, 2020 hearing date on their Motion for an Order (I) Allowing Noriaki

23   Kakizaki to Testify Substantively at Trial and (II) Precluding Plaintiffs from Offering

24   Evidence of Mr. Kakizaki's Prior Invocation of His Fifth Amendment Rights at an Earlier

25   Deposition (MDL ECF No. 1045) (noticed for hearing on January 30, 2020).[2]

26

27   _____

28   [2] It is DPPs' position that the last two motions constitute two of defendants' collective
         motions *in limine*.  Defendants disagree.

1        **B.**      **Defendants' Statement.**

2        The motions listed above as numbers 13 (MDL ECF No. 1017), 14 (MDL ECF No.

3  1030), and 15 (MDL ECF No. 1045) are relevant to Defendants' trial preparations as well

4  as Defendants' plans for trial presentations. Thus, Defendants respectfully request that the

5  Court hold hearing on these motions on January 9 and January 30, 2020, as noticed.

6  **VI.**    **Recent Productions and Document Translations.**

7        **A.**      **Plaintiffs' Statement.**

8        Defendants are continuing to produce documents in violation of Rule 34 and the

9  Court's Scheduling Orders. The most recent documents, produced by the ELNA

10  Defendants this past Friday, December 27, 2019, would appear to be basis for undisclosed

11  percipient or expert testimony. Plaintiffs' experts did not have an opportunity to review

12  these materials before preparing their reports or giving deposition testimony. Plaintiffs' trial

13  preparation has substantially advanced without these documents.

14        Plaintiffs' discovery requests in this action expressly requested product catalogs,

15  Plaintiffs' experts have made use of such catalogs in their analyses, and the Defendants'

16  product portfolios have been the subject of expert testimony.

17        Defendants' proposal to submit alternative translations of the documents evidencing

18  Defendants' conduct would clearly prejudice Plaintiffs. The Class has produced translations

19  of documents introduced at deposition and submitted in support of its briefing months and

20  in most cases years ago. Defendants raised general objections but never offered translations

21  of their own. To the extent Defendants possessed alternative translations, they should have

22  been produced long ago. They should not now be permitted to submit their own preferred

23  versions, or rewrite the translations to suit their preference, on the eve of trial.

24        **B.**      **Defendants' Statement.**

25        On Friday, December 27, 2019, the same day the parties exchanged initial trial

26  exhibit lists, ELNA provided plaintiffs with sixteen (16) documents it intends to use as trial

27  exhibits. It did so in compliance with the pretrial disclosure requirements of Fed. R. Civ. P.

28  26(a)(3)(A)(iii). Nine (9) of these documents are annual catalogues of capacitors sold by

1    ELNA, which are not responsive to or necessary to satisfy plaintiffs' requests for the

2    production of documents as objected to by ELNA.  The other seven (7) documents are

3    translations of previously-produced documents.  These translations were prepared by

4    ELNA for the Department of Justice and, according to the Court's April 30, 2015 order

5    pertaining to the DOJ's electrolytic investigation, not required to be produced.  See 14-cv-

6    3264, Dkt. 678 ("The Court denies plaintiffs' request for copies of the English-translated

7    documents that were provided by defendants to the DOJ.").  In addition, ELNA obtained

8    certificates of accuracy for these seven (7) translations in November 2019, and produced

9    the certificates of accuracy along with the translations.  Accordingly, neither ELNA nor any

10   other Defendant is "in violation of Rule 34 and the Court's Scheduling Orders."[3]

11        As a more general matter, Defendants intend to provide DPPs with additional

12   document translations or counter-translations to translations previously provided by DPPs.

13   Since October 2019, Defendants have attempted to negotiate a process and schedule for

14   doing this, but DPPs have continued to claim that the production of such translations are

15   "late."  Defendants plan on producing to DPPs all additional document translations and

16   counter translations by February 12, 2020, well in advance of trial.

17   **VII.    Motions *In Limine*.**

18        **A.    Plaintiffs' Position.**

19        Like much of this statement, the section below was sent to DPPs late on the day that

20   it was due, and seems to reflect a lack of understanding of DPPs' position that could be

21   solved easily through meet-and-confer. Before this was sent, defendants had indicated that

22   they would abide by the Court's standing order (as noted above, defendants have already

23   used two of their motions *in limine*.). This draft was the first time that DPPs learned that

24   Defendants changed their position, but as set forth above there is reason to believe that

25

26

27   ───────────────────

28   [3] In fact, on the same day, DPPs produced to Defendants two new translations of documents
     previously produced in this action.

1    counsel will be able to substantially reduce their exhibit lists once they meet-and-confer,

2    and as a result defendants will not need to expand their motions *in limine*.

3        **B.      Defendants' Position.**

4            As set forth in the Parties' November 1, 2019 Joint Status Conference Statement,

5    Defendants envisioned a possibility that they may require more than the 8 motions *in limine*

6    per side, as permitted by the Court's Standing Order, depending on the Parties' proposed

7    exhibit lists.  (MDL ECF No. 994 at 3.)  Now that Defendants have seen DPPs' initial

8    exhibit list, with over 3,200 potential exhibits, it has become clear that the seven remaining

9    Defendant families will require, collectively, more than 8 motions *in limine*.  In order to

10   help streamline trial and the presentations of evidence, Defendants believe that they can

11   address all these evidentiary issues in no more than 12 motions *in limine* and request that

12   the Court permit them to do so.

13           Enlarging the number of motions *in limine* is consistent with recent antitrust trials in

14   this District, each of which, again, involved far fewer defendants.  For example, in the

15   direct purchaser plaintiff trial in *In re: TFT-LCD (Flat Panel) Antitrust Litigation*, 07-md-

16   01827 (N.D. Cal.) (Illston, J.), the parties filed fifty-one motions *in limine*. (See Dkt. No.

17   5597.)  Likewise, in the opt-out trial in *In re: TFT-LCD (Flat Panel) Antitrust Litigation*,

18   07-md01827 (N.D. Cal.) (Illston, J.), the parties filed forty-two motions *in limine*. (See Dkt.

19   8298.)  While Defendants are not proposing an expansion in motions *in limine* of these

20   proportions, it is Defendants' view that a modest expansion of the motion *in limine* limit to

21   12 per side is necessary.  In addition, Defendants have committed to a meet and confer

22   process with DPPs aimed at reaching stipulations on evidence and thus minimizing the

23   number of motions *in limine* needed by both sides.

24   Dated: Dec. 30, 2019

25

26

27

28

JOINT INITIAL PRETRIAL
CONFERENCE STATEMENT
MDL. NO. 2801

| | |
|---|---|
| 1 | JOSEPH SAVERI LAW FIRM, INC. |
| | Joseph R. Saveri |
| 2 | Steven N. Williams |
| | James G. Dallal |
| 3 | Kyle P. Quackenbush |
| 4 | Anupama K. Reddy |
| | 601 California Street, Suite 1000 |
| 5 | San Francisco, California 94108 |

6        By: _____ /s/ Joseph R. Saveri _____

7

8        Lead Counsel for the Direct Purchaser Class

Dated:  Dec. 30, 2019

9

10       JONES DAY
         Jeffrey A. LeVee
11       Eric P. Enson
         Kelly M. Ozurovich
12       555 South Flower Street, 50th Floor
         Los Angeles, CA 90071
13       jlevee@jonesday.com
         epenson@jonesday.com
14       kozurovich@jonesday.com

15

16       John M. Majoras
         51 Louisiana Avenue, N.W.
17       Washington, D.C. 20001-2113
         jmmajoras@jonesday.com

18       By: _____ /s/ Eric P. Enson _____

19

20       Attorneys  for Defendants
         HOLY STONE ENTERPRISE CO, LTD.,
21       MILESTONE GLOBAL TECHNOLOGY, INC., and
         VISHAY POLYTECH CO., LTD.

22

23

24

25

26

27

28

1    Dated:  Dec. 30, 2019.

2                                          MINTZ LEVIN COHN FERRIS GLOVSKY AND
                                           POPEO P.C.
3                                          Bruce D. Sokler
                                           Robert G. Kidwell
4                                          701 Pennsylvania Avenue NW, Suite 900
                                           Washington, DC 20004
5                                          bdsokler@mintz.com
                                           RGKidwell@mintz.com
6

7                                          MINTZ LEVIN COHN FERRIS GLOVSKY AND
                                           POPEO P.C.
8                                          Evan S. Nadel
                                           44 Montgomery Street, 36th Floor
9                                          San Francisco, CA 94104
                                           enadel@mintz.com
10

11                                         By:  _____ */s/ Bruce D. Sokler* _____

12

13                                         Attorneys for Defendant
                                           AVX CORPORATION
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -

1  Dated:  Dec. 30, 2019.

2                                        WILMER CUTLER PICKERING HALE AND
                                         DORR LLP
3                                        Heather S. Nyong'o
                                         1 Front Street, Suite 3500
4                                        San Francisco, California 94111
                                         Heather.Nyongo@wilmerhale.com
5

6                                        WILMER CUTLER PICKERING HALE AND DORR
                                         LLP
7                                        Thomas Mueller (*pro hac vice*)
                                         1875 Pennsylvania Ave NW
8                                        Washington, DC 20006
                                         Thomas.Mueller@wilmerhale.com
9

10                                       WILMER CUTLER PICKERING HALE AND DORR
                                         LLP
11                                       Chris Johnstone
                                         950 Page Mill Road
12                                       Palo Alto, CA 94304
                                         Chris.Johnstone@wilmerhale.com
13

14                                       By:  _____*/s/ Heather S. Nyong'o*_____

15

16                                       Attorneys for Defendants
                                         ELNA CO., LTD. and ELNA AMERICA, INC.
17
     Dated:  Dec. 30, 2019.
18
                                         MORRISON & FOERSTER LLP
19                                       Bonnie Lau
                                         425 Market Street
20                                       San Francisco, CA 94105
                                         blau@mofo.com
21

22
                                         By:  _____*/s/ Bonnie Lau*_____
23

24                                       Attorneys for Defendants
                                         MATSUO ELECTRIC CO., LTD.
25

26

27

28

- 15 -

1    Dated:  Dec. 30, 2019.

2                                    PAUL, WEISS, RIFKIND, WHARTON &
                                     GARRISON LLP
3                                    Charles F. Rule
                                     Joseph J. Bial
4                                    2001 K Street, NW
                                     Washington, DC 20006-1047
5                                    rrule@paulweiss.com
6                                    jbial@paulweiss.com

7                                    KAUFHOLD GASKIN LLP
                                     Steven Shea Kaufhold
8                                    388 Market St, Suite 1300
                                     San Francisco, CA 94111
9                                    skaufhold@kaufholdgaskin.com
10
                                     By:  _____ /s/ Joseph J. Bial _____
11

12
                                     Attorneys for Defendants
13                                   NIPPON CHEMI-CON CORPORATION and UNITED
                                     CHEMI-CON, INC.
14   Dated:  Dec. 30, 2019.

15                                   DENTONS US LLP
                                     Gaspare J. Bono
16                                   Claire Maddox
                                     Leslie Barry
17                                   1900 K Street, NW
18                                   Washington, DC 20006
                                     Email: gap.bono@dentons.com
19                                   claire.maddox@dentons.com
                                     leslie.barry@dentons.com
20
21                                   DENTONS US LLP
                                     Andrew S. Azarmi
22                                   One Market Plaza, Spear Tower, 24th Floor
                                     San Francisco, California 94105
23                                   Email: andrew.azarmi@dentons.com

24                                   By:  _____ /s/ Gaspare J. Bono _____
25

26                                   Attorneys for Defendants
                                     SHINYEI KAISHA, SHINYEI TECHNOLOGY CO.,
27                                   LTD., SHINYEI CAPACITOR CO., LTD. and
                                     SHINYEI CORPORATION OF AMERICA, INC.
28

                                              JOINT INITIAL PRETRIAL
                                              CONFERENCE STATEMENT
                                              MDL. NO. 2801

1

Dated:  Dec. 30, 2019.

2

3                                 BONA LAW PC
                                  Jarod M. Bona

4                                 Aaron R. Gott
                                  4275 Executive Square, Suite 200

5                                 La Jolla, CA 92037
                                  Email: jarod.bona@bonalawpc.com

6                                 aaron.gott@bonalawpc.com

7                                 By:  _____ */s/ Jarod M. Bona*_____

8

9                                 Attorneys for Defendants
                                  TAITSU CORPORATION and TAITSU AMERICA,

10                                INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    JOINT INITIAL PRETRIAL
                                                    CONFERENCE STATEMENT
                                                    MDL. NO. 2801