UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION | MDL Case No. 17-md-02801-JD<br><br>Case No. 14-cv-03264-JD<br><br>**PRETRIAL ORDER NO. 1 FOR DIRECT PURCHASER PLAINTIFFS' TRIAL** |

As discussed at the pretrial conference on January 2, 2020, these procedures will apply for the jury trial of the direct purchaser plaintiffs' case.

**I. SCHEDULE AND TIME LIMITS**

1. The Court will reserve up to five weeks for the trial, beginning on March 2, 2020, at 9:00 a.m.

2. Trial days are Monday through Thursday. Fridays are reserved for the Court's other matters, but may be used here if the case is ready for closings or the jury is deliberating.

3. Trial is held each trial day from 9:00 a.m. to 2:00 p.m., with two 15-minute breaks. The Court will set aside time before the jury is seated at 9:00 a.m. as needed to address urgent matters.

4. Each side will have up to 3 hours for opening statements. Duplicative statements by co-parties will not be allowed. The parties are directed to meet and confer on a deadline for exchanging demonstratives to be used in each side's opening statements.

5. Trial time will be divided equally between the two sides. As specified in the Court's civil trial standing order, the Courtroom Deputy, Ms. Lisa Clark, will have

the final word on the time count.

## II. VOIR DIRE, JURY SELECTION AND MINI-OPENINGS

1. The Court will likely seat 8-10 jurors from a 40-person venire.
2. The Court intends to have the parties give "mini-openings" to the venire as an introduction to the case. Each side should have a 3-4 minute statement that provides a high-level, non-argumentative overview of the case, and be prepared to share it with the Court in rough detail at the final pretrial conference on February 13, 2020.
3. After the mini-openings, the Court will conduct the voir dire based on its own questions and questions proposed by the parties.
4. The parties will have three peremptory challenges per side, pursuant to 28 U.S.C. § 1870. For good cause, the parties may request additional peremptory challenges no later than the final pretrial conference.
5. The Court will use the "strike and replace" method for jury selection. A prospective juror not excused after a round of challenges will be deemed a member of the jury and may not subsequently be challenged.
6. Jury selection typically takes no more than the morning session of the day the venire is sworn in. The parties should be prepared to give their opening statements and begin presenting witnesses on the first day of trial.

## III. JURY MATERIALS AND OTHER TRIAL PROCEDURES

1. **Jury notebooks**. Jurors will be permitted to take notes. The parties will prepare jury notebooks and bring 12 copies on the first day of trial. The notebooks should be in the form of 1.5" 3-ring binders that have a plastic cover sleeve with a caption page (stating the case name and number), and must include these materials:
   a. 50 pages of blank lined paper.
   b. A tab for witness photos. The jury will be provided with a color photo (a headshot) of each witness just before that witness takes the stand. The party calling the witness is responsible for providing the Courtroom Deputy with

12 three-hole punched, letter-sized copies of each photo. The Courtroom Deputy will distribute the photos to the jury. The witness must appear exactly the same in the photo as he or she will appear on the witness stand (*e.g.*, same clothing, hairstyle, eyewear). The photo should include the witness's name.

    c. A tab for the Final Jury Instructions, which the Court will distribute.

2. **Jury questions**. The Court will allow the jurors to ask questions during the trial. Questions will be in writing and submitted to the Court. Before the witness is excused, the Court will share the proposed question with the parties in a sidebar and, if warranted, pose the question to the witness.

3. **Sidebars**. There will be no attorney-initiated sidebars during trial.

4. **Motions**. No motions may be filed during trial without prior leave of Court.

5. **Objections**. Counsel must stand to state any objections, and should do so by simply stating the rule that forms the basis of the objection. No arguments or elaborations should be made unless called for by the Court.

6. **Witness Call**. Each party must have its witnesses for the trial day available in the courthouse and ready to testify. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually constitute resting.

7. **Witness Disclosure**. A party must disclose the identity of the witnesses it plans to call -- as well as the exhibits to be used during the direct examination of any witness -- by 3:00 p.m. the day before calling the witness to the stand. For example, witnesses expected to testify on a Wednesday must be disclosed by Tuesday at 3:00 p.m. All Monday witnesses must be disclosed by the preceding Friday. Any party that has an objection must alert the Court as soon as possible, and the Court will take up the objection outside the presence of the jury.

8. **Interpreters**. The Court recommends that the parties agree on, and have available, 4-5 Japanese/English interpreters for this trial.

9. **Evidence at trial**. The parties may offer evidence via an Elmo projector or in the

form of large poster boards, but the Court advises the parties that all admitted trial exhibits will be made available to the jury in electronic format for their deliberations.

## IV. JURY INSTRUCTIONS

1. The proposed jury instructions should be broken out into two sets, preliminary and final, and should hew to the current Ninth Circuit (or ABA) model instructions to the fullest extent possible, without any variations or modifications.

## V. OTHER

1. **Cameras in the courtroom**. At the pretrial conference, the parties indicated on the record that all were agreeable to having cameras in the courtroom. The Court will consequently plan to have the trial video recorded and made available to the public, following the procedures for the Cameras in the Courtroom Pilot Project (https://www.cand.uscourts.gov/about/court-programs/cameras/).
2. **Newer lawyers**. The Court encourages both sides to give as many substantive opportunities to junior lawyers as is possible during the trial.
3. **Courtroom technology**. As the trial date gets closer, the parties should request dates from Ms. Clark to come into the courtroom to set up and test their equipment.

**IT IS SO ORDERED.**

Dated: January 7, 2020

JAMES DONATO
United States District Judge