UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE CAPACITORS ANTITRUST LITIGATION

.

MDL Case No. 17-md-02801-JD

Case No. 14-cv-03264-JD

**ORDER RE FIFTH AMENDMENT ASSERTIONS**

Re: MDL Dkt. Nos. 1030, 1045

Five witnesses affiliated with defendants asserted the Fifth Amendment privilege against self-incrimination and declined to answer any substantive questions when deposed during discovery by the direct purchaser plaintiffs ("DPPs"). The witnesses and their party affiliations are Satoshi Okubo (at different times, Matsuo and ELNA); Tomohiro Inoue, Shin Kinoshita and Hiroyuki Imai (ELNA); and Noriaki Kakizaki (NCC). The witnesses were executives employed by the affiliated defendants, and may know facts potentially material to the price-fixing allegations in this multidistrict litigation matter. A jury trial is scheduled to start on March 2, 2020.

After discovery and all other pretrial proceedings had closed, and a few months before trial, defendants announced that the witnesses had had a change of heart and would appear to testify at trial without invoking the privilege. They filed motions to that effect. MDL Dkt. Nos. 1030, 1045. In the ensuing firestorm, the DPPs say that it is too late for the witnesses to withdraw the privilege and that plaintiffs are entitled to an adverse inference jury instruction. MDL Dkt. Nos. 1043, 1069. The Court finds the motions suitable for resolution without oral argument. Civil Local Rule 7-1(b).

While the parties have presented the dispute as a Fifth Amendment matter, it is at heart a discovery issue. In our federal system, the discovery rules are intended to prevent undue surprise

at trial for parties that have been diligent in developing the evidence. Defendants flout this principle by seeking to present at trial five witnesses who were effectively unavailable to the DPPs during discovery and the preparation of pretrial materials such as expert reports and dispositive motion filings. That is not an acceptable tactic. On the other hand, the DPPs were advised that the witnesses had changed their positions in late October 2019, several months before trial, and that defendants would make the witnesses available for deposition. MDL Dkt. Nos. 1030-7, 1030-8; MDL Dkt. No. 1045-2 ¶¶ 6-7. Rather than scheduling the depositions or promptly raising their concerns with the Court, the DPPs did not act, on the apparent belief that the witnesses could not withdraw the privilege and that an adverse inference instruction was all but inevitable.

While the DPPs' inaction is not beyond question, there is no doubt that defendants bear the lion's share of responsibility for creating this problem. It is a serious problem, to be sure. The DPPs credibly state that their expert opinions, motion papers, and overall preparation of their case for trial were affected in some measure by the witnesses' assertion of the privilege at the depositions.

Had defendants revealed the witnesses' changes of heart closer to trial, the Court would have had ample grounds to bar trial testimony and compel them to live with their deposition statements. *See, e.g.*, *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008). But there is enough time to strike a balance between the parties' competing positions. This is a complex case involving a price-fixing conspiracy that is alleged to have been global and long-running. The ends of justice are best served by ensuring that the jury, as the trier of fact, gets as complete an understanding as is realistically possible before passing judgement on the DPPs' claims. While the Court appreciates that there will be some degree of disruption of trial preparation from conducting the depositions now, it is confident it can be managed.

Consequently, the witnesses defendants have identified may withdraw the privilege assertion and testify at trial only if they are made available for deposition by the DPPs at a time and location in the United States at the DPPs' convenience (reasonably so, of course). The expectation is that the witnesses will answer the questions for which they previously asserted the Fifth Amendment privilege. Because defendants caused this situation, they are ordered to pay all

of the fees and costs associated with the depositions, including court reporter, videographer and interpreter expenses. Defendants are also ordered to pay the reasonable attorney's fees and costs for one lawyer representing the DPPs to take each deposition.

A witness not made available on these conditions may not withdraw the privilege assertion or testify at trial. The Court defers consideration of whether the DPPs should be allowed to revise their expert reports or pending motion papers until the depositions are completed and the DPPs have an opportunity to evaluate their circumstances. This possibility is by no means foreclosed. All parties are advised that no amended reports or filings of any kind may be filed on the basis of the depositions without the Court's prior permission.

The parties are also advised that the Court has not made any final determinations on whether or to what extent a jury instruction on an adverse inference will be given. *See, e.g.*, American Bar Association Model Jury Instructions in Civil Antitrust Cases B-348 and B-350. That issue will be taken up as warranted at a pretrial conference.

**IT IS SO ORDERED.**

Dated: January 15, 2020

JAMES DONATO
United States District Judge