1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION | Master File No. 3:14-cv-03264-JD MDL No. 2801 |
| This Document Relates To: DIRECT PURCHASER PLAINTIFFS ACTION | **JOINT PROPOSED VOIR DIRE QUESTIONS**<br><br>Trial Date: March 2, 2020<br>Time: 9:00 a.m.<br>Place: Courtroom 11, 19th Floor<br>Hon. James Donato |

22
23
24
25
26
27
28

1    In addition to the standard background questions, Direct Purchaser Plaintiffs

2  ("DPPs") and the undersigned Defendants respectfully request that the Court ask the

3  following voir dire questions.  All disputed questions are identified and DPPs and

4  Defendants have provided separate statements in support of their positions below.

5    1.  *Which city/neighborhood do you live in? [Disputed by Defendants]*

6    2.  *Do you speak/understand any languages other than English? [Disputed by Defendants]*

7

8    3.  *What is the highest level of education you completed? [Disputed by Defendants]*

    4.  *What was your major/area of study and any degrees you received? [Disputed by Defendants]*

9

10    5.  *What is your employment status? [Disputed by Defendants]*

11        a.  *Who is your current (or past) employer?  [Disputed by Defendants]*

12        b.  *What is (was) your job title and what are/were your job duties? [Disputed by Defendants]*

13        c.  *What other types of work have you done in the past? [Disputed by Defendants]*

14

15    6.  *What is your marital status? [Disputed by Defendants]*

    7.  *If you are married, partnered, or have a significant other, what does he or she do for a living? [Disputed by Defendants]*

16

17    8.  *Do you have any children?  [Disputed by Defendants]*

18        a.  *What are their ages? [Disputed by Defendants]*

19        b.  *What are their occupations (if applicable?) [Disputed by Defendants]*

20    9.  Are there any other adults in your household besides your spouse/partner/children? If so, what are their relationships to you and occupations?

21    10. What social, political, charitable, trade or other organizations do you belong to?

22    11. Have you, a family member, or someone close to you ever had any training, courses

23        or worked in or around the following areas?

24        a.  criminal law or law enforcement

25        b.  economics and economic forecasting

26        c.  electronics

27        d.  engineering

28

   e. finance

   f. legal, including regulatory compliance of antitrust law

   g. manufacturing, marketing or sales, including manufacturing or sale of capacitors

   h. mathematics or statistics

   i. pricing, including the pricing of capacitors

12. Have you or anyone close to you ever worked in the manufacture, design, sale, or marketing of aluminum, tantalum or film capacitors?

13. Have you or anyone close to you ever had any personal or business dealings with Japanese companies?

14. Have you or anyone close to you ever been  involved with an investigation for any claims of anti-competitive behavior (e.g. price fixing, collusion, monopoly, etc.)?

15. Has any company that you or anyone close to you work for ever been involved with an investigation for any claims of anti-competitive behavior (e.g. price fixing, collusion, monopoly, etc.)?

16. Have you or anyone close to you ever had any experiences with the U.S. Department of Justice?

17. Do you or anyone close to you hold any negative or positive opinions about the U.S. Department of Justice?

18. Have you ever served on a jury before?

   a. What type of case?

   b. When?

   c. Did the jury reach a decision?

   d. Were you the presiding juror?

19. Have you or anyone in your family ever been sued by anyone, even in small claims court?

20. Have you or anyone in your family ever sued anyone, even in small claims court?

21. Have you or anyone in your family ever testified as an expert in a court case?

22. Have you or anyone close to you ever worked for a company or organization that you feel was sued unfairly?

23. Have you or anyone close to you ever been a witness, given a deposition and/or testified in any proceeding?

24. Have you or has anyone close to you ever worked in any other law enforcement?

      a. What was the entity?

      b. When?

25. Have you or has anyone close to you ever worked for the court system, law firms, or legal organization?

      a. What was the entity?

      b. When?

26. Do you support or oppose caps or limits on the amount of money juries can award in civil cases?

27. Do you have any negative or positive opinions or concerns about consumer class action lawsuits?

28. Have you ever received a notice about a class action lawsuit?

      a. What was it about?

      b. Did you fill out the form?

      c. Did you ever receive any money from the case?

29. Do you believe that businesses today are faced with too many or too few government regulations?

30. *How many of you would say you enjoy working with math and numbers? [Disputed by Defendants]*

31. *Who here would say they prefer complex problems compared to simple problems? [Disputed by Defendants]*

32. *How many of you like situations that require lots of thinking?  [Disputed by Defendants]*

33. Do you have any ethical, religious, political or other beliefs or opinions that would affect your ability to be a juror in this case?

34. Do you believe it is unfair for foreign based companies to be subjected to U.S. laws when doing business in the U.S.?

35. *Have you ever been a member of a trade association? [Disputed by DPPs]*

      a. *What was the association?  [Disputed by DPPs]*

      b. *What did you do as a member?  [Disputed by DPPs]*

36. *Have you ever worked for an employer whose main competitors were foreign corporations? [Disputed by DPPs]*

      a. *Who was your employer?  [Disputed by DPPs]*

      b. *Who were your employers' competitors?  [Disputed by DPPs]*

JOINT PROPOSED VOIR DIRE QUESTIONS
MDL. NO. 2801

       c.  *Did you form an impression about your employers' foreign competitors? [Disputed by DPPs]*

37. Do you believe that foreign companies compete unfairly against U.S. companies?

38. *Do you believe that corporations would knowingly break the law in order to protect their profit? [Disputed by DPPs]*

39. *Do you believe that Asian companies conduct their business differently from U.S. companies? [Disputed by DPPs]*

       a.  *What do you think is different? [Disputed by DPPs]*

40. *Do you have strong positive or negative opinions of Japanese companies or business people? [Disputed by DPPs]*

41. Do you regularly post your opinions or reviews on social media websites or blogs?

42. *What news sources do you typically rely upon?  [Disputed by DPPs]*

1    **DPPs' Statement in Support of Proposed Questions and Objections**

2    **Questions that Should be Included.**

3    **Questions 1-8.** These seek basic demographic information regarding educational level,

4    areas of study, employment, marital status, and information regarding children. This

5    objective information is routinely obtained in voir dire and will help identify connections to

6    the parties or counsel and potential conflicts of interest of bias. Plaintiffs respectfully

7    include these questions, if not already included in the Court's standard questions.

8    **Questions 30, 31, and 32** These ask questions about facility and experience with

9    mathematics and other aspects of quantitative analysis. This case will involve testimony

10   about complex business matters and testimony from economists and statisticians. A juror

11   who cannot or will not address these matters is potentially unfair.

12   **Questions that Should not be Included.**

13   **Question 35.** This seeks unnecessary information about experiences or attitudes with

14   respect to "trade associations." In addition to being confusing and unintelligible (i.e., what

15   is a "trade association" in this context), this question is argumentative and is being used to

16   precondition jurors regarding the legality of trade associations.

17   **Question 36.** This seeks unnecessary information regarding experiences with or attitudes

18   about foreign corporations. In addition to being confusing and unintelligible (i.e., what is

19   "foreign" in this context), this question is prejudicial and potentially inflammatory. Also,

20   Defendants' counsel is attempting to pretry the case and plant substantive legal arguments

21   in voir dire.

22   **Question 37.** This seeks unnecessary information regarding potential juror beliefs and

23   attitudes on the topic of whether "corporations would knowingly break the law in order to

24   protect their profit?"  This question is argumentative and is being used to precondition

25   jurors regarding the profit motives of Defendants. Also, Defendants' counsel is attempting

26   to pretry the case and plant substantive legal arguments in voir dire.

27   **Question 38.** This seeks information regarding beliefs or attitudes about differences in

28   conduct of Asian and US companies. This question is argumentative and is being used to

1    precondition jurors regarding Asian businesses and in particular Japanese or Japanese

2    business people. This question is also prejudicial because it injects the issue of race. Also,

3    Defendants' counsel is attempting to pretry the case and plant substantive legal arguments

4    in voir dire.

5    **Question 42.** It is irrelevant what newspapers are read or other sources of information.

6    Access or use of media does not reveal useful information. It is also invasive and treads on

7    the potential jurors right to privacy.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED VOIR DIRE QUESTIONS
MDL. NO. 2801

1    **Defendants' Statement in Support of its Proposed Questions and Objections**

2    **Question Nos. 1-8 (Disputed by Defendants):** Defendants object to DPPs

3    inclusion of these basic questions solely on the understanding that this Court has its own set

4    of standard background questions relating to prospective juror demographics, living

5    arrangements, employment, and prior jury service.  Defendants submit to the Court's

6    discretion on whether any of DPPs' questions are necessary.

7    **Question Nos. 30-32 (Disputed by Defendants):** Defendants object to DPPs

8    inclusion of these three questions as unhelpful and potentially demeaning to prospective

9    jurors.  The questions—which in essence ask the prospective jurors whether they: (a) like

10   math, (b) prefer complex problems, and (c) like lots of thinking—do not appear to serve

11   any justifiable purpose.  While Defendants will not speculate as to whether DPPs seek to

12   find or avoid jurors that like math, complexity, and thinking, Defendants believe such

13   inquiries are improper.  It is long established that "[t]he fundamental purpose of voir dire is

14   to 'ferret out prejudices in the venire' and 'to remove partial jurors.'"  *United States v.*

15   *Steele*, 298 F.3d 906, 912 (9th Cir. 2002); s*ee also Darbin v. Nourse*, 664 F.2d 1109, 1113

16   (9th Cir. 1981) ("The principal purpose of voir dire is to probe each prospective juror's state

17   of mind to enable the trial judge to determine actual bias and to allow counsel to assess

18   suspected bias or prejudice.")  These three questions do not have anything to do with

19   ferreting out bias.  They appear aimed purely at finding jurors most favorable to DPPs'

20   case.

21   **Question Nos. 35-36, 38-40, and 42 (Disputed by DPPs):**  Defendants submit that

22   these questions are appropriate and necessary.  These are aimed at determining whether any

23   prospective jurors harbor any particularly strong views that may indicate bias or an inability

24   to evaluate the case upon the evidence presented.  More specifically:

25   In question number 35, Defendants would like to identify any prospective jurors that

26   are members of a trade association.  The heart of DPPs' case relates to alleged

27   conduct at various trade association meetings.  Therefore, Defendants have a strong

28   interest in identifying any prospective jurors that may be members of similar

1    organizations so that any potential bias or preconceived notions they may hold about

2    such groups can be assessed.

3    In question 36, Defendants seek to identify any prospective jurors who may have

4    employment experience where they felt they or their employer were subjected to

5    unfair business practices by a foreign competitor.  This question is properly directed

6    and neutrally framed to root out any jurors that may be unduly influenced by their

7    past experiences and unlikely to be fair and impartial to the foreign corporations in

8    this case.

9    In question numbers 38-40 and 42, Defendants similarly seek to ferret out any

10   beliefs in prospective juries that would indicate possible bias and prejudgment

11   against foreign competition, Asian companies and their business practices, or

12   corporations generally.  Notably, DPPs do not object to question 41, which asks

13   whether prospective jurors regularly post to social media websites or blogs.  Both

14   questions 41 and 42 go to identifying whether any prospective jurors might be prone

15   to forming judgments too quickly or predisposed to certain biased media narratives.

16   These questions serve the fundamental purpose of voir dire, and are not merely

17   directed at identifying favorable or unfavorable prospective jurors.

18

19

20   Dated: Jan. 21, 2020

21                                 JOSEPH SAVERI LAW FIRM, INC.
                                   Joseph R. Saveri
22                                 Steven N. Williams
                                   James G. Dallal
23                                 Kyle P. Quackenbush
                                   Anupama K. Reddy
24                                 601 California Street, Suite 1000
25                                 San Francisco, California 94108

26                                 By:  _____ */s/ Joseph R. Saveri*

27

28                                 Lead Counsel for the Direct Purchaser Class

1  Dated:  Jan. 21, 2020

2                                       JONES DAY
                                        Jeffrey A. LeVee
3                                       Eric P. Enson
                                        Kelly M. Ozurovich
4                                       555 South Flower Street, 50th Floor
5                                       Los Angeles, CA 90071
                                        jlevee@jonesday.com
6                                       epenson@jonesday.com
                                        kozurovich@jonesday.com
7
8                                       John M. Majoras
                                        51 Louisiana Avenue, N.W.
9                                       Washington, D.C. 20001-2113
                                        jmmajoras@jonesday.com
10
                                        By: _____ /s/ Eric P. Enson _____
11

12
                                        Attorneys  for Defendants
13                                      HOLY STONE ENTERPRISE CO, LTD.,
                                        MILESTONE GLOBAL TECHNOLOGY, INC., and
14                                      VISHAY POLYTECH CO., LTD.
15  Dated:  Jan. 21, 2020

16                                      MINTZ LEVIN COHN FERRIS GLOVSKY AND
                                        POPEO P.C.
17                                      Bruce D. Sokler
                                        Robert G. Kidwell
18                                      701 Pennsylvania Avenue NW, Suite 900
                                        Washington, DC 20004
19                                      bdsokler@mintz.com
                                        RGKidwell@mintz.com
20
21                                      MINTZ LEVIN COHN FERRIS GLOVSKY AND
                                        POPEO P.C.
22                                      Evan S. Nadel
                                        44 Montgomery Street, 36th Floor
23                                      San Francisco, CA 94104
                                        enadel@mintz.com
24
25                                      By: _____ /s/ Bruce D. Sokler _____

26
                                        Attorneys for Defendant
27                                      AVX CORPORATION

28

- 9 -                JOINT PROPOSED VOIR DIRE QUESTIONS
                     MDL. NO. 2801

1    Dated:  Jan. 21, 2020

2                            WILMER CUTLER PICKERING HALE AND
                               DORR LLP

3                            Heather S. Nyong'o

4                            1 Front Street, Suite 3500
                               San Francisco, California 94111

5                            Heather.Nyongo@wilmerhale.com

6                            WILMER CUTLER PICKERING HALE AND DORR
                               LLP

7                            Thomas Mueller (*pro hac vice*)

8                            1875 Pennsylvania Ave NW
                               Washington, DC 20006

9                            Thomas.Mueller@wilmerhale.com

10                          WILMER CUTLER PICKERING HALE AND DORR
                               LLP

11                            Chris Johnstone

12                            950 Page Mill Road
                               Palo Alto, CA 94304

13                            Chris.Johnstone@wilmerhale.com

14                            By:         */s/ Heather S. Nyong'o*

15

16                            Attorneys for Defendants
                               ELNA CO., LTD. and ELNA AMERICA, INC.

17

18

19

20

21

22

23

24

25

26

27

28

                                 JOINT PROPOSED VOIR DIRE QUESTIONS
                                 MDL. NO. 2801

1   Dated:  Jan. 21, 2020

2                                MORRISON & FOERSTER LLP
                                Bonnie Lau
3                                425 Market Street
                                San Francisco, CA 94105
4                                blau@mofo.com

5                                MORRISON & FOERSTER LLP

6
                                David Cross (pro hac vice)
7                                2000 Pennsylvania Ave NW
                                Suite 6000
8                                Washington, DC 20006
                                dcross@mofo.com
9

10
                                By:  _____ /s/ Bonnie Lau _____
11

12
                                Attorneys for Defendants
13                               MATSUO ELECTRIC CO., LTD.

14
    Dated:  Jan. 21, 2020
15
                                PAUL, WEISS, RIFKIND, WHARTON &
16                               GARRISON LLP
                                Charles F. Rule
17                               Joseph J. Bial
                                2001 K Street, NW
18                               Washington, DC 20006-1047
                                rrule@paulweiss.com
19                               jbial@paulweiss.com

20
                                KAUFHOLD GASKIN LLP
21                               Steven Shea Kaufhold
                                388 Market St, Suite 1300
22                               San Francisco, CA 94111
                                skaufhold@kaufholdgaskin.com
23

24                               By:  _____ /s/ Joseph J. Bial _____

25

26                               Attorneys for Defendants
                                NIPPON CHEMI-CON CORPORATION and UNITED
27                               CHEMI-CON, INC.

28

                    - 11 -              JOINT PROPOSED VOIR DIRE QUESTIONS
                                                MDL. NO. 2801

1    Dated:  Jan. 21, 2020

2                                                 DENTONS US LLP
                                              Gaspare J. Bono
3                                             Claire Maddox
                                              Leslie Barry
4                                             1900 K Street, NW
5                                             Washington, DC 20006
                                              Email: gap.bono@dentons.com
6                                             claire.maddox@dentons.com
                                              leslie.barry@dentons.com
7

8                                             DENTONS US LLP
                                              Andrew S. Azarmi
9                                             One Market Plaza, Spear Tower, 24th Floor
                                              San Francisco, California 94105
10                                            Email: andrew.azarmi@dentons.com

11                                            By:  _____  */s/ Gaspare J. Bono*  _____

12

13                                            Attorneys for Defendants
                                              SHINYEI KAISHA, SHINYEI TECHNOLOGY CO.,
14                                            LTD., SHINYEI CAPACITOR CO., LTD. and
                                              SHINYEI CORPORATION OF AMERICA, INC.
15

16   Dated:  Jan. 21, 2020

17                                            BONA LAW PC
                                              Jarod M. Bona
18                                            Aaron R. Gott
                                              4275 Executive Square, Suite 200
19                                            La Jolla, CA 92037
                                              Email: jarod.bona@bonalawpc.com
20                                            aaron.gott@bonalawpc.com

21                                            By:  _____  */s/ Jarod M. Bona*  _____

22

23                                            Attorneys for Defendants
                                              TAITSU CORPORATION and TAITSU AMERICA,
24                                            INC.

25

26

27

28

JOINT PROPOSED VOIR DIRE QUESTIONS
                                                            MDL. NO. 2801