# Exhibit 2

We, the jury in the above entitled action, find the following Special Verdict on the questions submitted to us:

> *Please answer the questions in the order presented. Each member of the jury should agree in order to answer the question.*

Question No. 1: Did the following Defendants, in combination with their alleged co-conspirators: (Panasonic Corp., Panasonic Corp. N. America, SANYO Electric Co., SANYO N. America Corp., KEMET Corp., KEMET Electronics Corp., NEC TOKIN Corp., NEC TOKIN America Inc., Hitachi Chemical Co., Hitachi AIC Inc., Hitachi Chemical Co. America Ltd., Fujitsu Ltd., Nichicon Corp., Nichicon (America) Corp., Rubycon Corp., Rubycon America Inc., TOSHIN KOGYO Co. Ltd., ROHM Co. Ltd., ROHM Semiconductor U.S.A. LLC, Okaya Electric Industries Co. Ltd., Okaya Electric America Inc., Nitsuko Electric Corp., Nissei Electric Co., Ltd., Soshin Electric Co. Ltd., Soshin Electronics of America Inc., and Shizuki Electric Co. Ltd) voluntarily or intentionally participate in a conspiracy, agreement or understanding to set, raise, maintain, or stabilize prices of capacitors? (Check YES or NO with respect to each Defendant.)

| Defendant | YES | NO |
|---|---|---|
| Nippon Chemi-Con Corp. | ____ | ____ |
| United Chemi-Con Inc. | ____ | ____ |
| AVX Corp. | ____ | ____ |
| ELNA Co. Ltd. | ____ | ____ |
| ELNA America Inc. | ____ | ____ |
| MATSUO Electric Co., Ltd. | ____ | ____ |
| Holy Stone Enterprise Co., Ltd. | ____ | ____ |

| | | |
|---|---|---|
| Milestone Global Technology, Inc. | YES____ | NO____ |
| Vishay Polytech Co., Ltd. | YES____ | NO____ |
| Taitsu Corp. | YES____ | NO____ |
| Taitsu America Inc. | YES____ | NO____ |
| Shinyei Kaisha | YES____ | NO____ |
| Shinyei Technology Co., Ltd. | YES____ | NO____ |
| Shinyei Capacitor Co., Ltd. | YES____ | NO____ |
| Shinyei Corp. of America | YES____ | NO____ |

*If you answered "YES" to any of the above, proceed to Question 2. If you did not answer "Yes" with respect to any of the above, do not answer any further questions, and have the foreperson sign and date this form.*

Question No. 2: Were the Direct Purchaser Plaintiffs harmed as a result of Defendants' conspiracy, agreement or understanding?

YES____   NO____

*If you answered "Yes," proceed to Question 3. If you answered "No," stop here, do not answer any further questions, and have the foreperson sign and date this form.*

Question No. 3: What are the Direct Purchaser Plaintiffs' damages?

$_____

(*Fill in dollar amount in U.S. Currency*).

*Please ensure that you have complied with the instructions in this form and answered all questions that these instructions directed you to complete. Then please have the foreperson sign and date this form below. After signing the form, please notify the Courtroom Deputy that a verdict has been reached.*

Date: _____, 2020              Foreperson of the Jury

_____

In answering the following questions and completing this Verdict Form, you are to follow all instructions given in the Court's Final Jury Instructions. Your answers to each question must be **unanimous**. Some of the questions contain legal terms that are defined and explained in detail in the Final Jury Instructions. You should refer to and consider the Final Jury Instructions as you answer the questions in this Verdict Form.

The following terms have the following meanings:

- "AVX" refers to AVX Corp.

- "ELNA" refers to ELNA Co. Ltd. and ELNA America Inc.

- "Holy Stone Enterprise Co., Ltd." refers to Holy Stone Enterprise Co., Ltd .

- "Matsuo" refers to Matsuo Electric Co., Ltd.

- "Milestone Global Technology, Inc." refers to Milestone Global Technology, Inc.

- "NCC" refers to Nippon Chemi-Con Corp.

- "Shinyei" refers to Shinyei Kaisha, Shinyei Technology Co., Ltd., Shinyei Capacitor Co., Ltd. and Shinyei Corp. of America.

- "Taitsu" refers to Taitsu Corp. and Taitsu America, Inc.

- "UCC" refers to United Chemi-Con Inc.

- "Vishay Polytech Co., Ltd." refers to Vishay Polytech Co., Ltd.

We, the jury, unanimously find the following Special Verdict on the questions submitted to us:

*Please answer the questions in the order presented. Each member of the jury should agree in order to answer the question.*

1

**Question 1**:  Did Plaintiffs meet their burden to prove the existence of "an overarching scheme [or conspiracy] to control and set the prices of their aluminum, tantalum and film capacitors sold to United States purchasers and purchasers worldwide" from January 1, 2002 until December 31, 2013 (as used herein, "the alleged Conspiracy")?

YES _____    NO _____

> *If you answer "YES," proceed to Question 2. If you answer "NO," do not answer any further questions, and have the foreperson sign and date this form.*

**Question 2**:  Did Plaintiffs meet their burden to prove that any of the following Defendants knowingly participated in the alleged Conspiracy?

> *Check YES or NO with respect to each Defendant.*

AVX

        YES _____         NO _____

ELNA

        YES _____         NO _____

Holy Stone Enterprise Co., Ltd.

        YES _____         NO _____

Matsuo

        YES _____         NO _____

Milestone Global Technology, Inc.

        YES _____         NO _____

NCC

        YES _____         NO _____

Shinyei

        YES _____        NO _____

Taitsu

        YES _____        NO _____

UCC

        YES _____        NO _____

Vishay Polytech Co., Ltd.

        YES _____        NO _____

*If you answer "YES" for one or more Defendants, proceed to Question 3 and answer the remaining questions for those Defendants only. If you answer "NO" for all Defendants, do not answer any further questions, and have the foreperson sign and date this form.*

**Question 3**: Did Plaintiffs meet their burden to prove that any of the following Defendants intended the alleged Conspiracy to have a direct, substantial, and reasonably foreseeable effect on aluminum, tantalum, and film capacitors sold in the United States, and that it did in fact have such a direct, substantial effect?

*Check YES or NO with respect to each Defendant.*

AVX

        YES _____        NO _____

ELNA

        YES _____        NO _____

Holy Stone Enterprise Co., Ltd.

    YES _____    NO _____

Matsuo

    YES _____    NO _____

Milestone Global Technology, Inc.

    YES _____    NO _____

NCC

    YES _____    NO _____

Shinyei

    YES _____    NO _____

Taitsu

    YES _____    NO _____

UCC

    YES _____    NO _____

Vishay Polytech Co., Ltd.

    YES _____    NO _____

*If you answer "YES" for one or more Defendants, proceed to Question 4 and answer the remaining questions for those Defendants only. If you answer "NO" for all Defendants, do not answer any further questions, and have the foreperson sign and date this form.*

**Question 4**: Did Plaintiffs meet their burden to prove that all or nearly all class members paid higher prices than they otherwise would have paid for aluminum, tantalum, and film capacitors in the United States as a result of the alleged Conspiracy?

YES _____    NO _____

> *If you answer "YES," proceed to Question 5. If you answer "NO," do not answer any further questions, and have the foreperson sign and date this form.*

**Question 5**: Did Plaintiffs meet their burden to provide a reasonable, reliable and non-speculative basis to determine the amount of damages, if any, that were caused to each class member by the alleged Conspiracy?

YES _____    NO _____

> *If you answer "YES," proceed to Question 6. If you answer "NO," do not answer any further questions, and have the foreperson sign and date this form.*

**Question 6**: What amount of damages, if any, were caused to class members by the alleged Conspiracy for the time period July 18, 2010 to December 31, 2013?

$_____

(*Fill in dollar amount in U.S. Currency*).

**Question 7**: If you answer "YES" to Question 2 as to Defendants Holy Stone Enterprise Co., Ltd., Milestone Global Technology, Inc., and/or Vishay Polytech Co., Ltd., did Plaintiffs meet their burden to prove that any of these entities joined the alleged Conspiracy, on or around April 2010, with full knowledge of what had occurred before and with an intent to pursue the same unlawful objective?

    Holy Stone Enterprise Co., Ltd.

        YES _____        NO _____

    Milestone Global Technology, Inc.

        YES _____        NO _____

    Vishay Polytech Co., Ltd.

        YES _____        NO _____

*If you answer "YES" as to any of these entities proceed to Question 8. If you answer "NO" as to all of these entities, do not answer any further questions, and have the foreperson sign and date this form.*

**Question 8**: If you answer "YES" to Question 2 as to Defendants Holy Stone Enterprise Co., Ltd., Milestone Global Technology, Inc. and/or Vishay Polytech Co, Ltd., what amount of damages, if any, were caused to class members by the alleged Conspiracy between April 1, 2010 and July 18, 2010?

        $_____

        (*Fill in dollar amount in U.S. Currency*).

*Please ensure that you have complied with the instructions in this form and answered all questions that these instructions directed you to complete. Then please have the foreperson sign and date this form below. After signing the form, please notify the Courtroom Deputy that a verdict has been reached.*

Date: _____, 2020                     Foreperson of the Jury

　　　　　　　　　　　　　　　　　　　　　　　_____

**DPPs' Argument re Proposed Verdict Forms**

DPPs' form directly poses to the jury "questions […] reasonably capable of an interpretation that would allow the jury to address all factual issues essential to judgment." *Jules Jordan Video, Inc. v. 144942 Canada Inc*., 617 F.3d 1146, 1160 (9th Cir. 2010). As to liability, the form asks if each defendant joined a conspiracy and if the DPPs were injured as a result of that conspiracy. *United States v. Socony Vacuum Oil*, 310 U.S. 150, 224-26 n.59 (1940); *Copperweld Corp v. Indep. Tube Corp*., 467 U.S. 752, 760 (1984); *American Ad Mgmt. v. GTE Corp*., 92 F.3d 781 788 (9th Cir. 1996). These questions address essential factual disputes that the jury must decide. *See* Disputed Instr. No. 21 Re Overview of Antitrust Claims Offered by DPPs. If the jury answers "yes" to these questions, the jury will then "determine the amount of damages" for the DPPs. Stipulated Instr. No. 39 Re Damages—Introduction and Purpose.

In contrast, Defendants' proposed form contains extraneous questions that are confusing, invite error, and misstate the applicable legal standard. Defendants' Questions 1 and 2 unnecessarily split the questions of conspiracy and participation therein. It is evident—from the 8 guilty pleas and ACPERA application—that a conspiracy exists. The jury should, in its findings, determine who joined that conspiracy.

Defendants' Question 1 contains further errors. It asks whether DPPs have proven a "single overarching conspiracy" when DPPs only need to prove *a* conspiracy as the Sherman Act requires. 15 U.S.C. § 1. This misstates the law regarding proof of conspiracy. The question misidentifies the conduct and products at issue. *See* DPPs' Argument re Disputed Instr. No. 21 (Overview of the Antitrust Claims); DPPs' Argument re Disputed Instr. No. 4 (Identification of the Parties and Claims and Defenses). Question 1 also improperly suggests the jury can only find for DPPs if the conspiracy lasted the entire period from January 1, 2002 to December 31, 2013. The jury can still find for DPPs if the conspiracy was more limited.

Defendants' Question 3 is a wholly unnecessary question concerning import commerce effects. This is a legal issue already determined by the Court—the class here encompasses only capacitors billed to or shipped to the United States. *See* Dkt. 2282. The Court itself has

determined that capacitors billed to or shipped to the United States are within the import exception of the FTAIA and therefore the statute's requirement that the Sherman Act's language regarding trade or commerce "among the several State, or with foreign nations" is conclusively determined. The Court did not need to determine whether additional sales could satisfy the domestic effects exception for that reason. Dkt. 1302 at 8; *see also* DPPs' Argument re Disputed Instr. No. 29B (Import Commerce—Intent; Substantial Effect). As this case only involves import commerce, it would be legal error to ask the jury whether the FTAIA's "direct and substantial effects test" was met. Moreover, the question needlessly repeats the litany of each defendant.

Defendants' Question 4 repeats Question 1's error by incorrectly describing the product at issue. It further improperly asks the jury to make findings concerning "all or nearly all" class members. *See* DPPs' Argument re Disputed Instr. No. 35 (Causation and Injury).

Defendants' Questions 5 and 6 unnecessarily divide the jury's findings concerning damages into two parts—there is no need for the jury to make a separate finding on whether the damages were proven on a "reasonable, reliable, and non-speculative basis." The Court is instructing the jury on point and it is presumed to follow the Court's instructions and this language will likely confuse the jury as to that instruction. The question also overemphasizes DPPs' burden, as settled law holds that damages do not need to be proven with precision—a fact the Questions omit. *See* DPPs Argument re Disputed Instruction No. 40 (Basis for Calculating Damages). Further, Question 5 goes too far—damages do not need to be proven to "each class member." *See* DPPs' Argument re Disputed Instruction No. 35 (Causation and Injury).

Question 6 improperly suggests DPPs can only recover for the period between July 18, 2010 to December 31, 2013. As DPPs have briefed and will prove at trial, exceptions to the statute of limitations apply. Once the jury makes that determination, can award damages for DPPs' injuries predating July 18, 2010. *See* DPPs Argument re Disputed Instr. No. 37A (Discovery Rule and Continuing Violations); DPPs Argument re Disputed Instr. No. 38 (Fraudulent Concealment). If the jury finds DPPs have not proved an exception, it can adjust damages accordingly. But the verdict form should not imply it is an all or nothing proposition.

**DPP's Proposed Verdict Form**

Plaintiffs' Proposed verdict form is prejudicial, confusing, and misleading under the law.

**Question No. 1:** Plaintiffs' list of the settled Defendants is unnecessary and prejudicial, as jurors will only decide the liability of the remaining Defendants, and jurors may mistakenly assume that settling Defendants admit liability.  Plaintiffs also improperly group together certain Defendants that are separate corporate entities, seeking to avoid their burden to prove that each separate entity joined the conspiracy.  And Plaintiffs drastically alter their description of the alleged conspiracy.  Plaintiffs' Third Amended Complaint alleges that Defendants "*conspired by directly and indirectly communicating with each other to implement and effectuate an overarching scheme to control and set the prices of their aluminum, tantalum and film capacitors sold to United States purchasers and purchasers worldwide*" from January 1, 2002, to December 31, 2013.  Now, Plaintiffs abandon that description and instead present the jury with the vague notion that Defendants "*voluntarily or intentionally participate[d] in a conspiracy, agreement or understanding to set, raise, maintain, or stabilize prices of capacitors.*"

Plaintiffs' radically different description of the conspiracy appears calculated to relieve them of their burden to prove the antitrust conspiracy they have alleged.  First, it misrepresents the elements of their claims, such as omitting the requirement that Defendants *knowingly* participated in the alleged conspiracy.  *See Kendall v. Visa U.S.A. Inc*., 04-cv-04276-JSW, 2005 WL 2216941, at *2 (N.D. Cal. July 25, 2005).  Second, it omits a time period, implicitly relieving Plaintiffs of the burden to prove "an overarching scheme" that purportedly persisted from January 1, 2002 to December 31, 2013, which underlies their damages claim.  Third, it omits reference to the "United States," misleading the jury into believing that a conspiracy wholly disconnected from the United States somehow violates the Sherman Act.  Finally, it

1

omits reference to the three specific types of capacitors that define the scope of Plaintiffs' class. Plaintiffs would mislead the jury into believing that they need only find some sort of conspiracy to fix any price of any type of capacitor at any time anywhere in the world. This is not their case, nor is it the law.

**Question Nos. 2 and 3:** Plaintiffs similarly seek to shirk their burden to prove class-wide injury and damages. Plaintiffs generic questions contain no factual connection to this specific case whatsoever, much less address their burden to (i) prove that *all or nearly all* class members paid higher prices for aluminum, tantalum, and film capacitors in the United States than they otherwise would have absent the alleged conspiracy, and (ii) prove such damages through reliable, non-speculative evidence. *See Wolfe v. Nat'l Lead Co.*, 225 F.2d 427, 432–33 (9th Cir. 1955) (finding "no proof that appellants sustained any injury as a result of appellees' conduct or alleged conduct" because "there [was] no evidence that prices were fixed at a higher level than would have been the competitive price, in the absence of price fixing, and that they were damaged by paying the higher prices"); *Jarvis v. K2 Inc.*, 486 F.3d 526, 534 (9th Cir. 2007) (noting that "excessively speculative claims of damages are to be rejected").

**Defendants' Proposed Verdict Form:** Defendants' Proposed Verdict Form, on the other hand, properly incorporates the elements Plaintiffs have the burden to establish under the Sherman Act and the FTAIA—for the relevant time period, as to the three relevant products, and as to each correctly defined Defendant—and ensures the jury reaches the necessary findings before rendering a decision on class-wide impact and damages. In addition, Defendants' version poses an appropriate question regarding the applicable statute of limitations and a fact question regarding the Holy Stone Defendants, both of which the jury must answer if there is a liability finding.