# JONES DAY

555 SOUTH FLOWER STREET • FIFTIETH FLOOR • LOS ANGELES, CALIFORNIA 90071.2452

TELEPHONE: +1.213.489.3939 • FACSIMILE: +1.213.243.2539

Direct Number: (213) 243-2304
epenson@jonesday.com

January 23, 2020

VIA ECF

Hon. Judge James Donato
United States District Court
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, CA 94102-3489

   Re: In re Capacitors Antitrust Litigation, Case No. 3:17-md-02801

Dear Judge Donato:

  We write in advance of today's pretrial conference to inform the Court of the Direct Purchaser Plaintiffs' ("DPPs") repeated and continuing violations of the Court's pretrial scheduling order.  *See* MDL Dkt. 1070 (adopting parties' jointly proposed pretrial schedule (MDL Dkt. No. 1047 at 1-2)).  As we will explain at today's hearing, we intend to move to strike all of DPPs' deposition designations, approximately half of their witness list, and approximately one-fifth of their exhibit list because they violate the Court's order.  For the Court's benefit, this letter provides a brief overview of these issues.

1. **Witness List.**

  On January 6, 2020, the parties exchanged witness lists on the deadline ordered by the Court.  MDL Dkt. 1070.  DPPs' list is patently unrealistic and intended to obfuscate their trial presentation.  In particular:

- DPPs listed 53 witnesses, including 25 percipient witnesses from settled defendants, with whom they have cooperation agreements, or other entities with whom they coordinate. DPPs have stated repeatedly that their witness lists includes witnesses they attend to call live at trial and witnesses they intend to present through deposition designations.

- Yet DPPs continue to refuse to identify for Defendants which of these witnesses will appear live at trial and which will not, claiming that Defendants are not entitled to that information.

NAI-1511088095v1

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Hon. Judge James Donato
January 23, 2020
Page 2

- Other than Defendants' employees, most of whom Defendants will bring to testify live at trial, Defendants have no sense of which of DPPs' witnesses they should prepare to cross examine at trial.

- DPPs know, or should know, which of the 25 witnesses they control (i.e., those from companies with whom they have cooperation agreements or coordinate) will be testifying live, but they continue to withhold this information.

Because DPPs failed to provide a good-faith witness list by the Court's ordered deadline, Defendants intend to file a motion to strike the 25 witnesses from companies with whom they have cooperation agreements or coordinate.

**2.   Deposition Designations.**

Last night, the parties exchanged deposition designations. DPPs' designations are patently unrealistic and intended to obfuscate their trial presentation. To illustrate just some of the issues:

- They designated depositions of 58 witnesses—almost three times the 20 witness estimate DPPs gave the Court at the last hearing, all but four of which are percipient witnesses on DPPs' witness list plus 11 others—dozens of which appear improper under Fed. R. Civ. P. 32.

- They designated nearly the entire deposition transcript, other than objections and questions by defense counsel, for the vast majority of the 58 witnesses.

    o   For example, for five of the six Rubycon witnesses for which they provided designations, DPPs designated virtually the entire transcript other than objections and redirect. For the sixth, they designate virtually all of the first 102 pages of a 223-page transcript.

    o   Likewise, for all four ELNA witnesses they designated, they identified virtually every portion of the transcript other than objections and redirect.

- While their witness list says they plan to spend 15-30 minutes on each of these witnesses, the deposition excerpts they have designated appear to be 7-10 hours of testimony per witness.

- If they played all of their deposition excerpts at trial, this would consume an estimated 406 to 580 hours of trial time.

Hon. Judge James Donato
January 23, 2020
Page 3

Because DPPs failed to provide a good-faith list of deposition designations by the Court's ordered deadline, Defendants intend to move to strike all of their designations.

**3.    Exhibit List.**

Pursuant to the deadline ordered by the Court, MDL Dkt. 1070, on December 27, 2019, the parties exchanged exhibit lists; on January 10, 2020, the parties exchanged objections to exhibits and additional exhibits; and on January 21, 2020, the parties filed joint lists of admissible and disputed exhibits. Despite Defendants' repeated requests for clarification, DPPs' list still contains 353 exhibits for which they have provided no translations. Because DPPs still have not provided translations despite the parties having exchanged several witness lists pursuant to the Court's ordered deadlines, Defendants intend to file a motion to strike these 353 exhibits.

*    *    *    *    *

Defendants regret needing to submit this letter on such short notice before today's pretrial conference. However, most of these issues crystalized only last night when DPPs transmitted their deposition designations. Defendants believe it is important for purposes of today's hearing that the Court understand DPPs' numerous failures to adhere to the pretrial deadlines the Court has ordered.

Sincerely,

*/s/ Eric P. Enson*

Eric P. Enson

NAI-1511088095v1