1  Jeffrey L. Kessler (*pro hac vice*)
   jkessler@winston.com
2  A. Paul Victor (*pro hac vice*)
   pvictor@winston.com
3  Molly M. Donovan (*pro hac vice*)
   mmdonovan@winston.com
4  Martin C. Geagan (*pro hac vice*)
   mgeagan@winston.com
5  WINSTON & STRAWN LLP
   200 Park Avenue
6  New York, NY 10166-4193
   Telephone:    (212) 294-6700
7  Facsimile: (212) 294-4700

8  Ian L. Papendick (SBN 275648)
   ipapendick@winston.com
9  WINSTON & STRAWN LLP
   101 California Street
10 San Francisco, CA 94111
   Telephone:    (415) 591-1000
11 Facsimile: (415) 591-1400

12 *Counsel for Defendants*
   *Panasonic Corporation*
13 *Panasonic Corporation of North America*
   *SANYO Electric Co., Ltd.*
14 *SANYO North America Corporation*
   *and, for purposes of this motion,*
15 *Counsel for Non-Party Dr. Darrell Williams*

16

17

18                       **UNITED STATES DISTRICT COURT**

19                      **NORTHERN DISTRICT OF CALIFORNIA**

20                          **SAN FRANCISCO DIVISION**

21

22  IN RE CAPACITORS ANTITRUST          MDL Case No. 3:17-md-02801-JD
    LITIGATION                          Case No. 3:14-cv-03264-JD

23  ─────────────────────────────       **MOTION TO QUASH TRIAL**
                                        **SUBPOENA TO DR. DARRELL**
24  This Document Relates to:           **WILLIAMS AND FOR PROTECTIVE**
                                        **ORDER**
25  ALL DIRECT PURCHASER CLASS ACTIONS
                                        Date:       March 5, 2020
26                                      Time:       10:00 a.m.
                                        Courtroom:  No. 11, 19th Floor
27                                      Judge:      Hon. James Donato

28

1

### NOTICE OF MOTION AND MOTION

2 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3          Please take notice that on Thursday, March 5, 2020 at 10:00 a.m., or as soon thereafter as

4 the matter may be heard, in the Courtroom of the Honorable James Donato, Courtroom 11, 19th

5 Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Non-Party Dr. Darrell Williams, and

6 Panasonic Corporation, Panasonic Corporation of North America (on behalf of itself and the former

7 SANYO North America Corporation), and SANYO Electric Co., Ltd. (collectively, "Panasonic"),

8 which are defendants in the MDL but are not parties to the Direct Purchaser Plaintiff trial, will and

9 hereby do move for an order under Rule 45 of the Federal Rules of Civil Procedure quashing the

10 Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action dated January 16, 2020 and

11 served upon Dr. Williams by counsel for Matsuo Electric Co., Ltd., and for a protective order under

12 Rule 26 of the Federal Rules of Civil Procedure preventing Dr. Williams from being called to testify

13 at trial or subjected to further discovery in the Direct Purchaser Plaintiff actions.  This Motion is

14 based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the

15 pleadings on file in this action, and upon such other matters as may be properly presented to the

16 Court at the time of hearing.

17

18 Dated:  January 30, 2020              **WINSTON & STRAWN LLP**

19                                                       By:   */s/ Jeffrey L. Kessler*
                                                              Jeffrey L. Kessler

20                                                            Molly M. Donovan
                                                              Martin C. Geagan

21                                                            WINSTON & STRAWN LLP
                                                              200 Park Avenue

22                                                            New York, NY 10166
                                                              Telephone: (212) 294-6700

23                                                            Facsimile: (212) 294-4700
                                                              jkessler@winston.com

24                                                            mmdonovan@winston.com
                                                              mgeagan@winston.com

25

26                                                            Ian Papendick
                                                              WINSTON & STRAWN LLP

27                                                            101 California Street
                                                              San Francisco, CA 94111

28                                                            Telephone: (415) 591-1000

1

Facsimile: (415) 591-1400
ipapendick@winston.com

2

3

*Counsel for Defendants Panasonic Corporation,*
*Panasonic Corporation of North America, SANYO*
*Electric Co., Ltd., SANYO North America Corporation,*
*and, for purposes of this motion, Counsel for Non-Party*
*Dr. Darrell Williams*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>TABLE OF CONTENTS</u>**

I.      Introduction ..................................................................................................................1

II.     Facts ...........................................................................................................................3

III.    Argument ....................................................................................................................5

      A.      The Subpoena Must Be Quashed Under Fed. R. Civ. P. 45(d)............................5

            1.      Dr. Williams's Opinions Are Now Protected Non-Testifying Expert Opinions in the DPP Litigation....................................................6

            2.      The Subpoena Unduly Burdens Dr. Williams and Panasonic ..................9

      B.      The Court Should Issue a Protective Order Under Fed. R. Civ. P. 26(c) to Prevent the Active Defendants from Subpoenaing Dr. Williams .......................11

IV.     Conclusion ................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
   300 F.R.D. 406 (C.D. Cal. 2014) .................................................................................. 9

*Bd. of Educ. of McDowell Cty. v. Zando, Martin & Milstead, Inc.*,
   390 S.E.2d 796 (W. Va. 1990) ...................................................................................... 7

*Fed. Ins. Co. v. St. Paul Fire & Marine Ins. Co.*,
   No. C05-01878 JW (HRL), 2008 WL 761417 (N.D. Cal. Mar. 19, 2008) .................... 6

*FMC Corp. v. Vendo Co.*,
   196 F.Supp.2d 1023 (E.D. Cal. 2002) .............................................................. 6, 7, 8, 9

*Geiserman v. MacDonald*,
   893 F.2d 787 (5th Cir. 1990) ....................................................................................... 9

*Precision of New Hampton, Inc. v. Tri Component Prods. Corp.*,
   No. C12-2020, 2013 WL 3227029 (N.D. Iowa June 25, 2013) ..................................... 7

*In re Shell Oil Refinery*,
   132 F.R.D. 437 (E.D. La. 1990) ................................................................................... 8

*State ex rel. Ward v. Hill*,
   489 S.E.2d 24 (W. Va. 1997) ....................................................................................... 7

*Wolt v. Sherwood, a Div. of Harsco Corp.*,
   828 F. Supp. 1562 (D. Utah 1993) ........................................................................... 8, 9

**Other Authorities**

Fed. R. Civ. P. 26(b)(4) ...................................................................................... 2, 5, 6, 7

Fed. R. Civ. P. 26(c) ............................................................................................... 11

Fed. R. Civ. P. 45(d)(3) ............................................................................................. 2, 5, 9

ii

Non-Party Dr. Darrell Williams, and Panasonic Corporation, Panasonic Corporation of North America, and SANYO Electric Co., Ltd.[1] (collectively, "Panasonic"), which are defendants in the MDL but not parties to the Direct Purchaser Plaintiff ("DPP") trial, move to quash the trial subpoena served on Panasonic's expert, Dr. Williams, on January 17, 2020, by Defendant Matsuo Electric Co., Ltd. ("Matsuo") in coordination with Defendants Nippon Chemi-Con Corp. ("NCC"), United Chemi-Con Inc. ("UCC"), AVX Corp., ELNA Co. Ltd., ELNA America Inc., Holy Stone Enterprise Co., Ltd., Milestone Global Technology, Inc., Vishay Polytech Co., Ltd., Taitsu Corp., Taitsu America Inc., Shinyei Kaisha, Shinyei Technology Co., Ltd., Shinyei Capacitor Co., Ltd., and Shinyei Corp. of America (collectively with Matsuo, the "Active Defendants") and for a protective order barring further efforts to compel Dr. Williams's testimony at the upcoming trial of the DPPs' claims scheduled to begin March 2, 2020.  A copy of the Subpoena to Appear and Testify at a Hearing or Trial in Civil Action to Dr. Darrell Williams (the "subpoena") is attached to the Declaration of Molly M. Donovan filed in support of this motion ("Donovan Decl.") as Exhibit A.

## I.    Introduction

The Active Defendants' trial subpoena is the result of their own considered and strategic decision not to instruct any of their five highly-qualified expert economists to submit an alternative damages analysis at any stage of this case.  Panasonic alone chose to submit an alternative damages analysis by an economist—Dr. Williams—who Panasonic retained, instructed, paid, and timely disclosed on its own.  The Active Defendants' own highly-skilled economists had access to the same discovery record of facts and data as Dr. Williams, and the Active Defendants could have instructed any of their individual or joint experts to study the same issues that Panasonic asked Dr. Williams to study.  Instead, the Active Defendants made a calculated choice not to do so, and did not produce any alternative damages analysis before (or since) the court-ordered deadline for defendants' expert report disclosures.  Courts have held that litigants that have made such strategic choices, like the Active Defendants, are stuck with their decisions, and may not free-ride on the work and litigation

---

[1] The DPPs' complaint incorrectly identified SANYO Electronic Device (U.S.A.) Corp., which was previously an internal division of SANYO North America Corporation ("SNA"), as a defendant. As of April 1, 2015, SNA ceased to exist following its merger with Panasonic Corporation of North America ("PNA").  PNA joins this motion on behalf of itself and the former SNA.

strategy of settled parties, like Panasonic, now that they are facing trial and long past the deadline for expert disclosures.  This is the correct outcome in this case for four reasons.

First, courts have repeatedly held that where one party settles out of a multiparty action, the settling party's expert must not be called as a trial witness absent extraordinary circumstances that are absent here because of the Active Defendants' own lack of diligence and/or strategic decision that has resulted in the current situation.  In such circumstances, any further disclosure of the settling party's expert's opinions is protected under Fed. R. Civ. P. 26(b)(4)(D), requiring that the trial subpoena be quashed pursuant to Fed. R. Civ. P. 45(d)(3).

Second, it would significantly prejudice Panasonic for Dr. Williams's alternative damages analysis to be subject to cross-examination at the DPP trial where Panasonic will not be a party to defend him, and because Panasonic still needs Dr. Williams to testify at the separate opt-out trial against Avnet that will take place in Arizona.  It was part of Panasonic's consideration, in settling with the DPPs, that it could hold back Dr. Williams's expert testimony for the Avnet litigation. Panasonic would be stripped of this settlement benefit if the Active Defendants were allowed to commandeer the expert work of Dr. Williams that the Active Defendants affirmatively chose—for strategic reasons—not to have their own experts do.

Third, Panasonic has now settled with the DPPs and it has been agreed with the DPPs that the settlement agreement will specify that Dr. Williams and his work product, including his alternative damages analysis, not be made available to the Active Defendants for use against the DPPs.  In other words, Dr. Williams's absence from trial was specifically bargained-for as part of the settlement.

Fourth, the subpoena must be quashed because its enforcement would subject both Dr. Williams and Panasonic to undue burdens.  The burden on Dr. Williams (a non-party) is undue because the Active Defendants could have obtained (and for most other subjects did obtain) their own experts' opinions on the subjects they wish to examine Dr. Williams about at trial.  And, compounding the problem is the fact that Panasonic's counsel could be restricted in its ability to prepare or defend Dr. Williams at the DPP trial because of cooperation obligations agreed to as part of the settlement and the fact that Panasonic is not a party to the DPP trial.  Alternatively, even if

2

Panasonic could prepare and defend Dr. Williams at the DPP trial, it would have to incur significant attorney and expert costs to do so in a litigation that Panasonic has settled.  There is no basis for the Active Defendants to subject Panasonic and Dr. Williams to these costs and burdens to compensate for their own litigation decisions.

For all of these reasons, the subpoena on Dr. Williams should be quashed and the requested protective order against his forced expert testimony should be granted.

## II.    Facts

After four years of discovery in this action, the deadline for all Defendants to disclose merits expert testimony was February 22, 2019.  ECF No. 345.[2]  Leading up to that deadline, Defendants coordinated closely on their use of experts and most Defendants decided to jointly retain experts. In making decisions about the retention of joint experts, all Defendants carefully considered whether to participate in the joint retention, agreed upon the issues to be addressed by joint experts, and agreed how all participating Defendants would share the costs and burdens to obtain expert opinions on those issues.  Ultimately, Active Defendants AVX, ELNA, Holy Stone, and NCC/UCC, together with Panasonic and other now-settled defendants, jointly retained two experts, including Dr. Laila Haider, a highly-qualified economist experienced in antitrust matters, and Mr. Spencer Simons, a technical expert.  Active Defendants Shinyei and Taitsu jointly retained a separate expert economist to address issues specific to firms that only manufactured film capacitors, and also joined in the retention of Mr. Simons.  Active Defendant Matsuo declined to participate in any joint retention. The Active Defendants and Panasonic timely disclosed their joint expert reports by the February 2019 deadline.

There were some issues that the joint experts were not directed to study because various Defendants made the considered decision that these issues either should not be presented in their own defense at all or should be addressed in their defense by separate experts on an individual basis. Accordingly, in addition to joint experts, Active Defendants AVX, Holy Stone, and NCC/UCC, as well as Panasonic and other now-settled defendants, also disclosed individual expert economists

---

[2] All ECF references are to the docket for case number 3:17-md-02081-JD.

3

who would testify only for the specific defendants that retained them.  In addition to its decision not to participate in the joint retention of experts, Matsuo made the decision not to retain an individual expert economist.

Panasonic did retain an individual economist expert—Dr. Williams—and timely disclosed his report in February 2019.  Panasonic alone retained Dr. Williams, solely paid his fees, and provided him with instructions to study issues that Panasonic determined it wished to present as part of its defense that were not going to be covered by any joint expert retained by Panasonic, including an alternative damages analysis.  Notably, the Active Defendants opted not to include an alternative damages analysis in the joint expert reports, while Panasonic asked Dr. Williams to include such an analysis in his individual Panasonic-specific report.  One now-settled defendant, KEMET, subsequently decided to have its individual expert submit a supplemental report in which she reviewed Dr. Williams's alternative damages model and adopted it as her own opinion.  However, none of the Active Defendants chose to have their individual experts address alternative damage estimates, nor did any follow KEMET's approach and have their own experts adopt Dr. Williams's model.

On August 23, 2019, Panasonic reached a settlement in principle with the DPPs.  It has been agreed with the DPPs that the settlement agreement between the DPPs and Panasonic will specifically provide that Panasonic will not make any expert witness it individually retained for purposes of defending against the DPP case—*i.e.*, Dr. Williams—available to any remaining defendants for use against the DPPs.  The settlement agreement more broadly will also prevent Panasonic from participating in any discovery, motion, or proceeding adverse to the DPP class.

Although Panasonic has settled in principle with the DPPs and will not participate as a defendant in the DPP trial scheduled for March, Panasonic continues actively to defend itself in the Avnet opt-out action, which will eventually be remanded for trial in the District of Arizona, the court in which it was filed by Avnet.  Expert disclosures in the Avnet case are due January 31, 2020 (*see* ECF No. 1077-1), and Panasonic intends to designate Dr. Williams as its expert and will rely on certain of the same or similar analyses and opinions as Dr. Williams disclosed in the DPP action.

On January 17, 2020, counsel for Active Defendant Matsuo served the trial subpoena at issue upon Dr. Williams, through the acceptance of service by Panasonic's counsel.  *See* Ex. A to Donovan Decl.  Counsel for Dr. Williams and Panasonic understand that Matsuo's counsel served the trial subpoena in coordination with other Active Defendants.  On January 21, 2020, the Active Defendants filed their Joint Proposed Witness List for trial with the DPPs, in which the Active Defendants list Dr. Williams as an expert witness for trial, including with respect to his alternative damages analysis done as a retained expert solely for Panasonic.  ECF No. 1087-1.  In addition to Dr. Williams, the Active Defendants' witness list includes nine other expert witnesses, eight of whom are economists that would testify to flaws in the DPPs' economic experts' methodology and damages model.  *Id.*

Counsel for Dr. Williams and Panasonic met and conferred with counsel for the Active Defendants in an effort to resolve the issues in this motion.  During that meet-and-confer process, the Active Defendants informed Panasonic that they were not willing to withdraw their subpoena for Dr. Williams's testimony despite the fact that both Dr. Williams and Panasonic objected to his being forced to provide expert testimony in the DPP trial on the work that he performed exclusively for Panasonic.  Panasonic and Dr. Williams were thus required to file this motion seeking protection from the trial subpoena that was issued by the Active Defendants.

## III.   Argument

### A.   The Subpoena Must Be Quashed Under Fed. R. Civ. P. 45(d)

Rule 45(d)(3)(A) requires that a subpoena "must" be quashed or modified if, *inter alia*, it "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Here, the subpoena to Dr. Williams must be quashed for each of these independent reasons.  First, due to Panasonic's settlement with the DPPs, Dr. Williams must now be treated as an expert retained only for trial preparation in the DPP litigation, such that any further disclosure of his opinions in the DPP litigation is a protected matter under Fed. R. Civ. P. 26(b)(4)(D).  Second, enforcement of the subpoena would subject both Dr. Williams and Panasonic to undue burdens.  Third, compelling Dr. Williams to testify in contravention of Panasonic's settlement with the DPPs would violate the terms of that agreement, which courts

recognize can properly include eliminating a party expert from trial.  And if Dr. Williams were nonetheless compelled to testify, due to the combination of settlement restrictions and the fact that Panasonic will not be a party to the DPP trial, he and Panasonic would be unduly burdened by Panasonic counsel's restricted ability to prepare or defend him.  Finally, forcing Dr. Williams to testify under such circumstances risks prejudicing Panasonic in the ongoing Avnet case, where Panasonic plans on utilizing Dr. Williams's expert testimony, including his alternative damages analyses, during the Avnet trial that will take place in Arizona.

### 1.    Dr. Williams's Opinions Are Now Protected Non-Testifying Expert Opinions in the DPP Litigation

Due to the settlement with the DPPs, Dr. Williams will no longer be offered as an expert witness at the DPP trial by Panasonic—the sole party that disclosed him as a potential trial expert in the DPP litigation.  As a result, Dr. Williams should now be treated in the DPP litigation as a non-testifying expert employed only for trial preparation purposes under Fed. R. Civ. P. 26(b)(4)(D).  *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1042-46 (E.D. Cal. 2002) (reviewing case law and concluding that Fed. R. Civ. P. 26(b)(4)(D) standards apply where settlement agreement provided that a settling party shall not make its expert work product available to still-active subpoenaing parties); *see also Fed. Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, No. C05-01878 JW (HRL), 2008 WL 761417, at *3-4 (N.D. Cal. Mar. 19, 2008) (citing *FMC Corp.* favorably and concluding that Fed. R. Civ. P. 26(b)(4)(D) standards apply when an expert designated as a testifying witness is re-designated as non-testifying).[3]    Accordingly, Dr. Williams may not be compelled to testify absent a "showing [of] exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means."  Fed. R. Civ. P. 26(b)(4)(D)(ii); *see also FMC Corp.*, 196 F. Supp. 2d at 1046.[4]

---

[3] Prior to the 2010 Amendments to the Federal Rules of Civil Procedure, current Rule 26(b)(4)(D) was formerly numbered as 26(b)(4)(B).  Accordingly, *FMC Corp.*, *Federal Insurance Co.*, and other pre-2010 cases refer to Rule 26(b)(4)(B) when discussing non-testifying experts.  Beyond that renumbering, the rule has not been materially amended.

[4] Although courts recognize there is a difference between an expert who was never expected to be called at trial and one who was formerly expected to be called but withdrawn due to settlement, they apply the same "exceptional circumstances" analysis under Fed. R. Civ. P. 26(b)(4)(D)(ii) to evaluate whether that expert may be subject to further discovery obligations.

No such exceptional circumstances exist here that could justify compulsion of Dr. Williams's expert testimony. Although the Active Defendants may have missed their court-ordered deadline to disclose expert opinions, there has never been any obstacle that made it impracticable for their similarly-qualified economist experts to offer their own opinions on the same subjects as Dr. Williams or even to try to adopt Dr. Williams's analyses as their own, as was done by KEMET's expert. The cases where courts have found exceptional circumstances have involved situations where one party's expert had unique access to facts that were subsequently rendered unavailable for examination by other parties' experts due to "destruction or change in condition [that] occurred through no fault of the party seeking discovery." *Precision of New Hampton, Inc. v. Tri Component Prods. Corp.*, No. C12-2020, 2013 WL 3227029, at *2 (N.D. Iowa June 25, 2013) (summarizing examples from case law, *e.g.*, one expert examining a mud slide before conditions changed due to weather; one expert destroying lung tissue during testing that prevented opposing expert from examining). But in stark contrast here, the Active Defendants did not lack the opportunity to study the same facts that were studied by Dr. Williams and have their five joint and individual economist experts offer their own alternative damages analyses. Instead, the Active Defendants, informed by their experienced counsel, made a strategic decision not to have their experts offer any alternative damages model as part of their reports. Having made that decision, they cannot now seek to fill the gap by forcing Dr. Williams to testify for them, as an undisclosed expert, at trial.

Indeed, courts have repeatedly denied attempts by remaining defendants to compel a settling defendant's expert witness to testify in such circumstances, finding that the remaining defendants' "unjustifiable lack of diligence" created the situation and did not "entitle it to use [the settling party's] experts under Fed. R. Civ. P. 26(b)(4)[(D)]'s extraordinary circumstances standard." *FMC Corp.*, 196 F. Supp. 2d at 1047; *see also State ex rel. Ward v. Hill*, 489 S.E.2d 24, 31 (W. Va. 1997) (denying use of settling defendant's expert under state rule identical to Fed. R. Civ. P. 26(b)(4)(D) where "[t]he remaining defendants had the same opportunity as the settling defendant to select their own expert witnesses and to identify those experts to the plaintiffs, or the defendants could have agreed to a formal arrangement to share expert witnesses," but neither occurred); *Bd. of Educ. of McDowell Cty. v. Zando, Martin & Milstead, Inc.*, 390 S.E.2d 796, 812 (W. Va. 1990) ("It is obvious

7

to any sophisticated trial lawyer that in litigation involving multiple defendants there is the likelihood that settlements will occur before trial.  To rely on another party defendant's witnesses without some formal agreement as to shared use is to invite the consequences that arose . . .").  Having made their decision not to offer such expert testimony, and having neither done the work nor incurred the substantial expense to have their well-qualified experts offer alternative damages models, the Active Defendants cannot now "free-ride" off Panasonic's industry and diligence in having Dr. Williams conduct such an analysis solely on Panasonic's behalf.  *See FMC Corp.*, 196 F. Supp. 2d at 1048 (citing *In re Shell Oil Refinery*, 132 F.R.D. 437, 443 (E.D. La. 1990) (applying Rule 26(b)(4)(D)'s "intended purposes of protecting trial strategy and preventing one party from having a free ride at the expense of the other party")).

Courts have found several justifications for prohibiting such free-riding by co-parties who have not settled.  Most importantly, allowing freeriding could undermine the incentives for other parties to enter into a settlement.  Courts recognize that a party may "purchase another party's expertise" in a settlement, *i.e.*, that part of the value of a settlement can be eliminating a well-prepared and strongly positioned defendant from a case, such that the plaintiff need not face the settling defendant's expert at trial and the other defendants will be placed at a disadvantage.  *Wolt v. Sherwood, a Div. of Harsco Corp.*, 828 F. Supp. 1562, 1568 (D. Utah 1993).  In *Wolt*, the court found that:

> To preclude a plaintiff from buying the expertise of a settling defendant could discourage the settlement process, and frustrate the public policy in favor of settlement.  Accordingly, the court finds that the settlement between [plaintiff] and [settling defendant] could legitimately include an agreement that [settling defendant] would not share its cause and origin experts with counsel for [remaining defendants].

*Id*. at 1568.

Nor can the Active Defendants avoid this result by arguing that Dr. Williams's testimony is very important to their defense.  If an alternative damages analysis was so important, it should have been part of the expert testimony disclosed by the Active Defendants.  *See FMC Corp.*, 196 F. Supp. 2d at 1047 ("The claimed importance of expert testimony underscores the need for [remaining defendant] to have timely designated its expert witness so that opposing counsel could prepare for trial.  The importance of such proposed testimony cannot singularly override the enforcement of

8

1    local rules and scheduling orders.") (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir.

2    1990)).

3         Here, it has been agreed by the DPPs and Panasonic that the settlement reached between them

4    in August will contain a provision that precludes Panasonic from making its expert available to

5    other, non-settling defendants.  This settlement term benefits the DPPs by ending the participation

6    of Panasonic and its expert in the case, and also was agreeable to Panasonic because it did not want

7    the burden and prejudice of having its expert testify in a case in which Panasonic would no longer

8    be a party.  This is precisely the type of situation in which courts will not compel the testimony of

9    a settling defendant's expert that was never disclosed or retained by a non-settling party. *See, e.g.*,

10   *FMC Corp.*, 196 F. Supp. 2d at 1047-48; *Wolt*, 828 F. Supp. at 1568.

11             **2.      The Subpoena Unduly Burdens Dr. Williams and Panasonic**

12        The subpoena should also be quashed pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iv) for the

13   additional reasons that it subjects both Dr. Williams and Panasonic to undue burden.

14        First, the burden on Dr. Williams is undue because the Active Defendants could reasonably

15   have obtained—and, on many issues, actually did obtain—expert opinions on the same subjects for

16   which they wish to call Dr. Williams to testify at trial.  In a Rule 45 inquiry, "unwanted burdens

17   thrust upon non-parties" like Dr. Williams are "entitled to special weight in evaluating the balance

18   of competing needs."  *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D.

19   406, 409-10 (C.D. Cal. 2014).  It is well-established that courts will readily quash subpoenas where

20   the same evidence could have been obtained by a party without the need to burden a non-party.  *See*

21   *id.*  That is the case here, where the Active Defendants could have had their own experts prepare

22   alternative damages analyses, but decided not to do so and never disclosed such analyses in the DPP

23   litigation.

24        Further, with the exception of an alternative damages analysis, every topic that the Active

25   Defendants have identified for Dr. Williams to address is duplicative with the other experts that they

26   intend to call.  The witness list identifies three subjects for Dr. Williams to address.  First, they ask

27   for Dr. Williams to testify about "flaws in DPPs' economic experts [*sic*] methodology for

28   establishing injury and estimating damages," even though substantially the same subject is also

9

listed for testimony by Drs. Haider, Johnson, Stiroh, Warren-Boulton, Snail, Wu, and Ordover.  ECF No. 1087-1 at 8-10.  Second, they seek testimony from Dr. Williams on "issues, opinions, subjects, and topics discussed in expert report and deposition"—the same catchall subject listed for most of the Active Defendants' retained and disclosed experts.  *Id.* at 9.  The single non-duplicative topic— "an alternative damages analysis"—is listed only for Dr. Williams (and Dr. Stiroh, KEMET's expert, who endorsed Dr. Williams's model as her own).  *Id.*  But that subject cannot justify burdening Dr. Williams and Panasonic with compelled third-party expert testimony when there was nothing to prevent the Active Defendants from having their own experts conduct such analyses or adopt the work of Dr. Williams as their own (as was done by KEMET's expert).  *See supra*, Sec. III.A.1.

The undue burdens on Dr. Williams and Panasonic from his compelled testimony would be substantial.  Panasonic would be impeded in defending Dr. Williams at the DPP trial because of the cooperation provisions of its settlement with the DPPs and the fact that it will not be a party to the DPP trial.  Dr. Williams will be burdened by the hours he will have to spend preparing for a trial he does not wish to participate in as an expert.  And, of particular significance here, Panasonic would bear the undue burden of losing the benefit of saving Dr. Williams's expert testimony for the Avnet trial.  Instead, that testimony would be subject to cross-examination by the DPPs, depriving Panasonic of its right to have Dr. Williams's testimony presented for the first time at the Arizona trial against Avnet without having been subject to prior trial examination by other parties in which Panasonic is not a party able to provide a defense.[5]  Having to testify under such prejudicial circumstances, with Panasonic's counsel sidelined, would also create additional undue burdens for Dr. Williams, who should not be required to be subjected to cross-examination without the benefit of preparation and defense by the counsel who retained him and is familiar with the data and information that he relied upon.

---

[5] It is no answer that Dr. Williams could obtain other counsel to defend him at the DPP trial, as he would have to pay for such counsel himself, if Panasonic is barred from doing so by its cooperation obligations in the settlement with the DPPs.  Moreover, new counsel would not have the same familiarity with Dr. Williams's analysis and Panasonic's data to provide the same level of defense as Panasonic's counsel.

Finally, part of Panasonic's bargain of settlement with the DPPs is that Panasonic does not have to submit its expert to cross-examination and evaluation by the trier of fact in the DPP trial, and does not have to preview its strategy for utilizing Dr. Williams as a trial witness with Avnet. Nor should Panasonic have Dr. Williams's testimony presented by the Active Defendants in a manner that Panasonic cannot control, which may prejudice Panasonic's use of Dr. Williams's testimony in the Avnet litigation. This is yet another undue burden on Panasonic's rights that further supports the quashing of the Active Defendants' subpoena to Dr. Williams.

**B.     The Court Should Issue a Protective Order Under Fed. R. Civ. P. 26(c) to Prevent the Active Defendants from Subpoenaing Dr. Williams**

Good cause also exists to issue a protective order under Fed. R. Civ. P. 26(c) for all the reasons described above, including that Dr. Williams's opinions are protected from further disclosure as a non-testifying expert and that compelling him to testify would subject both Dr. Williams and Panasonic to undue burden and expense. Although the subpoena was issued in the name of Defendant Matsuo only, Panasonic understands that it was issued in coordination with all Active Defendants. Further, all Active Defendants have listed Dr. Williams on their proposed trial witness list. ECF No. 1087-1. Accordingly, Dr. Williams and Panasonic respectfully request that the Court, in addition to quashing the subpoena, also issue a protective order shielding Dr. Williams from further subpoenas or other efforts by any Active Defendant to compel his testimony or disclosure of work product for use in the DPP case.

Pursuant to Fed. R. Civ. P. 26(c)(1), counsel for Dr. Williams and Panasonic certifies that the movants have in good faith conferred with the Active Defendants in an effort to resolve this dispute without court action, but have been unable to do so.

**IV.   Conclusion**

For all the foregoing reasons, Dr. Williams and Panasonic respectfully request that the Court quash the subpoena issued to Dr. Williams compelling his testimony at trial in the DPP action, and issue a protective order prohibiting further efforts in the DPP action to compel Dr. Williams's testimony or the disclosure of Dr. Williams's work product.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: January 30, 2020

**WINSTON & STRAWN LLP**

By:   */s/ Jeffrey L. Kessler*
      Jeffrey L. Kessler
      Molly M. Donovan
      Martin C. Geagan
      WINSTON & STRAWN LLP
      200 Park Avenue
      New York, New York 10166
      Telephone: (212) 294-6700
      Facsimile: (212) 294-4700
      jkessler@winston.com
      mmdonovan@winston.com
      mgeagan@winston.com

      Ian Papendick
      WINSTON & STRAWN LLP
      101 California Street
      San Francisco, CA 94111
      Telephone: (415) 591-1000
      Facsimile: (415) 591-1400
      ipapendick@winston.com

      *Counsel for Defendants Panasonic Corporation,*
      *Panasonic Corporation of North America, SANYO*
      *Electric Co., Ltd., SANYO North America Corporation,*
      *and, for purposes of this motion, Counsel for Non-Party*
      *Dr. Darrell Williams*