Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
James G. Dallal (State Bar No. 277826)
Anupama K. Reddy (State Bar No. 324873)
Christopher K.L. Young (State Bar No. 318371)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:  jsaveri@saverilawfirm.com
        swilliams@saverilawfirm.com
        jdallal@saverilawfirm.com
        areddy@saverilawfirm.com
        cyoung@saverilawfirm.com

*Lead Counsel for the Direct Purchaser Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>THE DIRECT PURCHASER CLASS ACTION | Master File No. 3:17-md-02801-JD<br><br>Case No. 3:14-cv-03264-JD<br><br>**DIRECT PURCHASER CLASS'S OPPOSITION TO UNITED CHEMI-CON'S MOTION TO DISCLOSE GRAND JURY TESTIMONY AND EXHIBITS** |

Two weeks before the start of trial, Defendant United Chemi-Con, Inc. ("UCC") is attempting yet another untimely change in the defense litigation strategy. It has just filed a Motion to Disclose Grand Jury Testimony and Exhibits. MDL ECF No. 1142. The Direct Purchaser Class (the "Class") has not seen this testimony and does not know the identity of the witness (or witnesses), nor does the Class know which documents—or how many documents—UCC now seeks to have disclosed. The unfair prejudice of producing these materials at this juncture would be substantial. *See U.S. Indus., Inc. v. U.S. Dist. Court for S. Dist. Cal., Cent. Div.*, 345 F.2d 18, 23 (9th Cir. 1965) ("The facts in the present case lead to a liberal discovery ruling, for here the document in question is of government origin and the party opposing disclosure has had an *opportunity to inspect its contents*") (emphasis added). It appears that these documents have not yet been disclosed in this litigation.

Nearly five years ago, all parties to this litigation—including NCC and UCC[1]—entered a stipulation with the Department of Justice that the material would not form part of the record in this case and would not go to the jury. Civ. ECF No. 630 ("There shall be no discovery in this case . . . of any party's or witness's communications with the United States or with the grand jury investigating capacitors . . . except by order of the Court upon good cause shown and consistent with governing law"). Present counsel for NCC and UCC negotiated and signed the stipulation. The Court entered the parties' stipulation as an Order. Civ. ECF No. 632 (April 7, 2015). The Class accommodated the interests of the Department of Justice at the time and have reasonably relied on the stipulation and Order since then.[2] Not once in the intervening five years have NCC and UCC sought any modification to the Order or indicated that they would seek it.

---

[1] NCC and UCC operate as a single unit. UCC is a 100% wholly owned subsidiary of NCC. UCC is controlled and operated by NCC, through overlapping directors and executives, including NCC executives on secondment at UCC. NCC and UCC are represented by the same lawyers and have been so throughout this case, as well as in connection with the DOJ criminal investigation.

[2] That same day the Class served requests for production on all Defendants including NCC and UCC seeking in relevant part "All Documents . . . submitted to, any Grand Jury, the United States Department of Justice, any other U.S. government agency, or any Foreign Antitrust Authority" in connection with any civil or criminal investigation into the Capacitors cartel but excluding materials subject to the stipulation and Order. Pltfs.' 2d Set of Requests for Production of Documents at Request No. 33, April 7, 2015. NCC and UCC objected to that discovery and refused to produce any documents

Discovery has long closed. Over 20 months ago, on May 31, 2018, NCC, the corporate parent of UCC, pled guilty to criminal price fixing. *United States v. Nippon Chemi-Con Corp.*, No. 4:17-cr-00540-JD (N.D. Cal. May 31, 2018), ECF No. 54. UCC, and its attorneys, have known the substance of the grand jury testimony and the exhibits accompanying that testimony for at least that long. Yet UCC waited until now to ask for that testimony to be revealed, subjecting the Class to substantial prejudice. What is more, UCC has not provided any "particularized or compelling need" for this testimony, nor has it presented any indication to the Class of that need for the exhibits they seek to be disclosed. *U.S. Indus.*, 345 F.2d at 21.

Trial is imminent. The parties finished discovery long ago, they have attended three pretrial conferences, and the Court has ruled on motions *in limine*. MDL ECF No. 1140. Because of the late stage in the proceedings, and because of UCC's failure to demonstrate a particularized and compelling need, the Court should deny the Motion. Should the Court grant it, the Class requests that the Court order disclosure of the entire grand jury record, rather than just the cherry-picked portion identified by UCC.

**I.     UCC has not shown the required particularized or compelling need.**

Under Federal Rule of Criminal Procedure 6(e), grand jury proceedings are protected by secrecy. Fed. R. Crim. P. 6(e). "[A] violation of the traditional grand jury secrecy should only be permitted upon a showing of 'particularized and compelling need.'" *U.S. Indus.*, 345 F.2d at 21. Consistent with that principle, and the Department of Justice's interest in protecting it, the parties negotiated the stipulation foreclosing discovery of grand jury material. *See* Civ. ECF No. 630. As noted, that stipulation became the Order of the Court in these proceedings. Civ. ECF No. 632.

The need here is neither particularized nor compelling. NCC and UCC have known the substance of the grand jury testimony and the contents of the exhibits they now seek to disclose since at least the time the testimony was given. When NCC pleaded guilty on May 31, 2018, the DOJ indicated

---

in response other than "documents created in the ordinary course of business" submitted to DOJ, "if any." To the extent any such material wase not off-limits by virtue of the stipulation and Order—to which NCC and UCC are parties—NCC and UCC should have produced the material years ago.

it did "not contemplate the filing of any additional charges against [NCC's] current or former officers or employees based on the charge in the indictment." *United States v. Nippon-Chemi-Con Corp.*, No. 4:170-cr-000540-JD (N.D. Cal. May 31, 2018), ECF No. 54. Judgment was entered on October 3, 2018, almost a year and a half ago. If NCC or UCC believed they had a particularized and compelling need for this evidence, they could have and should have moved to disclose it then, as soon as the threat of criminal jeopardy to either entity was over. *See United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681, n.6 (noting a key policy reason for grand jury secrecy is "to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt").

**II.    Late disclosure of Grand Jury testimony and exhibits would amount to unilateral reopening of discovery and would thereby cause undue prejudice to the Class.**

Fact discovery in this case closed on May 8, 2018. *See* MDL ECF No. 283, Ex. A. During discovery, NCC and UCC—and other Defendants—objected to the production of materials relating to the criminal case, including but not limited to materials submitted to the Department of Justice, communications with the Department of Justice, and grand jury testimony. NCC and UCC again took opposite position at odds with the relief sought in the Motion when they filed Defendants' Motion in Limine No. 1 seeking to exclude all materials from related criminal actions, including plea agreements. MDL ECF No. 1085.

NCC pleaded guilty on May 31, 2018, and judgment was entered on October 3, 2018. It appears that NCC was the last target of the Department of Justice criminal proceedings. While the date the testimony of the witness (or witnesses) sought to be disclosed by UCC is unknown to the Class, it was at the latest at the time of the NCC plea agreement, over a year and a half ago. This is not a situation where previously unknown information has been discovered by UCC, but rather a situation where UCC knew of the evidence and what it said and waited to the eve of trial to seek disclosure.[3]

---

[3] NCC and UCC have violated the Court's discovery deadlines several times. They produced new translations of documents since, including 75 new translations on January 22, 2020. They sought to offer the testimony of an additional economist, even though, as they admit, they did not comply with the expert disclosure requirements of Rule 26 and did not make the witness available to testify at deposition

"Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). All four factors weigh against disclosing the grand jury testimony and exhibits.

First, the Class would be greatly prejudiced and surprised by disclosure. Trial is imminent, and the parties have largely completed trial preparation. The parties have attended three pretrial conferences, travel arrangements are being made for witnesses coming from other parts of the United States and foreign countries, pretrial filings have been submitted to the Court, and motions *in limine* have already been ruled on. The Class does not know what the testimony or exhibits UCC seeks to disclose will say, how much of it there is, nor the identity of any sponsoring witnesses.

Second, the Class has no ability to cure the prejudice. The Class does not know what the grand jury testimony says or what the exhibits are, nor does the Class know if it is the testimony and exhibits of one witness or many. *See U.S. Indus.*, 345 F.2d at 23. The Class cannot cure prejudice when by operation of the rules restricting disclosure of evidence in criminal cases it cannot even know the nature and extent of the prejudice. Further, the parties have filed and the Court has ruled on motions *in limine*. The outer bounds of the evidence have been set, and UCC should not be permitted to introduce new evidence previously known only to itself, its corporate parent, and the Department of Justice.

Third, disclosure of grand jury testimony and exhibits will disrupt the orderly presentation of evidence at trial. The parties have taken dozens of depositions, interviewed witnesses, and have prepared and exchanged their exhibit lists. The parties' experts have reviewed the evidence and submitted their opinions. New evidence now will do nothing but derail trial preparation and trial.

---

in a timely manner. They have already sought to offer the testimony of Noriaki Kakizaki, despite his previous refusal to testify on Fifth Amendment grounds. *See* MDL ECF No. 1075. The Court permitted the deposition.

Fourth, the failure to make this motion until this juncture was willful, if not made in bad faith. It has been over a year and a half since NCC pleaded guilty and the criminal case was resolved. NCC and UCC knew of the contents of the grand jury testimony and exhibits at least at that time. Yet they waited until the eve of trial to seek to disclose that evidence. The Court should not countenance such a tactic.

The Court should also deny the Motion for another reason: It is a self-serving attempt to disclose a limited, cherry-picked selection of the information only NCC, UCC, and the government knows. Consequently, presenting this material in the civil case will leave the jury with an incomplete, distorted and blindered view of the record. Therefore, should the Court grant the Motion, it should disclose the entire grand jury record so as not to prejudice the Class further through the misrepresentation that would result from UCC's request for narrowly limited disclosure.

### III. Conclusion

For the foregoing reasons, the Court should deny UCC's Motion to Disclose Grand Jury Testimony and Exhibits. In the alternative, should the Court grant UCC's Motion, the Court should disclose the entire grand jury record.

Dated: February 18, 2020

JOSEPH SAVERI LAW FIRM, INC.

By: /s/ *Joseph R. Saveri*
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
James G. Dallal (State Bar No. 277826)
Anupama K. Reddy (State Bar No. 324873)
Christopher K.L. Young (State Bar No. 318371)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940

*Lead Counsel for the Direct Purchaser Class*