JACKLIN CHOU LEM (CSBN 255293)
HOWARD J. PARKER (WSBN 07233)
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, California  94102
Telephone: (415) 934-5300
Facsimile: (415) 934-5399
jacklin.lem@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CAPACITORS ANTITRUST LITIGATION<br><br>All Direct Purchaser Actions,<br>Case No. 3:14-cv-03264-JD | Case No. 3:14-cv-03264-JD<br><br>**REDACTED DOCUMENT SOUGHT TO BE SEALED**<br><br>**UNITED STATES' OPPOSITION TO UNITED CHEMI-CON, INC.'S PETITION FOR DISCLOSURE OF ▓▓▓▓▓▓▓ GRAND JURY TESTIMONY AND EXHIBITS**<br><br>Master Docket No. 3:17-md-2801-JD<br><br>Date: To be set by the Court<br>Time: To be set by the Court<br>Courtroom 11<br>Hon. James Donato |

The United States respectfully opposes the petition of United Chemi-Con, Inc. for the disclosure of grand jury testimony and certain related exhibits.  The Supreme Court set out the applicable standard in *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 222-223 (1979):

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they
>
> seek is needed to avoid a possible injustice in another judicial proceeding, that the need

1

UNITED STATES' OPPOSITION TO                          Master Docket No. 3:17-md-2801-JD
PETITION FOR GRAND JURY DISCLOSURE                    Case No. 3:14-cv-03264-JD

for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations …. [D]isclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure. [footnote omitted]

In the case here, the criminal matter to which the requested disclosure pertains is not concluded. Eight indicted individual defendants remain abroad as fugitives; none have appeared in the United States to face the charges against them. See *U.S. v. Takeshi Matsuzaka, et al.*, 4:15-cr-00163 (N.D. Cal. 2016). Three of those fugitives were employed by the Chemi-Con family of companies ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

The interests that underlie grand jury secrecy were not obviated by the conclusion of the case against United Chemi-Con's parent company, Nippon Chemi-Con, which pled guilty and was sentenced in 2018. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

In a criminal case, the carefully balanced rules of criminal discovery do not ordinarily allow for this kind of advance disclosure to criminal defendants who have not yet made an initial appearance. Indeed, the government and the Court took care to minimize the risk of unwarranted disclosure, such as to fugitives, by providing in the protective order in the criminal case against Nippon Chemi-Con that, "At the conclusion of the above-captioned case (including but not limited to any post-trial proceedings or appeal), the defendant agrees to either destroy all Protected Material or return the Protected Material as directed by the producing party." 4:27-cr-00540-JD, Document 42 at p.4. As such, now that the case against Nippon Chemi-Con has concluded, the government has requested that Chemi-Con destroy the materials the government

//

2

UNITED STATES' OPPOSITION TO                                Master Docket No. 3:17-md-2801-JD
PETITION FOR GRAND JURY DISCLOSURE                          Case No. 3:14-cv-03264-JD

1 | produced to it in criminal discovery █████████████████████████
2 | ██████.
3 |      Moreover, the need for continuing grand jury secrecy would not necessarily end even if
4 | the criminal case were entirely concluded and even if there were no outstanding prosecutions
5 | such as those against fugitives in this case. *U.S. v. Atlantic Container Line, Ltd.,* 511 F.Supp.
6 | 115 (D.D.C. 1980). For example, the assurance that secret testimony given in the grand jury will
7 | remain secret encourages all witnesses to be candid and forthcoming, lessening concern that
8 | parties against whom testimony is given will know what has been said and will retaliate or
9 | attempt to influence the testimony given in the first place.
10 |      For these reasons, the United States opposes the requested disclosure.

Dated: February 20, 2020

Respectfully Submitted,

/s/ *Howard J. Parker*
JACKLIN CHOU LEM
HOWARD J. PARKER
Trial Attorneys
U.S. Department of Justice
Antitrust Division