UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION | MDL Case No. 17-md-02801-JD <br><br> Case No. 14-cv-03264-JD <br><br> **ORDER RE TRIAL EXPERTS** <br> Re: Dkt. Nos. 1096, 1110 |

Defendants have identified nine expert witnesses they seek to call at trial. DPPs brought a motion to exclude three of those witnesses from testifying because they were not properly disclosed: Dr. Jerry Hausman, Dr. Lauren J. Stiroh and Dr. Darrell Williams. Dkt. No. 1096. Defendant Panasonic, which has now entered into a settlement agreement with the DPPs, brought its own motion to quash a trial subpoena for Dr. Williams, whom Panasonic had previously engaged as its testifying expert, as well as for a protective order on his behalf. Dkt. No. 1110. DPPs also ask the Court to limit the total number of experts that defendants may call at trial. Dkt. No. 1096.

After these motions were fully briefed, by a letter dated February 24, 2020, defendants represented to the Court that should Dr. Stiroh be permitted to testify, defendants do not presently intend to call Dr. Williams at trial. Dkt. No. 1162.

**DISCUSSION**

The deadline for defendants to disclose expert reports on liability and damages was February 22, 2019. Dkt. No. 345. At that time, KEMET and Panasonic were active defendants in the case. They disclosed Dr. Stiroh and Dr. Williams, respectively, as experts to testify at trial. They served expert reports, and DPPs deposed them. The issue for those experts is that none of

1   the currently active defendants disclosed them by the disclosure deadline but the remaining

2   defendants have now designated those experts as witnesses for the upcoming trial.

3       Dr. Hausman also was not disclosed by the February 2019 deadline, or any time before the

4   June 7, 2019, expert discovery cutoff. Dkt. No. 565. He was not identified as a potential expert

5   witness until October 3, 2019, when defendants filed his declaration in support of a motion for a

6   court-appointed independent expert. Dkt. No. 984-3. A report as contemplated by Rule 26 was

7   not disclosed for Dr. Hausman, and he has not been deposed by DPPs.

## I.   DR. HAUSMAN

9       DPPs were not reckless for suggesting that these circumstances might be enough to bar

10  Dr. Hausman from trial. Failure to properly disclose a witness under Rule 26(a)(2) normally

11  warrants preclusion. Fed. R. Civ. P. 37(c). But defendants invoke Rule 26(a)(2)(D)(ii) to say that

12  Dr. Hausman should be allowed to testify because he was "called only to rebut testimony by

13  Dr. McClave which itself was disclosed for the first time after the close of expert discovery,"

14  namely at the "hot tub" proceeding on September 17, 2019. Dkt. No. 1117 at 4. Specifically,

15  defendants indicate that Dr. Hausman would be called only to rebut Dr. McClave on whether he

16  performed a "residual analysis" as stated at the hot tub. *Id*. at 5.

17      The Court finds this would be admissible rebuttal testimony that was properly disclosed

18  before trial. His declaration was shared with DPPs within 30 days of the "hot tub" proceeding as

19  required by Rule 26(a)(2)(D)(ii), and defendants' delay in providing DPPs with the rest of the

20  information required under Rule 26(a)(2), which it appears DPPs now have, was harmless under

21  Rule 37(c)(1).

22      Consequently, if Dr. McClave testifies about having done a "residual analysis,"

23  Dr. Hausman may testify in response. His testimony will be limited to that issue. The Court may

24  still exclude Dr. Hausman if another expert, such as Dr. Haider, addresses residual analysis in such

25  a way that further testimony on that issue would be cumulative or repetitive. In addition, if DPPs

26  would like to depose Dr. Hausman on the residual analysis point, they may do so before he

27  testifies at trial.

28

## II. DR. STIROH

Dr. Stiroh will not be excluded for non-disclosure. KEMET disclosed Dr. Stiroh before it settled with DPPs. She was treated as a testifying witness throughout expert discovery. DPPs got her report and deposed her. Consequently, while it is technically true she was not disclosed by the remaining defendants going to trial, she was identified in all meaningful respects for Rule 26 and Rule 37(c) purposes. *See SEC v. Koenig*, 557 F.3d 736, 744 (7th Cir. 2009); Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment (giving as example of harmless violation "the failure to list as a trial witness a person so listed by another party"). DPPs had a full opportunity and fair incentive to conduct discovery of Dr. Stiroh's opinions before KEMET settled with DPPs. There is no unfair prejudice in that. DPPs' motion to preclude her "undisclosed" testimony is consequently denied.

## III. DR. WILLIAMS

In light of defendants' representation and request, Dkt. No. 1162, Panasonic's motion to quash the trial subpoena to Dr. Williams and DPPs' motion to preclude his testimony are both terminated as moot. Dkt. Nos. 1096, 1110.

## CONCLUSION

The Court declines to exclude Dr. Hausman or Dr. Stiroh under Rules 403, 702 or 37. For DPPs' request to limit the number of expert witnesses defendants may call, the Court shares the concern that nine experts is a big crowd. For the time being, the Court will not reduce that number, but defendants proceed at their peril under the time limits at trial, and the Court will terminate expert testimony that is cumulative.

**IT IS SO ORDERED.**

Dated: February 25, 2020

JAMES DONATO
United States District Judge