Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Anupama K. Reddy (State Bar No. 324873)
Christopher K.L. Young (State Bar No. 318371)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:  (415) 500-6800
Facsimile:    (415) 395-9940
Email: jsaveri@saverilawfirm.com
           swilliams@saverilawfirm.com
           areddy@saverilawfirm.com
           cyoung@saverilawfirm.com

*Lead Counsel for the Direct Purchaser Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: THE DIRECT PURCHASER CLASS ACTION | Master File No.  3:17-md-02801-JD<br>Civil Action No. 3:14-cv-03264-JD<br><br>**[PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS AVX, ELNA, HOLY STONE, KEMET, PANASONIC, SHINYEI, SHIZUKI AND TAITSU, APPROVING FORM AND MANNER OF NOTICE, AND ESTABLISHING PROCESS FOR FINAL APPROVAL** |

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

**[PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS AVX, ELNA, HOLY STONE, KEMET, PANASONIC, SHINYEI, SHIZUKI AND TAITSU, APPROVING FORM AND MANNER OF NOTICE, AND ESTABLISHING PROCESS FOR FINAL APPROVAL, APPROVING FORM AND MANNER OF NOTICE, AND ESTABLISHING PROCESS FOR FINAL APPROVAL**

This matter is before the Court on the Motion by plaintiffs Chip-Tech, Ltd., Dependable Component Supply Corp., eIQ Energy, Inc., and Walker Component Group, Inc., on behalf of the Direct Purchaser Class (collectively, the "Settlement Class") for preliminary approval of the Settlement Class's settlement agreements (the "Settlement Agreements") with defendants AVX Corporation ("AVX"); ELNA Co., Ltd. and ELNA America Inc. (collectively, "ELNA"); Holy Stone Enterprise Co., Ltd., Milestone Global Technology, Inc. (D/B/A HolyStone International) and Vishay Polytech Co., Ltd. (collectively, "Holy Stone"); KEMET Corporation and KEMET Electronics Corporation (collectively, "KEMET"); Panasonic Corporation, Panasonic Corporation of North America, SANYO Electric Co., Ltd., and SANYO North America Corporation (collectively "Panasonic"); Shinyei Kaisha, Shinyei Technology Co., Ltd., Shinyei Capacitor Co., Ltd. and Shinyei Corporation of America, Inc. (collectively, "Shinyei"); Shizuki Electric Co., Inc. ("Shizuki"); and Taitsu Corporation and Taitsu America, Inc. (collectively "Taitsu"; AVX, ELNA, Holy Stone, KEMET; Panasonic, Shinyei; Shizuki and Taitsu collectively, the "Settling Defendants"). MDL ECF Nos. 1300, 1068.

Having considered the Class's Motion; the Settlement Agreements; the declarations of Joseph R. Saveri and Kendall S. Zylstra and the exhibits thereto; the proposed Long Form Notice and Summary Notice to the Settlement Class; the pleadings and other papers filed in this Action; and the statements of counsel and the parties, and for good cause shown,

IT IS HEREBY ORDERED as follows:

1.  Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreements.

2.  The Court hereby gives its preliminary approval of the Settlement Class's Settlement Agreements with AVX, ELNA, Holy Stone, KEMET, Panasonic, Shinyei, Shizuki and Taitsu, subject to a hearing on the final approval of the Settlement Agreements (the "Final Approval Hearing").

3.  In light of the Court's order dated November 14, 2018 (ECF No. 2231) certifying the Direct Purchaser Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court's order dated February 28, 2019 (ECF No. 2282) approving the Settlement Class's plan for notice of pendency of class action, the

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

1

[PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS AVX, ELNA, HOLY STONE, KEMET, PANASONIC, SHINYEI, SHIZUKI AND TAITSU, APPROVING FORM AND MANNER OF NOTICE, AND ESTABLISHING PROCESS FOR FINAL APPROVAL

exclusion notices received during the opt-out period by the order, and the now proposed Settlements in this Action, the Settlement Class is defined as follows:

> All persons (including individuals, companies, or other entities) that purchased Capacitors (including through controlled subsidiaries, agents, affiliates or joint ventures) directly from any of the Defendants, their subsidiaries, agents, affiliates or joint ventures from January 1, 2002 to December 31, 2013 (the "Class Period"), and such persons are: (a) inside the United States and were billed or invoiced for capacitors by one or more Defendants during the Class Period (*i.e.*, where capacitors were "billed to" persons within the United States); or (b) outside the United States and were billed or invoiced for capacitors by one or more Defendants during the Class Period, where such capacitors were imported into the United States by one or more Defendants (*i.e.*, where the capacitors were "billed to" persons outside the United States but "shipped to" persons within the United States).
>
> Excluded from the Settlement Class are: (1) Defendants (and their subsidiaries, agents, and affiliates); (2) shareholders holding more than 10% equity interest in Defendants; (3) each member of the Settlement Class that timely requests exclusion by "opting out"; (4) governmental entities; and (5) the judges and chambers staff in this case, including their immediate families.

4.  Also excluded from the Settlement Class are those that excluded themselves in accordance with the terms of the 2019 Notice of Certification of Class of Direct Purchasers of Capacitors.

5.  Pursuant to Fed. R. Civ. P. 23(g), the Court has previously appointed the Joseph Saveri Law Firm as Lead Class Counsel.

6.  The Court finds that the settlements with the Settling Defendants fall within the range of possible approval and are reasonable. There is sufficient basis for notifying the Settlement Class and for setting a Final Approval Hearing. Accordingly, Notice to the Settlement Class is appropriate here, Notice is hereby approved, and members of the Settlement Class ("Settlement Class Members") should be notified of the proposed settlements.

7.  The Court finds that the proposed plan of allocation described in the Motion is sufficiently fair, reasonable, and adequate such that it is hereby preliminarily approved, subject to further consideration at the Final Approval Hearing to be held as set forth below.

8. The Court will conduct a Final Approval Hearing on September 17, 2020 at 10:00 a.m. At the Final Approval Hearing, the following will be determined:

    a. Whether the proposed Settlement Agreements are fair, reasonable, and adequate and should be granted final approval;

    b. Whether final judgment should be entered, dismissing the claims of the Settlement Class against the Settling Defendants with prejudice;

    c. Whether Lead Class Counsel's application for payment of attorneys' fees and reimbursement of costs and expenses should be granted;

    d. Such other matters as the Court may deem appropriate.

9. The Court appoints Rust Consulting, Inc. as administrator (the "Claims Administrator").

10. The notices attached to this Order constitute due, adequate and sufficient notice and satisfy the requirements of the Federal Rules of Civil Procedure and of due process. Accordingly, Notice is approved for dissemination to the Settlement Class.

11. The Court approves the long-form notice attached hereto as **Exhibit A** ("Long-Form Notice"). The Court also approves the summary notice attached hereto as **Exhibit B** ("Summary Notice").

12. The Court finds that taken together, (a) mailing of the Long-Form Notice (U.S. Mail or electronic mail) to Settlement Class Members; (b) publication of the Summary Notice; and (c) Internet posting of the Long-Form Notice are: (i) the best notice practicable; (ii) reasonably calculated to, under the circumstances, apprise Settlement Class Members of the proposed Settlement Agreements and of Settlement Class Members' right to object or exclude themselves as provided in the Settlement Agreements; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

13. The Settlement Class's Claims Administrator shall provide notice of the Settlement Agreements. The Claims Administrator shall provide direct notice of the Settlement Agreements to all Class Members no later than July 20, 2020. Such notice shall be sent either by first class U.S. mail

postage prepaid or by electronic mail. The Claims Administrator shall publish the Summary Notice in the national edition of the *Wall Street Journal* no later than July 20, 2020. The Claims Administrator shall also cause a copy of the class notices and Settlement Agreements to be posted on at least two Internet websites directed toward the capacitors and passive electronics industry.

14. By no later than July 20, 2020, the Claims Administrator shall cause the Settlement Notice to be mailed by first-class mail, postage prepaid, to Settlement Class Members pursuant to the procedures described in the Settlement Agreements, the Motion, the Declaration of Kendall S. Zylstra and the Long-Form Notice. By no later than July 24, 2020, the Claims Administrator shall file with the Court an Affidavit of Compliance with Notice Requirements.

15. All costs incurred in disseminating Notice and administering the Settlement shall be paid from the Settlement Fund pursuant to the Settlement Agreements, with certain notice and administration costs incurred prior to the Effective Date advanced as provided in the Settlement Agreements. The Court grants Lead Class Counsel's request for up to $125,000 to be paid from the Settlement Fund to the Claims Administrator for expenses related to the provision of notice to the Settlement Class Members and for processing and auditing the claim forms. The Court also approves payment of publication notice in the *Wall Street Journal* from settlement funds in an amount Lead Class Counsel estimates will be less than $75,000.

16. The Settlement Class shall file on or before July 24, 2020 their motion for final approval and for attorneys' fees and reimbursement of litigation costs and expenses.

17. Settlement Class Members shall have until August 28, 2020 to submit a Claim Form. All Claim Forms must be postmarked or submitted via the Settlement Website by this date.

18. Settlement Class Members shall have until August 28, 2020 to exclude themselves (opt-out) of the proposed Settlements. All requests for exclusion must be postmarked by this date.

19. Any Settlement Class Member who wishes to be excluded (opt-out) from the Settlement Class must, in a manner consistent with the process described in the Notices approved by the Court, mail a written request for exclusion to the Claims Administrator on or before August 28, 2020. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

4

[PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS AVX, ELNA, HOLY STONE, KEMET, PANASONIC, SHINYEI, SHIZUKI AND TAITSU, APPROVING FORM AND MANNER OF NOTICE, AND ESTABLISHING PROCESS FOR FINAL APPROVAL

group or class, but must in each instance individually or personally execute a Request for Exclusion. Requests for Exclusion must set forth in writing the Name and Address of the person or entity who wishes to be excluded as well as all trade names or business names and addresses of such persons or entities, and must be signed by the Settlement Class Member seeking exclusion. Settlement Class Members may request exclusion from the Settlement Class without regard to whether such members previously excluded themselves from the certified litigation class pursuant to the 2019 Notice of Certification of Class of Direct Purchasers of Capacitors. A request for exclusion from the Settlement Class does not constitute a request for exclusion from the litigation class, for which the period to request exclusion (opt-out) is now closed and final.

20. No later than September 14, 2020, Lead Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the Settlement Class. Settlement Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlements from which they excluded themselves, will not be bound by any further orders or judgments entered for or against the Settlement Class under the Settlements, and will preserve their ability independently to pursue any claims they may have only with respect to those Settling Defendants.

21. Settlement Class Members will have until August 28, 2020 (35 days after the Class files their motions for final approval and for attorneys' fees and reimbursement of litigation costs and expenses) to object to the proposed Settlements. All objections must be postmarked by this date.

22. Any oppositions to the Settlement Class's motions for final approval and for attorneys' fees and reimbursement of litigation costs and expenses must be filed by August 28, 2020.

23. No later than September 7, 2020, ten days prior to the Final Approval Hearing, the Settlement Class may file a reply to any responses to their motions for final approval and for attorneys' fees and reimbursement of litigation costs and expenses.

24. All Settlement Class Members who did not properly and timely request exclusion from the Settlement Class shall, upon final approval of the Settlements, be bound by all the terms and provisions of the Settlement Agreements, including the releases, waivers and covenants described in the

Settlement Agreements, whether or not such Settlement Class Member objected to the Settlements and whether or not such Settlement Class Member makes a claim upon the settlement funds or receives consideration under the Settlement Agreements.

25. Lead Class Counsel will continue to represent Settlement Class Members who do not timely object and do not have an attorney enter an appearance on their behalf.

26. Any Settlement Class Member may, but need not, submit comments or objections to the Settlement Agreements, the Plan of Allocation or entry of a Final Approval Order and Judgment approving the Settlement Agreements, by filing written objections with the Court no later than the August 28, 2020, copies of which shall be served on all counsel listed in the Class Notice. Failure to timely file and serve written objections will preclude a Settlement Class Member from objecting to the Settlements.

27. Any Settlement Class Member making an objection (an "Objector") must sign the objection personally, even if represented by counsel, and provide the Settlement Class Member's name and full residence or business address and a statement signed under penalty of perjury that the Settlement Class Member was a member of the Settlement Class. Any objection must state why the Objector objects to the Settlement Agreement(s) and provide a basis in support, together with any documents such person wishes to be considered in support of the objection. If an Objector intends to appear at the Final Approval Hearing, personally or through counsel, the Objector must include with the objection a statement of the Objector's intent to appear at the Final Approval Hearing. The Objector must file a Notice of Intent to Appear no later than September 7, 2020, ten (10) days prior to the Final Approval Hearing, copies of which shall be served on all counsel listed in the Class Notice. If counsel is appearing on behalf of more than one Settlement Class Member, counsel must identify each such Settlement Class Member and each such Settlement Class Member must have complied with this Order.

28. Only Settlement Class Members who have filed and served valid and timely objections accompanied by Notices of Intent to Appear shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Notice and mandated in this Order shall be deemed to have waived

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

6

[PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS AVX, ELNA, HOLY STONE, KEMET, PANASONIC, SHINYEI, SHIZUKI AND TAITSU, APPROVING FORM AND MANNER OF NOTICE, AND ESTABLISHING PROCESS FOR FINAL APPROVAL

any objection to the Settlement Agreements and entry of a Final Approval Order and Judgment, whether by appeal, collateral attack, or otherwise.

29. Each Settlement Class Member shall retain all rights and causes of action with respect to claims against all Defendants other than the Settling Defendants.

30. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

31. Upon entry of the Final Approval Order and Judgment, all Settlement Class Members will be enjoined from proceeding against the Settling Defendants and all other Released Parties with respect to all of the Released Claims, consistent with the Settlement Agreements.

32. All further proceedings as to the Settling Defendants are hereby stayed, except for any actions required to effectuate or enforce the Settlement Agreements, or matters related to the Settlement Fund, including applications for attorneys' fees, payment of costs, and service awards to Class Representatives.

33. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected to the Settlements.

**IT IS SO ORDERED.**

Dated:  July 10, 2020

_____
HON. JAMES DONATO
United States District Judge