UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL INDIRECT PURCHASER ACTIONS | MDL No. 3:17-md-02801-JD<br>Case No. 3:14-cv-03264-JD<br><br>[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENTS WITH ELNA, MATSUO, NICHICON, AND PANASONIC |
|---|---|

Before the Court is the Indirect Purchaser Plaintiffs' ("IPPs") motion for final approval of settlements with Elna Corporation, Ltd. and Elna America, Inc. ("ELNA"), Matsuo Electric Corporation, Ltd. ("Matsuo"), Nichicon Corporation and Nichicon America Corporation ("Nichicon"), and Panasonic Corporation ("Panasonic") (collectively, "Settlements"). MDL Dkt. No. 1063. The Court, having reviewed the motion, the Settlement Agreements, the pleadings and other papers on file in the above-captioned action ("Action"), finds that the motion should be granted for good cause.

It is consequently ordered that:

1.  The Court has jurisdiction over the subject matter of this Action, all actions within this litigation, and the parties to the Settlement Agreements, including all members of the Settlement Classes and the Settling Defendants.

2.  For purposes of this Order, except as otherwise set forth herein, the Court incorporates the definitions contained in the Settlement Agreements (MDL Dkt. Nos. 698-2, 698-3, 698-4, 698-5).

3.  The Court hereby finally approves and confirms the settlements set forth in the Settlement Agreements between Class Representatives and the Settling Defendants, and finds that the settlements are in all respects fair, reasonable, and adequate to the Settlement Classes pursuant to Federal Rule of Civil Procedure ("Rule") 23.

4.  The following Classes are certified for settlement purposes only, pursuant to Rule 23:

> **a. ELNA**
> All persons and entities in the United States who, during the period from April 1, 2002 to February 28, 2014, purchased one or more Electrolytic Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants.
>
> **b. MATSUO**
> All persons and entities in the United States who, during the period from January 1, 2002 to February 28, 2014, purchased one or more Electrolytic Capacitor(s)

from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants; their parent companies, subsidiaries and Affiliates; any co-conspirators; Defendants' attorneys in this case; federal government entities and instrumentalities, states and their subdivisions; all judges assigned to this case; all jurors in this case; and all Persons who directly purchased Capacitors from Defendants.

**c. NICHICON**

All persons and entities in the United States who, during the period from April 1, 2002 to February 28, 2014, purchased one or more Electrolytic Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendant.

**d. PANASONIC**

All persons and entities in the United States who, during the period from April 1, 2002 to February 28, 2014, purchased one or more Electrolytic Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants; and

All persons and entities in the United States who, during the period from January 1, 2002 to February 28, 2014, purchased one or more Film Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, and any co-conspirators, Defendants' attorneys in this case, federal government entities and instrumentalities, states and their subdivisions, all judges assigned to this case, all jurors in this case, and all persons and entities who directly purchased Capacitors from Defendants.

5. These settlement classes will be referred to as the "Settlement Classes."

6. The Court finds the prerequisites to a class action under Rule 23(a) have been satisfied for settlement purposes by each of the Settlement Classes in that:

a. there are at least thousands of geographically dispersed Settlement Class Members, making joinder of all members impracticable;

b. there are questions of law and fact common to the Settlement Classes which predominate over individual issues;

c. the claims or defenses of the Class Representatives are typical of the claims or defenses of the Settlement Classes;

d. the IPPs will fairly and adequately protect the interests of the Settlement Classes and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the Settlement Classes; and

e. resolution through class settlements is superior to individual settlements.

7. The Court finds that this Action may be maintained as a class action under Rule 23(b)(3) for settlement because: (i) questions of fact and law common to members of the Settlement Classes predominate over any questions affecting only the claims of individual members, and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

8. Pursuant to Rule 23(g), the Court hereby confirms that Cotchett, Pitre & McCarthy LLP is appointed as Settlement Class Counsel, and that IPPs Michael Brooks, CAE Sound, Steve Wong, Toy-Knowlogy Inc., AGS Devices Co., AGS Devices Ltd., J&O Electronics, Nebraska Dynamics, Inc., Angstrom, Inc., MakersLED, and In Home Tech Solutions, Inc. are appointed to serve as Class Representatives on behalf of the Settlement Classes.

9. IPPs' notice of the Class Settlements to the Settlement Classes was the best notice practicable under the circumstances. The notice satisfied due process and provided adequate information to the Settlement Classes of all matters relating to the Settlements and fully satisfied the requirements of Rule 23(c)(2) and 23(e)(1).

10. The persons and entities identified in Exhibit A to this Order have timely and validly requested exclusion from the Settlement Classes and are therefore excluded from those Settlement Classes identified. Such persons and entities are not included in or bound by this Order as it relates to the specific settlement or settlements for which they opted out. Such

persons and entities are not entitled to any recovery of the settlement proceeds obtained through these Class Settlements.

11. No valid objections were filed regarding any of the Settlements.

12. The Court finds that the IPPs' proposed Plan of Allocation, proposing to pay putative Class Members on a *pro rata* basis based on qualifying purchases of capacitors and on the type and extent of injury suffered by each class member in those states which permit indirect purchaser claims is fair, reasonable, and adequate. The Plan of Allocation does not unfairly favor any Class Member, or group of Class Members, to the detriment of others. The Plan of Allocation being approved herein is the same Plan that has previously been approved by this Court in connection with earlier settlements in this Action.

13. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over:

    a. implementation of these settlements and any distribution to Settlement Class Members pursuant to further orders of this Court;

    b. disposition of the Settlement Fund;

    c. determining attorneys' fees, costs, expenses, and interest;

    d. the Action until Final Judgment contemplated hereby has become effective, and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreements;

    e. hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and

    f. all parties to the Action and Releasing Parties, for the purpose of enforcing and administering the Settlement Agreements and the mutual releases and other documents contemplated by, or executed in connection with, the Agreement.

14. The Court finds, pursuant to Rules 54(a) and 54(b), that Final Judgments of Dismissal with prejudice as to the Settling Defendants ("Judgments") should be entered

forthwith and further finds that there is no just reason for delay in the entry of the Judgments, as Final Judgments, in accordance with the Settlement Agreements.

**IT IS SO ORDERED**.

Dated: July 17, 2020

JAMES DONATO
United States District Judge

# EXHIBIT A

## Exclusions from Settlement Class(es)

| Name | Exclusion Request Timely | Settlement Class(es) Excluded From |
|---|---|---|
| Jeanne Pogorzelski | Yes | Did not specify any Settling Defendants by name |
| Bruce Young | Yes | Did not specify any Settling Defendants by name |
| Rick Smith | Yes | Did not specify any Settling Defendants by name |
| Jonathan C Neisch | Yes | ELNA<br>Matsuo<br>Nichicon<br>Panasonic<br><br>*also listed request for exclusion from previous settlements with NEC TOKIN, OEI, Nitsuku, Hitachi, Soshin, Rubycon, Holy Stone and NCC/UCC |
| Erik M Sauber | Yes | ELNA<br>Matsuo<br>Nichicon<br>Panasonic<br><br>*also listed request for exclusion from previous settlements with NEC TOKIN, OEI, Nitsuku, Hitachi, Soshin, Rubycon, Holy Stone and NCC/UCC |
| Donald G. Becker | Yes | ELNA<br>Matsuo<br>Nichicon<br>Panasonic |
| William B Higinbotham | Yes | Did not specify any Settling Defendants by name |
| Mike Svela | Yes | Did not specify any Settling Defendants by name |
| Perry Jennings | Yes | ELNA<br>Matsuo<br>Nichicon<br>Panasonic<br><br>*also listed request for exclusion from previous settlements with NEC TOKIN, OEI, Nitsuku, Hitachi, Soshin, Rubycon, Holy Stone and NCC/UCC |
| Larry Kiser | Yes | Did not specify any Settling Defendants by name |
| Ed Polakoff | Yes | Did not specify any Settling Defendants by name |
| Michael Gillette | Yes | Did not specify any Settling Defendants by name |

| Name | Exclusion Request Timely | Settlement Class(es) Excluded From |
|---|---|---|
| AssetGenie, Inc dba AGiRepair | Yes | ELNA<br>Matsuo<br>Nichicon<br>Panasonic<br><br>*also listed request for exclusion from previous settlements with NEC TOKIN, OEI, Nitsuku, Hitachi, Soshin, Rubycon, Holy Stone and NCC/UCC |
| Dell Inc on behalf of itself and its wholly-woned subsidiaries (collectively "Dell") | Yes | ELNA<br>Matsuo<br>Nichicon<br>Panasonic |
| Eleanor Mae Wolf | Yes | Did not specify any Settling Defendants by name |
| Jeff Hoffman | Yes | Did not specify any Settling Defendants by name |
| Greg Bower | Yes | ELNA<br>Matsuo<br>Nichicon<br>Panasonic<br><br>*also listed request for exclusion from previous settlements with NEC TOKIN, OEI, Nitsuku, Hitachi, Soshin, Rubycon, Holy Stone and NCC/UCC |
| Michael DeSoto | Yes | Did not specify any Settling Defendants by name<br><br>*did request for exclusion from previous settlements with NEC TOKIN, OEI, Nitsuku, Hitachi, Soshin, Rubycon, Holy Stone and NCC/UCC; and for future activity with Nissei Electric Co., Shinyei Technology Co., Ltd., Taitsu Corp., and Toshin Kogyo Co., Ltd. |
| Pyramid One, Inc | Yes | Did not specify any Settling Defendants by name |
| DeSoto Labs | Yes | Did not specify any Settling Defendants by name<br><br>*did request for exclusion from previous settlements with NEC TOKIN, OEI, Nitsuku, Hitachi, Soshin, Rubycon, Holy Stone and NCC/UCC; and for future activity with Nissei Electric Co., Shinyei Technology Co., Ltd., Taitsu Corp., and Toshin Kogyo Co., Ltd. |
| Stanley W Vikla | Yes | Did not specify any Settling Defendants by name |
| James M. Tylman, Sr. | Yes | Did not specify any Settling Defendants by name<br><br>*previously requested exclusion from future settlements with ELNA, Matsuo, Nichicon, Panasonic, Nissei Electric Co., Shinyei Technology Co., Ltd., Taitsu Corp., and Toshin Kogyo Co., Ltd. |

| Name | Exclusion Request Timely | Settlement Class(es) Excluded From |
|---|---|---|
| Bourgeois & Associates, Inc | Yes | ELNA<br>Matsuo<br>Nichicon<br>Panasonic<br><br>*also listed request for exclusion from previous settlements with NEC TOKIN, OEI, Nitsuku, Hitachi, Soshin, Rubycon, Holy Stone and NCC/UCC |
| Burge Trucking | Yes | Did not specify any Settling Defendants by name |
| Group Spectral | Yes | Did not specify any Settling Defendants by name |
| Jacob Swary | Yes | ELNA<br>Matsuo<br>Nichicon<br>Panasonic<br><br>*also listed request for exclusion from previous settlements with NEC TOKIN, OEI, Nitsuku, Hitachi, Soshin, Rubycon, Holy Stone and NCC/UCC<br><br>**also indicated he objects to the settlements |
| Tech 22 | Yes | ELNA<br>Matsuo<br>Nichicon<br>Panasonic<br><br>*also listed request for exclusion from previous settlements with NEC TOKIN, OEI, Nitsuku, Hitachi, Soshin, Rubycon, Holy Stone and NCC/UCC |
| Panasonic Automotive Systems Company of America | Yes | ELNA<br>Matsuo<br>Nichicon<br>Panasonic<br><br>*also listed request for exclusion from previous settlements with NEC TOKIN, OEI, Nitsuku, Hitachi, Soshin, Rubycon, Holy Stone and NCC/UCC |