UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CAPACITORS ANTITRUST LITIGATION** | **MDL No. 3:17-md-02801-JD**<br>**Case No. 3:14-cv-03264-JD** |
| **THIS DOCUMENT RELATES TO:**<br><br>**ALL INDIRECT PURCHASER PLAINTIFF ACTIONS** | **[PROPOSED] ORDER RE INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |

[Proposed] Order Granting Indirect Purchaser Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards; MDL No. 3:17-md-02801-JD; Case No. 3:14-cv-03264-JD

This order resolves the Indirect Purchaser Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion").  MDL Dkt. No. 1011.  Having reviewed the Motion, the pleadings and other papers on file in the above-captioned action ("Action"),[1] the Court orders as follows for good cause.

1. Class Counsel request an award of attorneys' fees of $7,737,500, or 25% of the $30,950,000 settlement fund ("Settlement Fund"); reimbursement of out-of-pocket litigation expenses of $905,071.23; and a service award of $5,000 for each of the ten Class Representatives.

2. The Court finds Class Counsel's attorneys' fees request of 25% of the Settlement Fund is fair and reasonable under the percentage-of-the-recovery method based on the following factors: (1) the results obtained by Class Counsel in this Action; (2) the risks and complex issues involved in this Action; (3) the attorney fee request was entirely contingent on success; (4) the range of attorney fee awards in similar cases; and (5) that the class members have been notified of the requested attorney fee request and have had an opportunity to inform the Court of any concerns they have with the request. Similarly, the Court finds Class Counsel's request for reimbursement of litigation expenses to be reasonable because it was entirely contingent on success and class members were notified of the expense request and had an opportunity to object. Accordingly, the Court finds that both the attorney fee and expense requests comport with the applicable law and are justified by the circumstances of this Action.

3. The Court confirms the reasonableness of the attorneys' fees request by conducting a lodestar cross-check. Class Counsel's cumulative lodestar from appointment of leadership through August 12, 2019, was $28,872,571.  This amount is based on historic hourly rates, which were reasonable. The currently requested fees amount, in combination with previously awarded amounts, represent less than 70% of Class Counsel's cumulative lodestar from appointment of leadership through August 12, 2019, and constitute a negative multiplier of 0.6969. This further supports the reasonableness of the attorneys' fees request.

---

[1] The IPPs' Administrative Motion to Submit Detailed Expense Records for *In Camera* Review is granted.  MDL Dkt. No. 1010.

4.	The Court finds that Class Counsel incurred a total of $1,095,912.08 in unreimbursed, out-of-pocket litigation expenses in prosecuting this Action, which is the sum of unreimbursed, individual firm expenses of $51,759.81 and unreimbursed Capacitors Litigation Fund expenses of $1,044,152.27. The Court finds that these expenses were reasonably incurred in the ordinary course of prosecuting this Action and were necessarily incurred given the complex nature and nationwide scope of the Action. In accordance with Class Counsel's Settlement Class Notice Program, which seeks reimbursement of expenses up to $905,071.23, the Court awards reimbursement of out-of-pocket litigation expenses of $905,071.23.

5.	The Court finds that service awards in the amount of $500 each for the ten Class Representatives are fair and reasonable in light of the efforts they undertook on behalf of the Class, which included assisting Class Counsel, appearing for depositions and helping to respond to discovery. There is no indication of collusion or conflict between Class Counsel and the Class Representatives. The Court finds the service awards appropriate in the circumstances of this long-running Action.

6.	In summary, upon consideration of the Motion and accompanying declarations and all matters of record including the pleadings and papers filed in this Action, the Court finds that the attorneys' fees and expense requests are fair, reasonable, and appropriate, and that service awards of $500 each are reasonable and appropriate.

Accordingly, it is hereby **ORDERED** that:

1.	Class Counsel's attorneys' fees request in the amount of $7,737,500 (25% of the $30,950,000 Settlement Fund), including a proportional share of interest earned on the Settlement Fund for the same time period and at the same rate as that earned on the settlement funds until dispersed to Class Counsel, is approved.  However, only 75% of the $7,737,500 amount (*i.e.*, $5,803,125) is awarded to counsel at this time.  The remaining 25% (*i.e.*, $1,934,375) will be awarded by a further order of the Court, to be issued after counsel have filed the Post-Distribution Accounting required by the N.D. Cal. Procedural Guidance for Class Action Settlement.

2.	Class Counsel are awarded reimbursement of their out-of-pocket litigation expenses in the amount of $905,071.23.

3. Each of the ten Class Representatives is awarded $500 for their service in the Action for a total of $5,000.

4. The attorneys' fees and expenses will be allocated among Class Counsel by Lead Class Counsel in a manner that, in Lead Counsel's good-faith judgment, reflects each firm's contribution to the institution, prosecution, and resolution of the Action.

5. The Court finds there is no just reason for delay and enters this order on this date pursuant to Federal Rule of Civil Procedure Rule 54(b).

**IT IS SO ORDERED.**

Dated: July 17, 2020

JAMES DONATO
United States District Judge