1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: CAPACITORS ANTITRUST LITIGATION | Master File No. 3:17-md-02801-JD<br>Civil Action No. 3:14-cv-03264-JD |
|---|---|
| THIS DOCUMENT RELATES TO: THE DIRECT PURCHASER CLASS ACTION | [PROPOSED] ORDER APPOINTING SPECIAL MASTER MONICA IP |

To assist the Court in the fair and efficient resolution of the application of the Direct Purchaser Class's Counsel ("Class Counsel") for awards of attorneys' fees and costs related to the settlement agreements (the "Settlement Agreements") with defendants AVX Corporation; ELNA Co., Ltd. and ELNA America Inc.; Holy Stone Enterprise Co., Ltd., Milestone Global Technology, Inc. (D/B/A HolyStone International) and Vishay Polytech Co., Ltd.; KEMET Corporation and KEMET Electronics Corporation; Panasonic Corporation, Panasonic Corporation of North America, SANYO Electric Co., Ltd., and SANYO North America Corporation; Shinyei Kaisha, Shinyei Technology Co., Ltd., Shinyei Capacitor Co., Ltd. and Shinyei Corporation of America, Inc.; Shizuki Electric Co., Inc.; and Taitsu Corporation and Taitsu America, Inc., MDL ECF No. 1362, the Court will appoint an accounting special master.

Monica Ip, CPA/CFF, CVA, CMA, is nominated by the Class for this role. MDL ECF No. 1358. Ms. Ip was previously appointed by the Court on August 23, 2019, to review Class Counsel's request for fees and costs. MDL ECF No. 903. The Court also indicated in its order appointing Ms. Ip that "[s]ubsequent fees and costs requests may also be referred to Ms. Ip." *Id.* at 2. Ms. Ip previously issued a report and recommendation, MDL ECF No. 1019, which after review and consideration, the Court adopted in full. MDL ECF No. 1036. The Court previously indicated it would refer the review of fees and costs to Ms. Ip related to the settlements with KEMET and Shizuki defendants, MDL ECF No. 1101, which have now been merged with the other pending settlements here. MDL ECF No. 1340.

Class Counsel has filed Ms. Ip's declaration pursuant to Federal Rule of Civil Procedure 53(b)(3) on her behalf. MDL ECF No. 1358-1. The declaration discloses, as Ms. Ip had previously disclosed, *see* MDL ECF No. 903, that she and her accounting firm, Evidentia Consulting, LLP ("Evidentia"), did some work for the Class in this case, but Ms. Ip represents that "there are no current engagements with the Class, and Evidentia will do no further work on behalf of any party in this case." MDL ECF No. 1358-1 ¶ 7. Ms. Ip further states that she "was not privy to, nor did [she] receive, any information related to the receipts that are before me for review at this time." *Id.* ¶ 9.

No party has objected to Ms. Ip's appointment, and the Court sees nothing in the record to indicate that her ability to perform as a neutral and impartial special master is in any doubt. Consequently, the Court refers the Class's attorneys' fees and costs requests in connection with the

pending settlements, MDL ECF No. 1362, to Ms. Ip on the following terms. Subsequent fees and costs requests may also be referred to Ms. Ip.

1. Pursuant to Federal Rule of Civil Procedure 53(a)(1)(B)(ii), the Court appoints Monica Ip, CPA/CFF, CVA, CMA of Evidentia Consulting, LLP, as Special Master to assist the Court with accounting tasks in this matter. Ms. Ip is an experienced accountant who was recommended by Class Counsel, and has provided similar assistance in this litigation to the Court before. Ms. Ip is well suited to act effectively and fairly in service to the Court.

2. The Special Master will prepare a Report and Recommendations on Class Counsel's motion for attorneys' fees and reimbursement of expenses. MDL ECF No. 1362. The Special Master will review and audit the requests and related submissions to make sure the requests are (1) properly documented under general accounting standards, and (2) consistent with the reimbursement guidelines the Court ordered in Case No. 14-cv-3264-JD, ECF No. 319. The Special Master may engage in sampling as she feels is necessary and appropriate.

3. During the course of these proceedings, the Special Master and the parties will promptly advise the Court if they become aware of any potential grounds that would require her disqualification.

4. The Court believes that the appointment and use of the Special Master will materially advance the litigation in an efficient and cost-conscious manner. The Special Master will bill her time at her customary hourly rate to the Direct Purchaser Class (the "Class") and the Class will timely pay the Special Master's invoices as specified below. Ms. Ip has advised the Court that her customary hourly rate is $385, and her staff's hourly rate ranges between $115 to $155. MDL ECF No. 1358-1 ¶ 10. Ms. Ip will also invoice the Class for her out-of-pocket costs, if any.

5. The Special Master will send monthly invoices directly to the Class, who will pay the Special Master directly within 30 days of receipt of any invoice. On written request of any party or of the Special Master, the Court will review the fees incurred by the Special Master. The Court may adjust the basis and terms of the Special Master's compensation after giving notice and an opportunity to be heard. These provisions will protect against unreasonable expenses and delay as required by Rule 53(a)(3).

6. Pursuant to Rule 53(b)(2), the Court directs the Special Master to proceed with all reasonable diligence in performing her duties in this matter.

7. The Court leaves the specific work plan for this engagement in the capable hands of the Special Master. Subject to the Special Master's schedule, the Court requests the Report and Recommendations within 45 days of this order.

8. The Court anticipates that the Class will make the relevant briefing and documentation promptly available to the Special Master. Pursuant to Rule 53(c), the Special Master may request additional documentation from the Class as she sees fit. The Special Master will keep all non-public materials submitted to her strictly confidential, and she will put in place measures to ensure that her staff does the same. The Special Master may refer any special problems, questions, or requests for clarification to the Court at any time. The Special Master and the Court may communicate *ex parte* with each other at any time.

9. The Special Master will maintain orderly files consisting of all documents submitted to her by the parties and any of her written findings and/or recommendations. Pursuant to Rule 53(d)-(e), the Special Master will file and serve any written findings and/or recommendations through the Court's Electronic Case Filing (ECF) system. She may send her findings and/or recommendations to the Court's staff for filing on her behalf.

10. Pursuant to Rule 53(f), the Class will have 21 days following service to object to the Special Master's report, or any other written findings and/or recommendations made by the Special Master. The Court will then set a briefing and hearing schedule as necessary under Rule 53(f)(1). The Class will also submit any record necessary for the Court to review the Special Master's report and recommendations, including any documents submitted by the Class in connection with the Special Master's report and recommendations that are relevant to the objection.

//

//

//

//

Master File No. 3:17-md-02801-JD
Civil Action No. 3:14-cv-03264-JD

3

[PROPOSED] ORDER APPOINTING SPECIAL MASTER MONICA IP

11. Under Rule 53(f)(3), in the event of any objection, the Court will review de novo any findings of fact made or recommended by the Special Master, unless the Class stipulates otherwise.

**IT IS SO ORDERED.**

Dated: July 29, 2020

By: _____
HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE