Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Anupama K. Reddy (State Bar No. 324873)
Christopher K.L. Young (State Bar No. 318371)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           swilliams@saverilawfirm.com
           areddy@saverilawfirm.com
           cyoung@saverilawfirm.com

*Lead Counsel for the Direct Purchaser Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION | Master File No. 3:17-md-02801-JD |
| THIS DOCUMENT RELATES TO:<br>THE DIRECT PURCHASER CLASS ACTION | Case No. 3:14-cv-03264-JD |
| | **DECLARATION OF JOSEPH R. SAVERI IN FURTHER SUPPORT OF DIRECT PURCHASER CLASS'S MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENTS WITH DEFENDANTS AVX, ELNA, HOLY STONE, KEMET, PANASONIC, SHINYEI, SHIZUKI AND TAITSU** |
| | Date:       September 17, 2020<br>Time:       10:00 a.m.<br>Courtroom:  11, 19th Floor |

I, Joseph R. Saveri, declare as follows:

1. I am a member in good standing of the California bar and am the founder of the Joseph Saveri Law Firm, Inc., Lead Class Counsel for Direct Purchaser Class (the "Class"). I submit this Declaration in Further Support of Direct Purchaser Class's Motion for Final Approval of Proposed Settlements with Defendants AVX, ELNA, Holy Stone, KEMET, Panasonic, Shinyei, Shizuki and

Taitsu (the "Motion"). MDL ECF No.[1] 1360. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would testify competently to them. I make this declaration pursuant to 28 U.S.C. § 1746.

2. We have been informed by counsel for Settling Defendants that their clients have fulfilled their reporting obligations under the Class Action Fairness Act, 28 U.S.C. § 1715.

3. Pursuant to prior order of the Court, notice of the Round Four Settlements ("Settlements") has been given. The notice program is now complete.

4. Class members have already indicated their intent to participate in the Settlements, to file claims and to receive the benefits of the Settlements. Of the thousands of Class Members that stand to benefit from the Settlements, none have objected to final approval of the Settlements themselves.

5. Cisco Systems, Inc. ("Cisco") and Aptiv Services US, LLC fka Delphi Automotive LLP ("Aptiv"), have filed a document styled as an objection. MDL ECF No. 1386. It raises concerns regarding allocation of settlement proceeds from the Settlements. Cisco and Aptiv do not object to the Settlements themselves. They do not contend that the Settlements are not fair, reasonable and adequate. They take no issue with the substantial settlement consideration, the scope of the release or any material term of the Settlements themselves. Cisco and Aptiv raise concerns regarding the "Allocation Formula" for the distribution of Round Four settlement funds as it applies to them, i.e., Cisco and Aptiv have objected to allocation plan and not the Settlements themselves. *Id*. at 3, 6-7.

6. This very issue as related to the Round 2 settlements was the subject of the original referral to Special Master Bleich. ECF No. 2297. The Special Master conducted hearings and issued a Report and Recommendations (MDL ECF No. 821) and a Supplemental Report and Recommendations (MDL ECF No. 995). On July 15, 2020, the Court, following written submissions and a hearing, adopted the Reports and Recommendations. MDL ECF No. 1343. Letter briefs have been submitted to Special Master Bleich on the remaining issue of the valuation of Cisco and Aptiv's claims and are pending.

---

[1] "MDL ECF No. ___" citations are to 3:17-md-02801.

7. As indicated in their filing, Cisco and Aptiv have offered to stipulate to appointment of Special Master Bleich to serve as a master with respect to the Round 4 settlements. On September 3, 2020, Class Counsel wrote to counsel for Cisco and Aptiv, confirming the agreement to submit to Special Master Bleich the dispute regarding the distribution of Round Four settlement funds. Attached hereto as **Exhibit A** is a true and correct copy of my September 3, 2020, letter to counsel for Cisco and Aptiv. On September 8, 2020, the deadline for filing, counsel for Cisco and Aptiv sent Lead Class Counsel an email at 8:16 p.m., offering to "discuss a potential stipulation relating to the Round 4 Settlements."

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 8, 2020.

By:    /s/ *Joseph R. Saveri*
           Joseph R. Saveri

# EXHIBIT A

# JOSEPH SAVERI
## LAW FIRM

601 CALIFORNIA STREET
SUITE 1000
SAN FRANCISCO CA 94108

TEL 415.500.6800
FAX 415.395.9940

September 3, 2020

**Via Electronic Mail**

Daniel A. Sasse
Crowell & Moring
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505

Re:   *In re Capacitors Antitrust Litigation*, Case No. 3:17-md-02801-JD

Dear Mr. Sasse:

We have carefully reviewed Cisco and Aptiv's Objection to the Class's Settlements with AVX, ELNA, Holy Stone, KEMET, Panasonic, Shinyei, Shizuki and Taitsu ("Objection"). MDL ECF No. 1386. We appreciate your insights.

To be clear, Cisco and Aptiv were entitled to opt out of the proposed settlements and pursue their claims against the settling defendants. Cisco and Aptiv do not intend do so.

You have asked that we agree that disputes regarding the allocation of the Round 4 settlements be submitted to Special Master Bleich, subject to the procedures set forth in Rule 50. As for the proposed settlements, Cisco and Aptiv do not raise concerns or object to the settlement, including in particular, objections to the settlement consideration or the scope of the release. We understand Cisco and Aptiv's concerns to be limited to the proposed method for calculating allocation of the settlement funds to class members participating in the settlement.

In the interests of resolving these issues expeditiously and permitting settlement proceeds to be distributed to all class members—including Cisco and Aptiv—without delay, we would agree to such a process before Special Master Bleich. Since these issues have been extensively litigated, and we have received guidance from the Court and Special Master Bleich, we would anticipate that the issues can be resolved quickly without additional delay and expense.

September 3, 2020
Page 2

If you agree, we think it makes sense to so advise the Court and Special Master Bleich and clarify next steps without delay. In so doing, we would expect that the parties generally agree to the Rule 50 process, and all parties reserve their rights so provided.

Please let us know if you agree or would like to discuss this further.

Sincerely,

*/s/ Joseph R. Saveri*
Joseph R. Saveri
**JOSEPH SAVERI LAW FIRM, INC.**
*Lead Counsel for Direct Purchaser Class*


cc:   Sima Namiri-Kalantari