1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION | Master File No 3:17-md-02801-JD |
| THIS DOCUMENT RELATES TO: | Civil Action No. 3:14-cv-03264-JD |
| THE DIRECT PURCHASER CLASS ACTION | **[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANTS TAITSU CORPORATION AND TAITSU AMERICA, INC.** |

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement between Plaintiffs Chip-Tech, Ltd.; Dependable Component Supply Corp.; eIQ Energy, Inc.; and Walker Component Group, Inc. (together, the "Direct Purchaser Plaintiffs" or "Plaintiffs"), individually and on behalf the Direct Purchaser Class (the "Class"), on the one hand, and Taitsu Corporation and Taitsu America, Inc. (collectively, "Taitsu"), on the other, set forth in the Settlement Agreement dated February 28, 2020 (the "Settlement Agreement"). The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the settlement should be approved, and (2) that there is no just reason for delay of the entry of this Final Judgment approving the Settlement Agreement. Accordingly, the Court directs entry of Judgment, which shall constitute a final adjudication of this case on the merits as to Taitsu in accordance with the terms of the Settlement Agreement.

1    Good cause appearing therefore:

2    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

3       1.      The Court has jurisdiction over the subject matter of the Action and over all parties to

4    the Settlement Agreement, including all members of the Class.

5       2.      The Court incorporates in this Final Judgment the definitions of terms set forth in the

6    Settlement Agreement, MDL ECF No. 1300-2, Ex. G, as though they were fully set forth in this Final

7    Judgment, except that the Court incorporates the definition of "Class" as defined in its preliminary

8    approval order. MDL ECF No. 1340. As set forth in that order, the Class means:

9

10          All persons (including individuals, companies, or other entities) that
            purchased Capacitors (including through controlled subsidiaries, agents,
11          affiliates, or joint ventures) directly from any of the Defendants, their
            subsidiaries, agents, affiliates, or joint ventures from January 1, 2002 to
12          December 31, 2013 (the "Class Period"), and such persons are: (a) inside
            the United States and were billed or invoiced for capacitors by one or more
13          Defendants during the Class Period (*i.e.*, where capacitors were "billed to"
            persons within the United States); or (b) outside the United States and were
14          billed or invoiced for capacitors by one or more Defendants during the
            Class Period, where such capacitors were imported into the United States
15          by one or more Defendants (*i.e.*, where the capacitors were "billed to"
            persons outside the United States but "shipped to" persons within the
16          United States).

17          Excluded from the Class are: (1) Defendants (and their subsidiaries,
            agents, and affiliates); (2) shareholders holding more than 10% equity
18          interest in Defendants; (3) each member of the Class that timely requests
            exclusion by "opting out"; (4) governmental entities; and (5) the judges
19          and chambers staff in this case, including their immediate families.

20       3.      The Court finally approves and confirms the settlement set forth in the Settlement

21    Agreement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class

22    pursuant to Rule 23 of the Federal Rules of Civil Procedure.

23       4.      The persons/entities identified in the "Summary of Entities Requesting Exclusion from

24    Settlement with Taitsu," attached as **Exhibit A**, have validly requested exclusion from the Settlement

25    Class and, therefore, are excluded. Such persons and entities, and only such persons and entities, are

26    not included in or bound by this Final Judgment to the extent they have requested exclusion from the

27    settlement relating to Taitsu. Such persons and entities shall not receive any of the proceeds obtained

28

through the Settlement Agreement to the extent they have requested exclusion from the settlement relating to Taitsu.

5.      This action is dismissed with prejudice as against Taitsu, each side to bear its own costs and attorneys' fees except as provided by the Settlement Agreement and the Court's orders.

6.      All persons and entities who are Releasors are hereby barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against the Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement. MDL ECF No. 1300-2, Ex. G.

7.      The Releasors hereby and forever release and discharge the Releasees with respect to the Released Claims as defined in the Settlement Agreement. MDL ECF No. 1300-2, Ex. G.

8.      Without affecting the finality of the Court's judgment in any way, the Court retains continuing and exclusive jurisdiction over the settlement and the Settlement Agreement, including all future proceedings concerning the administration, interpretation, consummation, and enforcement of the Settlement Agreement.

9.      This document constitutes a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a).

10.     The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the Plaintiffs, the Class, and Taitsu in accordance with the terms of the Settlement Agreement. Accordingly, the Court directs the Clerk to enter Judgment forthwith.


IT IS SO ORDERED.


Dated:  _____


_____
HON. JAMES DONATO
United States District Judge

Master File No 3:17-md-02801-JD
Civil Action No. 3:14-cv-03264-JD              3

[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANTS
TAITSU CORPORATION AND TAITSU AMERICA, INC.

# EXHIBIT A

**Summary of Entities Requesting Exclusion from Settlement with Taitsu**

| Requesting Entity | Entity/Affiliate with Record of Transactions | Location |
|---|---|---|
| Dell Technologies, Inc. | Dell Computer Corporation | Round Rock, TX |
| | EMC Corporation | Hopkinton, MA |
| | Wyse Technology | Round Rock, TX |
| Microsoft Mobile/Nokia | Microsoft Mobile | Redmond, WA |
| | Nokia | Naperville, IL |
| | Nokia | San Diego, CA |