UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER ACTIONS | Master File No. 3:17-md-02801-JD<br><br>Civil Action No. 3:14-cv-03264-JD<br><br>**[PROPOSED]** ORDER GRANTING DIRECT PURCHASER CLASS'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENTS WITH DEFENDANTS AVX, ELNA, HOLY STONE, KEMET, PANASONIC, SHINYEI, SHIZUKI AND TAITSU |

The Direct Purchaser Class (the "Class") requests final approval of the class action settlements with AVX Corporation ("AVX"); ELNA Co., Ltd. and ELNA America Inc. (collectively, "ELNA"); Holy Stone Enterprise Co., Ltd., Milestone Global Technology, Inc. (D/B/A HolyStone International) and Vishay Polytech Co., Ltd. (collectively, "Holy Stone"); KEMET Corporation and KEMET Electronics Corporation (collectively, "KEMET"); Panasonic Corporation, Panasonic Corporation of North America, SANYO Electric Co., Ltd., and SANYO North America Corporation (collectively "Panasonic"); Shinyei Kaisha, Shinyei Technology Co., Ltd., Shinyei Capacitor Co., Ltd. and Shinyei Corporation of America, Inc. (collectively, "Shinyei"); Shizuki Electric Co., Inc. ("Shizuki"); and Taitsu Corporation and Taitsu America, Inc. (collectively "Taitsu") (AVX, ELNA, Holy Stone, KEMET, Panasonic, Shinyei, Shizuki, and Taitsu collectively, the "Settling Defendants"). MDL ECF

No. 1360. The Court finds that final approval is fair, reasonable and in the interest of the class and other settling parties, and so it is granted.

CONSEQUENTLY, IT IS ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action and over all parties to the Settlement Agreements, including all members of the Class.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreements. MDL ECF No. 1360.

3. In light of the Court's order dated November 14, 2018 (ECF No. 2231), certifying the Direct Purchaser Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court's order dated February 28, 2019 (ECF No. 2282) approving the Settlement Class's plan for notice of pendency of class action, the exclusion notices received during the opt-out period by the order, and the now proposed Settlements in this Action, the Settlement Class is defined as follows:

> All persons (including individuals, companies, or other entities) that purchased Capacitors (including through controlled subsidiaries, agents, affiliates or joint ventures) directly from any of the Defendants, their subsidiaries, agents, affiliates or joint ventures from January 1, 2002 to December 31, 2013 (the "Class Period"), and such persons are: (a) inside the United States and were billed or invoiced for capacitors by one or more Defendants during the Class Period (*i.e.*, where capacitors were "billed to" persons within the United States); or (b) outside the United States and were billed or invoiced for capacitors by one or more Defendants during the Class Period, where such capacitors were imported into the United States by one or more Defendants (*i.e.*, where the capacitors were "billed to" persons outside the United States but "shipped to" persons within the United States).
>
> Excluded from the Settlement Class are: (1) Defendants (and their subsidiaries, agents, and affiliates); (2) shareholders holding more than 10% equity interest in Defendants; (3) each member of the Settlement Class that timely requests exclusion by "opting out"; (4) governmental entities; and (5) the judges and chambers staff in this case, including their immediate families.

4. The persons or entities identified in the "Summary of Entities Requesting Exclusion," attached as **Exhibit A**, have validly requested exclusion from the Settlement Class and, therefore, are excluded, except that (1) Blackberry Ltd. requested to be excluded only with respect to the Settlements with ELNA, Holy Stone and Panasonic; (2) Hon Hai and its related entities requested to be excluded only with respect to the Settlement with Panasonic; and (3) Plexus Corp. and its related entities

requested to be excluded only with respect to the Settlements with ELNA and Panasonic. Such persons or entities, and only such persons or entities, are not included in or bound by this Order with respect to the Settling Defendants from whose settlements they have requested exclusion. Such persons or entities are not entitled to any recovery of the settlement proceeds obtained through the Settlement Agreements with respect to the Settling Defendants from whose settlements they have requested exclusion.

5. Also excluded from the Settlement Class are those that excluded themselves in accordance with the terms of the 2019 Notice of Certification of Class of Direct Purchasers of Capacitors.

6. Pursuant to Federal Rule of Civil Procedure 23(g), the Court has previously appointed the Joseph Saveri Law Firm, Inc. as Lead Class Counsel.

7. The Settlement Class was provided with notice consistent with the notice program approved by the Court in its July 10, 2020 order granting preliminary approval. MDL ECF Nos. 1340, 1340-1, 1340-2. This notice was the best notice practicable under the circumstances, and met the requirements of due process and satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure. There are no pending objections from any Settlement Class members.

9. The Court finds that the Settling Defendants have satisfied their obligations to provide notice under the Class Action Fairness Act, 28 U.S.C.A. § 1715.

10. Without affecting the finality of the Judgments, the Court retains continuing jurisdiction over: (a) the Settlements and Settlement Agreements, including all future proceedings concerning the administration, interpretation, consummation, and enforcement of the Settlement Agreements; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Lead Class Counsel for attorneys' fees, costs, expenses, interest, and incentive awards; (d) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and (e) all parties to the Action and Releasors for the purpose of enforcing and administering the Settlement Agreements and the mutual releases and other documents contemplated by, or executed in connection with the Settlement Agreements.

11. The Court finally approves and confirms the settlements set forth in the Settlement Agreements and finds that those settlements are fair, reasonable, and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

12. Disputes regarding the plan of allocation raised by Cisco Systems, Inc. and Aptiv Services US, LLC fka Delphi Automotive LLP will be resolved by reference to a special master if necessary. MDL ECF No. 1398.

13. The Court dismisses on the merits and with prejudice the Action in favor of Settling Defendants, with all parties to bear their own costs and attorneys' fees.

14. Settling Defendants are now and forever released and discharged with respect to the Released Claims as defined in the Settlement Agreements. MDL ECF No. 1360.

15. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgments of Dismissal with prejudice as to Settling Defendants ("Judgments") should be entered and further finds that there is no just reason for delay in the entry of the Judgments, as Final Judgments, in accordance with the terms of the Settlement Agreements.

**IT IS SO ORDERED**.

Dated:  November 6, 2020

_____
HON. JAMES DONATO
United States District Judge

# EXHIBIT A

## Summary of Entities Requesting Exclusion

**Entities Requesting Exclusion from the Round 4 Settlements:**

| Requesting Entity | Entity/Affiliate with Record of Transactions | Location |
| --- | --- | --- |
| Dell Inc. | Dell Computer Corporation | Round Rock, TX |
| | EMC Corporation | Hopkinton, MA |
| | Wyse Technology | Round Rock, TX |
| Microsoft Mobile, Inc.; Microsoft Mobile Oy; and Microsoft Corporation | Microsoft Mobile | Redmond, WA |
| | Nokia | Naperville, IL |
| | Nokia | San Diego, CA |

**Entities Requesting Partial Exclusion (ELNA):**

| | | |
| --- | --- | --- |
| Blackberry Ltd. | Blackberry Corporation | Pleasanton, CA |
| Plexus Corp. | Electronic Assembly Corporation | Neenah, WI |
| | Plexus Corporation | Neenah, WI |
| | Plexus | Nampa, ID |
| | Plexus Corp | Appleton, WI |
| | Plexus Corp | Neenah, WI |
| | Plexus Services Corp - N | Neenah, WI |
| | Plexus Int Sales & Logistics | Neenah, WI |

**Entities Requesting Partial Exclusion (Holy Stone):**

| | | |
| --- | --- | --- |
| Blackberry Ltd. | Blackberry Corporation | Pleasanton, CA |

**Entities Requesting Partial Exclusion (Panasonic):**

| | | |
| --- | --- | --- |
| Blackberry Ltd. | Blackberry Corporation | Pleasanton, CA |
| Hon Hai Precision Industry Co. Ltd; NSG Technology, Inc.; and Competition Team Ireland Limited | Hon Hai | Houston, TX |
| | NSG Technology / Foxconn | San Jose, CA |
| | Competition Team Ireland | San Jose, CA |
| Plexus Corp. | Electronic Assembly Corporation | Neenah, WI |
| | Plexus Corporation | Neenah, WI |
| | Plexus | Nampa, ID |
| | Plexus Corp | Appleton, WI |
| | Plexus Corp | Neenah, WI |
| | Plexus Services Corp - N | Neenah, WI |