1
2
3
4
5

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CAPACITORS ANTITRUST LITIGATION** | **MDL Case No. 17-md-02801-JD**<br>**Case No. 3:14-cv-03264-JD** |
| **This Document Relates to:**<br><br>**All Indirect Purchaser Actions** | **[~~PROPOSED~~] ORDER RE PRELIMINARY APPROVAL OF INDIRECT PURCHASER PLAINTIFFS' REVISED SETTLEMENTS WITH SHINYEI AND TAITSU DEFENDANTS** |

The Court denied the original motion of the Indirect Purchaser Plaintiffs (IPPs) for approval of a proposed class settlement with the Settling Defendants -- Shinyei Technology Co., Ltd. and Shinyei Capacitor Co., Ltd. (Shinyei), and Taitsu Corporation (Taitsu) -- over a variety of shortcomings.  *See* Case No. 14-cv-03264-JD, Dkt. No. 2787.  IPPs revised the proposed settlement and filed a renewed motion for preliminary approval, Dkt. No. 2812, and they have assured the Court that the revisions resolve all of the problems that sank the prior version.

After reviewing the revised submissions, the Court concludes that preliminary approval is warranted.  The Court has used the IPPs' proposed order, with some edits and modifications consistent with the Court's practices.

1.    This Order uses the definitions contained in the settlement agreements.

2.    The Court preliminarily approves the settlement agreements with the Settling Defendants.

3.    Pursuant to Federal Rule of Civil Procedure ("Rule") 23(b)(3), the Court certifies the following settlement classes for preliminary approval purposes:

> All persons and entities in the Indirect Purchaser States (as defined herein) who, during the period from January 1, 2002 to February 28, 2014, purchased one or more Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants; their parent companies, subsidiaries and Affiliates; any co-conspirators; Defendants' attorneys in this Action; federal government entities and instrumentalities, states and their subdivisions; all judges assigned to this Action; all jurors in this Action; and all Persons who directly purchased Capacitors from Defendants.
>
> "Indirect Purchaser States" means California, Florida, Michigan, Minnesota, Nebraska, and New York.

4.    The Court finds that the prerequisites to certifying settlement classes under Rule 23 are satisfied for settlement purposes in that: (a) there are thousands of geographically dispersed settlement class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the settlement classes which predominate over individual issues; (c) the claims or defenses of the class representatives are typical of the claims or defenses for the settlement classes; (d) IPPs will fairly and adequately protect the interests of the settlement classes and have retained counsel experienced in antitrust class action litigation

who have, and will continue to, adequately represent the settlement classes; and (e) resolution throughout class settlements is superior to individual settlements.

5.     The Court appoints the Class Representatives named in the Indirect Purchaser Plaintiffs' Fifth Consolidated Complaint (February 2, 2017) (ECF No. 1589) from California, Florida, Michigan, Minnesota, Nebraska, and New York as Representative Plaintiffs of the Settlement Classes.

6.     The Court appoints the law firm Cotchett, Pitre & McCarthy, LLP as Settlement Class Counsel.

7.     Settlement Class Counsel and their designees are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in the Settlement Agreements.

8.     All further Indirect Purchaser class proceedings as to the Settling Defendants are stayed except for any actions required to effectuate the Settlements.

9.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlements.

10.     Each member of the settlement classes shall retain all rights and causes of action with respect to claims against the remaining defendants other than the Settling Defendants regardless of whether such member of the settlement classes decides to remain in the settlement classes or to exclude itself from the settlement classes.

11.     The Court finds that the proposed plan of allocation, which will pay putative class members from the six relevant states on a *pro rata* basis based on qualifying purchases of capacitors is fair, reasonable, and adequate.  The Plan of Allocation does not unfairly favor any Class Member, or group of Class Members, to the detriment of others.

12.     In conjunction with the concurrently-filed Motion to Approve Class Notice Program, filed by the IPPs, the Court sets the following schedule for final approval purposes:

| Event | Time |
|---|---|
| Notice Program | Initiation of class notice program 14 days after order preliminarily approving settlements and approving IPPs' class notice program (Orders) |

| Event | Time |
|---|---|
| Motion for attorneys' fee and costs[1] | November 19, 2021 |
| Exclusion and Objection Deadline | February 18, 2022 |
| Deadline to Submit Claims | February 18, 2022 |
| Motion for Final Approval and Response to Objections (if any) | March 10, 2022 |
| Final Approval Hearing | March 24, 2022 at 10:00 a.m. |

**IT IS SO ORDERED.**

Dated: October 21, 2021

_____
JAMES DONATO
United States District Judge

---

[1] Class counsel failed to "include information about the fees they intend to request and their lodestar calculation in the motion for preliminary approval," as is required by the Northern District's Procedural Guidance for Class Action Settlements.  The settlement agreements do, however, appear to contemplate the payment of an "attorney fee and expense award that is allowed by the Court."  Dkt. No. 2812-3, Ex. 1 ¶ 22(d) & Ex. 2 ¶ 22(d).  The Court excuses the oversight in the interest of moving this litigation forward for the benefit of the settlement class, and adds a deadline for the filing of a motion for fees and costs.