# EXHIBIT 3

# DIRECT PURCHASER PLAINTIFFS' VERDICT FORM

We, the Jury in the above-entitled action, unanimously find as follows:

*Please answer the questions in the order presented. Each member of the jury should*

*agree in order to answer the question.*

1.     Did the following Defendants, in combination with their alleged co-conspirators:

(AVX Corp.; ELNA Co. Ltd., ELNA America Inc.; Hitachi Chemical Co., Hitachi AIC

Inc., Hitachi Chemical Co. America Ltd.; Holy Stone Enterprise Co., Ltd., Milestone

Global Technology, Inc., Vishay Polytech Co., Ltd.; Fujitsu Ltd.; KEMET Corp.,

KEMET Electronics Corp.; NEC TOKIN Corp., NEC TOKIN America Inc.; Nichicon

Corp., Nichicon (America) Corp.; Nitsuko Electric Corp.; Nissei Electric Co., Ltd.;

Okaya Electric Industries Co. Ltd., Okaya Electric America Inc.; Panasonic Corp.,

Panasonic Corp. N. America, SANYO Electric Co., SANYO N. America Corp., ROHM

Co. Ltd., ROHM Semiconductor U.S.A. LLC, Rubycon Corp., Rubycon America Inc.,

Soshin Electric Co. Ltd., Soshin Electronics of America Inc., Shizuki Electric Co. Inc.;

Taitsu Corp., Taitsu America Inc.; TOSHIN KOGYO Co. Ltd.; Shinyei Kaisha; Shinyei

Technology Co., Ltd.; Shinyei Capacitor Co., Ltd. Shinyei Corp. of America) voluntarily

or intentionally participate in a conspiracy, agreement or understanding to set, raise,

maintain, or stabilize prices of capacitors? (Check YES or NO with respect to each

Defendant.)


Nippon Chemi-Con Corp.                          YES____     NO____

United Chemi-Con Inc.                            YES____     NO____

MATSUO Electric Co., Ltd.                        YES____     NO____

*If you answered "YES" to any of the above, proceed to Question 2. If you did not answer "YES" with respect to any of the above, do not answer any further questions and have the foreperson sign and date this form.*

2.     Do you find by the preponderance of the evidence that the Direct Purchaser Plaintiffs paid more for aluminum, film and tantalum capacitors as a result of Defendants' conspiracy, agreement or understanding?

                                                          YES_____     NO_____

*If you answered "YES," proceed to Question 3. If you answered "NO," stop here, do not answer any further questions, and have the foreperson sign and date this form.*

3.     What amount of damages did the Direct Purchaser Plaintiffs suffer as a result of the conspiracy?

                                     $_____

                                          (*Fill in dollar amount in U.S. Currency*).

*Please ensure that you have complied with the instructions in this form and answered all questions that these instructions directed you to complete. Then please have the foreperson sign and date this form below. After signing the form, please notify the Courtroom Deputy that a verdict has been reached.*

Date: _____, 2021                    Foreperson of the Jury


_____

# DEFENDANTS' VERDICT FORM

In answering the following questions and completing this Verdict Form, you are to follow all instructions given in the Court's Final Jury Instructions.  Your answers to each question must be **unanimous**.  Some of the questions contain legal terms that are defined and explained in detail in the Final Jury Instructions.  You should refer to and consider the Final Jury Instructions as you answer the questions in this Verdict Form.

The following terms have the following meanings:

- "AVX" refers to AVX Corp.

- "ELNA" refers to ELNA Co. Ltd. and ELNA America Inc.

- "Fujitsu" refers to Fujitsu Limited.

- "Hitachi" refers to Hitachi Chemical Co, Ltd., Hitachi AIC Inc., and Hitachi Chemical Co. America, Ltd.

- "Holy Stone Enterprise" refers to Holy Stone Enterprise Co., Ltd.

- "Holy Stone International" refers to Milestone Global Technology, Inc.

- "KEMET" refers to KEMET Corp.

- "Matsuo" refers to Matsuo Electric Co., Ltd.

-  "NEC TOKIN" refers to NEC TOKIN Corp. and NEC TOKIN America, Inc.

- "NCC" refers to Nippon Chemi-Con Corp.

- "Nichicon" refers to Nichicon Corporation and Nichicon (America) Corporation.

- "Nissei" refers to Nissei Electric Co.

- "Nitsuko" refers to Nitsuko Electronics Corporation.

- "Okaya" refers to Okaya Electric Industries Co., Ltd. and Okaya Electric America, Inc.

- "Panasonic" refers to Panasonic Corporation, Panasonic Corporation of North America and SANYO Electric Co., Ltd.

- "ROHM" refers to ROHM Co., Ltd. and ROHM Semiconductor USA, Inc.

- "Rubycon" refers to Rubycon Corp. and Rubycon America.

- "Shinyei" refers to Shinyei Kaisha, Shinyei Technology Co., Ltd., Shinyei Capacitor Co., Ltd. and Shinyei Corp. of America.

- "Shizuki" refers to Shizuki Electric Co. Inc.

- "Soshin" refers to Soshin Electric Co., Ltd. and Soshin Electronics of America, Inc.

- "Taitsu" refers to Taitsu Corp. and Taitsu America, Inc.

- "Toshin Kogyo" refers to Toshin Kogyo Co. Ltd.

- "UCC" refers to United Chemi-Con Inc.

- "Vishay" refers to Vishay Polytech Co., Ltd.


We, the jury, unanimously find the following Special Verdict on the questions submitted to us:

> *Please answer the questions in the order presented. Each member of the jury should agree in order to answer the question.*


**Question 1**:  Did Plaintiffs meet their burden to prove the existence of "an overarching scheme [or conspiracy] to control and set the prices of their aluminum, tantalum and film capacitors sold to United States purchasers and purchasers worldwide" from January 1, 2002 until December 31, 2013 (as used herein, "the alleged Conspiracy")?

YES _____    NO _____

*If you answer "YES," proceed to Question 2. If you answer "NO," do not answer any further questions, and have the foreperson sign and date this form.*

**Question 2**:  Did Plaintiffs meet their burden to prove that any of the following companies knowingly participated in the alleged Conspiracy?

*Check YES or NO with respect to each company.*

AVX

YES _____          NO _____

ELNA

YES _____          NO _____

Fujitsu

YES _____          NO _____

Hitachi

YES _____          NO _____

Holy Stone Enterprise

YES _____          NO _____

Holy Stone International

YES _____          NO _____

KEMET

YES _____          NO _____

Matsuo

YES _____          NO _____

NCC

YES _____          NO _____

NEC TOKIN

YES _____          NO _____

Nichicon

YES _____          NO _____

Nissei

YES _____          NO _____

Nitsuko

YES _____          NO _____

Okaya

YES _____          NO _____

Panasonic

YES _____          NO _____

ROHM

YES _____          NO _____

Rubycon

YES _____          NO _____

Shinyei

YES _____          NO _____

Shizuki

YES _____          NO _____

Soshin

YES _____          NO _____

4

Taitsu

                 YES _____                 NO _____

Toshin Kogyo

                 YES _____                 NO _____

UCC

                 YES _____                 NO _____

Vishay

                 YES _____                 NO _____

*If you answer "YES" for one or more companies, proceed to Question 3 and answer the remaining questions for those companies only. If you answer "NO" for all companies, do not answer any further questions, and have the foreperson sign and date this form.*

**Question 3**:  Did Plaintiffs meet their burden to prove that any of the following companies intended the alleged Conspiracy to have a direct, substantial, and reasonably foreseeable effect on aluminum, tantalum, and film capacitors sold in the United States, and that it did in fact have such a direct, substantial effect?

*Check YES or NO with respect to each company.*

AVX

                 YES _____                 NO _____

ELNA

                 YES _____                 NO _____

Fujitsu

        YES _____        NO _____

Hitachi

        YES _____        NO _____

Holy Stone Enterprise

        YES _____        NO _____

Holy Stone International

        YES _____        NO _____

KEMET

        YES _____        NO _____

Matsuo

        YES _____        NO _____

NCC

        YES _____        NO _____

NEC TOKIN

        YES _____        NO _____

Nichicon

        YES _____        NO _____

Nissei

        YES _____        NO _____

Nitsuko

        YES _____        NO _____

Okaya

YES _____          NO _____

Panasonic

YES _____          NO _____

ROHM

YES _____          NO _____

Rubycon

YES _____          NO _____

Shinyei

YES _____          NO _____

Shizuki

YES _____          NO _____

Soshin

YES _____          NO _____

Taitsu

YES _____          NO _____

Toshin Kogyo

YES _____          NO _____

UCC

YES _____          NO _____

Vishay

YES _____          NO _____

*If you answer "YES" for one or more companies, proceed to Question 4 and answer*

*the remaining questions for those companies only. If you answer "NO" for all*

7

*companies, do not answer any further questions, and have the foreperson sign and date this form.*

**Question 4**:  Did Plaintiffs meet their burden to prove that all or nearly all class members paid higher prices than they otherwise would have paid for aluminum, tantalum, and film capacitors in the United States as a result of the alleged Conspiracy?

YES _____   NO _____

> *If you answer "YES," proceed to Question 5. If you answer "NO," do not answer any further questions, and have the foreperson sign and date this form.*

**Question 5**:  Did Plaintiffs meet their burden to provide a reasonable, reliable and non-speculative basis to determine the amount of damages, if any, that were caused to each class member by the alleged Conspiracy?

YES _____   NO _____

> *If you answer "YES," proceed to Question 6. If you answer "NO," do not answer any further questions, and have the foreperson sign and date this form.*

**Question 6**:  What amount of damages, if any, were caused to class members by the alleged Conspiracy for the time period July 18, 2010 to December 31, 2013?

$_____

> (*Fill in dollar amount in U.S. Currency*).

*Please ensure that you have complied with the instructions in this form and answered all questions that these instructions directed you to complete. Then please have the foreperson sign and date this form below. After signing the form, please notify the Courtroom Deputy that a verdict has been reached.*

Date: _____, 2021                        Foreperson of the Jury


                                               _____

# DIRECT PURCHASER PLAINTIFFS' STATEMENT IN SUPPORT OF PROPOSED VERDICT FORM

### DPPS' STATEMENT IN SUPPORT OF THEIR PROPOSED VERDICT FORM

Direct Purchaser Plaintiffs' proposed verdict form directly poses to the jury "questions […] reasonably capable of an interpretation that would allow the jury to address all factual issues essential to judgment." *Jules Jordan Video, Inc. v. 144942 Canada Inc*., 617 F.3d 1146, 1160 (9th Cir. 2010). As to liability, the form asks did each Defendant join a conspiracy and were the Direct Purchaser Plaintiffs injured as a result of that conspiracy. *United States v. Socony Vacuum Oil*, 310 U.S. 150, 224-26 n.59 (1940); *Copperweld Corp v. Indep. Tube Corp*., 467 U.S. 752, 760 (1984); *American Ad Mgmt. v. GTE Corp*., 92 F.3d 781 788 (9th Cir. 1996). These questions address factual disputes the jury must decide. *See* Disputed Instr. No. 21 Re Overview of Antitrust Claims Offered by DPPs. If the jury answers "yes" to these questions, the jury will then "determine the amount of damages" for the DPPs. Stip. Instr. No. 39 Re Damages—Introduction and Purpose.

In contrast, Defendants' proposed form contains confusing extraneous questions which invite error and misstate the applicable legal standard. Defendants' Questions 1 and 2 unnecessarily split the questions of conspiracy and participation in the conspiracy. Given the number of guilty pleas and admission of the ACPERA applicant, it is clear there was a conspiracy. The jury should focus on who joined the conspiracy in its findings. Defendants' proposed form further attempts to minimize the conspiracy by referring to defendants as "companies." But Defendants are defendants in this lawsuit—the jury should be so told.

Defendants' Question 1 contains further errors. It asks whether DPPs have proven a "single overarching" conspiracy. This misstates the law—DPPs only need to prove *a* conspiracy, as the Sherman Act requires. 15 U.S.C. § 1. Further, this question confusingly misidentifies the conduct and products at issue. *See* DPPs' Argument re Disp. Instr. No. 21 (Overview of the Antitrust Claims); DPPs' Argument re Disp. Instr. No. 4 (Identification of the Parties and Claims and Defenses). Question 1 also improperly suggests the jury can only find for DPPs if the conspiracy lasted the entire period from January 1, 2002 to December 31, 2013. The jury can still find for DPPs if it were to find the conspiracy was shorter in duration.

Defendants' Question 3 is a wholly unnecessary question. It concerns import commerce effects under the FTAIA. This is a legal issue already determined by the Court—the class here encompasses only capacitors billed to or shipped to the United States. *See* ECF No. 2282. The Court has conclusively determined that capacitors billed to or shipped to the United States are within the import exception of the FTAIA. The Court did not need to determine whether additional sales could satisfy the domestic effects exception for that reason. ECF No. 1302 at 8; *see also* DPPs' Argument re Disp. Instr. No. 29B (Import Commerce—Intent; Substantial Effect). As this case only involves import commerce, it would be legal error to ask the jury in addition whether the FTAIA's "direct and substantial effects test" was met. Moreover, the question needlessly repeats the litany of each Defendant, including American Defendants.

Defendants' Question 4 repeats Question 1's error by incorrectly describing the product at issue. It further improperly asks the jury to make findings concerning "all or nearly all" class members. *See* DPPs' Argument re Disp. Instr. No. 35 (Causation and Injury).

Defendants' Questions 5 and 6 unnecessarily divide the jury's findings concerning damages into two parts. There is no need for the jury to make a separate finding on whether the damages were proven on a "reasonable, reliable, and non-speculative basis." The Court is instructing the jury on this point and it is presumed to follow the Court's instructions. *Weeks v. Angelone*, 528 U.S. 225, 234 (2000). This language will confuse the jury. The questions also overstate DPPs' burden, as settled law holds that damages need not be proven with precision—a fact the Questions omit. *See* DPPs' Argument re Disp. Instr. No. 40 (Basis for Calculating Damages). Question 5 goes too far—damages do not need to be proven to "each class member." *See* DPPs' Argument re Disp. Instr. No. 35 (Causation and Injury).

Question 6 improperly suggests DPPs can only recover for the period between July 18, 2010 to December 31, 2013. As DPPs have briefed and will prove at trial, exceptions to the statute of limitations apply. Once the jury makes the determination that one of the exceptions apply, it can award damages for DPPs' injuries predating July 18, 2010. *See* DPPs Argument re Disputed Instr. No. 38 (Fraudulent Concealment). If the jury finds DPPs have not proved an exception, it can adjust damages accordingly. But the verdict form should not imply it is an all or nothing proposition

# DEFENDANTS'
# ARGUMENT REGARDING DPPS'
# PROPOSED VERDICT FORM

**Defendants' Argument re DPP's Proposed Verdict Form**

Plaintiffs' Proposed verdict form is prejudicial, confusing, and misleading under the law.

**Question No. 1:**  Plaintiffs' list of the settled Defendants is unnecessary and prejudicial, as it wrongly suggests to the jury that the Settling Defendants' alleged participation is presumed, and misleads the jury to believe that they need not determine the participation of each alleged conspirator in the alleged conspiracy.  Plaintiffs also improperly group together certain Defendants that are separate corporate entities, seeking to avoid their burden to prove that each separate entity joined the conspiracy.  Because Plaintiffs seek damages under joint and several liability, the law requires the jury to determine whether each alleged conspirator, including each Active Defendant and each Settling Defendant, participated in the alleged conspiracy.

Furthermore, Plaintiffs drastically alter their description of the alleged conspiracy. Plaintiffs' Third Amended Complaint alleges that Defendants "*conspired by directly and indirectly communicating with each other to implement and effectuate an overarching scheme to control and set the prices of their aluminum, tantalum and film capacitors sold to United States purchasers and purchasers worldwide*" from January 1, 2002, to December 31, 2013.  Now, Plaintiffs abandon that description and instead present the jury with the vague notion that Defendants "*voluntarily or intentionally participate[d] in a conspiracy, agreement or understanding to set, raise, maintain, or stabilize prices of capacitors.*"

Plaintiffs' radically different description of the conspiracy appears calculated to relieve them of their burden to prove the antitrust conspiracy they have alleged.  First, it misrepresents the elements of their claims, such as omitting the requirement that Defendants *knowingly* participated in the alleged conspiracy.  *See Kendall v. Visa U.S.A. Inc.*, 04-cv-04276-JSW, 2005 WL 2216941, at *2 (N.D. Cal. July 25, 2005).  Second, it omits a time period, implicitly

relieving Plaintiffs of the burden to prove "an overarching scheme" that purportedly persisted from January 1, 2002 to December 31, 2013, which underlies their damages claim.  Third, it omits reference to the "United States," misleading the jury into believing that a conspiracy wholly disconnected from the United States somehow violates the Sherman Act.  Finally, it omits reference to the three specific types of capacitors that define the scope of Plaintiffs' class. Plaintiffs would mislead the jury into believing that they need only find some sort of conspiracy to fix any price of any type of capacitor at any time anywhere in the world.  This is not their case, nor is it the law.

**Question Nos. 2 and 3:**  Plaintiffs similarly seek to shirk their burden to prove class-wide injury and damages.  Plaintiffs' generic questions contain no factual connection to this specific case whatsoever, much less address their burden to (i) prove that *all or nearly all* class members paid higher prices for aluminum, tantalum, and film capacitors in the United States than they otherwise would have absent the alleged conspiracy,[1] and (ii) prove such damages through reliable, non-speculative evidence.[2]

**Defendants' Proposed Verdict Form:**  Defendants' Proposed Verdict Form, on the other hand, properly incorporates the elements Plaintiffs have the burden to establish under the Sherman Act and the FTAIA—for the relevant time period, as to the three relevant products, and as to each correctly defined Defendant—and ensures the jury reaches the necessary findings before rendering a decision on class-wide impact and damages.

---

[1] *See In re Pre-Filled Propane Antitrust Litig.*, MDL No. 2567, No. 14-02567-MD-W-GAF, ECF No. 607 at 12 (W.D. Mo. Nov. 9, 2021) (requiring putative class plaintiffs to demonstrate that "all or nearly all of Defendants' thousands of retail customers" were overcharged).

[2] *See Wolfe v. Nat'l Lead Co.*, 225 F.2d 427, 432–33 (9th Cir. 1955) (finding "no proof that appellants sustained any injury as a result of appellees' conduct or alleged conduct" because "there [was] no evidence that prices were fixed at a higher level than would have been the competitive price, in the absence of price fixing, and that they were damaged by paying the higher prices"); *Jarvis v. K2 Inc.*, 486 F.3d 526, 534 (9th Cir. 2007) (noting that "excessively speculative claims of damages are to be rejected").