# Exhibit A

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Anupama K. Reddy (State Bar No. 324873)
Christopher K.L. Young (State Bar No. 318371)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          swilliams@saverilawfirm.com
          areddy@saverilawfirm.com
          cyoung@saverilawfirm.com

*Lead Counsel for the Direct Purchaser Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO THE DIRECT PURCHASER CLASS ACTION | MDL Case No. 3:17-md-02801-JD<br>Case File No. 3:14-cv-03264-JD<br><br>**MOTION TO STRIKE TESTIMONY OF DR. LAILA HAIDER**<br><br>Date:         November 29, 2021<br>Time:         9:00 a.m.<br>Courtroom:  11, 19th Floor<br>Judge:        Hon. James Donato |

The Direct Purchaser Class (the "Class") file this motion to strike the improper and previously undisclosed expert testimony offered by Dr. Laila Haider and to instruct the jury that they must disregard her testimony.

## I.   INTRODUCTION

The Federal Rules of Civil Procedure provide that: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Civ. P. 26(a)(2)(B)(i) (an expert witness must disclose "a complete statement of all opinions the witness will express and the basis and reasons for them."). Defendants intentionally violated Rule 26 by allowing Dr. Haider to testify during her direct examination to an economic analysis that she never previously disclosed. In other words, Dr. Haider's improper undisclosed testimony that her calculation of damages was $66 million was not an inadvertent statement made during a heated cross-examination. It was a calculated attempt to sandbag Plaintiffs by offering an alternative damage calculation to the jury. This Court should not allow Defendants' blatant violation of the rules and should strike the testimony of Dr. Haider in its entirety or, at a minimum, strike the testimony regarding her alternative damages calculation and immediately provide a thorough curative instruction to the jury.

## II.   ARGUMENT

Dr. Haider was retained by the Defendants to offer general criticism of the overcharge regression analyses of Drs. McClave and Singer, as well as Dr. McClave's customer-specific impact regression model. Expert report of Dr. Laila Haider (February 22, 2019), ¶4.  At no time did Dr. Haider ever indicate that she would prepare an alternative damages calculation. *See* Declaration of Joseph R. Saveri, Ex. A (excerpts of May 9, 2019 Deposition of Dr. Laila Haider) ("Haider Dep."). This was not in her expert report, this was not disclosed in any of her errata submissions, and this was never disclosed during her two days of deposition testimony in which she specifically disclaimed having any additional opinions after reviewing Dr. McClave's and Dr. Singer's expert reports, other than in her written Rule 26 disclosures. In particular, during her deposition Dr. Haider was explicitly asked if she

would provide a damage analysis. She could not have provided clearer testimony regarding her testimony:

> Q: And, in fact, you were not asked to perform your own overcharge analysis in this case, right?
>
> \*\*\*
>
> A: An independent analysis of my own, no, I was not asked to perform that.
>
> Q: So you are not in a position to give an opinion as to what you believe were the overcharges caused by the capacitors cartel?
>
> \* \* \*
>
> A: I – that is not my role here. . . .

Haider Dep. at 418:2-14; *see also id*. at 375:15-24; 417:18-25.

At the outset of her trial testimony, Dr. Haider reaffirmed that her assignment was "to evaluate and test Dr. McClave's methodology and conclusions" and to "evaluate Dr. Singer's methodology." *See* Trial Tr., Vol. 8, 1345:19-25. From that point, Dr. Haider launched into a narrative presentation only occasionally punctuated by cues from defense counsel. At one point Dr. Haider turned the concept of "question and answer" on its head, prodding defense counsel that he had "skipped over a previous slide." Trial Tr., Vol. 8, 1370:8-10. Twice, the Court admonished defense counsel that Dr. Haider's examination should be "less essay-like" and "not a speech." *See* Trial Tr., Vol. 8, 1388:15-19; 1390:8-12.

Notwithstanding Dr. Haider's prior disclosures, prior deposition testimony and stated assignment, during the final minutes of her narrative trial testimony, she was asked if she had "gone through the exercise of calculating what the damages would be if you just took the years in which there was a positive overcharge." *See* Trial Tr., Vol. 8, 1383:21-24. Dr. Haider responded "Yes. I – I did look at that" and that she calculated that the damages "would account for about 66 million roughly." *Id*. at 1383:25-1384:4. Plaintiffs promptly objected that this testimony was completely outside the scope of Dr. Haider's reports and testimony. Defendants did not offer any citation to Dr. Haider's expert reports to support her testimony. Nor could they. This "calculation" is unambiguously outside the scope of her stated assignment and prior Rule 26 disclosures. It was never previously disclosed. The Court neither

sustained nor overruled Plaintiffs' objection, but instead simply stated "well, let's keep going." *Id*. at 1383:7.

The damage done by this undisclosed testimony cannot be glossed over. At a *minimum*, the failure of Defendants to disclose that Dr. Haider would offer this damages calculation deprived Plaintiffs of an opportunity to address this critique during Dr. McClave's testimony. *See Samsung Elec. Co., Ltd. v. NVIDIA Corp.*, 314 F.R.D. 190, 201 (E.D. Va. 2016) (noting that failure to make timely expert disclosures "would constitute significant prejudice").

It is imperative that the Court strike Dr. Haider's improper testimony. *See Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001) (exclusion under Rule 37(c)(1) in intended to "give[ ] teeth to [Rule 26] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed"). While a court excluding evidence under Rule 37 need not find bad faith or willfulness, the court may impose this sanction even when doing so would cause a litigant's entire cause of action or defense to be essentially precluded. *Id.* This Court should also immediately give the jury a curative instruction that is sufficient to "neutralize the harm" caused by Dr. Haider's testimony. *See United States v. Kerr,* 981 F.2d 1050, 1054 (9th Cir. 1992) ("A trial judge should be alert to deviations from proper argument and take prompt corrective action as appropriate."); *see also United States v. Barrett*, 703 F.2d 1076, 1084 n.14 (9th Cir. 1983) ("the trial court gave the jury a curative instruction immediately after [the expert witness'] improper testimony was made.").

### III.   CONCLUSION

The law is clear and unambiguous, under Rule 37 (c)(1) "[e]xcluding expert evidence as a sanction for failure to disclose expert witnesses in a timely fashion is automatic and mandatory unless the party can show the violation is either justified or harmless." *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1064 (C.D. Cal. 2010) (*quoting Carson Harbor Village, Ltd. v. Unocal Corp*., No. 96–cv–3281–MMM, 2003 WL 22038700, at *2 (C.D.Cal. Aug. 8, 2003)). Defendants and Dr. Haider have intentionally violated the provisions of Rule 26, and their misconduct was nether justified nor harmless. As set out above, Dr. Haider's inappropriate testimony should be stricken and the jury should be given a curative instruction without delay.

1
2  Dated: December 10, 2021                     Respectfully Submitted,
3                                               By:     /s/ Joseph R. Saveri
4                                                       Joseph R. Saveri

5   Joseph R. Saveri (State Bar No. 130064)
    Steven N. Williams (State Bar No. 175489)
6   Anupama K. Reddy (State Bar No. 324873)
    Christopher K.L. Young (State Bar No. 318371)
7   **JOSEPH SAVERI LAW FIRM, LLP**
    601 California Street, Suite 1000
8   San Francisco, California 94108
    Telephone:     (415) 500-6800
9   Facsimile:     (415) 395-9940

10  *Lead Counsel for the Direct Purchaser Class*

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Christopher K.L. Young (State Bar No. 318371)
Anupama K. Reddy (State Bar No. 324873)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           swilliams@saverilawfirm.com
           cyoung@saverilawfirm.com
           areddy@saverilawfirm.com

*Lead Counsel for the Direct Purchaser Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE CAPACITORS ANTITRUST LITIGATION | Master File No. 3:17-md-02801-JD<br>Case No. 3:14-cv-03264-JD |
|---|---|
| THIS DOCUMENT RELATES TO THE DIRECT PURCHASER CLASS ACTIONS | **DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF MOTION TO STRIKE TESTIMONY OF DR. LAILA HAIDER** |

1  I make this declaration in support of Plaintiffs' Motion to Strike Testimony of Dr. Laila Haider. The statements set forth herein of are my own first-hand knowledge, and if called upon to testify thereto I could do so competently. I make this declaration pursuant to 28 U.S.C. § 1746.

1. Attached hereto as Exhibit A are true and correct excerpts from the deposition of Dr. Laila Haider dated May 9, 2019.

Dated: December 10, 2021                           /s/ Joseph R. Saveri
                                                   Joseph R. Saveri

# Exhibit A

```
1              HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

2                     UNITED STATES DISTRICT COURT

3                    NORTHERN DISTRICT OF CALIFORNIA

4                        SAN FRANCISCO DIVISION

5       - - - - - - - - - - - - - - - - x
                                         :
6       IN RE: CAPACITORS ANTITRUST      :
        LITIGATION                       : Case No. 17-md-02801-JD
7       _____   :
                                         :
8       This document relates to:        :
                                         :
9       The AASI Beneficiaries' Trust,   :
        by and Through Kenneth A. Welt,  :
10      Liquidating Trustee v. AVX       :
        Corp., et al.,                   :
11      Case No. 3:17-cv-03472           :
                                         :
12      Avnet, Inc. v. Hitachi Chemical  :
        Co., Ltd., et al.                :
13      Case No. 17-cv-7046-JD           :
                                         :
14      Benchmark Electronics, Inc.      :
        et al. v. AVX Corp., et al.      :
15      Case No. 17-cv-7047-JD           :
                                         :
16      - - - - - - - - - - - - - - - - x

17

18              DEPOSITION OF DR. LAILA HAIDER

19                         VOLUME II

20                     Washington, D.C.

21                       May 9, 2019

22

23      Reported by:
        Misty Klapper, RMR, CRR
24      Job No.: 270015

25
```

U.S. LEGAL SUPPORT
(877) 479-2484

1    HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
2
3
              May 9, 2019
4              9:05 a.m.
5
6
7   Held at the offices of:
8        WINSTON & STRAWN LLP
         1700 K Street, N.W.
9        Washington, D.C. 20006
         (202) 282-5000
10
11
12
13
14
15
16
17
18
19
20      Taken pursuant to notice, before Misty Klapper,
21   Registered Professional Reporter, Certified Realtime
22   Reporter, and Notary Public in and for the District of
23   Columbia.
24
25

```
1         HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
2                      P R O C E E D I N G S
3    Whereupon:
4                         LAILA HAIDER,
5        was called for further examination, and, after
6        being duly sworn, was further examined and
7        further testified as follows:
8            CONTINUING EXAMINATION BY COUNSEL
9             FOR DIRECT PURCHASER PLAINTIFFS
10                       BY MR. WILLIAMS:
11            Q.    Good morning, Dr. Haider.  Are
12       you ready to go?
13            A.    I am.
14            Q.    Okay.  Could you give me an
15       estimate over the last 12 months of how much
16       of your time at Edgeworth has been spent on
17       either Lithium batteries, Packaged Seafood or
18       this case?
19                  MR. DALSANTO:  Object to form.
20                  THE WITNESS:  Over the last 12
21       months.  I'll take a second to try to give you
22       an estimate.
23                  BY MR. WILLIAMS:
24            Q.    If you don't, that's too long to
25       remember something like that.  Tell me a major
```

```
 1        HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
 2     correct, not incorrect.  So my question,
 3     again, is:
 4              Can you explain to us how it
 5     came to be that the only antitrust cases you
 6     have ever appeared as an expert in involved
 7     admitted felons?
 8              MR. DALSANTO:  Object to form.
 9              THE WITNESS:  I don't have an
10     answer in terms of how it came to be.  I was
11     contacted to -- to provide expert work and
12     expert testimony, and -- and that's why I'm
13     here today.
14              BY MR. WILLIAMS:
15         Q.   Do you have any sense of the
16     magnitude of exposure that the defendants in
17     this case face if they're found liable?
18              MR. DALSANTO:  Object to form.
19              THE WITNESS:  Obviously, I've
20     looked at the experts' reports and there are
21     damages figures included in them.  I would
22     need to look back at them to see what they
23     are.  They're the reports from the DAP expert
24     and the DPP expert.
25
```

1       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
2       and aluminum capacitor sales.  I don't have
3       any place to point to to -- what certain
4       capacitors means in the plea agreements.
5                   BY MR. TURKEN:
6           Q.    Okay.  So nowhere in your report
7       do you identify any capacitors that you
8       believe were not part of the guilty plea,
9       correct?
10                  MR. VAN DER WEELE:  Object to
11      form.
12                  THE WITNESS:  That was not my
13      role.  My role here is as explicitly stated in
14      paragraph 4.  So I do not identify based on
15      some affirmative analysis what those
16      capacitors are.
17                  BY MR. TURKEN:
18          Q.    Now, you also said yesterday on
19      a number of occasions and again this morning
20      that you did not put forward your own model in
21      this case, right?
22          A.    That's correct.  Again, it was
23      not my role to put forward my own model.  I
24      was asked to assess the methodologies that
25      were put forward.

1          HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
2                 Q.   And, in fact, you were not asked
3          to perform your own overcharge analysis in
4          this case, right?
5                 A.   An independent analysis of my
6          own, no, I was not asked to perform that.
7                 Q.   So you are not in a position to
8          give an opinion as to what you believe were
9          the overcharges caused by the capacitors
10         cartel?
11                     MR. VAN DER WEELE:  Object to
12         form.
13                     THE WITNESS:  I -- that is not
14         my role here.  It's explicitly described in
15         paragraph 4.  I'm assessing the methodologies
16         that are put forward and whether they're
17         capable of establishing economic injury and
18         damages.
19                     BY MR. TURKEN:
20                Q.   And in the same vein, nowhere in
21         your report do you say that the capacitors'
22         cartel, as a matter of fact or in your
23         professional opinion, did not cause an
24         overcharge; isn't that right?
25                     MR. VAN DER WEELE:  Object to

```
 1              HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

 2                     CERTIFICATE OF DEPONENT

 3              I, Laila Haider, do hereby certify that I

 4     have read the foregoing pages, 10 through 594,

 5     Volumes I and II inclusive, which contain a correct

 6     transcript of the answers given by me to the

 7     questions propounded to me herein, except for

 8     changes, if any, duly noted on the enclosed errata

 9     sheet.

10

11

12              _____
                           WITNESS
13

14

15              Sworn and subscribed to before me this ___

16     day of _____, 2019.

17

18     My commission expires:    Notary Public:

19     _____     _____

20

21

22

23

24

25
```

Dr. Laila Haider - Attorneys' Eyes Only
May 09, 2019                                                          596

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

CASE: In Re: Capacitors Antitrust Litigation
DEPOSITION OF: Laila Haider, Volumes I and II
TAKEN: May 8, 2019 and May 9, 2019

PAGE   LINE   ERROR           CORRECTION           REASON

_____
Witness

```
1            HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
2                      CERTIFICATE OF NOTARY
3                      I, MISTY KLAPPER, the officer
4        before whom the foregoing deposition was
5        taken, do hereby certify that the witness
6        whose testimony appears in the foregoing
7        deposition was duly sworn by me; that the
8        testimony of said witness was taken by me in
9        shorthand and thereafter reduced to
10       typewriting by me; that said deposition is a
11       true record of the testimony given by said
12       witness; that I am neither counsel for,
13       related to, nor employed by any of the parties
14       to the action in which this deposition was
15       taken; and, further, that I am not a relative
16       or employee of any attorney or counsel
17       employed by the parties hereto, nor
18       financially or otherwise interested in the
19       outcome of this action.
20
21
22                          _____
                            Misty Klapper
23                          Notary Public in and for
                            the District of Columbia
24
25
```