UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CAPACITORS ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br><br>**ALL INDIRECT PURCHASER ACTIONS** | **MDL No. 3:17-md-02801-JD**<br>**Case No. 3:14-cv-03264-JD**<br><br>**[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENTS WITH THE SHINYEI AND TAITSU DEFENDANTS** |

The Court granted preliminary approval of a revised proposed class settlement between the Indirect Purchaser Plaintiffs (IPPs) and defendants Shinyei Technology Co., Ltd. and Shinyei Capacitor Co., Ltd. (Shinyei), and Taitsu Corp. (Taitsu). MDL Dkt. No. 1551. IPPs have asked for an order granting final approval. MDL Dkt. No. 1657. No party, class member, or other person has objected to final approval. The Court's independent review of the motion and the record indicates that final approval is warranted. The Court has used the IPPs' proposed order, which has been revised to reflect the Court's practices and conclusions.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Court has jurisdiction over the subject matter of this Action, all actions within this litigation, and the parties to the Settlement Agreements, including all members of the Settlement Class and the Settling Defendants.

2. For purposes of this Order, except as otherwise set forth herein, the Court incorporates the definitions contained in the Settlement Agreements.

3. The Court finally approves and confirms the settlements set forth in the Settlement Agreements between Class Representatives and the Settling Defendants and finds that said settlements are, in all respects, fair, reasonable, and adequate to the Settlement Class pursuant to Federal Rules of Civil Procedure ("Rule") 23.

4. The following Class is certified for settlement purposes only, pursuant to Rule 23:

> All persons and entities in the Indirect Purchaser States (as defined herein) who, during the period from January 1, 2002, to February 28, 2014, purchased one or more Capacitor(s) from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants; their parent companies, subsidiaries and Affiliates; any co-conspirators; Defendants' attorneys in this Action; federal government entities and instrumentalities, states and their subdivisions; all judges assigned to this Action; all jurors in this Action; and all Persons who directly purchased Capacitors from Defendants.
>
> "Indirect Purchaser States" means California, Florida, Michigan, Minnesota, Nebraska, and New York.

5. The Court finds the prerequisites to a class action under Rule 23(a) have been satisfied for settlement purposes by the Settlement Class in that:

      a.      there are at least thousands of geographically dispersed members of the Settlement Class, making joinder of all members impracticable;

      b.      there are questions of law and fact common to the Settlement Class which predominate over individual issues;

      c.      the claims or defenses of the class representatives are typical of the claims or defenses of the Settlement Class;

      d.      the IPPs will fairly and adequately protect the interests of the Settlement Class and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the Settlement Class; and

      e.      resolution through class settlements is superior to individual settlements.

6. The Court finds that this Action may be maintained as a class action under Rule 23(b)(3) for settlement because: (i) questions of fact and law common to members of the Settlement Class predominate over any questions affecting only the claims of individual members, and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

7. Pursuant to Rule 23(g), the Court confirms that Cotchett, Pitre & McCarthy LLP is appointed as Settlement Class Counsel, and that IPPs CAE Sound, Toy-Knowlogy Inc., AGS Devices Co., AGS Devices Ltd., Nebraska Dynamics, Inc., Angstrom, Inc., and In Home Tech Solutions, Inc. are appointed to serve as Class Representatives on behalf of the Settlement Class.

8. IPPs' notice of the Settlements to the Settlement Class was the best notice practicable under the circumstances. The notice satisfied due process and provided adequate information to the Settlement Class of all matters relating to the Settlements and fully satisfied the requirements of Rule 23(c)(2) and 23(e)(1).

9. The persons and entities identified in Exhibit A to this Order have timely and validly requested exclusion from the Settlement Class, and are excluded from the corresponding Settlement Class. These persons and entities are not included in or bound by this Order as it relates to the specific settlement or settlements for which they opted out. These persons and

entities are not entitled to any recovery of the settlement proceeds obtained through these Class Settlements.

10. No objections were filed regarding any of the Settlements.

11. The Court finds that IPPs' proposed Plan of Allocation, which proposes to pay putative Class Members in the six states -- California, Florida, Michigan, Minnesota, Nebraska, and New York -- with qualifying purchases on a *pro rata* basis, is fair, reasonable, and adequate. *Pro rata* distribution will be based on the number of approved purchases of capacitors during the Settlement Class period, a dynamic that ties each class member's recovery to the volume and type of its purchases. The Plan of Allocation does not unfairly favor any Class Member, or group of Class Members, to the detriment of others. The Court has approved the basic structure of this Plan of Allocation in connection with earlier settlements in this Action.

12. Without affecting the finality of this Order in any way, the Court retains continuing jurisdiction over:

    a. implementation of these Settlements and any distribution to members of the Settlement Class pursuant to further orders of this Court;

    b. disposition of the Settlement Fund;

    c. determining attorneys' fees, costs, expenses, and interest;

    d. the Action until Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreements;

    e. hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and

    f. all parties to the Action and Releasing Parties, for the purpose of enforcing and administering the Settlement Agreements and the mutual releases and other documents contemplated by, or executed in connection with, the Agreements.

13. The Court finds, pursuant to Rules 54(a) and 54(b), that Final Judgments of Dismissal with prejudice as to the Settling Defendants ("Judgments") should be entered, and that

there is no just reason for delay in the entry of the Judgments, as Final Judgments, in accordance with the Settlement Agreements.

**IT IS SO ORDERED**.

Dated: March 23, 2022

_____
JAMES DONATO
United States District Judge

# EXHIBIT A

## Exclusions from Settlement Class

| Name | Exclusion Request Timely | Settlement Class(es) Excluded From |
|---|---|---|
| James Tylman | Yes | Did not specify any Settling Defendants by name<br><br>*also listed request for exclusion from previous settlements with NEC TOKIN, OEI, Nitsuku, Hitachi, Soshin, Rubycon, Holy Stone, NCC/UCC, ELNA, Matsuo, Nichicon, and Panasonic |
| Dell Inc. on behalf of itself and its wholly-owned subsidiaries | Yes | Shinyei<br>Taitsu |
| William B. Higinbotham | Yes | Did not specify any Settling Defendants by name |

1