1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

SAN FRANCISCO DIVISION

12

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION | Master File No.  3:17-md-02801-JD<br>Civil Action No. 3:14-cv-03264-JD |
| THIS DOCUMENT RELATES TO: THE DIRECT PURCHASER CLASS ACTION | **[PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS MATSUO ELECTRIC CO., LTD., NIPPON CHEMI-CON CORP. AND UNITED CHEMI-CON, INC.** |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Direct Purchaser Class (the "Class") filed a Motion for Final Approval of the class action settlements Defendants Matsuo Electric Co., Ltd., Nippon Chemi-Con Corp. and United Chemi-Con, Inc. (collectively "Settling Defendants), now pending before the Court for final approval. MDL ECF No. 1713.

The Court, having reviewed the motion; the Settlement Agreements; the declarations of Joseph R. Saveri and Kendall S. Zylstra and the exhibits thereto; and the pleadings and other papers on file in this action; and having presided over this case since its inception, hereby finds that final approval of the Settlements should be GRANTED.

NOW, THEREFORE, IT IS ORDERED THAT:

1.     The Court has jurisdiction over the subject matter of the Action and over all parties to the Settlement Agreements, including all members of the Class.

2.     For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreements. MDL ECF Nos. 1667-2, 1667-3.

3.     In light of the Court's order dated November 14, 2018 (ECF No. 2231), certifying the Direct Purchaser Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court's order dated February 28, 2019 (ECF No. 2282) approving the Settlement Class's plan for notice of pendency of class action, the exclusion notices received during the opt-out period by the order, and the now proposed Settlements in this Action, the Settlement Class is defined as follows:

> All persons (including individuals, companies, or other entities) that purchased Capacitors (including through controlled subsidiaries, agents, affiliates or joint ventures) directly from any of the Defendants, their subsidiaries, agents, affiliates or joint ventures from January 1, 2002 to December 31, 2013 (the "Class Period"), and such persons are: (a) inside the United States and were billed or invoiced for capacitors by one or more Defendants during the Class Period (i.e., where capacitors were "billed to" persons within the United States); or (b) outside the United States and were billed or invoiced for capacitors by one or more Defendants during the Class Period, where such capacitors were imported into the United States by one or more Defendants (i.e., where the capacitors were "billed to" persons outside the United States but "shipped to" persons within the United States).

> Excluded from the Settlement Class are: (1) Defendants (and their subsidiaries, agents, and affiliates); (2) shareholders holding more than 10% equity interest in Defendants; (3) each member of the Settlement Class that timely requests exclusion by "opting out"; (4) governmental entities; and (5) the judges and chambers staff in this case, including their immediate families.

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

1

[PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS MATSUO ELECTRIC CO., LTD., NIPPON CHEMI-CON CORP., AND UNITED CHEMI-CON, INC.

4. The persons or entities identified in the "Summary of Entities Requesting Exclusion," attached as **Exhibit A**, have validly requested exclusion from the Settlement Class and, therefore, are excluded. Such persons or entities are not entitled to any recovery of the settlement proceeds obtained through the Settlement Agreements with respect to the Settling Defendants from whose settlements they have requested exclusion.

5. Also excluded from the Settlement Class are those that excluded themselves in accordance with the terms of the 2019 Notice of Certification of Class of Direct Purchasers of Capacitors.

6. Pursuant to Federal Rule of Civil Procedure 23(g), the Court has previously appointed the Joseph Saveri Law Firm, LLP as Lead Class Counsel.

7. The Settlement Class was provided with notice consistent with the notice program approved by the Court in its May 26, 2022 order granting preliminary approval as amended by the Parties' stipulation. MDL ECF Nos. 1707 (Preliminary Approval Order), 1710 (Order granting stipulation resetting final approval hearing); *see also* MDL ECF Nos. 1709-1 (long form notice); 1709-2 (summary notice). This notice was the best notice practicable under the circumstances and met the requirements of due process and satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure.

8. The Court finds that the Settling Defendants have satisfied their obligations to provide notice under the Class Action Fairness Act, 28 U.S.C.A. § 1715.

9. The plan of allocation described in the Class's Motion is, in all respects, fair, adequate, and reasonable. Accordingly, the Court hereby grants final approval of the plan of allocation.

10. Without affecting the finality of the Judgments, the Court retains continuing jurisdiction over: (a) the Settlements and Settlement Agreements, including all future proceedings concerning the administration, interpretation, consummation, and enforcement of the Settlement Agreements; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Lead Class Counsel for attorneys' fees, costs, expenses, interest, and incentive awards; (d) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and (e) all parties to the Action and

Releasors for the purpose of enforcing and administering the Settlement Agreements and the mutual releases and other documents contemplated by, or executed in connection with the Settlement Agreements.

11.     The Court hereby finally approves and confirms the settlements set forth in the Settlement Agreements and finds that those settlements are fair, reasonable, and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

12.     The Court dismisses on the merits and with prejudice the Action in favor of Settling Defendants, with all parties to bear their own costs and attorneys' fees.

13.     Settling Defendants are now and forever released and discharged with respect to the Released Claims as defined in the Settlement Agreements. MDL ECF Nos. 1667-2, 1667-3.

14.     The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgments of Dismissal with prejudice as to Settling Defendants ("Judgments") should be entered and further finds that there is no just reason for delay in the entry of the Judgments, as Final Judgments, in accordance with the terms of the Settlement Agreements.

Accordingly, the Court directs the Clerk to enter Judgment forthwith for the Settling Defendants.

**IT IS SO ORDERED.**

Dated:  January 10, 2023

_____
HON. JAMES DONATO
United States District Judge

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

3

[PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS MATSUO ELECTRIC CO., LTD., NIPPON CHEMI-CON CORP., AND UNITED CHEMI-CON, INC.