1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: THE DIRECT PURCHASER CLASS ACTION | Master File No.  3:17-md-02801-JD<br>Civil Action No. 3:14-cv-03264-JD<br><br>**ORDER RE DPP ATTORNEYS' FEES AND COSTS, AND SERVICE AWARDS** |
|---|---|

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

**[PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS'S MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS**

This long-running antitrust litigation is now fully resolved for all class members who did not opt out of prior settlements. The final issue before the Court is Direct Purchaser Class Counsel's application for Attorneys' Fees, Reimbursement of Expenses and Service Awards ("Motion") (MDL ECF No. 1714[1]) made in connection with the Class's Motion for Final Approval of Settlements with Defendants Matsuo Electric Co., Ltd., Nippon Chemi-Con Corp. and United Chemi-Con, Inc. (collectively "Settling Defendants").

These settlements total $165,000,000 in cash (the "Settlement Fund"). They follow earlier rounds of settlements with 17 other defendant corporate families totaling $439,550,000, and result in a final settlement fund of $604,550,000. The Court entered orders granting final approval of the prior four rounds of settlements on June 27, 2017, June 28, 2018, May 16, 2019, and November 6, 2020. ECF No. 1713[2]; MDL ECF Nos. 249, 597, 1422.

Class counsel for the Direct Purchaser Class (the "Class") have requested attorneys' fees in the amount of $66,000,000. Class counsel also request reimbursement of $3,636,429.21 in costs and expenses, and "service awards" for the named plaintiffs.

The Court appointed Special Master Monica Ip to review the costs requests. Special Master Ip has provided the same auditing review of prior costs requests. She recommends an award of costs in the amount of $2,459,577.54. *See* MDL ECF No. 1730 at 7. Class counsel do not object to this figure, and costs are awarded in that amount.

For attorneys' fees, the Court has used a proposed order lodged by class counsel and modified pursuant to the Court's practices and conclusions. The Court set out the governing standards and discussion in a prior fees order, ECF No. 2196, which apply fully here and are incorporated by reference.

The proposed $66,000,000 in attorneys' fees amounts to 40% of the Settlement Fund created by the present round of settlements, and a cumulative 31.01% of the total settlements reached for the benefit of the Class. These amounts are well within the range of reasonable fees awards, especially in

---

[1] "MDL ECF No. __" citations are to Case No. 3:17-md-02801-JD.

[2] "ECF No. ____" citations are to Case No. 3:14-cv-03264-JD.

light of the complexity of these antitrust cases, and the degree of work and skill required to obtain highly beneficial results for the class. *See, e.g., In re Lenovo Adware Litig.*, No. 15-md-02624, 2019 WL 1791420, at *7-9 (N.D. Cal. Apr. 24, 2019) (30% of $8,300,000 recovery); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420-YGR, 2018 WL 3064391, at *1 (N.D. Cal. May 16, 2018) (30% of $139,000,000 recovery); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2013 WL 149692, at *2 (N.D. Cal. Jan. 14, 2013) (30% of $68,000,000 recovery); *Meijer, Inc. v. Abbott Labs*, No. C-07-05985 CW, 2011 WL 13392313, at *2 (N.D. Cal. Aug. 11, 2011) (33 1/3% of $52,000,000 recovery); *see also*, *e.g.*, *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 1639269, at *7 (N.D. Ohio Feb. 26, 2015) (30% of $147,800,000 recovery); *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1366 (S.D. Fla. 2011) (30% of $410,000,000 recovery); *In re Linerboard Antitrust Litig.*, No. MDL 1261, 2004 WL 1221350, at *19 (E.D. Pa. June 2, 2004) (30% of $202,572,489 recovery); *In re Ikon Office Sols.*, 194 F.R.D. 166, 170 (E.D. Pa. 2000) (30% of net $116,000,000 recovery).

The *Vizcaino* factors weigh decidedly in favor of the fees request for the same reasons stated in the prior award order. *See* ECF. No. 2196 at 5-10; *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). No class member or other person has objected to the proposed fees award.

A lodestar cross-check supports the requested fees. *See Vizcaino*, 290 F.3d at 1050; *Lobatz v. U.S. W. Cellular of Cal., Inc.*, 222 F.3d 1142, 1149-50 (9th Cir. 2000). Class counsel's cumulative lodestar as of the filing of their motion for fees, is $103,802,430.30. Class counsel's cumulative fee awards to date including the present request is $187,490,000. Using a lodestar cross-check, the fees sought here in addition to the attorneys' fees previously awarded by the Court for prior settlements result in a lodestar multiplier of 1.81. This multiplier is amply justified by the demands and duration of the litigation, and is well within acceptable parameters. *See Vizcaino*, 290 F.3d at 1051 (multiplier of 3.65 held "within the range of multipliers applied in common fund cases"); *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 298 (N.D. Cal. 1995) ("Multipliers in the 3-4 range are common in lodestar awards for lengthy and complex class action litigation.") (citations omitted); *see also In re*

*Lidoderm Antitrust Litig.*, No. 14-md-02521-WHO, 2018 WL 4620695, at *3 (N.D. Cal. Sept. 20, 2018) (approving 1.37 multiplier).

Consequently, the Court concludes that the $66,000,000 fee request is fair and reasonable. Fees in that amount are awarded to class counsel.

For the "service awards," the Court has expressed substantial doubt about outsized awards to named plaintiffs in light of Federal Rule of Civil Procedure 23(e)(2)(D) and fundamental fairness in not giving such plaintiffs many multiples of the amounts a typical class members will recover. *See, e.g., Myles v. AlliedBarton Security Services, LLC*, No. 12-cv-05761-JD, 2014 WL 6065602, at *6 (N.D. Cal. Nov. 12, 2014); *Arnold v. DMG Mori USA, Inc.*, No. 18-cv-02373-JD, 2022 WL 18027883, at *6 (N.D. Cal. Dec. 30, 2022). Those concerns apply here with respect to the proposal of awarding $100,000 to plaintiffs Chip-Tech Ltd. and eIQ Energy, Inc.; $75,000 to plaintiff Dependable Component Supply Corp.; and $50,000 to plaintiff Walker Component Group, Inc. These will be the first and only service awards granted in this litigation, and class counsel has documented the work the named plaintiffs invested in the case. *See* Krzyowinski Decl., ¶¶ 7-9; Lubman Decl., ¶¶ 5-16; Ryan Decl., ¶¶ 7-9; Walker Decl., ¶¶ 6-8. Class counsel say that Chip-Tech and eIQ took particularly significant actions to protect the interests of the class by testifying twice at trial, among other measures.

Even so, the proposed awards are excessive. The Court grants service awards in these amounts: $50,000 each to Chip Tech and eIQ; $25,000 to Dependable Component; and $15,000 to Walker Component.

**IT IS SO ORDERED**.

Dated: March 6, 2023

_____
HON. JAMES DONATO
United States District Judge

Case No. 3:14-cv-03264-JD

3

[PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS'S MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES