Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Christopher K.L. Young (State Bar No. 318371)
Elissa Buchanan (State Bar No. 249996)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:   jsaveri@saverilawfirm.com
    swilliams@saverilawfirm.com
    cyoung@saverilawfirm.com
    eabuchanan@saverilawfirm.com

*Lead Counsel for the Direct Purchaser Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>DIRECT PURCHASER CLASS ACTION | Master File No. 3:17-md-02801-JD<br>Civil Action No. 3:14-cv-03264-JD<br><br>**DIRECT PURCHASER CLASS'S MOTION TO DISTRIBUTE UNCLAIMED SETTLEMENT FUNDS FROM ROUNDS ONE THROUGH FOUR WITH ROUND FIVE SETTLEMENT FUNDS**<br><br>Date:  September 28, 2023<br>Time: 10:00 am<br>Courtroom: 11, 19th Floor |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 28, 2023 at 10:00 am, before the Honorable James Donato, the Direct Purchaser Class (the "Class") will move the Court for an order authorizing the allocation of unclaimed settlement funds from prior rounds of settlement with the settlement fund for distribution with the final settlements in this case between the Class and Defendants Matsuo Electric Co., Ltd., Nippon Chemi-Con Corp., and United Chemi-Con, Inc. All funds shall be distributed to participating class members on a *pro rata* basis subject to future Court-order.

The Class's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Joseph R. Saveri attached hereto ("Saveri Decl."), the Declaration of Tiffaney Janowicz attached hereto ("Janowicz Decl."), the Court's files and records in this matter, and such other matters as the Court may consider.

## I. INTRODUCTION

On January 10, 2023, the Court granted final approval of the Direct Purchaser Class's Fifth Round Settlements with Defendants Matsuo and Chemi-Con. MDL ECF No. 1845. The time for appeals has elapsed and the settlement administrator has processed all claims and calculated settlement amounts due to individual class members. Class Counsel is concurrently moving to distribute the Fifth Round Settlements and to pay unreimbursed fees and costs associated with settlement administration and taxes.

By this Motion, Class Counsel also seeks to distribute the amounts of uncashed checks from the prior settlement rounds together with the Fifth Round Settlements. The Fifth Round Settlements follow four prior rounds of settlement, all of which were finally approved and distributed to class members on a *pro rata* basis as ordered by the Court. Participation among class members for the prior rounds of settlement is extraordinarily high—99.9% of settlement funds have been claimed by class members in each round. All appropriate steps were made in prior rounds to identify participating class members and to verify class member claims. Out of the total $439,550,000 in settlement funds distributed, there are unclaimed settlement funds totaling $136,910.45—approximately 0.03% of the total settlement funds distributed.

## II. BACKGROUND AND STATUS

The Class has previously received four prior distributions of settlement funds. Saveri Decl., ¶ 2; *See also* Janowicz Decl., ¶ 3.[1] For each prior round, the procedure for submitting claims has been completed, all claims have been reviewed and audited consistent with the procedures approved by the Court,[2] and all settlement funds for the prior rounds of settlement were distributed to the Class consistent with the Court's orders authorizing disbursement.[3] Out of a total of $439,550,000 distributed in the prior four rounds, there is currently $136,910.45 in total

---

[1] The first round of settlement consists of $32,600,000 in settlement funds (*See* ECF No. 1713), the second round of settlement consists of $66,900,000 (*See* MDL ECF No. 172), the third round of settlement consists of $108,000,000 (*See* MDL ECF No. 497), and the fourth round consists of $232,050,000 (*See* MDL ECF No. 1360). "ECF No.___" citations to Case No. 14-cv-03264-JD.

[2] *See*, *e.g.*, ECF No. 1455; MDL ECF No. 98; MDL ECF No. 492; MDL ECF No. 1340.

[3] *See*, *e.g.*, MDL ECF No. 248; MDL ECF No. 1481; MDL ECF No. 1495; MDL ECF No. 1530.

unclaimed settlement funds divided across the prior four rounds of settlements. Janowicz Decl., ¶ 4. Participation by class members has been extraordinarily high—class members have claimed 99.9% of settlement funds for each round, and less than .05% of the settlement fund for each round is unclaimed. *See* Janowicz Decl., ¶¶ 4, 6, 8, 10, 12. Class Counsel, through the Settlement Administrator took reasonable steps to ensure class members received and cashed checks made payable to them. Saveri Decl., ¶¶ 7, 10, 13, 16. While those efforts were largely successful, a small number of checks have not been cashed. Saveri Decl., ¶¶ 7, 10, 13, 16.

Each of the settlements approved by the Court expressly provides for this mechanism. Each settlement agreement explicitly provides for distribution of residual amounts either in a secondary distribution to the class members or in the form of a *cy pres* award. Saveri Decl., ¶¶ 3-4, 18.[4]

The Court finally approved the Class's Fifth Round Settlements on January 10, 2023. MDL ECF No. 1845. Further, the Court found the plan of allocation for the Fifth Round Settlement Fund "is, in all respects, fair, adequate and reasonable." *Id.*, ¶ 9. The time for appeal has concluded and the settlement is final. Saveri Decl., ¶ 3.

## III.   ARGUMENT

### A.   The Court Should Authorize Distribution of the Residual Unclaimed Settlement Funds from the Prior Settlements for Distribution with Funds from the Fifth Round Settlements

The Court has "broad discretionary powers in shaping equitable decrees for distributing unclaimed class action funds." *Connor v. JP Morgan Chase Bank, N.A.*, Case No. 3:10-cv-1284-GPC-BGS, 2021 WL 1238862, at *1 (S.D. Cal. Apr. 2, 2021) (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990)); *accord Harris v. Vector Mktg. Corp.*, Case No. C-08-5198 EMC, 2011 WL 1627973, at *12 (N.D. Cal. Apr. 29, 2011) (same). In exercising this

---

[4] *See* Saveri Decl., Ex. A, ¶ 33 (AVX Settlement Agreement); Ex. B, ¶ 33 (ELNA Agreement); Ex. C, ¶ 24 (Fujitsu Settlement Agreement); Ex. D, ¶ 40 (Hitachi Settlement Agreement); Ex. E, ¶ 33 (Holy Stone settlement Agreement); Ex. F, ¶ 32 (KEMET Settlement Agreement); EX. G, ¶ 37 (NEC TOKIN Settlement Agreement); Ex. H, ¶ 32 (Nichicon Settlement Agreement); Ex. I, ¶ 35 (Nitsuko Settlement Agreement); Ex. J, ¶ 41 (Okaya Settlement Agreement); Ex. K, ¶ 34 (Panasonic Settlement Agreement); Ex. L, ¶ 37 (ROHM Settlement Agreement); Ex. M, ¶ 42 (Rubycon Settlement Agreement); Ex. N, ¶ 33 (Shinyei Settlement Agreement); Ex. O, ¶ 31 (Shizuki Settlement Agreement); Ex. P, ¶ 37 (Soshin Settlement Agreement); Ex. Q, ¶ 33 (Taitsu Settlement Agreement).

1  discretionary power, courts should be guided by the statutory scheme and the interests of the class
2  members. *See* 4 Newberg on Class Actions § 12:30 (5th ed.) ("[A] court's goal in distributing class
3  action damages is to get as much of the money to the class members in as simple a manner as
4  possible."); *see also Six (6) Mexican Workers*, 904 F.2d at 1307 (9th Cir. 1990) (same); *Lane v.
5  Facebook, Inc.*, 696 F.3d 811, 821 (9th Cir. 2012) (explaining that a remedy "must account for the
6  nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the
7  silent class members").

        i.      **Distributing the Residual Settlement Funds on a *Pro Rata* Basis is Appropriate**

10        Of the potential options for disposing of residual settlement funds, the preferred method is
11  to provide a redistribution to the class. *Connor*, 2021 WL 123886, at *2 (citing Principles of the Law
12  of Aggregate Litigation § 3.07(b) (Am. L. Inst. 2010) ("[When funds remain,] the settlement
13  should presumptively provide for further distributions to participating class members unless the
14  amounts involved are too small to make individual distributions economically viable or other
15  specific reasons exist that would make such further distributions impossible or unfair.")). As
16  recognized by a leading treatise on class actions, redistribution of unclaimed settlement funds
17  serves several purposes such as ensuring that "funds remain in the hands of class members." 4
18  Newberg on Class Actions § 12:30 (5th ed.). Courts throughout the Ninth Circuit and in this
19  district routinely authorize redistributions of unclaimed funds to verified claimants. *See*, *e.g.*,
20  *Rodman v. Safeway Inc.*, Case No. 11-cv-03003-JST, 2018 WL 4030558, at *2 (N.D. Cal., Aug. 23,
21  2018) (approving distribution plan authorizing "a second distribution [of unclaimed funds] to the
22  class members who cashed their first checks"); *see also Custom LED, LLC v. eBay, Inc.*, Case No.
23  12-cv-00350-JST, 2014 WL 2916871, at *4 (N.D. Cal. June 24, 2014) (approving as "fair and
24  reasonable" modification to settlement "which will result in an additional pro rata distribution of
25  unclaimed funds to non-opt-out class members whose contact information is available").
26        The distribution of the Fifth Round Settlements provides a reasonable efficient opportunity
27  to distribute unclaimed funds to class members. As provided for in the settlement agreements
28  approved by the Court, distribution of the now approved Fifth Round Settlements should be

coupled with a distribution of the unclaimed settlement funds from prior rounds of settlement. Distribution of the unclaimed settlement funds to participating class members on a *pro rata* basis with the Fifth Round Settlements serves to maximize class member recovery while minimizing the administrative expense of further distributions. *See* Janowicz Decl., ¶ 15. The number of class members has remained consistent across each round of settlement with consistently high rates of awards being claimed.[5] With each round of settlement, the Claims Administrator has reviewed and audited claims, resulting in up-to-date accounting of each class member's individual *pro rata* share. Settlement checks returned as undeliverable were sent through trace. Checks were re-mailed if a new potential address was discovered from tracing, or if the check was returned with a forwarding address. Additional calls were attempted in order for additional checks to cash. Distributing unclaimed settlement funds along with the now-approved Fifth Round Settlement Funds on a *pro rata* basis to the class members that have submitted valid claim forms for the Fifth Round Settlement will allow for the most efficient, effective, and fair distribution of settlement funds to class members in accordance with Rule 1 and Rule 23 of the Federal Rules of Civil Procedure.

### B. Distributing the Unclaimed Settlement Funds to Class Members is Consistent with the Settlement Agreements

Distributing the unclaimed settlement fund to verified claimants is provided for by the express terms of each settlement.[6] *See* Saveri Decl., ¶¶ 3-4. Each settlement agreement explicitly provides for distribution of residual amounts either in a secondary distribution to the class members or in the form of a *cy pres* award. *Id.*, ¶¶ 3-4, 18.[7] As set forth above, Courts have found

---

[5] 445 checks were cashed for the Second Round Settlements, 493 for the Third Round Settlements, and 496 for the Fourth Round Settlements. Janowicz Decl., ¶¶ 8, 10, 12. Three installments were issued for the First Round Settlements, with a total of 869 checks cashed. *Id.*, ¶ 6.

[6] The settlement agreements for the Rounds One through Four settling Defendants are attached to the Saveri Declaration as Exhibits A through Q.

[7] *See also, e.g.*, Saveri Decl., Ex. A, ¶ 33 (AVX Settlement Agreement); Ex. B, ¶ 33 (ELNA Agreement); Ex. C, ¶ 24 (Fujitsu Settlement Agreement); Ex. D, ¶ 40 (Hitachi Settlement Agreement); Ex. E, ¶ 33 (Holy Stone settlement Agreement); Ex. F, ¶ 32 (KEMET Settlement Agreement); EX. G, ¶ 37 (NEC TOKIN Settlement Agreement); Ex. H, ¶ 32 (Nichicon Settlement Agreement); Ex. I, ¶ 35 (Nitsuko Settlement Agreement); Ex. J, ¶ 41 (Okaya Settlement Agreement); Ex. K, ¶ 34 (Panasonic Settlement Agreement); Ex. L, ¶ 37 (ROHM Settlement Agreement); Ex. M, ¶ 42 (Rubycon Settlement Agreement); Ex. N, ¶ 33 (Shinyei

that even when a settlement agreement's terms provide for a *cy pres* award and does not explicitly authorize a redistribution of residual settlement funds, the preferred course is to distribute funds to class members. *See*, *e.g.*, *Connor*, 2021 WL 1238862, at *1. The Court's broad equitable powers allow for authorization of a further distribution of unclaimed funds. *Id*. For each round of settlement, no Settlement Funds are subject to reversion to Defendants by each settlement agreement's terms. *See* Saveri Decl., ¶ 4; *see generally id.*, Exs. A-Q. Thus, redistribution of unclaimed residual Settlement Funds is consistent with the parties' mutual understanding of the Court-approved terms of the settlement agreements and public policy.

### i. A Second Distribution by Round Is Impractical and Inefficient

A second distribution of the unclaimed settlement funds on a round-by-round basis would be costly, impractical and inefficient due to the small amount of unclaimed settlement funds by round, the large number of participating class members. The relative cost of administering separate redistributions for each prior round of settlement would reduce the amounts available for distribution to the class members, resulting in a, *de minimis* distribution.[8] The remaining settlement funds in each prior round are listed below along with average class member recovery, number of checks cashed, and the reimbursed expenses for claims administration, including distribution expenses.

---

Settlement Agreement); Ex. O, ¶ 31 (Shizuki Settlement Agreement); Ex. P, ¶ 37 (Soshin Settlement Agreement); Ex. Q, ¶ 33 (Taitsu Settlement Agreement).

[8] Indeed, it is likely that small checks will not be cashed given their size.

**Table 1: Prior Settlements**

| Round of Settlement | Residual Unclaimed Funds | Average Class Member Recovery | Checks Cashed | Administration Expenses |
|---|---|---|---|---|
| First Round | $149.17 | $24,103.78 | 879 | $271,179.67 |
| Second Round | $35,239.06 | $96,274.55 | 445 | $264,510.58 |
| Third Round | $54,560.56 | $158,079.26 | 493 | $203,251.48 |
| Fourth Round | $46,961.66 | $303,856.68 | 496 | $200,902.26 |
| **Total** | **$136,910.45** | - | - | **$939,843.99** |

As demonstrated above, round-by-round redistribution of unclaimed settlement funds would be costly, infeasible and impractical. For example, for the Second Round Settlements, a second *pro rata* distribution would require the remaining $35,239.06 to be divided between the participating 445 class members for an average recovery of $79.19 before accounting for administration costs. Compared to the average Second Round recovery of $96,274.55, further redistribution would be *de minimis* and would not outweigh the costs to the class members of another round of distribution. Additionally, given that the total unclaimed funds are relatively small, allocating and distributing the residual funds would not result in a windfall to any claimants. *See Connor*, 2021 WL 1238862, at *2 n.4 (approving a second distribution of residual settlement funds where second distribution of "only about $8" which would not result in a windfall to claimants to the detriment of class members who did not submit claims). Thus, distributing the unclaimed settlement funds with the Fifth Round Settlements would be in the interest of class members by ensuring the most unclaimed funds are recovered by class members.

## IV.    CONCLUSION

For the foregoing reasons, the Class respectfully requests that the Court authorize the distribution of unclaimed settlement funds from the prior settlements with the Fifth Round Settlement Fund for redistribution to qualifying class members.

| | |
|---|---|
| Dated: August 24, 2023 | JOSEPH SAVERI LAW FIRM, LLP |
| | By: */s/ Joseph R. Saveri* |
| | Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Christopher K.L. Young (State Bar No. 318371)
Elissa Buchanan (State Bar No. 249996)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:  jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
cyoung@saverilawfirm.com
eabuchanan@saverilawfirm.com

*Lead Counsel for the Direct Purchaser Class*